# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,  Plaintiffs,  v.  HERRING NETWORKS, INC., *et al.*,  Defendants. | Civil Action No. 21-3354 (BAH)  Chief Judge Beryl A. Howell |

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT TO MARCH 25, 2022 AND TO CONSOLIDATE DEADLINES

Plaintiffs Ruby Freeman and Wandrea Moss ("Plaintiffs"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1), District of Columbia District Court Local Rule 7, and paragraphs 6 and 7 of this Court's Standing Order for Civil Cases,[1] with the consent of counsel to Defendants Herring Networks, Inc., Charles Herring, Robert Herring, and Chanel Rion ("OAN Defendants") and Rudolph W. Giuliani (together with OAN Defendants, "Defendants"),[2] and for good cause as demonstrated below, hereby move the Court for an extension of time for Defendants to respond to Plaintiffs' Complaint and for consolidation of Defendants' deadlines to respond to Plaintiffs' Complaint to March 25, 2022 (the "Motion"). This is Plaintiffs' first request to extend.

---

[1] Plaintiffs have endeavored to comply with the four-day rule, Paragraph 7(b) of this Court's Standing Order for Civil Cases, in filing this Motion. Plaintiffs conferred with counsel for Defendants regarding the substance of this Motion up until January 24, 2022, and Defendant Charles Herring did not provide a waiver for service of process until January 24, 2022. Plaintiffs filed this motion as promptly as possible thereafter.

[2] Counsel for Plaintiffs conferred with counsel for the OAN Defendants on January 21, 2022, and counsel for Rudolph W. Giuliani on January 24, 2022. Counsel for OAN Defendants and counsel for Giuliani represented that Defendants do not oppose this motion.

Presently, the date by which each Defendant must file an answer or otherwise respond to the Complaint varies by close to two months—i.e., the dates fall between January 27, 2022, and March 25, 2022.  Plaintiffs now move, unopposed, to extend and consolidate Defendants' time to answer or otherwise respond to the Complaint to March 25, 2022, in the interest of judicial economy.  Here, granting Plaintiffs' unopposed motion to extend would permit the above-captioned case to proceed on a single, consolidated timeline rather than five and would perhaps enable Defendants to coordinate filing and limit the number of motions Plaintiffs and the Court must address.

On December 23, 2021, Plaintiffs filed their complaint (the "Complaint") against Defendants alleging defamation, intentional infliction of emotional distress, civil conspiracy, and aiding and abetting for all the alleged torts.  Defendant Herring Networks, Inc. was served with a copy of the Complaint on January 6, 2022; pursuant to Federal Rule of Civil Procedure 12(a)(A)(i), Defendant Herring Networks, Inc.'s deadline to file an answer or otherwise respond in the District Court is, at the earliest, **January 27, 2022**.  Defendant Chanel Rion was served a copy of the Complaint on January 7, 2022; pursuant to Federal Rule of Civil Procedure 12(a)(A)(i), Defendant Chanel Rion's deadline to file an answer or otherwise respond in the District Court is, at the earliest, **January 28, 2022**.  Defendant Robert Herring was served with a copy of the Complaint on January 12, 2022; pursuant to Federal Rule of Civil Procedure 12(a)(A)(i), Defendant Robert Herring's deadline to file an answer or otherwise respond in the District Court is, at the earliest, **February 2, 2022**.  Defendant Rudolph W. Giuliani waived service of the Complaint on January 3, 2022; pursuant to Federal Rule of Civil Procedure 12(a)(A)(ii), Defendant Rudolph W. Giuliani's deadline to file an answer or otherwise respond in the District Court is, at the earliest, **March 2, 2022**.  Finally, Defendant Charles Herring waived service of the Complaint on January

24, 2022; pursuant to Federal Rule of Civil Procedure 12(a)(A)(ii), Defendant Charles Herring's deadline to file an answer or otherwise respond in the District Court is, at the earliest, **March 25, 2022**.

Courts have discretion to extend any filing deadline for cause shown. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990). To show good cause, the moving party "must demonstrate some justification for the issuance of the extension." *United States v. All Assets Held in Acct. No. XXXXXXX*, No. CV 13-1832 (JDB), 2014 WL 12810522, at *6 (D.D.C. July 3, 2014) (citing 4B Charles Alan Wright, et al., Federal Practice and Procedure § 1165 (3d ed. West Supp. 2014) (finding no good cause existed where attorneys that filed motion to extend did not have the authority to represent that party to the action). A district court's decision pursuant to Rule 6(b) is reviewed for abuse of discretion. *Gov't Rels. Inc. v. Howe*, No. CIV.A. 05-1081 CKK, 2007 WL 201264, at *3 (D.D.C. Jan. 24, 2007).

Here, Plaintiffs move, before the deadline has passed, to extend the deadline to respond in order to have all five Defendants on the same briefing schedule. This consolidation would promote judicial economy by reducing the number of deadlines and streamlining the briefing process. This consolidation also may encourage Defendants to file joint responses, which would reduce the number of motions that Plaintiffs must oppose and the Court must consider. *See McFadden v. Wash. Metro. Area Transit Auth.*, No. CV 14-1115 (RBW), 2014 WL 12776122, at *2 (D.D.C. Sept. 9, 2014) (finding the parties demonstrated good cause to extend the time to respond to a complaint in part because "the coordination of filing responsive pleadings to a lengthy complaint with multiple defendants […] is a complicated, tedious, and time-consuming task").

For the reasons set forth above, Plaintiffs request Defendants' deadlines to file answers or otherwise respond in the District Court be consolidated to align with the last defendant to be

served, Charles Herring, whose deadline to file an answer or otherwise respond is Friday, March 25, 2022.

Dated: January 26, 2022                                   Respectfully submitted,

By: /s/ *Michael J. Gottlieb*
MICHAEL J. GOTTLIEB (974960)
MERYL C. GOVERNSKI (1023549)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

Von A. DuBose*
75 14th Street, NE
Suite 2110
Atlanta, Georgia 30309
Telephone: (404) 720-8111
dubose@dubosemiller.com

Kurt G. Kastorf (1011932)
Kastorf Law LLC
1387 Iverson Street NE
Suite #100
Atlanta, GA 30307
(404) 900-0330
kurt@kastorflaw.com

John Langford*
Rachel Goodman*
UNITED TO PROTECT DEMOCRACY, INC.
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Christine Kwon*
UNITED TO PROTECT DEMOCRACY, INC.
Gas Company Tower
555 West 5th Street, 35th Floor
Los Angeles, CA 90013

(202) 579-4582  
christine.kwon@protectdemocracy.org

Brittany Williams*  
Sara Chimene-Weiss*  
UNITED TO PROTECT DEMOCRACY, INC.  
15 Main St., Suite 312  
Watertown, MA 02472  
(202) 579-4582  
brittany.williams@protectdemocracy.org  
sara.chimene-weiss@protectdemocracy.org

*Pro hac vice application forthcoming*

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2022, this Motion was filed and served on counsel for all parties using the Court's ECF system.

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb