**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| RUBY FREEMAN, *et al.*, |
| Plaintiffs, |
| v. |
| RUDOLPH W. GIULIANI, |
| Defendant. |

Civil Action No. 21-3354 (BAH)

Chief Judge Beryl A. Howell

**AMENDED JOINT MEET AND CONFER REPORT**

In accordance with this Court's October 31, 2022 Order (Dkt. 30) and Standing Order ¶ 3(a) (Dkt. 4 ("Standing Order")), Plaintiffs Ruby Freeman and Wandrea Moss ("Plaintiffs") and Defendant Rudolph W. Giuliani ("Defendant Giuliani"), through undersigned counsel, conferred via telephone conference on November 9, 2022. All parties respectfully submit this joint meet and confer report ("Report"). The parties agree that nothing in this Report constitutes a waiver of any kind, including as to any party's right to propound discovery not described in this Report or as to any objection to any discovery described in this Report. The parties' joint position on issues where they were able to reach agreement, and their respective positions where they were not, are set forth below:

**I.      NATURE OF THE CASE AND THE STATUTORY BASIS FOR THE COURT'S JURISDICTION FOR ALL CAUSES OF ACTION AND DEFENSES.**

The Court's Standing Order requires the Report contain a "brief statement describing the nature of the case and the statutory basis of the Court's jurisdiction for all causes of action and defenses." Standing Order ¶ 3(c).

1. **Nature Of The Case**

Plaintiffs' Position

In the days and weeks following the 2020 presidential election, Defendant Giuliani, who was then serving as a leading member of President Donald J. Trump's legal team, orchestrated a nationwide strategy of attacking the election as illegitimate due to alleged fraud. Complaint ¶¶37-38.[1]  As to President Trump's embarrassing loss in Georgia, Defendant Giuliani chose to scapegoat Ms. Freeman and Ms. Moss as the villains—in doing so, he repeatedly defamed Plaintiffs by lying about work they had performed as nonpartisan election workers in Atlanta. ¶¶65–76, 89–101. Around December 2020, Defendant Giuliani launched a "Strategic Communications Plan" designed to overturn the 2020 election by engaging in a "[n]ationwide communications outreach campaign to educate the public on the fraud numbers" during the ten day period between December 27, 2020, and January 6, 2021.  ¶9–11, 57–64. The Strategic Plan's messaging relied on the following call to action: "YOU CANNOT LET AMERICA ITSELF BE STOLEN BY CRIMINALS – YOU MUST TAKE A STAND AND YOU MUST TAKE IT TODAY."

Using grainy video snippets of recordings that were made of the November 3, 2020, absentee and military vote count at State Farm Arena (the "Trump Edited Video"), Defendant Giuliani accused Ms. Freeman and Ms. Moss, often by name, of being "crooks" and "attempt[ing] to steal" the election, including accusing them of tabulating ballots multiple times; counting illegal ballots that were hidden in suitcases; conspiring to throw out election observers based on a "phony excuse"; and using hard drives or flash drives in the ballot machines. The statements that form the basis of the causes of action in this Complaint are those that Defendants conspired to publish of and concerning Plaintiffs beginning on December 23, 2020 to millions of subscribers and viewers

---

[1] All ¶ cites are to the Amended Complaint unless otherwise noted.

through posts on social media platforms, episodes of Giuliani's podcast *Common Sense*, and through interviews on OAN. ¶¶65–101 (hereinafter the "Actionable Statements").

Defendant Giuliani published the Actionable Statements knowing they were untrue. Weeks before Defendant Giuliani published the first of the Actionable Statements, high-ranking Georgia officials repeatedly, publicly, and emphatically rejected as false the same assertions. Beginning on December 4, 2020—the day after Defendant Giuliani initiated the lies about Plaintiffs by using the Edited Trump Video—Georgia officials confirmed there had been **no** fraud or irregularity in the November 3 vote count at the State Farm Arena. Those officials (who happened to be affiliated with the Republican party) included Georgia's Voting Implementation Manager Gabriel Sterling, Georgia Secretary of State Brad Raffensperger, and Governor Brian Kemp (via a sworn affidavit from the chief investigator for the Georgia Secretary of State). ¶¶41–44. The public refutations also confirmed that the Trump Edited Video showed **normal** ballot processing. *Id*. For example, Mr. Sterling confirmed at the December 7, 2020 press conference about re-certifying Georgia's election results following two hand counts that: had been no fraud and or irregularities in the ballot counting process; no poll watchers had been asked to leave the room where ballots were being counted; there were no secret or hidden ballots; and Plaintiffs could not have counted ballots more than once because the two-hand recounts would have identified any such discrepancies. ¶¶49–50. Notwithstanding the above, Defendant Giuliani engaged in a defamatory campaign accusing Ms. Freeman and Ms. Moss of the precise conduct that Georgia officials had unequivocally rejected as false.

Defendant Giuliani's defamatory campaign had immediate and devastating effects on Ms. Freeman and Ms. Moss. Defendant Giuliani's accusations spread quickly through groups and communities sympathetic to President Trump, and some of the President's most enthusiastic

supporters began to target and harass Plaintiffs in retaliation for the conduct Defendant Giuliani had alleged. At the recommendation of law enforcement, Ms. Freeman temporarily moved after strangers surrounded her home, knocked on the front door, and attempted to deliver pizzas that she did not order. ¶¶140–46. She was forced to install dozens of pieces of security equipment and change her phone number and email address after receiving hundreds of emails, calls, and text messages from strangers, some of which included vile language and threats of physical violence. *Id*. Ms. Freeman shuttered her business because she was unable to safely attend public events or market online without harassment. ¶¶147–50. She continues to receive threatening communications and fears for her safety when in public and around strangers. *Id*. For Ms. Moss' part, she has received harassing phone and written messages accusing her of treason and insisting that she deserved to die, and her 14-year-old son received one call saying he "should hang alongside [his] nigger momma." ¶¶151–52 On two occasions, strangers showed up at her grandmother's house and attempted to push themselves through the front door to attempt a "citizens' arrest." ¶¶153–55. "Protestors" have gathered outside Ms. Moss' workplace at the Fulton County Registration and Elections Department to demand that Ms. Moss be fired. ¶¶20, 156–57.

Plaintiffs filed this lawsuit on December 23, 2021 to hold Defendant Giuliani accountable for his decision to spread lies about Plaintiffs. The Complaint asserts four common law causes of action: defamation (¶¶ 163-77); intentional infliction of emotional distress (¶¶ 178-86); and conspiracy (¶¶ 187-91). The Complaint seeks a variety of forms of relief, including but not limited to punitive damages.

Defendant Giuliani's Position

Plaintiffs, who served as government election employees, bring claims for defamation and related state law claims arising from Giuliani's speech on matters of public concern regarding the 2020 presidential election.

**2.      Statutory Basis of the Court's Jurisdiction**

Plaintiffs' Position

      A.      Subject Matter Jurisdiction

This Court exercises original subject matter jurisdiction over all of the tort causes of action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds $75,000, exclusive of interests and costs and is between citizens of different states. ¶24.

      B.      Personal Jurisdiction

Defendant Giuliani consents to this Court's jurisdiction and, in his Answer to the Complaint filed on March 25, 2022, admitted to having made certain of the statements on which Plaintiffs sue while in the District. Dkt. 13, ¶¶ 23, 31-33 ("Giuliani's Answer").

      C.      Venue

Venue is proper in the District of Columbia because a "substantial part" of the events giving rise to this suit occurred in the District. *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 68 (D.D.C. 2021).

Defendant Giuliani's Position

Defendant Giuliani consents to this Court's jurisdiction and admits that he made certain of the statements on which Plaintiffs sue while in Washington, D.C.

**II.      MATTERS TO BE DISCUSSED BY THE PARTIES PURSUANT TO LOCAL RULE 16.3(C).**

**1.      Dispositive Motions (Local Rule 16.3(c)(1))**

Plaintiffs' Position

Defendant Giuliani moved to dismiss on June 6, 2022.  The Court dismissed Defendant Giuliani's motion in full on October 31, 2022.

Defendant's Position

Giuliani will likely file a motion for summary judgment at the appropriate time.

**2.       Joinder of Parties, Amendments, Stipulation to Facts or Legal Issues (Local Rule 16.3(c)(2)).**

Plaintiffs' Position

Plaintiffs believe there may exist certain factual and/or legal issues, such as certain elements of defamation, that may not be in dispute as to Defendant Giuliani, given Giuliani's Answer and in light of the Court's dismissal of Defendant's motion to dismiss.  Plaintiffs propose that the parties plan to confer on a stipulation as to the specific issues and, if agreement is reached by and among all parties, will file the stipulation with the Court. While there is an agreed-upon preference to not file piecemeal stipulations, Plaintiffs are amenable to considering an initial stipulation.

Defendant Giuliani's Position

Defendant agrees with Plaintiffs' position.

**3.       Assignment to Magistrate (Local Rule 16.3(c)(3))**

Plaintiffs and Defendant Giuliani do not consent to this case being assigned to a magistrate for all purposes.

**4.       Likelihood of Settlement (Local Rule 16.3(c)(4))**

Plaintiffs and Defendant Giuliani are amenable to the possibility of settlement, but the parties are not presently prepared to settle.

**5.       Alternative Dispute Resolution (Local Rule 16.3(c)(5))**

Plaintiffs and Defendant Giuliani would be willing to explore the possibility of ADR at a future date after judicial resolution of key legal issues and/or the substantial completion of discovery.

**6.      Summary Judgment and Dispositive Motions Deadlines (Local Rule 16.3(c)(6))**

The parties propose no changes be made to the Court's amended schedule dated August 31, 2022:

| | |
|---|---|
| Motions for Summary Judgment | September 11, 2023 |
| Oppositions to Motions for Summary Judgment | September 25, 3023 |
| Replies in Favor of Motions for Summary Judgment | October 2, 2023 |

**7.      Initial Disclosures (Local Rule 16.3(c)(7); Federal Rule 26(f)(3)(A))**

Plaintiffs and Defendant Giuliani have already served initial disclosures.

**8.      Joint Discovery Plan (Local Rule 16.3(c)(8); Federal Rule 26(f)(3))**

**A.      Subjects of Discovery (Federal Rule 26(f)(3)(B))**

Plaintiffs and Defendant Giuliani agree that the Complaint and the responsive answer(s) and the claims, issues, defenses and allegations in this case set forth the scope and subjects of discovery.

**B.      Extent/Limits (Local Rule 16.3(c)(8); Federal Rule 26(f)(3)(B); (E)**

The parties agree to adopt the limits regarding depositions (10 per side) set forth in Rule 30(2) and Local Rule 26.2(b), and the limits of interrogatories (25 per side) set forth in Rule 33(a) and Local Rule 26.2(b). The parties are amenable to modifying the limits, as long as the number of depositions and interrogatories is reciprocal. The parties propose that the parties may alter the one-day, seven-hour limit on depositions by agreement; however, an additional day with a single deponent will count as two depositions. Should a party designate two separate witnesses to address a single request for a 30(b)(6) witness, both depositions shall count as one.

C.       Length/Timing (Local Rule 16.3(c)(8); Federal Rule 26(f)(3)(B)

The parties propose no changes be made to the Court's amended schedule dated August

31, 2022:

| | |
|---|---|
| Rule 26(f) Conference | April 13, 2022 |
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and depositions) | May 22, 2023 |
| Opening Expert Reports | June 16, 2023 |
| Rebuttal Expert Reports | July 20, 2023 |
| Complete Expert Discovery | August 10, 2023 |

Plaintiffs' Position

The Plaintiffs estimate a trial length of ten days.

Defendant Giuliani's Position

Giuliani estimates a trial length of four days.

**9.       Electronic Information (Local Rule 16.3(c)(9); Federal Rule 26(f)(3)(C))**

Plaintiffs and Defendant Giuliani agree that that parties should establish an ESI protocol

and that the parties should be preserving relevant information and taking appropriate steps to

preserve such information.

Plaintiffs' Position

Plaintiffs believe the parties should establish a robust ESI protocol to be entered by the

Court. Plaintiffs are, and all parties should be, preserving relevant information and taking

appropriate steps to preserve such information. Plaintiffs understand from counsel for Defendant

Giuliani that the FBI seized multiple of Defendant Giuliani's devices and that the information

contained therein was put into the hands of a special master but that Defendant Giuliani is able to

apply search terms to these documents and have such documents produced to him upon request.

 Defendant Giuliani's Position

Giuliani will agree to any reasonable ESI protocol.

**10.   Privilege or Protective Order (Local Rule 16.3(c)(10); Federal Rule 26(f)(3)(D); (F))**

Plaintiffs and Defendant Giuliani are amenable to establishing a procedure by which the parties will endeavor to resolve any issues about claims of privilege or of protection as trial-preparation materials. They agree that a confidentiality order is appropriate in this case, including to protect private information, and that the parties should meet and confer and upon reaching an agreement submit it to the Court to include in an Order.

**11.   Expert Reports/Depositions (Local Rule 16.3(c)(11))**

The parties propose no changes be made to the Court's amended schedule dated August 31, 2022:

| Opening Expert Reports | June 16, 2023 |
|---|---|
| Rebuttal Expert Reports | July 20, 2023 |
| Complete Expert Discovery | August 10, 2023 |

**12.   Class Actions (Local Rule 16.3(c)(12)**

Not Applicable.

**13.   Trial (Local Rule 16.3(c)(13))**

Plaintiffs and Defendant Giuliani do not believe that trial should be bifurcated, but reserve all rights.

As discussed above, fact and expert discovery should be staggered but not formally bifurcated.

**14.   Pre-Trial Conference Date (Local Rule 16.3(c)(14))**

Plaintiffs' Position

A pretrial conference should be held on or shortly after resolution of the last-filed dispositive motion, meaning the pretrial conference could be held approximately 7 days before trial.

Defendant Giuliani's Position

Giuliani believes the pretrial conference should be held approximately 14 days before trial to allow sufficient time for the Court to make pretrial rulings and to better prepare for trial.

**15.    Proposed Scheduling Order (Local Rule 16.3(c)(15))**

Plaintiffs' Position

The Court issued an amended scheduling order on August 31, 2022.

Defendant Giuliani's Position

**16.    Other Matters (Local Rule 16.3(c)(16))**

The parties will promptly apprise the Court of any other matters that should be addressed in the scheduling order.

In addition, Giuliani's counsel will be filing a motion to withdraw as counsel no later than November 18, 2022.

**III.    PROPOSED SCHEDULING ORDER**

The parties propose no changes be made to the Court's amended scheduling order dated August 31, 2022.

Dated: November 14, 2022                         Respectfully submitted,


By: */s/ Joseph D. Sibley IV*                    By: */s/ Michael J. Gottlieb*
CAMARA & SIBLEY L.L.P.                           WILLKIE FARR & GALLAGHER LLP
Joseph D. Sibley IV                              Michael J. Gottlieb (974960)
DC Bar ID: TX0202                                Meryl C. Governski (1023549)
1108 Lavaca St.                                  1875 K Street NW
Suite 110263                                     Washington, DC 20006
Austin, TX 78701                                 Tel: (202) 303-1000
Telephone: (713) 966-6789                        Fax: (202) 303-2000
Fax: (713) 583-1131                              mgottlieb@willkie.com
Email: sibley@camarasibley.com                   mgovernski@willkie.com

**ATTORNEY FOR**                                 UNITED TO PROTECT DEMOCRACY
**RUDOLPH W. GIULIANI**                          John Langford
                                                 Rachel Goodman
                                                 82 Nassau Street, #601
                                                 New York, NY 10038
                                                 Tel: (202) 579-4582
                                                 john.langford@protectdemocracy.org
                                                 rachel.goodman@protectdemocracy.org

                                                 Christine Kwon*
                                                 Gas Company Tower
                                                 555 West 5th Street, 35th Floor
                                                 Los Angeles, CA 90013
                                                 Tel: (202) 579-4582
                                                 christine.kwon@protectdemocracy.org

                                                 Jessica Marsden*
                                                 510 Meadowmont Village Circle, No. 328
                                                 Chapel Hill, NC 27517
                                                 Tel: (202) 579-4582
                                                 jess.marsden@protectdemocracy.org

                                                 Brittany Williams*
                                                 Sara Chimene-Weiss*
                                                 15 Main St., Suite 312
                                                 Watertown, MA 02472
                                                 Tel: (202) 579-4582
                                                 brittany.williams@protectdemocracy.org
                                                 sara.chimene-weiss@protectdemocracy.org

DUBOSE MILLER LLC
Von A. DuBose
75 14th Street NE
Suite 2110
Atlanta, Georgia 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

KASTORF LAW LLC
Kurt G. Kastorf (1011932)
1387 Iverson Street NE
Suite #100
Atlanta, GA 30307
Tel: (404) 900-0330
kurt@kastorflaw.com

***Counsel for Plaintiffs***
*\*Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, this Motion was filed and served on counsel for all parties using the Court's ECF system.

*/s/ Michael J. Gottlieb*