# EXHIBIT 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OAO ALFA BANK et al.,

    Plaintiffs,

        v.

CENTER FOR PUBLIC INTEGRITY
et al.,

    Defendants.

Civil Action No. 00-2208 (JDB)

## ORDER

Plaintiffs have filed a motion for leave to serve a deposition subpoena upon non-party John F. Forbes by means other than in-person delivery. Through counsel, Forbes opposes plaintiffs' motion on the grounds that the language of Rule 45 and the law of this Circuit require in-person service of compulsory process. Because plaintiffs' counsel has on one occasion spoken with Forbes about this case by telephone, has spoken with Forbes' counsel on several occasions, and has made several unsuccessful attempts to serve Forbes personally, plaintiffs maintain that Forbes undoubtedly has actual notice of the subpoena. They contend that his continued unavailability amounts to evasion of service, and that neither Rule 45 nor the relevant case law require in-person service under the circumstances presented here. Plaintiffs propose to deliver a copy of the subpoena to Forbes' attorney and to send a copy to Forbes' last known address by overnight delivery service.

Rule 45 provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." FED. R. CIV. P. 45(b)(1). The traditional

-1-

interpretation of Rule 45 is that the Rule "does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwellingplace . . . . [C]ompulsory process may be served upon an unwilling witness only in person." FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980); see also Alexander v. FBI, 186 F.R.D. 128, 130 (D.D.C. 1998) ("It is well settled that, under Fed. R. Civ. P. 45(b), [the witness'] deposition subpoena must have been personally served upon him.");[1] CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2454 (2d ed. 1994) ("Personal service of subpoenas is required. The use of the word 'delivering' in the rule with reference to the person to be served has been construed literally. Contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most papers after the summons and complaint, service on a person's lawyer will not suffice.") (footnotes omitted). However, courts have recognized that alternative forms of service may be acceptable under Rule 45 in some circumstances – namely, where the witness is aware of the lawsuit, knows that one of the parties is interested in his testimony, and is aware that there have been multiple attempts at personal service, and where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena. See Cordius Trust, 2000 WL 10268 at *2; Western Resources, Inc. v. Union Pacific R.R. Co., 2002 WL 1822432 (D. Kan. Jul. 23, 2002); First Nationwide Bank

---

[1] Distinguishing Alexander, plaintiffs note that the issue before the court in that case was "whether personal service of a subpoena had been effected – *not* the propriety of alternative service." Pl.'s Mot. at 15 n. 12. That distinction has some force. The posture in which the present dispute is presented allows the Court the flexibility, in its equitable discretion, to authorize a manner of service that will suit the ends of Rule 45. See Cordius Trust v. Kummerfeld, 2000 WL 10268, *2 (S.D.N.Y. Jan. 3, 2000) (granting plaintiff's application for alternative service).

v. Shur, 184 B.R. 640 (E.D.N.Y. 1995).

In this case, the Court has no reason to believe that the interests of justice would not be served, or that Forbes would in any way be prejudiced, were plaintiffs to effectuate service of the subpoena in the manner they propose. Plaintiffs note correctly that Saint-Gobain's dictum about the necessity of in-person service under Rule 45 was not dispositive of the narrow question posed in that case – whether Congress expressly or impliedly authorized the FTC to serve its investigatory subpoenas directly upon citizens of other countries by means of registered mail. 636 F.2d at 1304. Moreover, Forbes plainly is aware of the lawsuit and plaintiffs' desire to depose him – indeed, he indicated an expectation of being contacted to provide testimony, and his counsel has been negotiating a possible declaration. The proposed means of service should ensure his receipt of the subpoena and hence timely notice of its substance. Where, as here, multiple failed attempts to serve a witness give rise to a colorable allegation of evasion, some courts have found the delivery requirement of Rule 45 to be satisfied by "any act or series of acts that reasonably assures the entity to which [the subpoena] is addressed fair and timely notice of its issuance, contents, purpose and effect." See, e.g., United States ex rel. El-Amin v. George Washington Univ., 2000 U.S. Dist. LEXIS 15635, *3-4 (D.D.C. Oct. 23, 2000) (permitting service of a subpoena by posting on witness' residence with a confirmatory copy sent by certified mail) (quoting Shur, 184 B.R. at 642); Western Resources, 2002 WL 1822432 at *2 ("The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service."); Ultradent Prod., Inc. v. Hayman, 2002 WL 31119425, *3-4 (S.D.N.Y. Sept. 24, 2002).

For these reasons, plaintiff's motion for leave to serve Forbes by the alternative means proposed is GRANTED. The Court expects that Forbes' counsel will communicate to his client

the substance of the subpoena and, in light of this Order, the implications of any decision not to comply with it.

/s/
JOHN D. BATES
United States District Judge

Signed this 6th day of January, 2004.

Copies to:

**Daniel Joseph**
**Jonathan S. Spaeth**
**Tobias Eli Zimmerman**
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1333 New Hampshire Avenue, NW
Suite 400
Washington, DC 20036-1511
(202) 887-4452
Fax : 202-887-4288
Email: jspaeth@akingump.com

**Peter John Loughlin**
HUNTON & WILLIAMS
1900 K Street, NW
Washington, DC 20006
(202) 955-1986
Fax : (202) 778-2201
Email: ploughlin@hunton.com

**Elizabeth C. Koch**
**Michael Dennis Sullivan**
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1050 17th Street, NW
Suite 800
Washington, DC 20036
(202) 508-1100
Fax : 202-861-9888
Email: msullivan@lsklaw.com