UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>                     Plaintiffs,<br><br>          v.<br><br>RUDOLPH W. GIULIANI,<br><br>                     Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Chief Judge Beryl A. Howell |

**PLAINTIFFS' RESPONSE TO THE COURT'S MINUTE ORDER SEEKING MORE INFORMATION REGARDING DISCOVERY ISSUES IN DISPUTE**

Plaintiffs Ruby Freeman and Wandrea ArShaye ("Shaye") Moss (collectively, "Plaintiffs"), respectfully submit this response to the Court's Minute Order directing they "provide a more detailed explanation of and timeline for the discovery issues in dispute" "by (1) summarizing the 'two fulsome deficiency letters' plaintiff submitted to defendant, the dates issued and dates of requested responses, subject matter for which discovery was requested, and attaching those letters as exhibits; (2) clarifying the scope of defendant's failure to preserve, search, or produce documents in response to plaintiff's requests for production; and (3) explaining what relief plaintiff seeks from the Court[.]" Mar. 20, 2023 Minute Order ("Minute Order"). Plaintiffs have prepared, and are prepared to promptly file, a full and detailed motion to compel Defendant Rudolph W. Giuliani ("Defendant Giuliani" or "Defendant") to fulfill his discovery obligations and for additional relief. Plaintiffs do not understand the Court's Minute Order to be currently requesting that motion, but are willing to provide the letter at the Court's request. Below, Plaintiffs address the Court's Minute Order by summarizing the discovery dispute, including the two fulsome discovery letters that are herein attached as Exhibits A and B, and

clarifying the scope of Defendant Giuliani's failure to comply with discovery (*infra* § I), and explaining the relief Plaintiffs seek (*infra* § II).

    I.    **SUMMARY OF THE DISCOVERY DISPUTE, INCLUDING THE TWO FULSOME DISCOVERY LETTERS, AND CLARIFYING THE SCOPE OF DEFENDANT GIULIANI'S FAILURE TO COMPLY WITH DISCOVERY.**

Apart from sitting for a deposition and providing plainly deficient responses to interrogatories ("Interrogatories") and requests for admission ("RFAs"), Defendant Giuliani has refused to comply with even rudimentary discovery obligations thus far in this litigation.

Plaintiffs filed this lawsuit on December 23, 2021 (Dkt. 1), and the parties (which at that point including former Defendants Herring Networks ("OAN") and related individuals (collectively, "OAN Defendants") filed a joint report as required by Federal Rule 26 of Civil Procedure on April 25, 2022 (Dkt. 16). Shortly thereafter, on May 10, 2022, Plaintiffs filed a motion dismissing the OAN Defendants pursuant to a settlement agreement (Dkt. 21) and an amended complaint against Defendant Giuliani, which remains operative (Dkt. 22) ("Complaint"). Plaintiffs promptly served discovery, including five sets of Requests for Production ("RFPs" and, all five sets collectively, "Requests"), four sets of Interrogatories, and two sets of Requests for Admission ("RFAs"). As discussed below, in the intervening months, Defendant Giuliani has failed to: (1) produce a single document in response to Plaintiffs' Requests, and has been unwilling or unable to confirm, including via counsel, that he has preserved materials in response to the same (*infra* § A); (2) verify or provide full answers to all of the Interrogatories served (*infra* § B); (3) amend his answers to RFAS to conform with the evidence obtained in the case, including the limited amount of materials produced by third parties,[1] to the House of Representatives Select

---

[1] Plaintiffs have sought discovery from third parties identified as members of the Giuliani Team and/or identified in the Giuliani Strategic Plan, including: Christina Bobb, Bernard Kerik, Phil Waldron, Katherine Friess, Jenna Ellis, Mark Serrano, Jacki Pick, Sidney Powell, and Maria Ryan. The majority of these third parties have either evaded service or refused or delayed compliance

Committee to Investigate The January 6th Attack on the United States Capitol ("January 6th Committee"), and his own deposition, which took place on March 1, 2023 ("Deposition" or "Depo. Tr."²)) (*infra* § C); (4) amend his initial disclosures (*infra* § D); or (5) reimburse Plaintiffs for costs incurred from having to reschedule Defendant Giuliani's deposition at his demand, within forty-eight hours of the occurrence of the deposition, on two separate occasions. Plaintiffs served deficiencies letters represent some, but not all, of the repeated attempts to confer on the multitude of deficiencies detailed herein and seek confirmations that Mr. Giuliani intends to change course. To date, Plaintiffs have received no such commitments.

**A. Defendant Giuliani Has Not Confirmed That He Has Preserved, And Has Admitted That He Has Not Adequately Searched For Or Produced, Any Materials Responsive To Plaintiffs Requests.**
**B.**

      1. <u>Plaintiffs Have Served Four Sets Of Requests for Production, In Response To Which Defendant Giuliani Has Not Adequately Searched For Responsive Materials Or Made Any Production.</u>

Ten months ago, on May 20, 2022, Plaintiffs served its First Set of Requests for Production ("RFPs"). Plaintiffs served additional RFPs on August 5, 2022 (Second Set), November 11, 2022 (Third Set), and December 12, 2022 (Fourth Set). Defendant Giuliani served his responses and objections (R&Os)), respectively, on June 28, 2022 (First Set), September 13, 2022 (Second Set), December 12, 2022 (Third Set) and January 6, 2023 (Fourth Set) (collectively, "Objections).

---

with properly served discovery requests despite representations from themselves or Defendant Giuliani that they would have information highly relevant to Plaintiffs' case. To date, none of Ms. Bobb (who published a book on January 24, 2020 about her work as a member of the Giuliani Team, titled *Stealing Your Vote*), Mr. Kerik (who testified before the January 6 Committee that he was the Giuliani Team's "chief investigator" and that he served as a buffer between the rest of the team and Mr. Giuliani, and Colonel Waldron (who was "very active" in the Giuliani Team investigation, have produced even a single document to Plaintiffs.

² Plaintiffs attach here only the two documents requested by the Court, but would be happy to provide the Deposition transcript, additional correspondence between counsel, or any additional materials should the Court so desire.

Defendant Giuliani does not deny having documents responsive to Plaintiffs' Requests and confirmed during his recent deposition testimony that he regularly communicated about his effort to overturn the election via phone, email, other messaging apps, and social media, including texts with Mr. Kerik.  (Deposition of Defendant Giuliani, Tr. 13:6-19; 17:14-18:21; 23:24-25:12).  Nor does he, or can he, deny that Plaintiffs' Requests ask for relevant information, including the basis for all of his statements about Plaintiffs (RFP No. 2), communications about his statements about Plaintiffs (RFP No. 19), and documents sufficient to show his online reach (RFP No. 19).  But Defendant Giuliani does not appear to have performed any meaningful search for documents, and in fact has failed to produce a single document, in response to Plaintiffs' Requests. Defendant Giuliani's only production to date is the 1,269 documents he produced to the January 6th Committee, which Plaintiffs understand from Defendant's counsel is identical to what he produced in the *US Dominion, Inc. v. Giuliani* lawsuit.  Plaintiffs have not received any confirmation as to the method of that search or production, whether the requests would have covered any or all topics responsive to Plaintiffs' Requests, or the time period of the documents produced.

Defendant Giuliani has admitted to using multiple devices, email accounts, and social media accounts during the aftermath of the 2020 presidential election.  (Depo. Tr. at 17:14-19; 21:5-11; 22:24-24:05).  He confirmed at his deposition that during the relevant time period, he communicated using two cell phones, (Depo. Tr. 17:14-19), Signal, Telegram, and WhatsApp, and perhaps other messaging applications, (*id*. 23:20-25:2), and that he may have communicated using direct messages on his social media accounts, like Twitter.  (*id*. 23:02-19).  Defendant Giuliani's counsel could not confirm whether his client has made any effort to search his personal devices, including his phones, social media accounts, or email addresses in response to Plaintiffs' Requests. Defendant Giuliani himself could not recall whether he had made any efforts to search his devices

in response to Plaintiffs' Requests (*id*. 389:5-390:6), and although he speculated that he does not believe he would find anything useful, he also admitted that he had made no effort to recover or search through his various social media accounts, and conceded that maybe "if I had someone with expertise, I could" locate responsive materials. (*id*. 391:23-392:15.) That said, Defendant confirmed that he has not taken any steps to capture his social media accounts, or to have his devices searched by anyone with the expertise to do so. (*Id*.) Plaintiffs have repeatedly attempted to resolve this dispute with Defendant since August 5, 2022, including via multiple deficiency letters, at least eight telephonic meet and confers in addition to extensive email correspondence, and conversations both during and after Defendant's March 1, 2023 deposition.

On August 5, 2022, Plaintiffs sent Defendant a 25-page deficiency letter, primarily detailing the many shortcomings of Defendant's document productions and privilege log. A true and correct copy of that letter is attached as Exhibit 1. On document productions, Plaintiffs explained why producing a batch of documents prepared in response to discovery requests in another lawsuit (with different parties, claims, and relevant time periods) does not satisfy Defendant's burden to search for and produce documents responsive to Plaintiffs' requests in this case. Ex. A at 2–3. Plaintiffs further flagged that Defendant failed to produce approximately 6,000 documents Defendant represented he would produce, failed to produce documents with metadata, failed to coordinate with a Special Master to produce documents from devices that Defendant claims were seized by the U.S. Department of Justice, and improperly responded in a selective fashion to two specific requests for production. *Id.* at 2–6. Plaintiffs supplied Defendant with a set of search terms to use in negotiating searches of his devices with the Special Master. *Id.* at 2. Plaintiffs also detailed a number of deficiencies with Defendant Giuliani's privilege log. *Id*.

On December 7, 2022, Plaintiffs sent Defendant a second, 5-page deficiency letter,

detailing outstanding deficiencies across all of Defendant's discovery responses and disclosures. A true and correct copy of that letter is attached as Exhibit 2. The letter recounts the months of negotiations that ultimately led to no progress in redressing the pertinent discovery issues. *Id*. at 1–3. On document productions, the letter explains that Defendant had produced less than 250 documents responsive to Plaintiffs' requests to date, and demanded a date certain by which Defendant would begin to address the deficiencies. *Id.* at 3.

To date, Plaintiffs have received no assurances that Defendant Giuliani has, will, or plans to, search for or produce materials responsive to Plaintiffs' requests.

> 2. Defendant Giuliani Has Been Unable To Confirm That He Has Adequately Preserved Materials Responsive To Any Of Plaintiffs' Requests.

Just as with the search and collection efforts, Defendant Giuliani's counsel has been unwilling or unable to confirm whether his client has adequately preserved materials that may be responsive Plaintiffs' Requests. Despite repeated requests for confirmation of the steps Defendant Giuliani has taken to preserve relevant and responsive materials, his counsel has not been able to provide any details or even confirm whether Defendant Giuliani has taken any such steps. Defendant, to date, has not even identified all of his devices, or which of his various email accounts, electronic devices, or social media accounts he has taken steps to preserve.

### C. Defendant Giuliani Has Failed To Fully Answer Or Certify His Interrogatory Responses.

Plaintiffs served their First Set of Interrogatories on May 20, 2022. Plaintiffs have served additional Interrogatories on August 5, 2022 (Second Set), November 11, 2022 (Third Set), and March 3, 2023 (Fourth Set). Defendant Giuliani served his R&Os, respectively on June 28, 2022 (First), September 12, 2022 (Second), and December 12, 2022 (Third), and Plaintiffs' Fourth Set of Interrogatories has a return date of April 3, 2023. Defendant Giuliani amended his R&Os to the first set on August 1, 2022. Of the three sets of Interrogatories that Defendant Giuliani has

returned, he has only signed and certified one. All of Defendant's responses are limited to a few short sentences—Defendant Giuliani's responses to Plaintiffs' 19 Interrogatories amount to *less than three pages*. Plaintiffs have been requesting Defendant Giuliani certify and provide full answers to the Interrogatories since August 2022. Plaintiffs' first deficiency letter noted that Plaintiffs were reviewing Defendant's amended interrogatory responses and that they appeared deficient. Ex. A at 2. Plaintiffs noted in the second deficiency letter that Defendant's supplemental interrogatory responses did not address the core deficiencies identified in Plaintiffs' original letter, such as failing to identify members of Defendant's team that worked with him in formulating and publishing claims about Plaintiffs. *Id.* at 4–5. To date, Defendant Giuliani has failed to provide any more fulsome Interrogatory responses.

**D. Defendant Giuliani Failed To Admit Three Requests For Admission That He Later Admitted To During His Deposition.**
**E.**

Seven months ago, on August 5, 2022, Plaintiffs served their First Set of RFAs. They served additional RFAs on November 11, 2022 (Second Set). Defendant Giuliani served his R&Os, respectively on September 13, 2022 (First) and December 12, 2022 (Second). Defendant has never amended his responses. Defendant's deposition revealed certain of Plaintiffs' discovery RFAs that Defendant denied should have been admitted:

> **RFA 82:** Admit that on or before December 23, 2020, You had not watched the entirety of the Surveillance Footage from the State Farm Arena.
>
> **Response to RFA 82:** Defendant is without sufficient knowledge to admit or deny this request because Defendant does not recall when he watched the footage.
>
> **Relevant Deposition Testimony:** "Q. [O]f that 24 hours of video at State Farm Arena, as you sit here today, do you have a sense of approximately how much of that you've watched? A. I think I've watched about eight hours." (Tr. 121:14-19).
>
> **RFA 83:** Admit that You have not watched the entirety of the Surveillance Footage from the
> State Farm Arena.

**Response to RFA 83:** Denied.

**Relevant Deposition Testimony:** "Q. [O]f that 24 hours of video at State Farm Arena, as you sit here today, do you have a sense of approximately how much of that you've watched? A.
I think I've watched about eight hours." (Tr. 121:14-19).

**RFA 90:** Admit that on or before December 23, 2020, You were aware of the Giuliani Communications Plan.

**Response to RFA 90:** Denied.

**Relevant Deposition Testimony:** "Q. So you were familiar with this communications plan before this litigation, is that right? [objection] A. Yes. I wasn't saying I wasn't, I just had never seen the document before."  (Tr. 241:2-7).

### F. Defendant Giuliani Has Failed To Supplement His Initial Disclosures.

Defendant Giuliani has failed to supplement his initial disclosure since serving them on May 18, 2022.  During his deposition, Defendant Giuliani identified individuals likely to have discoverable information that were not listed in his initial disclosures.  Specifically, during his deposition, Defendant suggested that Plaintiffs could speak to Christina Bobb, Phil Waldron, and Ray Smith in order to get certain relevant information.  (Depo. Tr. 388:4-25).  Defendant testified to receiving information, including via text, from Bernard Kerik,  (Depo. Tr. 13:6-19), and that Mr. Kerik would be able to provide information about the Giuliani Strategic Plan.  (Depo. Tr. 239:10-13).  Additionally, during his deposition, Defendant Giuliani identified documents and electronically stored information in his possession, custody, and control that were not listed in his initial disclosures.  (Depo. Tr. 13:6-19; 17:14-18:21; 23:24-23:19; 24:12-21).  Plaintiffs requested that Defendant amend his initial disclosures on December 7, 2022.  (Ex. B).

### G. Defendant Giuliani Failed To Appear At Two Scheduled Depositions.
Mr. Giuliani cancelled two depositions at the eleventh hour, without adequate explanation, and imposing unreimbursed (to date) costs on Plaintiffs and their counsel.  Two days before Defendant Giuliani's first-scheduled deposition was set to occur in Florida (at Defendant

Giuliani's request), counsel for Defendant emailed counsel for Plaintiffs to cancel, explaining that Defendant Giuliani was "very ill and [would] not be able to make the deposition on the previously agreed-to date of this Wednesday, Jan 25th." Counsel for Defendant stated that, in light of Defendant Giuliani's health issues, the deposition would instead "need to happen in NYC" rather than in Florida. (*Id.*)  Yet, in the weeks following the canceled January 25, 2023 deposition, Defendant Giuliani traveled to Palm Beach, Florida, Atlanta, Georgia, and Nashville, Tennessee (and perhaps other locations unknown to Plaintiffs).[3]  Less than 48 hours before the second-scheduled deposition, Defendant Giuliani's counsel contacted Plaintiff's counsel to cancel his deposition because Defendant Giuliani had decided to travel to East Palestine, Ohio at the request of former President Trump and the Mayor of East Palestine.  Counsel for Plaintiffs were forced to cancel deposition transcription and video services and travel arrangements as a result of both of Mr. Giuliani's last-minute cancellations.  Mr. Giuliani appeared for his deposition on March 1, 2023.  Counsel for Defendant agreed to hold Defendant's deposition open in light of the ongoing discovery disputes.

## II.  PLAINTIFFS INTEND TO SEEK VARIOUS FORMS OF RELIEF FROM THE COURT.

Plaintiffs respectfully offer the following forms of relief that they intend to ask the Court to consider imposing:

1. **Compel Defendant Giuliani to detail his preservation efforts to date and to promptly take all necessary steps to preserve documents.**

2. **Compel Defendant Giuliani to search for and produce all responsive, non-privileged documents in his possession.**

---

[3] On February January 31, Defendant Giuliani hosted his "*Americas Mayor Live*" show from Palm Beach Florida, miles from where the originally scheduled deposition was slated to take place.  On February 14, Mr. Giuliani posted a photo of himself at the Atlanta Airport on Twitter. On February 15, 2023 Defendant Giuliani hosted an episode of "*America's Mayor Live*" in Nashville at Kid Rock's Big Ass Honky Tonk Rock N' Roll Steakhouse.

3. **Compel Defendant Giuliani to sign and fully answer his plainly deficient interrogatory responses.**

4. **Award Plaintiffs monetary relief associated with Defendant Giuliani's discovery abuses, including reasonable attorney fees and costs associated with seeking the court's relief and efforts in responding to Defendant Giuliani's deficient discovery efforts.**

5. **Preclude Defendant Giuliani from relying on witnesses or information not provided in his Initial Disclosures.**

6. **Award reasonable expenses, and any other monetary sanctions it deems appropriate, for Defendant Giuliani's failure to appear at two scheduled depositions.**

7. **Impose additional sanctions as appropriate, including for example (1) granting leave for Plaintiffs to re-depose Defendant Giuliani once he has complied with his outstanding discovery obligations and order Defendant to pay the costs and expenses in connection with the second deposition; (2) precluding Defendant Giuliani from relying on any discovery that he does not provide, whether in writing or via production, within 30 days of any Court order; and (3) considering imposing adverse inferences to the extent that Defendant Giuliani continues to disregard his discovery obligations.**

*/s/ Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, a copy of the foregoing document was emailed to Defendant Rudolph W. Giuliani via his counsel Joseph D. Sibley IV at sibley@camarasibley.com.

Dated:  March 20, 2023

                                                                              */s/ Michael J. Gottlieb*
WILLKIE FARR & GALLAGHER LLP
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com