# EXHIBIT B

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 7, 2022

**VIA EMAIL**
**Joe Sibley**
CAMARA & SIBLEY LLP
1108 Lavaca St.
Suite 110263
Austin, TX 78701
713-966-6789
Fax: 713-5-1131
Email: sibley@camarasibley.com

Re:   ***Freeman v. Giuliani*, 1:21-cv-21-3354 (BAH)**

Dear Mr. Sibley,

I write regarding a few specific deficiencies in Defendant Rudolph W. Giuliani's ("Mr. Giuliani" or "Defendant") discovery to date.[1] Discovery has been ongoing for some time. Despite this, Defendant has produced less than 1,500 documents, many of which are blank, mass email blasts, or otherwise non-responsive. Mr. Giuliani has only produced documents from the limited population of documents previously identified and collected by the FBI. Additionally, despite Plaintiffs' requests in multiple meet and confers—as well as in a deficiency letter dated August 5, 2022—Defendant has failed to fulfill many of his basic discovery obligations including but not limited to information necessary for Plaintiffs to assess his privilege log and adequate interrogatory responses. For context, I briefly summarize the parties' discovery to date:

- On May 18, 2022, the parties served their initial disclosures.
- On May 20, 2022, Plaintiffs' First Set of Requests for Production and Plaintiffs' First Set of Interrogatories (together, "Plaintiffs' First Set of Discovery Requests").
- On June 28, 2022, Mr. Giuliani served on Plaintiffs responses and objections to the First Set of Discovery Requests, and a privilege log.

---

[1] Although this letter is limited in scope, Plaintiffs note that numerous discovery disputes persist, including but not limited to many of the issues outlined in Plaintiffs' deficiency letter dated August 5, 2022. Plaintiffs reserve all rights.

December 7, 2022
Page 2

- On July 6, 2022, counsel for Defendant ("You" or "Your") and counsel for Plaintiffs participated in a meet and confer regarding the Plaintiffs' First Set of Discovery Requests and Defendant's responses.
- On July 12, 2022, Defendant made his first production, and also provided the first set of requests for production that were served on Mr. Giuliani in *US Dominion Inc. v. Herring Networks, Inc.*, No. 1:21-cv-02130-CJN (D.D.C) ("*Dominion*") and Mr. Giuliani's responses and objections to the same.
- On August 1, 2022, Mr. Giuliani served on Plaintiffs amended responses and objections to the First Set of Interrogatories.
- On August 5, 2022, Plaintiffs' sent a deficiency letter to Defendant regarding Defendant's discovery responses to date (the "August 5 Deficiency Letter") and served Plaintiff's Second Set of Requests for Production, Plaintiffs' Second Set of Interrogatories, and Plaintiffs' First Set of Requests for Admission (together, "Plaintiffs' Second Set of Discovery Requests").
- On August 12, 2022, You represented via email that You would provide all information requested in the August 5 Deficiency Letter by August 19, 2022.
- On August 19, 2022, You provided via email partial responses to certain information requested in the August 5 Deficiency Letter. You did not provide any additional document productions, a revised privilege log, or the information requested regarding Mr. Giuliani's privilege assertions.
- On August 26, 2022, You represented via email that You would need a "a couple more weeks" to provide additional documents, a revised privilege log, and the information requested regarding Mr. Giuliani's privilege assertions.
- On September 19, 2022, Mr. Giuliani provided responses and objections to Plaintiffs' Second Set of Discovery Requests.
- On September 30, 2022, You provided via email additional partial responses to certain information requested in the August 5 Deficiency Letter and requested a meet and confer.
- On October 3, 2022, counsel for Plaintiffs laid out the deficiencies in Your responses to the August 5 Deficiency Letter.
- On October 4, 2022, You and counsel for Plaintiffs engaged in a meet and confer. During this meet and confer, You represented that You would be withdrawing as counsel in the near future. Additionally, You represented that You were in contact with counsel for the Trump Campaign, who would provide additional information regarding the documents withheld as privileged and list of the attorneys working for the Trump Campaign during the relevant time. In an effort to resolve certain disputes before withdrawing as counsel, You agreed to provide certain limited information and take certain limited actions by October 11, 2022. This included:
    - Re-reviewing the privilege log and identify documents and communications directly relevant to Plaintiffs' allegations, namely claims of election fraud in Georgia, Plaintiffs (by name or reference), and the Giuliani Communications Plan.
    - Amending the interrogatory responses with additional information, including to identify all of the modes of communication Mr. Giuliani used to communicate about claims of election fraud.
    - Providing a detailed explanation about your discovery vendor's suggested approach for collecting all the accounts that Mr. Giuliani used to communicate about Plaintiffs' claims (i.e. rhelen and iCloud accounts, iMessage, Signal, WhatsApp) and confirmation that the approach is industry standard.

December 7, 2022
Page 3

- On October 11, 2022, You represented via email that You had identified an additional responsive 400 documents contained within the already collected documents.
- On October 15, 2022, Defendant Giuliani produced an additional 58 pages of discovery and a supplemental privilege log of 8 documents.
- On October 31, 2022, Defendant Giuliani produced an additional 177 documents, many of which are blank.
- On November 9, 2022, You and counsel for Plaintiff engaged in a meet and confer. During this meet and confer, You represented Your intention to withdraw as counsel on or before November 18, 2022. In an effort to resolve certain discovery disputes before You move to withdraw, counsel for Plaintiffs requested and You agreed to:
    - Provide a written description of what devices, accounts, etc. Mr. Giuliani had collected, reviewed, and produced documents from to date;
    - Provide amended responses to Plaintiffs' First and Second Sets of Interrogatories;
    - Engage in a meet and confer to clarify Mr. Giuliani's responses to certain of Plaintiffs' First Set of Requests for Admission.
- On November 11, 2022, You and counsel for Plaintiffs engaged in a meet and confer regarding Mr. Giuliani's responses to certain of Plaintiffs' First Set of Requests for Admission. Plaintiffs also served Plaintiffs' Third Set of Requests for Production, Plaintiffs' Third Set of Interrogatories, and Plaintiffs' Second Set of Requests for Admission (together, "Plaintiffs' Third Set of Discovery Requests").

While there continue to be a plethora discovery items outstanding, I write today to highlight just four deficiencies. Specifically, Defendant has not: (1) collected, searched, or produced responsive, non-privileged documents from his email accounts, cell phone, messaging applications, cloud accounts, or social media accounts; (2) provided information necessary for Plaintiffs to assess the validity of Defendant's extensive privilege assertions; (3) supplemented his responses to Plaintiffs' interrogatories or verified his responses to his responses and objections to certain interrogatories; (4) amended his initial disclosures. **Plaintiffs request that Mr. Giuliani promptly cure these deficiencies**.

I.      DEFENDANT'S DOCUMENT PRODUCTION

Mr. Giuliani's document production to date is woefully deficient. To date, Defendant has only produced 1,463 documents, less than 250 of which are even responsive to Plaintiffs' requests. Based on Your representations, Plaintiffs understand that all of Defendant's productions have come from the limited set of documents previously collected by the FBI. We understand from You that Mr. Giuliani has not undertaken to collect, review, or produce responsive documents contained within any of the following: email accounts, cell phones, messaging applications, cloud accounts, or social media accounts. To even begin to fulfill his discovery obligations, Mr. Giuliani must conduct such a search.

Plaintiffs expect that Mr. Giuliani will promptly begin to collect and review the documents from the email accounts, cell phone, cloud accounts, and social media accounts that he used during the relevant time period. Plaintiffs further expect that Mr. Giuliani will promptly produce any non-privileged responsive documents and a privilege log of any privileged responsive documents. **Please provide a date certain when Mr. Giuliani will begin producing documents from this review**.

December 7, 2022
Page 4

**Additionally, given the difficulties currently facing Twitter, Plaintiffs ask that Defendant perform a takeout or archive of his Twitter timeline from November 1, 2020 through the present.**

## II.     DEFENDANT'S PRIVILEGE ASSERTIONS

Throughout the meet and confer process, You have represented that the vast majority of documents Mr. Giuliani is withholding are documents which you believe *may* be protected by Mr. Trump's privilege as the client of the attorneys working for the Trump Campaign. You represented that You did not prepare Mr. Giuliani's first privilege log, but that it was in fact prepared by another attorney in connection with a different case. You have represented that some of these documents may not in fact be privileged or the privilege may have been waived by other parties in other actions. You have represented that You have been in contact for the attorney currently representing the Trump Campaign regarding whether Mr. Giuliani has properly withheld these documents as privileged. Specifically, You have represented that You have asked whether the Trump Campaign is continuing to assert privilege over these documents. Additionally, in response to Plaintiffs' repeated requests for information concerning what individuals were serving as counsel for the Trump Campaign, You have also represented that You will ask the attorney for the Trump Campaign to provide a list of individuals who served as attorneys for the Trump Campaign during the relevant time frame. You have represented that Mr. Giuliani will promptly produce any documents over which the Trump Campaign asserts there is no privilege, the privilege has already been waived, or for which it is waiving the privilege. Plaintiffs reserve all rights to challenge the privilege assertions by the Trump Campaign. **Plaintiffs request that You follow-up with the attorney for the Trump Campaign and ask him to provide a date certain by which him will provide the requested information.**

## III.    DEFENDANT'S INTERROGATORY REPSONSES

As discussed during the previous meet and confers and the August 5 Deficiency Letter, Mr. Giuliani's interrogatory responses are incomplete and evasive. *See* Fed. R. Civ. P. 37(a)(4), (b)(2)(A) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and "court . . . may issue further just orders" including sanctions where a party "fails to obey an order"); *Danzy v. IATSE Loc. 22*, No. CV 17-02083 (RCL/RMM), 2020 WL 6887651, at *4 (D.D.C. Nov. 23, 2020) (finding plaintiff's interrogatory responses with general descriptions incomplete to the extent they did not provide full responses to the questions asked and ordering plaintiff to supplement and clarify); *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 33 (D.D.C. 2007) (finding answer that is "inadequate, vague, cryptic, evasive, and completely lacking in the candid disclosure required of the parties" fails to "completely and fully address the question asked of it") (citation omitted).

While Plaintiffs' appreciate that Mr. Giuliani provided amended responses to Plaintiffs First Set of Interrogatories, these responses and his responses to Plaintiffs Second Set of Interrogatories require further amendment. As an example, Defendant's response to interrogatory No. 4 is plainly insufficient. Defendant does not provide any information regarding: if, when, or how he learned of or received the Giuliani Strategic Communications Plan; the identities of the "Key Team Members;" or any of the basis or facts supporting the allegations contained within the Giuliani Strategic Communications Plan.

December 7, 2022
Page 5

Additionally, Mr. Giuliani has not verified his responses and objections to Plaintiffs' Second Set of Interrogatories. **Plaintiffs request that Mr. Giuliani supplement the above interrogatory responses and all other deficient interrogatory responses by December 19, 2022. Plaintiffs request that Mr. Giuliani provide verification for his interrogatory responses on this same date.**

## IV. DEFENDANT'S INITIAL DISCLOSURES

On May 18, 2022, Mr. Giuliani served on Plaintiffs his bare-bones initial disclosures. For individuals likely to have discoverable information that he may use to support his defenses, Mr. Giuliani's initial disclosures list just 7 witnesses, including himself and Ms. Freeman and Ms. Moss (plus the catchall "any witness disclosed by Plaintiffs"). In response to the required disclosure regarding the category and location of all documents he has in his possession custody and control he may use to support his claims and defenses, Mr. Giuliani provided 4 vague categories of documents without any reference to location. These disclosures—which were likely deficient when-filed—are plainly deficient now, six-months into discovery. Per his obligations under Federal Rule of Civil Procedure 26(e), Mr. Giuliani must promptly amend his initial disclosures. Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"). **Accordingly, Plaintiffs request that Mr. Giuliani promptly supplement his initial disclosures.**

If Mr. Giuliani seeks to use any witness or information as evidence outside that which has been properly disclosed, Plaintiffs reserve all rights to oppose the inclusion of such evidence pursuant to Rule 37(c). Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *see Elion v. Jackson*, 544 F. Supp. 2d 1, 5 (D.D.C. 2008) (granting motion to exclude witness' testimony at trial where defendant did not disclose witness' identity until filing its pretrial statement).

\*   \*   \*

Plaintiffs reserve all rights to supplement this deficiency letter and to challenge Defendant's discovery to date, up to and including seeking appropriate relief from the Court.


Sincerely,

*/s/ M. Annie Houghton-Larsen*
M. Annie Houghton-Larsen