UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　　Defendants. | Civil Action No. 21-3354 (BAH)<br><br>Chief Judge Beryl A. Howell |

### RESPONSE TO PLAINTIFFS' SUBMISSION RE MINUTE ORDER DATED MARCH 20, 2023

In their Amended Complaint [Doc. 22] ("Complaint"), Plaintiffs Ruby Freeman ("Freeman") and Wandrea Moss ("Moss" and, together with Freemen, the "Plaintiffs") have sued Defendant Rudolph Giuliani ("Giuliani") for defamation *per se*, intentional infliction of emotional distress, and civil conspiracy arising from statements attributed to Giuliani related to the contested 2020 Presidential Election ("Election") in the State of Georgia. In this case, however, Plaintiffs are seeking discovery on a myriad of issues unrelated to Plaintiffs, but rather related to January 6th and the broader election litigation. Giuliani has, nevertheless, produced many of these documents, answered many interrogatories and requests for admission, and scarcely objected based on relevance to avoid discovery disputes.

**A. The Interrogatories/RFAs/Second Deposition/Disclosures.**

Giuliani sat for his deposition on March 1, 2023. Prior to the deposition, upon request from Plaintiffs' counsel, Giuliani's counsel provided the names of persons he spoke with to supplement any outstanding disclosure obligations. Ex. A. Giuliani will formally supplement his disclosures.

At the deposition, he informed Plaintiffs' counsel that he agreed with the accuracy of the Interrogatory Answers and was prepared to verify. After the deposition, however, on March 3, 2023, Plaintiffs' counsel sent a "post-deposition" discovery email requesting various things, including amendments/supplementations to interrogatories to match the deposition given on those topics as well as verifications for previously served interrogatories. This placed Giuliani in a conundrum because he had not yet received the transcript (the deposition went full time and had multiple voluminous exhibits). Therefore, he was unable to review the transcript to supplement and/or amend any interrogatory answers in accordance with the deposition transcript because he had not received it. As such, he was not in position to verify interrogatories that Plaintiffs contended were inaccurate based on the deposition testimony that he had not had a chance to review. Giuliani will do so upon receiving his deposition transcript for review.

Then, on March 15, 2023, Plaintiffs' counsel gave notice of their intent to seek Court intervention. Giuliani's counsel informed them that he was out of town that week but would try and resolve some issues by March 20, 2023. They responded that time was of the essence and they could not wait. On Friday, in association with privilege issues that Plaintiffs' counsel contended were resolved by Giuliani's depo transcript, Giuliani's counsel asked for a copy of the depo transcript (still not received from the court reporter to this day). Plaintiffs' counsel agreed to provide it on condition it was attorneys' eyes only. Therefore, Giuliani is still not capable of reviewing the transcript to make any corrections/modifications to his interrogatory answers and or RFA responses, if any.

Finally, Plaintiffs used all of their deposition time in the March 1st deposition. Therefore, any second deposition should be limited to any newly produced documents or information that would warrant more than the normal time for a deposition. Plaintiffs have yet to make that

showing.  Further, the two depositions that Giuliani rescheduled were agreed-upon dates and not formally noticed with a notice of deposition.  Therefore, there was no instrument compelling him to attend.  No sanction therefore can lie for his rescheduling those depositions.

### B. The Document Productions/Confirmation Of Searching Electronic Devices.

As Plaintiffs concede, Giuliani has produced many documents including, but not limited to, documents culled from Plaintiffs' own search terms.  However, Plaintiffs complain that Giuliani has not confirmed that he has searched all electronic devices in his possession as well as social media accounts.  Giuliani testified in deposition that he believed he did search such devices for information.  However, Giuliani agrees that he will certify to the Court and Plaintiffs that he has searched his devices and what devices he has searched.

### C. Conclusion

For all of the reasons discussed herein, and for other reasons that Giuliani will explain to the Court at the hearing or in separate submission, the Court should give Giuliani fourteen days to address the discovery deficiencies alleged by Plaintiffs after having had a chance to review and make any corrections to his deposition transcript.

Date:  <u>March 20, 2023</u>

                                                                   Respectfully submitted,

                                                              By: <u>/s/ Joseph D. Sibley IV</u>

                                                                  CAMARA & SIBLEY L.L.P.

                                                                       Joseph D. Sibley IV
                                                                       DC Bar ID: TX0202
                                                                       1108 Lavaca St.
                                                                       Suite 110263
                                                                       Austin, TX 78701

Telephone: (713) 966-6789  
Fax: (713) 583-1131  
Email: sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

*/s/ Joseph D. Sibley IV*
Joseph D. Sibley IV