IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, et al., | |
| *Plaintiff,* | Civil Action No.: |
| v. | 1:21-cv-3354 |
| RUDOLPH GIULIANI, | |
| *Defendant.* | |

### UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING RESPONSE OF NON-PARTY THE OFFICE OF THE SECRETARY OF STATE FOR THE STATE OF GEORGIA TO SUBPOENA DUCES TECUM

The Office of the Secretary of State for the State of Georgia ("the Secretary"), a non-party to this action, hereby moves for the entry of a protective order regarding the confidentiality of its production in response to the subpoena duces tecum issued by Plaintiffs Ruby Freeman and Wandrea ArShaye "Shaye" Moss.

Counsel for Plaintiffs, counsel for Defendant, and counsel for the Secretary have consented to the terms of the proposed Protective Order, which is submitted contemporaneously with this motion. The proposed Protective Order will govern the Secretary's production of the March 7, 2023 report of investigation for SEB Case No. 2020-059, as subpoenaed by Plaintiffs on March 10, 2023.

As discussed herein, the Secretary has agreed to produce the March 7, 2023 report subject to the provisions in the proposed Protective Order, and this report is the sole document that the counsel for the Secretary believes to be responsive to the subpoena. Plaintiffs' counsel and counsel for the Secretary may have a dispute

1

regarding whether additional documents should be produced in response to the subpoena, and the Secretary reserves the right to submit objections to this Court and to request at a later date an Order from this Court regarding requests for the underlying case file or other materials that should not be produced due to investigative privilege, even subject to a protective order.

However, in order to proceed with the production of the March 7, 2023 report of investigation for SEB Case No. 2020-059, the Secretary hereby moves for the entry of the proposed Protective Order, to preserve the confidentiality of the report upon its production and to govern the use of the report in this case.

## BACKGROUND

Pursuant to Plaintiffs' subpoena, the Secretary must produce "[t]he Official Investigative Report[1] concerning allegations of Voter Fraud in the 2020 Presidential Election in Georgia. Including regarding accusations about Ruby Freeman and/or Wandrea ArShaye ("Shaye") Moss." The requested report is part of an open investigation regarding allegations of fraud in the 2020 election by the Secretary's office. The investigative file related to this investigation includes documents from three separate law enforcement agencies: the Secretary's investigations division, the

---

[1] The subpoena defines the term "Official Investigative Report" to mean "a Document or Documents cataloguing or memorializing an investigation and the findings and conclusions of an investigation by or in conjunction with the Office of the Georgia Secretary of State's Investigations Division, including any materials prepared by other entities that are included or relied on by the Office of the Georgia Secretary of State, such as Documents prepared by the Georgia Bureau of Investigations and any other federal or state law enforcement or investigative authority." The Secretary does not have the authority to permit the release of documents prepared by the GBI or FBI.

Georgia Bureau of Investigation, and the Federal Bureau of Investigation. The Secretary's investigation into this matter is currently complete, and the report is awaiting presentation to the State Election Board. The Secretary has agreed to produce the March 7, 2023 report of investigation, without the supporting documents in the investigative file, provided that a protective order be entered to restrict access to the report until the investigation is closed. For good cause shown, the Secretary asks that this Court enter the proposed Protective Order.

## ARGUMENT

Fed. R. Civ. P. 26(c) permits a court to issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" of discovery upon a showing of good cause. The district court balances the following factors when deciding whether to limit or deny discovery through a protective order: (1) the requestor's need for the information from this particular source (2) its relevance to the litigation at hand, (3) the burden of producing the sought-after material, and (4) the harm which disclosure would cause to the party seeking to protect the information. *Burka v. United States Dep't of Health and Hum. Servs.*, 87 F.3d 508, 517 (D.C. Cir. 1996). The Court may weigh the interests of private individuals and the public. *See Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983).

Here, the Secretary asks this Court to enter a protective order to ensure that the March 7, 2023, report of investigation, which is a part of an ongoing investigation, remains confidential and that only the party's attorneys and court personnel may

3

review the report. The March 7, 2023, report of investigation cannot be accessed by the public yet because it is not subject to disclosure under Georgia's Open Records Act as "records of law enforcement, prosecution or regulatory agencies in any pending investigation or prosecution of criminal or unlawful activity[.]" O.C.G.A. § 50-18-72(a)(4). This Court has explained that there is "strong public interest" in allowing officers to investigate allegations of wrongdoing knowing that the information will remain confidential. *See Kline v. Berry*, No. 10-1802 (RWR) (AK), 2012 US. Dist. LEXIS 87161, *8 (D.D.C. June 25, 2012).

The Secretary's investigation into the 2020 election at issue here has garnered the attention of citizens across the country, and involved investigators from the Secretary's office, the GBI, and the FBI. This investigation, like all elections-related investigations, has remained confidential as required by state law until it is presented to the State Election Board for their consideration, and it is currently anticipated that this report of investigation will be presented to the State Election Board at the Board's next scheduled meeting. Following this presentation, if the matter is dismissed by the State Election Board, the investigation will be considered closed, and some documents in the investigative file belonging to the Secretary of State may be released to the public. However, in the meantime, the Secretary of State requests that the March 7, 2023 report of investigation remain confidential as required by Georgia law.  Thus, there is good cause to enter a protective order to maintain the confidentiality of the Secretary's investigations into the 2020 election.

The entry of the proposed Protective Order only addresses the production of the March 7, 2023 report of investigation. Plaintiffs' subpoena to the Secretary defined the term "Official Investigative Report" to mean "a Document or Documents cataloguing or memorializing an investigation and the findings and conclusions of an investigation by or in conjunction with the Office of the Georgia Secretary of State's Investigations Division, including any materials prepared by other entities that are included or relied on by the Office of the Georgia Secretary of State, such as Documents prepared by the Georgia Bureau of Investigations and any other federal or state law enforcement or investigative authority." However, as noted above, the Secretary does not have the authority to release documents prepared by the GBI or FBI. Furthermore, any materials prepared by the Secretary's investigative staff, prior to a determination by the State Election Board and the Secretary that this matter was now closed and the materials were open for public inspection, or any materials prepared by the GBI or the FBI and available to the Secretary for its investigative purposes would be protected from disclosure by the investigative privilege, discussed *supra*.

Furthermore, the terms of the subpoena limit responsive documents to the March 7, 2023, report of investigation, as that March 7, 2023, report is the sole document that both "catalogs or memorializes" the SEB Case No. 2020-059 and provides "the findings and conclusions" of that investigation. Counsel for the Secretary and Plaintiffs' counsel may have additional discussions regarding whether additional documents may be sought and whether a second subpoena will be issued

regarding additional documents. The Secretary reserves the right to make objections, including to assert investigative privilege, should additional documents be sought beyond the production of the March 7, 2023, report of investigation, which should be produced only subject to the proposed Protective Order.

## **CONCLUSION**

Therefore, the Secretary and Plaintiffs request that the Court enter the attached proposed Protective Order.

Respectfully submitted this 17th day of April, 2023.

        */s/ Daniel Walsh*
        Daniel Walsh
        Georgia State Bar No. 735040
        *Sr. Assistant Attorney General*
        Office of the Attorney General
        40 Capitol Square, SW
        Atlanta, Georgia 30334
        (404) 458-3558
        dwalsh@law.ga.gov

        *Counsel for the Secretary*