IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, et al., | |
| *Plaintiff,* | Civil Action No.: |
| v. | 1:21-cv-3354 |
| RUDOLPH GIULIANI, | |
| *Defendant.* | |

**PROPOSED PROTECTIVE ORDER REGARDING PRODUCTION BY NON-PARTY THE OFFICE OF THE SECRETARY OF STATE FOR THE STATE OF GEORGIA TO SUBPOENA DUCES TECUM**

The Court having found that good cause exists for issuance of an appropriately-tailored protective order governing the production of the March 7, 2023 report of investigation for SEB Case No. 2020-059 by the Office of the Secretary of State for the State of Georgia ("the Secretary") in response to a subpoena duces tecum issued by Plaintiffs, IT IS HEREBY ORDERED THAT:

**DEFINITIONS**

A.   "Party": any Party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and Counsel of Record (and their support staff).

B.   "Producing Party": the Secretary.

C.   "Receiving Party": a Party that receives Material from a Producing Party.

D. "Designating Party": the Secretary, who designates Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

E. "CONFIDENTIAL – ATTORNEYS' EYES ONLY Material" or Designated Material: Material the Designating Party believes in good faith to contain or reflect highly confidential information and is limited to the materials set forth in Section I below. CONFIDENTIAL ATTORNEY'S EYES ONLY Material shall be designated as such in the manner described in Section II.

F. "Counsel of Record": Attorneys appearing as counsel of record together with all other attorneys, clerical support staff and other legal and non-legal employees at the law firm or organization with which they are connected, and who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries.

## **TERMS AND CONDITIONS**

### **I. Designated Material**

The Designated Material subject to this Protective Order is the March 7, 2023 report of investigation for SEB Case No. 2020-059, concerning allegations of Voter Fraud in the 2020 Election in Georgia, including accusations about Ruby Freeman and/or Wandrea ArShaye ("Shaye") Moss, subpoenaed by Plaintiffs on March 10, 2023.

### **II. Procedure for Designating Materials**

The Designated Material shall be conspicuously affixed (physically or electronically) with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on

each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover). To the extent practical, the legend shall be placed on the same line or otherwise near the Bates number identifying the Material, if such material contains a Bates number. If a document has more than one designation, the more restrictive or higher designation applies.

### III.   Inadvertent Production

If the Producing Party inadvertently produces the Designated Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order or with an incorrect label or designation, the Party or non-party may promptly upon notice of the error give written notice to the Receiving Party that the Material Produced is designated CONFIDENTIAL – ATTORNEYS' EYES ONLY and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such Material in accordance with the provisions of this Protective Order. The Receiving Party must treat such Material according to its most recent designation of designated CONFIDENTIAL – ATTORNEYS' EYES ONLY from the date such timely notice is received. Within five (5) calendar days, the Producing Party must provide a properly labeled version of such Designated Material to the extent such material is required to be labeled, as set forth above. Upon receipt of a properly labeled version, the Receiving Party must destroy or return the unlabeled or undesignated, or incorrectly labeled or designated version. If, before, receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party

must inform the Designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to assure that the Material is treated in accordance with the Provisions of this Protective Order, including retrieving or destroying any copies that may have been disclosed to unqualified recipients.

### IV.   Access to the Designated Material

Unless otherwise ordered by the Court or permitted by the Designating Party, the Designated Material shall not be disclosed, directly or indirectly, to anyone except the following:

> i. The Court and its personnel; and
>
> ii. Counsel of record for each Party and those employees who are required in good faith to assist in the conduct of this litigation.

(b)   Designated Material produced and the substance and content thereof, shall be used only for the purpose of this litigation and not for any other purpose, including, without limitation, any business, commercial or political purpose, or dissemination to the media or public. Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained. If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party having knowledge of this disclosure must immediately inform the Producing Party (and if not the same person or entity, the Designating party) of all pertinent facts

relating to such disclosure and shall assist in reasonable efforts to retrieve such Material and to prevent further disclosure.

(c) Nothing in this Order prevents disclosure of Designated Material in the following situations: (i) by the Producing Party to anyone else as the Producing Party deems appropriate; (ii) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure who either authored the Designated Material or who has independently received the Designated Material other than through a means constituting a breach of this Protective Order; or (iii) to any person who is reasonably identified as currently having access to or previously having viewed the Designated Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through a means constituting a breach of this Protective Order.

**V.    Filing Under Seal**

If a party seeks to file the Designated Material that is subject to protection under this Order, that party must first take appropriate action to ensure that the Designated Material receives proper protection from public disclosure, by seeking permission from the Court to file the document under seal.

**VI.   Treatment of Documents at Hearing or Trial**

If any party includes in a pre-trial exhibit list or otherwise anticipates that it will introduce as evidence at any hearing or trial the Designated Material from the Secretary, the party must provide sufficient notice to counsel for the Secretary to

allow an opportunity for objection or to request specific procedures from the Court governing the use of such information at trial.

VII.    **Injunctive Relief**

Any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the Secretary may immediately apply to obtain injunctive relief against any such violation or threatened violation, and any respondent who is subject to the provisions of this Protective Order may not employ as a defense that movant possesses an adequate remedy at law.

VIII.   **Survival of Order**

The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public. This court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order unless this action is transferred to another forum. Any order of dismissal of this action as to any or all Parties shall include a specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party shall be subject to the personal jurisdiction of the Court for that purpose.

IX.     **Protected Material Subpoenaed or Ordered to Produce in Other Litigation**

If a Receiving Party is served with a subpoena, a court order, or other lawful process that would compel disclosure of the Designated Material, the Receiving Party must notify counsel for the Secretary in writing promptly and in no event more than

ten (10) days after receiving the subpoena, order, or other process, unless this Section conflicts with the law under which such process was issued, in which case, the Receiving Party shall abide by the notice provisions of that law, if any. Such written notification to counsel for the Secretary must include a copy of the subpoena, order, or process. The Receiving Party must also promptly inform in writing the party who caused the subpoena, order, or other process so issued that some or all of the material covered by the subpoena, order, or process is subject to this Protective Order and provide a copy of this Protective Order to that party.

## X.  Use of Designated Material in a Deposition

If Designated Materials are to be utilized in a deposition in this proceeding, such use must be in compliance with the terms of this Protective Order. The Designated Material can only be presented to a witness with prior, personal knowledge of the content of the Designated Material. To preserve the confidentiality of the Designated Material, only the witness, attorneys, and the court reporter may be present at the deposition while the witness is being questioned regarding the Designated Material.

## XI.  Designated Material That Is Made Public

Designated Material that was, is, or becomes public, not as a result of a violation of this Order, shall no longer be subject to the restrictions in the foregoing paragraphs.

It is so **ORDERED** this \_\_\_\_\_ day of _____, 2023.

_____
The Honorable Beryl A. Howell
Chief Judge, District Court for the
District of Columbia