# EXHIBIT 4

| | |
|---|---|
| **From:** | Joe Sibley |
| **To:** | Houghton-Larsen, M Annie |
| **Cc:** | Governski, Meryl Conant; Gottlieb, Michael; Knoblett, John Tyler; John Langford |
| **Subject:** | Re: Status of Giuliani Discovery |
| **Date:** | Wednesday, October 12, 2022 8:58:33 PM |

### *** EXTERNAL EMAIL ***

I have some additional documents to produce shortly once I Bates them, including the inventories of devices taken by the DOJ from Giuliani residence and law offices..  Also, I will send you a small privilege log in a little while as I only discovered a few documents that potentially pertain to Fulton County fraud/Plaintiffs and the "Giuliani Strategic Communications Plan" is not among them nor is it discussed.

This completes the review of the existing Giuliani docs.  I am going to review the documents of which Bobb was custodian tomorrow and do the same exercise.

As far as how they arrived at the number of emails, I'm not entirely sure, I am talking to them tomorrow to find out.

As to the Trump Campaign contact, it's John Zakhem.  jszakhem@jacksonkelly.com

However, I've had to cull out Giuliani privileged documents (generated as a result of his litigation) from the Trump Campaign privileged docs, so this has taken a little more time to get them the docs since I did not want to include documents that were not their privilege to claim.  They have the documents now.

On Wed, Oct 12, 2022 at 11:27 AM Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

> Thanks very much Joe.  Could you please explain how the approximately 400 documents were identified and confirm whether it includes documents from all of Mr. Giuliani's email accounts?
>
> Also, could you please send over the name and contact information of the Trump Campaign attorney and advise if there has been any further progress in understanding which documents are privileged and what attorneys were working for the campaign?

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Joe Sibley <sibley@camarasibley.com>
**Sent:** Wednesday, October 12, 2022 11:48 AM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Governski, Meryl Conant <MGovernski@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Knoblett, John Tyler <JKnoblett@willkie.com>; John Langford <john.langford@protectdemocracy.org>
**Subject:** Re: Status of Giuliani Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Thanks -- I'm still reviewing the priv docs and also the docs that were not produced (deemed non responsive to Dominion/Jan 6th requests) to ensure we didn't miss any docs that might be relevant to this case. I doubt there are, but this way we can say this entire universe was reviewed specifically for this case. I'll get you results later today for sure, there isn't a lot more to go through as well as a detailed priv log for those docs as discussed.

On Wed, Oct 12, 2022 at 6:48 AM Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

> Thanks very much Joe. We will follow up with any questions.
>
> **M.Annie Houghton-Larsen**
> **Willkie Farr & Gallagher LLP**
> 787 Seventh Avenue | New York, NY 10019-6099
> Direct: +1 212 728 8164 | Fax: +1 212 728 9164
> mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
> Pronouns: she, her, hers
>
> **From:** Joe Sibley <sibley@camarasibley.com>
> **Sent:** Tuesday, October 11, 2022 7:32 PM
> **To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
> **Cc:** Governski, Meryl Conant <MGovernski@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Knoblett, John Tyler <JKnoblett@willkie.com>; John Langford <john.langford@protectdemocracy.org>

**Subject:** Re: Status of Giuliani Discovery

*** EXTERNAL EMAIL ***

Sending docs/info responsive to this on a rolling basis as they become available.

See attached Bobb agreement with Trump Campaign.

About 400 documents have been identified in the universe of documents held by TrustPoint One that are emails that are responsive to your search hits.  I'm in the process of getting those to review for any privilege.  Whatever is not privileged we will produce.

Response to IROG 7, according to client, is complete on email addresses etc.

I am currently reviewing the privileged documents and will get you the reduced log per our discussion later tonight or in the morning.

Thx, Joe

On Tue, Oct 4, 2022 at 3:05 PM Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

> Joe,
>
> Thank you again for the productive meet and confer.  As discussed, you agreed to do the following and to provide updates to us on your progress by a week from today (10/11):
>
> 1. Re-review the privilege log and identify documents and communications directly relevant to Plaintiffs' allegations, namely claims of election fraud in Georgia, Plaintiffs (by name or reference), and the Giuliani Communications Plan.  We also discussed the lack of sufficient information in the current log to assess the priority of privileges, and

again request more details in the supplemental privilege log.

2. Amend the interrogatory responses with additional information, including to identify all of the modes of communication Mr. Giuliani used to communicate about claims of election fraud.

3. Provide a detailed explanation about your discovery vendor's suggested approach for collecting all the accounts that Mr. Giuliani used to communicate about Plaintiffs' claims (i.e. rhelen and icloud accounts, iMessage, Signal, WhatsApp) and confirmation that the approach is industry standard.

    a. Proposed time to finish collection of the same.
    b. Proposed time to apply search terms of the same.
    c. We agreed to the time period of September 1, 2020-January 21, 2022.

4. Provide us the name and email address of counsel to the Trump Campaign.

5. Produce the agreement Ms. Bobb had signed with the Trump Campaign, and amend the relevant Interrogatory to detail the relationship on which the claims of privilege are based.

As we discussed on the call, we are willing to prioritize the accounts from which Mr. Giuliani primarily communicated about the allegations in Plaintiff's Complaint, but Plaintiffs reserve all rights.

Thanks,

Annie

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164

mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Sent:** Monday, October 3, 2022 4:06 PM
**To:** 'Joe Sibley' <sibley@camarasibley.com>
**Cc:** Governski, Meryl Conant <MGovernski@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Knoblett, John Tyler <JKnoblett@willkie.com>; John Langford <john.langford@protectdemocracy.org>
**Subject:** RE: Status of Giuliani Discovery

Thanks very much Joe, looking forward to speaking tomorrow.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Joe Sibley <sibley@camarasibley.com>
**Sent:** Monday, October 3, 2022 12:23 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Governski, Meryl Conant <MGovernski@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Knoblett, John Tyler <JKnoblett@willkie.com>; John Langford <john.langford@protectdemocracy.org>
**Subject:** Re: Status of Giuliani Discovery

**\*\*\* EXTERNAL EMAIL \*\*\***

Let's have the call at 2 pm EST tomorrow.  Thanks.

On Mon, Oct 3, 2022 at 11:11 AM Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

> Joe,

We appreciate your efforts and communication. Plaintiffs have been waiting nearly two months for information regarding Mr. Giuliani's document productions and privilege log, and your response is woefully inadequate in addition to coming after repeated delays.

- May 20, 2022: Plaintiffs served their First Requests for Production and Interrogatories.
- July 6, 2022: Mr. Giuliani produced documents purportedly responsive to Plaintiffs' requests, but which, as outlined in Plaintiffs' August 5, 2022 deficiency letter, were largely non-responsive to any of Plaintiffs' requests.
- August 5, 2022: Plaintiffs sent Mr. Giuliani a deficiency letter outlining myriad discovery issues. Plaintiffs also served their Second Requests for Production and Interrogatories and First Requests for Admission. Plaintiffs also attached search terms to assist Defendant in his review and production of documents.
- September 6, 2022: I inquired by email when Mr. Giuliani would be providing (1) a detailed explanation for how he has attempted to and intends to comply with his discovery obligations, (2) a revised privilege log, and (3) documents responsive to Plaintiffs' search terms.
- September 12, 2022: You explained by email that Mr. Giuliani would provide this information by September 13, 2022. He did not.
- September 14, 2022, I wrote again asking when Plaintiffs could expect a response, including documents and a revised privilege log. You responded that you would **"provide documents and amended priv log (as well as responses to any items in your letter) no later than September 30."**

On September 30, you provided limited responses to a select few of Plaintiffs' questions. You provided no amended privilege log and no responsive documents. Throughout discovery, we have endeavored in good faith to accommodate Mr. Giuliani—granting requests for extensions and tolerating delays—but, in accordance with our duty to represent our client, we cannot sit by as Mr. Giuliani repeatedly blows through agreed-upon deadlines and fails to make good on his promises to comply with his discovery obligations, attempting to run out the discovery clock. <u>Of course, we would prefer to work this out without the intervention of the court, but the only way that will be possible now is if, by the close of business on Monday, October 17, Mr. Giuliani begins making rolling productions of documents responsive to Plaintiffs First and Second Sets of Requests for Production and provides the information necessary for Plaintiffs to understand (and potentially challenge) the privilege assertions of Mr. Giuliani's privilege log.</u>

With respect to the limited information you provided below, I offer specific responses below.

**Document Collection and Review**

- **Time Period**:  We object to Mr. Giuliani's attempt to limit his production to documents from November 2020 to April 2021.  On information and belief, we believe that evidence will show that Mr. Giuliani was a key participant in a plan to allege fraud in the 2020 Presidential election if Donald Trump were not declared the winner well before November 2020.  As alleged in the Amended Complaint, Mr. Giuliani continued to make defamatory statements about Plaintiffs until at least January 12, 2022.  In the spirit of compromise, <u>Plaintiffs will accept a limitation on Mr. Giuliani's response to Plaintiffs' requests to include only documents created, sent or received from September 1, 2020 through January 21, 2022.</u>
- **Non-user generated file:** We do not understand your description below or what these are.  Please explain further.  <u>Plaintiffs object to Defendant engaging in any culling process that would, even inadvertently, remove potentially responsive user-generated files.</u>
- **Review Time/Coordination with Other Cases:**  Mr. Giuliani's discovery obligations in this case have no relation to his discovery obligations in other cases regarding the 2020 election.  This litigation involves different plaintiffs, different defamatory statements, and different facts than the other litigations mentioned in your September 30 email to me.  Each litigation will require the application of different search terms and responsiveness reviews; to be clear, Plaintiffs are not willing to negotiate our search terms with the other plaintiffs.  Additionally, an "omnibus production" would effectively shift Mr. Giuliani's discovery costs to Plaintiffs, by forcing Plaintiffs to work through documents responsive to all plaintiffs' search terms and parameters to locate the documents responsive here.  Moreover, to the extent that the other litigations are at different stages, Plaintiffs will not accept any additional delay in this case, which is now four and a half months into discovery.  If Defendant wishes to do a single review, the burden is on him to coordinate that.  <u>Plaintiffs expect that Mr. Giuliani will begin rolling productions in two weeks from today, October 17, 2022.</u>
- **Methodology:**  Mr. Giuliani still has not provided a list of what devices, email addresses, social media accounts, and communications accounts are being searched.  For example, Defendant has not stated whether he is searching communications from Giuliani Communications LLC.  <u>Please immediately provide a list of all devices, email addresses, social media accounts, and communications accounts that Defendant is searching.</u>

**Privilege Log**

- **Trump Campaign**: Plaintiff now understands that Mr. Giuliani is in communication with counsel for the Trump Campaign.  Please promptly:

    - Provide the name and email address of the attorney representing the Trump Campaign for the purpose of determining privilege assertions;

- Provide a date certain by which Mr. Giuliani will provide a list of all attorneys working for the Trump Campaign for whom he is asserting the attorney client privilege or other privileges and, for each such person, please state who you believe to be the holder of the privilege – whether Mr. Trump, the Trump campaign (in which case please give the legal name of the pertinent organization and identify the form of organization and the jurisdiction it was established) or anyone else you believe to be a holder of any such privilege;
- Provide a date certain by which Mr. Giuliani will state whether the Trump Campaign is continuing to assert privilege over these documents; and
- For each withheld or redacted document, provide whose privilege is being asserted.

- **Ms. Bobb:** Please provide the dates when Ms. Bobb worked for Mr. Giuliani's law firm and documents sufficient to show her employment for Mr. Giuliani's firm.

I am available to meet and confer Tuesday October 4th 9:00AM-3PM EST.

Thank you,

Annie

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Joe Sibley <sibley@camarasibley.com>
**Sent:** Friday, September 30, 2022 7:08 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Knoblett, John Tyler <JKnoblett@willkie.com>; John Langford <john.langford@protectdemocracy.org>
**Subject:** Status of Giuliani Discovery

*** EXTERNAL EMAIL ***

Annie:

The following is the status of addressing the discovery issues you have raised in correspondence:

**Repositories of Documents from DOJ Seizure/Issues with Review Production of Search Terms**

The data collected from these devices is reposited with TrustPoint One.

After providing your search terms to them, there were over 50,000 documents. Because this data goes back many years, we limited the search from Nov 2020 to when the devices were seized in April 2021.  This resulted in a reduction to 18,000 documents.  Because the DOJ seized all the data--including operating files/applications--many of these hits will be "non user generated files" meaning that they aren't emails or other documents that would be relevant because they weren't created by Rudy or some other person, but are background applications/files.  There is a way to exclude the "non user generated files" but it is not 100% certain that this culling process would not also exclude user-generated files.

So these 18K documents will take several weeks to be reviewed by a team of 7-10 reviewers to be reviewed for privilege. This is also going to be an expensive process, which leads to another issue.  There are, as you know, several pieces of litigation involving election-related statements/information.  We would like to have this review of the documents with TrustPoint to be done only one time.  And therefore, we would like to get all of the search terms from Smartmatic, Dominion, Coomer, and other other cases so that Mr. Giuliani does not have to pay for multiple reviews as this will require multiple reviewers to do in a timely fashion.  I would like a week or so to collect search terms from other litigants to effectuate this process.  Then, we can make a production of the reviewed documents in accordance with your search terms, or an omnibus production along with a privilege log of those documents.

As far as the "damaged" documents, according to the people at TrustPoint, these involve the "non user created" background files.  I don't believe the user created (relevant) files will suffer from this issue.

I believe this answers most of the first question you posed in your Sept 6th email as to locations of docs, vendor, methodology.  As for the social media accounts, etc., I'm not aware of anything that you don't already have since they were publicly posted.  I will stress to the client that any messaging etc thru those accounts needs to be searched for responsive documents to the issues in this and other litigation.

**Privilege Log Issues**

There are two sets of privilege log issues.  One is Mr. Giuliani asserting privilege asserting privilege over his former clients' documents (Trump Campaign).  The other are privilege assertions related to Mr. Giuliani's representation in the lawsuits brought against him.

The overwhelming majority are the former.  I do not feel comfortable attempting to provide more detailed information on the multitude of people involved in the Trump Campaign litigation at this point because .  Also, there have been disclosures of so many documents by so many different people that it is unclear to me whether some of the documents we asserted privilege on are, in fact, still privileged.  Therefore, I am sending those documents to the Trump Campaign's counsel to allow them to determine whether they will maintain privilege and, if so, to provide as much additional information as possible.  They should be able to do so within a couple of weeks.  If they do not assert privilege on certain documents, then we will produce the documents.

As for the Giuliani-specific privileged documents, I believe I have already told you that Judges Kamins and Leventhal are Mr. Giuliani's counsel in the Bar grievance proceedings.  "TruthandJustice4U@protonmail.com" is the email that Mr. Giuliani began using after the DOJ seizure in April 2021.  Ms. Ryan is an assistant at Mr. Giuliani's law practice and Ms. Zafonte is his former assistant.  Ms. Bobb was an attorney who worked for Mr. Giuliani's firm in the connection with the Election Litigation for the Trump Campaign.  Communications with these parties were for the purpose of collecting documents and information regarding the litigations involving Mr. Giuliani.

**Call Next Week**

Please let me know when you are available for a call next Tu, W, or Th to discuss these issues and other issues pertinent to the case.

> Best regards,
>
> Joe
>
> ---
>
> **Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.