# EXHIBIT 11

**Governski, Meryl Conant**

| | |
|---|---|
| **From:** | Joe Sibley <sibley@camarasibley.com> |
| **Sent:** | Thursday, March 30, 2023 11:01 PM |
| **To:** | John Langford |
| **Cc:** | Gottlieb, Michael; Governski, Meryl Conant; Houghton-Larsen, M Annie; Von DuBose |
| **Subject:** | Re: Records from Giuliani Communications, LLC & Giuliani Partners, LLC |
| **Attachments:** | GiulianiSocialMedia.pdf; MossIROG(Answers)(Fifth).pdf; MossIROG(Answers) (fourth).pdf; MossIROG(Answers)(third)(supplement).pdf; MossIROG(Answers)(Second) (supplemental).pdf; MossIROG(Answers)(amended)(supplemental).pdf; MOSSVERIFICATION(Omnibus).pdf |

**\*\*\* EXTERNAL EMAIL \*\*\***

John/other counsel,

See attached supplemental production consisting of the social media messages that Giuliani reports to have found responsive to Plaintiffs' requests.

The full links (hidden in the screenshot) are:

https://saraacarter.com/former-flynn-defense-counsel-covington-and-burling-just-now-found-additional-docs-in-flynn-file/

https://twitter.com/SidneyPowell1/status/1323837431234351106?t=K0iSYG9Hmsn4oX9GLaJ_Rw&s=19

As for your issues pertaining to the entities, there is no email address or website for Giuliani Communication as I understand it.

The only remaining employee with a Giuliani partners email appears to be Maria Ryan, who you subpoenaed.

Any employee who was terminated in the past, they no longer have access to.  However, whatever emails were sent to Giuliani would have been included in the TrustPoint search.

As for the new devices, Giuliani reports that he has conducted searches pursuant to the search terms for RFP sets 1 and 2 and has no non-privileged responsive documents.  All of the responsive documents that are privileged were created as a result of the instant litigation.

Giuliani also reports he does not have phone records, but will execute whatever release is necessary to obtain the phone records.

Giuliani stands on his objections to RFP set 4.

Finally, the TrustPoint documents have been archived.  Giuliani will have to pay considerable fees to have the documents unarchived and searched for additional files (and it does not appear the original seized devices are searchable or contain the data any longer).  Given the paucity of his text messages and other messaging, he is requesting that Plaintiffs pay for any further searches on this data.

The interrogatory answers as supplemented are attached as well as a verification.

-- Joe

On Wed, Mar 29, 2023 at 4:21 PM John Langford <john.langford@protectdemocracy.org> wrote:

Joe,

Ahead of your production tomorrow, I am writing to confirm whether the documents you've collected and searched include all relevant documents from Giuliani Communications, LLC and Giuliani Partners, LLC. Our understanding is that your client has possession, custody, or control of those documents and is, therefore, obligated to produce any documents contained in those business files (including in his email addresses with either entities) pursuant to the Court's order. If that is wrong, we are prepared to serve subpoenas on both entities to ensure that those records are also captured.

Thank you,

John

--
John Langford
Counsel, Protect Democracy
john.langford@protectdemocracy.org | (919) 619-9819



←  Sidney Powell 🇺🇸⚖️... ⓘ



Sidney Powell 🇺🇸⚖️🚜🚚 Attorney & Author ✔
@SidneyPowell1

[DefendingTheRepublic.org/Author](DefendingTheRepublic.org/Author)
of LICENSED TO LIE-Exposing

966K Followers

---

December 03, 2019

encourage you to read
this thread [twitter.com/](twitter.com/)
[RoscoeBDavis1/...](RoscoeBDavis1/...)

9:11 PM

---

April 08, 2020

Sidney Powell...    08 Apr 20

Mr. President, #AOC plus 3
would vote for the donkey itself!
#Biden



5:25 PM

---

April 09, 2020

Sara A. Carter ✔    09 Apr 20

Former Flynn Defense Counsel
Covington and Burling 'just now
found additional docs' In Flynn
File - Sara A. Carter

"We are really looking forward to
a hearing in court on all the
issues that will exonerate
General Flynn," @SidneyPowell1



saraacarter.com
Former Flynn Defense Counsel
Covington and Burling 'just n...

4:19 PM

[twitter.com/](twitter.com/)
[BoumtjeBoumtje...](BoumtjeBoumtje...)

4:41 PM

--- 1 unread message ---

November 03, 2020

[twitter.com/SidneyPowell1/...](twitter.com/SidneyPowell1/...)

11:01 PM ↻

 Start a message ➤

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

                Plaintiffs,

                v.

RUDOLPH W. GIULIANI,

                Defendants.

Civil Action No. 21-3354 (BAH)

Chief Judge Beryl A. Howell

## SUPPLEMENTAL ANSWERS TO FIRST SET OF INTERROGATORIES

    Defendant serves his Supplemental Answers to First Set of Interrogatories as follows:

## INTERROGATORY NO. 1:

Identify and describe in detail all evidence on which You relied to support any and all Statements attributed to You in the Complaint, including but not limited to evidence that Plaintiffs engaged in any form of election fraud or illegal conduct during the 2020 Presidential Election, and the attempts, if any, You took to examine or independently confirm the veracity of such evidence.

## ANSWER:

Defendant objects to this Interrogatory as overly broad and calling for a narrative answer.

Defendant reviewed the video of Plaintiffs in Fulton County that is referenced in the Complaint.

Defendant also became aware of stories circulating that Plaintiff Freeman had been arrested on allegations relating to voter fraud.

Defendant reserves the right to supplement the answer to this Interrogatory.

## AMENDED ANSWER:

Defendant reviewed the videos of Plaintiffs in Fulton County that are referenced in the Complaint and other videos of Plaintiffs' election-related activities, which speak for themselves.  The Statements attributed to

Defendant in the Complaint, as they relate to the video footage, are Defendants subjective interpretation and opinion regarding what the video footage shows and is, therefore, an opinion based on disclosed facts. Defendant also became aware of stories circulating that Plaintiff Freeman had been arrested on allegations relating to voter fraud and several publications that agreed with his subjective interpretation of the video. Defendant does not recall any further specifics but reserves the right to supplement if his recollection is refreshed.

**SUPPLEMENTAL ANSWER:**

Defendant may have also relied on information from Bernard Kerik as to Plaintiffs' backgrounds and arrest records over the phone as discussed in his deposition.  Defendant also relied on interviews with GOP election observers and recalls seeing their affidavit/declaration testimony as discussed in his deposition.

**INTERROGATORY NO. 2:**

Identify and describe in detail all evidence of which You are or have been aware that contradicted and/or discredited the Statements attributed to You in the Complaint, and provide details regarding the attempts, if any, You took to examine such evidence. Your answer to this Interrogatory should specifically address, but not be limited to, whether and how You considered: statements by the Georgia Bureau of Investigation; statements by Voting Implementation Manager for the State of Georgia, Gabriel Sterling; the Watson Affidavit; and the December 7, 2020 recertification of Joe Biden's victory in Georgia; the articles and publications by Lead Stories, PolitiFact, and Georgia Public Broadcasting referenced in the Complaint; the January 12, 2021, report by Mr. Carter Join, State Election Board Report – Post-Election Executive Summary, Seven Hills Strategies (Jan. 12, 2021), https://perma.cc/7U3Z-DX2J; the decision in In re Giuliani, 197 A.D.3d 1, 146 N.Y.S.3d 266 (1st Dep't 2021); the May 5, 2021, deposition of James Calloway in *Jeffords v. Fulton County*, No. 2020-cv-343938 (Ga. Super. Ct. May 5, 2021), available at https://perma.cc/PYU3-G5K4; the Georgia Secretary of State's October 12, 2021, filing in *Favorito v. Wan*, No. 2020-cv-343938 (Ga. Super. Ct. Oct. 12, 2021) and the exhibits thereto, available at https://perma.cc/PYU3-G5K4; and statements by former Attorney General William Barr in One Damn

Thing After Another: Memoirs of an Attorney General (2022) or otherwise made by Mr. Barr around the book's publication concerning the Statements.

**ANSWER:**

Defendant objects to this Interrogatory as assuming facts not in evidence.  An interrogatory cannot create a "reading list" for Defendant.  Defendant eventually became aware of claims that his statements regarding Plaintiffs were disputed but he does not have a specific recollection of what documents/evidenced he reviewed to this effect or when this occurred.  Defendant interviewed John Solomon—over a year after the original event in question—who indicated that he did not agree with the veracity of certain allegations in Defendants' statements regarding Plaintiffs.

**AMENDED ANSWER:**

Defendant objects to this Interrogatory as assuming facts not in evidence, namely that the answer "should include" a discussion of materials for which a predicate has not been laid.  The interrogatory seeks to answer its own question by volunteering a reading list.

Subject to, and without waiving these objections, Defendant eventually became aware of claims that his statements regarding Plaintiffs were disputed but he does not have a specific recollection of what documents/evidenced he reviewed to this effect or when this occurred.

Defendant is aware of allegedly contradictory evidence in the Complaint and in this Interrogatory but has not undertaken to review such materials.

Defendant also interviewed John Solomon—over a year after the original event in question—who indicated that he did not agree with the veracity of certain allegations in Defendants' statements regarding Plaintiffs, but Solomon did agree that protocols were not properly followed such as closing the vote counting to the public.


**INTERROGATORY NO. 3:**

Identify and describe in detail any conversations You had, participated in, or are aware of with former President Donald J. Trump or members of the Trump Campaign regarding Plaintiffs.

**ANSWER:**

Defendant does not have a specific recollection of conversations regarding Plaintiffs with former President Trump.   Defendant does not have specific recollection of conversations with the Trump Campaign regarding Plaintiffs but does not deny that conversations must have occurred at some level because the video of Plaintiffs counting ballots was utilized in various proceedings in which Defendant represented the Trump Campaign.

**AMENDED ANSWER:**

Defendant does not have a specific recollection of conversations regarding Plaintiffs with former President Trump but believes that there may have been discussions regarding the videos in which Plaintiffs appear. Should Defendant's recollection be refreshed on this subjection matter, this would be protected by attorney-client privilege.   Defendant also does not have specific recollection of conversations with the Trump Campaign regarding Plaintiffs but does not deny that conversations must have occurred at some level because the video of Plaintiffs counting ballots was utilized in various proceedings in which Defendant represented the Trump Campaign.   However, once again, to the Defendant's recollection be refreshed on this subjection matter, this would be protected by attorney-client privilege.


**SUPPLEMENTAL ANSWER:**

Defendant generally recalls that he was made aware of the existence of a video the night before the hearing before the Georgia Senate Election Hearing on December 3, 2020.  Defendant did not see the video until it was played at the hearing.  Defendant generally recalls that after the hearing he was shown what he believes was the same video shown in the hearing room (and some additional segments showing what appeared to be thumb drives being passed and were described that way by the people in the viewing room) in the presence of Jackie Pick, William Smith, Burt Jones, unknown Burt Jones associates, and unknown GOP operatives who were present in Atlanta, GA when he reviewed the videos. See also Deposition Transcript testimony.  Defendant does not recall the specifics of the conversations.  These conversations would not be

4

privileged because they were not in anticipation of litigation.  Defendant does not recall the specific videos he watched.

**INTERROGATORY NO. 4:**

Describe in detail the Giuliani Communications Plan, including but not limited to its formation, its author(s), all of the individuals identified as members of the "Giuliani Presidential Legal Defense Team" and/or the "Giuliani Team," all of the individua ls identified as "Key Team Members," whether or not listed by name or acronym, including but not limited to "BK," "KF," "SB," "BE," "CR," "SP," "TF," "PW," "Media Advisors," "Serrano Public Relations Team," "Research Team," "Tech Team," "Peter Navarro Team," "Local Legal Teams in AZ, GA, MI, NV, PA, WI," the "Identified Legislative Leaders in each swing state," and the "Freedom Caucus Members," the basis or facts supporting the "Voter Fraud Highlights" for the State of Georgia listed on pages 9, 10, and 11 of the Giuliani Communications Plan, the basis or facts supporting the "Suitcase Gate" and "Water Leak" "Fraud Incidents" listed on pages 20 and 21 of the Giuliani Communications Plan, and all individuals You are aware were intended to receive copies of the Giuliani Communications Plan and/or who were intended to assist in its implementation..

**ANSWER:**

Defendant objects to this Interrogatory because it seeks information regarding a document that Defendant is not the author of.  Defendant does not have personal knowledge of the questions asked by this Interrogatory.  Subject to and without waiving these objections, Defendant will supplement this answer with non-personal knowledge as he further looks into the document as discovery progresses.

**AMENDED ANSWER:**

Defendant objects to this Interrogatory because it seeks information regarding a document that Defendant is not the author of.  Defendant does not have personal knowledge of the questions asked by this Interrogatory.

Subject to and without waiving these objections, Defendant has learned that this document was authored by Katherine Friess.  Defendant was not involved in the creation of the document.  Defendant did not

5

approve the document or the proposals/statements therein.  Defendant did not approve his name being used in connection with the document.  Defendant does not even recall specifically seeing the document in the 2020-time frame.  Defendant was aware that Friess wanted to make a proposal to implement the substance of the document to the White House but did not support the plan in its particulars or support it.  In short, it was Defendant's opinion that the White House would not fund the proposal.  Defendant had nothing to do with the preparation or creation of the document.

**INTERROGATORY NO. 5:**

Identify and describe in detail all individuals with whom you have ever discussed either of the Plaintiffs and describe what You said about the Plaintiffs in these conversations.

**ANSWER:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome.  Other than the statements itemized in Plaintiff's Complaint, which speak for themselves as to what was said and who they were said to, Plaintiff does not have a specific recollection of discussing Plaintiffs with any particular individuals.

**SUPPLEMENTAL ANSWER:**

Defendant generally recalls that he was made aware of the existence of a video the night before the hearing before the Georgia Senate Election Hearing on December 3, 2020.  Defendant did not see the video until it was played at the hearing.  Defendant generally recalls that after the hearing he was shown what he believes was the same video shown in the hearing room (possibly some additional segments) in the presence of Jackie Pick, William Smith, Burt Jones, unknown Burt Jones associates, and unknown GOP operatives who were present in Atlanta, GA when he reviewed the videos. See also Deposition Transcript testimony. Defendant does not recall the specifics of the conversations.  These conversations would not be privileged because they were not in anticipation of litigation.

**INTERROGATORY NO. 6:**

Describe in detail Your role, official or unofficial, with the Trump Campaign and/or any engagement you had or continue to have with former President Donald J. Trump from November 3, 2020 to the Present, at the time you made each of the various Statements about Plaintiffs described in Paragraphs 57–101 of the Complaint.  If Your role with the Trump Campaign and/or your engagement with former President Donald J. Trump changed or varied over this time period, describe in detail the exact dates on which your role and/or engagement started, ended, or changed.

**ANSWER:**

Defendant served as head of the Trump Campaign's legal team shortly after the 2020 Election and remained involved in that position until January 2021 when the legal challenges to the election reached their conclusion.  Defendant has also served as personal legal advisor to former President Trump on and off throughout the years and did so in the 2020-21 timeframe on miscellaneous matters.

Respectfully submitted,

By: */s/ Joseph D. Sibley IV*

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone:  (713) 966-6789
Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2023, I served the foregoing via email.


_/s/ Joseph D. Sibley IV_____
Joseph D. Sibley IV

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

                Plaintiffs,

                v.

RUDOLPH W. GIULIANI,

                Defendants.

Civil Action No. 21-3354 (BAH)

Chief Judge Beryl A. Howell

### ANSWERS TO FIFTH SET OF INTERROGATORIES

       Defendant serves his answers to the Fifth Set of Interrogatories as follows:

**AMENDED INTERROGATORY NO. 21:**

Identify the specific video or videos that You viewed in or around December 2020 which formed the basis for Your Claims Relating to Plaintiffs passing a USB or thumb drive. Describe in detail when You viewed the video or videos, including the time frame, Your physical location, who was with You, and the specific information that each individual provided to You, including but not limited to as described in Your Deposition testimony at Tr. 184:11-16; 186:11-187:18; 193:16-195:23; 195:24-196:2; 220:5-220:23.

**ANSWER:**

Defendant generally recalls that he was made aware of the existence of a video the night before the hearing before the Georgia Senate Election Hearing on December 3, 2020.  Defendant did not see the video until it was played at the hearing.  Defendant generally recalls that after the hearing he was shown what he believes was the same video shown in the hearing room (and some additional segments showing what appeared to be thumb drives being passed and were described that way by the people in the viewing room) in the presence of Jackie Pick, William Smith, Burt Jones, unknown Burt Jones associates, and unknown GOP operatives who were present in Atlanta, GA when he reviewed the videos. See also Deposition Transcript

testimony.  Defendant does not recall the specifics of the conversations.  These conversations would not be privileged because they were not in anticipation of litigation.  Defendant does not recall the specific videos he watched.

**INTERROGATORY NO. 23:**

Describe in detail what "conflicting information" You were aware of before You made the Actionable Statements at ¶¶ 66, 69, 80, 88, 91, of the Complaint. (Tr. 108:8-109:14.)

**ANSWER:**

Defendant objects to this interrogatory's definition of "Actionable Statements" and does not concede any statements are actionable.   Defendant does not have a specific recollection of information that conflicted with his statements that Plaintiffs complain of, but generally recalls that it came from the office of Gov. Kemp and Sec. Raffensperger and from various media reports.

**INTERROGATORY NO. 24:**

Identify and Describe what You were referring to when You testified during Your deposition that, "what I remember seeing is the ballots being put in multiple times and then – then another ballot would be put in and then sometime later, maybe three, four, five ballot later, it would be done again. It wasn't done all the time, It was done almost on a sporadic basis," this includes but is not limited to, the specific video watched, the date, where You were located, who was present, and what was said. (Tr. at 404:8-405:4.)

**ANSWER:**

Defendant generally recalls that he was made aware of the existence of a video the night before the hearing before the Georgia Senate Election Hearing on December 3, 2020.  Defendant did not see the video until it was played at the hearing.  Defendant generally recalls that after the hearing he was shown what he believes was the same video shown in the hearing room (and some additional segments showing what appeared to be thumb drives being passed and were described that way by the people in the viewing room) in the presence of Jackie Pick, William Smith, Burt Jones, unknown Burt Jones associates, and unknown GOP

operatives who were present in Atlanta, GA when he reviewed the videos. See also Deposition Transcript

testimony.  Defendant does not recall the specifics of the conversations.  These conversations would not be

privileged because they were not in anticipation of litigation.  Defendant does not recall the specific videos

he watched.  Defendant was generally referring to his opinion that the video appeared to show Plaintiffs

and others counting votes multiple times by placing the same ballot in the counting machine multiple times.

**INTERROGATORY NO. 25:**

Describe in detail all the information that Cleta Mitchell provided to You that You relied on to support any

and all Statements attributed to You in the Complaint. (See Tr. 273:5-12.)

**ANSWER:**

Defendant does not have a specific recollection of Cleta Mitchell providing any information that he relied

on with respect to statements made that Plaintiffs complain of in this suit.

**INTERROGATORY NO. 26:**

Describe in detail and identify all Communications that You have had from November 2020 to present with

Katherine Friess Relating To Plaintiffs. This should include the date and medium of Communications.

**ANSWER:**

Defendant does not have a specific recollection of Katherine Friess providing any information that he relied

on with respect to statements made that Plaintiffs complain of in this suit.

**INTERROGATORY NO. 27:**

Identify and Describe the individuals and specific information You were referring to when You testified at

Your Deposition, "Based on my experts." (Tr. at 422:10-21.)

**ANSWER:**

Defendant was referring to information provided by Phil Waldron and Bryan Geels.  Defendant does not recall the specific information other than that it contradicted the information provided by Mr. Sterling as discussed in the deposition.

**INTERROGATORY NO. 28:**

Describe in detail and Identify all Communications that You have had from November 2020 to present with Christina Bobb Relating To Plaintiffs. This should include the date and medium of Communications.

**ANSWER:**

Defendant does not have a specific recollection of Christina Bobb providing any information that he relied on with respect to statements made that Plaintiffs complain of in this suit.  Defendant also is not aware of Ms. Bobb being involved in Georgia 2020 Election issues.

Respectfully submitted,

By: */s/ Joseph D. Sibley IV*

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone:  (713) 966-6789
Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2023, I served the foregoing via email.

_/s/ Joseph D. Sibley IV_____
Joseph D. Sibley IV

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

     Plaintiffs,

     v.

RUDOLPH W. GIULIANI,

     Defendants.

Civil Action No. 21-3354 (BAH)

Chief Judge Beryl A. Howell

## <u>ANSWERS TO FOURTH SET OF INTERROGATORIES</u>

  Defendant serves his answers to the Fourth Set of Interrogatories as follows:

**<u>INTERROGATORY NO. 21:</u>**

Identify the specific video or videos that You viewed in and around December 2020 which formed the basis of Your Claims Relating to Plaintiffs passing a thumb drive. Describe in detail when You viewed the video or videos, including the time frame, Your physical location, and who was present with You.

**<u>ANSWER:</u>**

Plaintiffs have amended this interrogatory and Defendant has answered it in his answers to the Fifth Set of Interrogatories.

**<u>INTERROGATORY NO. 22:</u>**

Describe in detail and identify all Communications that You have had from November 2020 to present with Bernard Kerik Relating To Plaintiffs. This should include the date and medium of Communications.

**<u>ANSWER:</u>**

Defendant does not recall the specific dates and substance of the communications.  Defendant refers Plaintiffs to his deposition transcript at 239:2-24; 249:15-250:12; 252:11-253:21.

Respectfully submitted,

By: */s/ Joseph D. Sibley IV*

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone:  (713) 966-6789
Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2023, I served the foregoing via email.

*/s/ Joseph D. Sibley IV*
Joseph D. Sibley IV

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendants. | |

## SUPPLEMENTAL ANSWERS
## TO SECOND SET OF INTERROGATORIES

Defendant serves his Supplemental Answers to Second Set of Interrogatories as follows:

**INTERROGATORY NO. 7:**

Identify and Describe in detail all devices, e-mail accounts, Social Media aliases, and any other messaging or communications platform from which You received or sent Communications about any allegations of fraud in relation to the 2020 Presidential Election, including, but not limited to, in the State of Georgia.

**ANSWER:**

Defendant objects to this Interrogatory as overly broad and unduly burdensome in that it asks for "devices". Defendant cannot recall every device used.  Subject to and without waiving these objections, Defendant will produce an inventory of electronic devices used during the relevant time frame.  As for the remainder, Defendant responds as follows:

https://www.youtube.com/c/RudyWGiuliani

https://www.facebook.com/realrudygiuliani/

https://rumble.com/user/TheRudyGiuliani

https://twitter.com/RudyGiuliani

rudolphgiuliani@icloud.com

rhelen0528@gmail.com

Defendant reserves the right to supplement the answer to this Interrogatory.

**SUPPLEMENTAL ANSWER:**

Defendant refers Plaintiffs to the inventory of electronic devices previously produced.  Defendant utilized desk top computers, laptops, iPad, and cell phones, all of which were part of the DOJ seizure and the files of which were put on the TrustPoint server.

**INTERROGATORY NO. 8:**

Describe in detail how the January 2, 2021 phone call between Donald Trump and Georgia Secretary of State Brad Raffensperger came about, Your involvement in the preparation for that phone call, Your participation in that phone call, and Identify any and all participants on that phone call, and Describe the content of any discussions about and following the phone call.

**ANSWER:**

Defendant objects to this interrogatory as calling for potentially privileged information in that it asks for potentially attorney-client privileged discussions between Defendant and Trump.  Subject to and without waiving these objections, Defendant has no knowledge of how the phone call came about, was not involved with or on the call, and does not have a recollection of any discussions following the call with any person.

**SUPPLEMENTAL ANSWER:**

Defendant does not recall any conversations with President Trump before or shortly after the call, however, they would have been privileged had they occurred.  However, his recollection has been refreshed that some time after the call, up until the present, he has had both privileged and non-privileged conversations (such as casual conversations about items in the press) regarding the call.  However, he does not remember the specific details.

2

**INTERROGATORY NO. 9:**

Describe in detail how the January 6, 2021 speech given by Donald Trump on the Ellipse

came about, Your involvement in the preparation for that speech, Your participation in that speech,

Identify any and all participants involved in the preparation for that speech, and Describe the content

of any discussions about and following the speech.

**ANSWER:**

Defendant objects to this interrogatory as calling for potentially privileged information in that it asks for

potentially attorney-client privileged discussions between Defendant and Trump.  Subject to and without

waiving these objections, Defendant has no knowledge of how the speech came about, was not involved

with the speech, and does not have personal knowledge of who was.  Defendant also does not have a specific recollection of any discussions about and or following the speech as Defendant left the event at the Ellipse early and prior the conclusion of President Trump's speech.

**INTERROGATORY NO. 10:**

Identify and Describe in detail any and all individuals who served as counsel to the Trump Campaign and/or Donald J. Trump in his personal capacity as that representation related or relates to Claims of Election Fraud during the 2020 Presidential Election.

**ANSWER:**

Defendant does not recall in detail every and all individuals who served as counsel to the Trump Campaign and/or Donald J. Trump in his personal capacity as that representation related or relates to Claims of Election Fraud during the 2020 Presidential Election.  Defendant refers Plaintiffs to the privilege log previously produced that catalogues attorneys and firms.

**SUPPLEMENTAL ANSWER:**

Defendant recalls Jenna Ellis, Victoria Toensing, Boris Epshteyn, Christina Bobb, William Smith, Ray Smith served as counsel to the Trump Campaign and/or Donald J. Trump.

Respectfully submitted,

By: */s/ Joseph D. Sibley IV*

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone:  (713) 966-6789

4

Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March, 2023, I served the foregoing via email.

<p style="padding-left: 40%;"><u>/s/ Joseph D. Sibley IV</u><br>Joseph D. Sibley IV</p>

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

              Plaintiffs,

              v.

RUDOLPH W. GIULIANI,

              Defendants.

Civil Action No. 21-3354 (BAH)

Chief Judge Beryl A. Howell

## SUPPLEMENTAL ANSWERS TO THIRD SET OF INTERROGATORIES

Defendant serves his supplemental answers to the Third Set of Interrogatories as follows:

**INTERROGATORY NO. 11:**

Describe in detail how You came learn about the State Farm Arena Surveillance Footage and Your involvement in the use of the Surveillance Footage being played and narrated by Trump Campaign volunteer Jacki Pick played during the Georgia Senate Election Hearing on December 3, 2020. Your answer to this Interrogatory should include, but not be limited to, details regarding the phone conversation You or individuals at Your direction had with Ms. Pick in advance of the December 3 hearing.

**ANSWER:**

Defendant objects to this Interrogatory as calling for potentially revealing attorney-client privileged information. Subject to and without waiving these objections, Defendant generally recalls that he was made aware of the video the night before the hearing before the Georgia Senate Election Hearing on December 3, 2020. Defendant had no involvement with creation or editing of the video.

**INTERROGATORY NO. 12:**

Identify all individuals with whom You ever worked with, oversaw, or assisted in connection with the obtaining, editing, analyzing, and/or dissemination of the Surveillance Footage and/or Trump Edited Video, and describe in detail the conversations You had with these individuals about the same.

**ANSWER:**

Defendant objects to this interrogatory as calling for potentially privileged information in that it asks for potentially attorney-client privileged discussions.  Subject to and without waiving these objections, Defendant generally recalls that he was made aware of the video the night before the hearing before the Georgia Senate Election Hearing on December 3, 2020.  Defendant had no involvement with creation or editing of the video.

**INTERROGATORY NO. 13:**

Describe in detail all of the steps and actions You took to investigate the veracity of Your Claims regarding Plaintiffs as detailed in the Actionable Statements.

**ANSWER:**

Defendant objects to this interrogatory's use of the term "Actionable Statement" as being a legal conclusion. Subject to and without waiving this objection, Defendant reviewed the video footage, familiarized himself with witness testimony of observers who were excluded from participating in observing Freeman and Moss, and became aware of election law in Georgia with respect to same.

**INTERROGATORY NO. 14:**

Describe in detail how Your interviews with OAN described in

the Amended Complaint at ¶¶ 71-73, 89, 90-93, 94-95, and 96-97 came to happen, including how

they were arranged, scheduled, and planned. Your answer to this Interrogatory should include,

but not be limited to, details regarding all forms of Communication used in connection with

arranging, scheduling, and planning the interviews, all individuals You communicated with in

connection with the arranging, scheduling, and planning the interviews, and pre-interview and post

interview discussions about the content of the interviews, including the topics to be discussed, questions to be asked, and answers to be given.

**ANSWER:**

Defendant does not and cannot recall in detail every interaction with OAN or requests for interviews. Defendant utilized Christiane Allen, whose documents have been previously produced, to arrange for such interviews.  Defendant has no independent recollection.

**INTERROGATORY NO. 15:**

Identify the specific dates by which You learned of each of the events that occurred in December 2020 as described in ¶¶ 40-56 of the Amended Complaint: the December 3, 2020 "fact check" by Lead Stories (as described at ¶ 42 of the Amended Complaint); the December 4, 2020 tweet by Voting Implementation Manager for the State of Georgia, Gabriel Sterling (as described at ¶¶ 41-42 of the Amended Complaint); the December 4, 2020 Georgia Public Broadcasting article fact checking the election fraud claims (as described at ¶ 43 of the Amended Complaint); the December 4, 2020 statement by Voting Implementation Manager for the State of Georgia on Newsmax (as described in ¶ 44 of the Amended Complaint); the December 4, 2020 PolitiFact "fact check" (as described at ¶ 45 of the Amended Complaint); the sworn affidavit from Francis Waston filed on December 6, 2020 (as described at ¶¶ 47-48 of the Amended Complaint); Georgia Secretary of State Brad Raffensperger's press conference on December 7, 2020 re-certifying Joe Biden's victory in Georgia (as described at ¶ 49 of the Amended Complaint); the statements by Mr. Sterling at the same December 7, 2020 press conference (as described at ¶¶ 49-51 of the Amended Complaint); and the Secure the Vote timeline published at or before December 30, 2020 (as described at ¶ 54 of the Complaint).

**ANSWER:**

Defendant does not and cannot recall in detail the specific date he learned of or became aware of these events.

3

**INTERROGATORY NO. 16:**

Describe in detail Your knowledge of the Giuliani

Communications Plan, including but not limited to the exact date when you learned of it, the details

regarding when you learned about it, who told you about it, and all of the individuals with whom

you have spoken about it.

**ANSWER:**

Defendant was not aware of this document during the relevant time frame.  Defendant does not recall seeing

the document until Plaintiff raised it in this lawsuit.  Based on the formatting of the document, Defendant

believes it was authored or created by Katherine Friess.


**INTERROGATORY NO. 17:**

Explain in detail what you were referring to in the following

tweets (located at https://twitter.com/RudyGiuliani/status/1336503092238487554 and

https://twitter.com/RudyGiuliani/status/1336754076084744193) that You published on

December 8, 2020 and December 9, 2020 when you referred to "The Gov., Lt. Gov., Sec't of State

and Legislature are submitting a statement they know is false" and that the "Republicans are

covering up for them."

**ANSWER:**

Defendant is expressing his opinion that the video evidence demonstrates wrongful exclusion of observers

and suspicious behavior of the election workers that appears to him to be voter fraud and disagrees with the

position of other members of Republican leadership.


**INTERROGATORY NO. 18:**

Quantify and explain viewing metrics for all of Your Actionable

Statements on Social Media from the date of original publication through today, including reach,

count, page visits, posts, shares, time spent, and impressions.

4

**ANSWER:**

Defendant objects that this Interrogatory calls for expert testimony that he is not qualified to give.  Subject to and without waiving these objections, Defendant will attempt to collect data on these items and provide to Plaintiffs at a later date.

**SUPPLEMENTAL ANSWER:**

Defendant has attempted to locate this data, but it is beyond his level of expertise and he is unaware of how to obtain this information.

**INTERROGATORY NO. 19:**

Explain in detail what You meant in Your amended answer to

Interrogatory No. 2 when you said "Defendant is aware of allegedly contradictory evidence in the Complaint and in this Interrogatory but has not undertaken to review such materials." Your answer to this Interrogatory should include, but not be limited to, the specific contradictory evidence in the Complaint and in Interrogatory No. 2 that You are aware of, the dates on which You first became aware of that contradictory evidence, and what you meant by "has not undertaken to review such materials."

**ANSWER:**

Defendant simply meant that Interrogatory No. 2 and the Complaint referenced articles that contradicted his opinions in the Claims.  As indicated elsewhere, Defendant does not recall the specific dates he became aware of these materials or when he read them.

**INTERROGATORY NO. 20:**

Explain in detail all the evidence You obtained and/or learned of

to support Your Claims that Plaintiff Ruby Freeman had "a history of voter fraud participation" (as described in ¶ 66 of the Amended Complaint). Your answer to this Interrogatory should include, but not be limited to, detailed descriptions of the specific evidence you obtained and/or

learned of, the exact dates on which You obtained and/or learned of that evidence, and the specific

steps You took to verify the veracity of that evidence.

**ANSWER:**

Defendant became aware of reports that Freeman had been arrested by the FBI, but now understands these

reports were inaccurate.  Defendant relied on these reports at the time the statements in question were made.


Respectfully submitted,

By: */s/ Joseph D. Sibley IV*

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone:  (713) 966-6789
Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2023, I served the foregoing via email.

*/s/ Joseph D. Sibley IV*
Joseph D. Sibley IV

## <u>VERIFICATION BY DECLARATION</u>

Rudolph Giuliani, hereby declares as follows:

1.        "My name is Rudolph Giuliani.  My date of birth is May 28, 1944.

2.        "I have reviewed the factual statements in the foregoing Supplemental Answers to Defendant's Amended Answers to Plaintiffs' First Interrogatories, Defendant's Supplemental Answers to Plaintiffs' Second Interrogatories, Defendant's Supplemental Answers to Plaintiffs' Third Interrogatories, Defendants Answers to Plaintiffs' Fourth Interrogatories, and Defendant's Answers to Plaintiffs' Fifth Interrogatories and they are within my personal knowledge and are true and correct.

"I declare under penalty of perjury that the foregoing is true and correct.

Executed in this 30th day of March 2023.

*Rudolph Giuliani*
_____

Rudolph Giuliani