## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

              Plaintiffs,

              v.

RUDOLPH W. GIULIANI,

              Defendants.

Civil Action No. 21-3354 (BAH)

Judge Beryl A. Howell

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

In their Motion to Compel [Doc. 44] ("Motion"), Plaintiffs Ruby Freeman ("Freeman") and Wandrea Moss ("Moss" and, together with Freeman, the "Plaintiffs") seek to compel discovery from Defendant Rudolph Giuliani ("Giuliani") as well as attorneys' fees and sanctions. For the reasons discussed below, Giuliani has adequately responded to discovery and complied with his discovery obligations and the Motion should be denied.

### SUMMARY OF RESPONSE

First, Plaintiff misconstrue the Court's March 21 Order as an order "compelling" discovery as opposed to narrowing the issues to avoid a discovery controversy. Second, Plaintiffs had a full day deposition whereby they had the opportunity to ask Giuliani about his "preservation efforts" and he should not be compelled to do so again. Third, Giuliani has searched all documents within his possession, custody, and control and the TrustPoint documents are so excessively costly for Giuliani compared to the needs of the case that, if these documents are to be searched again, it should be at Plaintiffs' expense. Fourth, Giuliani was never asked to supplement IROGS 11 and

12.   Finally, the Court should decline any attorneys' fees or other sanctions because he has substantially and in good faith complied with his discovery obligations.

## RESPONSE

### A.  Plaintiffs' Reliance On The Court's March 21, 2023 Order Is Misplaced.

The Court made clear at the outset of the conference on March 21, 2023 that the Court was **<u>not</u>** granting any motion to compel but was rather attempting to narrow the issues to avoid the need to file a motion to compel.  For example, at no point during the conference did the Court address any substantive objections that Giuliani made to Plaintiffs' Fourth RFPs, which seek net worth information.  Giuliani objected to these requests that, under the law of this Court, that Plaintiffs must make a prima facie showing of their case (as in surviving an MSJ) before they are entitled to this discovery.  *See* Ex. 1 to Motion at lines 40-41 (citing *D'Onofrio v. Sfx Sports Grp.*, *Inc.*, 247 F.R.D. 43, 53 (D.D.C. 2008)).  The Court did not address any objections, assertions of privilege, or any issues relating to document production other than seeking to determine the universe of document, what had been searched, and what remained to be done.  According to Plaintiffs' interpretation of the March 21st Minute Order, Giuliani was required to produce each and every document that is responsive to their requests, regardless of privilege, regardless of objections never considered by the Court at the March 21st hearing, and regardless of whether they are even in Giuliani's possession, custody, or control.  This is not a reasonable position.

Therefore, Giuliani understood the March 21st Minute Entries requiring production by March 30th as corresponding to the other part of the Minute Entries, which requested that he determine "what locations and data sources remain for searches to be completed to respond fully to plaintiffs RFPs".  He did the search and discovered one social media message relating to claims of election fraud.  Ex. A at ¶ 2.  As for messages from electronic devices he obtained after the DOJ

2

seizure (all of which occurred well after the relevant time frame), the only communications pertinent to this matter are all privileged communications (such as communications with his counsel) that were created as a result of the instant litigation.  *Id.*  The Court should not require a log of these communications (there was no time frame to create such a log in the March 21st Order) as to do so would be unduly burdensome and oppressive, but if the Court requires one, he will provide it (and thereby requests Plaintiffs reciprocally log all of their privileged communications with counsel).

Accordingly, to the extent Plaintiffs rely on the March 21st Order as a basis to compel or for attorneys' fees and sanctions, it is unfounded and should be denied.

**B.  Giuliani Has Detailed His Document Preservation And Search Efforts To Date.**

Despite the fact that Plaintiffs deposed Giuliani for a full day and had ample opportunity to ask him regarding his document preservation efforts and search efforts.  Furthermore, and importantly, Plaintiffs have not identified a specific discovery request wherein Giuliani has "failed" to respond and disclose his "preservation" efforts.  Plaintiffs have no evidence Giuliani spoiled or destroyed any evidence.  Nevertheless, in the accompany declaration, Giuliani details as follows:

Giuliani details his search and preservation efforts as follows:

- In response to directives from the Court's March 21, 2023 Order and instructions at the conference he appeared at, he conducted the following searches:  (1) all of his electronic devices obtained after the April 2021 DOJ seizure for text messages, emails, and other documents; and (2) all of his social media messaging accounts. There were no non-privileged documents on my new electronic devices and all of those privileged documents were created as a result of this litigation.  He found one

document that we produced on my social media messaging.  He used the search terms provided by the Plaintiffs to conduct the search, which he did manually.

- Prior to this, he searched and produced documents taken from:  (1) his paper files; (2) the files that were provided by Christina Bobb; (3) the files that were provided by Christiane Allen; and (4) the email files that were searched on the TrustPoint One server pursuant to Plaintiffs' search terms.  The first three categories of documents were all searched for the Dominion litigation and the January 6th Special Committee.  The documents he pulled in response included everything related to any 2020 Election issues, which included anything possibly related to the Plaintiffs' claims.  He produced all of those documents that were produced in those litigations to Plaintiffs.

- The TrustPoint One documents consisted of all documents that were extracted from his electronic devices taken by the DOJ in April 2021.  The DOJ seized all of his electronic devices in April of 2021.  Therefore, the TrustPoint One documents contain all electronic files in his possession, custody, or control as of April 2021. He has no recollection of texting or messaging prior to April of 2021 regarding Plaintiffs or the 2020 Election controversy in Fulton County, Georgia.  Any such communications would most likely have been over email, to the extent they ever existed.  The TrustPoint One documents were searched for email files in accordance with Plaintiffs' search terms and any non-privileged documents were produced.  He does not recall having any further communications regarding Plaintiffs after April 2021, other than on a podcast or two that Plaintiffs are aware of and with his counsel or other legal representatives in connection with this litigation.

4

- The TrustPoint One documents have now been archived.  He has endured substantial fees and costs in connection with multiple litigations and investigations and he could no longer afford to pay TrustPoint One to keep the documents online. It would cost him over $320,000.00 to become current on his arrearage with TrustPoint One and to have access to the documents as well costs incurred in searching the documents again for additional files requested by Plaintiffs other than the email files.  He does not have the funds to pay this amount at this time.

- He also does not have access to the server for "giulianipartners.com" or any of the emails associated with that domain that occurred before the April 2021 DOJ seizure.  The only person who has an existing email account with that domain is Maria Ryan, who was subpoenaed.  Also, Giuliani Communications does not have a website and he does not have access to emails associated with that account. Moreover, from the electronic devices seized by the DOJ that were returned to him, he has not been able to access documents or files.  He further does not have access to the iCloud account he had access to "rudolphgiuliani@icloud.com" that he had access to prior to the DOJ seizure.  He has not taken any action to delete or destroy any electronic or paper files.

- He has searched for phone records in response to Plaintiffs' Third RFPs and cannot locate any.  He has consented to Plaintiffs' subpoena of the records.

*See* Ex. A.

Plaintiffs do not explain why a manual search is not sufficient to comply with the Court's orders or the federal rules.  Moreover, contrary to Plaintiffs' assertions, Defendant did, in his update to the Court, explain the locations/repositories of any documents.  Plaintiffs cannot sustain

a motion to compel simply because they believe that more documents should exist.  As for those documents in Giuliani's practical possession, custody, or control, they do not.  The Court should deny the Motion on this point.  Accordingly, Giuliani has disclosed his retention and search efforts without any need for the Court to compel Giuliani to do so.

### C.  The Third And Fourth RFPS.

Giuliani did not object to the Third RFPs relating to phone records but does not have any such records.  Ex. A at ___.  He has not objected to a subpoena of his phone records.  *Id.*  He does not have a duty to go collect the documents from third parties.  Therefore, there is nothing to compel on the third RFPs.

As for the Fourth RFPs, Giuliani has objected because Plaintiffs must first make a prima facie case of their defamation claims.  *See D'Onofrio*, 247 F.R.D. at 53.  Therefore, the Court should sustain his objections to net worth discovery until after Plaintiffs survive a motion for summary judgment on all essential elements of their claims.

### D.  The TrustPoint Search Was Sufficient.

Contrary to Plaintiffs' assertions, the TrustPoint search sufficiently identified all emails (the overwhelming majority of potentially pertinent communications during the relevant time period) that were generated as "hits" from Plaintiffs' search terms.  The "explanation" of how the search hits went from 18,000 to around 400 is because the first search included background and other files (such as operating system files) that would be totally irrelevant to the case.  *See* Ex. 4 to Motion at pp. 7-10.  Once the search was limited to *email* files, then the search was dramatically reduced.  This was done by agreement of the Plaintiffs.  *See id.*

Secondly, the Court has the discretion to shift all or part of the costs of production to the requesting party.  *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 283 (S.D.N.Y. 2003); Fed.

6

R. Civ. P. 26(b)(2)(B) ("The court may specify conditions for the discovery."); Fed .R. Civ. P. 34 advisory committee's notes (1970) (court may issue orders that "require[ ] that the discovering party pay costs").  Where the requesting party seeks electronically stored information, "[s]hifting the cost of production from the producing party to the requesting party should be considered only when inaccessible data is sought."  *OpenTV v. Liberate Techs.*, 219 F.R.D. 474, 476 (N.D.Cal.2003) (citing *Zubulake*, 216 F.R.D. at 284); Fed. R. Civ. P. 26 advisory committee's notes (2006) (court may order "payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible").  Here, the TrustPoint documents are no longer reasonably accessible because Giuliani, as stated in his declaration, could not afford to pay the exceedingly high costs of storing the information that included decades of data taken by the DOJ.  Because of the limited value that unarchiving the documents will provide to Plaintiffs (Giuliani scarcely communicated by text or messaging app), the Court should not force Giuliani to bear the over $320,000.00 it will cost to conduct the searches.

### E.  Plaintiffs Never Requested Giuliani Supplement IROGs 11 And 12.

The Court's order required that Plaintiffs provide the IROGs that they wanted to be supplemented by March 24, 2023.  The Court specifically admonished Plaintiffs not to request supplementation of IROGs that were answered already by deposition testimony.  Plaintiffs sent a list of IROGs to be supplemented, **which did not include IROGs 11 and 12**.  *See* Ex. B. Therefore, Plaintiffs failed to comply with the Court's order regarding supplementation. Nevertheless, Giuliani will supplement these Interrogatories within 7 days.

### F.  The Court Should Deny Any Attorneys' Fees Or Sanctions.

There is no basis to award any attorneys' fees or other sanctions against Giuliani.  Giuliani has made every effort to comply with Plaintiffs' discovery requests, sat for a full day deposition,

and cannot be blamed for the seizure of his data by the DOJ as part of an investigation wherein he was cleared of any wrongdoing.  The normal rules of procedure will apply and, if at time of trial, Giuliani seeks to introduce evidence that he failed to timely disclose, the Court can address that specific issue at that time.

## CONCLUSION

For all of the reasons discussed herein, the Court should deny the Motion.


Date:  <u>May 1, 2023</u>

Respectfully submitted,

By: <u>*/s/ Joseph D. Sibley IV*</u>

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone:  (713) 966-6789
Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

/s/ Joseph D. Sibley IV
Joseph D. Sibley IV