**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>            Plaintiffs,<br><br>            v.<br><br>RUDOLPH W. GIULIANI,<br><br>            Defendant. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Parties to this Action that:

WHEREAS, the Parties hereto are engaged in discovery under Rule 26 of the Federal Rules of Civil Procedure, in which they will obtain from each Party and Third Party documents and information, some of which are or will be deemed by the Producing Party to contain confidential or proprietary commercial and business information; and

WHEREAS, the Parties have agreed, in order to expedite discovery, that the documents and information that a Producing Party designates as containing such confidential information shall be treated as confidential;

THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES, ACTING THROUGH THEIR UNDERSIGNED COUNSEL that a Protective Order shall be entered which incorporates and makes part of the Order the following:

1.      This Order is being entered into to facilitate the production, exchange, and discovery of documents, tangible things, discovery responses, deposition testimony and information, including testimony (hereinafter "Discovery Material").

2.      Discovery Material produced in the above-captioned action are likely to include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

3.      As used herein:

(a)      "Confidential Information" shall mean Discovery Material that any Party or Third Party reasonably believes to contain or reflect private, proprietary, or sensitive information, such as non-public email addresses and non-public phone numbers.

(b)      "Highly Confidential Information – Attorneys' Eyes Only" shall mean Discovery Material that any Party reasonably believes to contain or reflect any highly confidential information, including but not limited to sensitive personal information, medical records, bank records, non-public personal addresses, law enforcement investigations, and matters related to national security.

(c)      "Party" shall mean any named party to this action.

(d)      "Producing Party" shall mean the Parties to this action and/or any Third Parties producing Confidential Information or Highly Confidential Information – Attorneys' Eyes Only, or the Party asserting the confidentiality privilege, as the case may be.

(e)      "Receiving Party" shall mean the Parties to this action and/or any Third Party receiving Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.

(f)      "Third Party" shall mean any Third Party, natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(g)      "Witness" shall mean any person called forth to provide testimony.

(h)     "Order" means this Stipulation and Order Governing the Production and Exchange of Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.

(i)     "Relating to" means, without limitation, referring to, having any relationship to, pertaining to, reflecting, evidencing, involving, describing, or constituting, whether directly or indirectly, in whole or in part, the subject matter of the particular request.

(j)     "This Stipulation" refers to this stipulated protective order as a whole.

(k)     The word "including" shall be without limitation.

(l)     "All" means any and all, and shall be construed to include the term "each," and "each" shall be construed to include the term "all."

(m)     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

4.     Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)     Parties and designated agents of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder and have executed a Declaration of Compliance in the form attached to this Protective Order as Exhibit A;

(b)     Counsel for the Parties to the action and their associated attorneys, paralegals, and other professional personnel (including support staff and outside and in-house vendors) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)    Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein and who have been advised of their obligations hereunder and have executed a Declaration of Compliance in the form attached to this Protective Order as Exhibit A; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 9 hereof;

(d)    The Court and Court personnel, if filed in accordance with Paragraph 14 hereof;

(e)    An officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with Paragraph 10 hereof;

(f)    Trial and deposition Witnesses and their counsel during the course of, and only to the extent necessary, in preparation for a deposition or testimony in this Action, subject to Paragraphs 11 and 12.

(g)    Any other person designated by the Court, upon such terms as the Court may deem proper, or as agreed to by the Producing Party and Receiving Party.

(h)    Any other person agreed to in writing by the Parties.

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential Information – Attorneys' Eyes Only shall not be furnished, shown, or disclosed to any person or entity except to:

(a)    Counsel for the Parties to the action and their associated attorneys, paralegals and other professional personnel (including support staff and outside and in-house vendors) who are directly assisting such counsel in the preparation of this action for trial or other

4

proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b)     The author of the Discovery Material or the original source of the entirety of the information contained therein, and any copied recipients thereof;

(c)     Witnesses and their counsel, during the course of and, only to the extent necessary, in preparation for depositions or testimony in this Action only if (1) that Witness had previously received or seen the specific documents or materials designated as "Highly Confidential Information – Attorneys' Eyes Only" or previously had personal knowledge of the information designated as "Highly Confidential Information – Attorneys' Eyes Only" independent of this Action; and (2) that Witness has executed a Declaration of Compliance in the form attached to this Protective Order as Exhibit A acknowledging that the deponent will treat documents designated Highly Confidential Information – Attorneys' Eyes Only in accordance with the Protective Order and that the Witness agrees to be bound by the terms of this Protective Order, or the Witness shall agree on the record to be bound by the terms of this Protective Order, and the Declaration of Compliance attached hereto as Exhibit A.  If a Witness refuses both options, the deposition may cease and the Parties should file any necessary motions with the Court, or the Parties may agree to continue the deposition on terms agreeable to all Parties.

(d)     Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 9 below;

(e)     The Court and its staff and administrative personnel, and Court reporters, videographers and stenographers employed to take depositions, and any essential personnel retained by the Court; and

(f)     Any other person only upon order of the Court or upon stipulation of the Designating Party.  For the avoidance of doubt, any person or entity other than counsel and related personnel support receiving Highly Confidential Information – Attorneys' Eyes Only shall first execute the Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A.

6.     Any Producing Party may designate Discovery Material in connection with this Action as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

7.     The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in a designation by the Producing Party of Discovery Material as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.  If the Producing Party does not agree to declassify such Discovery Material, the Receiving Party may move the Court for an order declassifying the Discovery Material.  The burden of persuasion in any such proceeding shall be on the Producing Party.  If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.  If such motion is filed, the documents or other materials shall be deemed Confidential Information or Highly Confidential Information – Attorneys' Eyes Only unless and until the Court rules otherwise.

8.      Discovery Material produced in the action, including but not limited to Confidential Information or Highly Confidential Information – Attorneys' Eyes Only, shall be utilized solely for purposes of litigating the action and for no other purposes; provided, however, that nothing in this Order shall limit a Producing Party's use or disclosure of its own Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.

9.      Before any disclosure of any Confidential Information or Highly Confidential Information – Attorneys' Eyes Only is made to an expert witness or consultant pursuant to Paragraphs 4(c) and 5(d) hereof, counsel for the Receiving Party shall obtain the expert's written agreement to the Declaration of Compliance in the form attached to this Protective Order as Exhibit A to comply with the Order and be bound by its terms.  Counsel for the Receiving Party shall supply a copy to counsel for the Producing Party at the time of the disclosure of the information required by Rule 26(a)(2).  Any Declaration of Compliance signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10.     All depositions shall presumptively be treated as Highly Confidential Information – Attorneys' Eyes Only and subject to this Order during the deposition and for a period of thirty (30) days after a final transcript of said deposition is received by counsel for each of the Parties and, if the deposition witness is a Third Party represented by counsel, by that counsel.  Within thirty (30) days after receiving the final transcript of said deposition, counsel for the Designating Party or Third Party shall identify the specific pages and lines thereof to be designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.  At or before the end of such thirty (30) day period, the deposition shall be classified appropriately pursuant to Paragraph 11 hereof.

11.     Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

12.     No Witness may be shown any Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material unless he or she is entitled to receive or review such material under the provisions of Paragraph 4 or 5, or unless otherwise agreed by counsel for the Designating Party for the Discovery Material at issue.  In the event that counsel for the Designating Party of the Discovery Material that has been designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only agrees that the Witness may be shown or examined on any such Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Materials, the Witness must first be advised of the confidential nature of the Discovery Material, and be informed that any unauthorized disclosure of the information contained in the Discovery Material may constitute a contempt of this Court.

13.     Any Party wishing to use documents of an opposing Party designated either Confidential Information or Highly Confidential Information – Attorneys' Eyes Only at the deposition of a Third Party must obtain from the Third Party deponent an executed Declaration of Compliance in the form attached to this Protective Order as Exhibit A, acknowledging that the deponent will treat documents designated Confidential Information or Highly Confidential Information – Attorneys' Eyes Only in accordance with the Protective Order and that the Third Party deponent agrees to be bound by the terms of this Protective Order.

14.    A Party may designate as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only any Discovery Material produced or given by any non-Party to this case that is or are medical or financial records, or any portion thereof.  A Third Party may also designate as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only, subject to this Order, any Discovery Material produced or given by it.  In the case of documents, designation shall be made by notifying all Parties' counsel in writing of those documents which are to be stamped and treated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting confidentiality.

15.    A Receiving Party who seeks to file any Confidential Information or Highly Confidential Information – Attorneys' Eyes Only with the Court, and any pleading, brief or memorandum which reproduces or discloses Confidential Information or Highly Confidential Information – Attorneys' Eyes Only, will file any Confidential Information or Highly Confidential Information – Attorneys' Eyes Only information under seal and will also file a motion to keep documents under seal in accordance with Local Rule 5.1(h) and the Court's Standing Order ¶ 6(h), requesting that the document be held under seal until such time as the Producing Party can file a motion to seal, which the Producing Party shall do within seven (7) days of the final filing in a related briefing.  For example, a motion to keep under seal information included in the briefing for a motion shall be filed seven (7) days after a reply brief is filed.  In all instances, Confidential Information or Highly Confidential Information – Attorneys' Eyes Only must be filed in accordance with the Court's procedures for filing documents under seal.

16.     Any person receiving Confidential Information or Highly Confidential Information – Attorneys' Eyes Only shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

17.     Extracted portions and summaries of Confidential Information or Highly Confidential Information – Attorneys' Eyes Only shall also be treated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only in accordance with the provisions of this Order.

18.     The production or disclosure of Confidential Information or Highly Confidential Information – Attorneys' Eyes Only shall in no way constitute a waiver of each Party's or Third Party's right to object to the production or disclosure of other information in this Action or in any other Action.

19.     Nothing in this Order shall require disclosure of any material that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product doctrine, or any other legally recognized privilege or immunity from disclosure.

20.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any document after the date that this Order is signed that would be protected from disclosure pursuant to the attorney-client privilege, work product doctrine, or any other relevant privilege, shall not constitute waiver of the applicable privilege or protection in this or any other Federal or State proceeding.  When a Producing Party gives notice to Receiving Parties that it inadvertently produced Discovery Material that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.  The Receiving

Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently Producing Party and shall not use such items for any purpose until further order of the Court.  If the Receiving Party does not challenge the designation, such return must occur within seven (7) business days of receipt of notice or discovery of the inadvertent production. If a Receiving Party wishes to challenge the designation, the Receiving Party must inform the Producing Party within seven (7) business days of receipt of notice or discovery of the inadvertent production, and must file its challenge to the privilege designation with the Court within seven (7) business days of notifying the Producing Party of its intent to challenge, unless the Parties agree to a longer schedule.  The Receiving Party may maintain a copy of the challenged document solely for the purpose of the privilege challenge until the Court resolves the issue, but may not disclose or otherwise use the document until the Court resolves the issue.  The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing is not privileged.

21.     If Confidential Information or Highly Confidential Information – Attorneys' Eyes Only is disclosed to any person other than in the manner authorized by this Order, any Parties who learn of the disclosure shall, immediately upon learning of the disclosure, inform the Producing Party of the pertinent facts relating to such disclosure and make every reasonable effort to retrieve the Confidential Information or Highly Confidential Information – Attorneys' Eyes Only and prevent disclosure by each unauthorized person who received such material.

22.     The restrictions set forth in any of the proceeding Paragraphs shall not apply to information or material that:

(a)     was, is, or becomes public knowledge, not as a result of a violation of this Order;

(b)     is acquired from a Third Party having the right to disclose such information or material; or

(c)     was lawfully possessed prior to entry by the Court of this Order.

23.     Each Receiving Party shall use due care with respect to the storage, custody, use and/or dissemination of Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.  A person with custody of documents designated Confidential Information or Highly Confidential Information – Attorneys' Eyes Only shall maintain them in a manner that limits access to those persons entitled under this Stipulation to examine the documents so designated.

24.     The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals in this Action except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order in whole or in part.

25.     Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all permissible appeals, all persons and entities having received Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material, shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party.  Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and

attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only by any Party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information or Highly Confidential Information – Attorneys' Eyes Only contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party.  All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.  This Court shall have continuing jurisdiction to enforce the terms of this Protective Order, including without limitation during any appeals in this Action.

26.     If any Receiving Party is: (a) subpoenaed in or (b) served with a demand in another action to which he, she, or it is a Party, or (c) served with any other legal process by one not a Party to this Action seeking Discovery Material that was produced or designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Designating Party.  The Receiving Party shall not produce any of the Designating Party's Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material, until the Designating Party gives notice to the Receiving Party that the Designating Party consents to production, or opposes production of its Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material, and has had a reasonable opportunity to object to the production.  The Designating Party shall be solely responsible for asserting any objection to the requested production.  Nothing in this paragraph shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or

appeal any order requiring production of Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material covered by this Protective Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any Court.  Nothing in this paragraph applies to subpoenas issued by law enforcement seeking Discovery Material that was produced or designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only in which case notification is not required.

27.    This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in This Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

28.    This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a Party to move for relief from, or modification of, any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: May 2, 2023

*/s/  John Langford*
**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Meryl C. Governski (1023549)
Michael J. Gottlieb (974960)

**DUBOSE MILLER LLC**
Von A. DuBose
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Brittany Williams**
15 Main St., Suite 312
Watertown, MA 02472

1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

Tel: (202) 579-4582
brittany.williams@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon**
Gas Company Tower
555 West 5th Street, 35th Floor
Los Angeles, CA 90013
Tel: (202) 579-4582
christine.kwon@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

*Pro hac vice*
**Pro hac vice application pending or forthcoming*

**Attorneys for Plaintiffs Ruby Freeman and Wandrea Moss**

**CAMARA & SIBLEY LLP**
/s/ *Joseph Sibley*
Joseph Sibley (TX0202)
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Tel: (713) 996-6789
Fax: (713) 583-1131
sibley@camarasibley.com

**Attorney for Defendant Rudolph W. Giuliani**

**SO ORDERED.**

DATE:_____

_____
Beryl A. Howell, Judge
United States District Court for the District of Columbia

15

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**

I, _____ , state that:

1.      My address is:

_____ .

2.      My present employer is:

_____ .

3.      My present occupation or job description is:

_____

_____

_____ .

4.      I have received a copy of the Stipulated Protective Order (the "Order") entered in the above-captioned action and I declare under penalty of perjury that:

      a)      I have carefully read and understand the provisions of the Order.

      b)      I agree to comply with and be bound by all provisions of the Order.

      c)      I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material that is disclosed to me.

      d)      I will return all Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information – Attorneys' Eyes Only Discovery Material.

5.      I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

Dated: _____   Signed: _____

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, this document was filed with the Clerk of the Court

of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will

automatically generate and serve notices of this filing to all counsel of record.

Dated: May 2, 2023.

/s/  John Langford
**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org