# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>RUDOLPH W. GIULIANI,<br><br>               Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Chief Judge Beryl A. Howell |

### AFFIDAVIT OF YANIV SCHIFF

I, Yaniv Schiff, being duly sworn, depose and state:

    1.My name is Yaniv Schiff and I am a Director of Forensics at Consilio. Consilio is an e-discovery and digital forensic service provider that offers a variety of data collection, processing, and hosting services including forensically sound collection and processing of electronically stored information. I have been in the e-discovery field for 17 years and employed with Consilio for approximately the past 2 years.

    2.At Plaintiffs request, I have reviewed pages 4 and 5 of Defendant's Response to Plaintiffs' Motion to Compel ("Opposition") (Docket No. 51) and focused specifically on the statement "Moreover, from the electronic devices seized by the DOJ that were returned to [Mr. Giuliani], [Mr. Giuliani] has not been able to access documents or files."

    3.Although I have not had an opportunity to examine the electronic devices at issue in the Opposition, based on my experience extracting forensic data from more than 1,000 electronic devices, it would be highly atypical to be unable to recover data from such devices if the passcodes to such devices or data are known.

    4.I have regularly examined devices that custodians mistakenly believe are no longer operable or contain no retrievable data. In my experience and upon my or another digital forensic

expert's inspection, these devices often are operable and capable of having data extracted from them. In some cases, the devices simply need to be properly powered or correct passcodes applied. In more complicated cases, specialized software is used to access and extract data that otherwise might not be readily available to a lay custodian. In almost all cases where a custodian is unable to access data on a device, I would recommend examination by a digital forensic expert to make an informed determination regarding the accessibility or inaccessibility of data on the device.

5.In the course of my digital forensic work and to the best of my knowledge and belief, I am not aware of any instance where an electronic device was rendered inoperable, inaccessible, or devoid of data as a result of that device being seized and accessed by a law enforcement entity.

Dated: 05/05/2023
Chicago, IL

_____
Yaniv Schiff

Sworn before me on this 5th day of May, 2023

_____
Notary Public   Daniel Grimaldo



Notarized online using audio-video communication

3