**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN | |
| *and* | |
| WANDREA MOSS, | Civil Action No. 21-cv-3354 (BAH) |
| *Plaintiffs*, | |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| *Defendant*. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR ORDER PERMITTING PLAINTIFFS TO
SERVE A RULE 45 SUBPOENA ON THIRD-PARTY JENNA ELLIS
VIA ALTERNATIVE SERVICE AND AMENDING THE SCHEDULING ORDER TO
PERMIT PLAINTIFFS TO TAKE THREE DEPOSITIONS AFTER THE CLOSE OF
FACT DISCOVERY**

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................4

    A.    Under The Scheduling Order, Discovery Closes On May 22, 2023.......................4

    B.    Plaintiffs Have Exhausted Efforts To Serve Ms. Ellis.............................................4

        1.    Plaintiffs have spent months conferring with counsel for Ms. Ellis. ..........4

    2.    Plaintiffs sought to depose Ms. Ellis after Defendant Giuliani amended his initial disclosures, and have spent the last few weeks attempting to serve her without success. ...............................................................................................6

    C.    The Giuliani Businesses Possess Relevant Information Which Defendant Giuliani May Produce Following An Order On Plaintiffs' Pending Motion To Compel. ........................................................................................................8

LEGAL STANDARD............................................................................................................10

ARGUMENT ......................................................................................................................11

I.    ALL OF THE FACTORS COURTS CONSIDER WARRANT PERMITTING PLAINTIFFS TO SERVE MS. ELLIS THROUGH ALTERNATIVE MEANS. ...........11

    A.    Ms. Ellis Is Aware That Plaintiffs Are Attempting Service. ..................................11

    B.    Plaintiffs Have Made Reasonable, Diligent Efforts To Serve Ms. Ellis................12

    C.    The Proposed Method Of Alternative Service Is Reasonably Calculated To Ensure Receipt Of The Ellis Subpoena.................................................................12

II.    GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER TO ALLOW PLAINTIFFS PERMISSION TO CONDUCT THREE DEPOSITIONS AFTER CLOSE OF FACT DISCOVERY. ..............................................................................................13

CONCLUSION....................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2910 Ga. Ave. LLC v. District of Columbia*,
    312 F.R.D. 205 (D.D.C. 2015)........................................................................10

*Barnes v. District of Columbia*,
    289 F.R.D. 1 (D.D.C. 2012)..........................................................................11

*Chen v. Fed. Bureau of Investigation*,
    Case No. 22-MC-0074 (CRC), 2022 WL 17851618 (D.D.C. Oct. 18, 2022) ........10

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
    491 U.S. 657 (1989)....................................................................................6

*Herbert v. Lando*,
    441 U.S. 153 (1979)....................................................................................7

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964)....................................................................................6

*Sanchez v. Yu Lin Corp.*,
    No. 21-CV-2119 (TSC), 2022 WL 4598653 (D.D.C. Sept. 30, 2022) ..................12

*In re Shur*,
    184 B.R. 640 (Bankr. E.D.N.Y. 1995)...........................................................11

*St. Amant v. Thompson*,
    390 U.S. 727 (1968)....................................................................................7

**Rules**

D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A) ....................................................................12

Fed. R. Civ. P. 4(e)(1)......................................................................................12

Fed. R. Civ. P. 16(b)(4).................................................................................10, 13

Fed. R. Civ. P. 45(b)(1)....................................................................................10

**Other Authorities**

9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2454 (3d ed.)....................10

Plaintiffs Ruby Freeman and Wandrea' ArShaye ("Shaye") Moss ("Plaintiffs") respectfully move this Court for permission to serve third-party Jenna Ellis with a Federal Rule of Civil Procedure ("Rule" or "Rules") 45 subpoena via alternative methods and to amend the August 31, 2022 Scheduling Order (the "Scheduling Order") to permit Plaintiffs to conduct three depositions, and to seek any related relief required, after fact discovery closes on May 22, 2023.[1]

## INTRODUCTION

Plaintiffs have been diligent about pursuing discovery over the past year, which has been challenging in the face of a Defendant and many third parties who refuse to cooperate in virtually any aspect of discovery. Plaintiffs have sought the assistance of the Court only as a last resort, including to compel Defendant Rudolph Giuliani to *inter alia* amend his initial disclosures and to produce materials from all potential sources of information, including from the two businesses he founded and owns (Giuliani Partners LLC and Giuliani Communications LLC) (together, the "Giuliani Businesses"). Defendant Giuliani has made a number of decisions in the course of that discovery dispute that necessitate this Motion.

*First*, Defendant Giuliani amended his initial disclosures on March 24, 2023 to add a number of individuals whom he admits are likely to possess relevant information on which he plans to rely, including third-party Jenna Ellis. Defendant Giuliani identified Ms. Ellis in his updated disclosures as being "involved with providing Giuliani with information and discussing with Giuliani allegations regarding Plaintiffs that Giuliani relied on" when making statements about Plaintiffs, in his deposition testimony Defendant Giuliani highlighted Ms. Ellis as his "assistant" who had knowledge of an alleged USB drive video, and discovery has illustrated her

---

[1] Pursuant to Local Civil Rule 7(m), before Plaintiffs filed this Motion, counsel for Plaintiffs notified counsel for Defendant of Plaintiffs' intention to file this Motion. Defendant indicated that he would not oppose the Motion.

critical involvement in the defamatory allegations at the heart of Plaintiffs' claims.  Following Defendant Giuliani's deposition on March 1, 2023, Plaintiffs promptly reached out to the attorneys whom Plaintiffs had previously been conferring with for purposes of a Rule 45 document subpoena on Ms. Ellis ("Kleinbard Counsel") to request a meet and confer to discuss potential deposition testimony.  While the meet and confer on March 29, 2023 was seemingly productive, Kleinbard Counsel then failed to respond for nearly three weeks, prompting Plaintiffs to prepare a deposition and document subpoena for Ms. Ellis (the "Ellis Subpoena")[2] which was served on Kleinbard Counsel on April 19, 2023.  On April 21, 2023, Kleinbard Counsel refused to accept service of the Ellis Subpoena and on April 28, 2023—after more than a month of negotiations about the deposition subpoena and more than nine months after beginning to confer on the earlier subpoena (to which Ms. Ellis never produced documents)—Kleinbard Counsel represented, for the first time, that they no longer represented Ms. Ellis.  In the weeks since, Plaintiffs have attempted personal service on Ms. Ellis.  Plaintiffs have made various attempts at her last known address in Colorado until learning that Ms. Ellis had recently moved to Florida with no discernable address.  Plaintiffs requested the assistance of Kleinbard Counsel and counsel for Defendant Giuliani in contacting Ms. Ellis and/or her new counsel, or to reach an agreement that would obviate the need to secure Ms. Ellis' testimony.  To date, Plaintiffs efforts have been rebuked.  Plaintiffs have incurred significant time and expense, including hiring a private investigator in an attempt to locate Ms. Ellis' new Florida address, and still have been unable to locate and serve Ms. Ellis.  Defendant plans to rely on Ms. Ellis in his defense at trial and Plaintiffs would be severely prejudiced if they were unable to depose Ms. Ellis.

---

[2] The Ellis Subpoena, attached at Exhibit 1, is the undated version that Plaintiffs request leave to serve by alterative means but is substantively identical to the subpoena Plaintiffs have attempted to serve on Ms. Ellis previously.

*Second*, Defendant Giuliani has made clear that he will not attempt to access or search materials contained in the emails or accounts of the Giuliani Businesses, and is refusing to provide any information related to the same—for example, on May 8, 2023, Mr. Giuliani changed his interrogatory response in which he said he would "attempt" to collect data on the metrics of his statements on social media (including the accounts operated by the Giuliani Businesses) to state that he "has attempted to locate this data, but it is beyond his level of expertise and he is unaware of how to obtain this information."  Additionally, in his Opposition to Plaintiffs' Motion to Compel, Defendant claims that does not have access to any "@giulianipartners.com" email addresses and is not able to access other documents or files via his personal devices or the Cloud. Once it became apparent that Defendant Giuliani would not produce all documents in his possession, custody, or control by virtue of his ownership of the Giuliani Businesses, Plaintiffs served two Rule 30(b)(6) subpoenas on the two entities for both documents and testimony (dated next week).[3]  Defendant Giuliani's counsel has indicated that he does not represent the Giuliani Businesses and therefore cannot address Plaintiffs' request that the Giuliani Businesses designate a single deponent for a single deposition (as opposed to requiring two separate depositions).  To date, no other counsel has contacted Plaintiffs' counsel to designate the corporate entity or to "confer in good faith about the matters for examination" as the Rules require.  Additionally, Plaintiffs believe it would be in the best interest of the parties, and the Giuliani Businesses, to hold the depositions after the Court decides the fully briefed and pending Motion to Compel.

Given the above-discussed circumstances and the close of discovery in less than two weeks, Plaintiffs respectfully and reluctantly move the Court to (1) permit Plaintiffs to serve Ms.

---

[3] On the date of this filing, Plaintiffs received a subpoena return from Giuliani Communications LLC.  Plaintiffs have not had the opportunity to analyze the basis for this return or whether they will need to re-serve this subpoena.

Ellis via alternative means, including those laid out herein; and (2) amend the Scheduling Order

to take the depositions of Ms. Ellis, Giuliani Partners LLC, and Giuliani Communications LLC

after the close of fact discovery and to seek any related relief required.

## BACKGROUND

### A.    Under The Scheduling Order, Discovery Closes On May 22, 2023.

On August 31, 2022, the Court granted the parties' Joint Motion to Extend Discovery by

Amending the Scheduling Order (the "August 31, Scheduling Order").   Per the August 31

Scheduling Order: "By May 22, 2023, all fact discovery shall close (including answers to

interrogatories, document production, requests for admission, and depositions.)"   August 31,

Scheduling Order.[4]

### B.    Plaintiffs Have Exhausted Efforts To Serve Ms. Ellis.

1.    <u>Plaintiffs have spent months conferring with counsel for Ms. Ellis</u>.

Despite Defendant Giuliani choosing not to list Ms. Ellis in his initial disclosures last year,

Plaintiffs identified Ms. Ellis as a third-party witness who might possess highly relevant

information and reached out to Kleinbard Counsel, who had previously represented Ms. Ellis.  (Ex.

6 at 9, email chain with Kleinbard.)  Kleinbard Counsel confirmed in writing on August 16, 2022

that "[w]e'll represent Ms Ellis for this." (*Id*. at 7.)  Based on this representation, Plaintiffs spent

months working diligently with Kleinbard Counsel to negotiate the scope of a document subpoena.

(*Id*. at 14.)  Kleinbard Counsel represented that Ms. Ellis had little, if any, involvement in the

allegations of the Complaint, which, coupled with Defendant Giuliani's decision not to list her in

---

[4] This is the second such motion requesting a modification of the Scheduling Order, it is being filed at least four days prior to any current deadlines in the Scheduling Order, one previous modification of the Scheduling Order has been sought and granted, and there is good cause to support the requested modifications of the Scheduling Order.

his disclosures prompted Plaintiffs to hold in abeyance the document subpoena pending Defendant's deposition.

At his March 1, 2023 deposition, Defendant Giuliani offered limited testimony about Ms. Ellis, but confirmed that she would be able to identify the video that served as the basis for his claims that Plaintiffs passed a USB drive.  (Ex. 4, Giuliani Deposition Tr. at 193:22-195:23.) One week later, on March 8, the Supreme Court of the State of Colorado approved a stipulation to discipline Ms. Ellis regarding her actions during the 2020 presidential election, which provides that Ms. Ellis served as a member of then-President Trump's legal team in "efforts to challenge President Biden's victory in the 2020 Presidential Election" and made various "misrepresentations" that violated Colorado ethical rules.  (Ex. 5 at 1-2, Opinion on Stipulation.)

In light of these new facts, Plaintiffs re-engaged Kleinbard Counsel in negotiations on March 14, 2023 regarding the document subpoena and a potential deposition.  (Ex. 7 at 11-12, Additional Email Chain with Kleinbard.)  Plaintiffs explained that they were revisiting Ms. Ellis following Defendant's deposition in which he identified Ms. Ellis as a source of information regarding a key defamatory claim and the Stipulation to Discipline.  (*Id*.)  Kleinbard Counsel replied that they were "discussing" Plaintiffs' outreach "with Ms. Ellis."  (*Id*. at 10.)

On March 24, 2023, per the Court's March 21, 2023 Minute Order, Defendant Giuliani disclosed Ms. Ellis as a relevant witness for the first time in his First Amended Initial Disclosures, describing her as being "involved with providing Giuliani with information and discussing with Giuliani allegations regarding Plaintiffs."  (Ex. 2, First Amended Initial Disclosures at 3.)  Counsel for Plaintiffs and Kleinbard Counsel continued to negotiate by email until March 29, 2023, when counsel for Plaintiffs met and conferred with Kleinbard LLC via telephone.  (Ex. 7. at 5-6.)  On this meet and confer, counsel discussed how Plaintiffs could secure Ms. Ellis' testimony in light

of the new facts, including discussing limiting the scope of the deposition or conducting a deposition by written question in an effort to limit the burden on Ms. Ellis. (*Id*.) At no time during the conferral did Kleinbard LLC suggest that they no longer represented Ms. Ellis. On April 7, Defendant served his Second Amended Initial Disclosures in which he revised his description of Ms. Ellis to state that she was "involved with providing Giuliani with information and discussing with Giuliani allegations regarding Plaintiffs that Giuliani relied on in" when making statements about Plaintiffs. (Ex. 3, Second Amended Initial Disclosures at 3.)

> 2. <u>Plaintiffs sought to depose Ms. Ellis after Defendant Giuliani amended his initial disclosures, and have spent the last few weeks attempting to serve her without success.</u>

The Ellis Subpoena seeks to obtain documents and testimony from Ms. Ellis that are directly relevant to the case against Defendant and are narrowly tailored to limit any burden on Ms. Ellis, including by seeking materials related to

- claims in the Giuliani Strategic Communications Plan about Plaintiffs and/or Georgia;

- a record or list of election fraud allegations concerning the 2020 Presidential Election in Georgia; and

- claims that Plaintiffs were caught on video passing a thumb drive(s), flash drive(s), or hard drive(s) between them on or around election day in November 2020.

These documents will shed light on Defendant Giuliani's subjective knowledge of the falsity of his claims; what, if any, steps he took to investigate his claims; whether Defendant Giuliani relied on any sources and, if so, the reliability of those sources; and the extent to which Defendant Giuliani continued to publish claims about Plaintiffs because of a preconceived narrative. These are material facts that go to, among other things, whether Defendant Giuliani published his claims about Plaintiffs with knowledge or reckless disregard of the falsity of those claims, i.e. with "actual malice." *See, e.g., New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964) (actual malice

standard); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 (1989) (avoidance of the truth); *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) (fabrication and unreliable sources); *Herbert v. Lando*, 441 U.S. 153, 163–64 (1979) (improper motive).

On April 19, 2023, after Kleinbard Counsel stopped responding to Plaintiffs, Plaintiffs provided the Ellis Subpoena to Kleinbard Counsel via email requesting confirmation that they would accept serve on Ms. Ellis' behalf.  (Ex. 7 at 4.)  On April 21, Kleinbard Counsel refused to accept service, but made no claim that they were no longer representing Ms. Ellis.  (Ex. 7 at 3.)  Plaintiffs then began making attempts to serve Ms. Ellis personally.  On April 28, almost two months after counsel for Plaintiffs had re-initiated negotiations, Kleinbard Counsel emailed Plaintiffs claiming for the first time that they no longer represented Ms. Ellis.  (Ex. 7 at 1.)  Kleinbard Counsel wrote: "I understand your position, but we represented Ms. Ellis for only a limited matter in Pennsylvania that has since ended. She has counsel for the various open matters throughout the country, and ***we aren't actively representing her.*** I could not get assent to accept service of any of your subpoenas, including the instant one. I'm sorry I'm not able to be of more help." (*Id.*) (emphasis added.)  Plaintiffs requested, without response, that Kleinbard Counsel provide the contact information for the attorneys now representing Ms. Ellis.  (*Id.*)[5]

Plaintiffs have made three service attempts on Ms. Ellis in Colorado, where Plaintiffs understood Ms. Ellis lived based on her bar certification and publicly available information.  (Ex. 8, Capitol Process Decl.)  On at least one attempt, a woman was in the house when the process server attempted service, but refused to come to the door.  (*Id.*)  On information and belief, Plaintiffs now believe this address is Ms. Ellis' mother's house and that Ms. Ellis previously

---

[5] Plaintiffs provided Kleinbard Counsel with advanced notice that they planned to file this motion and provided a courtesy copy of this filing via email on the date it was filed.

resided there.  (Ex. 10 at 1, Harlin Decl.; Ex. 12 at 1-2, Email Chain Between Target Research and USPS.)

On or around April 28, Plaintiffs became aware via Ms. Ellis' Twitter account that Ms. Ellis may have recently moved states to Florida, but could not locate her new address.  (Ex. 9, April 23, 2023 Jenna Ellis Tweet.)  Plaintiffs promptly engaged a private investigator to find Ms. Ellis' new address, but he has been unable to locate it. (Ex. 10 at 1-2.)  Plaintiffs' private investigator reports that there is no change of address on record for Ms. Ellis from the Colorado residence.  (Ex. 13, Request For Change of Address or Boxholder Information Needed for Service of Legal Process.)  Plaintiffs do not have a known address for Ms. Ellis in Florida and cannot predict how quickly they will be able to ascertain one.  (Ex. 10 at 1-2.)  Plaintiffs also asked Defendant for his assistance in contacting Ms. Ellis and/or her new counsel.  (Ex. 11, Email Chain with Sibley.)  To date, Defendant has not provided any assistance.

### C.     The Giuliani Businesses Possess Relevant Information Which Defendant Giuliani May Produce Following An Order On Plaintiffs' Pending Motion To Compel.

It is undisputed that the Giuliani Businesses possess information relevant to Plaintiffs' claims.  Discovery in this case, including from third parties, has indicated that Defendant Giuliani and his agents used email addresses associated with Giuliani Partners LLC to communicate about matters related to this action.  *See* ECF No. 56-1 at ¶ 3.  For example, the email alias press@giulianipartners was used to communicate specifically about the topics relevant to this litigation, including an affidavit publicly filed by Frances Watson (the Chief Investigator of the Georgia Secretary of State's Office) on December 6, 2020 that directly refuted many of Defendant Giuliani's future claims.  *Id*.

Plaintiffs have sought responsive materials from the Giuliani Businesses directly from Defendant Giuliani, who is in possession, custody, and control the Giuliani Businesses' materials.[6] *See* ECF Nos. 44, 56.  Despite this, Defendant Giuliani is refusing to search for or produce any additional responsive materials from the Giuliani Businesses.  *See* ECF No. 51.  In Plaintiffs' Motion to Compel Defendant Giuliani, Plaintiffs request that the Court compel Defendant to search for and produce documents from the Giuliani Businesses.  *See* ECF Nos. 44, 56.  This motion is still pending before the Court.

In the alternative, to ensure that Plaintiffs obtain these highly responsive materials, Plaintiffs have also served document and 30(b)(6) deposition subpoenas on the Giuliani Businesses directly.  (Ex. 14, Giuliani Partners LLC Subpoena; Ex. 15, Giuliani Communications LLC Subpoena.)  The depositions of the Giuliani Businesses are noticed for May 17 and May 18.  (Ex. 14; Ex. 15.)

In the event that Defendant Giuliani is compelled by this Court to search for and produce additional responsive materials from the Giuliani Businesses (and assuming this occurs after the noticed deposition dates of May 17 and 18), Plaintiffs will likely need to seek leave to conduct additional 30(b)(6) depositions of the Giuliani Businesses regarding these new materials.  In the interest of efficiency, for the parties, the Giuliani Businesses' 30(b)(6) designees, and this Court, Plaintiffs would prefer to only take a single deposition of the Giuliani Businesses' 30(b)(6) designees.

---

[6] Defendant Giuliani testified that he is the sole member of Giuliani Communications LLC and that Giuliani Communications LLC owns Giuliani Partners LLC.  *See* ECF No. 53-1 at Ex. 4.

**LEGAL STANDARD**

Rule 45(b)(1) provides that service of a third-party subpoena "requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "In recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2454 (3d ed.). Courts, including this Court in connection with this action, have recognized that "alternative forms of service may be acceptable under Rule 45 in some circumstances," including "where the witness is aware of the lawsuit, knows that one of the parties is interested in h[er] testimony, and is aware that there have been multiple attempts at personal service, and where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena." ECF No. 34 at 12; December 20, 2022 Minute Order.

Where alternative service is appropriate, courts, including this Court, have allowed service of a subpoena by a variety of methods—including by serving the third-party's counsel and/or serving the third-party via email or certified mail—as long as there is reasonable assurance that the individual will receive "fair and timely notice of its issues, contents, purpose and effect." ECF No. 34 at 12; *see* December 20, 2022 Minute Order.

A court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4); *Chen v. Fed. Bureau of Investigation*, Case No. 22-MC-0074 (CRC), 2022 WL 17851618, at *2 (D.D.C. Oct. 18, 2022) (granting motion to reopen deposition for limited purpose where good cause was shown). In assessing whether "good cause" exists, courts in this Circuit consider "whether the request is opposed; [] whether the non-moving party would be prejudiced; [] whether the moving party was diligent in obtaining discovery within the guidelines established by the court; [] the foreseeability of the need for additional discovery in light of the time allotted by the district court; and [] the likelihood that discovery will lead to relevant evidence." *2910 Ga. Ave. LLC v. District*

*of Columbia*, 312 F.R.D. 205, 208 (D.D.C. 2015) (quoting *In re Rail Freight Fuel Surcharge Antirust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011)).  The decision whether to modify a scheduling order is ultimately "within the sound discretion of the trial court."  *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012).

## ARGUMENT

### I.   ALL OF THE FACTORS COURTS CONSIDER WARRANT PERMITTING PLAINTIFFS TO SERVE MS. ELLIS THROUGH ALTERNATIVE MEANS.

The Court should permit Plaintiffs to serve Ms. Ellis by means other than in-person delivery.  As this Court has already recognized and Plaintiffs have already briefed, alternative services is permitted under Rule 45.  *See* ECF No. 34; December 20, 2022 Minute Order.  As shown below, all of the factors courts consider when determining if alternative service is warranted are present here.

#### A.   Ms. Ellis Is Aware That Plaintiffs Are Attempting Service.

Ms. Ellis is surely aware of Plaintiffs' lawsuit, their interest in her personal knowledge, and at least some of Plaintiffs' attempts to serve her.  As an initial matter, Ms. Ellis has been added to Defendant's initial disclosures.  It stands to reason that she is aware that Defendant has listed her as a witness with information and that Plaintiffs would therefore seek that information. Additionally, Plaintiffs have attempted to serve the Ellis Subpoena via Kleinbard Counsel who stated that they were "discussing" Plaintiffs' requests "with Ms. Ellis."  (Ex. 7 at 10.)  *See also In re Shur*, 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (noting that when counsel who represents a third-party witness in an unrelated matter "disclaim[s] authority to accept the subpoena on [the witness]'s behalf, counsel communicated to [the witness] the contents of that document"). Plaintiffs' servers have attempted service at an address where Ms. Ellis is believed to have recently resided and where her mother currently resides.  (Ex. 8; Ex. 10 at 1; Ex. 12 at 1–2.)

Moreover, Ms. Ellis is plainly aware that she has personal knowledge relevant to various aspects of Defendant Giuliani's broader scheme to undermine the 2020 election—conduct that is intimately related to the issues in this case, as evidenced by her sitting for a deposition with the Select Committee to Investigate the January 6th Attack on the United States Capitol.  Ms. Ellis is also lawyer and therefore familiar with the legal system and the mechanics of serving a witness.

**B.   Plaintiffs Have Made Reasonable, Diligent Efforts To Serve Ms. Ellis.**

As detailed above, Plaintiffs have made reasonable, diligent efforts to serve Ms. Ellis.  *See, e.g.*, ECF No. 34 at 16.  Plaintiffs have spent considerable time and money trying to serve Ms. Ellis via Kleinbard Counsel, at her last known address, and with the assistance of Defendant.  *See supra.*

**C.   The Proposed Method Of Alternative Service Is Reasonably Calculated To Ensure Receipt Of The Ellis Subpoena.**

Plaintiffs seek to serve Ms. Ellis by alternate means through any method preferred by this Court, including as permitted by Rule 4 and District of Columbia law.  *See* Fed. R. Civ. P. 4(e)(1); *Sanchez v. Yu Lin Corp.*, No. 21-CV-2119 (TSC), 2022 WL 4598653, at *3 (D.D.C. Sept. 30, 2022).  Federal Rule of Civil Procedure 4(e)(1) allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made."

As this Court has already recognized in granting Plaintiffs' Motion for Alternative Service of Katherine Friess, ECF No. 34, District of Columbia law allows Plaintiffs to employ "alternative methods of service" when "the court determines that, after diligent effort, a party has been unable to accomplish service by a method" specifically prescribed by District of Columbia law. D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A).  *See* ECF No. 34 at 17; December 20, 2022 Minute Order.

Here, Plaintiffs propose six alternate means of service that will give actual notice of the action to Ms. Ellis: by (1) emailing a copy of any order authorizing alternative service and the

subpoena to Kleinbard Counsel[7], (2) sending a copy of the order and confirmatory copy of the subpoena to of the Colorado address Plaintiffs have attempted to serve Ms. Ellis at three times, (3) emailing a copy of the order and confirmatory copy of the subpoena to the email addresses Plaintiffs have for Ms. Ellis[8], (4) sending a copy of the order and confirmatory copy of the subpoena to Ms. Ellis via direct message to her Twitter account[9], (5) sending a copy of the order and confirmatory copy of the subpoena to Ms. Ellis via direct message to her Instagram account[10], and (6) sending a copy of the order and confirmatory copy of the subpoena to Ms. Ellis via direct message to her Facebook account.[11]   These methods are similar to those previously approved by courts in this District under Rule 45.  *See* ECF No. 34; December 20, 2022 Minute Order.

## II.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER TO ALLOW PLAINTIFFS PERMISSION TO CONDUCT THREE DEPOSITIONS AFTER CLOSE OF FACT DISCOVERY.

Good cause exists to support the requested modifications to the Scheduling Order permitting Plaintiffs to conduct the depositions of Ms. Ellis, Giuliani Communications LLC, and Giuliani Partners LLC, and to request any related relief, after the close of discovery.  *See* Fed. R. Civ. P. 16(b)(4).  As to Ms. Ellis, if the Court grants the instant motion and permits Plaintiffs to serve Ms. Ellis by alternative means, Rule 45 requires Plaintiffs to provide Ms. Ellis with "reasonable" time to comply with the Ellis Subpoena.  While courts differ on what constitutes reasonable time, this District's local rules provide that "14 days shall constitute reasonable notice" where the "deposition is to be taken at a place more than 50 miles from the District of Columbia." U.S. District Court for the District of Columbia LCvR 30.1.  As such, even if this Motion were to

---

[7] mhaverstick@kleinbard.com; jvoss@kleinbard.com; svance@kleinbard.com
[8] jellis@donaldtrump.com; jenna.ellis.esq@gmail.com.
[9] @JennaEllisEsq.
[10] @JennaEllisEsq.
[11] @JennaEllisEsq45.

be granted today and alternative service was effectuated tomorrow, Plaintiffs—in keeping in line with the 14 day notice requirement given Ms. Ellis' apparent residence in Florida—would be unable to depose Ms. Ellis until at least May 24, 2023, two days after discovery is set to close in this case.

As to the Giuliani Businesses, it will be most efficient—for the parties, the witnesses, and the Court—to permit Plaintiffs to conduct the 30(b)(6) depositions of the Giuliani Businesses after the close of discovery.  Rather than deposing the Giuliani Businesses' 30(b)(6) designees once before Defendant produces additional discovery and once after Defendant produces additional discovery, the Court should permit leave for Plaintiffs to take the depositions after the Court has ruled on Plaintiffs' Motion to Compel, and, if Plaintiffs' Motion to Compel is granted, after Defendant produces the compelled materials.

## CONCLUSION

For the reasons discussed, Plaintiffs respectfully request the Court issue an order approving alternative service of the Ellis Subpoena on Jenna Ellis by any alternative means of service preferred by this Court, including by (1) emailing a copy of any order authorizing alternative service and the subpoena to Kleinbard Counsel, (2) sending a copy of the order and confirmatory copy of the subpoena to of the Colorado address Plaintiffs have attempted to serve Ms. Ellis at thee times, (3) emailing a copy of the order and confirmatory copy of the subpoena to the email addresses Plaintiffs have for Ms. Ellis, (4) sending a copy of the order and confirmatory copy of the subpoena to Ms. Ellis via direct message to her Twitter account, (5) sending a copy of the order and confirmatory copy of the subpoena to Ms. Ellis via direct message to her Instagram account, and (6) sending a copy of the order and confirmatory copy of the subpoena to Ms. Ellis via direct message to her Facebook account.  In addition Plaintiffs respectfully request the Court issue an

order permitting Plaintiffs to take the deposition of Ms. Ellis, Giuliani Partners LLC, and Giuliani

Communications LLC, and any related relief, outside the fact discovery period.

DATED:  May 9, 2023

*s/ John Langford*
**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

Sara Chimene-Weiss*
15 Main St., Suite 312
Watertown, MA 02472
Tel: (202) 579-4582
brittany.williams@protectdemocracy.org
sara.chimene-weiss@protectdemocracy.org

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

*Admitted *pro hac vice*

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
J. Tyler Knoblett (1672514)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

***Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2023, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.  I hereby certify that on May 9, 2023, a courtesy copy of the foregoing document was emailed to Jenna Ellis' former Kleinbard Counsel at mhaverstick@kleinbard.com.

Dated:  May 9, 2023

*s/ John Langford*_____
**UNITED TO PROTECT DEMOCRACY**
John Langford*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582

*Admitted *pro hac vice*