**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN<br><br>*and*<br><br>WANDREA MOSS,<br><br>      *Plaintiffs*,<br><br>   v.<br><br>RUDOLPH W. GIULIANI,<br><br>      *Defendant*. | Civil Action No. 21-cv-3354 (BAH)<br><br> Judge Beryl A. Howell |

## PLAINTIFFS' UNOPPPOSED MOTION FOR AN ORDER PERMITTING PLAINTIFFS TO NOTICE FOR DEPOSITION AND DEPOSE THIRD PARTY RAY SMITH AFTER THE CLOSE OF FACT DISCOVERY AND FOR CLARIFICATION OF THE SCHEDULING ORDER

Plaintiffs Ruby Freeman and Wandrea' ArShaye ("Shaye") Moss ("Plaintiffs") respectfully move this Court to permit Plaintiffs to conduct the deposition of third-party Ray Smith after fact discovery closes on May 22, 2023, and for clarification regarding the  August 31, 2022, Scheduling Order's (the "Scheduling Order") specification that document productions be complete on May 22, 2023.[1]

### BACKGROUND

As detailed in one of their most recent filings, Plaintiffs have been diligent about pursuing discovery over the past year.  *See* ECF No. 58 at 1–4.  Plaintiffs now seek the Court's permission

---

[1] Pursuant to Local Civil Rule 7(m), before Plaintiffs filed this motion, counsel for Plaintiffs notified counsel for Defendant of Plaintiffs' intention to file this motion.  Defendant indicated that he would not oppose the motion.  This is the third motion regarding the Scheduling Order, it is being filed at least four days prior to any current deadlines in the Scheduling Order, two previous motions regarding the Scheduling Order have been sought and granted, and there is good cause to support the instant request.

to notice for deposition and depose third-party Ray Smith after the close of fact discovery, and for clarification regarding one aspect of the Scheduling Order.[2]

A.    **Plaintiffs attempted to depose Ray Smith during the fact discovery period, but his counsel refused at the eleventh hour.**

Under the current Scheduling Order, fact discovery is set to close on May 22, 2023. Plaintiffs are seeking the assistance of the Court only as a last resort, as it has become obvious that third-party Ray Smith will be obstinate and unreasonable in response to Plaintiffs' efforts to obtain his deposition under Rules 30 and 45. Plaintiffs have identified Mr. Smith as a third-party witness who might possess information relevant to their claims and reached out to Mr. Smith directly to coordinate a deposition. As detailed herein, Plaintiffs attempted to work in good faith with Mr. Smith and his counsel to schedule his deposition.

On April 19, 2023, Plaintiffs' counsel, Von A. DuBose, spoke with Ray Smith and informed him that Plaintiffs would like to take his deposition. Declaration of Von A. DuBose ("DuBose Decl.") ¶ 2. Mr. Smith responded to Plaintiffs' counsel, indicating that he would like to speak with his counsel before agreeing to sit for deposition. *Id.* ¶ 3. On April 25, 2023, Plaintiffs' counsel followed up with Mr. Smith via email, stating "Ray – I'm following up to see if you've had a chance to speak with your counsel regarding the issue of a potential deposition. Let me know if you want/need to jump on a call sometime tomorrow." *Id.* ¶ 4. Mr. Smith responded on April 25, 2023: "In process. Will have a response by weeks end." *Id.* On April 26, 2023, Mr. Smith left Plaintiffs' counsel Mr. DuBose a voice message stating that he had been

---

[2] Plaintiffs note that—because the Court permitted Plaintiffs to take the 30(b)(6) depositions of Giuliani Partners LLC and Giuliani Communications LLC outside of the fact discovery period (noticed for June 27 and June 29 respectively), and that the testimony from those witnesses may be critical to Plaintiffs' expert discovery—Plaintiffs may seek an extension of the expert disclosures deadline, but do not seek such an extension in this motion.

advised by counsel not to sit for deposition.  DuBose Decl. ¶ 5.  Mr. Smith asked Mr. DuBose to contact his counsel, Bruce Morris.  *Id.*

Mr. DuBose contacted Mr. Morris on May 1, 2023, and informed Mr. Morris that he would like to depose Mr. Smith.  *Id.* ¶ 6.  Mr. Morris indicated that they would file a motion to quash because Mr. Smith was "something between a target and witness" in the Fulton County District Attorney's investigation of the 2020 election.  *Id*.  On May 3, 2023, Plaintiffs sent Mr. Morris a copy of the subpoena and asked him to inform them by the close of business on May 4th if he was authorized to accept service.  *Id.* ¶ 7.  Mr. Morris did not respond to that email.  *Id.*  As a precaution, Mr. Smith's subpoena package was forwarded to his place of business via Fed Ex the next day, May 5, 2023.  *Id.*

On May 5, 2023, Randolph Evans emailed Mr. DuBose, stating that he represents Mr. Smith and confirmed that Mr. Smith had received a subpoena package issued by this Court.  Mr. Evans asked Mr. DuBose to contact him "to discuss Ray's situation so that we can hopefully save a lot of time and expense for everyone."  *Id.* ¶ 8.  Mr. DuBose spoke with Mr. Evans on May 5th and Mr. Evans informed him that Mr. Smith intends to assert his 5th amendment right against self-incrimination in response to all questions posed during Plaintiffs' deposition.  *Id.* ¶¶ 8–9.  Mr. DuBose agreed to work with Mr. Evans to determine whether there was a way the two sides could streamline a deposition such that there was not a need to individually pose each question.  *Id.* ¶ 10. On May 9, 2023, Mr. Evans proposed that he fly back to Atlanta (from a trial in Missouri) on May 16, 2023, and allow Mr. Smith to sit for a 4 p.m. deposition.  *Id.* ¶ 11.  Mr. DuBose accepted Mr. Evans' offer to start the deposition on May 16, 2023 at 4 p.m., and arrangements were made for a court reporter and videographer.  *Id.* ¶ 12.

On May 12, 2023, Mr. DuBose forwarded to Mr. Evans a revised subpoena reflecting their agreement as to the time and place of the deposition and asking him to accept service of the revised subpoena on Mr. Smith's behalf. *Id.* ¶ 13. On May 12, 2023, Mr. DuBose also informed Mr. Evans of Plaintiffs' belief that blanket assertions of the Fifth Amendment right against self-incrimination at deposition were improper. *Id.* ¶ 14. Mr. DuBose further stated that if the two sides do not come up with a procedurally proper way for Mr. Smith to assert his Fifth Amendment rights in response to all deposition questions, the deposition would likely need to start earlier than 4 p.m. *Id.* ¶ 15. In response, Mr. Evans asked Mr. DuBose to forward the deposition topics Plaintiffs intended to cover in Mr. Smith's deposition. *Id.* ¶ 16. Mr. Evans further responded that perhaps Mr. Morris was correct about the need to file a motion to quash and that they may need to contact Fulton County District Attorney, Fani Willis. *Id.* ¶ 17. Mr. DuBose complied and forwarded to Mr. Evans Plaintiffs' deposition topics. *Id.*

Mr. DuBose did not hear from Mr. Evans over the weekend and after sending Plaintiffs' deposition topics. *Id.* ¶ 18. On May 15th, Mr. DuBose contacted Mr. Evans and asked if Mr. Smith would be moving to quash the subpoena or if Plaintiffs could expect the deposition to go forward as agreed on May 16, 2023 at 4 pm. *Id.* ¶ 10. Mr. Evans responded to Mr. DuBose's text message with the email attached to the DuBose Declaration as Exhibit 1.

### B. Plaintiffs seek clarification on the Scheduling Order's specification that all document productions must be complete by the close of fact discovery.

The Court's Scheduling Order specifies that "[b]y May 22, 2023, all fact discovery shall close (including answers to interrogatories, *document production*, requests for admission, and depositions)." (emphasis added). Defendant served his first and only discovery demands on Plaintiffs—a set of Requests for Production—on April 21, 2023, or exactly 30 days prior to the close of fact discovery. DuBose Decl. ¶ 20. Plaintiffs are endeavoring to produce documents on

May 22, 2023, but will likely need to provide additional, rolling productions of any non-privileged documents responsive to Defendant's requests, subject to Plaintiffs' objections.   In addition, Plaintiffs expect that several third parties on whom Plaintiffs have served subpoenas *within* fact discovery are likely to produce documents *after* the close of fact discovery.

## LEGAL STANDARD

A court may modify a scheduling order for good cause.   Fed. R. Civ. P. 16(b)(4); *Chen v. Fed. Bureau of Investigation*, No. 22-MC-0074 (CRC), 2022 WL 17851618, at *2 (D.D.C. Oct. 18, 2022) (granting motion to reopen deposition for limited purpose where good cause was shown). In assessing whether "good cause" exists, courts in this Circuit consider "whether the request is opposed; [] whether the non-moving party would be prejudiced; [] whether the moving party was diligent in obtaining discovery within the guidelines established by the court; [] the foreseeability of the need for additional discovery in light of the time allotted by the district court; and [] the likelihood that discovery will lead to relevant evidence."   *2910 Ga. Ave. LLC v. District of Columbia*, 312 F.R.D. 205, 208 (D.D.C. 2015) (quoting *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011)).   The decision whether to modify a scheduling order is ultimately "within the sound discretion of the trial court."   *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012).

**I.     GOOD CAUSE EXISTS TO PERMIT PLAINTIFFS TO SERVE A DEPOSITION NOTICE AND DEPOSE THIRD-PARTY RAY SMITH AFTER THE CLOSE OF DISCOVERY.[3]**

As detailed above, Plaintiffs have made reasonable, diligent efforts to conduct Mr. Smith's deposition prior to the close of discovery.   Indeed, Plaintiffs' counsel engaged Mr. Smith directly

---

[3] It is Plaintiffs' understanding that they may not serve Mr. Smith with a deposition subpoena at this point in time until after the Court grants this motion, given the requirement that the deponent be given reasonable notice of the deposition.

and two of his attorneys on multiple occasions.  Both of Mr. Smith's attorneys were presented with copies of the subpoena and they each refused to accept service.  Mr. Evans even refused to accept service after he and Mr. Smith agreed to conduct the deposition on a specific date and time.  It has now become apparent that Plaintiffs will need to serve Mr. Smith personally with the subpoena with sufficient time for him to appear or otherwise object.  Of course, Plaintiffs will continue to confer in good faith with Mr. Smith's counsel notwithstanding his recent conduct.

Good cause exists to permit Plaintiffs to serve a deposition subpoena and conduct Mr. Smith's deposition after the close of discovery.  *See* Fed. R. Civ. P. 16(b)(4).  Per this District's local rules (and those of many other districts), Plaintiffs intend to provide Mr. Smith with at least 14 days of notice because the "deposition is to be taken at a place more than 50 miles from the District of Columbia."  U.S. District Court for the District of Columbia LCvR 30.1.  As such, even if this Motion were to be granted today and personal service was effectuated tomorrow, Plaintiffs—in keeping in line with the 14-day notice requirement, Plaintiffs would be unable to depose Mr. Smith until at least June 1, 2023, nearly two weeks after discovery is set to close in this case.

## II.   GOOD CAUSE EXISTS TO CLARIFIY THAT DOCUMENT PRODUCTIONS MAY CONTINUE AFTER CLOSE OF FACT DISCOVERY FOR REQUESTS AND SUBPOENAS PROPERLY SERVED WITHIN FACT DISCOVERY.

As noted above, Defendant propounded his first and only discovery demands—a set of requests for production—on April 21, 2023.  In addition, Plaintiffs have been diligent in pursuing fact discovery in this case, and have served numerous third-party subpoenas within fact discovery. Plaintiffs are engaged in constructive conversations with many of those third parties, and anticipate that some of those third parties will produce documents after the close of fact discovery.  Defendant is not opposed to an order clarifying that under the Scheduling Order document productions may continue after the close of fact discovery for requests and subpoenas properly propounded and

served within fact discovery.  Neither party will be prejudiced by such productions and all of the requests and outstanding subpoenas seek relevant evidence.  At this time, Plaintiffs do not anticipate the need for additional fact discovery, but reserve the right to ask for additional discovery based on any new information gleaned from additional document productions.

## CONCLUSION

For the reasons discussed, Plaintiffs respectfully request the Court issue an order permitting Plaintiffs to notice for deposition and to take the deposition of Mr. Smith, and any related relief, outside the fact discovery period.  In addition, Plaintiffs respectfully request this Court issue an order clarifying the Scheduling Order's specification that all document productions must be complete by the close of fact discovery.

DATED:  May  17, 2023

*/s/ John Langford*
**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
J. Tyler Knoblett (1672514)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

*Admitted pro hac vice

**Attorneys for Plaintiffs Ruby Freeman and
Wandrea' Moss**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2023, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.  I hereby certify that on May 17, 2023, a courtesy copy of the foregoing document was emailed to Ray Smith's counsel at randy.evans@squirepb.com.

Dated:  May 17, 2023

*/s/ John Langford*
**UNITED TO PROTECT DEMOCRACY**
John Langford*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org

*Admitted *pro hac vice*