# EXHIBIT 1

**From:** Evans, J. Randolph (Randy) <randy.evans@squirepb.com>
**Sent:** Monday, May 15, 2023 10:06 AM
**To:** Von DuBose <dubose@Dubosemiller.com>
**Subject:** RE: Smith Deposition Topics

Von,

Candidly, I am confused.  Since this is likely to be an exhibit to something the Court will read, I wanted to set out some historical context.

When we first spoke, I understood that you wanted a deposition for defensive purposes to make sure that your clients were not ambushed at trial by Ray Smith's testimony.  I had advised you that Ray Smith's deposition implicated several issues including the 5th Amendment, the attorney-client privilege, and work product doctrine among others.  However, I indicated that we would work with you to assure you that Ray Smith would not be offering testimony and we could confirm it in one of several ways.

Notwithstanding our conversations, an initial subpoena was issued but not served and the date for that deposition has since lapse rendering it moot.  In addition, I confirmed that I was in the middle of three trials in Kansas City with pretrial conferences the last two weeks and the trial to start on Monday with final preparations for the second trial (and any related hearings) this week.  Nonetheless, I was willing to fly back to do a quick deposition and return to Kansas City.

Based on my schedule, I indicated that I could try to do tomorrow at 4:00 p.m. for a short deposition (15-20 minutes) to confirm Ray Smith's assertion of the privileges so that you could be assured he would not be offering testimony in your case.  You then sent a revised subpoena to me at 5:39 on Friday May 12 for a May 16 deposition including the production of documents.  You requested I accept service of the subpoena.  Since it is completely inconsistent with what we discussed and is facially invalid, I cannot do so.

Certainly, I must view your subpoena in the context of your email at 2:45 p.m. also on Friday which lists a series of topics for the deposition far exceeding anything we have previously discussed.  Indeed, rather than a defensive deposition to protect your client from ambush, the list of topics clearly demonstrates an offensive use of the deposition which directly implicates the privileges that we have previously discuss.

As you know, the subpoena that you emailed me after the close of business on Friday of Mother's Day weekend is facially defective.  Aside from lack of service, the subpoena does not, as issued, allow a reasonable time to comply under any standard, specifically including the standards applied in the United States District Court for the Northern District of Georgia.  One business day is never enough – even if considered served on Friday, which it was not since I have declined service.  There are many other deficiencies which we can discuss at a future date or in appropriate court filings.

Your email seems to be inviting a motion to quash which is, quite frankly, inconsistent with the burdens imposed in our federal courts (and which I have tried to abide by) to try to work these things out. For the deposition we discussed tomorrow, it is now clear that it will not happen notwithstanding my best efforts.

Based on these facts and circumstances, it would appear that we have two options. First, I am happy to work with you to sort this out as best as possible so that Ray Smith's rights are protected, his clients' privileges are maintained, and there is sufficient opportunity to review the documents you want to see if any can be produced at deposition. Quite frankly, this is a far cry from what we have discussed from the first time we spoke until Friday afternoon.

Or, you can issue a subpoena that allows Ray Smith a sufficient opportunity to comply with both the deposition notice and the accompanying request for documents in accordance with the standards in our District, and (apparently as you prefer), if necessary, we will filed the appropriate motion to quash – unnecessarily taking up the Court's time and unduly burdening Ray Smith with excessive expense and time.

Since what you say and what you write seem to be quite different, please just respond by email or letter. I do want whichever Judge we draw to see the full context and background.

To be clear, your request that I accept service of an untimely deposition notice and subpoena is denied. There will be no deposition tomorrow. If you prefer, you may serve a rule compliant subpoena which you can send to me and if it does afford a reasonable time to comply, and otherwise complies with the applicable statutes and rules, I will accept service. From there, we will take whatever action is appropriate under the federal rules.

The goal is not to unnecessarily drag things out. But, I cannot jeopardize my client's interests or his clients' interest when I am provided "inaccurate, unreliable and incomplete" information. It is indeed unfortunate that we could not comply with what our federal judges expect and work this out. But, sometimes counsel need to hear it from the judge rather than counsel. This may be one of those cases.

**Randy Evans**

# Ambassador J. Randolph Evans (Retired)

Partner
Squire Patton Boggs (US) LLP
One Atlantic Center
1201 W. Peachtree Street, NW
Suite 3150
Atlanta, GA 30309
T  +1 678 272 3215
O  +1 678 272 3200
F  +1 678 272 3211
randy.evans@squirepb.com | squirepattonboggs.com
Find Us: Twitter | LinkedIn | Facebook | Instagram

---

**From:** Von DuBose <dubose@Dubosemiller.com>
**Sent:** Friday, May 12, 2023 2:45 PM
**To:** Evans, J. Randolph (Randy) <randy.evans@squirepb.com>
**Subject:** [EXT] Smith Deposition Topics

DEPOSITION BASICS
PREPARATION FOR DEPOSITION

TRUMP V RAFFENSPERGER & SMITH & LISS VOLUNTEERS
HARRISON AND BRANSON AFFIDAVITS
OBTAINING THE STATE FARM ARENA SECURITY FOOTAGE
PRESENTING THE SFA VIDEO AT THE DEC 3 HEARING
PRE-HEARING CONVERSATIONS
DECEMBER 3, 2020 – GEORGIA HEARING
SOS'S INVESTIGATION AND RESULTS REPORTED
"USB DRIVE" FOOTAGE/VIDEO
EVENTS OF DECEMBER 10, 2020
CLAIMS THAT RUBY FREEMAN HAS A CRIMINAL RECORD
GIULIANI STRATEGIC COMMUNICATIONS PLAN

Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US