IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>*and*<br><br>WANDREA MOSS,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　*Defendant*. | Civil Action No. 21-cv-3354 (BAH)<br><br>Judge Beryl A. Howell |

**JOINT MOTION FOR AN ORDER ALTERING THE AUGUST 31, 2022, SCHEDULING ORDER REGARDING EXPERT DISCOVERY**

Plaintiffs Ruby Freeman and Wandrea' ArShaye ("Shaye") Moss ("Plaintiffs") and Defendant Rudolph Giuliani ("Defendant") respectfully file this joint motion for an order altering the expert discovery deadlines laid out in the Court's August 31, 2022, scheduling order (the "Scheduling Order").[1]

**BACKGROUND**

On August 31, 2022, the Court entered the Scheduling Order, which lays out the deadlines for expert discovery in this case. Relevant here, the Scheduling Order provides that fact discovery close on May 22, 2023; experts be designated and all expert disclosures be made by June 16; rebuttal experts be designated, and accompanying disclosures made, by July 20; and that expert discovery close on August 10.

---

[1] This is the fourth motion regarding the Scheduling Order, it is being filed at least four days prior to any current deadlines in the Scheduling Order, three previous motions regarding the Scheduling Order have been sought and granted, and there is good cause to support the instant request.

As the Court is well aware, and as was discussed at length at the May 19, 2023, hearing on Plaintiffs' motion to compel Mr. Giuliani to produce records and respond to other discovery requests, Plaintiffs have faced significant difficulties in completing fact discovery. Mr. Giuliani himself still has not completed searches and productions of records responsive to Plaintiffs discovery requests, and it has proven difficult to locate, serve, and/or obtain relevant evidence from various third parties. *See, e.g.*, ECF Nos. 34, 44, 58, 59. Because there remained outstanding discovery requests to Mr. Giuliani and outstanding subpoenas to third parties, Plaintiffs moved for an order clarifying that Plaintiffs may continue to obtain relevant discovery after the close of fact discovery on May 17, and the Court granted that motion on May 18. *See* Minute Order (May 18, 2023).

For example, among the evidence Plaintiffs are still working diligently to obtain is evidence of the reach of Defendant's statements that Plaintiffs allege to be defamatory in this case. Plaintiffs have requested records reflecting the reach metrics from Mr. Giuliani directly, and Plaintiffs have separately subpoenaed records from, and noticed Rule 30(b)(6) depositions of, Giuliani Partners, LLC and Giuliani Communications, LLC (collectively, the "Giuliani Businesses"), which Plaintiffs believe may have access to that evidence. With respect to Plaintiffs requests to Mr. Giuliani directly, Plaintiffs are continuing to try to work with Mr. Giuliani's counsel to have Mr. Giuliani provide those records while their motion to compel remains pending. With respect to the document subpoenas to the Giuliani Businesses, the production date of May 10, 2023, has come and gone with no progress, and Plaintiffs are working with Mr. Giuliani's counsel in this matter to try to negotiate a search and production. With respect to the 30(b)(6) depositions, the Plaintiffs moved for an order permitting Plaintiffs to take those after the close of

fact discovery, ECF No. 58, and the Court granted that motion on May 10, 2023. *See* Minute Order (May 10, 2023). Those depositions are currently noticed for the end of June.

Given these and other difficulties of obtaining evidence that could underlie or inform an expert opinion, the parties ask that the Court modify the expert discovery deadlines as follows: the parties shall make initial expert designations and disclosures by July 28, 2023; the parties shall make rebuttal expert designations and disclosures by August 11, 2023; and by September 1, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated. The parties do not currently anticipate further modification of the Scheduling Order, such that, by September 11, 2023, the parties shall file any dispositive motions, with any opposition due on September 25, 2023, and any replies due October 2, 2023, as per the current Scheduling Order.

## LEGAL STANDARD

A court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). In assessing whether "good cause" exists, courts in this Circuit consider "whether the request is opposed; [] whether the non-moving party would be prejudiced; [] whether the moving party was diligent in obtaining discovery within the guidelines established by the court; [] the foreseeability of the need for additional discovery in light of the time allotted by the district court; and [] the likelihood that discovery will lead to relevant evidence." *2910 Ga. Ave. LLC v. District of Columbia*, 312 F.R.D. 205, 208 (D.D.C. 2015) (quoting *In re Rail Freight Fuel Surcharge Antirust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011)). The decision whether to modify a scheduling order is ultimately "within the sound discretion of the trial court." *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012).

## ARGUMENT

**I.   GOOD CAUSE EXISTS TO MODIFY THE EXPERT DISCOVERY DEADLINES.**

All of the factors courts consider in determining whether good cause exists to modify a scheduling order weigh in favor of modifying the expert discovery schedule here. The request is jointly made and neither party would be prejudiced. As detailed above, in numerous other filings, and at the May 19, 2023, hearing on Plaintiffs' motion to compel, Plaintiffs have worked hard to comply with the current Scheduling Order. Because of the difficulties in obtaining discovery from Mr. Giuliani and various third parties, including Mr. Giuliani's businesses, however, Plaintiffs currently lack critical evidence that could underly or inform an expert opinion on the extent of harm Mr. Giuliani caused Plaintiffs. Neither party expects that modifying the expert discovery schedule would necessitate additional discovery, beyond the proposed period for expert discovery. Modifying the expert discovery schedule here will lead to disclosure of relevant evidence, as any expert designations are likely to lead to the disclosure of relevant evidence.

## CONCLUSION

For the reasons discussed, the parties respectfully request this Court issue an order amending the Scheduling Order to provide that the parties shall make initial expert designations and disclosures by July 28, 2023; the parties shall make rebuttal expert designations and disclosures by August 11, 2023; and by September 1, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated.

DATED:  June 5, 2023

| | |
|---|---|
| */s/ John Langford* | */s/ Joseph Sibley* |
| **UNITED TO PROTECT DEMOCRACY** | **CAMARA & SIBLEY L.L.P.** |
| John Langford* | Joseph D. Sibley IV |
| Rachel Goodman* | DC Bar ID: TX0202 |
| 82 Nassau Street, #601 | 1108 Lavaca St. |
| New York, NY 10038 | Suite 110263 |
| Tel: (202) 579-4582 | Austin, TX 78701 |
| john.langford@protectdemocracy.org | Telephone: (713) 966-6789 |
| rachel.goodman@protectdemocracy.org | Fax: (713) 583-1131 |
| | Email: sibley@camarasibley.com |
| **WILLKIE FARR & GALLAGHER LLP** | |
| Michael J. Gottlieb (974960) | *Counsel for Defendant* |
| Meryl C. Governski (1023549) | |
| J. Tyler Knoblett (1672514) | |
| 1875 K Street NW | |
| Washington, DC 20006 | |
| Tel: (202) 303-1000 | |
| Fax: (202) 303-2000 | |
| mgottlieb@willkie.com | |
| mgovernski@willkie.com | |
| jknoblett@willkie.com | |

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

**Admitted pro hac vice*

***Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss***

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

Dated:  June 5, 2023                                  */s/ John Langford*
                                                             **UNITED TO PROTECT DEMOCRACY**
John Langford*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org

*Admitted *pro hac vice*