IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Judge Beryl A. Howell |

**DECLARATION OF M. ANNIE HOUGHTON-LARSEN IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL BERNARD KERIK TO PRODUCE A DOCUMENT-BY-
DOCUMENT PRIVILEGE LOG AND TO PRODUCE DOCUMENTS AND TESTIMONY
IMPROPERLY WITHHELD AS PRIVILEGED**

I, M. Annie Houghton-Larsen, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the following Declaration is based on my personal knowledge.

2. I represent Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss in the above captioned case, and submit this Declaration in support of Plaintiffs' Motion to Compel Bernard Kerik to Produce a Document-by-Document Privilege Log and to Produce Documents and Testimony Improperly Withheld as Privileged.

3. Plaintiffs first contacted counsel for Mr. Kerik regarding service of a subpoena on August 3, 2022. Mr. Kerik's counsel did not accept service at that time, leading Plaintiffs to attempt to personally serve Mr. Kerik. Plaintiffs' process servers struggled to serve Mr. Kerik. Plaintiffs were only able to personally serve Mr. Kerik in the morning after Plaintiffs' servers waited over night for Mr. Kerik to emerge from a non-residential location. Plaintiffs' attempts to serve Mr. Kerik ultimately totaled over $15,000.

4. After over a dozen attempts to personally serve Mr. Kerik and extensive conferral by email, counsel for Mr. Kerik accepted service via email of Plaintiffs' Rule 45 subpoena for

documents and deposition testimony (the "First Kerik Subpoena") on November 14, 2022. The deposition was noticed for December 14, 2022 in New York, NY.

5. On August 5, 2022, prior to accepting service of the First Kerik Subpoena, counsel for Mr. Kerik "reactivated" a public link to a collection of the 53 documents, including a privilege log ("Kerik Privilege Log"), that Mr. Kerik gave to the Select Committee to Investigate the January 6th Attack on the U.S. Capitol ("Select Committee") "as a courtesy." On August 12, 2022, Plaintiffs communicated that the 53 documents were insufficient to fulfill Mr. Kerik's discovery obligations under the First Kerik Subpoena.

6. On November 21, 2022, Plaintiffs agreed to narrow the requests and provided examples of emails produced during discovery that were sent to Mr. Kerik but were not present in his production to the Select Committee.

7. On December 21, 2022, counsel for Mr. Kerik stated "I have been extremely busy the past few weeks" and responded that "Mr. Kerik has looked and we do not seem to have any additional responsive documents to provide"

8. On February 24, 2023, counsel for Mr. Kerik claimed, for the first time, that he accepted service of the First Kerik Subpoena on the condition that Mr. Kerik's deposition occur virtually. To avoid a prolonged dispute about the existence of a conditional acceptance, Plaintiffs served Mr. Kerik via personal service with a Rule 45 subpoena for documents and deposition testimony (the "Second Kerik Subpoena") on March 5, 2023. The deposition was noticed for March 20, 2023 in New York, NY.

9. Mr. Kerik's counsel, who lives in D.C., indicated that Mr. Kerik would not attend the deposition in New York and asked that the deposition instead take place in D.C.

10. Mr. Kerik has never formally responded, objected, or produced any documents or a privilege log after accepting service of the three Kerik Subpoenas. To date, the 53 publically available documents produced to the Select Committee are the only materials Mr. Kerik has

provided to Plaintiffs.

11. On June 9, 2023, Plaintiff reached out to inquire whether Mr. Parlatore would accept service of this motion by electronic means. Three minutes after Plaintiffs sent that inquiry, Mr. Parlatore responded claiming that his client had refused to permit him to accept service by email "given the total lack of courtesy that you have given me throughout this matter."

12. Pursuant to the Court's Standing Order 5b, attached is an index of the exhibits that are listed below.

13. Attached as Exhibit 1 is a true and correct excerpted copy of Defendant Giuliani's deposition in this action dated March 1, 2023.

14. Attached as Exhibit 2 is a true and correct excerpted copy of Mr. Kerik's deposition testimony in this case, dated March 20, 2023.

15. Attached as Exhibit 3 is a true and correct excerpted copy of Mr. Kerik's testimony before the District of Columbia Court of Appeals Board on Professional Responsibility *In the Matter of Rudolph Giuliani* (the "D.C. Bar Hearing in *In re Giuliani*").

16. Attached as Exhibit 4 is a true and correct copy of an email dated December 28, 2020 sent by Bernard Kerik to Mark Meadows attaching the Giuliani Strategic Communications Plan beginning with Bates Nos. 076-R000001890_00001 and entered as Exhibit 3 in the deposition of Mr. Kerik in this action.

17. Attached as Exhibit 5 is a true and correct copy of a compilation of six tweets published by Bernard Kerik on December 3, 2020 through December 28, 2020, with the replies omitted for brevity.

18. Attached as Exhibit 6 is a true and correct copy of the Kerik Privilege Log as produced to the Select Committee to Investigate the January 6th Attack on the U.S. Capitol.

19. Attached as Exhibit 7 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Mr. Kerik ending on March 17, 2023

20. Attached as Exhibit 8 is a true and correct copy of the Third Kerik Subpoena dated March 15, 2023.

21. Attached as Exhibit 9 is a chart reflecting the Withheld Testimony at issue in this Motion.

22. Attached as Exhibit 10 is a true and correct copy of the letter dated March 27, 2023 that was sent to Mr. Kerik's counsel following Mr. Kerik's deposition.

23. Attached as Exhibit 11 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Mr. Kerik ending on June 7, 2023.

24. Attached as Exhibit 12 is a true and correct excerpted copy of the discovery hearing before this Court on May 19, 2023.

25. Attached as Exhibit 13 is a true and correct excerpted copy of Defendant Giuliani's testimony from the D.C. Bar Hearing in *In re Giuliani*.

26. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2023.

    */s/ M. Annie Houghton-Larsen*
WILLKIE FARR & GALLAGHER LLP
M. ANNIE HOUGHTON-LARSEN
(*admitted pro hac vice*)
787 Seventh Ave.
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-9000
mhoughton-larsen@willkie.com

**Attorney for Plaintiffs Ruby Freeman and Wandrea' Moss**