# EXHIBIT 10

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 27, 2023

**VIA EMAIL**
**Timothy Parlatore**
PARLATORE LAW GROUP
One World Trade Center
Suite 8500
New York, New York, 10007
212-679-6312
timothy.parlatore@parlatorelawgroup.com

Re:     *Freeman v. Giuliani*, 1:21-cv-21-3354 (BAH)

Dear Mr. Parlatore,

      I write regarding the unresolved deficiencies in Mr. Bernard Kerik's responses to Plaintiffs' third-party subpoena (the "Kerik Subpoena"). As you are well aware, we have been in communication about our Rule 45 request for documents from Mr. Kerik since August 3, 2022. Since August 2022, Mr. Kerik has only provided Plaintiffs the 53 documents that he previously produced to the January 6th Committee (the "Committee Production"), which include a privilege log and seven non-responsive indexes. In the seven months since that time, Mr. Kerik has not produced any additional documents, even after Plaintiffs provided him with a narrowed set of discovery requests on November 21, 2022 and identified specific documents involving Mr. Kerik that were missing from his production. To date, Mr. Kerik has never provided formal objections and responses, and therefore has waived his right to object. *See Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998).

      During Mr. Kerik's deposition on March 20, 2023, which took place in Willkie's office in Washington, D.C., Mr. Kerik testified that he maintains an electronic folder of documents related to his investigation into election issues (the "Folder"), that he reviewed the Folder in preparation for his deposition, and that his recollection was refreshed upon reviewing the Folder. Mr. Kerik must produce any responsive, non-privileged materials in the Folder, *see* Fed. R. Civ. Pr. 26, 45; *Shvartser v. Lekser*, 292 F. Supp. 3d 272 (D.D.C. 2018), and any materials that refreshed Mr. Kerik's recollection. *See* Fed. R. Evid. 612; *see, e.g.*, *Eckert v. Fitzgerald*, 119 F.R.D. 297, 299 (D.D.C. 1988). During the deposition, you also improperly instructed Mr. Kerik not to answer on the purported basis of work product privilege on numerous occasions.

March 27, 2023
Page 2

      As you are aware, during the Defendant's DC Bar Hearing in December 2022, both Mr. Kerik and Ms. Christina Bobb testified that Mr. Kerik played a central role in Defendant' Giuliani's efforts and communicated regularly with him. Ms. Bobb testified that "Bernie Kerik was the main investigator, who obviously they have a long history. So everybody respected that. So he, in theory, was kind of the funnel, but it was so chaotic." (DC Bar Hearing, C. Bobb at 800:3-7.) In response to the question "And you were not the only person funneling information to the mayor, but you -- you were one of the people and -- and one of the main people funneling. Would that be fair to say?," Mr. Kerik testified "Yes, sir." (DC Bar Testimony, B. Kerik at 825:2-7.) Mr. Kerik further testified that "You know, the mayor had -- not a lot of people had access to the mayor's email address, so most of the stuff that was emailed to the mayor came to my email or came through me, or it was handed to me. If I thought it was important for the mayor to see it, personally, I would give it to him. If I thought it was something he was working on, I would refer it to him and then get him what we got." (*Id*. at 828:17-829:3.)

      In order to resolve this dispute and avoid unnecessary motions practice, please (1) produce all responsive non-privileged documents to us by March 30, 2022, (2) produce all documents that Mr. Kerik reviewed in advance of his deposition which refreshed Mr. Kerik's recollection, and (3) produce a document-by-document privilege log of all responsive documents Mr. Kerik is withholding. We expect that the privilege log and the assertions of privilege will reflect the determination by Defendant's counsel that the investigation into Plaintiffs and voter fraud allegations about State Farm Arena are not covered by any applicable privilege.

*   *   *

      If we are unable to resolve this dispute, Plaintiffs will seek appropriate relief from the Court.

Sincerely,

*/s/ M. Annie Houghton-Larsen*
M. Annie Houghton-Larsen