# EXHIBIT 11

| | |
|---|---|
| **From:** | Timothy Parlatore, Esq. |
| **To:** | Houghton-Larsen, M Annie |
| **Cc:** | Joe Sibley; Gottlieb, Michael; Governski, Meryl Conant; John Langford; Sara Chimene-Weiss; MacCurdy, Maggie; Ryan, Timothy |
| **Subject:** | RE: Freeman v. Giuliani - Telephonic Conference Request |
| **Date:** | Wednesday, June 7, 2023 2:44:22 PM |

<div align="center">

**\*\*\* EXTERNAL EMAIL \*\*\***

</div>

Understood. We have had a bit of a technical glitch here, which is why I haven't yet been able to share the withheld documents with Mr. Sibley. We had copied all the non-privileged docs to a folder for disclosure to the committee, but had not similarly copied the withheld documents to a separate folder. We need to go back to the original files from Mr. Kerik to redo that. Obviously, this matter was closed almost 2 years ago, so it is taking us some time and there are other more pressing matters that have taken priority.

As Mr. Kerik is not the privilege holder, I will need to confer with Mr. Sibley. Once the documents are compiled, I will do that.



CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, Jun 7 2023 at 14:25, M Annie Houghton-Larsen <MHoughton-Larsen@willkie.com> wrote:

> Mr. Parlatore,
>
>
> Your email of May 31 represented that you would provide a response to our questions regarding your privilege assertions by "early this week." We relied on that representation and deferred filing our motion in another effort in this now months'-old exchange to avoid motions practice. Having once again received no response from you regarding our inquiries relating to your client's documents, we will be filing our motion promptly.
>
>
>
> **M.Annie Houghton-Larsen**
> **Willkie Farr & Gallagher LLP**
> 787 Seventh Avenue | New York, NY 10019-6099
> Direct: +1 212 728 8164 | Fax: +1 212 728 9164

mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Wednesday, May 31, 2023 6:43 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

More threats and posturing. Is Wilkie generally opposed to civility in the profession? I recognize that it does increase the billable hours but does not ensure a speedy or efficient resolution.

To be clear, your original demand included an undeniably false claim of privilege waiver. This afternoon is the first time that we have gotten an accurate description of the limits of the privilege. You are unwilling to revise your demand based on your previous undeniably false claims of privilege waiver. That's fine, but you are going to have to give more time to respond, now that we finally have an accurate agreement on what is and is not privileged. I will get you a response by early next week. If you feel the necessity to file a motion before that time, ensure that the Court is informed that we are still working on this based on your belated discovery that there is no waiver, but that you felt a motion was necessary before a meaningful meet and confer can be conducted.

As to your demand for another short deposition on these limited questions, I presume that this will be by Zoom?

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you

are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, May 31 2023 at 17:21, M Annie Houghton-Larsen <MHoughton-Larsen@willkie.com> wrote:

We have already explained that, based on the deficiencies in the privilege log you provided, we cannot determine precisely which of the documents on the privilege log are (a) not privileged, based on what Mr. Sibley has described below; and/or (b) subject to a waiver, including the waiver relating to the Giuliani Strategic Communications Plan.  We have laid this out previously at some length, including our letter dated March 27 emails dated April 20, May 22, and today.  If you would like to cure the deficiencies in your privilege log, that would of course enable our ability to make a more precise document-by-document assessment.

We will be filing a motion to compel no later than 6/6.  Our position in that motion will be that: (1) all of the 37 documents logged as communications relating to external messaging are not privileged, and to the extent those communications address the Giuliani Strategic Communications Plan, Defendant Giuliani has already confirmed those materials are not privileged; (2) all of the 5 documents logged as emails about legislative meetings are not privileged, as Mr. Sibley has admitted below; (3) the packets of evidence that accompanied the affidavits are not privileged, for reasons we laid out previously; (4) your instructions to Mr. Kerik to refuse answering the questions we identified below were improper, as the information sought did not relate to legal advice rendered in anticipation of litigation and Mr. Kerik and/or Mr. Giuliani have testified regarding similar subjects in this litigation and the past; and (5) the categorical privilege log you provided is insufficient as a matter of law because it deprives Plaintiffs of the ability to assess your privilege assertions

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Wednesday, May 31, 2023 4:07 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>

**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

<div style="background-color: yellow; text-align: center">

**\*\*\* EXTERNAL EMAIL \*\*\***

</div>

I appreciate the effort to recast the misrepresentations regarding the nonexistent waiver. However, even accepting your statement, the universe of potentially discoverable documents is markedly smaller than your original demand. Please modify and resend.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, May 31 2023 at 15:56, M Annie Houghton-Larsen <MHoughton-Larsen@willkie.com> wrote:

> Mr. Parlatore, our objection is and has consistently been that the withheld materials are **either** not privileged at all **or** that any applicable privilege was waived.  As Mr. Giuliani's counsel has now clarified that it is his position that those materials were never privileged in the first place. Our objections and request remain the same.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099

Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Wednesday, May 31, 2023 3:48 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

Wait, you made a demand to me based on a material misrepresentation of an alleged waiver that we now know does not exist.  How can your demand possibly remain the same based on the clarification provided by Mr. Sibley?  I am asking you to narrow your demand to only those documents and questions that fit within the narrowed scope of what is not privileged, as clarified by Mr. Sibley, rather than the broad demand which was based on a fabricated claim of waiver.  Once I receive that, I will review the requested documents with Mr. Sibley in advance of a meet and confer.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, May 31, 2023 at 3:37 PM, Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

Thank you for clarifying Joe.  This is why we suggested that Mr. Kerik provide you and Mr. Giuliani with copies of the materials he is withholding in order to narrow or obviate the need for our motion to compel.  From your response, Plaintiffs understand that Mr. Kerik has not done so.

Mr. Parlatore, our position remains the same as it has for over a month.  We request that Mr. Kerik produce the 43 documents identified in my email dated April 20, produce a document-by-document privilege log of the remaining withheld documents, and agree to provide testimony in response to the questions Mr. Kerik was instructed not to answer during his deposition.  We have previously laid out our objections, in a letter and emails—any potential waiver of privilege is secondary to the fundamental point that many of the materials that Mr. Kerik is withholding are not privileged in the first place.  Plaintiffs' understanding has now been confirmed by Mr. Sibley in this email chain and by Judge Howell during the May 19th conference referenced below.

Please promptly advise whether Mr. Kerik will produce any of the withheld documents or testimony based on the below clarifications from Mr. Sibley, and if so, which documents and testimony and when.

If we do not have a commitment from Mr. Kerik by this Friday 6/2 to produce the documents and testimony by 6/9, we will move to compel next week.

Thank you,

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Wednesday, May 31, 2023 3:03 PM
**To:** Joe Sibley <sibley@camarasibley.com>
**Cc:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>

**Subject:** Re: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

Clearly the demands for disclosure under the threat of a motion to compel cite an alleged privilege waiver that does not exist. I will wait until you determine what the actual contours of any privilege issue are. If, after you figure that out, you still believe that there are documents that should be disclosed or questions that should be answered, you can send me an updated request.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, May 31 2023 at 14:50, Joe Sibley <sibley@camarasibley.com> wrote:

Annie, see below:

On Wed, May 31, 2023 at 1:39 PM Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

> Joe,
>
> Thank you for that clarification.  Plaintiffs therefore understand that it is Mr. Giuliani's position that any communications or materials that Mr. Kerik is withholding related to the Georgia senate hearings is improper.

I would say that any communications or materials created in anticipation of the December 2020 Georgia Senate hearings are not privileged and should not be

withheld.  I would not say "related to" because our litigation is "related to" those hearings and to the extent there were post facto discussions in anticipation of or related to the many lawsuits RG is involved in that he may have discussed with Kerik, these potentially could be privileged.

> Could you also confirm that it is Mr. Giuliani's position that questions regarding the purpose, team members, and internal workings of the Giuliani team are not privileged, nor are communications about any external messaging plans?  Mr. Giuliani has already testified to this broadly and therefore Plaintiffs understand that this information is either not privileged or that any applicable privilege has been waived.

I'm not sure specifically what this refers to, but if you mean the "Giuliani Strategic Communication Plan" document or any iterations of that document then, yes, that subject matter would not be privileged because it was disclosed.  I'd have to look at other examples of what you're talking about to make a call on whether it falls in the same category as the  "Giuliani Strategic Communication Plan".

Thanks,

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Joe Sibley <sibley@camarasibley.com>
**Sent:** Wednesday, May 31, 2023 2:32 PM
**To:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Cc:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** Re: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

I'm not aware of any "waiver".

The position we took was that communications and work product in connection with presenting testimony and evidence before the Georgia Legislature in December 2020 was not privileged.  Not that it was privileged but that we were waiving it.

On Wed, May 31, 2023 at 1:29 PM Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com> wrote:

> I don't have time to read his entire deposition to guess at what you think the limits are to any alleged privilege waiver. If you claim there is a privilege waiver, then please send me a concise description of what the waiver is, who waived it, and what the limits are to the waiver and any documents which memorialize any such waiver. Obviously, if you intend to file a motion on this, the Court will require you to provide specifics on any alleged waiver upon which you are relying as well.

> CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

> https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, May 31 2023 at 14:23, M Annie Houghton-Larsen <MHoughton-Larsen@willkie.com> wrote:

> Mr. Parlatore,

> As discussed at length on previous occasions, Mr. Giuliani has testified broadly (including in his deposition in this case, which we previously provided you a copy of and reattach here) to the purpose, team members, and internal workings of the Giuliani team following the 2020 Presidential election and the Giuliani Strategic Communications Plan.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Wednesday, May 31, 2023 2:00 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael
<MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>;
John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss
<sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie
<MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

<mark>**\*\*\* EXTERNAL EMAIL \*\*\***</mark>

Please forward me the privilege waiver you are referring to so I can review.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Wed, May 31, 2023 at 1:58 PM, Houghton-Larsen, M Annie <MHoughton-

Larsen@willkie.com> wrote:

Mr. Parlatore,

As we are preparing our motion to compel Mr. Kerik, we wanted to raise the issue of certain instructions by you during Mr. Kerik's deposition.  I have attached Mr. Kerik's deposition transcript as a courtesy.  Our position is that each of your instructions not to answer on the basis of a purported privilege was improper as either the question did not call for any privileged information or any applicable privilege had already been waived.  The questions you objected to related to:

1. What work Mr. Kerik was performing in the days immediately following the 2020 president election while based in the Mandarin Oriental Hotel in D.C.;
2. The work Mr. Kerik was performing in six swing states;
3. The email addresses used by members of the Giuliani team;
4. Whether Mr. Kerik was personally reviewing claims of fraud received by the Giuliani team;
5. Who was part of the Giuliani team investigating claims of fraud;
6. The role of Phil Waldron on the Giuliani team.

Please confirm whether you will reconsider your instructions not to answer and permit Mr. Kerik to either answer these questions by sworn written question or, if you prefer, by reopening the deposition for this narrow purpose.  If you do not agree, we will seek this relief in our forthcoming motion to compel.

Thank you,

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

_____

**From:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Sent:** Wednesday, May 24, 2023 9:27 AM
**To:** 'Timothy Parlatore, Esq.' <timothy.parlatore@parlatorelawgroup.com>

**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael
<MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>;
John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss
<sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie
<MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>; Dorner, Alexis
<ADorner@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request


Mr. Parlatore,


While we understand that you are in an arbitration this week, you have been aware
for over a month of our request that Mr. Kerik produce additional documents.


Please advise whether Mr. Kerik intends to produce the 43 previously identified
documents.  If Mr. Kerik does not intend to produce these documents, Plaintiffs
plan to promptly move to compel Mr. Kerik to produce (1) the 43 identified
documents and (2) a document-by-document privilege log so that Plaintiffs can
properly assess Mr. Kerik's other privilege assertions.


Thank you,

Annie


**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

_____

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Monday, May 22, 2023 8:05 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael
<MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>;
John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss
<sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie



<MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>; Dorner, Alexis
<ADorner@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

I am in an arbitration all week and will be unable to address this until next
week at the earliest

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the
Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may
be legally privileged. If you are not the intended recipient, you are hereby notified that any
retention, dissemination, distribution, or copying of this communication is strictly prohibited.
If you have received the message in error, please reply to notify the sender and then delete the
message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Mon, May 22 2023 at 13:58, M Annie Houghton-Larsen <MHoughton-
Larsen@willkie.com> wrote:

> Mr. Parlatore,
>
> Following up on our prior correspondence, we note that at our recent discovery
> hearing, Judge Howell requested assurance from Mr. Sibley that the only
> materials Mr. Giuliani is withholding as privileged are those that are properly
> subject to the attorney client privilege, and specifically referred to *In re Lindsey*,
> 158 F.3d 1263 (D.C. Cir. 1998) as establishing that political advise and policy work
> are not privileged.  Mr. Sibley assured the Court that Mr. Giuliani understood the
> scope of the attorney client privilege and was not, for example, withholding
> communications and documents related to his preparation for the December 3
> and December 10 hearings before the Georgia Legislature.

The Court's questions reinforce our concerns regarding Mr. Kerik's privilege assertions, which we expressed to you on April 20.  Please advise whether Mr. Kerik intends to produce additional documents by no later than this Friday, May 26,  so that we may seek appropriate relief with the court.


Thank you,


**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Sent:** Tuesday, May 16, 2023 2:57 PM
**To:** 'Timothy Parlatore, Esq.' <timothy.parlatore@parlatorelawgroup.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>; Dorner, Alexis <ADorner@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request


Mr. Parlatore,


I write to follow up regarding the status of Mr. Kerik's production of certain documents previously withheld as privileged.  Could you please provide an update?  Per the Court's August 31, 2022, Minute Order (see attached docket), all document productions must be complete by Monday, May 22, 2023.  We are appearing before Judge Howell this Friday for a discovery conference and will need to inform the Court of the status of Mr. Kerik's production.


Thanks,

Annie


**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Tuesday, April 25, 2023 7:58 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>; Dorner, Alexis <ADorner@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request


<mark>**\*\*\* EXTERNAL EMAIL \*\*\***</mark>


I will discuss it with Mr. Sibley and, if necessary, the client. Understand that there is a lot going on right now so this will take some time


CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Tue, Apr 25 2023 at 19:52, M Annie Houghton-Larsen <MHoughton-Larsen@willkie.com> wrote:

Yes, just as we understand that Mr. Kerik was neither attorney nor client. Please let us know whether our proposal is workable or not.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Tuesday, April 25, 2023 7:22 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>; Dorner, Alexis <ADorner@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

You realize that Mr. Giuliani was the attorney, not the client, I hope.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the

Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Tue, Apr 25, 2023 at 7:18 PM, Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

Mr. Parlatore,

I write to follow up on my email from April 20 regarding the production of certain identified materials that Mr. Parlatore has withheld as privileged. Please inform us promptly as to your position regarding production of the materials requested below.

To the extent that you continue to have concerns about whether the requested materials are privileged, we have a suggested solution based on an approach taken by another third party in this litigation.  Namely, because Mr. Giuliani was attorney relevant to Mr. Kerik's claims of privilege, Mr. Kerik can provide the documents to Mr. Sibley, who can then clarify whether Mr. Giuliani has waived any applicable privilege or whether the documents are privileged.  In the event that Mr. Sibley confirms that the communications are not privileged, Mr. Kerik can then produce them to Plaintiffs.  In the event that Mr. Sibley asserts that the documents are privileged, Mr. Kerik can then provide a document-by-document privilege log.

Thank you,
Annie

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>

**Sent:** Thursday, April 20, 2023 9:54 PM
**To:** 'Timothy Parlatore, Esq.' <timothy.parlatore@parlatorelawgroup.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael
<MGottlieb@willkie.com>; Governski, Meryl Conant
<MGovernski@willkie.com>; John Langford
<john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-
weiss@protectdemocracy.org>; MacCurdy, Maggie
<MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>; Dorner,
Alexis <ADorner@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

Mr. Parlatore,

Thank you for providing a description of Mr. Serrano's search efforts, we now
consider our efforts with Mr. Serrano complete.

We also appreciate your providing a description of Mr. Kerik's search efforts,
both in response to the J6 subpoena and in response to Plaintiffs' subpoena.
We believe you have addressed most of our concerns regarding Mr. Kerik's
search efforts, and as we predicted, this has allowed us to narrow any issues
that may need to go before the Court.  So far as we can tell, the remaining
issues we have all relate to the privilege logs you have referenced below.  We
are hopeful that we can resolve these remaining issues without involving the
Court.

Having re-reviewed the privilege log Mr. Kerik produced in connection with
his production to the J6 Committee in light of the deposition testimony of Mr.
Giuliani and Mr. Kerik, Plaintiffs believe that some of the documents are
responsive to Plaintiffs' subpoena and either should not have been withheld
as privileged in the first place, or are no longer properly withheld as privileged
because the privilege has been waived.  In sum, **Plaintiffs request that Mr.
Kerik promptly produce: the 37 "internal communications related to
external messaging."  Plaintiffs also request that Mr. Kerik promptly
confirm whether the 5 "internal emails about legislature meetings" relate
to the Georgia State Legislature, and, if they do, to promptly produce
them.  Plaintiffs further request that Mr. Kerik promptly confirm whether
the single "packets of evidence that accompany affidavits" relates to Fulton
County, and, if it does, to promptly produce that as well.**  We address each
of these categories below.

**Internal Communications Related to External Messaging**

Mr. Kerik's privilege log reflects that he is withholding 37 documents described as "internal communications related to external messaging."  These communications appear to be withheld as work product (see basis for withholding: "communications made by the election investigation team in anticipation of litigation"), but they are not protected.

As a general matter, public relations work is not privileged.  *See, e.g., Stein v. United States SEC*, 266 F. Supp. 3d 326, 350 (D.D.C. 2017).  Separately, the work product privilege applies only to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).  "The work product doctrine provides immunity from discovery for written materials that are prepared by a lawyer in anticipation of litigation."  *United States v. Philip Morris Inc.*, 212 F.R.D. 421, 424 (D.D.C. 2002) (citations and quotations omitted).  The "work-product rule does not extend to *every* written document generated by [anyone who happens to be] an attorney, and it does not shield from disclosure *everything* that a lawyer does. Its purpose is more narrow." *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 926 F.Supp.2d 121, 142 (D.D.C. 2013) (quoting *Jordan v. U.S. Dep't of Just.*, 591 F.2d 753, 775 (D.C. Cir. 1978)) (emphasis added).  In assessing whether the party asserting privilege has carried its burden of showing the privilege applies, "the relevant inquiry is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* at 137 (citation and quotations omitted).  The lawyer who created the document must have had "a subjective belief that litigation was a real possibility," and that subjective belief must have been "objectively reasonable." *Id.* at 137–38. To meet its burden, the party claiming work product protection must: "(1) provide a description of the nature of and contents of the withheld document, (2) identify the document's author or origin, (3) note the circumstances that surround the document's creation, and (4) provide some indication of the type of litigation for which the document's use is at least foreseeable." *Ellis v. U.S. Dep't of Just.*, 110 F.Supp.3d 99, 108 (D.D.C. 2015), *aff'd*, No. 15-5198, 2016 WL 3544816 (D.C. Cir. June 13, 2016) (internal citations omitted).

These 37 documents are not protected work product.  The privilege log makes no representation that these 37 documents were prepared by

attorneys or at the direction of attorneys.  Additionally, the privilege log provides no information regarding which litigation or potential litigation they were produced in anticipation of, nor does the privilege log provide enough information for Plaintiffs to assess whether any subjective anticipation of litigation was objectively reasonable.

Even putting aside whether these documents were properly withheld as privileged in the first place, Mr. Kerik has no basis to continue withholding them because any applicable privilege has been waived.  During his deposition, Mr. Giuliani testified extensively regarding the "Giuliani Team's" messaging plan and the Giuliani Strategic Communications Plan has been made public.  (*See, e.g.*, Giuliani Depo Tr. at 238:3-246:5; 254:11-261:16; 262:25-274:21.)  As such, any applicable privilege was waived as to the Giuliani Team's external messaging about fraud in Georgia.  *See, e.g.*, *In re Sealed Case*, 676 F.2d 793 (D.C. Ct. App. 1982).

### Internal Emails About Legislature Meetings

Mr. Kerik's privilege log reflects that he is withholding 5 documents described as "internal emails about legislature meetings."  If these documents relate to the Georgia State Legislature, then Mr. Kerik must produce them promptly.

As a general matter, correspondence regarding lobbying efforts is not privileged.  *See, e.g.*, *P. & B. Marina, Ltd. P'ship v. Logrande*, 136 F.R.D. 50, 59 (E.D.N.Y. 1991), aff'd sub nom. P&B Marina Ltd. v. LoGrande, 983 F.2d 1047 (2d Cir. 1992).  Plaintiffs assume that these documents are withheld as attorney-client privileged—the privilege log is not clear regarding the basis for withholding—but these documents are not protected by the attorney client privilege.  The attorney client privilege "covers only communications between attorney and client if that communication was made for the purpose of obtaining or providing legal advice to the client." *Matter of Search of Info. Associated with Premises Known as Off. of [Redacted]*, No. MC 20-GJ-35 (BAH), 2020 WL 7042616, at *2 (D.D.C. Dec. 1, 2020) (Howell, J.) (internal citations omitted.)  "Where the communications at issue were made by attorneys, rather than by clients, those communications are privileged only if they rest on information obtained from a client."  *Cobell v. Norton*, 226 F.R.D. 67, 88 (D.D.C. 2005)  (internal citations omitted).  The privilege log does not claim that any of these 5 communications are with the client (Mr. Trump) or that they rest on any information obtained from Mr. Trump.

The documents are also not protected work product.  *See* supra.  The privilege log describes these documents as being "created and retained for investigation purposes" not in anticipation of litigation.  The privilege log does not describe that these were documents were prepared by attorneys or at the direction of attorneys or represent that these documents were prepared in advance of litigation.

Even putting aside whether these documents were properly withheld as privileged in the first place, Mr. Kerik has no basis to continue to withhold them because any applicable privilege has been waived.  During his deposition, Mr. Giuliani testified regarding the Giuliani Team's outreach to state legislatures (*see* Giuliani Depo Tr. at 123:8-124:23; 271:9-272:13) and therefore waived any privilege over these communications.  See, e.g., *United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Ct. App. 2010) ("Voluntary disclosure waives the attorney-client privilege."); *In re Sealed Case*, 676 F.2d at 817-818.

**Packets of Evidence that Accompany Affidavits**

Mr. Kerik's privilege log reflects that Mr. Kerik is withholding one packet of evidence that accompany affidavits.  Mr. Kerik appears to be withholding this packet of evidence on the basis of the work product privilege.

This document is not protected work product.  *See United States v. All Assets Held at Bank Julius Baer & Co.*, 315 F.R.D. 103, 109 ("Factual matter in a document only deserves protection" if it reflects attorney mental processes); *Banneker Ventures, LLC v. Graham*, 253 F. Supp. 3d 64, 73 (D.D.C. 2017) (declining to apply work product protection to materials not created in anticipation of litigation).  The privilege log makes no claim that this document was prepared by attorneys or at the direction of attorneys.  Additionally, the privilege log provides no information regarding which litigation or potential litigation it was produced in anticipation of, nor does the privilege log provide enough information for Plaintiffs to assess whether the subjective anticipation of litigation was objectively reasonable.

If Mr. Kerik continues to insist that this document is properly withheld as privileged, please, at a minimum, identify the name(s) of the witness(es), when the statement(s) was taken, the subject matter(s) in order for Plaintiffs

to make an independent privilege assessment, including whether the privilege has previously been waived.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Sent:** Wednesday, April 19, 2023 4:25 PM
**To:** 'Timothy Parlatore, Esq.' <timothy.parlatore@parlatorelawgroup.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

Thank you for providing that information.  We will be in touch soon.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

---

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Wednesday, April 19, 2023 3:12 PM
**To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; John Langford <john.langford@protectdemocracy.org>; Sara Chimene-Weiss <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie



<MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

I have not yet received the courtesy of your reply. Is this issue resolved?

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Tue, Apr 18 2023 at 16:06, Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com> wrote:

Mr. Kerik performed a complete search of his emails, texts and computer files within days of receiving the January 6 Committee subpoena.  He then placed all materials that remotely related to January 6, the election, or fraud investigations into a Dropbox folder for my team.   We then reviewed all materials for privilege issues, created a privilege log and sent the materials to the J6 Committee. As the J6 Committee subpoena was much broader that yours, we provided you the J6 disclosures before you properly served your subpoena on Mr. Kerik.  As we have already provided you with all non-privileged documents that relate in any way to the investigation, we believed that compliance was complete.

Thereafter, you provided me with a list of additional materials that you believed may exist.  Mr. Kerik did a subsequent search based on those requests and found nothing additional that was not in the original disclosure.  This was unsurprising, as Mr. Kerik had swept up all election-related documents in the original dropbox.



CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Mon, Apr 17, 2023 at 6:01 PM, Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com> wrote:

> I spoke with Mr. Serrano.  He used all the terms defined in your demand to search in his email and business folders. The only documents that had any of the terms were invoices and contracts with the Trump Campaign, which are subject to an NDA, and which pre-date election day, which we deemed to be non-responsive.  He was very thorough in his search despite knowing that there would be no relevant documents because he was never retained.
>
> I will let you know when I hear from Mr. Kerik.
>
> CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Mon, Apr 17, 2023 at 4:41 PM, Houghton-Larsen, M Annie
<MHoughton-Larsen@willkie.com> wrote:

> Thank you Mr. Parlatore, we are happy to wait until tomorrow in order
> for you to speak to your clients.
>
>
>
> **M.Annie Houghton-Larsen**
> **Willkie Farr & Gallagher LLP**
> 787 Seventh Avenue | New York, NY 10019-6099
> Direct: +1 212 728 8164 | Fax: +1 212 728 9164
> mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
> Pronouns: she, her, hers
> _____
>
> **From:** Timothy Parlatore, Esq.
> <timothy.parlatore@parlatorelawgroup.com>
> **Sent:** Monday, April 17, 2023 2:58 PM
> **To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
> **Cc:** Joe Sibley <sibley@camarasibley.com>; Gottlieb, Michael
> <MGottlieb@willkie.com>; Governski, Meryl Conant
> <MGovernski@willkie.com>; John Langford
> <john.langford@protectdemocracy.org>; Sara Chimene-Weiss
> <sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie
> <MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
> **Subject:** RE: Freeman v. Giuliani - Telephonic Conference Request
>
>
>
> **\*\*\* EXTERNAL EMAIL \*\*\***
>
>
>
> I just saw this.  I am in meetings and will be unable to get you an
> answer to this today.  If you want to hold off until tomorrow, I will
> discuss with my clients.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Mon, Apr 17, 2023 at 9:43 AM, Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

Thank you for providing those inserts.

Having considered your position, including information in it that appears to us to be new, and to meet our obligations under the local rules, we again would propose a way to avoid having to burden the Court with this matter.  Namely, if you will provide us with details about what each of your clients did to search for documents, including when they conducted the search, what repositories were searched, whether and what search terms or other limiters were applied, we may be able to avoid litigating some or all these issues. Please let us know if you are amenable to doing so.  Otherwise we will proceed to email the court this afternoon.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Timothy Parlatore, Esq.
<timothy.parlatore@parlatorelawgroup.com>

**Sent:** Sunday, April 16, 2023 9:36 PM
**To:** Joe Sibley <sibley@camarasibley.com>
**Cc:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>;
Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl
Conant <MGovernski@willkie.com>; John Langford
<john.langford@protectdemocracy.org>; Sara Chimene-Weiss
<sara.chimene-weiss@protectdemocracy.org>; MacCurdy, Maggie
<MMacCurdy@willkie.com>; Ryan, Timothy <TRyan@willkie.com>
**Subject:** Re: Freeman v. Giuliani - Telephonic Conference Request

**\*\*\* EXTERNAL EMAIL \*\*\***

Add the following at the end of the section about Mr. Kerik:

Mr. Kerik's position on this issue, as communicated repeatedly
to counsel for Plaintiffs, is that a full and complete search was
conducted and all responsive non-privileged documents have
been disclosed.  During Mr. Kerik's deposition, counsel for the
Plaintiff's declined to ask even a single question about whether
other documents may exist.  As outlined in *Alexander v. F.B.I.*,
186 F.R.D. 21, 38 (D.D.C. 1998), a motion such as Plaintiff is
requesting here may be appropriate where the witness was
questioned during their deposition and provided answers
indicating that a complete search was not conducted.

Notably, although Plaintiff cites above a statement from Mr.
Kerik's deposition that he reviewed documents in preparation
for his deposition as a basis to believe that additional documents
exist, the transcript confirms that counsel for the Plaintiff failed
to ask the follow up question of "were these documents that you
have already produced to Plaintiff pursuant to the subpoena?"
Had counsel for the Plaintiff asked this question, the answer
would have been in the affirmative.

As to Plaintiff's characterizations of the communications
between the parties, counsel for Mr. Kerik denies these
allegations.  Admittedly, the communications have evidenced an
increasing level of frustration on the part of Mr. Kerik's counsel,
given the lack of civility and candor from counsel for the
Plaintiff as well as the unsupported refusal to accept the

immutable fact that all responsive non-privileged materials have already been disclosed.  However, rather than get into a tit-for-tat submission of exhibits, as this is outside the scope of what this Court is being asked to consider.  The only issue before this Court is whether a motion to compel is appropriate where the witness has repeatedly explained that a fulsome search was conducted and all responsive non-privileged documents have been produced.  A motion to compel will not cause additional non-existent documents to magically appear.

Add the following at the end of the section about Mr. Serrano:

Mr. Serrano is unsure why this matter is being raised to the Court at all, given the immutable fact that he and his firm were never retained to work on this matter and have no documents to provide.  The depositions of both Mr. Giuliani and Mr. Kerik make clear that, although there was an initial telephone discussion, the engagement did not proceed.  It appears that counsel for the Plaintiff declined to ask any witness whether any documents were ever provided to Mr. Serrano or his team.  Moreover, the argument above makes no mention of any document production from any other party which would indicate that documents were provided to Mr. Serrano or his team.  Instead, it appears that the sole basis for Plaintiff's belief that Mr. Serrano possesses documents is that Mr. Giuliani "described Mr. Serrano and his firm as the entities who were pushing for the adoption and execution of the Strategic Communications Plan."  Yet, a reading of the pages cited by Plaintiff (and a search of the entire transcript for that matter) reveals no such claim.

Mr. Serrano believes that he is being unfairly targeted by Plaintiffs in this matter to which he is not a party.  Plaintiffs engaged in overly aggressive service of process, driving a vehicle at high speed across Mr. Serrano's front lawn, and then refusing to acknowledge that all of the evidence supports the fact that he was never retained and never provided any documents.  Mr. Serrano and ProActive's lack of involvement in any of the alleged transactions is fatal to any hope that he possesses a treasure trove of documents.  No such documents exist.  Mr. Serrano did do a search of his email and messages from that time and found nothing responsive.  Plaintiff's demand for a discussion of search terms will not change this.  It serves no legitimate purpose and only serves to needlessly increase the cost of this litigation.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Fri, Apr 14, 2023 at 6:26 PM, Joe Sibley <sibley@camarasibley.com> wrote:

> We don't take a position on this dispute.
>
>
> On Fri, Apr 14, 2023 at 11:51 AM Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com> wrote:
>
>> Thank you, though I am confused as to what "characterizations" you disagree with.  My lack of memory as to whether you asked the follow up questions?
>>
>>
>>
>> CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.

Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Fri, Apr 14, 2023 at 12:47 PM, Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

> Mr. Parlatore,
>
> Please find attached a copy of Mr. Kerik's deposition.  We disagree with your characterizations below and repeat our request that you provide your clients' responses, should you want to, by 11 AM Monday.
>
> Thank you,
>
> Annie
>
> **M.Annie Houghton-Larsen**
> **Willkie Farr & Gallagher LLP**
> 787 Seventh Avenue | New York, NY 10019-6099
> Direct: +1 212 728 8164 | Fax: +1 212 728 9164
> mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
> Pronouns: she, her, hers
> _____
>
> **From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
> **Sent:** Friday, April 14, 2023 12:42 PM
> **To:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
> **Cc:** 'Joe Sibley' <sibley@camarasibley.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; 'John Langford' <john.langford@protectdemocracy.org>; 'Sara Chimene-Weiss' <sara.chimene-weiss@protectdemocracy.org>;

MacCurdy, Maggie <MMacCurdy@willkie.com>; Ryan,
Timothy <TRyan@willkie.com>
**Subject:** Re: Freeman v. Giuliani - Telephonic Conference
Request

**\*\*\* EXTERNAL EMAIL \*\*\***

Thank you for sending this.  Before I prepare my
response, can you please send me a copy of Kerik's
deposition?

You cite that Mr. Kerik reviewed materials before the
deposition as a basis for your good faith belief, but I do
not recall whether you asked any follow up questions,
such as "were the documents you reviewed the same as
the ones you already disclosed?" Obviously, if he was
talking about undisclosed documents (which he was not),
then his answer to your follow up question would reveal
that.

Additionally, given your reliance on the Alexander case, I
would have presumed that you would have asked Mr.
Kerik substantially the same series of questions that the
Court quoted in the Alexander decision about his search
for documents:

> [Klayman]: Look at request number three,
> which asks for any and all calendars,
> appointment books, journals, logs or diaries
> created or maintained by or for George
> Stephanopoulos . . . You haven't produced
> those, have you Mr. Stephanopoulos?
>
> [Witness]: I don't - I think I produced
> everything relevant. I don't have anything
> relevant to the FBI.
>
> [Klayman]: Well, I didn't ask that. We asked
> for calendars, desk diaries, [etc.]. Now, you
> just admitted that you have those documents,
>  don't you?

[Witness]: I may have some of them.

[Klayman]: You haven't produced them to Judicial Watch, have you? You don't have them here today, do you?

[Witness]: I don't have anything here today, no. . . . I'd be happy to go back and check again. I said I may have some.

*Alexander v. FBI*, 186 F.R.D. 21, 37 (D.D.C. 1998), *quoting* Stephanopoulos Dep. at 76-77.

If you could provide a copy of his deposition and point to where you asked these questions, then I can follow up. Because as it stands now, you already have all responsive non-privileged documents and a motion to compel will not change that fact.

Similarly for Mr. Serrano, he has nothing to provide and no matter how many times you ask me about search terms or send emails to the Court, that fact will not change.

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Fri, Apr 14, 2023 at 8:55 AM, Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> wrote:

Mr. Parlatore and Mr. Sibley,

Plaintiffs intend to seek leave to file a motion to compel Mr. Kerik¡¯s compliance with the Kerik Subpoena, as well as to bring to the Court's attention our discovery disputes with Mr. Serrano and ProActive Communications.  Per the Judge¡¯s Standing Order, Plaintiffs¡¯ intend to send the below email to Chambers no later than Monday, April 17 at noon.  If your clients would like to provide their positions to the Court, please provide them before Monday at 11 AM.

Thanks,

Annie

---

Honorable Judge Beryl Howell,

Per Standing Rules 8(a) and 8(b), we write to request a telephonic conference to seek leave to file a motion to compel third party Bernard Kerik to produce documents, as well as to bring to the Court's attention a discovery dispute that Plaintiffs believe can and should be resolved without motion practice but which the parties have been unable to resolve informally.

**Plaintiffs¡¯ Position**

**(a) Motion to Compel Documents from Mr. Kerik**

Plaintiffs served Mr. Kerik with a Rule 45 subpoena (the ¡°Kerik Subpoena¡± at Ex. A), via his attorney, on November 14, 2022.  Mr. Kerik has never formally responded or objected to the Kerik Subpoena or produced documents in response, despite testifying at his deposition that he maintains an electronic folder of documents regarding his and Mr. Giuliani¡¯s efforts to challenge the 2020 election that refreshed his recollection when preparing for his deposition (as discussed below).  Plaintiffs seek leave to file a motion to compel Mr. Kerik to produce documents responsive the Kerik Subpoena.  *See* Fed. R. Civ. Pr. 26, 45; Fed. R. Evid. 612; *see generally Shvartser v. Lekser*, 292 F. Supp. 3d 272, 276 (D.D.C. 2018) (granting motion to compel third party compliance with subpoena); *Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998) (finding party waived objections); *Eckert v. Fitzgerald*, 119 F.R.D. 297 (D.D.C. 1988) (finding any privilege claims over documents waived where witness relied on those documents for testimony).

The only discovery effort Mr. Kerik has made was to reactivate a public link of the 53 documents that Mr. Kerik produced pursuant to a subpoena issued by the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the ¡°J6 Production¡±).  The 53 documents in Mr. Kerik¡¯s J6 Production include a privilege log and 7 non-responsive indices.  After review of the J6 Production and other discovery in this case, Plaintiffs notified Mr. Kerik¡¯s attorney that they had a good-faith basis to believe that Mr. Kerik possesses additional responsive, non-privileged materials.  *First*, Plaintiffs possess a handful of documents involving Mr. Kerik produced by other witnesses that are not present in Mr. Kerik¡¯s J6 Production, which Plaintiffs provided to Mr. Kerik¡¯s attorney.  (Ex. B at 6.)  Mr. Kerik has never produced these documents, nor explained that they are not in his possession, custody, or control.  *Second*, during his deposition, Mr. Kerik testified that in advance of the deposition, he reviewed an electronic file comprised of ¡°a bunch of material from the election of 2020,¡± including ¡°a number of reports that I and others collected in the aftermath of the investigation.¡± (Kerik Dep. Tr. at 12:22-13:21. ) Mr. Kerik further testified that these documents refreshed his

recollection.  (Kerik Dep. Tr. at 14:5-7); *see* Fed. R. Evid. 612; *see, e.g., Eckert v. Fitzgerald*, 119 F.R.D. at 299.  Mr. Kerik has refused to produce these documents.  *Third*, during his deposition Defendant Giuliani repeatedly pointed to Mr. Kerik as a source of information, including that Mr. Kerik provided Defendant Giuliani with a copy of the Giuliani Strategic Communications Plan.  (Giuliani Dep. Tr. at 238:3-23.)

Despite these facts, Mr. Kerik¡¯s attorney has repeatedly represented that Mr. Kerik has no responsive non-privileged documents responsive to Plaintiffs subpoena beyond Mr. Kerik¡¯s J6 Production.  (*See* Ex. B at 1, 11, 25.)  Mr. Kerik¡¯s attorney has repeatedly refused to answer Plaintiffs¡¯ request to provide information regarding Mr. Kerik¡¯s search methodology nor explained why the J6 Production does not include the documents involving Kerik produced by other witnesses in this litigation.  Instead, Mr. Kerik¡¯s attorney has rejected to the entire discovery exercise based on his personal views regarding the merits of Plaintiffs¡¯ litigation, and resorted to ad hominem and other personal attacks against Plaintiffs¡¯ counsel.

On March 27, Plaintiffs sent Mr. Kerik¡¯s attorney a letter requesting, in part, that he produce all responsive non-privileged documents and all documents that Mr. Kerik reviewed in advance of his deposition which refreshed Mr. Kerik¡¯s recollection.  (Ex. C.)  To date, Mr. Kerik has never responded.  Plaintiffs therefore seek permission to file a motion to compel.

**(b) Discovery Dispute with Mr. Serrano and ProActive Communications**

Mr. Kerik is represented by the same counsel (Mr. Parlatore) as two other third-party witnesses: Mark Serrano and his company, ProActive Communications. Counsel for these witnesses has generally taken the same approach with respect to *all* of the document requests at issue here;ªinsisting based on *ipse dixit* that

his clients have no responsive communications, without describing at all how searches for communications (if any) were performed, and berating Plaintiffs¡¯ counsel for even asking him for such explanation in the first place.  (Ex. D.)

Plaintiffs served document subpoenas on both Mr. Serrano and ProActive, but have received no documents from either.  Plaintiffs have reason to believe that Mr. Serrano and/or ProActive possess, control, or at one time possessed or controlled, documents responsive to the subpoenas.  The basis for that belief is the testimony of Mr. Giuliani, who described Mr. Serrano and his firm as the entities who were pushing for the adoption and execution of the Strategic Communications Plan, Giuliani Dep. Tr. at 268:22-269:-24, as well as the Communications Plan itself, which references Mr. Serrano.  After receiving responses claiming that neither Serrano nor ProActive has any responsive documents to the subpoena, Plaintiffs have attempted to engage with Mr. Parlatore to determine how Mr. Serrano went about searching for documents, including any search terms or time limiters applied and repositories searched.  Mr. Parlatore refused to provide this information, again resorting to ad hominem attacks and accusations that Plaintiffs¡¯ counsel was harassing him by doing nothing more than asking straightforward questions regarding subpoena compliance.  (Ex. D.)  At the Court conference regarding Mr. Kerik, Plaintiffs request that the Court also consider this dispute, as Plaintiffs¡¯ attempts to confer with Mr. Parlatore in good faith in an attempt to resolve the dispute informally with respect to these two third parties have been fruitless.  Although Plaintiffs are not currently seeking leave to file a motion to compel against Mr. Serrano and ProActive at this time, Plaintiffs are nonetheless at an impasse with Mr. Parlatore regarding this routine practice and believe the situation would benefit from the Court¡¯s guidance.  If Mr. Parlatore does provide information regarding Mr. Serrano and ProActive¡¯s search methodology and Plaintiffs find that methodology insufficient, Plaintiffs may seek leave to compel Mr. Serrano and/or ProActive at a later date.

As Plaintiffs have repeatedly conveyed to Mr. Parlatore, bald, unsubstantiated assertions that Mr.



Serrano and ProActive have no responsive documents to provide do not satisfy either¡¯s discovery obligations.  ¡°[A]n individual served with a subpoena duces tecum has an obligation to conduct a reasonable search to ensure that non__\privileged documents that are relevant or likely to lead to the discovery of admissible evidence are produced.¡±  *Alexander v. F.B.I.*, 186 F.R.D. 21, 38 (D.D.C. 1998).  Whether a search was adequate ¡°bears *no relation to the issue of whether responsive documents exist* or are actually in the possession of¡± the witness.  *Id.* (emphasis added); *see also In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Grp., PLLC*, 333 F.R.D. 291, 294 (D.D.C. 2019) (finding that third party¡¯s ¡°bald statements that it has no responsive documents are . . . unavailing¡±).

Mr. Parlatore has asserted that ¡°the Alexander case is inapplicable because that was a witness who testified that [sic] ¡_issued the standard response of not being able to remember when he searched for documents.¡¯ Mr. Serrano is not claiming not to remember, but rather is telling you affirmatively that he was not involved in this transaction and that no documents exist.¡±  (Ex. D.)  This position is nonsensical.  Whereas the third party in *Alexander* claimed to have conducted searches, but could not remember when (which the court found ¡°simply not believable¡± in any event, 186 F.R.D. at 37-38), here Mr. Parlatore has refused to so much as confirm whether Mr. Serrano or ProActive conducted *any* search, much less its parameters.  In other words, Mr. Serrano and ProActive have done *even less* to satisfy their discovery obligations than the witness in *Alexander*, where the court ultimately ordered the third party to conduct a reasonable search and to pay attorneys¡¯ fees ¡°for failing to comply with the subpoena duces tecum by not searching for relevant documents in a reasonable manner.¡±  *Id.* at 38.

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited



liability partnership organized in the United States under the laws of the
State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by
persons entitled to receive the confidential information it may contain. Email
messages to clients of Willkie Farr & Gallagher LLP presumptively contain
information that is confidential and legally privileged; email messages to non-
clients are normally confidential and may also be legally privileged. Please do not
read, copy, forward or store this message unless you are an intended recipient of
it. If you have received this message in error, please forward it back. Willkie Farr
& Gallagher LLP is a limited liability partnership organized in the United States
under the laws of the State of Delaware, which laws limit the personal liability of
partners.

**Important Notice:** This email message is intended to be received only by persons
entitled to receive the confidential information it may contain. Email messages to
clients of Willkie Farr & Gallagher LLP presumptively contain information that is
confidential and legally privileged; email messages to non-clients are normally
confidential and may also be legally privileged. Please do not read, copy, forward or
store this message unless you are an intended recipient of it. If you have received
this message in error, please forward it back. Willkie Farr & Gallagher LLP is a
limited liability partnership organized in the United States under the laws of the State
of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons
entitled to receive the confidential information it may contain. Email messages to
clients of Willkie Farr & Gallagher LLP presumptively contain information that is
confidential and legally privileged; email messages to non-clients are normally
confidential and may also be legally privileged. Please do not read, copy, forward or
store this message unless you are an intended recipient of it. If you have received this
message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited
liability partnership organized in the United States under the laws of the State of
Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons
entitled to receive the confidential information it may contain. Email messages to clients
of Willkie Farr & Gallagher LLP presumptively contain information that is confidential
and legally privileged; email messages to non-clients are normally confidential and may
also be legally privileged. Please do not read, copy, forward or store this message
unless you are an intended recipient of it. If you have received this message in error,
please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership
organized in the United States under the laws of the State of Delaware, which laws limit
the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled

to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP

presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.