# EXHIBIT 12

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *
RUBY FREEMAN, et al.,         )  Civil Action
           Plaintiffs,        )  No. 21-3354
vs.                           )
                              )
RUDOLPH GIULIANI,             )  May 19, 2023
                              )  11:07 a.m.
           Defendant.         )  Washington, D.C.
 * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE BERYL A. HOWELL,
UNITED STATES DISTRICT COURT JUDGE**

**APPEARANCES**:

```
FOR PLAINTIFFS:     MERYL CONANT GOVERNSKI
                    MICHAEL GOTTLIEB
                    Willkie Farr & Gallagher LLP
                    1875 K Street, Suite 100
                    Washington, DC 20006
                    (202) 303-1016
                    Email: mgovernski@willkie.com

                    JOHN LANGFORD
                    Protect Democracy
                    555 W. 5th Street
                    Los Angeles, CA 90013
                    (919) 619-9819
                    Email: john.langford@protectdemocracy.org

FOR DEFENSE:        JOSEPH D. SIBLEY, IV
                    Camara & Sibley LLP
                    1108 Lavaca Street
                    Suite 110263
                    Austin, TX 78701
                    (713) 966-6789
                    Email: sibley@camarasibley.com

Court Reporter:     Elizabeth Saint-Loth, RPR, FCRR
                    Official Court Reporter
                    Washington, D.C.  20001
```

Proceedings reported by machine shorthand.
Transcript produced by computer-aided transcription.

```
 1    information that pertains to the litigation, right?
 2              So even if you are not representing a client
 3    anymore, if there is litigation that arose over
 4    representation, there can still be a privilege even if --
 5    not representing in those matters.  But anything -- I mean,
 6    there were emails that were from, like, the Republican
 7    National Convention and some lawyers were copied on it.  We
 8    have produced all of those.
 9              THE COURT:  Okay.  Well, I just want to be sure
10    that you understand the law in this Circuit.  The Circuit
11    has made it clear in In re Lindsey -- all the way back to
12    1998 -- that it's only legal advice that's subject to the
13    privilege, not a lawyer's advice on political, strategic, or
14    policy issues; that would not be shielded from disclosure by
15    the attorney-client privilege.
16              So for Mr. Giuliani, who may have worn multiple
17    hats when he was doing work for the Trump campaign back in
18    2020 -- I hope you're scrutinizing any assertion of
19    privilege to be very clear that there is not an overt
20    assertion and nondisclosure of responsive records.
21              MR. SIBLEY:  We will rereview that Your Honor.
22    But I will tell you that actually -- I understand Her
23    Honor -- that is the law.
24              We actually did not claim privilege on some of the
25    meetings that Mr. Giuliani had with staff members and things
```

1  like that before these Georgia hearings because, after
2  looking at it, this was not in anticipation of litigation
3  but in anticipation of presenting at a hearing which would
4  not be privileged.  So we withdrew privilege assertions on
5  that basis.
6          THE COURT:  Okay.  That's reassuring.
7          Okay.  So putting aside -- let's go back to the
8  proposed order.
9          With respect to the first paragraph, I think you
10 are going to need to do a clear unified privilege log for
11 each particular production or data source that -- Trustpoint
12 being one data source for things for which you claim
13 privilege so that we all understand what's being privileged
14 here but -- what there is an assertion of privilege over.
15         But is there anything other than cost that is
16 particularly objectionable in the first paragraph of that
17 proposed order?
18         MR. SIBLEY:  Not with respect to searching those
19 repositories.
20         THE COURT:  Right.
21         MR. SIBLEY:  I mean, I suppose we can make an --
22 the problem is that there are so many different litigations
23 that if this were the only case maybe we could say it's
24 overly broad, but we have already had to collect the
25 documents for so many cases that it's really a search term

```
 1    today?
 2              MS. GOVERNSKI:  Just one very -- I am very sorry
 3    to keep us here.
 4              The current schedule has expert discovery ending,
 5    I believe, on June 16th.  I think given where we are we
 6    would confer with defendant and probably file a motion to
 7    extend that out.
 8              THE COURT:  I am here every day.
 9              MS. GOVERNSKI:  Thank you, Your Honor.
10              THE COURT:  Anything further from the defense?
11              MR. SIBLEY:  No, Your Honor.  And we would not
12    oppose any reasonable request for an extension.
13              THE COURT:  All right.  You are all excused.
14              THE DEFENDANT:  Thank you, Your Honor.
15              THE COURT:  Thank you, Mr. Giuliani.
16              (Whereupon, the proceeding concludes, 1:45 p.m.)
                                * * * * *
17                            **CERTIFICATE**
18         I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby
      certify that the foregoing constitutes a true and accurate
19    transcript of my stenographic notes, and is a full, true,
      and complete transcript of the proceedings to the best of my
20    ability.
21         This certificate shall be considered null and void
      if the transcript is disassembled and/or photocopied in any
22    manner by any party without authorization of the signatory
      below.
23
         Dated this 24th day of May, 2023.
24
         /s/ Elizabeth Saint-Loth, RPR, FCRR
25       Official Court Reporter
```