# EXHIBIT 1

| | |
|---|---|
| **From:** | Joe Sibley <sibley@camarasibley.com> |
| **Sent:** | Tuesday, May 30, 2023 5:58 PM |
| **To:** | Governski, Meryl Conant |
| **Cc:** | Gottlieb, Michael; Houghton-Larsen, M Annie; John Langford |
| **Subject:** | Re: Freeman/Moss v. Giuliani |

**\*\*\* EXTERNAL EMAIL \*\*\***

The client would like to have the Court reconsider her rulings on these issues in light of curing the TrustPoint issues, which we will inform the Court of and request the Court suspend the deadlines regarding the financial documents and inability to pay. We will mark you as opposed as you have indicated above and make clear you are not withdrawing your motion to compel.

Thx, Joe

On Tue, May 30, 2023 at 1:45 PM Governski, Meryl Conant <MGovernski@willkie.com> wrote:

> Mr. Sibley,
>
> The production that the Court ordered Defendant Giuliani to complete today relates to his financial records, including the legal filings in his divorce proceeding. It is unclear to us why those materials, especially from the docket to which he has access, have anything to do with Trustpoint or would take three weeks to produce. We would be amenable to not opposing a three-week extension to *complete* production of all of his financial records, but only if Defendant Giuliani will immediately (no later than the end of this week) produce all of the filings from his divorce proceedings, as requested by RFP 41 and compelled by the Court. If there a reason you can articulate for why that would not be possible?
>
> Regardless, Defendant Giuliani would have to secure the Court's permission to extend the production deadline. If Defendant Giuliani intends to file such a motion, we would expect him to inform the Court that he no longer is asserting an inability to pay for his discovery-related obligations and to ask the Court to, therefore, suspend the related June 16 and June 30 deadlines. Finally, in that motion, please make clear that Plaintiffs are not withdrawing the underlying motion to compel.
>
> Thanks,
>
> Meryl
>
> **Meryl Conant Governski**

Willkie Farr & Gallagher LLP
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1016 | Fax: +1 202 303 2000
mgovernski@willkie.com | vCard | www.willkie.com bio

**From:** Joe Sibley <sibley@camarasibley.com>
**Sent:** Tuesday, May 30, 2023 12:50 PM
**To:** Governski, Meryl Conant <MGovernski@willkie.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; John Langford <john.langford@protectdemocracy.org>
**Subject:** Re: Freeman/Moss v. Giuliani

**\*\*\* EXTERNAL EMAIL \*\*\***

Meryl:  See below.

On Mon, May 29, 2023 at 7:18 AM Governski, Meryl Conant <MGovernski@willkie.com> wrote:

> Mr. Sibley,
>
> Thanks for the clarification. We look forward to receiving Defendant Giuliani's declaration tomorrow.
>
> Regarding the part of the Court's order about RFP Nos. 40 and 41, Judge Howell said the following:
>
>> "Now, if before May 30, 2023, when Mr. Giuliani is required to provide the responses to RFPs Nos. 40 and 41 to the plaintiffs -- if you are able to work out all of the arrears with Trustpoint and able to perform full and complete searches on the Trustpoint dataset, you can ask me -- you can come back to me to ask me about – to reconsider the RFP -- responses to RFPs Nos. 40 and 41."
>
> May 19, 2020 Hearing Transcript at 105:13-22.  Additionally, the Court considered and rejected Defendant Giuliani's only objection to RFP Nos. 40 and 41, stating:
>
>> "I have to say I was really puzzled by that citation because that case expressly states, quote 'A majority of the federal courts have permitted pretrial discovery of financial information of the defendant without requiring plaintiffs to establish a prima facie case.; So I actually think that the majority view holds here, and I am -- I am going to order that."
>
> *Id*. at 40:12-18.
>
> Accordingly, Defendant Giuliani must seek reconsideration with the Court if he does not intend to produce financial information in response to RFP Nos. 40 and 41, which we will oppose. But to the extent you are requesting an extension, as opposed to reconsideration, please let us know how long Defendant Giuliani needs and we would be happy to consider that request.  Relatedly, and based on the Court's explanation of when

such a motion would be applicable, please confirm that Defendant Giuliani intends to "perform full and complete searches on the Trustpoint dataset."

We may agree not to seek reconsideration of this issue in exchange for an extension of time to gather these documents as Giuliani's efforts since the hearing were focused on getting the TrustPoint database unarchived to search. We intend to be able to search the TrustPoint database this week as we expect the data to be fully unarchived in the next day or so since the arrearage was cured on Friday. I would propose a three week extension to June 20 to produce the documents. Let me know if you are amenable to this and I will seek final approval from the client.

As to search terms, we provided proposed search terms on August 5, 2022 related to Plaintiffs' RFPs Sets 1 and 2 as a courtesy. We continue to expect Mr. Giuliani to apply these search terms (attached) and we agreed to limit the the time period of September 1, 2020 through January 21, 2022, which for practical purposes with respect to Trustpoint would be up to the point of seizure. We would agree to a time period of September 1, 2020 through the present for the other sets of RFPs, as well as for sources of data outside of Trustpoint.

OK.

Plaintiffs have not provided search terms for Plaintiffs' RFPs Sets 3-5, which request phone records, financial records, and viewership/impression metrics, as we do not believe those requests lend themselves to search terms. Nor do we believe that those materials would be located in Trustpoint. Accordingly, it is our position that Defendant Giuliani must perform a separate and independent search for RFP Sets 3-5, as well as for all of the RFPs where responsive materials may exist but not likely to hit on search terms. And, as we discussed at the hearing, it would not be appropriate for Defendant Giuliani to rely on our search terms to perform searches via a method that does not recognize the use of Boolean operators, such as via a manual search. We provided search terms based on the expectation that Defendant Giuliani would engage a vendor who was familiar with the use of these types of searches. If that is not the case, please advise and we will re-send search terms that do not rely on such limiting tools. Alternatively, we would be happy to set up a conversation with whomever will be applying the search terms to ensure that they are properly used. We also would expect to receive a hit report of the results of the search.

I will let you know on this.

Finally, we continue to reiterate that searching TrustPoint alone is not sufficient to fulfill Mr. Giuliani's discovery obligations. And this "development" essentially returns us to the point where we were when Plaintiffs first sought judicial intervention. Accordingly, Plaintiffs are not at this time willing to withdraw the motion to compel. We reserve all rights.

Understood.

Thank you,
Meryl

**Meryl Conant Governski**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1016 | Fax: +1 202 303 2000
mgovernski@willkie.com | vCard | www.willkie.com bio

**From:** Joe Sibley <sibley@camarasibley.com>
**Sent:** Saturday, May 27, 2023 7:36 PM
**To:** Governski, Meryl Conant <MGovernski@willkie.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>; John Langford <john.langford@protectdemocracy.org>
**Subject:** Re: Freeman/Moss v. Giuliani

**\*\*\* EXTERNAL EMAIL \*\*\***

Meryl,

While I don't believe it affects the declaration part of the order, and while I don't have a transcript, I recall Judge Howell saying at the close of the hearing that if the TrustPoint issue was cured then RG would not be required to make the financial document production. That would make since the purpose of the production was to assess his financial situation to make the submissions relating to who should foot the bill for TrustPoint.

In any event, for us to complete the TrustPoint search, we would like updated search terms if they are going to differ from the previous ones given and please confirm the relevant time frame of the search.

Thanks,

Joe

4

On Sat, May 27, 2023 at 7:42 AM Governski, Meryl Conant <MGovernski@willkie.com> wrote:

Mr. Sibley,

Thanks for your email. Our team is scattered for the holiday weekend, but we appreciate that Defendant Giuliani has various deadlines on Tuesday pursuant to the Court's latest order. To the extent that Defendant Giuliani believes this development would modify those obligations, it would be helpful if you could lay out what you are proposing via email for us to consider and respond to prior to Tuesday. It is not apparent to us why this development would obviate the immediate deadlines set by the Court.

\_

**Meryl Conant Governski**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1016 | Fax: +1 202 303 2000
mgovernski@willkie.com | vCard | www.willkie.com bio

On May 26, 2023 at 6:18:21 PM EDT, Joe Sibley <sibley@camarasibley.com> wrote:

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel:

We've had a significant development in the case.

Giuliani has been able to procure third-party funding to cure the arrearage to search the TrustPoint docs. TrustPoint was paid today.

They have also been paid additional money to conduct a search and review of the documents from the relevant time frame.

I would like to have a call as soon as possible to discuss steps going forward.

Let me know when you are free. Have a good weekend.

-- Joe

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.