# EXHIBIT 3

| | |
|---|---|
| **From:** | Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com> |
| **Sent:** | Wednesday, June 7, 2023 1:53 PM |
| **To:** | 'Joe Sibley' |
| **Cc:** | Gottlieb, Michael; Governski, Meryl Conant; 'John Langford'; Von DuBose; MacCurdy, Maggie |
| **Subject:** | 2023.06.07 - Status of Giuliani Discovery |

Joe,

Thank you for the productive meet and confer regarding the Court's May 31 Order. I write to memorialize our conversation, which lasted more than an hour, as well as to provide Plaintiffs' understanding of the current status of Mr. Giuliani's discovery. This is not intended to cover every topic discussed. Plaintiffs reserve all rights.

As you know, on May 31, 2023, the Court ordered *inter alia* that by "**June 16, 2023, defendant shall search and produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs[.]**".

The specifics of the conferral as discussed topically below, but immediately below is our top-line summary of the state of discovery :

- We agreed that the relevant time period for purposes of Defendant Giuliani's production would be September 1, 2020 through the present.
- You agreed that the plain reading of the Court's meaning requires Defendant Giuliani to search for and produce "*all* materials responsive to Plaintiffs' RFPs" (other than to RFP Nos. 40 to 41) "with the assistance of a professional vendor." We discussed that the Court's order, therefore, requires Defendant Giuliani to use a professional vendor to search and produce materials from all sources, including but <u>*not limited*</u> to TrustPoint and including his new devices. We emphasized that the Court's order requires that Defendant Giuliani engage a vendor to engage in a collection of *all* of the sources he used to communicate about topics relevant to this litigation (those of which we know, catalogued below). You acknowledged that Plaintiffs suggested that Defendant Giuliani engage a professional to perform a full archiving (including via a "takeout") of all of his email, social media, messaging, and other accounts nearly a year ago at which time you seemed to agree that this had not but needed to occur.
- You requested that Plaintiffs attempt to expand their proposed search terms to include RFP sets 3 & 5. Plaintiffs do not believe that the RFPs in sets 3 & 5 will be identified by search terms drafted by Plaintiffs and maintain that Mr. Giuliani is in the best position to know how to locate materials responsive to those requests. As discussed, if you want to produce to us certain examples of documents responsive to such requests and then have Plaintiffs attempt to draft appropriate search terms, Plaintiffs are open to doing so.
- Based on our conferral, we do not have confidence that Defendant Giuliani has complied with the Court's May 19, 2023 Order, requiring Defendant Giuliani to provide a "complete list of the "specific data" located in TrustPoint and all "locations and data" that defendant used to communicate about any materials responsive to any of Plaintiffs' RFPs (including, but not limited to, *specific* email accounts, text messaging platforms, other messaging applications, social media, devices, hardware, and any form of communication)." That concern is based, in part, on the following parts of our discussion:

- o As we discussed on the call, we still do not know (and you did not seem to know either) all of the specific email, messaging, social media, or other communications accounts that were located in TrustPoint, and so we could not exclude the requirement that Defendant Giuliani re-image devices that had been collected. We mentioned, for example that it was not clear whether the device imaging included the entirety of materials located on the web (such as, for example, on his rhelen0528@gmail.com or his icloud account or any of his social media), or whether it only captured whatever local materials were located on his devices. You agreed that you had not yet provided assurance as to whether certain email addresses or social media accounts were captured in the TrustPoint database and agreed to provide an update.
- o With respect to the businesses Defendant Giuliani owns, you indicated that you did not know if the business account files were actually collected, and indicated that you were not aware of a specific email address we raised which Mr. Giuliani used to discuss topics of this litigation. None of Mr. Giuliani's business email addresses were included in Mr. Giuliani's May 30 declaration.

We would expect that you will discuss with your client *all* of the "locations" that may contain responsive materials (including locations related to his businesses), not only to comply with his obligations of the Court but also to ensure that whatever collection efforts he will engage in with the help of a vendor is complete. Plaintiffs reserve all rights.

**Email Accounts**
- We discussed that the proper way to run a search of Defendant Giuliani's email accounts, both personal and professional, is to have a vendor download the entire contents of the email accounts against and to then have the vendor run search terms using the Boolean operators standard in discovery against all of the materials collected from his accounts.
- We explained, and you agreed, that Defendant Giuliani is obligated to use a professional vendor to collect his email accounts.
- You agreed that the appropriate course of action is for Defendant Giuliani to use a professional vendor to collect his email accounts.
- You agreed that the appropriate course of action is for Defendant Giuliani to use a professional vendor search all of the materials collected from his email accounts, including by using Plaintiffs' search terms.
- You referenced that there may be some issues with accessing certain materials but you could not identify the specific accounts to which Mr. Giuliani lacks efforts or what the precise access issues may be. Nor could you explain whether or why Defendant Giuliani claims to not be able to have "access" to certain of his cloud accounts.
    - o As we discussed, it is our position that Defendant Giuliani must engage a vendor to attempt to access all of his accounts and, if he cannot, he must explain in detail why he cannot not.
    - o And if he cannot access any account, he must explain how he has complied with his preservation obligations with respect to that specific account
- The **personal accounts** of which we are aware, and will need to be collected and searched include the following.
    - o Rhelen0528@gmail.com
    - o rudolphgiuliani@icloud.com
    - o Truthandjustice4u@protonmail.com
- We discussed that Defendant Giuliani has possession, custody, or control of **professional accounts** associated with Giuliani Partners LLC or Giuliani Communications LLC, including the following of which we know were used in materials responsive to Plaintiffs' requests:
    - o RudyGiuliani@me.com
    - o rudy@giulianipartners.com
    - o Rudolph.Giuliani@giulianipartners.com
    - o press@giulianipartners.com

- o   Annemarie.cretella@giulianipartners.com
- o   info@giulianipartners.com
- o   JoAnn.Zafonte@giulianipartners.com
- o   Maria.ryan@giulianipartners.com
- o   Ryan.medrano@giulianipartners.com

- During the meet and confer you expressed that you were not aware that Mr. Giuliani had an email account Rudolph.Giuliani@giulianipartners.com.  As you know, the Court's May 19, 2023 order required Defendant Giuliani to identify "all locations" used to communicate about topics relevant to this litigation in his possession, custody, or control.  Accordingly, Defendant Giuliani must provide a list of <u>all</u> of the professional files and accounts likely to contain responsive materials.
- We discussed that Mr. Giuliani is obliged to produce all responsive materials from Giuliani Partners LLC and Giuliani Communications LLC, and that Plaintiffs only subpoened Giuliani Partners LLC and Giuliani Communications LLC due to his refusal to do so.  We represented that if Mr. Giuliani commits to collecting and searching all of the business files in his possession, custody, or control, Plaintiffs would consider withdrawing the document subpoenas (including the one to which responses were already due and waived by failure to respond), but we explained that we would still seek the 30b6 depositions of Giuliani Partners LLC and Giuliani Communications LLC.  You advised that you would raise this with your client.  You advised that you still did not know who was representing either entities with respect to any of Plaintiffs' subpoenas.
- We should note that it is our expectation that Defendant Giuliani is obligated to also search any responsive materials located in files related to any of his web-based accounts. We only discussed his "iCloud account" (see below), but the same logic would extend to his other non-Apple accounts, including Google and ProtonMail, and whatever provider services his professional work accounts at Giuliani Partners and Giuliani Communications.

**iCloud** (rudolphgiuliani@icloud.com)
- We discussed that Defendant Giuliani use a professional vendor to collect the entirety of his iCloud account, which should include the email address discussed above.  You agreed that the appropriate course of action is for Defendant Giuliani to do this.
- We discussed, and you agreed, that the appropriate course of action was for Defendant Giuliani to use a professional vendor to search all of the materials collected from his iCloud account using Plaintiffs' search terms.

**Trustpoint (Pre-April 2021 Devices)**
- We agreed that Defendant Giuliani will use a professional vendor to search TrustPoint using Plaintiffs' search terms.
- We explained that to the extent that TrustPoint does not include all materials from all seized devices, that Mr. Giuliani is obligated to have his vendor image and search his seized devices for relevant materials.  You appeared to agree.
    - o   You agreed to provide us with an update on whether TrustPoint contained materials from Mr. Giuliani's social media accounts and all email addresses.
- We expect that any production will confirm and include **<u>all</u>** responsive data from all sources, including but not limited to all of his email accounts, his text messages, his messaging applications, and his social media (and to the extent any of those accounts are not contained in Trustpoint, he will confirm as much and ensure that they will be separately collected and searched)

**Post-2021 Devices**

- We discussed, and you agreed, that Defendant Giuliani's discovery obligations extend to his new devices, which he acquired and used to communicate during the time period Plaintiffs allege he was engaged in a campaign to defame them and before Plaintiffs initiated the instant lawsuit.
- We explained, and you agreed, that the appropriate course of action is for Defendant Giuliani to use a professional vendor to collect his new devices.
- We explained, and you agreed, that the appropriate course of action is for Defendant Giuliani to use a professional vendor search all of the materials collected from his new devices, including by using Plaintiffs' search terms, which Plaintiffs will expand at your request.

**Viewer Metrics (RFP No. 19) and Phone Records (RFP No. 11)**
- We agreed that Defendant Giuliani's media metrics and phone records would not be located in Trustpoint.
- We agreed that Defendant Giuliani would need to take additional steps to attempt to access that information, including by requesting that information from social media providers, the publishers of his podcasts, or his phone providers.
- You asked whether Plaintiffs had already obtained these records through a third party subpoena. We represented that we have not obtained these records through our third party subpoena to AT&T, and we agreed that it would our mutual understanding that the Court expected Defendant Giuliani to take steps to access and produce his phone records.

**Social Media**
- We discussed, and you agreed, that that the appropriate course of action is for Defendant Giuliani to use a professional vendor to collect the entirety of his social media accounts.
- We discussed, and you agreed, that the appropriate course of action is for Defendant Giuliani to use a professional vendor to search all of the materials collected from his social media accounts using Plaintiffs' search terms.
- The accounts searched include those identified on:
    - Facebook - https://www.facebook.com/realrudygiuliani/
    - Youtube - https://www.youtube.com/c/RudyWGiuliani
    - Rumble - https://rumble.com/user/TheRudyGiuliani
    - Twitter - https://twitter.com/RudyGiuliani
    - Instagram - @therudygiuliani
- We discussed that many social networking sites allow its user to download reports about the number of impressions and metrics related to the use of their platform. For example, Twitter explains how to "access your Twitter data" and how to "download your Tweet metrics." *See, e.g.,* https://help.twitter.com/en/managing-your-account/accessing-your-twitter-data; https://help.twitter.com/en/managing-your-account/using-the-tweet-activity-dashboard. We would expect that Defendant Giuliani's use of a professional vendor to download his social media accounts will include downloading all responsive materials, including the metrics and reach of his statements.

**Messaging and Text Applications**
- We did not discuss directly, but clarify that our understanding here that the Court order requires Defendant Giuliani to use a professional vendor to collect all of his text messages and messaging applications from the relevant time period and to use a vendor to search the materials collected.
- We discussed, and you appeared to agree, that Mr. Giuliani was not capable of running Boolean searches without professional assistance.
- We clarify that Mr. Giuliani must produce all responsive text and messaging application materials associated with the following phone numbers and applications:
    - 347-735-0426

- o  917-297-9169
- o  917-951-3862
- o  Signal
- o  WhatsApp
- o  Telegram

Finally, we also discussed the following miscellaneous topics on our conferral:
- You agreed that the May 31 Order requires Mr. Giuliani to serve a privilege log of all responsive documents that are being withheld as privileged.
- You indicated that you would not oppose our motion to compel Mr. Kerik to produce a more detailed privilege log and certain withheld materials.
- You indicated that you would not oppose our motion to compel Giuliani Partners' compliance with Plaintiffs' subpoena for documents. You said you would not oppose, but asked that we give you sufficient time to speak to your client before filing such a motion.
- You requested that Plaintiffs consider whether they still need all of the discovery contemplated by requests served on May 22, 2023 (Fifth Set of RFAs and Fifth Set of RFPs) may have been untimely. Upon review, Plaintiffs will agree to hold in abeyance RFPs 42, 43, 45, and 46 subject to the ongoing situation with TrustPoint. We reserve all rights and expect Mr. Giuliani to serve responses and objections to all the Fifth Set of RFPs. Plaintiffs continue to seek RFP 44 as served. Plaintiffs will continue to seek all RFAs in the Fifth Set of RFAs.

Thank you,
Annie

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers