**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN<br><br>and<br><br>WANDREA MOSS,<br><br>      Plaintiffs,<br><br>   v.<br><br>RUDOLPH W. GIULIANI,<br><br>      Defendant. | Civil Action No. 21-3354 (BAH) |

**PLAINTIFFS' MOTION TO COMPEL
GIULIANI PARTNERS AND GIULIANI COMMUNICATIONS
TO RESPOND TO PLAINTIFFS' PROPERLY-SERVED RULE 45 SUBPOENAS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND ...............................................................................................2

LEGAL STANDARD............................................................................................................5

ARGUMENT ........................................................................................................................6

I.     THE GIULIANI BUSINESSES HAVE WAIVED THEIR RIGHT TO OBJECT. ............6

II.    THE BUSINESSES POSSESS RELEVANT INFORMATION REGARDING
       PLAINTIFFS' CLAIMS. ................................................................................................7

III.   COURT SHOULD AWARD COSTS PURSUANT TO RULE 37. .................................9

CONCLUSION......................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. FBI*,
    186 F.R.D. 21 (D.D.C. 1998)..................................................................................5, 6

*Curtis Pub. Co. v. Butts*,
    388 U.S. 130 (1967)................................................................................................8

*In re Denture Cream Prods. Liab. Litig.*,
    292 F.R.D. 120 (D.D.C. 2013)................................................................................5, 6

*DL v. District of Columbia*,
    251 F.R.D. 38 (D.D.C. 2008).................................................................................9

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
    491 U.S. 657 (1989)...............................................................................................7, 8

*Kruger v. Cogent Commc'ns, Inc.*,
    No. 14-cv-1744 (EGS), 2016 U.S. Dist. LEXIS 153044 (D.D.C. Oct. 14,
    2016) ......................................................................................................................6

*LLC SPC Stileks v. Republic of Moldova*,
    No. 14-CV-1921-CRC, 2023 WL 2610501 (D.D.C. Mar. 23, 2023) ......................6

*Parsi v. Daioleslam*,
    778 F.3d 116 (D.C. Cir. 2015)................................................................................9

*Shvartser v. Lekser*,
    292 F. Supp. 3d 272 (D.D.C. 2018).......................................................................6

*St. Amant v. Thompson*,
    390 U.S. 727 (1968)...............................................................................................7

*Tavoulareas v. Piro*,
    817 F.2d 762 (D.C. Cir. 1987)................................................................................8

*Watts v. SEC*,
    482 F.3d 501 (D.C. Cir. 2007)................................................................................6

*Weaver v. Gross*,
    107 F.R.D. 715 (D.D.C. 1985)...............................................................................6

*Wilson v. On the Rise Enters., LLC*,
    No. 16-cv-2241 (BAH), 2019 WL 399821 (D.D.C. Jan. 30, 2019) ......................9

*Zimmerman v. Al Jazeera Am., LLC,*
  246 F. Supp. 3d 257 (D.D.C. 2017) ........................................................................................7

**Other Authorities**

Fed. R. Civ. P. 37(a)(5)(A) ....................................................................................................9

Fed. R. Civ. P. 45(d)(2)(B) ....................................................................................................5

Fed. R. Civ. P. 45(e)(1)(D) ....................................................................................................5

Plaintiffs Ruby Freeman and Wandrea ArShaye ("Shaye") Moss (collectively, "Plaintiffs") respectfully move the Court to compel Giuliani Partners, LLC ("Giuliani Partners") and Giuliani Communications, LLC ("Giuliani Communications") (collectively, "Giuliani Businesses") to comply with the Federal Rule of Civil Procedure ("Rule") 45 subpoenas properly served upon them to produce documents relevant to this litigation.  (Ex. 1; Ex. 2.)[1]

## INTRODUCTION

Defendant Rudolph Giuliani founded, owns, and operates the two Giuliani Businesses, both of which he used as part of his efforts to overturn the results of the 2020 election, including to publish or cause the publication of statements accusing Plaintiffs of committing fraud. Discovery in this case and others, as well as in result to the investigation by the House Select Committee to Investigate the January 6th Attack on the United States Capitol, has revealed the existence of discoverable information and communications in the possession, custody, or control of the Giuliani Businesses, including material which Defendant Giuliani has not and/or has refused to produce as a defendant in this lawsuit.  Accordingly, Plaintiffs properly served both Giuliani Businesses via their registered agents with document and deposition subpoenas.  The due dates for the document Subpoenas have come and went, with no response, objection, or communication

---

[1] Pursuant to Rule 7(m), Plaintiffs conferred with counsel for Defendant Giuliani regarding this Motion, who was unable to confirm whether Defendant Giuliani would oppose this Motion. Plaintiffs also repeatedly have attempted to confer with Defendant Giuliani via his counsel regarding the Subpoenas, whether and which counsel represents either of the Giuliani Businesses, and whether Giuliani Communications would consent for this Court to decide this Motion, as discussed in depth below and in the attached exhibits.  While the Giuliani Partners Document Subpoena lists undersigned counsel's office in this district as the place of compliance pursuant to Rule 45(c)(2)(A) (as those offices are within 100 miles of its registered agent), the Giuliani Communications Document Subpoena lists the New York office based on the location of that registered agent.  Plaintiffs are filing one consolidated motion here for purposes of judicial economy and uniformity since the issue before the Court for purposes of both of the Giuliani Businesses are intertwined.  Plaintiffs had hoped to confer with the Giuliani Businesses on that and other issues but, to date, have not received any response to repeated efforts to do so.

from either business.  Plaintiffs have repeatedly attempted to confer with Defendant Giuliani's counsel in this matter about the Giuliani Businesses, but he has confirmed that he neither represents them for purposes of the Subpoenas nor knows the identify of counsel who does.  Accordingly, Plaintiffs ask the Court to enter an order that the Giuliani Businesses (1) waived any objections to the Subpoenas by failing to timely respond, (2) must produce all responsive documents in their possession, custody, or control, and (3) must compensate Plaintiffs for the costs incurred for having to file this motion.

## FACTUAL BACKGROUND

In the immediate aftermath of the 2020 presidential election, Defendant Giuliani launched a campaign to undermine the election by claiming it was "stolen," including by accusing Ms. Freeman and Ms. Moss of committing election fraud while serving as nonpartisan election workers in Fulton County, Georgia.  (ECF No. 22 ¶¶ 19–20, 30–32, 57–64.)  Defendant Giuliani published claims about Plaintiffs on various platforms, including on his *Common Sense* video and audio podcast that is released on Wednesdays and Fridays and is distributed on YouTube, Rumble, and Spike.  (Ex. 3 at 30:10−31:11; ECF No. 22 ¶¶ 66, 69, 74, 98.)[2]  The *Common Sense* podcast is broadcast based on a distribution agreement, and Defendant Giuliani derives compensation based on advertising on a "per-view" basis.  (Ex. 3 at 32:10–33:25.)  During his deposition, Defendant Giuliani testified that *Common Sense* reaches "over a million people" at times, and, while he could not confirm how much revenue he has derived, there would be records to reflect the amount.  (*Id.* at 33:10–34:24.)  Defendant Giuliani testified that Giuliani Communications owns the *Common Sense* podcast.  (*Id.* at 31:23–32:8.)  Defendant Giuliani is the sole founder of Giuliani Communications, which he incorporated in White Plains, New York in November 2019.  (*Id.* at

---

[2] All exhibits are attached to the accompanying Declaration of Meryl C. Governski ("Governski Decl.").

32:5–9; Ex. 4; ECF No. 44-13 at 1–2.)  Defendant Giuliani also produces two radio shows on WABC Radio in New York, from which he derives ad revenue and one of which he hosts with third-party Maria Ryan, as well as a live cast on various social media that he said had not derived revenue as of March 2023.  (Ex. 3 at 36:13–38:14.)

In addition to Giuliani Communications, Defendant Giuliani founded and owns Giuliani Partners, which he incorporated in Delaware in December 2001.  (*Id*. at 38:15–39:15; Ex. 5.) During his deposition, Defendant Giuliani confirmed that Giuliani Communications and Giuliani Partners are both "still alive."  (Ex. 3 at 38:16–19.)  He has identified Ms. Ryan as "president of Giuliani Communications," the producer of *Common Sense* who "oversees the advertisers" and "runs the podcast operation," and as having also worked for Giuliani Partners.  (*Id*. at 38:15–39:5.) According to counsel for Defendant Giuliani, Ms. Ryan is the "only remaining employee with a Giuliani partners email" and "there is no email address or website" for Giuliani Communications. (ECF No. 44-13 at 1.)  Discovery has indicated that Ms. Ryan and other employees of Giuliani Communications and/or Giuliani Partners use email addresses with the "@giulianipartners.com" domain, including to communicate about topics relevant to this litigation.  (*e.g.,* ECF Nos. 64-5, 64-9.)  For example, Christianné L. Allen, Giuliani Partners' former Director of Communications, used the email address "press@giulianipartners.com" to field incoming questions regarding statements by Georgia officials debunking Giuliani's claims of fraud.  (ECF No. 64-7.)

Plaintiffs notified counsel for Defendant Giuliani of their expectation that any collection and production efforts by Defendant Giuliani would include materials from Giuliani Partners and Giuliani Communications given his control over both entities.  (ECF No. 44-13 at 2.)  Defendant Giuliani's counsel responded that "there is no email address or website for Giuliani Communication" [*sic*] and, as far as the Giuliani Partners email domain, they "no longer have

access to" any former employee emails (i.e. anyone other than Ms. Ryan) and, as to Ms. Ryan,

Plaintiffs subpoenaed her.  (*Id*. at 1.)  In other words, Defendant Giuliani has claimed to lack the

ability to access and/or refused to search for or produce communications to and among employees

of his companies via @giulianipartners.com accounts even if they are responsive to Plaintiffs'

requests.  (*Id*.)  Additionally, he has not produced and claims to lack access to documents sufficient

to show the viewer and listener metrics for *Common Sense*.  (ECF No. 44-3 at RFP Nos. 19, 35.)

And while Defendant Giuliani claimed via counsel that "whatever emails were sent to Giuliani

would have been included in the TrustPoint search" (ECF No. 44-13 at 1), Defendant Giuliani's

recent filings regarding the contents of TrustPoint make no mention of his professional accounts

and a recent conferral with his counsel has indicated a lack of knowledge as to whether there was

a full collection of them (ECF No. 64-4 at 2.)  But, even if TrustPoint may include some materials

from his own professional files, Defendant Giuliani does not claim to have engaged in a full

collection of the Business Files of his employees.  (ECF No. 64 at 15–16.)[3]

Plaintiffs served the Giuliani Partners Document Subpoena via registered agent in

Delaware on April 26, 2023, with a return date of May 10, 2023.  (Ex. 1.)  Plaintiffs also served a

document subpoena on Giuliani Communications on May 11, 2023, with a return date of May 25,

2023.  (Ex. 2.)  To date, neither Giuliani Partners nor Giuliani Communications have served any

responses or objections to the Business Document Subpoenas.  Nor has any attorney contacted

counsel for Plaintiffs regarding the same.  Plaintiffs have repeatedly raised the issue with counsel

for Defendant Giuliani, including to receive confirmation about the identity of who is representing

---

[3] Plaintiffs believe that the Court's May 31 Order compelling Defendant Giuliani to collect, search, and produce responsive materials includes his Business Files, as discussed in the various related fillings. (ECF No. 56 at 5–6, ECF No. 64 at 16.)  Plaintiffs do not waive or concede any argument by filing this motion to compel.

the Giuliani Businesses, but to date have be unable to receive any information regarding the lack of response and/or any intent to comply with the properly-issued Subpoenas. (Ex. 6; ECF No. 64-4 at 3.) Defendant Giuliani has not responded to Plaintiffs' attempt to communicate to with him via his counsel in this case regarding the Subpoenas. (Ex. 6; ECF No. 64-4 at 3.)[4]

## LEGAL STANDARD

Objections to a Rule 45 subpoena to produce documents "*must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Failing to serve written objections within the established time frame "constitutes a waiver of such objections" except in limited "unusual circumstances" inapplicable here. *Alexander v. FBI,* 186 F.R.D. 21, 34 (D.D.C. 1998) (concluding that a third party waived objections when served 16 days after being served with subpoena) (citation omitted).[5] A party "resisting discovery" bears the burden of objecting to a subpoena and proving that the "documents requested are either unduly burdensome or privileged." *In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013) (internal quotation marks and citations omitted); Fed. R. Civ. P. 45(e)(1)(D). A trial court is within its discretion to compel compliance with a Rule 45 subpoena when the discovery sought is relevant. *See In re Denture Cream*, 292 F.R.D. at 123–24. A discovery request is relevant if there is "*any* possibility that the information

---

[4] The responses to the Rule 30(b)(6) deposition subpoenas served on Giuliani Partners and Giuliani Communications are not yet due. Pursuant to the Court's order, Plaintiffs served deposition subpoenas on Giuliani Partners and Giuliani Communications on May 11, 2023, with deposition dates of June 27, 2023 and June 29, 2023, respectively. Plaintiffs reserve rights if the Giuliani Businesses fail to respond, including to appoint designated representatives by the required time.

[5] "Courts have found such unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; ... (2) the subpoenaed witness is a nonparty acting in good faith; ... and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena." *Alexander*, 186 F.R.D. at 34.

sought may be relevant to the claim or defense of any party." *Id.* at 124 (emphasis added); *see also Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007).

## ARGUMENT

## I.    THE GIULIANI BUSINESSES HAVE WAIVED THEIR RIGHT TO OBJECT.

The Giuliani Businesses have waived their right to object to the Subpoenas, which Plaintiffs properly served on registered agents in Delaware and New York. *See Alexander,* 186 F.R.D. at 34. The response dates of May 10, 2023 and May 25, 2023, respectively, have passed without either of the Giuliani Businesses ever having responded, including to lodge any objections. (Ex. 1; Ex. 2.) Accordingly, the Court should compel both Giuliani Businesses to respond to the Subpoenas, in full, within 14 days of an order granting the Motion and produce all responsive documents in the possession, custody, or control of either of the Giuliani Businesses, including their corporate and employee files. *See Shvartser v. Lekser*, 292 F. Supp. 3d 272, 275–76 (D.D.C. 2018) (granting a motion to compel document productions from third-party witnesses who failed to raise timely objections); *Kruger v. Cogent Commc'ns, Inc.*, No. 14-cv-1744 (EGS), 2016 U.S. Dist. LEXIS 153044, at *10–12 (D.D.C. Oct. 14, 2016) (granting a motion to compel where untimely objections were waived after being filed 35 days late).[6]

---

[6] Leaving aside that the Giuliani Businesses waived the right to object, the materials Plaintiffs seek from their corporate and employee files are in their possession, custody, or control. *See In re Denture Cream*, 292 F.R.D. at 125–26 (granting motion to compel third party corporation to comply with document subpoena where initial production was deficient and documents in possession, custody, and control were "wrongfully withheld"); *see also Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985) ("a party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control as corporate President."); *LLC SPC Stileks v. Republic of Moldova*, No. 14-CV-1921-CRC, 2023 WL 2610501, at *6 (D.D.C. Mar. 23, 2023) (holding that when a defendant "owns or controls a particular entity, any documents in that entity's possession are likely also within [the defendant's] control and therefore subject to discovery") (internal quotations omitted).

II.    **THE BUSINESSES POSSESS RELEVANT INFORMATION REGARDING PLAINTIFFS' CLAIMS.**

The Subpoenas seek relevant information, which discovery has illustrated are likely to be in the possession, custody, or control of one or both of the Giuliani Businesses.  The Subpoenas seek the following categories of information, all of which are related to Plaintiffs' claims:

- Documents and communications between media outlets and Giuliani Partners email accounts, including press@giulianipartners.com, relating to allegations of fraud in the 2020 Presidential Election;

- Materials relating to Fox News' decision to temporarily discontinue inviting Defendant Giuliani onto its programs in mid-December 2020;

- Documents and communications relating to the preparations for and production of episodes of the Defendant's podcast that featured election fraud allegations, including claims about Plaintiffs;

- Materials sufficient to show the viewership metrics for and revenue generated from podcast episodes and related social media posts, that included Actionable Statements); and

- Information on how the "*Common Sense*" podcast generates revenue, including through advertising agreements and distribution contracts.

(Ex. 1; Ex. 2.)  For example, information about Defendant Giuliani's media campaign to spread election fraud claims, including those involving Plaintiffs, speaks to his state of mind while defaming the Plaintiffs, as does any decision by Fox News to stop providing a platform for Defendant Giuliani's allegations.  *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667–68 (1989) (evidence of motive to publish defamatory statements can be circumstantial evidence of the defendant's state of mind); *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 281–82 (D.D.C. 2017) (defendant's knowledge of facts that created obvious reasons to doubt his sources is relevant information and probative of actual malice) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)). (Ex. 1, RFP Nos. 7–8; Ex. 2, RFP Nos. 7–8.)  Information about research and fact-checking (including whether and to the extent any occurred) for episodes of Defendant Giuliani's *Common Sense* containing the Actionable Statements is relevant to falsity,

as well as whether Defendant Giuliani acted negligently and/or with actual malice. *See Curtis Pub. Co. v. Butts*, 388 U.S. 130, 156 (1967) (noting with approval that jurors in a defamation case were instructed to consider "the reliability" and "the nature of the sources of the defendant's" claims, which was "said to be relevant to a determination whether defendant had proceeded with 'wanton and reckless indifference.'"). (Ex. 1, RFP No. 6; Ex. 2, RFP No. 6.) Similarly, documents showing metrics and income generated from *Common Sense*, particularly those episodes that contain Actionable Statements, is probative of fault as well as the quantification of damages. *See Harte-Hanks Commc'ns, Inc.*, 491 U.S. at 667–68; *Tavoulareas v. Piro*, 817 F.2d 762, 796–97 (D.C. Cir. 1987) ("pressure to produce sensationalistic or high-impact stories with little or no regard for their accuracy would be probative of actual malice") (Ex. 3 at 32:14–33:19; Ex. 1, RFP Nos. 1, 3; Ex. 2, RFP Nos. 1, 3.)

As discussed above, Defendant Giuliani has admitted to the existence of records relating to metrics of *Common Sense*, which presumably would be within the possession, custody, or control of Giuliani Communications as its owner. (Ex. 3 at 30:21–34:24; ECF No. 44, RFP No. 35; ECF No. 22 ¶¶ 66, 69, 74, 99–100.) Additionally, discovery has illustrated that responsive materials exist within the business files of Giuliani Partners, including with respect to at least eight different @giulianipartners.com email accounts sent or received communications regarding Defendant Giuliani's claims of election fraud: rudolph.giuliani@giulianipartners.com; rudy@giulianipartners.com; press@giulianipartners.com; info@giulianipartners.com; maria.ryan@giulianipartners.com; joann.zafonte@giulianipartners.com; AnneMarie.Cretella@giulianiparters.com; and ryan.medrano@giulianipartners.com. (ECF Nos. 64-5, 64-6, 64-7, 64-8, 64-9; Governski Decl. ¶ 3.)

## III.      COURT SHOULD AWARD COSTS PURSUANT TO RULE 37.

The Court should exercise its "broad discretion to impose sanctions for discovery violations under Rule 37" and require the Giuliani Businesses to pay for the costs of this Motion. Fed. R. Civ. P. 37(a)(5)(A). *See Wilson v. On the Rise Enters., LLC*, No. 16-cv-2241 (BAH), 2019 WL 399821 (D.D.C. Jan. 30, 2019) (J. Howell) (quoting *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015)).  Rule 37 dictates that the Court "must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist." *DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008).  The facts here do not implicate any of the bases to refuse requests to cover the expenses incurred to prepare this motion because Plaintiffs properly served the Giuliani Businesses, the date of compliance came and went without any communication, and Plaintiffs have made multiple attempts to seek resolution to no avail.  *See generally id.*

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court compel the Giuliani Businesses to collect, search, and produce all materials responsive to the Subpoenas within 14 days of the Court's order.

Dated: June 16, 2023

<div style="display:flex">

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Sara Chimene-Weiss*
7000 N 16th Street Ste. 12, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
christine.kwon@protectdemocracy.org

</div>

*/s/ Meryl C. Governski*

**WILLKIE FARR & GALLAGHER LLP**
Meryl C. Governski (1023549)
Michael J. Gottlieb (974960)
J. Tyler Knoblett (1672514)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
jknoblett@willkie.com

M. Annie Houghton-Larsen*
787 Seventh Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com
* *Admitted pro hac vice*

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2023, a copy of the foregoing document was emailed to Joseph D. Sibley IV at sibley@camarasibley.com with a request that he provide the document to Defendant Giuliani and copies of the foregoing document were also mailed to the agents of service for Giuliani Partners LLC (National Registered Agents, Inc. 1209 Orange Street, Wilmington, DE 19801) and Giuliani Communications LLC (United Corporate Services Inc. 10 Bank Street, Suite 560, White Plains, NY, 10606).

Dated:  June 16, 2023

/s/ *Meryl C. Governski*
**WILLKIE FARR & GALLAGHER LLP**
Meryl C. Governski (1023549)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgovernski@willkie.com