# EXHIBIT 3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Ruby Freeman et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-3354 |
| Rudolph W. Giuliani | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Giuliani Partners, LLC c/o National Registered Agents, Inc.
1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Schedule A, attached below

| Place: Willkie Farr & Gallagher LLP<br>1875 K Street NW, Washington, DC 20006 | Date and Time:<br>06/27/2023 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/11/2023

*CLERK OF COURT*

OR

_____                    /s/ Michael J. Gottlieb
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ruby Freeman et al , who issues or requests this subpoena, are:

Michael J. Gottlieb; Willkie Farr & Gallagher LLP, 1875 K Street, N.W. Washington, DC 20006; mgottlieb@willkie.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-3354

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure ("FRCP") and for purposes of this Subpoena, the following definitions shall apply:

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

4. "You," "Your," or "Yours" refers to "You," "Your," or "Yours" refers to Giuliani Partners, LLC and includes any persons or entities acting for Giuliani Partners, LLC or on Giuliani Partners, LLC's behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Giuliani Partners, LLC has control.

5. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face

meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages on any platform, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

      6.      "Document" or "Documents" means documents broadly defined in Rule 34 of the FRCP and includes (i) papers of all kinds, including, but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, bank checks, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), word documents, note taken electronically, online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. Without limiting the foregoing in any way,

every Communication is also a Document.

7. "Relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

8. "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: Twitter, Rumble, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, WeChat, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media.

9. "Amended Complaint" means the amended complaint filed in the above-captioned litigation as ECF docket entry 22 and attached hereto as Exhibit 2.

10. "Plaintiffs" means Ruby Freeman and Wandrea ArShaye ("Shaye") Moss, the plaintiffs in the above-captioned matter.

11. "Defendant" means Rudolph Giuliani, the defendant in the above-captioned matter.

12. "2020 Presidential Election" means the election held on November 3, 2020, to determine the President of the United States of America, and of which President Joseph R. Biden Jr. was certified the winner by the House of Representatives on January 6, 2021.

## **DEPOSITION TOPICS**

1. All viewer and listener metrics for all of the Actionable Statements (as defined in the Amended Complaint) on Social Media and your Podcast, *Rudy Giuliani's Common Sense*, from the date of original publication through today, including reach, count, page visits, posts, shares, time spent, impressions, and listener numbers.

2. Your financial information, including: Your tax returns; revenue; all sources of revenue; ownership structure; any advertising contracts, whether formal or informal, written or oral; any other sources of income; and any payments to Defendant.

3. Your agreements, whether formal or informal, written or oral, with any content distributors or media outlets.

4. Any and all statements Defendant published on any of Your platforms relating to allegations of fraud during the 2020 Presidential Election, including but not limited to on episodes of Common Sense which aired on December 23, 2020, December 25, 2020, December 30, 2020, and January 12, 2022, including materials relied upon and research conducted.

5. Any of Your correspondence with any media outlet, including Fox News and OAN, relating to any allegations of fraud during the 2020 Presidential Election and any refutations thereof, including but not limited to the correspondence sent to Your counsel on April 21, 2023 titled "Fox News request re: Georgia investigator's affidavit."

6. Your communications with and efforts relating to booking or scheduling interviews, appearances, or conversations, or the provision or discussion of any information relating to allegations of fraud during the 2020 Presidential Election with any media outlets, including but not limited to Fox News.

7. Your knowledge and communications relating to Fox News' decision on or around December 12, 2020 to discontinue inviting Defendant from appearing on its network (temporarily or otherwise).

8. Your email list-serves, email domains, and websites.

9. Your employee job titles, roles, and organizational charts.

10. Your decision-making structure, internal or external policies or procedures, human resource handbooks, and codes of conduct.