**Parag Dharmavarapu**

| | |
|---|---|
| **From:** | John Langford <john.langford@protectdemocracy.org> |
| **Sent:** | Tuesday, June 20, 2023 11:59 AM |
| **To:** | Howell Chambers |
| **Cc:** | Gottlieb, Michael; Governski, Meryl Conant; Von DuBose; Houghton-Larsen, M Annie; Sibley@camarasibley.Com; Peter Scott; Eric Early; Jeremy Gray; Rachel Goodman; Brittany Williams |
| **Subject:** | Freeman v. Giuliani - No. 21-cv-3354 (D.D.C.) (BAH) re: Seeking Telephonic Conference |

**CAUTION - EXTERNAL:**

Honorable Judge Beryl Howell,

Per Standing Rule 8(a), we write to request a telephonic conference regarding a discovery dispute between Defendant Giuliani and former Defendants Herring Networks, Inc., Robert Herring, Charles Herring, and Chanel Rion, which implicates Plaintiffs. Counsel for all parties have conferred and are at an impasse regarding how to proceed with a set of requests for production propounded by Defendant Giuliani to Plaintiffs.

**Background**

Plaintiffs' original complaint in this matter named as defendants Herring Networks, Inc. d/b/a One America News Network, Robert Herring, Charles Herring, and Chanel Rion (collectively, the "OAN Defendants"), in addition to Defendant Giuliani. ECF No. 1.

On April 21, 2022, counsel for Plaintiffs and counsel for the OAN Defendants filed a status report apprising the Court that their clients had "agreed upon and signed a binding set of settlement terms that they anticipate memorializing in a formal settlement agreement," and that, "[o]nce finalized and pursuant to the terms of that agreement, Plaintiffs intend[ed] to file a motion to dismiss the OAN Defendants." ECF No. 14. Plaintiffs and the OAN Defendants subsequently executed a confidential settlement agreement, Plaintiffs filed a motion to dismiss the OAN Defendants on May 10, 2022, and Plaintiffs filed an amended complaint against only Defendant Giuliani on the same day. ECF Nos. 21–22.

On April 21, 2023, Defendant Giuliani propounded a set of requests for production to Plaintiffs, requesting, among other things, a copy of the settlement agreement between the OAN Defendants and Plaintiffs. The settlement agreement is confidential. On May 22, 2023, Plaintiffs objected to these requests on numerous grounds, including but not limited to relevance, breadth, burden, proportionality, vagueness, and privilege grounds. Nevertheless, Plaintiffs responded:

> Subject to the foregoing general and specific objections, Plaintiffs will produce, subject to a protective order, the settlement agreement entered into between Herring Networks, Inc. d/[b]/a One America News Network, Charles Herring, Robert Herring, and Chanel Rion, and Plaintiffs on May 31, 2022, to the extent Plaintiffs are contractually permitted to do so and/or former Defendants Herring Networks, Inc., Robert Herring, Charles Herring, and Chanel Rion and/or their counsel do not object.

On June 7, Plaintiffs wrote counsel for the OAN Defendants, cc'ing counsel for Defendant Giuliani, conveying that Plaintiffs intended to produce the settlement agreement to Defendant Giuliani on June 14, designating it "Highly Confidential Information -- Attorneys' Eyes Only" under the protective order in the case, ECF No. 54, and asked whether counsel for the OAN Defendants objected. Counsel for the OAN Defendants responded, objecting to the production of the settlement agreement. Plaintiffs replied, asking counsel for the OAN Defendants for legal authority that would permit Plaintiffs to withhold the settlement agreement in response to

Defendant Giuliani's requests for production. In that same email, Plaintiffs proposed a middle ground, under which Plaintiffs would respond to the various related RFPs "by confirming whether a financial component of the settlement exists and, to the extent it does, the amount of such component." Counsel for Defendant Giuliani responded, objecting to that proposal and informing the parties that he would move to compel, unless the OAN Defendants agreed to permit Plaintiffs to produce the settlement agreement. Plaintiffs responded to all parties as follows:

> We're not aware of any legal authority that would allow a party to withhold producing documents in response to RFPs based on a private, contractual confidentiality agreement, particularly where there's a protective order in place. And we do not believe we can, in good faith, object to producing the settlement agreement itself on relevance grounds, as relevance is construed in discovery under Federal Rule of Civil Procedure 26 (that said, we do not concede that the agreement can be used in support of or will be relevant to the resolution of the merits in this lawsuit on summary judgment or at trial). Objecting on the basis of the confidentiality clause or relevance at this stage could subject our clients and/or us to sanctions under Rule 37 and Rule 11.
>
> Accordingly, we intend to produce the settlement agreement to Mr. Sibley on Wednesday, June 14, designating it "Highly Confidential Information -- Attorneys' Eyes Only" under the protective order.
>
> We do appreciate your clients' desire to keep the settlement agreement confidential. If you intend to file a motion to prevent our disclosing the settlement agreement, we are willing to hold off on producing the document to Mr. Sibley until the Court resolves your motion.

Further conferrals among counsel for the parties have not resolved the issue, and the parties respectfully request the Court's intervention to resolve this matter expeditiously.

**Plaintiffs' Position**

Plaintiffs are prepared to produce the settlement agreement to Defendant Giuliani, designating it as highly confidential information under the protective order.

Plaintiffs do not concede that the agreement is admissible or relevant to the resolution of the merits in this lawsuit on summary judgment or at trial. But Plaintiffs do not believe they may, in good faith, object to producing the settlement agreement to Defendant Giuliani in discovery.

Plaintiffs would oppose any motion to compel by Defendant Giuliani, as Plaintiffs do not object to producing the settlement agreement; and Plaintiffs would likewise oppose any effort by the OAN Defendants to pursue any claims against Plaintiffs based on an alleged breach of the settlement agreement's confidentiality clause.

**Defendant Giuliani's Position**

Giuliani's position is that the agreement is relevant to a potential settlement credit or setoff, depending on the terms of the Agreement.  Giuliani also believes other representations or terms of the Agreement may be relevant.  In addition, Giuliani believes that Plaintiffs should be required to produce the documents without further order of the Court because a party cannot breach a confidentiality agreement if they produce the agreement in response to a subpoena/document request where it is designated confidential.

**OAN Defendants' Position**

OAN is no longer a party to the present action, following its entry into the Settlement Agreement in question several months ago.  The Settlement Agreement contains an express "CONFIDENTIALITY" provision that requires both parties to maintain the confidentiality of the agreement and its material terms.  There is no language in the Settlement Agreement permitting disclosure "except as required by law or by judicial or administrative process or regulation" or similar language.  Plaintiffs have an obligation under the Settlement

Agreement to make efforts to comply with this confidentiality provision – regardless of whether the disclosure is sought through formal discovery requests, and regardless of how the document may be labeled if you produce it.  Notwithstanding the foregoing, Plaintiffs had agreed in their Request for Production responses to produce the Settlement Agreement in its entirety marked "Confidential – Attorneys Eyes Only", in unredacted form, to Defendant Giuliani, without (at that time) discussing the disclosure with the OAN Defendants.  OAN is not a party to the Stipulated Protective Order in the instant lawsuit upon which Plaintiffs' response was based.  Subsequently, OAN was informed by Plaintiffs of its intent to produce the document in that manner.  OAN objected to the disclosure of the Settlement Agreement to any non-parties thereto.

Courts routinely issue protective orders to protect against the disclosure of confidential settlement agreements.   See e.g. *Hasbrouck v. BankAmerica Housing Services*, 187 F.R.D. 453 (1999) (protective order issued in favor of plaintiff to prevent disclosure of plaintiff's settlement agreement with prior employer – "protecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlements."); *Kalinauskas v. Wong*, 151 F.R.D. 363 (1993) ("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection.").

Good cause exists for such a protective order here.  The confidentiality provision of the Settlement Agreement was a critical, bargained for term of the agreement without which the OAN Defendants never would have agreed to the settlement.  Plaintiffs' disclosure of the Settlement Agreement will constitute a material breach of the agreement.

At an irreducible minimum, in the event the Court is inclined to order production of the Settlement Agreement, the OAN Defendants respectfully request that it only be produced at the highest level of confidentiality under the Stipulated Protective Order, that it bear an "Confidential -- Attorneys' Eyes Only" designation and that the document and/or its material terms (in particular, the settlement amount) not be disclosed in any public court filing or to any of the parties in this action who are not a party to the Settlement Agreement.

\*\*\*

Thank you,

John Langford

--
John Langford
Counsel, Protect Democracy
john.langford@protectdemocracy.org | (919) 619-9819

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.