UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------X
RUBY FREEMAN,

        Plaintiff,                    Docket No.: 21-cv-03354

   -against-                     **DECLARATION IN RESPONSE**

RUDOLPH GIULIANI,

        Defendant.
-----------------------------------------------X

TIMOTHY C. PARLATORE, hereby declares:

   1. I am an attorney, duly licensed to practice before this District, and I represent Bernard B. Kerik, a witness in the above captioned matter. I am submitting this Declaration in response to the Court's Minute Order, dated June 26, 2023 requiring Mr. Kerik to Show Cause why a motion filed by Plaintiff should not be granted as conceded.

   2. As explained below, this Declaration is being filed for the limited purpose of responding to the Court's Order to Show Cause but is not a general appearance or waiver of jurisdictional objections. Additionally, because the Motion to Compel has never been served on Mr. Kerik, this Declaration will address jurisdictional and practical issues, but will not address any of the substantive arguments raised in a motion which we have not been served with.

   3. The Minute Order references a motion, which was filed on June 9, 2023, but has not been served upon Mr. Kerik. D.D.C. LCvR 7(b) sets the timeline for response as "within 14 days of the date of service," not the date of filing. While service and filing dates are usually the same for parties who have appeared in a matter and are receiving service by ECF, Mr. Kerik is not a party to these proceedings and, until today, has never appeared before the Court in this case.

1

4. Mr. Kerik is a resident of New Jersey. Although Mr. Kerik has not yet been served with the motion, it appears that any motion to compel was filed in the wrong Court, as Fed.R.Civ.P. 45(d)(2)(B)(i) requires Plaintiff to file any motion to compel in "the district where compliance is required for an order compelling production or inspection" – in this case, the District of New Jersey. In this regard, Mr. Kerik only appears today before this Court for the limited purpose of responding to the Court's Order to Show Cause but does not waive his jurisdictional objections.

5. This situation is even more unique, as the privilege holder is also not a party to these proceedings and was never served or notified that Plaintiff was seeking to access their privileged information. By way of background, Mr. Kerik worked as an investigator as part of the legal team under Mr. Giuliani. The documents withheld are those which appeared to be privileged, however Mr. Kerik is not the privilege holder. The decision of whether a claim of privilege is to be waived is not up to Mr. Kerik, a non-attorney investigator on the legal team, but rather the attorney and, ultimately, the client. Plaintiff is essentially seeking an order compelling Mr. Kerik, a non-party witness to these proceedings to provide privileged information belonging to another non-party for use in a defamation case.

6. As a practical matter, I have been in contact with counsel for the Plaintiff to keep them apprised of our efforts to resolve the matter without the need for judicial intervention.[1] I have previously explained to counsel Plaintiff that we had a technical issue with Dropbox, where all the disclosed documents were kept, but a folder containing all withheld documents was not. We have since reconstructed a folder of all withheld

---

[1] It is unknown whether these communications may have informed Plaintiff's apparent decision not to serve the motion upon Mr. Kerik.

documents from their native locations and submitted these documents to counsel for Mr. Giuliani – a step we notified Plaintiff of on June 19, 2023. Since that time, Mr. Sibley informed me that there was one document that he believed could be disclosed – a duplicate of the "Giuliani Strategic Communications Plan, which Plaintiff already possesses and used during Mr. Kerik's deposition, but deferred decision on the remainder to the privilege holder. Mr. Sibley immediately forwarded all documents to counsel for Trump Campaign, who have reviewed the documents and provided a new privilege log to me, along with a list of documents that they are not asserting privilege over. I immediately forwarded both to counsel for the Plaintiff earlier today.

7. Given that the motion to compel was filed in the wrong district court and, in any event, was not served upon Mr. Kerik, the witness respectfully requests that this Court decline to grant Plaintiff's motion as conceded. Rather, Plaintiff should file any motion to compel in the District of New Jersey, if they still deem such a motion necessary.

Dated: June 28, 2023
      Bangor, Maine

                                Respectfully submitted,

                                Timothy C. Parlatore, Esq.
                                Parlatore Law Group, LLP
                                *Counsel for Bernard Kerik*
                                One World Trade Center, Suite 8500
                                New York, New York 10022