## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RUBY FREEMAN<br><br>*and*<br><br>WANDREA MOSS,<br><br>               *Plaintiffs*,<br><br>     v.<br><br>RUDOLPH W. GIULIANI,<br><br>           *Defendant*. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

### JOINT STATUS REPORT

Pursuant to the Court's Minute Order of May 31, 2023, the Plaintiffs Ruby Freeman and Wandrea ArShaye' Moss and Defendant Rudolph Giuliani (collectively, the "parties") jointly submit this status report on discovery compliance and outstanding issues.

### RELEVANT BACKGROUND

For purposes of this joint status report, the parties assume familiarity with the papers and hearings regarding Plaintiffs' Motion to Compel Discovery, for Attorneys' Fees and Costs, and for Sanctions, ECF No. 44 (Plaintiffs' "Motion to Compel"), and recount only that background relevant here. *See* ECF Nos. 36–38, 40–42, 44, 51, 56, 60–62, 64.

#### A. Plaintiffs' Motion to Compel Discovery from Defendant

After pre-motion practice before the Court failed to resolve numerous outstanding discovery issues between the parties, *see* ECF Nos. 36–38, 40–42, Plaintiffs filed their Motion to Compel on April 17, ECF No. 44. Plaintiffs explained that, as best Plaintiffs could surmise, Defendant had produced a total of 194 documents collected in response to Plaintiffs' discovery

demands in this case and that the paucity of documents produced was a result of Defendant's failure to fulfill his basic discovery obligations.  ECF No. 44 at 2–4.  Plaintiffs sought an order compelling Defendant Giuliani to *inter alia*: detail in a declaration his preservation, collection, and search efforts, including the location and data used to communicate about issues relevant to this case and the specific data located in a database Defendant claims contains all or nearly all responsive records pre-dating April 2021; collect, search, and produce (or justify withholding via a privilege log) all documents responsive to Plaintiffs' requests for productions ("RFPs"); and to pay Plaintiffs' related fees and costs pursuant to Rule 37.  *Id.*; *see also* ECF No. 56.  Defendant Giuliani opposed Plaintiffs' Motion to Compel, including with respect to Plaintiffs' Requests for Production Nos. 40 and 41, which seek certain financial information from Defendant.  ECF No. 51.  Plaintiffs' reply added that, after filing their Motion to Compel, Plaintiffs had received productions from third parties of text messages and emails to and from Defendant Giuliani that were not only responsive to Plaintiffs' RFPs, but highly relevant to Plaintiffs' claims—i.e., records that Defendant Giuliani should have, but did not, produce to Plaintiffs, evidencing either his failure to preserve records or his failure to meaningfully search for records.  ECF No. 56.

On May 19, following a three-hour hearing on Plaintiffs' Motion to Compel, the Court ordered Defendant to file a declaration by May 30, detailing his preservation and collection efforts to-date, providing a complete inventory of locations of potentially responsive records, identifying the specific data to be found in the TrustPoint database, and describing any searches conducted. Minute Order (May 19, 2023).  In addition, the Court directed Defendant to produce his financial records to Plaintiffs by May 30, so that Plaintiffs could evaluate Defendant's claim of inability to cover the costs associated with searching the TrustPoint database; and the Court laid out a schedule for briefing that issue.  *Id.*

On May 30, Defendant filed a declaration describing his discovery efforts. ECF No. 60. Defendant simultaneously filed a motion for reconsideration, apprising the Court that Defendant had secured funding from a third-party to cover his arrearage to TrustPoint and requesting that the Court reconsider its order directing Defendant to produce his financial information to the Plaintiff, noting that Plaintiffs opposed Defendant's motion for reconsideration. ECF No. 61.

On May 31, the Court ordered Plaintiffs to file a combined opposition to Defendant's motion for reconsideration and response to Defendant's May 30, 2023, Declaration. Minute Order (May 31, 2023). To keep discovery moving ahead, the Court ordered Defendant to "search and produce all materials responsive to Plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs" by June 16, and directed the parties to file this joint status report by June 30. *Id.* The Court reserved ruling on the remainder of the requested relief in Plaintiffs' Motion to Compel. *Id.*

On June 2, 2023, counsel for Plaintiffs and counsel for Defendant participated in a meet and confer regarding the May 31 Order. During the June 2 meet and confer, counsel for Plaintiffs stressed that it was their understanding that the May 31 Order required Defendant to employ a professional vendor to collect, search, and produce material from *all* repositories, including but not limited to the TrustPoint database. Counsel for Defendant Giuliani agreed that this is what the May 31 Order required. Plaintiffs memorialized that meet and confer in an exhaustive June 7, 2023, email. ECF No. 64-4. As memorialized, the parties agreed that: Defendant Giuliani must use a professional vendor to collect and search records from his new (post-April 2021) devices, his email accounts, his social media handles, and his cloud accounts; that Defendant Giuliani must

use a professional vendor to collect and search records from his pre-April 2021 devices, to the extent those are not captured in TrustPoint; that Defendant Giuliani must use a professional vendor to collect and produce his viewer metrics and phone records; and that the relevant timeframe for all searches is September 1, 2020, to the present. *Id.* In the June 7 email, Plaintiffs further memorialized their view that, although the parties did not discuss the issue, the May 31 Order also requires Defendant Giuliani to collect and produce, with the help of a professional vendor, his text messages and messaging applications. *Id.*

On June 14, Plaintiffs filed their combined opposition to Defendant's motion for reconsideration and response to Defendant's May 31, 2023 declaration. ECF No. 64. Plaintiffs requested that the Court deny Defendant's motion for reconsideration and order him to produce his financial records. *Id.* Plaintiffs also detailed their position that Defendant's declaration did not sufficiently address Plaintiffs' concerns regarding his compliance with his discovery obligations in this case or the Court's May 19, 2023, minute order. *Id.*

On June 16, 2023, the last day for Defendant to make his production and serve his privilege log, counsel for Defendant contacted counsel for Plaintiffs and conveyed that Defendant Giuliani would be making a production of approximately 4,000 documents from TrustPoint that day, but that he would need an extension to review approximately 3,000 additional documents from TrustPoint and produce non-privileged documents and a privilege log. Counsel for Defendant further explained that Defendant Giuliani's production would not include any materials from non-TrustPoint sources and that he was not aware of what, if any, steps had been taken to collect, search, or produce materials from non-TrustPoint sources. Plaintiffs' counsel conveyed that they did not object to a short extension for Defendant Giuliani to produce the TrustPoint documents, but Plaintiffs *did* object to Defendant's failure to collect, search, and produce records from all other

locations, including all of Mr. Giuliani's devices, email accounts, messaging accounts, social media accounts, and cloud accounts.  Plaintiffs further requested that Defendant provide an update as to the specific efforts Defendant Giuliani had taken to collect and search non-TrustPoint materials by the close of business June 20, 2023, with a firm commitment to produce all responsive materials by June 30, 2023.

The same day, counsel for Defendant, filed a motion for an extension of time to comply with the Court's May 31 Minute Order, ECF No. 66, and the Court granted that motion, providing Defendant with an extension to produce all records (regardless of whether they are located outside or inside of the TrustPoint database) to June 30, Minute Order (May 16, 2023).  That evening, Defendant produced to Plaintiffs 4,902 files from the TrustPoint database.

On June 20, Plaintiffs emailed Defendant and reiterated their objection to Defendant's failure to (apart from searching TrustPoint) take any steps to collect, search, and produce records from his devices and various accounts, as the parties agree is required by the Court's May 31, 2023, Minute Order.  With respect to the Defendant's May 16 production from TrustPoint, Plaintiffs relayed that their initial review suggested that none (or barely any) of the 4,902 files produced appear to be responsive to Plaintiffs' RFPs.  *See infra.*  Plaintiffs asked Defendant to provide a hit report for their search terms, to address a set of questions about the scope of the search and production, and for the identify of those in charge of running the search and review. Yesterday, Defendant's counsel apprised Plaintiffs' counsel that he overlooked Plaintiffs' request to provide a hit report and provided a hit report for approximately half of Plaintiffs' proposed *Boolean* strings.  Defendant's counsel also shared with Plaintiffs a motion filed by Defendant's criminal defense counsel in *In re Search Warrant Dated April 21, 2021*, 21-MJ-4335 (S.D.N.Y.), regarding the TrustPoint database.

On June 21, Defendant did not file a reply in support his motion for reconsideration, and on June 22, 2023, the Court denied Defendant's motion for reconsideration and ordered Mr. Giuliani to produce his financial records by June 30, 2023, Minute Order (June 22, 2023). Defendant produced financial records to Plaintiffs today, June 30, 2023, which Plaintiffs have not yet reviewed.

On June 23, the Court granted Plaintiffs' request for attorneys' fees and costs and directed Plaintiffs to detail those fees and costs by June 30, 2023. Minute Order (June 23, 2023). The same day, the Court also granted Plaintiffs' request for leave to file a motion for sanctions for his "failure to sufficiently preserve" discoverable information and directed Plaintiffs to file their motion by July 7 and the parties to fully brief that motion by July 28. Minute Order (June 23, 2023).

**B. Newly Identified Potential Repositories**

On June 15, 2023, or the day after Plaintiffs filed their opposition to Defendant Giuliani's motion for reconsideration, a report indicated Defendant Giuliani used "at least three other phone lines" not identified in the papers in this case.[1] Upon investigation into those phone lines, Plaintiffs also identified two additional email addresses potentially used by Defendant Giuliani.

The same day, counsel for Plaintiffs wrote counsel for Defendant, asking that Defendant (1) promptly confirm whether Plaintiffs are correct that Mr. Giuliani failed to identify these sources in his May 30 Declaration, (2) explain why Mr. Giuliani failed to include these sources, (3) supplement the May 30 Declaration to include these sources, as well as all of the Giuliani Partners LLC email addresses identified by Plaintiffs, to the extent he used any of these sources to discuss

---

[1] Hunter Walker & Josh Kovensky, *Rudy Giuliani Used A Female Alias In Emails About Plan To Overturn The Election*, Talking Points Memo (June 15, 2023), https://talkingpointsmemo.com/news/rudy-giuliani-used-a-female-alias-in-emails-about-plan-to-overturn-the-election.

topics responsive to Plaintiffs' RFPs, including his post-2020 election efforts, and (4), if so, confirm that Mr. Giuliani is preserving and searching these sources for materials responsive to Plaintiffs' requests.

        Plaintiffs received no response.

### C. Giuliani Businesses

        Plaintiffs have sought relevant discovery from Giuliani Communications, LLC, and Giuliani Partners, LLC (collectively, the "Giuliani Businesses") directly from Defendant Giuliani and alternatively from the Giuliani Businesses.  As detailed in their Motion to Compel, Plaintiffs' position is that Defendant Giuliani has possession, custody, or control of records from the Giuliani Businesses, as he is the sole owner of both, and that the Court can and should order him to produce such records in resolving Plaintiffs' Motion to Compel.  *See* ECF No. 44 at 13 n.7; ECF No. 56 at 5, 10 & n.4.  Nevertheless, Plaintiffs also separately subpoenaed the Giuliani Businesses for records and have notice 30(b)(6) depositions of both.  *See* ECF No. 70.  On June 16, Plaintiffs moved to compel the Giuliani Businesses to comply with their subpoena for records, but subsequently withdrew that motion with the Court's permission.  ECF Nos. 65, 69.  After Plaintiffs and counsel for Defendant Giuliani informed the Court that they still did not know who would be representing the Giuliani Businesses at a discovery hearing on June 22, 2023, the Court entered an order directing Defendant Giuliani to submit a declaration providing certain information about the Giuliani Businesses and their attorneys, if any, and confirming that Defendant Giuliani would produce all Giuliani Businesses records by June 30, 2023.  Minute Order (June 22, 2023).

        On June 22, 2023, Plaintiffs re-filed their motion to compel the Giuliani Businesses to comply with their subpoenas.  ECF No. 70.  On June 26, Defendant Giuliani submitted a one-page

declaration in response to the Court's June 22 Minute Order.  The declaration provides that the Giuliani Businesses are not represented by counsel.

Plaintiffs emailed counsel for Defendant Giuliani regarding several discrepancies in the declaration, including failing to identify certain individuals as employees who Plaintiffs know to have used @giulianipartners.com email accounts, and requesting that Defendant address these discrepancies in a supplemental filing.  Plaintiffs received no response and, as of this filing, Defendant has not filed a supplement.

### D.  Miscellaneous Outstanding Discovery

On May 22, 2023, Plaintiffs served Defendant Giuliani with their fifth set of RFPs and requests for admission ("RFAs").  The parties agreed to hold in abeyance RFPs. No. 42, 43, 45, and 46, which concern the TrustPoint database, pending the resolution of Defendant's searches and productions from that database.  The parties otherwise agreed that Defendant Giuliani must respond to those discovery requests by July 5, 2023.

## OUTSTANDING DISCOVERY COMPLIANCE ISSUES

### A.  Plaintiffs' Position

Fact discovery closed more than a month ago.  Despite this, significant discovery deficiencies persist because of Defendant Giuliani's refusal to comply with the Federal Rules and this Court's various orders.  When Plaintiffs filed their Motion to Compel on April 17, Defendant Giuliani had produced a grand total of 194 documents collected in response to Plaintiffs' discovery requests in this case, almost none of which were responsive to Plaintiffs' requests or the issues in this case.  ECF No. 44 at 2–4.  Defendant Giuliani had not affirmatively preserved potentially relevant records; he had not identified all repositories of records potentially responsive to Plaintiffs' requests; he had not conducted collections of records from devices, email accounts,

social media handles, or messaging applications he used in the relevant time period, let alone
conducted anything approaching a reasonable or professional search of those records; he had not
collected or produced his phone records; he could not explain, with any degree of specificity what
records are contained in the TrustPoint database, so as to justify his attempt to effectively rely
entirely on productions from that unknown database; he would not confirm that he would search
for records from the Giuliani Businesses; and he refused to produce a privilege log identifying all
of the records he has withheld in this litigation, to name but some of the most glaring failures.

Unfortunately, more than two months on and despite repeated interventions by the Court,
very little has changed.  On June 16, under Court order, Defendant Giuliani made one additional
production of 4,902 files; but Plaintiffs' review of that production reveals that it is, for the most
part, junk.   Today is the deadline for Defendant Giuliani to finish producing (or justify
withholding) all records responsive to Plaintiffs' RFPs.   While Plaintiffs await Defendant
Giuliani's final production of documents from the TrustPoint database—a database whose specific
contents are still entirely unclear, Defendant Giuliani has taken no steps to collect and search
repositories outside of TrustPoint.  As for the Giuliani Businesses, Defendant Giuliani has not
produced materials from the Giuliani Businesses (though today is his deadline), and Defendant
Giuliani is still playing games by refusing to identify counsel for the Giuliani Businesses or
otherwise engage with discovery on the Giuliani Businesses.  Meanwhile, Plaintiffs are still
learning of additional potential repositories of records.

### a.   Defendant Giuliani Failed To  Take Reasonable Steps To Preserve Evidence In Violation of Rule 37(e).

As Plaintiffs detailed in their combined opposition to Defendant Giuliani's motion for
reconsideration and response to Defendant Giuliani's declaration, Defendant Giuliani has still
failed to sufficiently detail any efforts he has made to preserve all potentially responsive data or

sources.  ECF No. 64 at 12–18.  In accord with the Court's June 23, 2023, Minute Order, Plaintiffs will move for sanctions for spoliation on July 7.

   **b. Defendant Giuliani Failed to Identify and Describe with Specificity All Locations With Responsive Records in Violation of the Court's May 19 Order.**

As Plaintiffs detailed in their combined opposition to Defendant Giuliani's motion for reconsideration and response to Defendant Giuliani's declaration, Defendant Giuliani has still failed to identify all locations with potentially responsive records in direct violation of the Court's May 19 order.  ECF No. 64 at 12–18.  Defendant Giuliani has further failed to sufficiently inform the Court or Plaintiffs about the contents of the TrustPoint database, despite the Court twice directing him to identify the "*specific* 'data'" located therein.  Minute Order (Mar. 31, 2023); Minute Order (May 19, 2023); *see* ECF No. 64 at 15–16.  Plaintiffs have briefed this issue numerous times, ECF No. 44 at 10–12; ECF No. 56 at 6–8; ECF No. 64 at 15–16.  But two court orders, three briefs, and multiple hearings in, Plaintiffs still have no clue as to what exactly is contained in the TrustPoint database.

   **c. Defendant Giuliani Failed to Collect, Search, and Produce Documents from Sources Other Than TrustPoint.[2]**

Defendant Giuliani has apparently taken no steps to collect, search, and produce documents from non-TrustPoint repositories, despite the Court's May 31 Minute Order, which the parties agreed requires Defendant Giuliani to employ a professional vendor to collect, search, and produce records from Defendant Giuliani's new (post-April 2021) devices, email accounts, cloud accounts, social media accounts, and messaging accounts, as well as his old (pre-April 2021) devices to the

---

[2] Plaintiffs note that this joint status report is due on the same day that Defendant Giuliani is required to produce all relevant discovery materials from all sources.  As of the time of this filing, Plaintiffs have not received Defendant Giuliani's final production of materials. Plaintiffs note that a supplemental report may be necessary after Defendant makes his final production and Plaintiffs have the opportunity to review it.

extent those records are not captured in TrustPoint. ECF No. 64-4.  Nor has Defendant Giuliani taken any steps to collect or search his phone records.

*Old (Pre-April 2021) Devices.*  Defendant Giuliani has not used a professional vendor to image, search or produce records from his pre-April 2021 devices, he has not confirmed whether he has determined that all of the records on those devices are included in the TrustPoint database, and he has not even responded to Plaintiffs' June 15, 20223, email asking whether Defendant used three additional phone numbers/devices prior to April 2021 which had not been disclosed to Plaintiffs and which may well not be included in the TrustPoint database.

*New (Post-April 2021) Devices.* Defendant Giuliani has not used a professional vendor to image, search, or produce records from his new, post-April 2021 devices.

*Email Accounts.* Defendant Giuliani has not used a professional vendor to download the contents of his personal and professional email accounts, run search terms across those accounts using the Boolean operators standard in discovery against all of the materials collected from his accounts, or produce records.  That is true for all of the following accounts, which Plaintiffs and (at times) Defendant have identified as having potentially responsive documents:

- Rhelen0528@gmail.com
- rudolphgiuliani@icloud.com
- Truthandjustice4u@protonmail.com
- RudyGiuliani@me.com
- rudy@giulianipartners.com
- Rudolph.Giuliani@giulianipartners.com
- press@giulianipartners.com
- Annemarie.cretella@giulianipartners.com
- info@giulianipartners.com
- JoAnn.Zafonte@giulianipartners.com
- Maria.ryan@giulianipartners.com
- Ryan.medrano@giulianipartners.com

Nor has Defendant Giuliani responded to Plaintiffs' June 15, 2023. email, regarding whether Defendant used two additional email accounts during the relevant time period, such that those accounts would also need to be collected and searched.

**Cloud Accounts.**  Defendant Giuliani has not used a professional vendor to collect, search, or produce records from his iCloud account, which Defendant Giuliani's counsel and Defendant Giuliani have represented  at various times should include the email addresses discussed above. *See* ECF No. 64-4; May 19 Hearing Tr. at 53:5–8, 68:3–6, 95:17–97:8; ECF No. 44-9 at 21:20–22:10, 27:21–28:8.

**Social Media Accounts.**  Defendant Giuliani has not used a professional vendor to takeout, search, or produce records from his social media accounts, including the following accounts:

- Facebook - https://www.facebook.com/realrudygiuliani/
- Youtube - https://www.youtube.com/c/RudyWGiuliani
- Rumble - https://rumble.com/user/TheRudyGiuliani
- Twitter - https://twitter.com/RudyGiuliani
- Instagram - @therudygiuliani

That is so, despite Plaintiffs explaining to Defendant how to accomplish this.  ECF No. 64-4.

**Messaging Accounts.**  Defendant Giuliani has not used a professional vendor to takeout, search, or produce records from messaging applications, including the following applications, which Defendant Giuliani has testified he used during the relevant time period:

- Telegram
- Signal
- WhatsApp

**Phone Records.**  Defendant Giuliani has not obtained his phone records—including all text messages—or used a professional vendor to search or produce those records.  That is so, despite the Court's direction that Defendant Giuliani should collect those records and Defendant Giuliani

agreed that the May 31 Order required him to do so.  May 19 Hearing Tr. at 90:25–91:9; ECF No. 64-4.

### d. Defendant Giuliani's June 16 Production of TrustPoint Materials Appears to be Deficient.

While Plaintiffs are still reviewing Defendants' June 16 production from the TrustPoint database, the production Defendant made from the TrustPoint database appears to be incomplete and largely useless.  On June 16, Defendant produced 4,902 TrustPoint files to Plaintiffs.[3]  Of those files, 3,233 are .txt files. Ex. 1 (Affidavit of Kari Knudsen) ¶ 5.  Txt files are generally non-usable, non-readable raw data, and 2,350 of the .txt files produced by Defendant Giuliani are what are known as "blobs"—blobs are non-readable, non-usable computer code files.  *Id.*  Plaintiffs' forensics expert reviewed a random sample of 10% of the 833 of the non-blob .txt files and reports that these files appear to consist almost exclusively of non-usable, non-readable raw data.  *Id.* ¶ 6. In other words, far more than half of the files produced by Defendant on June 16 appear to be nothing more than computer code.

Plaintiffs are continuing to review Defendant's production and have not yet completed their review.  But Defendants' production did not contain standard metadata, including Document Author, Document, Subject, Document Title, and Family Date/Time. *Id.* ¶ 4.  The following metadata fields were provided, but those fields are wholly blank or only a small subset contain the metadata: From, To, CC, BCC, Email Subject, Email Sent Date/Time, Email Received Date/Time, Last Modified Time, Document Created Time, and File Size.  *Id.*  Without completing a review of the documents, it is impossible to determine how many of the 2,552 non-blob file types consist

---

[3] Defendant Giuliani also produced 177 documents from TrustPoint in the fall of 2022.  This production included 51 blank documents.  *See* ECF No. 44 at 8.

of emails.  *Id.* ¶ 7.  Only 18 of the files list an .eml extension, and those appear to be non-responsive to Plaintiffs' requests.

As noted above, on June 20, Plaintiffs emailed Defendant Giuliani in an attempt to better understand the TrustPoint database and Defendant Giuliani's search of that database.  Plaintiffs requested that Defendant produce a hit report and address the following questions about Defendant Giuliani's search of TrustPoint:

- You indicated that you were not directly managing the process, who was?

- What set of materials were included and/or excluded in the production on Friday [June 16]?

  - All extensions included? Any excluded?

  - What email accounts included? Any excluded?

  - What devices included? Any excluded?

  - What messaging applications included? Any excluded?

  - What, if any, parts of his iCloud account included? Any excluded?

- What is your explanation for why so many of the materials produced appear to be blank and/or non-responsive?

- What is your explanation for how these materials are "responsive" to Plaintiffs' RFPs?

  - Which RFPs are these materials "responsive" to?

- What was the process by which TrustPoint was searched?

  - Was the entire database searched?  If not, how was it limited?

  - Were search terms or date ranges applied?  If so, which?

- How were the materials reviewed for responsiveness?

  - Who conducted the responsiveness review?

- How were the 3,000 additional documents that you will be reviewing and producing this week identified and segregated from the documents produced on June 16?

Plaintiffs received no response until today, described by Defendant's counsel below.   But Defendant's counsel suggests that certain files in TrustPoint may be corrupted such that they are now lost, and Plaintiffs reserve all rights to address these losses in their sanctions motion next week.

The hit report provided by Defendant's counsel yesterday responds to approximately half of Plaintiffs' proposed *Boolean* searches.   The motion Defendant's counsel provided yesterday— the motion filed in *In re Search Warrant Dated April 21, 2021*, 21-MJ-4335 (S.D.N.Y.)—makes clear that the records collected in the TrustPoint database were collected as part of an investigation into a possible Foreign Agents Registration Act violation "involving Ukrainian individuals, Ambassador Maria Yovanovitch and the office of the U.S. Ambassador to the Ukraine; a trip by Giuliani to Poland in 2019 and issues involving Franklin Templeton and funds misappropriated from the Ukraine."   Plaintiffs' Ex. 2 at 6.   In that motion, Defendant Giuliani's counsel requested that the New York court order the government to suppress and destroy the majority of records contained in the TrustPoint database, and limit any remaining records to a time period between 2018 and 2019.   *Id.* at 3, 11.   Plaintiffs do not know the result of that motion, as the docket remains sealed, and the motion does not identify which email accounts, phone numbers, messaging applications, cloud accounts, or other repositories are captured in TrustPoint.   In other words, the motion underscores that the TrustPoint records were not collected in response to a search warrant that had anything to do with the 2020 election or Plaintiffs claims, and Plaintiffs do not know whether TrustPoint documents were destroyed.   Moreover, the motion still does not make clear exactly what is and is not in the TrustPoint database.

Plaintiffs are still awaiting Defendant Giuliani's final TrustPoint production and privilege log, and, depending on what is included in those productions, may seek additional sanctions for failures to comply with the Court's orders and Defendant Giuliani's discovery obligations.

### e.   Plaintiffs Received, But Have Not Reviewed, Financial Records.

Today, Defendant Giuliani produced certain financial records.  Plaintiffs have not yet reviewed those records and reserve all rights.

### f.   Defendant Giuliani's Responses to the Fifth Set of RFAs and RFPs Are Outstanding.

Plaintiffs await Defendant's responses and production of records responsive to their fifth sets of RFAs and RFPs, and the parties have agreed to a return date of July 5, 2023.

### g.   Defendant Giuliani Failed to Produce Materials from the Giuliani Businesses.

Pursuant to the Court's June 22, 2023 Order, Defendant Giuliani is required to produce records from the Giuliani Businesses by June 30, 2023.  Plaintiffs await that production.

Defendant Giuliani is not required to retain counsel for the businesses he owns.  But if he chooses not to retain counsel, Defendant Giuliani must personally answer to the Court regarding the entities' deficient document productions.

### h.   The Motion to Compel the Giuliani Businesses Is Outstanding and Defendant Giuliani's Declaration Regarding the Giuliani Businesses Is Deficient.

Plaintiffs' motion to compel the Giuliani Businesses is outstanding.  ECF No. 70.  The Giuliani Businesses' oppositions are due on July 7, 2023.

As noted above, the Court directed Defendant Giuliani to file a declaration aimed at provided Plaintiffs with sufficient information to proceed with their 30(b)(6) depositions, specifically directing him to provide "the attorney(s) with contact information, representing each of the Giuliani Businesses," Minute Order (June 22, 2023).  The declaration filed by Defendant Giuliani is plainly deficient.  ECF No. 73.  As an initial matter, the declaration provides that the

Giuliani Businesses are not represented by counsel.  Additionally, Plaintiffs are aware of numerous employees of Giuliani Partners that are not identified in the declaration, specifically: Christianne Allen, Anne Marie Cretella, Ryan Medrano, and Noelle Dunphy.  Discovery to date also reflects that Ms. Ryan was working for Giuliani Partners at least as early as December 2020, while the declaration provides that her employment began on April 16, 2021.  Finally, the declaration represents that Giuliani Communications has no assets, but Defendant Giuliani testified during his deposition that Giuliani Communications owns his "Common Sense" podcast.

Defendant Giuliani is not required to retain counsel for the businesses he owns.  But if he chooses not to retain counsel, Defendant Giuliani must personally designate a Rule 30(b)(6) deponent for the depositions.

***

## B.  Defendant's Position

Defendant generally agrees with Plaintiffs' recitation of events, but qualifies it with his responses/replies below.

First, Defendant's counsel missed the June 20, 2023 email request for information in the plethora of email correspondence on discovery issues in this case (both party and non-party discovery) and provided the hit report for the relevant time frame and search terms on June 29, 2023.  Defendant further responds here to certain queries lodged by Plaintiffs.

As to this statement by Plaintiffs:

*The same day, counsel for Plaintiffs wrote counsel for Defendant, asking that Defendant (1) promptly confirm whether Plaintiffs are correct that Mr. Giuliani failed to identify these sources in his May 30 Declaration, (2) explain why Mr. Giuliani failed to include these sources, (3) supplement the May 30 Declaration to include these sources, as well as all of the Giuliani*

*Partners LLC email addresses identified by Plaintiffs, to the extent he used any of these sources to discuss topics responsive to Plaintiffs' RFPs, including his post-2020 election efforts, and (4), if so, confirm that Mr. Giuliani is preserving and searching these sources for materials responsive to Plaintiffs' requests.  Plaintiffs received no response.*

Defendant's counsel has not received information to respond to these requests from the client.

As to this statement by Plainiffs:

*Plaintiffs emailed counsel for Defendant Giuliani regarding several discrepancies in the declaration, including failing to identify certain individuals as employees who Plaintiffs know to have used @giulianipartners.com email accounts, and requesting that Defendant address these discrepancies in a supplemental filing.  Plaintiffs received no response and, as of this filing, Defendant has not filed a supplement.*

Defendant's counsel has not received responsive information to this inquiry from the client.

As to this statement by Plaintiffs:

*As Plaintiffs detailed in their combined opposition to Defendant Giuliani's motion for reconsideration and response to Defendant Giuliani's declaration, Defendant Giuliani has still failed to identify all locations with potentially responsive records in direct violation of the Court's May 19 order.  ECF No. 64 at 12–18.  Defendant Giuliani has further failed to sufficiently inform the Court or Plaintiffs about the contents of the TrustPoint database, despite the Court twice directing him to identify the "specific 'data'" located therein.  Minute Order (Mar. 31, 2023); Minute Order (May 19, 2023); see ECF No. 64 at 15–16.  Plaintiffs have briefed this issue numerous times, ECF No. 44 at 10–12; ECF No. 56 at 6–8; ECF No. 64 at 15–16.  But two court*

*orders, three briefs, and multiple hearings in, Plaintiffs still have no idea what exactly is contained in the TrustPoint database.*

Defendant contends that he has provided the information on the devices and the scope of the seizure and this was the best he could do under the circumstances.  Given that the TrustPoint documents have now been produced (or will be shortly produced) Plaintiffs many glean for themselves exactly what type of files and information was in the TrustPoint database.  On June 29, 2023, Defendant produced correspondence from the underlying DOJ proceeding wherein the devices were seized, which may provide more information on the scope of the seizure to Plaintiffs.

As to these statements by Plaintiffs:

*As noted above, on June 20, Plaintiffs emailed Defendant Giuliani in an attempt to better understand the TrustPoint database and Defendant Giuliani's search of that database.  Plaintiffs requested that Defendant produce a hit report and address the following questions about Defendant Giuliani's search of TrustPoint:*

- *You indicated that you were not directly managing the process, who was?*

  Defendant's response:  TrustPoint is managing its database.  TrustPoint will require additional fees to provide the searches that Plaintiffs request for material not previously in the repository.

- *What set of materials were included and/or excluded in the production on Friday [June 16]?*

  Materials flagged as non-user generated files (background files, etc.).

  o *All extensions included? Any excluded?*

  Defendant will arrange a conference between Plaintiffs' e-discovery specialists and TrustPoint to facilitate these answers.

  o *What email accounts included? Any excluded?*

  Whatever emails were part of the DOJ seizure were included.

- o *What devices included? Any excluded?*

  Whatever devices were part of the DOJ seizure (previously tendered to Plaintffs) were included.

- o *What messaging applications included? Any excluded?*

  Whatsapp and Facebook Messenger were definitely included based on documents reviewed.   Any other messaging platforms part of the DOJ seizure were also included.

- o *What, if any, parts of his iCloud account included? Any excluded?*

  Whatever parts of the iCloud that were existing on the devices seized by the DOJ were included.

- *What is your explanation for why so many of the materials produced appear to be blank and/or non-responsive?*

  This appears to be a result of file corruption resulting from the DOJ seizure.  The files apparently generated hit results because of some metadata containing search terms.

- *What is your explanation for how these materials are "responsive" to Plaintiffs' RFPs?*

  Defendant's understanding was that the search terms were a proxy for determining responsiveness to the RFPs and produced any non-privileged documents for user-generated files that were generated by the search terms.

- o *Which RFPs are these materials "responsive" to?*

  Defendant's understanding was that the search terms were a proxy for determining responsiveness to the RFPs and produced any non-privileged documents for user-generated files that were generated by the search terms.

- *What was the process by which TrustPoint was searched?*

  Using Plaintiffs' search terms for the relevant time period (Sep. 1, 2020 to the present).

- o *Was the entire database searched?  If not, how was it limited?*

  Yes.  Limited only by culling non-user generated files and limited to the relevant time frame.

- o *Were search terms or date ranges applied?  If so, which?*

The search terms Plaintiffs provided for documents between Sep. 1, 2020 to the present with non-user generated files culled out.

- *How were the materials reviewed for responsiveness?*

  Defendant's understanding was that the search terms were a proxy for determining responsiveness to the RFPs and produced any non-privileged documents for user-generated files that were generated by the search terms.

  o *Who conducted the responsiveness review?*

  Defendant's understanding was that the search terms were a proxy for determining responsiveness to the RFPs and produced any non-privileged documents for user-generated files that were generated by the search terms.  The search term hits were identified by TrustPoint.

- *How were the 3,000 additional documents that you will be reviewing and producing this week identified and segregated from the documents produced on June 16?*

  By using "privilege" search terms provided by the Trump Campaign and names of counsel representing Defendant on current matters.

Defendant's understanding was that the search terms were a proxy for determining responsiveness to the RFPs and produced any non-privileged documents for user-generated files that were generated by the search terms.  Defendant did this last fall with some of these TrustPoint documents during the limited "email" search and production.


Dated: June 30, 2023

/s/ John Langford
**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
jknoblett@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

/s/ Joseph Sibley
**CAMARA & SIBLEY L.L.P.**
Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

***Counsel for Defendant***

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

*Admitted pro hac vice*

**Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2023, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

Dated:  June 30, 2023

*/s/   John Langford*
**UNITED TO PROTECT DEMOCRACY**
John Langford*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org

*Admitted *pro hac vice*