**PLAINTIFFS' EXHIBIT 2 TO JOINT STATUS REPORT**

# DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

WRITER'S DIRECT: (646) 428-3238
E-MAIL: rjc@dhclegal.com

August 27, 2021

**_VIA EMAIL_**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**CONFIDENTIAL AND FILED
UNDER SEAL**

Re:   <u>In re Search Warrant dated April 21, 2021, 21 Mag. 4335</u>

Dear Judge Oetken:

The massive amount of data that has been turned over to the Special Master and counsel for Giuliani contains twenty-six years' worth of data from February 24, 1995 to July 23, 2021. The temporal limits of the search warrants is the eighteen-month period from August 1, 2018 to December 31, 2019. The Government has informed us that following the privilege review, it intends to review everything contained on the Giuliani devices, i.e. for the twenty-six years from February 24, 1995 to July 23, 2021. We believe that the Government is not authorized to conduct a general search of 26 years' worth of data, which if allowed, will necessitate that the Special Master and counsel for Giuliani will review that enormous amount of

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 2

data for attorney client privilege documents that have nothing to do with the investigation of a FARA violation in 2018 and 2019, that the Government claims to be conducting. It will also result in a tremendous unnecessary cost to Giuliani which can only be viewed as a strategy to bankrupt Giuliani even if they ultimately charge him with anything.

This letter memorandum is submitted in support of Rudolph Giuliani's request that this Court direct the Special Master and counsel for Giuliani to conduct their review of privilege materials only for the period specified in the search warrants, August 1, 2018 to December 31, 2019, and that the Special Master should turn over all non-privileged materials from that time period only, to the United States Attorney for the Southern District of New York. Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, the Government's vendor, PAE, who has extracted all of the materials contained on Giuliani's electronic devices, should be directed to return or destroy all materials that predate August 1, 2018 and that post-date December 31, 2019.

This issue arises because the U.S. Attorney's Office has informed counsel for Giuliani that it intends to have its Investigative Team examine everything that was found on the electronic devices that was not deemed privileged or otherwise protected by the Special Master and this Court. The Government has made clear that

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 3

it does not believe it is constrained by the temporal limitations set forth in the search

warrants, August 1, 2018 to December 31, 2019.

Our position is that the provision in the search warrants, ("if necessary"

provision), which would allow the Government to review all of the ESI, only applies

to the 18-month time period specified in the search warrants. That provision allows

the Government to determine all responsive documents within the time period

specified by the warrants and it is not a carte blanche invitation to review everything

captured in that 26 year period. We believe that the Government's erroneous

interpretation would, in its application, turn these search warrants into general

warrants prohibited by the Fourth Amendment to the U. S. Constitution. The

Government's confusion results from their treating the electronic devices themselves

as the evidence, rather than the temporally limited subset of data that is contained on

the electronic devices, which actually constitutes the evidence.

This application is not a challenge to the search warrants issued. We attempted

to resolve this dispute without the Court's intervention, but the Government has

refused to abide by the temporal limitations of the search warrants.[1] We need a Court

---

[1] On June 22, 2021, A.U.S.A. Nicolas Roos responded to counsel for Giuliani's request for a clarification of the Government's position:

"Bob,

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 4

direction to the Special Master and counsel for Giuliani to only engage in a review of the 18-month period specified in the warrants for privileged material and that there is no need to review the 23 plus years of material outside the search warrant dates for issues of privilege.

Following the privilege review, the only material or data that should be released to the Government is that data within the search warrant dates. The Government is entitled to review all of that material for responsiveness. By our request for direction to the Special Master and counsel, we are not seeking to block Government access to relevant materials. After the Government reviews the material within the dates of the search warrants, if they believe that there is a need for additional inquiry, the Government can: (1.) seek an additional search warrant; (2.)

---

Thanks very much for running this by us, and we appreciate your efforts to resolve this question without litigation. As it seems we can't come to an agreement on this, we agree that the appropriate course is for you to make an application to Judge Oetken.

The Government's position is that the Special Master has been appointed for the limited purpose of reviewing the seized materials for privilege, and anything determined not to be privileged should be released to the investigative team of AUSAs and FBI agents. Federal Rule of Criminal Procedure 41 and the search warrants authorize the Government to review all the materials released by the Special Master and then mark "responsive" the subset of materials that is covered by the warrant. The temporal limitation is part of that responsiveness review. In other words, The Government is not "constrained" by the temporal limitation from reviewing the materials seized pursuant to the warrants, but is "constrained" by the terms of the warrant from marking items "responsive" if they fall outside the time-limited period or are not covered in the items listed in the warrant rider. The Government's view is informed by Rule 41, which permits such a review, and case law rejecting attempts at ex ante limitations on the scope of review. We also believe that, as a result of technical issues relating to how the data are time-stamped, imposing a temporal limitation without any review will result in technical errors such as potentially responsive data not being included."

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 5

issue a grand jury subpoena duces tecum or (3.) simply request counsel for Giuliani

to voluntarily produce that which they seek.[2]

The investigation being conducted by the Government is alleged by them to

be in search of a possible FARA violation involving Ukrainian individuals,

Ambassador Maria Yovanovitch and the office of the U.S. Ambassador to the

Ukraine; a trip by Giuliani to Poland in 2019 and issues involving Franklin

Templeton and funds misappropriated from the Ukraine. Simply stated nothing

relating to those individuals and events occurred prior to August 1, 2018, which is

why the Government put that date in the search warrants and presumably supported

that date selection in the affidavit or affidavits in support of that search warrant

application. The absurdity of the Government's position is best illustrated by noting

that Rudy Giuliani was Mayor of the City of New York from 1994 to 2001. Does

the Government really believe that it is entitled to review records of then Mayor

Giuliani to see if there was a violation of FARA in 2018 or 2019?[3]

---

[2] Our request seeks to avoid prohibitively expensive search for privileged matters well outside the relevant dates  specified in the search warrants.  Surely no Court would authorize a search for 23 plus years of irrelevant information as the Government would now have us do.

[3] To put this into perspective so this Court can see the absurdity of the Government's entitlement belief, we share some statistical evidence provided to us by Trustpoint. While, Trustpoint, is still loading the enormous amount of data delivered to them by the Government's vendor, PAE, covering everything discovered on the devices without regard to any time limitations, they report that they have seen email data from as early as February 24, 1995 and as late as July 23, 2021. Recognizing that Trustpoint has not yet completed loading all of the data received, they report that they have processed and loaded 285,076 files of which only 527

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 6

The warrants in question involve searches of the home and office of the then

personal attorney to the President of the United States; the former Mayor of the City

of New York and the United States Attorney for the Southern District of New York.

Since these are searches of a lawyer's home and office, care must be taken to avoid

intruding upon the attorney client and work product privileges of clients who shall

remain nameless, in addition to the attorney client privilege, work product privilege

and executive privilege of the President of the United States, Donald Trump.

Both the Special Master and counsel for Giuliani need guidance as to what

materials they need to review for the purpose of claiming privilege. Are we to review

the less than one percent of the data that relates to the time period specified in the

search warrants or must we wade through the 99% of the data that has no conceivable

relevance to the investigation just to ethically protect the attorney client privilege of

unnamed clients. .[4]

---

are within the date range specified in the search warrants. That means only .00184 percent of the files are from the relevant time period. Basically, two tenths of one percent of the data being dumped on the Special Master and counsel for Giuliani concern the date limitations in the search warrants, yet the Government seeks to mandate that the Special Master and counsel for Giuliani are required to search that none relevant 99.9% of the data for privilege issues.

[4] Our expert, Trustpoint.One ("Trustpoint"), has made it clear that segregating the data from that time period contained in the warrants is a relatively easy task. Trustpoint has also informed us that 99.9 % of the data provided relates to time periods outside of the 18-month period specified in the search warrants. Specifically, they advised that of the 285,076 files they have loaded, only 527 are within the 18-month period specified in the search warrants. That is .00184 percent.

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 7

The Special Master and counsel for Giuliani are faced with a data dump for 23 years before the start date in the subpoenas and 19 months after the end of the subpoenas. Without this Court's direction, we will be forced to expend countless hours and enormous expense reviewing records outside the scope of the warrants to protect attorney client privileges and work product privileges for clients who have nothing to do with this investigation. That procedure, which the Government admits it is going to deploy, will result in turning the particularized search warrants into prohibited general search warrants.

It is not a legitimate tactic of Government to put Giuliani and his counsel through this very expensive and time- consuming search to satisfy Giuliani's ethical obligation to protect the rights of unnamed clients. Those unnamed clients have nothing to do with anything legitimately being investigated. As demonstrated in the affidavit of Trustpoint, it is an easy process for the experts to segregate all of the material found on the devices between the dates initially selected by the U.S. Attorney and then approved by this Court in the probable cause determination made when the warrants were authorized. Absent a mandate from this Court, the Government will treat this as a general search warrant and literally rummage through everything on Rudy Giuliani's devices for the past twenty-six years.

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 8

## THE GOVERNMENT'S INVESTIGATION

In April of 2021, the Government sought search warrants for the electronic devices of Rudolph Giuliani to obtain the same records they had sought in a covert warrant eighteen months earlier. The records sought were communications between Giuliani and 12 identified individuals during the period August 1, 2018 to December 31, 2019 seeking evidence that would establish a violation of the Foreign Agents Registration Act ("FARA"). This was essentially the same time period of communications sought in the first "covert" search warrant. The Government simply moved the starting date from May 1 to August 1, 2018 and extended the end date to the end of the year, December 31, 2019. The information the Government sought was essentially the same as it had previously sought in the "covert" warrant whose existence was kept from Giuliani, his counsel and President Trump for over 18 months, and only revealed after the execution of the current overt search warrants at the end of April 2021.

In this proceeding, we are not concerned with the "covert" warrant, only the overt warrants issued and executed on Rudolph Giuliani's apartment, office and personally.

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 9

## PRIVILEGE REVIEW BY THE SPECIAL MASTER

This Court, at the urging of both the Government and counsel for Giuliani, appointed a Special Master, Hon. Barbara Jones (Ret.), to make initial rulings on issues of attorney client privilege, work product privilege and executive privilege, as Giuliani was, during the time period specified in the search warrants, an attorney at law in the State of New York, who represented and advised private citizen clients as well as Donald Trump, the then President of the United States.

Search warrants for lawyers' offices and residences are frowned upon, even by the Justice Department Manual. Special permission must be sought and granted by Main Justice before a United States Attorney is authorized to seek Court approval of a search warrant for the offices or home of an attorney. Even then, the Government is advised to use the least intrusive means possible to obtain the information in question. These safeguards are necessary to protect the attorney client privileges of clients who have nothing to do with the matter that is under investigation.[5] If caution and limitations were ever to be required, this is the case. If limitations were placed upon the conduct of the Government in executing the search warrants issued, this is

---

[5] In this instance, the attorney in quest, Rudolph W. Giuliani, was the former Associate Attorney General of the United States of America; the United States attorney for the Southern District of New York; the former Mayor of the City of New York and the then personal lawyer to the President of the United States.

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 10

the case in which they should be scrupulously adhered to.

The Government's stated intention that it intends to rummage through everything that they have extracted from the devices without any limitation requires a Court response to direct what the Special Master and counsel for Giuliani are expected to do before the Government gains access to the data. The Government's stated intention would convert the search warrants into general warrants prohibited by the Fourth Amendment. The Government should only be provided with the non-privileged material for the time period August 1, 2018 to December 31, 2019 and the Government and or its vendor, PAE, should be directed to return or destroy the material outside the parameters of the search warrants.

**THE APRIL 2021 WARRANTS**

On April 21, 2021, this Court (U.S.D.J., J.Paul Oetken) issued search warrants for the premises of Rudolph W. Giuliani , located at 45 East 66th Street, Unit 10 W, New York New York, as well as the Office of Rudolph W. Giuliani located at 445 Park Avenue, New York New York and the person of Rudolph Giuliani. The warrants sought evidence, located on Giuliani's electronic devices, during the time period from August 1, 2018 to December 31, 2019 relating to an alleged violation of the Foreign Agents Registration Act ("FARA") statute, 22 U.S.C. Sections 612

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 11

and 618; attempting to and causing a violation of those statutes, 18 U.S.C., Section

2; and Conspiracy to violate the foregoing statutes, 18.U.S.C. Section 371. This

Court found probable cause to search and seize the person or property for any and

all electronic devices and then following the seizure of those devices, the warrants

authorized the Government or its agents "and outside technical experts ... are

authorized to review the ESI" (Electronically Stored Information) "for evidence and

instrumentalities of (the crimes specified above) FOR THE TIME PERIOD

AUGUST 1, 2018, UP TO AND INCLUDING DECEMBER 31, 2019" (emphasis

added) for: (1.) evidence, including but not limited to communications with or

regarding 12 identified individuals; or (2.) evidence relating to Marie Yovanovitch

and the position of U.S. Ambassador to Ukraine, including but not limited to any

communications with any U.S. Government officials or employee regarding

Yovanovitch or the position of U.S. Ambassador to Ukraine, (3.) retainer agreements

with any Ukrainian governmental entity official or national including but not limited

to Lutsenko or (4.) evidence of any work or potential work concerning Franklin

Templeton or the recovery of assets stolen from the Ukraine; (5.) evidence relating

to a trip by Rudolph Giuliani to Poland in February 2019 or (6.) any evidence of

knowledge of the FARA laws or lobbying including, but not limited, to knowledge

of the requirement to register as an agent of a foreign principal, or of the prohibition

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 12

of acting on behalf of, lobbying for, or making contributions on behalf of a foreign

principal.

The search warrants "authorized the review of the ESI contained therein that

was sent, received, posted, created, or otherwise accessed, established, modified, or

deleted BETWEEN THE TIME PERIOD AUGUST 1, 2018 AND DECEMBER 31,

2019 for information responsive to the warrant." (emphasis added).

Additionally, the warrant provided: "Law enforcement personnel will make

reasonable efforts to search only for files, documents, or other electronically stored

information WITHIN THE CATEGORIES IDENTIFIED IN SECTION III B OF

THIS ATTACHMENT. However, law enforcement personnel are authorized to

conduct a complete review of all the ESI from seized devices or storage media IF

NECESSARY TO EVALUATE ITS CONTENTS AND TO LOCATE ALL DATA

RESPONSIVE TO THE WARRANT." (Emphasis added).

The Government has made it clear in emails to counsel for Giuliani that,

relying on the last ("IF NECESSARY") phrase contained above, it does not believe

it is under any limitations as to what it may review after the privilege issues are

decided following the Special Master's review and determination of privilege issues

raised by counsel for Giuliani. Necessarily, this means counsel for Giuliani and the

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 13

Special Master must review everything pre and post the temporal limitations in the

warrant.

The Government will claim that this general search of the ESI that they

propose to conduct, is necessary to evaluate its contents and locate all data

responsive to the warrant. This argument is sophistry designed to allow the

Government to search everything when the search warrants are clear that the

Government can only search the ESI found between the dates of August 1, 2018 and

December 31, 2019. The Government is entitled seize all the ESI between those

dates in the search warrant, but to determine 'responsiveness" the "if necessary

"clause allows the Government to review all ESI within the time period to establish

responsiveness. Any other interpretation would render the date limitations

meaningless and would convert these search warrants into prohibited general search

warrants. The "if necessary" clause  is not an excuse to simply ignore the temporal

limitations that the Government themselves proposed  and this Court accepted, for

the search warrants. s. The Government could have chosen any other dates that they

could supply probable cause for, but these are the dates they selected, and this is the

data they should be limited to reviewing.

Counsel for Giuliani has no problem with or objection to the Government

reviewing everything within those time periods and if they discover evidence that

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 14

establishes probable cause to believe there may be additional relevant documents

outside that time period they will be free to seek a search warrant or simply serve a

subpoena duces tecum for that material.

This argument expected to be made by the Government in light of A.U.S.A.

Nicolas Roos' email is sophistry designed to allow the Government to review

everything that it seized, which in this case means reviewing 23 1/3 years of private

and privileged information that is protected from general search warrants by the

United States Constitution.

## ARGUMENT

## POINT I

### The Government Should Not Be Permitted to Access Data Outside the Temporal Limitations Contained in the Search Warrants

The Fourth Amendment provides that "no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation, and particularly describing the

place to be searched, and the persons or things to be seized." U.S. Const. Amend.

IV. see *United States v. Grubbs*, 547 U.S. 90, 97 (2006). As this Court noted in

*United States v. Zemlyansky*, 945 F.Supp.2d 438 (S.D.N.Y., 2013) (Oetken, J.): "this

requirement traces directly back to the Framers' experience of tyranny before this

Nation's founding".

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 15

The Fourth Amendment to the Constitution was a direct result of the opposition to the English Crown's use of general warrants. The particularity requirement of the Fourth Amendment "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison,* 480 U.S. 79, 84, (1987). The idea behind the "particularity" requirement was to prevent "general searches, preventing the seizure of objects upon the mistaken assumption that they fall within the magistrate's authorization…" *United States v. Young,* 745 F.2d 733,759 (2d Cir. 1984). In the Second Circuit, to be sufficiently particular, a warrant must satisfy three elements. First, "a warrant must identify the specific offense for which the police have established probable cause." *United States v. Galpin*, 720 F.3d 436,445 (2d Cir. 2013). Second, "a warrant must describe the place to be searched." Third, the warrant must specify the items to be seized by their relation to the designated crimes. *Id.* at 446. Describing with particularity the "things to be seized" has two distinct elements. See *United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999). First, the warrant must describe the things to be seized with sufficiently precise language so that it tells the officers how to separate the items properly subject to seizure from irrelevant items. This requirement prevents a "general, exploratory rummaging in a person's belongings," *Coolidge v. New*

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 16

*Hampshire,* 403 U.S. 443, 467, (1971) and it "makes general searches ... impossible and prevents the seizure of one thing under a warrant describing another. With regard "to what is be taken, nothing is left to the discretion of the officer executing the warrant." *Stanford v. Texas*, 379 U.S. 476,485 (1965); *Marron v. United States*, 275 U.S. 192, 296 (1927) . Second, the description of the things to be seized should be limited to the scope of the probable cause established in the warrant. See *In re Grand Jury Investigation Concerning Solid State Devices, Inc.,* 130 F.3d 853, 857 (9th Cir. 1997). Many courts "have found warrants for the seizure of [business] records constitutionally deficient where they imposed too wide a time frame or failed to include one altogether. *United States v. Cohan*, 628 F.Supp.2d 355,365-66 (E.D.N.Y. 2009). *See also, United States v. Levy,* 2013 WL 664712 (S.D.N.Y. 2013) ("Several courts in this Circuit have recognized the constitutional questions that are raised by the lack of a specific date range in a warrant for documentary records and warned the Government to include one when possible."). Likewise, in *United States v. Hernandez*, 2010 WL 26544 (S.D.N.Y. 2010), the court stated that "a failure to indicate a time frame could render a warrant constitutionally overbroad because it could allow the seizure of records dating back arbitrarily far and untethered to the scope of the affidavit which ostensibly provided probable cause." In *Zemlyansky, id.* this very court recognized the importance of temporal or date limitations because

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 17

it found that the absence of such limitations  reinforced the court's conclusion that

the [warrant] functioned as a general warrant. *Id.* at 459-60.

This particular warrant, authorized by this court, did indeed specify the crimes

being investigated and the temporal limits of the search warrant. This request for

intervention and direction to the Special Master and counsel for Giuliani is

necessitated because the Government announced its intention to disregard the

temporal limits and treat them as if they were not there. That decision by the

Government will effectively turn this into a prohibited general warrant. All of the

previously cited cases, considered together, forbid agents from obtaining "general

warrants" and instead require agents to conduct narrow seizures that attempt to

"minimize[] unwarranted intrusions upon privacy." *Andresen v. Maryland*, 427 U.S.

463, 482 n.11 (1976). Here the warrants were sought in compliance with the law,

but the Government intends in effectuating the seizures to disregard the temporal

restrictions,  therefore  requiring counsel for Giuliani and the Special Master to sort

through 23 years of irrelevant data in order to protect attorney client privileges of

old clients.

In this case, the agents were authorized to seize data (that was contained in

Giuliani's electronic devices) that was defined as existing between the dates of

August 1, 2018 and December 31, 2019 and which data fit into certain categories

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 18

specified in the warrants, namely communications concerning a possible FARA violation between Giuliani and twelve specified individuals; communications involving retainer agreements between Giuliani and Ukrainian citizens; communications regarding Ambassador Yovanovitch or the office of the U.S. Ambassador to the Ukraine; a Giuliani trip to Poland in 2019; or dealings with Franklin Templeton seeking the return of assets from the Ukraine.

The data and information sought was believed to be contained in various electronic devices (computers and cell phones) in the possession of Rudolph Giuliani or in his home or office. The computer is "evidence" only to the extent that some of the data it stores is evidence. See *United States v. Giberson*, 527 F.3d 882, 887 (9th Cir. 2008) ("Computers, like briefcases and cassette tapes, can be repositories for documents and records."). When probable cause to search relates in whole or in part to information stored on the computer, rather than to the computer itself, the warrant should identify that information with particularity, focusing on the content of the relevant files rather than on the storage devices which may happen to contain them. See, e.g., *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009) (stating that the ability of a computer to store "a huge array" of information "makes the particularity requirement that much more important"); *United States v. Vilar*, 2007 WL 1075041, at *36 (S.D.N.Y. 2007) ("underlying information must be identified

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 19

with particularity and its seizure independently supported by probable cause");

*United States v. Carey*, 172 F.3d 1268, 1275 (10th Cir. 1999) (stating that a warrant

to seize evidence stored on a computer should specify "which type of files are

sought"). Failure to focus on the relevant files may lead to a Fourth Amendment

violation. For example, in *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir.

2005), which involved an investigation into harassing phone calls, the court held that

a warrant authorizing seizure of all storage media and "not limited to any particular

files" violated the Fourth Amendment. Agents should be particularly careful when

seeking authority to seize a broad class of information. This sometimes occurs when

agents plan to search computers at a business. See, e.g. *United States v. Leary and

F.L. Kleinberg & Co.*, 846 F.2d 592, 600-04 (10th Cir. 1988). Agents cannot simply

request permission to seize "all records" from an operating business unless agents

have probable cause to believe that the criminal activity under investigation pervades

the entire business. See *United States v. Ford*, 184 F.3d 566, 576 (6th Cir. 1999)

(citing cases); *In re Grand Jury Investigation Concerning Solid State Devices, Inc.*,

130 F.3d 853, 857 (9th Cir. 1997). A similarly dangerous phrase, "any and all data,

including but not limited to" a list of items, has been held to turn a computer search

warrant into an unconstitutional general warrant. *United States v. Fleet Management

Ltd.*, 521 F. Supp. 2d 436, 443-44 (E.D. Pa. 2007); see also *Otero*, 563 F.3d at 1132

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 20

(warrant authorizing seizure of "any and all information and/or data" fails the particularity requirement). Instead, the description of the files to be seized should be limited. As the Second Circuit noted in *United States v. George*, 975 F.2d 72, 74 (2d Cir. 1992): "Because everyone has some kind of secret or other, most people are anxious that their personal privacy be respected. For that very human reason the general warrant, permitting police to ransack one's personal belongings, has long been considered abhorrent to fundamental notions of privacy and liberty." In this case, the agents were authorized to seize certain specified data from a specific time period that was contained on the devices in question. The authorization was for specific data from a specific time period. The fact that the data authorized was contained on devices which held data for an additional 23 plus years does not authorize the agents to review that private data. To claim otherwise, as the Government seemingly does here, is the same as claiming that the search warrants issued are general search warrants which allow the Government to rummage through everything contained in the electronic devices. Certainly, this is not what this Court authorized. Courts impose these particularity requirements so as to not "leave to the unguided discretion of the officers executing  the warrant the decision as to what items may be seized." *United States v. Riley*, 906 F.2d 841, 844 (2d Cir. 1990).

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 21

As part of the particularization requirement for search warrants, courts have said that the time frame of the records involved should be listed when known. See, e.g., *United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995) (invalidating warrant for failure to name the crime or limit seizure to documents authored during time frame under investigation); *United States v. Ford*, 184 F.3d 566, 576 (Failure to limit broad descriptive terms by relevant dates, when such dates are available, will render a warrant overbroad) citing *United States v. Cardwell*, 680 F.2d 75, 78 (9th Cir.1982); *United States v. Abrams*, 615 F.2d 541, 545 (1st Cir.1980)("A time frame should also have been incorporated into the warrant").

That is not the case here, this Court issued these warrants based upon affidavits and evidence presented by the Government, which authorized a search for data between certain dates. The problem here is that the Government now wants to ignore those dates and leave it to their investigative agents to review whatever they want from the devices they seized. Physical possession of the Giuliani devices does not give the Government license to search everything on those devices. The evidence is not the devices, it is the data, and the search warrants place restrictions on what data can be seized and reviewed by the government. Under these circumstances, if the Government had left out the dates in their application to this Court, as they want to do now in the execution of the warrants, those warrants would be struck down as

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 22

unconstitutional and the evidence suppressed. It is particularly important in the current situation, where we are dealing with the private and business records of the attorney for the then sitting President of the United States, that the limitations imposed by the search warrants have meaning. This is not the occasion to excuse a planned rummaging of an attorney's records. Nor is it even remotely proper for the Government to impose this enormous expense on Giuliani to prevent the Government from rummaging through the records of clients over a 26-year period, who have nothing remotely to do with this purported FARA investigation.

## Conclusion

Although a temporal limitation is not always a necessity, here, the Government acknowledged the need for temporal particularity, and limited the warrant accordingly. Therefore, it is obvious that the Government's request to search the seized devices for documents outside of the time requested should be denied. The Government sought emails and texts seized from devices during a specific time period during which this Court found there to be probable cause to believe that evidence of certain crimes might be contained therein. The Government now wishes to search, look at and inspect emails and texts that antedate August 1, 2018 and postdate December 31, 2019. This should not be permitted. This runs counter to the particularity and constitutional requirement presently contained within the search

930717.v2

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 23

warrant. The Government is seeking to search and inspect every email and text in

the devices seized contrary to the dictates of their application and what the search

warrant provides. The Government improperly seeks to convert an otherwise

purportedly proper search warrant into an unconstitutional general and overbroad

search of items beyond the scope of the warrant, and in fact, beyond the scope of the

time period that the Government requested.

Respectfully submitted,

DAVIDOFF HUTCHER & CITRON LLP

/s/ Robert J. Costello
Robert J. Costello (RC-8301)
*Counsel for Rudolph Giuliani*
605 Third Avenue
New York , New York 10158
Tel: (212) 557-7200

AIDALA, BERTUNA &KAMINS, PC
Hon. John M. Leventhal (Ret.)
Michael Jaccarino

*Co-Counsel for Rudolph Giuliani*
545 Fifth Avenue
New York, New York 10036
Tel: (212) 486-0011

cc: AUSA Rebekah Doneleski
    AUSA Nicolas Roos
    AUSA Aline Flodr

930717.v2