# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>and<br><br>WANDREA MOSS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　Defendant. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

### PLAINTIFFS' SUBMISSION DETAILING THE COSTS AND FEES INCURRED IN PREPARING THE MOTION TO COMPEL DEFENDANT GIULIANI <u>AND THE RELATED MAY 19 HEARING</u>

On June 23, 2023, the Court granted Plaintiffs' Motion to Compel Defendant Giuliani (ECF No. 44) (the "Motion") and granted Plaintiffs' request for attorneys' fees and expenses. Minute Order June 23, 2023. The Court ordered Plaintiffs to make a submission detailing the costs and fees incurred in preparation of the Motion and the May 19, 2023 hearing concerning the Motion (the "May 19 Hearing").[1] Plaintiffs respectfully make this submission detailing those costs and

---

[1] The Court originally ordered Plaintiffs to file this submission by June 30, 2023. After Plaintiffs filed an unopposed Motion for Extension of Time on June 30, the Court granted Plaintiffs' motion the same day via Minute Order and ordered that Plaintiffs file this submission by July 5, 2023.

fees and requesting an award as detailed below.[2]

## I. FACTUAL BACKGROUND

As the Court is well aware, Plaintiffs' efforts leading up to the granting of the Motion extend far beyond the preparation of the Motion, the Reply in Support of the Motion (ECF No. 56) (the "Reply), and the May 19 Hearing.  Plaintiffs' counsel have been working since at least early March of this year to resolve the disputed issues identified in the Motion and continued their work concerning the Motion through June 14th when Plaintiffs submitted a Combined Opposition to Defendant Giuliani's Motion for Reconsideration and Response to Defendant's Declaration (ECF No. 64) (the "June 14 Opposition").  For that reason, Plaintiffs briefly outline *all* of Plaintiffs' efforts regarding Defendant Giuliani's failure to comply with his discovery obligations, including the preparation of the Motion, the Reply, and the May 19 Hearing:

- On March 17, 2023, following months of unsuccessful efforts to address Defendant Giuliani's discovery deficiencies through consultations and negotiations with counsel, Plaintiffs submitted a joint email seeking a telephonic conference regarding Defendant's failure to comply with his discovery obligations and seeking leave to file a motion to compel (the "March 17 Email").

- On March 20, Plaintiffs submitted a detailed explanation of and timeline for the discovery issues in dispute, as directed by the Court in a Minute Order dated March 20 (ECF No. 36) (the "March 20 Submission").

- On March 21, Plaintiffs' participated in a telephonic discovery conference before this Court (the "March 21 Hearing").

- On April 10, the parties submitted a joint status report detailing that Defendant Giuliani had not complied with the Court's Minute Order dated March 21 (ECF No. 42) (the "April 10 JSR").

---

[2] The attached Declaration of Michael Gottlieb ("Gottlieb Decl.") and Exhibit A provide a detailed accounting of the attorneys' fees sought by Plaintiffs, including the hours billed, the work associated with those hours, the attorneys who conducted the work, and the attorneys' reasonable hourly rates.  (Gottlieb Decl.; Ex. A.)

- On April 17, Plaintiffs submitted the Motion pursuant to the Court's Minute Order dated April 11.

- On May 8, Plaintiffs submitted the Reply.

- On May 19, the Court held an in-person discovery conference lasting nearly three hours.

- On June 14, Plaintiffs submitted the June 14 Opposition.

**II.    LEGAL STANDARD**

Rule 37(b)(2)(C) requires the award of "reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(C).  As the D.C. Circuit has noted, "the basic formula for calculating an attorney fee award seems straightforward: multiply the number of hours reasonably exp[e]nded in litigation by a reasonable hourly rate or lodestar."  *DL v. District of Columbia*, 924 F.3d 585, 588 (D.C. Cir. 2019) (internal quotations omitted); *see Walker v. District of Columbia*, 317 F.R.D. 600, 606 (D.D.C. 2016) (applying "lodestar method" of multiplying "a reasonable hourly rate by a reasonable number of hours expended") (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 248 F.R.D. 64, 68 (D.D.C. 2008)).  "The Supreme Court has offered guidance about how to perform that calculation, explaining that 'reasonable fees' are those grounded in rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  *DL*, 924 F.3d at 588.  Pro bono counsel, who normally do not bill at hourly rates, are still "entitled to be compensated at market rates" in connection with work associated with motions to compel.  *Malede v. D.C. Jail Facility*, 252 F.R.D. 63, 65 (D.D.C. 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see Thomas v. Moreland*, No. CV 18-800 (TJK), 2022 WL 2168109, at *6 n.4 (D.D.C. June 16, 2022) ("'[C]ourts have rejected the contention, in situations analogous to Rule 37 sanctions, that [parties] represented on a pro bono basis are not entitled to attorneys' fees' or 'should receive a reduced amount.'") (quoting *Nat'l Laws. Guild v. Att'y Gen.*, 94 F.R.D. 616, 618 (S.D.N.Y. 1983)); *Mattachine Soc'y of Washington, DC v. U.S. Dep't of Just.*,

406 F. Supp. 3d 64, 70 (D.D.C. 2019) (noting work performed on a pro bono basis "is not a bar to recovering attorneys' fees, as courts frequently award costs and fees in *pro bono* cases").

**III.    ARGUMENT**

Plaintiffs respectfully submit that, under the existing authorities cited *supra*, this Court has discretion to require Defendant Giuliani to pay the fees incurred by counsel for Plaintiffs at prevailing market rates in connection with *all* efforts that culminated in the granting of the Motion. These efforts include the March 17 Email, the March 20 Submission, the March 21 Hearing, the April 10 JSR, the Motion, the Reply, the May 19 Hearing, the June 14 Opposition, and the time spent on this submission.

Nonetheless, for expediency of the Court, Plaintiffs only seek repayment for a *portion* of the total hours expended and fees incurred in connection with the granting of the Motion and submit only a *portion* of the hours directly associated with the Motion, the Reply, the May 19 Hearing, and the June 14 Opposition, which amounts to 147.5 hours of billed time. (Gottlieb Decl. ¶ 13.) Applying Willkie Farr & Gallagher LLP's ("Willkie") standard rates would result in a fee award (when combined with the presumed rates applicable to counsel from Protect Democracy) of $185,268.90.  That said, Plaintiffs recognize that this Court, in other cases, has applied an alternative framework for fee awards—namely, an LSI-adjusted *Laffey* Matrix. *See Eley v. District of Columbia*, 999 F. Supp. 2d 137 (D.D.C. 2013) (J. Howell).  Plaintiffs respectfully submit that this Court can and should apply *Eley* to the hours detailed in this Motion and accompanying declaration, and enter an award of fees based on the application of the LSI-adjusted *Laffey* Matrix.

### A. Plaintiffs' Claimed Hours Are Reasonable.

The number of hours claimed by Plaintiffs are reasonable.[3]  Counsel for Plaintiffs claim 68.3 hours in connection with drafting the Motion, 39.3 hours in connection with drafting the Reply, and 22.3 hours in connection with drafting the June 14 Opposition.  (Ex. A. Part I.A-B, D.)  As to the time claimed in connection with the Motion itself, this worked occurred in two phases.  Plaintiffs began researching and drafting the Motion in March in order to have the basis to seek the initial telephonic Court conference on March 21, 2023.  (Gottlieb Decl. ¶ 12.)  Plaintiffs then continued to revise and finalize the Motion following the Court's April 11, 2023 Minute Order setting a briefing schedule for the Motion.  (*Id*.)  This time—which Plaintiffs have reduced considerably from the actual total by excluding hours of certain attorneys and staff—was necessary to conduct adequate legal research and to draft well-reasoned arguments to apprise the Court of the relevant discovery dispute, as well as to respond to arguments raised by Defendant Giuliani in his filings and at the May 19 Hearing.  (*Id*. ¶¶ 11, 13.)  The hours claimed by Plaintiffs also compare favorably with numbers of hours that Courts in this District have deemed reasonable for drafting comparable motions and replies.  *See, e.g.*, *Borum v. Brentwood Vill., LLC*, No. CV 16-1723 (RC), 2020 WL 5291982, at *6 (D.D.C. Sept. 4, 2020) (finding "112.8 hours researching and preparing two briefs, reviewing evidence, conferring with opposing counsel, and preparing to argue the motion" was reasonable, particularly in light of movants "requesting fewer than half" their total hours expended); *Robinson v. District of Columbia*, 341 F. Supp. 3d 97, 123 (D.D.C. 2018) (finding 40 hours spent on fee petition was "reasonable" and "award[ing] the full amount requested"); *McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162–63 (D.D.C. 2017)

---

[3] All hours claimed by Plaintiffs were recorded pursuant to the customary time-keeping practices utilized in other matters which counsel for Plaintiffs provided legal services.  (Gottlieb Decl. ¶ 9.)

(awarding plaintiffs 50 hours in fees for work billed on prior fee proceeding); *United States v. Dynamic Visions Inc.*, 307 F.R.D. 299, 304 (D.D.C. 2015) (finding reasonable 126.5 hours billed where plaintiff had to "deal[] with Defendants' repeated noncompliance with Plaintiff's discovery requests and the Court's discovery orders").

Plaintiffs further claim 17.6 hours in relation to the May 19 Hearing. (Ex. A. Part I.C.) On May 10, 2023, the Court ordered the parties to attend an in-person discovery hearing on the Motion, which occurred on May 19. Minute Order May 10, 2023. Counsel for Plaintiffs spent substantial time and resources preparing for and participating in the more than three-hour May 19 Hearing. This time is reasonable and was necessary given the complexity of the discovery dispute and the facts at hand, including Defendant Giuliani's fluid explanations as to why he was unable to comply with his discovery obligations. This time includes only a portion of the time expended by the arguing attorney, Meryl Governski, and does not account for the substantial time and efforts expended by other counsel for Plaintiffs in assisting with preparation for the May 19 Hearing. (Gottlieb Decl. ¶¶ 11, 13; Ex. A Part I.C.) Given the complexity of the factual record discussed at the May 19 Hearing, this time compares favorably to the number of hours that courts in this District have assessed as reasonable in similar settings. *See, e.g.*, *Thomas v. Moreland*, No. CV 18-800 (TJK), 2022 WL 2671272, at *7–8 (D.D.C. Mar. 4, 2022) (finding reasonable 4.5 hours "expended preparing to argue the sanctions motion" where attorney actually billed 9 hours total for preparation); *Mafa v. Clean House, Inc.*, No. CIV.A. 12-0040 ESH, 2012 WL 1450181, at *1–2 (D.D.C. Apr. 26, 2012) (finding reasonable 3.5 hours spent preparing for and attending an evidentiary hearing at which "[d]efendant did not appear").

B. **Plaintiffs' Claimed Hourly Rate is Reasonable.**

Plaintiffs' claimed hourly rates are likewise reasonable. As the Court is aware, Plaintiffs are represented by counsel from multiple firms and organizations, including Willkie and Protect

Democracy. (Gottlieb Decl. ¶¶ 5–9, 11.) Consequently, counsel from Willkie and Protect Democracy routinely work together to draft filings and prepare for hearings, including the Motion, the Reply, the May 19 Hearing, and the June 14 Opposition. Accordingly, Plaintiffs' reasonable claimed hourly rates differ for counsel from Willkie and counsel from Protect Democracy. (*Id*. ¶¶ 15–16, 21; Ex. A Part II.A-B.)

In determining whether an hourly rate is reasonable, the D.C. Circuit looks to "(1) the attorney's billing practices, (2) the attorney's skill, experience, and reputation and (3) the prevailing market rates in the community." *Reed v. District of Columbia.* 843 F.3d 517, 521 (D.C. Cir. 2016) (internal quotations omitted, cleaned up) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). As to the first factor, courts in this Circuit have held that fee applicants must "show the rates that [they] . . . 'customarily charge[] clients'" and that "an attorney's usual billing rate is presumptively the reasonable rate." *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Board*, No. 17-CV-02000 (APM), 2020 WL 7248347, at *2 (D.D.C. Dec. 9, 2020) (quoting *Covington*, 57 F.3d at 1103; *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)). And as to the third factor, "a firm's actual rate 'is presumptively the market rate for its services' given the skills, experience, and reputation of [its] attorneys." *Wye Oak Tech. Inc. v. Republic of Iraq*, 557 F. Supp. 3d 65, 91 (D.D.C. 2021) (quoting *Adolph Coors Co. v. Truck Ins. Exch.*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005)); *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 138 (D.D.C. 2007) ("[T]he best measure of what the market will allow are the rates actually charged by the two firms representing these litigants."); *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) (finding "actual rate that . . . counsel can command in the market is itself highly relevant proof of the prevailing community rate.").

1. **Willkie Farr & Gallagher LLP**

The hourly rates attached to each attorney listed for Willkie reflect the same rates that Willkie charges its clients for legal services in other matters. (Gottlieb Decl. ¶¶ 3, 15.) These rates reflect the training, skill, experience, and reputation of the attorneys that work for the firm and align with the prevailing market rates of similarly situated law firms that practice the same type of complex federal litigation as Willkie. (*Id*. ¶¶ 3–7.) Such hourly rates are particularly reasonable here due to Defendant Giuliani's inappropriate actions and noncompliance in the lead-up to the granting of the Motion, including—but not limited to—canceling two scheduled depositions, providing patently deficient answers to the Court in the March 21st telephonic discovery hearing and the May 19 Hearing, submitting an inadequate report in response to this Court's March 21 Minute Order (ECF No. 40), filing a deficient declaration in violation of this Court's May 19 Minute Order (ECF No. 60), and filing a Motion for Reconsideration of the May 19 Minute Order (ECF No. 61) that cited irrelevant changed factual circumstances and no new law. Defendant Giuliani's dilatory tactics impeded discovery in this case, forced Plaintiffs to expend considerable hours in responding to frivolous arguments, and wasted the Court's time and resources. Further, Plaintiffs are submitting only a portion of the total hours expended in connection with the granting of the Motion, justifying payment at Willkie's customary hourly rates. (Gottlieb Decl. ¶ 11.) Accordingly, the below hourly rates claimed by counsel at Willkie are "presumptively the reasonable rate[s]" applicable to this case, *12 Percent Logistics*, 2020 WL 7248347, at *2:

- Meryl C. Governski – $1,450 per hour
- Annie Houghton-Larsen – $1,185 per hour
- Timothy P. Ryan – $1,125 per hour

(Gottlieb Decl. ¶¶ 3–7; Ex. A Part II.A.)

### 2. Protect Democracy

The appropriate rates for Protect Democracy's time in this case are those listed in the Legal Services Index ("LSI")-adjusted *Laffey* Matrix,[4] which "is based on a . . . sample of rates charged by sophisticated federal-court practitioners in the District of Columbia." *DL*, 924 F.3d at 587. The LSI-adjusted *Laffey* Matrix is widely used by courts in the D.C. Circuit to calculate fees in "complex federal litigation in D.C." *Feld v. Fireman's Fund Ins. Co.*, No. CV 12-1789 (JDB), 2020 WL 1140673, at *6 (D.D.C. Mar. 9, 2020) (internal quotations omitted). Courts routinely use the LSI-adjusted *Laffey* Matrix to calculate reasonable fees for non-profit organizations in pro bono litigation. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Just.*, 80 F. Supp. 3d 1, 3–5 (D.D.C. 2015) ("agree[ing] with Judge Howell that the LSI-adjusted *Laffey* matrix" was appropriate to calculate reasonable fees for non-profit organization); *Eley*, 999 F. Supp. 2d at 159 (noting "there are clear signals . . . that some version of the *Laffey* matrix is presumptively reasonable in civil rights litigation"); *Mattachine*, 406 F. Supp. 3d at 70–71 (applying LSI-adjusted *Laffey* Matrix in pro bono litigation). And this Court (correctly) predicted the current rule that applying the LSI-adjusted *Laffey* Matrix in "civil rights litigation" is appropriate. *Eley*, 999 F. Supp. 2d at 159.

This case clearly qualifies as "complex federal litigation." "There is no precise definition for 'complex federal litigation,' but courts in this district have identified certain "elements that tend to make a case 'complex,' such as procedural complexity, time-consuming delays, and multiple in-court hearings." *Thomas*, 2022 WL 2168109, at *4 (quoting *Feld*, 2020 WL 1140673, at *6). In *Thomas*, where the LSI-adjusted *Laffey* Matrix was applied, the Court concluded that a

---

[4] *See Laffey* Matrix, http://www.laffeymatrix.com/see.html. The LSI-adjusted *Laffey* Matrix is routinely updated for inflation based on the Legal Services Component of the Consumer Price Index, as produced by the Department of Labor's Bureau of Labor Statistics. *See id.*

one-count defamation lawsuit removed to federal court qualified as complex because the case "ha[d] been ongoing for more than four years and ha[d] been procedurally very complex, with multiple discovery disputes and hearings, extensive motions practice, and even a recalcitrant plaintiff who violated a discovery order." *Id.* (internal quotation marks omitted). The same is true here. This case has been ongoing for more than a year and a half, and Defendant's refusal to engage in basic discovery has necessitated multiple rounds of motions practice, numerous discovery disputes, several hearings and numerous depositions. *See id.* at *4. Defendant Giuliani's inappropriate actions and noncompliance in the lead-up to the granting of the Motion are detailed above. *See supra* p. 8.

Accordingly, the LSI-adjusted *Laffey* Matrix sets presumptively reasonable hourly rates applicable to the work conducted in this case by counsel for Protect Democracy, and pursuant to the most updated version of the LSI-adjusted *Laffey* Matrix, the below hourly rate for counsel at Protect Democracy is presumptively reasonable:

- John Langford – $733 per hour (8–10 years of experience)

(Gottlieb Decl. ¶ 8; Ex. A. Part II.A.)

### 3. Total Fee Award Requested

The above reasonable hourly rates multiplied by the reasonable number of hours expended by each of Plaintiffs' Counsel that worked on the Motion, the Reply, the May 19 Hearing, and the June 14 Opposition results in the following reasonably claimed attorneys' fees:

- Meryl C. Governski – $82,650 ($1,450 per hour times 57.0 hours)

- Annie Houghton-Larsen – $64,701 ($1,185 per hour times 54.6 hours)

- Timothy P. Ryan – $33,300 ($1,125 per hour times 29.6 hours)

- John Langford – $4,617.90 ($733 per hour times 6.3 hours)

(Ex. A. Part III.A.) Following this approach, the total reasonably claimed attorneys' fees would amount to an award of $185,268.90 in attorneys' fees. *See DL*, 924 F.3d at 588.

While Plaintiffs generally would prefer an award based on standard rates, Plaintiffs also recognize that this Court has, in similar cases, applied the LSI-adjusted *Laffey* Matrix. In light of the pro bono nature of this representation, as well as the presence of attorneys from both private law firms and a public interest organization, Plaintiffs have no objection to this Court applying the LSI-adjusted *Laffey* Matrix for all attorneys for whom Plaintiffs now claim fees. *See, e.g.*, *Thomas*, 2022 WL 2168109, at *4; *cf. Citizens for Resp. & Ethics in Wash.*, 80 F. Supp. 3d at 4.[5] The authorities cited above, as well as the cases cited therein, provide ample authority for this Court to apply the LSI-adjusted *Laffey* Matrix here. Doing so would result in the following fees:

- Meryl C. Governski – $41,781 ($733 per hour times 57.0 hours)
- Annie Houghton-Larsen – $27,736.80 ($508 per hour times 54.6 hours)
- Timothy P. Ryan – $15,036.80 ($508 per hour times 29.6 hours)
- John Langford – $4,617.90 ($733 per hour times 6.3 hours)

(Ex. A. Part III.B.)

\* \* \*

For the foregoing reasons, Plaintiffs respectfully move this Court to award $89,172.50 in attorneys' fees.

---

[5] Buttressing the reasonableness of the LSI-adjusted *Laffey* Matrix is the fact that those rates are *substantially* lower than the rates typically billed by attorneys at Willkie Farr. *Thomas*, 2022 WL 2168109, at *5 (finding LSI-adjusted *Laffey* Matrix rates to be reasonable, given that they were lower than rates billed by a major law firm); (*see* Gottlieb Decl. ¶¶ 3–7) (listing Willkie Farr's typical rates).

Dated: July 5, 2023

| | /s/ Michael J. Gottlieb |
|---|---|
| **UNITED TO PROTECT DEMOCRACY** | **WILLKIE FARR & GALLAGHER LLP** |
| John Langford* | Michael J. Gottlieb (974960) |
| Rachel Goodman* | Meryl C. Governski (1023549) |
| 82 Nassau Street, #601 | Timothy P. Ryan (1719055) |
| New York, NY 10038 | J. Tyler Knoblett (1672514) |
| Tel: (202) 579-4582 | 1875 K Street NW |
| john.langford@protectdemocracy.org | Washington, DC 20006 |
| rachel.goodman@protectdemocracy.org | Tel: (202) 303-1000 |
| | Fax: (202) 303-2000 |
| Sara Chimene-Weiss* | mgottlieb@willkie.com |
| 7000 N 16th Street Ste. 12, #430 | mgovernski@willkie.com |
| Phoenix, AZ 85020 | tryan@willkie.com |
| Tel: (202) 579-4582 | jknoblett@willkie.com |
| sara.chimene-weiss@protectdemocracy.org | |
| | M. Annie Houghton-Larsen* |
| Christine Kwon* | 787 Seventh Avenue |
| 555 W. 5th St. | New York, New York |
| Los Angeles, CA 90013 | Tel: (212) 728-8164 |
| Tel: (919) 619-9819 | Fax: (212) 728-9164 |
| christine.kwon@protectdemocracy.org | mhoughton-larsen@willkie.com |
| | |
| | **DUBOSE MILLER LLC** |
| | Von A. DuBose* |
| | 75 14th Street NE |
| | Suite 2110 |
| | Atlanta, GA 30309 |
| | Tel: (404) 720-8111 |
| | dubose@dubosemiller.com |
| | * *Admitted pro hac vice* |

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2023, a copy of the foregoing document was emailed to Joseph D. Sibley IV at sibley@camarasibley.com via ECF notifications.

Dated: July 5, 2023

/s/ *Michael J. Gottlieb*
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com