**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>RUDOLPH W. GIULIANI,<br><br>          Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Judge Beryl A. Howell |

**PLAINTIFFS' RESPONSE TO TIMOTHY PARLATORE'S DECLARATION IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE BY BERNARD KERIK**

**TABLE OF CONTENTS**

Page

ARGUMENT ............................................................................................................................... 2

    I.     THE KERIK MOTION WAS PROPERLY FILED BEFORE THIS COURT. ...................................................................................................................... 2

    II.    THE KERIK MOTION WAS PROPERLY SERVED. ........................................... 3

    III.   MR. KERIK WAIVED HIS RIGHT TO OBJECT TO THE KERIK MOTION. ....................................................................................................................... 7

    IV.   MR. KERIK'S ELEVENTH HOUR PRODUCTION IS INSUFFICIENT. ............ 8

CONCLUSION ............................................................................................................................ 10

i

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Accurso v. Cooper Power Sys., Inc.*,
   No. 06CV848S, 2008 WL 2510140 (W.D.N.Y. June 19, 2008) ................................................ 4

*Alexander v. FBI*,
   186 F.R.D. 128 (D.D.C. 1998) .................................................................................................. 7

*Alexander v. FBI*,
   186 F.R.D. 21 (D.D.C. 1998) .................................................................................................... 3

*Banneker Ventures, LLC v. Graham*,
   253 F. Supp. 3d 64 (D.D.C. 2017) ............................................................................................ 8

*Baxley v. Jividen*,
   No. CV 3:18-1526, 2021 WL 5867412 (S.D.W. Va. Dec. 10, 2021) ....................................... 6

*Ellis-Hall Consultants, LLC v. Hoffmann*,
   No. 2:12-CV-00771, 2018 WL 4215114 (D. Utah Sept. 4, 2018) ............................................ 6

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) .................................................................................................................. 3

*Kruger v. Cogent Commc'ns, Inc.*,
   No. CV 14-1744 (EGS), 2016 WL 11121058 (D.D.C. Oct. 24, 2016) .................................... 4

*Marine Wholesale & Warehouse Co. v. United States*,
   315 F. Supp. 3d 498 (D.D.C. 2018) .......................................................................................... 7

*In re MTS Bank*,
   No. 17-21545-MC, 2018 WL 1718685 (S.D. Fla. Mar. 16, 2018) ........................................... 6

*Muhammad v. United States*,
   No. CV 16-1079 (TJK), 2019 WL 652400 (D.D.C. Feb. 15, 2019), *aff'd*, No.
   19-5109, 2020 WL 873514 (D.C. Cir. Feb. 13, 2020) .............................................................. 4

*Shvartser v. Lekser*,
   292 F. Supp. 3d 272 (D.D.C. 2018) .......................................................................................... 3

*United States v. Kennedy*,
   133 F.3d 53 (D.C. Cir. 1998) .................................................................................................... 4

*United States v. Preston*,
   No. CV 13-00265 (RC), 2015 WL 13708609 (D.D.C. Aug. 24, 2015) .................................... 2

*In re Veiga*,
    746 F. Supp. 2d 27 (D.D.C. 2010) ...................................................................................8

*Wultz v. Bank of China, Ltd*,
    304 F.R.D. 38 (D.D.C. 2014)..........................................................................................5

**Other Authorities**

Fed. R. Civ. P. 5(b)(2)(C) ................................................................................................................4

Fed. R. Civ. P. 37(a)(2)...................................................................................................................2

Fed. R. Civ. P. 45 advisory committee's notes to 1991 amendment ...............................................2

Fed. R. Civ. P. 45(d)(2)(B) .............................................................................................................3

Fed. R. Civ. P. 45(d)(2)(B)(i) ......................................................................................................2, 5

LCvR 7(b) .......................................................................................................................................7

Plaintiffs submit this response to the declaration of Timothy Parlatore, Dkt. 74, filed in response to the Court's order that third party Bernard Kerik show cause as to why Plaintiffs' motion to compel Bernard Kerik ("Kerik Motion") should not be granted as conceded.  *See* June 26, 2023 Minute Order and June 28, 2023 Minute Order.

Mr. Parlatore's declaration ("Parlatore Declaration" or "Decl.") does not obviate the need for this Court to enter the relief requested in the Kerik Motion.[1]  *First*, as Mr. Parlatore's declaration concedes, Dkt. 74 at 2 ¶ 4, a motion to compel must be filed in the District in which the pertinent subpoena calls for compliance.  The Third Kerik Subpoena, which is the only subpoena at issue, designates as its place of compliance the Washington, D.C. office of Willkie Farr & Gallagher LLP.  Thus, this Court has jurisdiction to adjudicate the Kerik Motion.  *Second*, Mr. Kerik accepted service of the Third Kerik Subpoena (designating this District as the place of compliance), and thereafter was properly served the Kerik Motion via a first class mailing to the business address of his attorney, Mr. Parlatore, as permitted by Rule 5.  There is no dispute that Mr. Kerik had actual notice of Plaintiffs' Motion, given that Mr. Parlatore had extensive conversations with Plaintiffs regarding that filing in advance, received copies of the filing by email, and offered a statement about the filing to a reporter.  *Third,* Mr. Kerik has waived his right to object to the Third Kerik Subpoena and the Kerik Motion, and this Court must therefore disregard Mr. Parlatore's belated substantive arguments (advanced via declaration).  *Finally*, Mr. Kerik's eleventh-hour production of a handful of documents and insufficient privilege log do not resolve the issues in the Kerik Motion.

---

[1] All capitalized terms not defined herein shall have the meaning defined in the Kerik Motion.

## ARGUMENT

**I.   THE KERIK MOTION WAS PROPERLY FILED BEFORE THIS COURT.**

The Parlatore Declaration concedes, as it must, that a motion to compel must be filed in "the district where compliance is required." Decl. ¶ 4; Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 45 advisory committee's notes to 1991 amendment (explaining that "a motion to quash such a subpoena if it overbears the limits of the subpoena power must, as under the previous rule*,* be presented to the court for the district in which the deposition would occur"). But Mr. Parlatore ignores that the relevant subpoena, the Third Kerik Subpoena, defines that place of compliance as Washington, D.C. This fact was obvious to Mr. Parlatore and Mr. Kerik, both of whom consented to the same when they accepted service of the Third Kerik Subpoena, served no objections to that subpoena, and participated in Mr. Kerik's deposition in this District. *See* Houghton-Larsen Decl. ¶ 3. Thus, the Kerik Motion was properly filed before this Court.

Rule 37(a)(2) provides that a motion to compel a nonparty "must be made in the court where the discovery is or will be taken." *See United States v. Preston*, No. CV 13-00265 (RC), 2015 WL 13708609, at *2 (D.D.C. Aug. 24, 2015) (finding the proper venue to bring a motion to compel a non-party's compliance with a subpoena was the place where the deposition was taken); *see also* Fed. R. Civ. P. 37(a)(2). As detailed in the Kerik Motion, Plaintiffs agreed to conduct Mr. Kerik's deposition in Washington, D.C. ***at the request of Mr. Parlatore,*** who insisted that his schedule would not permit him to travel to Willkie Farr & Gallagher LLP's New York office *on any date* even though that jurisdiction is far closer to where his client resides (instead—he insisted repeatedly that Plaintiffs agree to a remote deposition notwithstanding that Plaintiffs objected to that format). ECF No. 63 at 6–7. Plaintiffs accordingly served Mr. Kerik with a subpoena for documents and noticed a deposition for March 20, 2023, at the Washington, D.C. office of Willkie

Farr & Gallagher LLP. *Id*. at 7; ECF No. 63-9. Mr. Parlatore accepted service of the Third Kerik Subpoena on behalf of Mr. Kerik. ECF No. 63 at 7. Mr. Kerik has never served any objection to the Third Kerik Subpoena, including its clearly designated place of compliance. And Mr. Kerik, accompanied by Mr. Parlatore, then appeared in Washington, D.C., on March 20, 2023 for his deposition. Thus, there can be no dispute that this District is the place where compliance is required.

This Court therefore has personal jurisdiction over Mr. Kerik for purposes of the Third Kerik Subpoena. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (holding that challenges to personal jurisdiction may be waived by either express or implied consent). Given the history described above, Mr. Kerik has waived his right to object to jurisdiction in Washington, D.C. for purposes of enforcing the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to a Rule 45 subpoena to produce documents must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served); *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998) ("The failure to serve written objections to a subpoena within the time frame specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections."); *Shvartser v. Lekser*, 292 F. Supp. 3d 272, 275–76 (D.D.C. 2018).

## II.   THE KERIK MOTION WAS PROPERLY SERVED.

The Parlatore Declaration asserts that the Kerik Motion was not properly served, but does not dispute that the Third Kerik Subpoena was properly served, or, as described in the Certificate of Service to the Kerik Motion, that Plaintiffs mailed the Kerik Motion to Mr. Parlatore's place of business on June 9, 2023. (*See also* Ex. 1.) Nor does Mr. Parlatore contest that Plaintiffs also mailed a copy to Mr. Kerik's last known address and provided Mr. Parlatore with a courtesy copy of the Kerik Motion via email. (*Id*.) Indeed, Mr. Parlatore has not even asserted that those mailings were not received—he simply asserts, without further explanation, that Mr. Kerik "has not yet

been served with the motion." Dkt. 74 at 2 ¶ 4.  It is thus unclear from Mr. Parlatore's submission whether he is making a factual claim (to have never received the Motion), or merely a legal claim (that he believes the mailings to have been inadequate).  It ultimately does not matter, because the federal rules permit service of a motion in the manner Plaintiffs undertook.

Here, service was proper pursuant to Rule 5(b)(2)(C), which provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party" and that "[a] paper is served under this rule by" "mailing it to the person's last known address—in which event service is complete upon mailing."  *See, e.g., Muhammad v. United States*, No. CV 16-1079 (TJK), 2019 WL 652400, at *5 (D.D.C. Feb. 15, 2019) (holding that filing was properly served under Rule 5(b)(2)(C) when it was mailed to last known address and calculating deadlines under the Federal Rules of Civil Procedure from date of mailing), *aff'd*, No. 19-5109, 2020 WL 873514 (D.C. Cir. Feb. 13, 2020); *Kruger v. Cogent Commc'ns, Inc.*, No. CV 14-1744 (EGS), 2016 WL 11121058 (D.D.C. Oct. 24, 2016) (same); *see also United States v. Kennedy*, 133 F.3d 53, 59 (D.C. Cir. 1998) (explaining that "Service is deemed complete at the instant the document[] [is properly posted and deposited for mailing"]) (citing 3D *Moore's Federal Practice* § 5.04[2][a]). (*See also* Ex. 1.)

Citing no authority, the Parlatore Declaration insists that ordinary service principles should not apply to Mr. Kerik because he is "not a party to these proceedings and, until today, has never appeared before the Court in this case." Dkt. 74 at 1 ¶ 3.  But Mr. Parlatore has not identified any authority requiring personal service on third parties for discovery motions (as opposed to, say, Rule 45 subpoenas), and courts have held that personal service on third parties is not required when a motion is filed for a third party that has been brought within the Court's jurisdiction.  *See Accurso v. Cooper Power Sys., Inc.*, No. 06CV848S, 2008 WL 2510140, at *4 (W.D.N.Y. June

- 4 -

19, 2008) (approving service of discovery motion upon third party pursuant to Rule 5(b)(2)(C) if third party has been brought under court's jurisdiction); *see also Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 44 (D.D.C. 2014) (rejecting non-party's jurisdictional challenge, explaining that "nothing in the amended Rule invokes questions concerning personal jurisdiction because, as has always been the case, the district where the subpoena is served maintains jurisdiction over all matters pertaining to subpoenas issued within its district"). That is precisely what happened here, given Mr. Kerik's acceptance of service of a subpoena requiring compliance in this District.

In any event, the touchstone of service under the federal rules is notice, and here Mr. Parlatore clearly knew about the Kerik Motion yet chose to ignore it because, in his words, he does not "have time to waste on [this] case."[2] Indeed, the relevant federal rule, 45(d)(2)(B)(i), provides that "[a]t any time, **on notice** to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." (emphasis added). The rule contemplates notice, not going through the wasteful process of effectuating *personal service* of a motion on a party that has already been served. Here, there is no dispute regarding notice. Counsel for Plaintiffs have extensively conferred with Mr. Parlatore since August of 2022 regarding Mr. Kerik's discovery obligations in this case. Mr. Parlatore has been aware since April 14 that Plaintiffs intended to move to compel Mr. Kerik's compliance with the Kerik Subpoena. (Ex. 3 at 30.) In the two months since that initial notice, Plaintiffs repeatedly

---

[2] In response to a reporter's outreach to Mr. Parlatore regarding the Kerik Motion, Mr. Parlatore declared that he "doesn't 'really have time to waste on that case.'" Josh Kovensky & Hunter Walker, *Bernie Kerik Pitched Mark Meadows on '$5 to $8' Million Plan To Reverse Trump 2020 Loss*, TPM (June 15, 2023), https://talkingpointsmemo.com/muckraker/bernie-kerik-pitched-mark-meadows-on-5-to-8-million-plan-to-reverse-trump-2020-loss. Yet, during the same period of time when Plaintiffs were attempting to confer with Mr. Parlatore regarding Mr. Kerik's expansive privilege assertions, Mr. Parlatore found time to sit for eleven media interviews addressing his other—apparently more important—legal work. (*See* Ex. 2.)

attempted to confer with Mr. Parlatore in an ongoing effort to resolve the discovery dispute without court intervention. (*Id*. at 1–30.) On June 9, 2023, the day Plaintiffs filed the Kerik Motion, counsel for Plaintiffs wrote Mr. Parlatore and asked if he would consent to "accept service via email." (*Id*. at 1.) Notwithstanding his busy schedule, Mr. Parlatore responded just ***two minutes later*** (apparently having had time to confer with his client and respond within two minutes), stating: "Unfortunately, given the total lack of courtesy that you have given me throughout this matter, my client is declining to authorize me to accept service by email."[3] (*Id.*) Notwithstanding that response, Plaintiffs (after mailing the Motion consistent with Rule 5) nonetheless provided courtesy copies of the Motion to Mr. Parlatore via email (which he does not dispute receiving).

Courts have repeatedly held that service is effective—even of subpoenas—where third parties received effective notice, as Mr. Kerik plainly did here. *Baxley v. Jividen*, No. CV 3:18-1526, 2021 WL 5867412, at *2 (S.D.W. Va. Dec. 10, 2021) (finding service of third-party subpoenas was effectuated where counsel received electronic notice of intent to serve subpoenas); *In re MTS Bank*, No. 17-21545-MC, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (holding that service of a third-party subpoena was properly effectuated because it was delivered to the third party's attorney, who acknowledged receipt of the subpoena and filed an objection to it); *Ellis-Hall Consultants, LLC v. Hoffmann*, No. 2:12-CV-00771, 2018 WL 4215114, at *2–3 (D. Utah Sept. 4, 2018) (declining to find improper service on the basis of "procedural technicalities," finding "non-parties had received adequate notice of the subpoena" and ordering non-parties to comply with the subpoena). Indeed, as this Court has already held, "[a]lternative forms of service may be acceptable under Rule 45, particularly where the witness is aware of the lawsuit, knows

---

[3] Counsel for Plaintiffs deny any lack of courtesy toward Mr. Parlatore—the communications between counsel for Plaintiffs and Mr. Parlatore speak for themselves.

that one of the parties is interested in her testimony, and is aware that there have been multiple attempts at personal service, and where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena."  December 20, 2022 Minute Order (directing Plaintiffs to serve Katherine Friess by alternative means where counsel for Plaintiffs had, *inter alia*, contacted counsel known to represent Friess in other matters); May 10, 2023 Minute Order (directing Plaintiffs to serve Jenna Ellis by alternative means where counsel for Plaintiffs had, *inter alia*, contacted lawyers known to have represented Ellis in another matter and who indicated that they were discussing Plaintiffs' request with Ellis).  Here, Plaintiffs undertook extensive (and expensive[4]) efforts to serve Mr. Kerik personally after early disputes with Mr. Parlatore regarding a series of limitations he had insisted on imposing as pre-conditions to an agreement to accept service.  *See* Dkt. 63-1.  In light of that history, the use of Rule 5's procedures to serve the Kerik Motion was plainly appropriate.

### III.     MR. KERIK WAIVED HIS RIGHT TO OBJECT TO THE KERIK MOTION.

Even if Mr. Kerik's objections to the Kerik Motion had any merit, he has waived them.  Mr. Kerik was fully aware of the Kerik Motion (through proper service and direct email correspondence with Mr. Parlatore) and declined to respond to the Kerik Motion and in so declining, waived his right to object, including his right to object to service.  *See Marine Wholesale & Warehouse Co. v. United States*, 315 F. Supp. 3d 498, 519 (D.D.C. 2018) (J. Howell) (holding that defendant waived improper service argument as to Attorney General by failing to raise it in motion to dismiss alleging improper service on United States Attorney); *see also Alexander v. FBI*, 186 F.R.D. 128, 130 (D.D.C. 1998) (finding objection to service waived); LCvR 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall

---

[4] Plaintiffs previously incurred over $15,000 in costs attempting to serve Mr. Kerik personally with a subpoena.  ECF No. 63-1 ¶ 3.

serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). As such, the legal arguments advanced in Mr. Parlatore's declaration may be disregarded by this Court.

### IV. MR. KERIK'S ELEVENTH HOUR PRODUCTION IS INSUFFICIENT.

Almost a week after his response to the Kerik Motion was due and more than two months since Plaintiffs requested the 43 Withheld Documents and a document-by-document privilege log, Mr. Kerik produced 19 documents and a revised privilege log. (Ex. 3; Ex. 4.) This eleventh hour production fails to address the core concerns at issue in the Kerik Motion.

Mr. Parlatore claims that Mr. Kerik's situation is "more unique" because he is not the privilege holder of the information, and therefore cannot waive the applicable privileges, but that is a red-herring. Plaintiffs are not seeking to have Mr. Kerik waive President Trump's privilege (or the privilege of anyone else) and produce privileged documents and testimony. Plaintiffs are seeking to compel Mr. Kerik to produce documents and give testimony that is plainly not privileged. *See generally* ECF No. 63. This Court has jurisdiction and authority to determine whether documents sought by a subpoena are (or are not) privileged. *Id*. at 11–12. Mr. Parlatore has cited no authority, because there is none, that a non-lawyer may refuse to produce documents without establishing the legal bases for withholding those documents simply because that non-lawyer worked for an attorney whose client may have some theoretical objection to production. The law imposes the burden on the withholding party to justify each and every document withheld. *See Banneker Ventures, LLC v. Graham*, 253 F. Supp. 3d 64, 69 (D.D.C. 2017) (explaining that the party claiming privilege bears the burden of proving that a communication is privileged); *In re Veiga*, 746 F. Supp. 2d 27, 34 (D.D.C. 2010) (explaining that conclusory statements, generalized assertions, and unsworn averments of counsel are not sufficient to satisfy this burden). For both

Mr. Kerik's documents and testimony, the privilege log fails to justify his refusal to comply with the Third Kerik Subpoena on the basis of any authorities from this Court or any others.

Separately, Mr. Kerik's limited production does not satisfy the relief requested in the Kerik Motion. Mr. Kerik has not yet produced all of the 43 Withheld Documents, which Plaintiffs are entitled to given that Mr. Kerik has failed to establish, as is his burden, that *any* of them satisfy the criteria for withholding under the attorney-client privilege or attorney work product doctrine. ECF No. 63 at 14–17.

Further, Mr. Kerik has still not served a privilege log that complies with the federal rules. To be sure, Mr. Kerik's revised privilege log ("Revised Log") does log documents on an individualized basis, but the Revised Log still does not provide sufficient information to allow Plaintiffs or the Court to assess the claims of privilege. *See* ECF No. 63-12–14; (Ex. 4.) In the column "Nature and Basis of Privilege Claim," Mr. Kerik repeats just 14 improperly vague "descriptions"—*three* of which only reflect that the document is being reviewed by counsel and provide no other description as to why the document is being withheld.

For example, 117 documents are described as a "[c]onfidential document prepared at the direction of counsel for use in litigation" and none provide any information in the "From" or "To" columns. (Ex. 4.) Without information regarding who the counsel was and what the litigation was, Mr. Kerik has not established that any of these 117 documents are properly withheld as privileged. *See* ECF No. 63-12–14. As another example, 176 documents are described as "[c]onfidential communication discussing legal strategy," Ex. 4, but the names of many of the documents belie that broad description. For example, Entry 123 is named "Comms Plan to Print for mtg with POTUS in the am.pdf" dated December 27, 2020. (*Id*.) This document would appear to be the Giuliani Communications Plan, which is public, which Mr. Kerik previously produced to

the J6 Committee, and about which Defendant Giuliani has testified about extensively. ECF No. 63 at 17. In any event, as this Court has already held, communications plans and strategy discussions are not privileged. (Ex. 5 at 61:15–62:15.)

Finally, Mr. Kerik's Withheld Testimony remains in dispute. Neither the production nor the Parlatore Declaration address the issue of Mr. Kerik's improperly withheld testimony.

## CONCLUSION

For the reasons set forth above, and in the Kerik Motion, the Court should grant Plaintiffs' motion to compel Bernard Kerik to produce a document-by-document privilege log and to produce documents and testimony improperly withheld as privileged.

DATED: July 5, 2023

|  |  |
|---|---|
| **UNITED TO PROTECT DEMOCRACY**<br>John Langford*<br>Rachel Goodman*<br>82 Nassau Street, #601<br>New York, NY 10038<br>Tel: (202) 579-4582<br>john.langford@protectdemocracy.org<br>rachel.goodman@protectdemocracy.org<br><br>Sara Chimene-Weiss*<br>7000 N 16th Street Ste. 12, #430<br>Phoenix, AZ 85020<br>Tel: (202) 579-4582<br>sara.chimene-weiss@protectdemocracy.org<br><br>Christine Kwon*<br>555 W. 5th St.<br>Los Angeles, CA 90013<br>Tel: (919) 619-9819<br>christine.kwon@protectdemocracy.org | */s/ Michael J. Gottlieb*<br>**WILLKIE FARR & GALLAGHER LLP**<br>Michael J. Gottlieb (974960)<br>Meryl C. Governski (1023549)<br>Timothy P. Ryan (1719055)<br>J. Tyler Knoblett (1672514)<br>1875 K Street NW<br>Washington, DC 20006<br>Tel: (202) 303-1000<br>Fax: (202) 303-2000<br>mgottlieb@willkie.com<br>mgovernski@willkie.com<br>tryan@willkie.com<br>jknoblett@willkie.com<br><br>M. Annie Houghton-Larsen*<br>787 Seventh Avenue<br>New York, New York<br>Tel: (212) 728-8164<br>Fax: (212) 728-9164<br>mhoughton-larsen@willkie.com |

                              **DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

* *Admitted pro hac vice*

***Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2023, a copy of the foregoing document was emailed to Defendant Rudolph W. Giuliani via his counsel Joseph D. Sibley IV at sibley@camarasibley.com. I hereby certify that on July 5, 2023, a copy of the foregoing document was mailed to Mr. Parlatore at his office and mailed to Mr. Kerik's home address. Plaintiffs also provided a copy via email to Mr. Parlatore at timothy.parlatore@parlatorelawgroup.com.

Dated: July 5, 2023

/s/ *Michael J. Gottlieb*
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com