<div style="text-align:center">

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

</div>

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Judge Beryl A. Howell |

**DECLARATION OF MICHAEL J. GOTTLIEB IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT GIULIANI FOR FAILURE TO PRESERVE ELECTRONIC EVIDENCE**

I, Michael J. Gottlieb, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1.  I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the following Declaration is based on my personal knowledge.

2.  I represent Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss in the above-captioned case, and submit this Declaration in support of the Plaintiffs' Motion for Rule 37(e) Discovery Sanctions Against Defendant Giuliani for Failure to Preserve Electronic Evidence (the "Motion").

3.  Ms. Bobb produced to Plaintiffs highly relevant communications with Defendant Giuliani, including: a text thread discussing sending a video of Plaintiffs to Rusty Bowers, then the Speaker of the Arizona House of Representatives, ECF No. 56-3, and an August 17, 2022, direct message with Ms. Bobb on Instagram, ECF No. 56-4. Defendant Giuliani never produced either of these communications. These communications were not included on Defendant

Giuliani's supplemental privilege log.

4. The January 6 Committee made public a December 13, 2020, email from Defendant Giuliani to Boris Epshteyn, an advisor to the 2020 Trump Campaign, approving a draft statement from the Trump Legal Team, which reiterates Defendant's false claims about Plaintiffs: "Georgia has video evidence of 30,000 illegal ballots cast after the observers were removed." ECF No. 56-7 at 3. Defendant Giuliani never produced this email. This email was not included on Defendant Giuliani's supplemental privilege log.

5. Plaintiffs have additional examples of relevant documents and communications obtained from third parties that were not produced by Defendant Giuliani.

6. On June 16, 2023, Defendant Giuliani produced 4,902 TrustPoint files to Plaintiffs. Of those files, 3,233 are .txt files. Txt files are generally non-usable, non-readable raw data, and 2,350 of the .txt files produced by Defendant Giuliani are what are known as "blobs"—non-readable, non-usable computer code files. The non-text files include non-readable computer code, emails advertising a year-long spiritual apprenticeship course, information packets regarding Microsoft updates (in five different languages, articles and memes regarding the death of George Floyd, and death notices form the Washington Post.

7. On June 29, 2023, Defendant's counsel provided Plaintiffs with a sealed motion filed by Defendant Giuliani's criminal defense counsel in *In re Search Warrant Dated April 21, 2021*, 21-MJ-4335 (S.D.N.Y.). That motion makes clear that the records collected in the TrustPoint database were collected as part of an investigation into a possible Foreign Agents Registration Act violation "involving Ukrainian individuals, Ambassador Maria Yovanovitch and the office of the U.S. Ambassador to the Ukraine; a trip by Giuliani to Poland in 2019 and issues involving Franklin Templeton and funds misappropriated from the Ukraine." In that

motion, Defendant Giuliani's criminal defense counsel requested that the New York court order the Government to suppress and destroy the majority of records contained in the TrustPoint database, and limit any remaining records to a time period between 2018 and 2019.

8. On June 30, 2023, Defendant Giuliani made an additional production of 3,407 documents from TrustPoint. As with the prior production on June 16, 2023, the majority of the production appears to be non-responsive junk files, including at least 248 blob files, 141 Apple information packets in various languages, and additional death notices form the Washington Post.

9. On July 6, counsel for Defendant Giuliani reached out to Plaintiffs' counsel offering to discuss whether an agreement might be reached in lieu of Plaintiffs filing this motion. In response to that outreach, counsel for each of the parties negotiated over the course of two days in an effort to reach such an agreement. The parties filed a motion seeking a brief extension of time to file this Motion when it appeared by late afternoon on Friday, July 7 that counsel appeared to be within reach of key principles on such an agreement. The representations made in that Motion relied upon representations from Counsel for Plaintiffs and Defendant Giuliani. On the morning of July 10, counsel for Defendant Giuliani communicated to Plaintiffs for the first time that Defendant Giuliani had a different view than his counsel regarding the key principles referenced above, and accordingly, the agreement that had been contemplated and discussed previously was not achievable.

10. Attached as Exhibit 1 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Defendant dated February 6, 2023.

11. Attached as Exhibit 2 is a true and correct excerpted copy of the transcript from the May 19, 2023 discovery hearing in this action.

12. Attached as Exhibit 3 is a true and correct copy of Defendant Giuliani's

supplemental privilege log dated October 13, 2022.

13. Attached as Exhibit 4 is a true and correct excerpted copy of the transcript from Defendant Giuliani's March 1, 2023 deposition in this action.

14. Attached as Exhibit 5 is a true and correct excerpted copy of the transcript from third-party Christina Bobb's May 16, 2023 deposition in this action.

15. Attached as Exhibit 6 is a true and correct excerpted copy of the transcript from third-party Bernard Kerik's March 20, 2023 deposition in this action.

16. Attached as Exhibit 7 is a true and correct excerpted copy of the transcript from the March 21, 2023 discovery hearing in this action.

17. Attached as Exhibit 8 is a true and correct copy of Defendant Giuliani's supplemental responses to Plaintiffs' First Set of Interrogatories, dated March 30, 2023.

18. Attached as Exhibit 9 is a true and correct copy of an email chain produced by Ray S. Smith III with redactions dated December 2, 2020 to December 3, 2020.

19. Attached as Exhibit 10 is a true and correct excerpted copy of the transcript from third-party Jacki Pick's May 9, 2023 deposition in this action.

20. Attached as Exhibit 11 is a true and correct copy of a text exchange produced by Christina Bobb with redactions dated December 7, 2020.

21. Attached as Exhibit 12 is a true and correct copy of Defendant Giuliani's Responses and Objections to Plaintiffs' Fifth Set of Requests for Admission, dated July 5, 2023.

22. Attached as Exhibit 13 is a true and correct copy of a tweet by Bernard Kerik, dated December 27, 2020 at 6:27 PM.

23. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2023.


- 5 -

*/s/ Michael J. Gottlieb*
WILLKIE FARR & GALLAGHER LLP
MICHAEL J. GOTTLIEB
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

***Attorney for Plaintiffs Ruby Freeman and Wandrea' Moss***