IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al*.,<br><br>  Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>  Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Judge Beryl A. Howell |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANT GIULIANI FOR FAILURE TO PRESERVE ELECTRONIC EVIDENCE

Upon consideration of Plaintiffs' Motion for Discovery Sanctions Against Defendant Giuliani for Failure to Preserve Electronic Evidence (the "Motion") it is hereby:

**ORDERED** that the Motion is **GRANTED**; and it is

**FURTHER ORDERED** that default judgment is awarded to Plaintiffs on Defendant Giuliani's liability with respect to all of Plaintiffs' claims, leaving only the issue of the quantum of damages for trial;

**[OR, IN THE ALTERNATIVE, FURTHER ORDERED** that the following adverse inferences are established for the purposes of this action:

1. Defendant Giuliani spoliated significant relevant evidence contained on his personal and professional devices and personal and professional accounts.

2. Prior to December 23, 2020, Defendant Giuliani acted with reckless disregard for the truth by avoiding and ignoring, or knew and understood, the falsity of the following statements: (1) Ruby Freeman has a criminal history; (2) Ruby Freeman and/or Shaye Moss excluded election observers from State Farm Arena under false pretenses, including but not limited to, because of a fake water leak; (3) Ruby Freeman and/or Shaye Moss locked the doors to State Farm Arena to keep election observers out; (4) Ruby Freeman and/or Shaye Moss passed each other a USB drive to illegally

   manipulate the vote count; (5) Ruby Freeman and/or Shaye Moss counted ballots multiple times; (6) Ruby Freeman and/or Shaye Moss hid suitcases of illegal ballots; (7) Ruby Freeman and/or Shaye Moss engaged in voter fraud (together, the "Defamatory Claims").

3. Prior to December 23, 2020, Defendant Giuliani acted with reckless disregard for the truth by avoiding and ignoring, or knew and understood, that Georgia and federal officials had investigated and disproved the Defamatory Claims (with the exception of the claims regarding USB drives), because the investigations and their findings were: (1) widely published and reported on, (2) sent to Defendant Giuliani, (3) freely and easily accessible to any member of the public, and (4) directly relevant to the Defamatory Claims.

4. Defendant Giuliani acted with reckless disregard for the truth by avoiding and ignoring, or knew and understood, that the Defamatory Claims were false because: (1) Defendant Giuliani and his team had consciously avoided investigating the purported basis for the Defamatory claims; (2) Defendant Giuliani and his team had no credible evidence or sources supporting the Defamatory Claims; and (3) Defendant Giuliani and his team pursued the Defamatory Claims based on political and public relations objectives rather than a belief that the Defamatory Claims were truthful in fact.

5. Defendant Giuliani published and spread the Defamatory Claims for his personal benefit, including his political, professional, and financial interests.

6. Defendant Giuliani knew his actions would cause Plaintiffs emotional distress and nonetheless intentionally and recklessly proceeded.

7. Defendant Giuliani made an agreement with his then-client, President Donald Trump, along with other individuals working for or volunteering with President Trump and his campaign, to publish the Defamatory Claims.

8. Before publishing the Defamatory Claims, Defendant Giuliani knew that each Defamatory Claim he made on his podcasts, his radio show, during interviews with One America News Network, on Twitter, and through other mediums, could potentially be heard by tens of millions of individuals, and intended his Defamatory Claims to be heard by as many people as possible; and it is

**FURTHER ORDERED** that Defendant Giuliani is prohibited from:

1. arguing, in summary judgment, at trial, or otherwise, that anything contained in the Electronic Evidence ever existed or would have supported his defense,

2. offering evidence, in summary judgment, at trial, or otherwise, about the contents of the Electronic Evidence, and

3. arguing, in summary judgment, at trial, or otherwise, the reach of the Defamatory Claims, including, but not limited to, the number of impressions, views, or clicks estimated by Plaintiffs' damages expert.]

- 3 -

**FURTHER ORDERED** that Plaintiffs are awarded reasonable costs associated with the filing of the Motion, that Plaintiffs shall submit an accounting of such costs within fourteen (14) days of this Order, and that such costs be paid within fourteen (14) days thereafter.

**IT IS SO ORDERED.**

_____  _____
Date                                        Beryl A. Howell, Judge
                                                United States District Court for the District of Columbia