## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Case No. 1:21-cv-03354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

## PLAINTIFFS' SUBMISSION DETAILING THE COSTS AND FEES INCURRED IN PREPARING AND FILING THE GIULIANI BUSINESSES MOTION

On July 26, 2023, the Court granted as conceded Plaintiffs' Revised Motion to Compel Giuliani Partners and Giuliani Communications (the "Giuliani Businesses") to Respond to Properly-Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas (ECF No. 70) (the "Giuliani Businesses Motion" or the "Motion"). Minute Order July 26, 2023. The Court directed Defendant Giuliani "to pay plaintiffs the reasonable expenses they incurred in filing their Motion" and further directed Plaintiffs to submit by August 4, 2023 their costs and attorneys' fees incurred in preparing and filing the Motion. *Id.* Plaintiffs respectfully submit the relevant costs and fees and requesting an award as detailed below.[1]

## I.   FACTUAL BACKGROUND

As the Court is aware, Plaintiffs notified counsel for Defendant Giuliani in March 2023 of their expectation that any document production by Defendant Giuliani would include materials

---

[1] The attached Declaration of Michael Gottlieb ("Gottlieb Decl.") and Exhibit A provide a detailed accounting of the attorneys' fees sought by Plaintiffs, including the hours billed, the work associated with those hours, the attorneys who conducted the work, and the attorneys' reasonable hourly rates. (Gottlieb Decl.; Ex. A.)

from the Giuliani Businesses given that he founded and controls both entities.[2]  After Defendant Giuliani claimed that he was unable to access and/or was refusing to search for or produce responsive communications and documents on behalf of the Giuliani Businesses, Plaintiffs served a document subpoena on Giuliani Partners on April 26, 2023; a document subpoena on Giuliani Communications on May 11, 2023; and deposition subpoenas on both of the Giuliani Businesses, also on May 11, 2023.   Despite repeated inquiries from Plaintiffs, neither of the Giuliani Businesses have ever served any responses or objections to the subpoenas, produced any documents, conferred with Plaintiffs regarding the subpoenas, or designated a corporate representative.  In fact, neither of the Giuliani Businesses have communicated with Plaintiffs in *any way* (whether via counsel or otherwise).

Plaintiffs initially filed a motion to compel the Giuliani Businesses on June 16, 2023 with respect to the Rule 45 document subpoenas only.  *See* ECF No. 69 at 1.  Plaintiffs then filed a June 21, 2023 Consent Motion to Withdraw the June 16, 2023 Motion to Compel Giuliani Businesses and Replace with a Revised Motion to Compel (the "Consent Motion"), which sought compliance with both the Rule 45 document subpoenas and the Rule 30(b)(6) deposition subpoenas.  *Id.*  After the Court granted the Consent Motion via Minute Order on June 22, 2023, Plaintiffs filed the Motion the same day.

On July 13, 2023, the Court noted in a Minute Order that the Giuliani Businesses' deadline to oppose the Motion had passed, and "[g]iven his clarification in a declaration that he is the sole owner of both [of the Giuliani Businesses] . . . [Defendant Giuliani] has no one to blame but himself for ignoring plaintiffs' pending motion to compel the Giuliani Businesses to comply with

---

[2]   In a June 26, 2023 filing, Defendant Giuliani confirmed that he owns both of the Giuliani Businesses.  *See* ECF No. 73 ¶¶ 2–3.

discovery obligations . . . .  Accordingly, defendant Giuliani is DIRECTED, by July 25, 2023, to SHOW CAUSE why plaintiffs' [] Motion should not be granted as conceded."  Defendant Giuliani stated in a July 25, 2023 filing that he "does not oppose the Court's show cause order as to why the motion to compel [Doc. 70] should not be granted," and the Court granted the Motion as conceded on July 26, 2023.  The Court further observed that "[g]iven that defendant Giuliani has conceded in full plaintiffs' Giuliani Businesses Motion, which includes a request for reimbursement for the costs associated with filing the motion, without offering any reason why he should not reimburse plaintiffs for their reasonable expenses incurred in filing their Motion, plaintiffs' request for attorneys' fees and costs must be granted under Rule 37(a)(5)(A)."  Minute Order July 26, 2023.

## II.    LEGAL STANDARD

Rule 37(a)(5)(A) provides that, upon granting a motion to compel, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  As the D.C. Circuit has noted, "[t]he basic formula for calculating an attorney fee award seems straightforward: multiply the number of hours reasonably exp[e]nded in litigation by a reasonable hourly rate or lodestar."  *DL v. District of Columbia*, 924 F.3d 585, 588 (D.C. Cir. 2019) (internal quotations omitted); *see Walker v. District of Columbia*, 317 F.R.D. 600, 606 (D.D.C. 2016) (applying "lodestar method" of multiplying "a reasonable hourly rate by a reasonable number of hours expended") (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 248 F.R.D. 64, 68 (D.D.C. 2008)).  "The Supreme Court has offered guidance about how to perform that calculation, explaining that 'reasonable fees' are those grounded in rates 'prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation.'" *DL*, 924 F.3d at 588 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

## III.   ARGUMENT

As discussed *supra*, Plaintiffs initially filed a motion to compel the Giuliani Businesses on June 16, 2023 with respect to Rule 45 document subpoenas only (the "June 16 Motion").  Plaintiffs then filed the Consent Motion to withdraw the June 16 Motion and replace it with the revised Motion, which sought compliance with both Rule 45 documents subpoenas and Rule 30(b)(6) deposition subpoenas.  Plaintiffs respectfully submit that, given the existing authorities cited *supra*, this Court has discretion to require Defendant Giuliani to pay the fees incurred by counsel for Plaintiffs at prevailing market rates in connection with *all* efforts that culminated in the granting of the June Motion—including in the filings on June 16 and June 21 that preceded the June 22 Motion.

Nonetheless, for expediency of the Court and in accord with Plaintiffs' previous submission seeking an award of fees and costs associated with discovery motions practice, Plaintiffs here have elected to seek repayment for a *portion* of the total hours expended and fees incurred in connection with the granting of the Motion, amounting to 89 hours of billed time. (Gottlieb Decl. ¶ 11; Ex. A. Part I.A-B.)  Applying Willkie Farr & Gallagher LLP's ("Willkie") standard rates would result in a fee award of $80,034, but Plaintiffs recognize that this Court has previously applied the alternative Legal Services Index ("LSI")-adjusted *Laffey* Matrix framework for fee awards, including the instant case with respect to Plaintiffs' Motion to Compel Defendant. *See* July 13, 2023 Minute Order; *see also Eley v. District of Columbia*, 999 F. Supp. 2d 137 (D.D.C. 2013) (J. Howell).  Plaintiffs respectfully submit that this Court can and should again enter an

award of fees applying the LSI-adjusted *Laffey* Matrix framework to the hours detailed in this submission and accompanying declaration.

      **A.**        **Plaintiffs' Claimed Hours Are Reasonable.**

The number of hours claimed by Plaintiffs are reasonable.[3]  Counsel for Plaintiffs claim 60.4 hours in connection with drafting the June 16 Motion and 28.6 hours in connection with drafting and filing the Consent Motion and the operative revised Motion.  (Ex. A. Part I.A-B.) This time—which Plaintiffs have reduced from the actual total by excluding hours of certain attorneys and staff—was necessary to conduct adequate legal research and to draft well-reasoned arguments to apprise the Court of the relevant discovery dispute, and to prepare the revised Motion to incorporate Plaintiffs' Rule 30(b)(6) Deposition Subpoenas served upon the Giuliani Businesses.  (Gottlieb Decl. ¶¶ 11–12.)  To be clear, Plaintiffs have excluded from this request, and therefore are not seeking reimbursement for, any and all fees incurred by attorneys other than those listed below (or by the non-attorney staff that performed work relating to the submission of the motion), nor are Plaintiffs seeking reimbursement for significant additional work performed even by the attorneys listed below.

The hours claimed by Plaintiffs also compare favorably with numbers of hours that Courts in this District have deemed reasonable for drafting comparable motions.  *See, e.g.*, *Borum v. Brentwood Vill., LLC*, No. CV 16-1723 (RC), 2020 WL 5291982, at *6 (D.D.C. Sept. 4, 2020) (finding "112.8 hours researching and preparing two briefs, reviewing evidence, conferring with opposing counsel, and preparing to argue the motion" was reasonable, particularly in light of movants "requesting fewer than half" their total hours expended); *Robinson v. District of*

---

[3] All hours claimed by Plaintiffs were recorded pursuant to the customary time-keeping practices utilized in other matters which counsel for Plaintiffs provide legal services.  (Gottlieb Decl. ¶ 9.)

*Columbia*, 341 F. Supp. 3d 97, 123 (D.D.C. 2018) (finding 40 hours spent on fee petition was "reasonable" and "award[ing] the full amount requested"); *McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162–63 (D.D.C. 2017) (awarding plaintiffs 50 hours in fees for work billed on prior fee proceeding).

      **B.**      **Plaintiffs' Claimed Hourly Rate is Reasonable.**

      Plaintiffs' claimed hourly rates are similarly reasonable.  In determining whether an hourly rate is reasonable, the D.C. Circuit looks to "(1) the attorney's billing practices, (2) the attorney's skill, experience, and reputation and (3) the prevailing market rates in the community." *Reed v. District of Columbia.* 843 F.3d 517, 521 (D.C. Cir. 2016) (internal quotations omitted, cleaned up) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)).  As to the first factor, courts in this Circuit have held that fee applicants must "show the rates that [they] . . . 'customarily charge[] clients'" and that "an attorney's usual billing rate is presumptively the reasonable rate." *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, No. 17-CV-02000 (APM), 2020 WL 7248347, at *2 (D.D.C. Dec. 9, 2020) (quoting *Covington*, 57 F.3d at 1103; *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)).  And as to the third factor, "a firm's actual rate 'is presumptively the market rate for its services' given the skills, experience, and reputation of [its] attorneys." *Wye Oak Tech. Inc. v. Republic of Iraq*, 557 F. Supp. 3d 65, 91 (D.D.C. 2021) (quoting *Adolph Coors Co. v. Truck Ins. Exch.*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005)); *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 138 (D.D.C. 2007) ("[T]he best measure of what the market will allow are the rates actually charged by the two firms representing these litigants."); *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) (finding "actual rate that . . . counsel can command in the market is itself highly relevant proof of the prevailing community rate").

1.  **Willkie Farr & Gallagher LLP**

The hourly rates attached to each attorney listed for Willkie reflect the same rates that Willkie charges its clients for legal services in other matters. (Gottlieb Decl. ¶¶ 3, 14.) These rates reflect the training, skill, experience, and reputation of the attorneys that work for the firm and align with the prevailing market rates of similarly situated law firms that practice the same type of complex federal litigation as Willkie. (*Id*. ¶¶ 3–8.) Further, Plaintiffs are submitting only a portion of the total hours expended in connection with the granting of the Motion, justifying payment at Willkie's customary hourly rates. (*Id.* ¶ 11.) Accordingly, the below hourly rates claimed by counsel at Willkie are "presumptively the reasonable rate[s]" applicable to this case, *12 Percent Logistics*, 2020 WL 7248347, at *2:

- Meryl C. Governski – $1,450 per hour

- Annie Houghton-Larsen – $1,185 per hour

- Timothy P. Ryan – $1,125 per hour

- Maggie MacCurdy – $680 per hour

(Gottlieb Decl. ¶¶ 5–8; Ex. A. Part II.A.)

2.  **Total Fee Award Requested**

The above reasonable hourly rates multiplied by the reasonable number of hours expended by Plaintiffs' Counsel that worked on the June 16 Motion, the Consent Motion, and the operative Motion results in the following reasonably claimed attorneys' fees:

- Meryl C. Governski – $26,825 ($1,450 per hour times 18.5 hours)

- Annie Houghton-Larsen – $10,902 ($1,185 per hour times 9.2 hours)

- Timothy P. Ryan – $1,575 ($1,125 per hour times 1.4 hours)

- Maggie MacCurdy – $40,732 ($680 per hour times 59.9 hours)

(Ex. A. Part III.A.)  Following this approach, the total reasonably claimed attorneys' fees would amount to an award of $80,034 in attorneys' fees.  *See DL*, 924 F.3d at 588.

While Plaintiffs generally would prefer an award based on standard rates, Plaintiffs also recognize that this Court has previously applied the LSI-adjusted *Laffey* Matrix, including in the instant case.  The LSI-adjusted *Laffey* Matrix[4] "is based on a . . . sample of rates charged by sophisticated federal-court practitioners in the District of Columbia."  *DL*, 924 F.3d at 587.  Courts routinely use the LSI-adjusted *Laffey* Matrix to calculate reasonable fees for non-profit organizations in pro bono litigation.  *See Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 80 F. Supp. 3d 1, 3–5 (D.D.C. 2015) ("agree[ing] with Judge Howell that the LSI-adjusted *Laffey* matrix" was appropriate to calculate reasonable fees for non-profit organization); *Eley*, 999 F. Supp. 2d at 159 (noting "there are clear signals . . . that some version of the *Laffey* matrix is presumptively reasonable in civil rights litigation"); *Mattachine Soc'y of Wash., D.C. v. U.S. Dep't of Just.*, 406 F. Supp. 3d 64, 70–71 (D.D.C. 2019) (applying LSI-adjusted *Laffey* Matrix in pro bono litigation).  And this Court (correctly) predicted the current rule that applying the LSI-adjusted *Laffey* Matrix in "civil rights litigation" is appropriate, *Eley*, 999 F. Supp. 2d at 159, and has continued to do so since, *see* July 13 Minute Order (awarding Plaintiffs' attorneys' fees applying the LSI-adjusted *Laffey* Matrix).

In light of the pro bono nature of this representation, Plaintiffs have no objection to this Court applying the LSI-adjusted *Laffey* Matrix for all attorneys for whom Plaintiffs now claim fees.  *See, e.g., Thomas v. Moreland*, No. CV 18-800 (TJK), 2022 WL 2168109, at *4 (D.D.C.

---

[4] *See Laffey* Matrix, http://www.laffeymatrix.com/see.html.  The LSI-adjusted *Laffey* Matrix is routinely updated for inflation based on the Legal Services Component of the Consumer Price Index, as produced by the Department of Labor's Bureau of Labor Statistics.  *See id.*

June 16, 2022); *cf. Citizens for Resp. & Ethics in Wash.*, 80 F. Supp. 3d at 4.[5]  This Court therefore has ample authority to apply the LSI-adjusted *Laffey* Matrix here.  Doing so would result in the following fees:

- Meryl C. Governski – $13,560.50 ($733 per hour times 18.5 hours)

- Annie Houghton-Larsen – $4,673.60 ($508 per hour times 9.2 hours)

- Timothy P. Ryan – $711.20 ($508 per hour times 1.4 hours)

- Maggie MacCurdy – $24,738.70 ($413 per hour times 59.9 hours)

(Ex. A. Part III.B.)

\* \* \*

For the foregoing reasons, Plaintiffs respectfully move this Court to award $43,684 in attorneys' fees.

---

[5] Buttressing the reasonableness of the LSI-adjusted *Laffey* Matrix is the fact that those rates are *substantially* lower than the rates typically billed by attorneys at Willkie Farr.  *Thomas*, 2022 WL 2168109, at \*5 (finding LSI-adjusted *Laffey* Matrix rates to be reasonable, given that they were lower than rates billed by a major law firm); *see* Ex. A. Part II.A (listing Willkie Farr's typical rates).

Dated: August 4, 2023

/s/ Michael J. Gottlieb

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Sara Chimene-Weiss*
7000 N 16th Street Ste. 12, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
christine.kwon@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Timothy P. Ryan (1719055)
J. Tyler Knoblett (1672514)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
tryan@willkie.com
jknoblett@willkie.com

M. Annie Houghton-Larsen*
787 Seventh Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com
* *Admitted pro hac vice*

***Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2023, a copy of the foregoing document was emailed to

Joseph D. Sibley IV at sibley@camarasibley.com via ECF notifications.


Dated:  August 4, 2023


/s/ <u>Michael J. Gottlieb</u>
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
