## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>*and*<br><br>WANDREA MOSS,<br><br>         *Plaintiffs*,<br><br>   v.<br><br>RUDOLPH W. GIULIANI,<br><br>        *Defendant*. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

### UPDATED JOINT STATUS REPORT

Pursuant to the Court's Minute Order of July 13, 2023, Plaintiffs Ruby Freeman and Wandrea ArShaye' Moss and Defendant Rudolph Giuliani (collectively, the "parties") submit this updated joint status report on discovery compliance and outstanding issues.  For purposes of this joint status report, the parties assume familiarity with the papers and hearings regarding Plaintiffs' Motion to Compel Discovery, for Attorneys' Fees and Costs, and for Sanctions, ECF No. 44 (Plaintiffs' "Motion to Compel")—including the parties' initial joint status report regarding discovery compliance and outstanding issues, ECF No. 77 ("Discovery Compliance JSR")—and recount only that background where directly relevant.  *See* ECF Nos. 36–38, 40–42, 44, 51, 56, 60–62, 64, 77.

**A.**    **Plaintiffs' Motion for Sanctions for Defendant Giuliani's Spoliation of Evidence**

The Plaintiffs' Motion for Discovery Sanctions Against Defendant Giuliani for Failure to Preserve Electronic Evidence is now fully briefed and pending before the Court.  ECF No. 81

(Motion); ECF No. 84 (Opposition); ECF No. 86 (Reply) (Motion and Reply, collectively, "Sanctions Motion").

With the Court's leave, Minute Order (June 23, 2023), Plaintiffs filed the Sanctions Motion on July 11, 2023, requesting that the Court enter default judgment against Defendant Giuliani on liability or, alternatively, enter a set of adverse inferences, and that the Court award Plaintiffs their associated attorneys' fees and costs.  ECF No. 81.  Defendant Giuliani filed his response on July 25, 2023, along with a stipulation signed (but not sworn) by Defendant Giuliani, arguing that the Court should not sanction Defendant Giuliani because he did not spoliate evidence and because, in any event, Defendant Giuliani was willing "to stipulate to the factual aspects of liability as to Plaintiffs claims, except damages."  ECF Nos. 84 at 6; ECF No. 84-1.  Plaintiffs filed their Reply on August 1, 2023, informing the Court that Defendant Giuliani, through counsel, clarified that through his filing that Defendant Giuliani intended to concede nearly all aspects of liability, other than arguments that his statements were protected opinion, a statute of limitation defense, and causation.  ECF No. 86.

On August 4, 2023, the Court entered a minute order directing Defendant Giuliani to, by 4 p.m. ET on August 8, 2023, either (a) file a superseding stipulation (i) conceding, "for purposes of this litigation, all factual allegations in plaintiffs' . . . Amended Complaint as to his liability for plaintiffs' defamation, intentional infliction of emotional distress, and civil conspiracy claims, and his liability as to plaintiffs' claim for punitive damages" and (ii) conceding that entry of default judgment on liability is appropriate in this case; or (b) submit an explanation for declining to file a superseding stipulation and a clarification as to what precisely his original stipulation conceded regarding the plaintiffs' factual allegations and legal claims.  Minute Order (Aug. 4, 2023).  The Court further directed that should Defendant Giuliani not file a superseding stipulation, the parties

are to appear before the Court on August 15, 2023, regarding Plaintiffs' Motion for Sanctions and the issue of whether Defendant Giuliani has complied with the Court's May 31, 2023, Minute Order directing Defendant Giuliani to "search and produce all materials responsive to plaintiffs' RFPs . . . within the date ranges agreed to by the parties, with the assistance of a professional vendor." *Id.*

1.      Plaintiffs' Position

For the reasons detailed in the Sanctions Motion, Plaintiffs submit that Defendant Giuliani failed to preserve evidence as required by the Federal Rules of Evidence ("Rule" or "Rules"), which warrants severe sanctions pursuant to Rule 37, including default judgment and/or adverse inferences.  ECF Nos. 81, 86.  Plaintiffs submit that the Court should enter default judgment on liability, leaving only the quantification of damages (including punitive damages) to resolve, regardless of what path Defendant Giuliani chooses on Tuesday, August 8, 2023.  ECF Nos. 81, 86.

If the Court enters default judgment—for the reasons discussed in the Sanctions Motion and below—Plaintiffs still are entitled to discovery relevant to damages, including but not limited to Defendant Giuliani's viewership metrics and financial information (which the Court has previously compelled Defendant Giuliani to produce but which, to date, he has not done). Plaintiffs respectfully submit that, if the Court fully grants the Motion for Sanctions, it ask the parties to confer and jointly submit a proposed schedule for resolution of the only remaining issue, the quantification of damages.

2.      Defendant's Position

For the reasons discussed in his response to the Sanctions Motion, Giuliani contends he did not fail to preserve evidence.  However, he contends this point is moot since he has conceded all

aspects of liability on which discovery from him would be necessary.  Therefore, there is nothing for Plaintiffs to "discover" in this regard and there is no prejudice to Plaintiffs from any alleged spoliation.

**B.      The Court's Order Requiring Defendant Giuliani To Produce All Financial Information**

On December 7, 2022, Plaintiffs propounded Requests for Production ("RFPs") numbers 40 and 41, which requested documents sufficient to show Defendant Giuliani's "yearly income since 2018" and current net worth including, but not limited to, a set of specific documents,[1] and "all filings" in his divorce proceedings and related to the enforcement of the related settlement.[2] On May 19, 2023, the Court ordered Defendant Giuliani to produce "full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41" and "documentation to support his estimated costs for further searches on the TrustPoint dataset."  Minute Order (May 19, 2023).  On May 30, Defendant Giuliani filed a motion for reconsideration, explaining that he had secured funding from a third-party to cover his $320,000 arrearage to TrustPoint and

---

[1] RFP 40 requested:  "Documents sufficient to show Your yearly income since 2018 and Your current net worth, including but not limited to Your tax returns for the years 2018 through 2021, all periodic statements from January 1, 2018 to the present date for all Your checking accounts, and all Your other accounts, including but not limited to savings accounts, money market funds, mutual fund accounts, hedge fund accounts and certificates of deposit, regardless of whether or not the account has been closed, including those held jointly with another person or entity, all insurance policies on Your life which are presently in force whether owned by you or any corporation in which You are an officer, director or stockholder or employee, copies of all applications for credit or loans from any bank, credit union, lending institution, issuer of credit cards and any related financial statements prepared by or on Your behalf since January 2018, copies of any corporate tax returns for all corporations in which You were or are a stockholder during any part of the years 2018 through present, copies of any partnership tax returns filed by You or on Your behalf since December 2018, and financial statements."  *See* ECF No. 44-3.

[2] RFP 41 requested: "All filings in *Judith S. Giuliani v. Rudolph Giuliani*, Docket No. 350019/2018 (N.Y. Sup Ct. Aug 31, 2018) and all filings related to the enforcement of the terms of the settlement agreement reached in *Judith S. Giuliani v. Rudolph Giuliani*, Docket No. 350019/2018 (N.Y. Sup Ct. Aug 31, 2018), including, but not limited to, Judith S. Giuliani's lawsuit filed in the Supreme Court of the State of New York in or around August 2022."  *See* ECF No. 44-3.

requesting that the Court reconsider the Court's May 19 order that he produce his financial documents.  The Court stayed its May 19, 2023, Minute Order pending Plaintiffs' opposition to the motion for reconsideration, which Plaintiffs filed on June 14, 2023.  ECF No. 64. On June 22, 2023, the Court entered a Minute Order denying Defendant Giuliani's motion for reconsideration and directed him to produce responses to RFP Nos. 40 and 41 by June 30, 2023.  Minute Order (June 22, 2023) (together, with Minute Order (May 19, 2023), "Orders Compelling Financial Production").  On June 30, Defendant Giuliani produced two financial records to Plaintiffs: (1) his 2018 tax returns (federal and New York), and (2) the stipulation of settlement in *Giuliani v. Giuliani*, 350019/2018 (N.Y. Sup. Ct. Dec. 10, 2019) ("Divorce Proceedings").

      1.      <u>Plaintiffs' Position</u>

The Court should sanction, or permit Plaintiffs to file a motion for sanctions requesting that the Court sanction, Defendant Giuliani (including by finding him in contempt of Court) for failure to comply with the Orders Compelling Financial Production, which directed him to provide "full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41" by June 30, 2023.[3]  *See S.E.C. v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000) (party is in contempt of court when he 'violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order'") (quoting *S.E.C.*

---

[3] In tandem, Plaintiffs submit that Defendant Giuliani should be subject to a daily financial sanction, accruing interest, until he fully complies with the Orders Compelling Financial Production.  Where a party is in contempt of court, courts regularly impose daily or weekly fines until the party is in compliance.  *See, e.g., Micula v. Gov't of Romania*, No. 17-CV-02332 (APM), 2020 WL 6822695, at *6–7 (D.D.C. Nov. 20, 2020), *aff'd*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022) (holding party in civil contempt failure to comply with court order re post-judgment discovery and ordering it to pay $25,000 per week, which shall double every four weeks reaching a maximum of $100,000 per week until the party is in compliance); *see also In re Grand Jury Subpoena No. 7409*, No. 18-41, 2019 WL 2176953 at *3–4 (D.D.C. 2019) (Howell, C.J.) (discussing imposition of fines in amount of $50,000 per day in connection with non-compliance with court order).

*v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995)).   Defendant Giuliani has

produced only one year of tax returns (2018) in response to RFP 40—despite Plaintiffs' request

demanding documents relating to his yearly income *since* 2018 and his net worth, including "tax

returns for the years 2018 through 2021, all periodic statements from January 1, 2018 to the present

date for all Your checking accounts, and all Your other accounts" among other documents.   And

despite the Court ordering a "full and complete" production in response to RFP 41—which asked

for "all filings" in the divorces proceedings, including those related to the enforcement of the terms

of the settlement and the lawsuit filed in the Supreme Court of the State of New York in or around

August 2022, Defendant Giuliani produced only the stipulation of settlement.   The financial

records produced are plainly not, as the Court's Orders Compelling Financial Production directed,

"full and complete" responses to RFP Nos. 40 and 41.

       The Court already denied Defendant Giuliani's motion for reconsideration, and he has not

taken any additional steps seeking to modify or extend the date by which he was required (but

failed) to produce all of his responsive financial information.   And Defendant Giuliani's stipulation

conceding liability, as discussed above, does nothing to resolve the damages-related issues before

the Court.   There is no basis, in fact or law, that justifies Defendant Giuliani's ongoing refusal to

comply with the Court's Orders Compelling Financial Production.   The Court is well within its

discretion, subject to Rule 37(b) and its inherent powers, to sanction Defendant Giuliani for his

failure to comply.

       2.   <u>Defendant's Position</u>

       Giuliani is unclear, at this point, as to whether the scope of documents the Court ordered

produced is still in play given that the reasoning of the Court was that the documents could be

relevant to a financial (actual malice motive) which Giuliani now concedes.   To the extent that the

documents are needed to establish his net worth for punitive damages, Giuliani contends that he has sufficiently complied in this regard (he provided testimony of his net worth in relatively recent proceedings) and is prepared to provide a declaration of net worth, obviating the need for any further production of documents that pertain to net worth.

**C.     The Court's Order Requiring Defendant Giuliani to Collect, Search, and Produce Materials from Sources Other than the TrustPoint Database**

As described fully in the Discovery Compliance JSR, on May 31, 2023, the Court ordered Defendant Giuliani to produce "all records responsive within the date ranges agreed to by the parties, with the assistance of a professional vendor" by June 16, 2023.  Minute Order (May 31, 2023); *see also* Minute Order (June 16, 2023) (collectively, "Order Compelling Production"). Prior to June 16, counsel for both parties conferred and agreed that the Court's Order Compelling Production required Defendant Giuliani to retain a professional vendor to collect, search, and produce materials from all repositories, including but not limited to TrustPoint, and that the relevant time period was September 1, 2020, through the present.  *See* ECF No. 77 at 3–4.

As discussed below, Defendant Giuliani produced a set of documents on June 16, 2023, from TrustPoint, and at the same time asked the Court for an extension of time to produce additional materials.  *See id*. at 5; ECF No. 66.  The Court granted that motion, ordering that Defendant Giuliani "shall produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor"  by June 30, 2023.  Minute Order (June 16, 2023).

On June 30, Defendant Giuliani produced additional documents from TrustPoint. Defendant Giuliani has not, since the Order Compelling Production, produced any materials from outside TrustPoint, other than the financial documents referenced above.  That same day, the parties filed the Discovery Compliance JSR, in which Plaintiffs explained (and Defendant Giuliani

did not contest) that the June 16, 2023 production consisted of largely non-usable materials and that Defendant Giuliani had "taken no steps to collect and search repositories outside of TrustPoint."  ECF No. 77 at 9.

On July 13, the Court entered a Minute Order in which it explained that Defendant Giuliani's position in the Discovery Compliance JSR "shows a failure to comply" with the Order Compelling Production "directing him to 'search and produce all materials responsive to plaintiffs' RFPs . . . within the date ranges agreed to by the parties, with the assistance of a professional vendor.'"  The Court directed the parties to submit this JSR on discovery compliance, and stated:

> Defendant Giuliani is CAUTIONED that failure to comply with the May Order, directing him to 'search and produce all materials responsive to plaintiffs' RFPs . . . within the date ranges agreed to by the parties, with the assistance of a professional vendor,' including from his two eponymous businesses, for which he declared, subject to penalty of perjury, that he was 'collecting, searching, and producing responsive materials... that are in [his] possession, custody, or control,' *see* 73 Giuliani Decl. 12, may result in severe discovery sanctions, *see* Fed. R. Civ. P. 37(b)(2)(A) (outlining potential sanctions for a party 'fail[ing] to obey an order to provide or permit discovery,' including '(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[;]... (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey').

Minute Order (July 13, 2023) ("Court's Caution").  Since the Court's Caution, Defendant Giuliani has not produced any documents from any non-TrustPoint repositories, other than the financial documents referenced above, and, as discussed above and in his response to the Sanctions Motion, contends that he should not be required to do so.

1.   Plaintiffs' Position

The Court should sanction, or permit Plaintiffs to file a motion for sanctions requesting that the Court sanction, Defendant Giuliani (including by finding him in contempt of Court) for

failure to comply with the Order Compelling Production, which directed him to provide "all records responsive within the date ranges agreed to by the parties, with the assistance of a professional vendor." *See Bilzerian*, 112 F. Supp. 2d at 16. Since the Order Compelling Production, Defendant Giuliani has not produced any materials from any repositories outside of TrustPoint (save for the scant production of financial documents), and does not appear to have taken any steps (including, as the Court required, hiring a professional vendor) to do so. Defendant Giuliani did not ask the Court to reconsider or modify its Order Compelling Production, other than to ask for a, now-passed, extension. Nor has Defendant Giuliani made any effort to explain to the Court, or to Plaintiffs, why he has failed to take any steps to collect, search, or produce any materials from his non-TrustPoint repositories despite being required to do so. While Defendant Giuliani now tries to get out of complying with any of his discovery obligations by virtue of his Stipulation, the Court need not and should not tolerate his non-compliance with the Order Compelling Production.

The Court's Caution suggested that it was considering a number of additional sanctions in connection with Defendant Giuliani's failure to comply with the Order Compelling Production, separate from the pending Sanctions Motion. Plaintiffs respectfully submit that Court would be well within its discretion to enter any of the three potential remedies suggested in the Court's Caution, as well as in the pending Sanctions Motion: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[;] . . . (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey.'" *See* Minute Order (July 13, 2023); ECF No. 81 at 15–16, 31–36. If the Court so desires, Plaintiffs request leave to file a supplement to its Motion for Sanctions to specifically address Defendant Giuliani's failure to comply with the Order

Compelling Production, and to heed the Court's Caution, since the pending Motion for Sanctions narrowly focused on Defendant Giuliani's failure to preserve (not produce) materials.

Separate from how the Court seeks to resolve Defendant Giuliani's failure to Comply with the Order Compelling Production—and irrespective of whether the Court enters default judgment or adverse inferences that may obviate the need for a full production of whatever remaining materials exist outside of TrustPoint—Plaintiffs submit that they are entitled to damages-related materials, including the financial materials discussed above. Additionally, Plaintiffs are entitled to information about Defendant Giuliani's viewer metrics, which they requested in RFP 19, but which they have never received. *See* ECF No. 44-3. Such materials would not be located in TrustPoint, nor would they be covered by any default judgment with respect to liability. Alternatively, Plaintiffs ask that the Court grant Plaintiffs the adverse inference related to metrics as requested in the Sanctions Motion. ECF No. 81 at 35–36.

      2.    <u>Defendant's Position</u>

For the reasons discussed in his response to the Sanctions Motion, Giuliani contends this point is moot since he has conceded all aspects of liability on which discovery from him would be necessary. Therefore, there is no need for continuing to search and collect documents from other sources because Plaintiffs do not need them to prove any aspect of liability.

**D.    The Court's Order Requiring Defendant Giuliani to Identify All Locations with Responsive Records.**

On May 19, 2023, the Court ordered Defendant Giuliani to provide Plaintiffs a complete list of all "locations and data that defendant used to communicate about any materials responsive to any of Plaintiffs' RFPs (including, but not limited to, *specific* email accounts, text messaging platforms, other messaging applications, social media, devices, hardware, and any form of communication)" and the "*specific* 'data' located in the TrustPoint database." Minute Order (May

19, 2023) ("Order Requiring Declaration").  Defendant Giuliani filed a declaration on May 30, 2023, ECF No. 60, to which Plaintiffs filed a response detailing the reasons why Defendant Giuliani's declaration failed to identify all locations with responsive records, ECF No. 64 at 12–18.  Plaintiffs also continued to object that Defendant failed to sufficiently specify the records contained in the TrustPoint database.  *See id.* at 15–16; ECF No. 77 at 10.

On June 15, 2023, the day after Plaintiffs filed their opposition to Defendant Giuliani's motion for reconsideration, plaintiffs learned of a report indicating Defendant Giuliani used at least three phone lines not identified in his declaration or otherwise, and upon investigation into those phone lines, Plaintiffs also identified two additional email addresses potentially used by Defendant Giuliani.  *See* ECF No. 77 at 6.  The same day, counsel for Plaintiffs wrote counsel for Defendant, asking that Defendant (1) promptly confirm whether Plaintiffs are correct that Mr. Giuliani failed to identify these sources in his May 30 Declaration, (2) explain why Mr. Giuliani failed to include these sources, (3) supplement the May 30 Declaration to include these sources, as well as all of the Giuliani Partners LLC email addresses identified by Plaintiffs, to the extent he used any of these sources to discuss topics responsive to Plaintiffs' RFPs, including his post-2020 election efforts, and (4), if so, confirm that Mr. Giuliani is preserving and searching these sources for materials responsive to Plaintiffs' requests.  ECF No. 77 at 18.  Plaintiffs received no response.  Defendant Giuliani's counsel, in his position on compliance issues, explained that Defendant's counsel has not received information to respond to these requests from the client.  *Id.*

To date, Defendant Giuliani has not provided any additional information about his non-TrustPoint repositories, including those about which Plaintiffs specifically asked.  On TrustPoint, Defendant Giuliani's criminal attorney, Robert Costello, provided additional information only in response to Plaintiffs' Sanctions Motion.  ECF No. 84-1.  In the Sanctions Motion, Plaintiffs

explained why, even with Mr. Costello's declaration, Defendant Giuliani failed to answer the basic question of what is contained in the TrustPoint database. *See* ECF No. 81 at 17–21; ECF No. 86 at 11–15.

1.      Plaintiffs' Position

The Court should sanction, or permit Plaintiffs to file a motion for sanctions requesting that the Court sanction, Defendant Giuliani (including by finding him in contempt of Court) for failure to comply with the Order Requiring Declaration, which directed him to file declarations with specific information about all of the potential repositories with relevant information and the specific contents of TrustPoint. *See Bilzerian*, 112 F. Supp. 2d at 16. Defendant Giuliani still has never identified and described with specificity all locations with responsive records. *See* ECF No. 77 at 10; *see supra*. With respect to describing with specificity what records are located in the TrustPoint database, Defendant never did so prior to the Discovery Compliance JSR, *see* ECF No. 44 at 10–12; ECF No. 56 at 6–8; ECF No. 64 at 15–16; ECF No. 77 at 10; and the attorney declaration he filed with his response to Plaintiffs' Motion for Sanctions only raises more questions, *see* ECF No. 86 at 13; ECF No. 86 at 11–15. The Court would be within its discretion under Rule 37(b) and its inherent power to sanction Defendant Giuliani for his failure to comply with the Order Requesting Declaration.

2.      Defendant's Position

Giuliani contends that he made a good faith effort to comply with the Court's directive and provide as much information as he could regarding these items. However, for the reasons discussed in his response to the Sanctions Motion, Giuliani contends this point is moot since he has conceded all aspects of liability on which discovery from him would be necessary. Therefore,

there is no need for continuing to search and collect documents from other sources because Plaintiffs do not need them to prove any aspect of liability.

**E.   The Court's Order Requiring Defendant Giuliani to Produce All Documents from TrustPoint.**

As discussed above, the Order Compelling Discovery directed Defendant Giuliani to produce "all records responsive within the date ranges agreed to by the parties, with the assistance of a professional vendor" by June 30, 2023, and the Court's Caution warned him that the Court would impose sanctions if he failed to do so.  Since the Order Compelling Discovery, Defendant Giuliani has made two additional productions from the TrustPoint database: (1) 4,902 files on June 16, 2023, which Plaintiffs explained in the Discovery Compliance JSR included mostly non-readable and non-usable files, *see* ECF No. 77; and (2) another 3,046 documents from TrustPoint, which Defendant Giuliani says were reviewed by the Trump Campaign and deemed not privileged.

1.   Plaintiffs' Position

Plaintiffs have now reviewed Defendant Giuliani's entire production of 7,949 records from the TrustPoint database, and can confirm that the production is almost entirely non-usable, non-responsive materials.  This is consistent with Mr. Costello's declaration that the materials were corrupted in the FBI's extraction process.  ECF No. 84-1.

Of the 7,949 records, Plaintiffs' counsel team identified approximately 4,142—or more than half—as indecipherable blobs.[4]  It is possible that these are the "corrupted" and "non-user generated" files referred to by Defendant Giuliani, ECF No. 81 at 5, though Plaintiffs have no independent basis to confirm Defendant Giuliani's representations that files were in fact "corrupted."  Of the remaining 3,807, documents:

---

[4] Plaintiffs use the word "approximately" to account for any possible coding errors by Plaintiffs' counsel team.

- Plaintiffs identified approximately 202 documents consisting of emails and texts that list the "To" and "From," and, for emails only, the "Subject" and "Sent" and "Received" lines, but for which the Body of the email and text conversation appears to have been wiped.  This mirrors, Defendant Giuliani's criminal defense attorney's description of the apparently corrupted emails he encountered.  *See* ECF No. 84-1 at 3 ¶ 17.

- Plaintiffs identified a total of approximately 618 documents that could plausibly be deemed responsive to Plaintiffs' RFPs on the broadest construction of those RFPs.  The vast majority of these approximately 618 documents consist of records like the public filings in the *Dominion* litigation or random tweets by members of the public that do not reference Plaintiffs or voter fraud in Georgia, but only voter fraud in general.  Of these approximately 618 records, approximately 65 consist of the text messages with what appear to be wiped bodies, and were deemed responsive only because of the recipients.

- Of those 618 documents, Plaintiffs identified a total of approximately 188 documents that might be relevant to Plaintiffs' claims.  But approximately 63 of those documents consist of texts with what appear to be wiped bodies, and were deemed possibly relevant only because of the recipients; and 1 other document is a blank image.

- Of the approximately 124 potentially relevant documents that contain substantive content, Plaintiffs identified approximately 50 or fewer documents that are directly relevant to Plaintiffs' claims.  Of these, the majority consist of unremarkable documents, such as a 12:45 a.m. message on December 10, 2020, from Jenna Ellis to Katherine Friess and others consisting of one line, "Does anyone have the zoom info for GA tomorrow?", and copies of filings in Defendant Giuliani's attorney grievance proceedings in New York.

Defendant Giuliani's TrustPoint production does not include *any* of the documents produced to Plaintiffs by third parties identified in Plaintiffs' Sanctions Motion.  *See* ECF No. 81 at 6–9.  Nor are any of the documents Defendant Giuliani produced as relevant as those.  Separately, the majority of Defendants' production did not contain standard metadata fields.  *See* ECF No. 77-1 ¶ 4.

In light of the facts that third parties produced highly relevant material which should be in Defendant Giuliani's possession but was not in Defendant Giuliani's TrustPoint productions, and that Defendant Giuliani's attorney has declared that TrustPoint is underinclusive and contains

corrupted files, it is plain that Defendant Giuliani's TrustPoint production does not, on its own, come anywhere close to satisfying the Court's Order Compelling Discovery.

        2.    <u>Defendant's Position</u>

Giuliani contends that he made a good faith effort to comply with the Court's directive on this issue and did the best he could.  However, for the reasons discussed in his response to the Sanctions Motion, Giuliani contends this point is moot since he has conceded all aspects of liability on which discovery from him would be necessary.  Therefore, there is no need for continuing to search and collect documents from other sources because Plaintiffs do not need them to prove any aspect of liability.

**F.**    **The Court's Order Requiring Defendant Giuliani To Produce A Privilege Log.**

On June 28, 2022, Defendant Giuliani produced a 49-page privilege log to Plaintiffs, and later explained that the log was produced in response to claims in another litigation.  Defendant Giuliani subsequently produced an 8-entry privilege log on October 13, 2022, with the only entries from the original log that were purportedly relevant to this case.  *See* ECF No. 44 at 5, 8.  On April 10, 2023, Defendant Giuliani provided Plaintiffs with a 653-entry privilege log, which Plaintiffs understand was prepared by the Trump Campaign.  *Id.* at 13.

As part of the Order Compelling Discovery, the Court ordered Defendant Giuliani to produce "a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs" by June 30, 2023.  *See* ECF No. 77 at 3, 5; Minute Order (May 31, 2023); June 16 Minute Order (June 16, 2023).  On June 30, 2023, Defendant Giuliani produced a privilege log with 407 entries, cataloging only records located in the TrustPoint database.

1.    Plaintiffs' Position

The Court should sanction, or permit Plaintiffs to file a motion for sanctions requesting that the Court sanction, Defendant Giuliani (including by finding him in contempt of Court) for failure to comply with the Order Compelling Discovery which directed him to produce a privilege log specifically tailored to search efforts in this litigation.  *See Bilzerian*, 112 F. Supp. 2d at 16. The privilege log produced on June 30, 2023, is a log of records withheld from Defendant Giuliani's final production of TrustPoint documents.  In other words, Defendant Giuliani has never produced a single, universal privilege log "specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs," despite the Court repeatedly ordering that he do so. *See* Minute Order (May 31, 2023); Minute Order (June 16, 2023).

Nor is the June 30 privilege log sufficient to comply with the Rules.  The June 30 privilege log does not list the particular privileges invoked or offer any description of the communication or record, other than to include the email subject line for emails.  ECF No. 81-4.  It thus "fail[s] to provide sufficient detailed explanations of the nature and basis of the privilege claims for each of the documents in the . . . Privilege Log to withstand challenge," as is required by black-letter law. ECF No. 82 at 17.  As the Court has already made clear, "[f]ailure to provide an adequate privilege log results in waiver of any otherwise asserted privilege and work product protection," *id.* at 18, and Plaintiffs' position is that Defendant Giuliani, at this point, should be deemed to have waived any otherwise asserted privilege or protection.

2.    Defendant's Position

Giuliani contends that he made a good faith effort to comply with the Court's directive and provide as much information as he could regarding these items.  However, for the reasons discussed in his response to the Sanctions Motion, Giuliani contends this point is moot since he

has conceded all aspects of liability on which discovery from him would be necessary.  Therefore, there is no need for continuing to haggle over what is privileged and what is not because Plaintiffs do not need them to prove any aspect of liability.

**G.     The Court's Order That Defendant Giuliani Pay Attorneys' Fees and Costs**

On June 23, the Court ordered Defendant Giuliani to pay Plaintiffs' attorneys' fees and costs for Plaintiffs' motion to compel discovery subject to a detailed those expenses by June 30. Minute Order (June 23, 2023).  The Court granted Plaintiffs an extension to submit their filing detailing those expenses, which Plaintiffs filed on July 5, requesting $89,172.50 in attorneys' fees. Minute Order (June 30, 2023); ECF No. 78.  Defendant Giuliani neither objected to nor paid those costs by July 7, as required, or by July 10, as Plaintiffs offered, given their own request for an extension.    Thus, on July 13, the Court directed Defendant Giuliani, "by July 25, 2023, to reimburse plaintiffs $89,172.50 in attorneys' fees incurred for plaintiffs' [] Motion to Compel Discovery."  Minute Order (July 13, 2023).

Defendant Giuliani did not ask the Court for additional time or pay Plaintiffs' attorneys' fees by July 25, 2023.  On July 28, counsel for Plaintiffs emailed counsel for Defendant, informing Defendant's counsel that if these fees were not paid, Plaintiffs' counsel would raise this issue with the Court in our reply to the Motion for Sanctions and this joint status report.  Defendant's counsel requested a meet and confer to discuss the issue, and counsel for the parties met and conferred on July 29.  Defendant's counsel requested more time to pay the attorneys' fees he owes in exchange for not contesting the amount or raising the issue on appeal.  On August 1, 2023, Plaintiffs' counsel rejected Defendant's request for an extension, and apprised the Court of Defendant's delinquency in their reply in support of Plaintiffs' Motion for Sanctions for Defendant Giuliani's spoliation of evidence.  ECF No. 86 at 16 n.5.

As of the date of this filing, Defendant Giuliani has not paid Plaintiffs' attorneys' fees for Plaintiffs' motion to compel.

       1.     <u>Plaintiffs' Position</u>

The Court should sanction, or permit Plaintiffs to file a motion for sanctions requesting that the Court sanction, Defendant Giuliani for his failure to pay attorneys' fees. *See Bilzerian*, 112 F. Supp. 2d at 16. The Court ordered Defendant Giuliani to pay Plaintiffs' attorneys' fees by July 25, 2023. He did not. As part of the sanction, Plaintiffs submit that Defendant Giuliani should be subject to a daily financial sanction, accruing interest, until he fully pays the fees that the Court ordered him to pay. *See, e.g.*, *Micula v. Gov't of Romania*, No. 17-CV-02332 (APM), 2020 WL 6822695, at *6–7 (D.D.C. Nov. 20, 2020), *aff'd*, No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022); *see also In re Grand Jury Subpoena No. 7409*, No. 18-GJ-41, 2019 WL 2176953 at *3–4 (D.D.C. 2019) (Howell, C.J.).

       2.     <u>Defendant's Position</u>

Giuliani would like to file a motion for leave to seek a deferment on the payment of the fees. As indicated in his stipulation, he is having financial difficulties and would like the payment of fees to be tolled until the case is resolved. Giuliani asks the Court to consider the fact that he is streamlining the issues for the Court and is not seeking to unnecessarily protract the litigation. Giuliani needs more time to pay the attorneys' fees and would like the opportunity to seek an extension from the Court.

## H.    The Court's Order Compelling the Giuliani Businesses

As the parties' Discovery Compliance JSR catalogued, Plaintiffs seek relevant discovery from Giuliani Communications, LLC, and Giuliani Partners, LLC (collectively, the "Giuliani Businesses") directly from Defendant Giuliani and alternatively from the Giuliani Businesses

directly through subpoenas for documents and testimony.  ECF No. 77 at 7–8.  On June 22, 2023, Plaintiffs filed the operative motion to compel the Giuliani Businesses to comply with their subpoenas.  ECF No. 70.  On June 26, Defendant Giuliani submitted a one-page declaration in response to the Court's June 22 Minute Order.  ECF No. 73.  The declaration provides that the Giuliani Businesses are not represented by counsel. Plaintiffs emailed counsel for Defendant Giuliani regarding several discrepancies in the declaration, including failing to identify certain individuals as employees who Plaintiffs know to have used @giulianipartners.com email accounts, and requesting that Defendant address these discrepancies in a supplemental filing.  *Id.*  Plaintiffs received no response prior to the Discovery Compliance JSR, and, as of that filing, Defendant had not filed a supplement.  ECF No. 77 at 8.

Defendant Giuliani's opposition to Plaintiffs' motion to compel the Giuliani Businesses was due July 7, 2023, but Defendant Giuliani filed no opposition.  On July 13, 2023, the Court directed Defendant Giuliani, by July 25, 2023, to show cause why plaintiffs' Giuliani Businesses Motion "should not be granted as conceded."  Minute Order (July 13, 2023).  On July 25, 2023, Defendant Giuliani filed a response stating that he "does not oppose the Court's show cause order as to why the motion to compel [Doc. 70] should not be granted."  ECF No. 85.  On July 26, 2023, the Court ordered Defendant Giuliani to pay Plaintiffs' fees and costs, and directed Plaintiffs submit a filing detailing those costs by August 4, 2023 (which Plaintiffs filed today, ECF No. 88), and the Court directed Defendant Giuliani to either file any objection to those fees and costs or reimburse Plaintiffs by August 11, 2023.  Minute Order (July 26, 2023).  The Court otherwise reserved ruling on the relief requested by Plaintiffs, pending completion of briefing on Plaintiffs' Motion for Sanctions for Failure to Preserve Electronic Evidence and this updated joint status report.  *Id.*

      1.      <u>Plaintiffs' Position</u>

Plaintiffs will await the Court's attention to the outstanding relief requested in their motion to compel the Giuliani Businesses, pending the Court's resolution of Plaintiffs' motion for sanctions. *See* Minute Order (July 26, 2023). However, as Plaintiffs made clear in their reply in support of their Motion for Sanctions, regardless of the Court's resolution of that motion, Defendant Giuliani must still produce all evidence relevant to Plaintiffs' damages. ECF No. 86 at 9–10. And as Plaintiffs' revised motion to compel the Giuliani Businesses noted, Plaintiffs seek the production of "documents showing metrics and income generated from [Defendant Giuliani's show,] *Common Sense*, particularly those episodes that contain Actionable Statements" because such evidence "is probative of . . . the quantification of damages." ECF No. 70 at 9. Additionally, Plaintiffs still are entitled to the 30(b)(6) depositions of the Giuliani Businesses, for which to date Defendant Giuliani has failed to identify a corporate representative.

      2.      <u>Defendant's Position</u>

Giuliani contends that further discovery from the Businesses is now moot for the same reasons as outlined above, since Plaintiffs do not need this discovery in light of Giuliani's nolo contendere stipulation.

**I.**      **Outstanding Written Discovery**

As the parties Discovery Compliance JSR noted, on May 22, 2023, Plaintiffs served Defendant Giuliani with their fifth set of RFPs and requests for admission ("RFAs"). The parties agreed to hold in abeyance RFPs Nos. 42, 43, 45, and 46, which concern the TrustPoint database, pending the resolution of Defendant's searches and productions from that database. The parties agreed that Defendant Giuliani would respond to RFP 44, which requested "[a]ll contractual agreements between You and Trustpoint," by July 5, 2023.

On July 5, 2023, after the parties filed their Discovery Compliance JSR, Defendant Giuliani served his responses and objections to Plaintiffs' fifth set of RFPs and his responses to Plaintiffs' fifth set of RFAs.  In the cover email to Plaintiffs' counsel, Defendant's counsel apprised Plaintiffs that he was waiting on the TrustPoint agreements and contracts responsive to RFP 44 and would produce them when he received them.  Defendant Giuliani has not yet produced those agreements and contracts.  With respect to the RFAs, which requested admissions about Defendant Giuliani's role in reviewing, and the purpose of, certain advertisements supporting former President Trump's efforts to overturn the 2020, Defendant Giuliani demurred, either because he could not recall or did not possess personal information.  ECF No. 81-13 (copy of Defendant Giuliani's responses to Plaintiffs' fifth set of RFAs).

      1.    <u>Plaintiffs' Position</u>

Defendant should be ordered to expeditiously produce all contracts and agreements with TrustPoint, pursuant to Plaintiffs RFP No. 44.  Otherwise, Plaintiffs are content to hold in abeyance resolution of the remaining RFPs in Plaintiffs' fifth set of RFPs, pending the Court' resolution of Plaintiffs' Motion for Sanctions.  And Defendant Giuliani has now served his responses to Plaintiffs' fifth set of RFAs, which means that issue is resolved.

      2.    <u>Defendant's Position</u>

Giuliani has requested that TrustPoint provide these agreements, but TrustPoint has refused, claiming the pricing terms are proprietary.  Giuliani will continue efforts to procure these documents should the Court require him to do so, however, Giuliani believes this issue is also now moot in light of his stipulation.

Dated: August 4, 2023

*/s/ John Langford*

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
jknoblett@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

*/s/ Joseph D. Sibley*

**CAMARA & SIBLEY L.L.P.**
Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

*Counsel for Defendant*

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

*Admitted pro hac vice*

**Attorneys for Plaintiffs Ruby Freeman and
Wandrea' Moss**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 4, 2023, this document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

Dated:  August 4, 2023

<u>*/s/ John Langford*</u>

**UNITED TO PROTECT DEMOCRACY**
John Langford*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org

*Admitted *pro hac vice*