## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al*., | |
| Plaintiffs, | Case No. 1:21-cv-03354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

### PLAINTIFFS' RESPONSE TO DEFENDANT GIULIANI'S OBJECTION AND RESPONSE TO MINUTE ORDER REGARDING ATTORNEYS' FEES

Pursuant to the Court's August 14, 2023 Minute Order, Plaintiffs respectfully submit the following response to Defendant Giuliani's "Objection and Response" to the Court's July 26, 2023 Minute Order directing Defendant Giuliani to pay the reasonable costs and attorneys' fees Plaintiffs incurred in filing their Motion to Compel Giuliani Partners and Giuliani Communications (the "Giuliani Businesses") to Respond to Properly-Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas (the "Giuliani Businesses Motion") (ECF No. 70).

On July 26, 2023, the Court granted the Giuliani Businesses Motion as conceded and directed Defendant Giuliani to pay Plaintiffs' reasonable attorneys' fees. July 26, 2023 Minute Order ("the July 26 Order").[1]  On August 4, 2023, Plaintiffs submitted a fee request for $43,684 in attorneys' fees incurred in connection with the Giuliani Businesses Motion.  ECF No. 88. Defendant Giuliani has conceded the reasonableness of this amount, having been afforded the

---

[1]  Specifically, the Court has already found, and Defendant Giuliani does not contest, "that defendant Giuliani has conceded in full plaintiffs' Giuliani Businesses Motion."  July 26 Order; *see also* ECF No. 85 ("Giuliani does not oppose the Court's show cause order as to why the motion to compel [Doc. 70] should not be granted.").

"opportunity to contest the reasonableness of the fees and costs that plaintiffs request" and declining to do so. July 26 Order; ECF No. 91. Accordingly, should the Court find that Plaintiffs' fee request is reasonable, the sole issue at hand is whether Defendant Giuliani or the Giuliani Businesses are liable for payment of the $43,684 in attorneys' fees (the "Fees"). *See* ECF No. 91 at 2 ("Giuliani objects to the imposition of any attorneys' fees or sanctions against him for the discovery conduct of his eponymous entities.").

Plaintiffs respectfully request that the Court modify the July 26 Order to direct the Giuliani Businesses to comply with the July 26 Order and pay the Fees, which Defendant Giuliani is personally responsible for ensuring occurs.[2] The Court need not rule on any alter ego liability at this point because the Court would be well within its discretion to require Defendant Giuliani to cause the Giuliani Businesses to pay the Fees and, if they do not, to hold him accountable for any failure to comply with the Court's Order.[3] *See, e.g., In re Special Couns. Investigation*, 374 F.

---

[2] As discussed in the Giuliani Businesses Motion, while Defendant Giuliani has not confirmed the annual revenue that the Giuliani Businesses generate, he testified that his *Common Sense* podcast, which is owned by Giuliani Communications, derives advertising compensation on a "per-view" basis and the podcast's reach is considerable. ECF No. 70 at 2–3. Accordingly, there is no reason to believe that the Giuliani Businesses will be unable to satisfy the reimbursement to Plaintiffs for the Fees.

[3] Defendant Giuliani previously failed to cause the Giuliani Businesses to comply with Plaintiffs' subpoenas (including failing to produce documents, failing to designate a corporate representative, failing to sit for a deposition, and failing to communicate with Plaintiffs in any way whatsoever). *See* ECF No. 70. With respect to the remaining relief apart from attorneys' fees requested in the Giuliani Businesses Motion (*see* ECF No. 70-1), which the Court reserved pending completion of briefing on Plaintiffs' July 11, 2023 Motion for Sanctions for Failure to Preserve Electronic Evidence (ECF No. 81), Plaintiffs note that to date, Defendant Giuliani has taken no steps towards complying with Plaintiffs' subpoenas: Plaintiffs still have not received any documents, any responses to their attempts to schedule Rule 30(b)(6) depositions, nor have the Giuliani Businesses designated a corporate representative. Should the Court grant Plaintiffs' remaining requested relief, *see* ECF No. 70, Plaintiffs submit that Defendant Giuliani should likewise be held responsible for ensuring that the Giuliani Businesses provide said relief.

Supp. 2d 238, 241–42 (D.D.C. 2005) (noting that corporate defendant "as well as its controlling officers, have no legal right to defy a final court order, and an officer failing to take steps to have the corporation comply could be punished by contempt"); *SEC v. Diversified Growth Corp*, No. 81-0084, 1984 WL 21134, at \*1 (D.C. Cir. Sept. 24, 1984) (upholding district court's holding of non-party corporate officer in contempt for violating a court order "because appellant is an officer of a party corporation receiving actual notice of the order, who has personally abetted that party and has had his day in court") (internal citations omitted); *FTC v. Leshin*, 618 F.3d 1221, 1236 (11th Cir. 2010) (holding individual officers jointly and severally liable, along with defendant corporation, for violating an injunction); *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 6 (D.D.C. 2007) (granting a motion to compel and cautioning corporate parties that an "order to a corporation is an order to its officers, who, if fail to take appropriate action, are guilty of disobedience and may be punished . . . .") (citing *Wilson v. United States*, 221 U.S. 361, 376–77 (1911)).

Here, there is no question Defendant Giuliani is capable of causing the Giuliani Businesses to comply. He is the sole owner of Giuliani Partners LLC, and Giuliani Partners LLC is the sole owner of Giuliani Communications LLC. ECF No. 73 ¶¶ 2–3. In response to the Court's June 22, 2023 Order that instructed him to identify "the owner(s) and principal(s) for each of the Giuliani Businesses," Defendant Giuliani identified no principals for either of the Giuliani Businesses apart from himself. *Id*. Defendant Giuliani has spoken on behalf of the Giuliani Businesses in this action, and conceded that he has possession, custody, or control over its materials. *See, e.g., id.* ¶ 12 (Defendant Giuliani "confirm[ed] that, in compliance with the Court's orders regarding production, that *I* am collecting, searching, and producing responsive materials from Giuliani Partners LLC and Giuliani Communications LLC that are in my possession, custody, or control")

(emphasis added); ECF No. 85 (Defendant Giuliani did "not oppose the Court's show cause order" as to the Giuliani Businesses Motion).

While the Court need not reach the question of alter ego to order Defendant Giuliani to cause the Giuliani Businesses to pay the Fees, evidence demonstrates that the Giuliani Businesses are alter egos of Defendant Giuliani such that the Court would be within its discretion to consider piercing the corporate veil. *See Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 22 (D.D.C. 2016) (Howell, J.) (explaining that courts consider "whether corporate formalities have been observed; whether there has been commingling of corporate and shareholder funds, staff and property; whether a single shareholder dominates the corporation; whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud" and that courts may also weigh "other considerations of justice and equity"). There is no dispute that Defendant Giuliani "dominates" the Giuliani Businesses in such a way that negates their separate personalities for the reasons discussed above, nor that he used the Giuliani Businesses to help perpetrate the defamatory campaign at issue in this lawsuit. *Id*. at 23. Should the Court find it necessary, Plaintiffs would be amenable to submitting a full brief on the alter ego analysis and/or attending a hearing about the same during which Defendant Giuliani answers questions targeted at that inquiry, which would be helpful to address any of the factual questions unresolved by Defendant Giuliani's failure to produce all relevant financial records and documents related to the Giuliani Businesses. *See* ECF No. 70 at 8–10.[4]

---

[4] Plaintiffs respectfully reserve the right to seek to pierce the Giuliani Businesses' corporate veil at a later date, including, but not limited to, after receiving an order on damages.

Dated: August 25, 2023

/s/ Michael J. Gottlieb

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Sara Chimene-Weiss*
7000 N 16th Street Ste. 12, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
christine.kwon@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Timothy P. Ryan (1719055)
J. Tyler Knoblett (1672514)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
tryan@willkie.com
jknoblett@willkie.com

M. Annie Houghton-Larsen*
787 Seventh Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com
* Admitted pro hac vice

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023, a copy of the foregoing document was emailed to

Joseph D. Sibley IV at sibley@camarasibley.com via ECF notifications.


Dated:  August 25, 2023


/s/ *Michael J. Gottlieb*
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com