THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>Defendant. | Case No. 1:21-cv-03354 (BAH)<br><br>Judge Beryl A. Howell |

**PLAINTIFFS' SUBMISSION DETAILING THE COSTS AND FEES INCURRED IN PREPARING AND FILING PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS**

On August 30, 2023, the Court granted Plaintiffs' Motion for Discovery Sanctions against Defendant Giuliani for his failure to preserve electronic evidence (ECF No. 81) (the "Sanctions Motion" or the "Motion"). ECF No. 93. The Court granted the Sanctions Motion "in the form of default judgment and an award for attorneys' fees and costs associated with filing the motion," and further directed Plaintiffs to "submit their costs and attorneys' fees incurred in preparing and filing the Motion" by September 8, 2023. ECF No. 93 at 1-2. Plaintiffs respectfully submit the relevant costs and fees and requesting an award as detailed below.[1]

**I.     FACTUAL BACKGROUND**

As the Court is well aware, Defendant Giuliani has spent over a year failing to fulfill his most basic discovery obligations, and his obfuscation of the discovery process has "forced plaintiffs to waste time by wading through thousands of pages of gibberish . . . in search of some

---

[1] The attached Declaration of Michael Gottlieb ("Gottlieb Decl.") and Exhibit A provide a detailed accounting of the attorneys' fees sought by Plaintiffs, including the hours billed, the work associated with those hours, the attorneys who conducted the work, and the attorneys' reasonable hourly rates. (Gottlieb Decl.; Ex. A.)

potentially relevant evidence, while his concomitant failure to produce any meaningful discovery has similarly brought this litigation to a standstill." Memorandum Opinion, ECF No. 94 at 44; *see also* ECF Nos. 44, 64. Defendant Giuliani has even disregarded discovery orders from this Court, including the May 31, 2023 Minute Order (the "May 31 Order"), as to which his failure to comply ultimately necessitated the Sanctions Motion.[2]

On June 14, 2023, pursuant to the May 31 Order, Plaintiffs filed a Combined Opposition to Defendant Giuliani's Motion for Reconsideration of the Courts' May 19, 2023 Minute Order and Response to Defendant's Declaration (ECF No. 64), in which Plaintiffs requested leave to file a motion for sanctions due to Defendant Giuliani's failure to sufficiently preserve evidence in compliance with the May 31 Order and his general discovery obligations. ECF No. 64 at 18. In a June 23, 2023 Minute Order, the Court granted Plaintiffs' request for leave to file a motion for sanctions. On July 11, 2023, Plaintiffs filed the Sanctions Motion detailing Defendant Giuliani's failure to adequately preserve electronic evidence, and requested that Defendant Giuliani be ordered to reimburse Plaintiffs for the cost of filing the Sanctions Motion given that his obstructive and bad-faith approach to discovery necessitated the Motion. ECF No. 81 § II. After Defendant Giuliani filed a response to the Sanctions Motion on July 25, 2023 (ECF No. 84), Plaintiffs filed their Reply in Support of the Sanctions Motion (the "Sanctions Reply") on August 1, 2023 (ECF No. 86).

---

[2] The May 31 Order instructed Defendant, *inter alia*, to search for and produce all materials responsive to all but two of Plaintiffs' requests for production of documents, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to said requests.

## II. LEGAL STANDARD

"Rule 37 authorizes the court to direct that parties or attorneys who fail to participate in good faith in the discovery process pay the expenses, including attorney's fees, incurred by other parties as a result of that failure." Fed. R. Civ. P. 37, 1980 Notes of Advisory Committee; *see also Zhi Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) (noting that sanctions for evidence spoliation "may include the assessment of fines or attorneys' fees and costs"). As the D.C. Circuit has noted, "[t]he basic formula for calculating an attorney fee award seems straightforward: multiply the number of hours reasonably exp[e]nded in litigation by a reasonable hourly rate or lodestar." *DL v. District of Columbia*, 924 F.3d 585, 588 (D.C. Cir. 2019) (internal quotations omitted); *see Walker v. District of Columbia*, 317 F.R.D. 600, 606 (D.D.C. 2016) (applying "lodestar method" of multiplying "a reasonable hourly rate by a reasonable number of hours expended") (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 248 F.R.D. 64, 68 (D.D.C. 2008)). "The Supreme Court has offered guidance about how to perform that calculation, explaining that 'reasonable fees' are those grounded in rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *DL*, 924 F.3d at 588 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Pro bono counsel, who normally do not bill at hourly rates, are still "entitled to be compensated at market rates" in connection with work associated with discovery motions. *Malede v. D.C. Jail Facility*, 252 F.R.D. 63, 65 (D.D.C. 2008) (citing *Blum*, 465 U.S. at 895 n.11); *see also Thomas v. Moreland*, No. CV 18-800 (TJK), 2022 WL 2168109, at *6 n.4 (D.D.C. June 16, 2022) ("'[C]ourts have rejected the contention, in situations analogous to Rule 37 sanctions, that [parties] represented on a pro bono basis are not entitled to attorneys' fees' or 'should receive a reduced amount.'") (quoting *Nat'l Laws. Guild v. Att'y Gen.*, 94 F.R.D. 616, 618 (S.D.N.Y. 1982)).

**III.   ARGUMENT**

Plaintiffs respectfully submit that, given the existing authorities cited *supra*, this Court has discretion to require Defendant Giuliani to pay the fees incurred by counsel for Plaintiffs at prevailing market rates in connection with both the Sanctions Motion and the Sanctions Reply.

Nonetheless, for expediency of the Court and in accord with Plaintiffs' previous submissions seeking an award of fees and costs associated with discovery motions practice, Plaintiffs here have elected to seek repayment for a *portion* of the total hours expended and fees incurred in connection with the granting of the Motion, amounting to 172.5 hours of billed time. (Gottlieb Decl. ¶ 16; Ex. A. Part I.A-B.)  Applying Willkie Farr & Gallagher LLP's ("Willkie") standard rates would result in a fee award (when combined with the presumed rates applicable to counsel from Protect Democracy) of $184,950.50, but Plaintiffs recognize that this Court has previously applied the alternative Legal Services Index ("LSI")-adjusted *Laffey* Matrix framework for fee awards, including the instant case.  *See* July 13, 2023 Minute Order; ECF No. 93 at 3; *see also Eley v. District of Columbia*, 999 F. Supp. 2d 137 (D.D.C. 2013) (Howell, J.).  Plaintiffs respectfully submit that this Court can and should again enter an award of fees applying the LSI-adjusted *Laffey* Matrix framework to the hours detailed in this submission and accompanying declaration.

   **A.    Plaintiffs' Claimed Hours Are Reasonable.**

The number of hours claimed by Plaintiffs are reasonable.[3]  Counsel for Plaintiffs claim 106 hours in connection with drafting the Sanctions Motion and 66.5 hours in connection with drafting and filing the Sanctions Reply. (Ex. A. Part I.A-B.)  This time—which Plaintiffs have

---

[3] All hours claimed by Plaintiffs were recorded pursuant to the customary time-keeping practices utilized in other matters which counsel for Plaintiffs provide legal services.  (Gottlieb Decl. ¶ 9.)

- 4 -

reduced from the actual total by excluding hours of certain attorneys and staff—was necessary to conduct adequate legal research and to draft well-reasoned arguments to apprise the Court of the relevant discovery dispute and its extensive history, and to respond to arguments raised by Defendant Giuliani in his July 25, 2023 response.  (Gottlieb Decl. ¶¶ 15–16.)  Plaintiffs have excluded from this request, and therefore are not seeking reimbursement for, any and all fees incurred by attorneys other than those listed below (or by the non-attorney staff that performed work relating to the submission of the motion).

The hours claimed by Plaintiffs also compare favorably with numbers of hours that Courts in this District have deemed reasonable for drafting comparable motions.  *See, e.g.*, *Borum v. Brentwood Vill., LLC*, No. CV 16-1723 (RC), 2020 WL 5291982, at *6 (D.D.C. Sept. 4, 2020) (finding "112.8 hours researching and preparing two briefs, reviewing evidence, conferring with opposing counsel, and preparing to argue the motion" was reasonable, particularly in light of movants "requesting fewer than half" their total hours expended); *Robinson v. District of Columbia*, 341 F. Supp. 3d 97, 123 (D.D.C. 2018) (finding 40 hours spent on fee petition was "reasonable" and "award[ing] the full amount requested"); *McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 162–63 (D.D.C. 2017) (awarding plaintiffs 50 hours in fees for work billed on prior fee proceeding); *United States v. Dynamic Visions Inc.*, 307 F.R.D. 299, 304 (D.D.C. 2015) (finding reasonable 126.5 hours billed where plaintiff had to "deal[] with Defendants' repeated noncompliance with Plaintiff's discovery requests and the Court's discovery orders").

**B.     Plaintiffs' Claimed Hourly Rates are Reasonable.**

Plaintiffs' claimed hourly rates are also reasonable.  As the Court is aware, Plaintiffs are represented by counsel from multiple firms and organizations, including Willkie and Protect Democracy.  (Gottlieb Decl. ¶¶ 3, 5–13.)  Consequently, counsel from Willkie and Protect Democracy routinely work together to draft filings, including the Sanctions Motion and the

Sanctions Reply. Accordingly, Plaintiffs' reasonable claimed hourly rates differ for counsel from Willkie and counsel from Protect Democracy. (*Id*. ¶¶ 18–20; Ex. A. Part II.A-B.)

In determining whether an hourly rate is reasonable, the D.C. Circuit looks to "(1) the attorney's billing practices, (2) the attorney's skill, experience, and reputation and (3) the prevailing market rates in the community." *Reed v. District of Columbia.* 843 F.3d 517, 521 (D.C. Cir. 2016) (internal quotations omitted, cleaned up) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). As to the first factor, courts in this Circuit have held that fee applicants must "show the rates that [they] . . . 'customarily charge[] clients'" and that "an attorney's usual billing rate is presumptively the reasonable rate." *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, No. 17-CV-02000 (APM), 2020 WL 7248347, at *2 (D.D.C. Dec. 9, 2020) (quoting *Covington*, 57 F.3d at 1103; *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)). And as to the third factor, "a firm's actual rate 'is presumptively the market rate for its services' given the skills, experience, and reputation of [its] attorneys." *Wye Oak Tech. Inc. v. Republic of Iraq*, 557 F. Supp. 3d 65, 91 (D.D.C. 2021) (quoting *Adolph Coors Co. v. Truck Ins. Exch.*, 383 F. Supp. 2d 93, 98 (D.D.C. 2005)); *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 138 (D.D.C. 2007) ("[T]he best measure of what the market will allow are the rates actually charged by the two firms representing these litigants."); *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) (finding "actual rate that . . . counsel can command in the market is itself highly relevant proof of the prevailing community rate").

1. **Willkie Farr & Gallagher LLP**

The hourly rates attached to each attorney listed for Willkie reflect the same rates that Willkie charges its clients for legal services in other matters. (Gottlieb Decl. ¶¶ 3, 19.) These rates

reflect the training, skill, experience, and reputation of the attorneys that work for the firm and align with the prevailing market rates of similarly situated law firms that practice the same type of complex federal litigation as Willkie. (*Id.* ¶¶ 3–13.) Further, Plaintiffs are submitting only a portion of the total hours expended in connection with the granting of the Sanctions Motion, justifying payment at Willkie's customary hourly rates. (*Id.* ¶ 16.) Accordingly, the below hourly rates claimed by counsel at Willkie are "presumptively the reasonable rate[s]" applicable to this case, *12 Percent Logistics*, 2020 WL 7248347, at *2:

- Michael J. Gottlieb – $1,875 per hour
- Meryl C. Governski – $1,450 per hour
- Annie Houghton-Larsen – $1,185 per hour
- Timothy P. Ryan – $1,125 per hour
- John Tyler Knoblett – $1,125 per hour
- Maggie MacCurdy – $680 per hour
- Perri Haser – $520 per hour

(Gottlieb Decl. ¶¶ 3, 5–10; Ex. A. Part II.A.)

**2. Protect Democracy**

The appropriate rates for Protect Democracy's time in this case are those listed in the LSI-adjusted *Laffey* Matrix,[4] which "is based on a . . . sample of rates charged by sophisticated federal-court practitioners in the District of Columbia." *DL*, 924 F.3d at 587. Courts routinely use the LSI-adjusted *Laffey* Matrix to calculate reasonable fees for non-profit organizations in pro bono

---

[4] *See Laffey* Matrix, http://www.laffeymatrix.com/see.html. The LSI-adjusted *Laffey* Matrix is routinely updated for inflation based on the Legal Services Component of the Consumer Price Index, as produced by the Department of Labor's Bureau of Labor Statistics. *See id.*

litigation. *See Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 80 F. Supp. 3d 1, 3–5 (D.D.C. 2015) ("agree[ing] with Judge Howell that the LSI-adjusted *Laffey* matrix" was appropriate to calculate reasonable fees for non-profit organization); *Eley*, 999 F. Supp. 2d at 159 (noting "there are clear signals . . . that some version of the *Laffey* matrix is presumptively reasonable in civil rights litigation"); *Mattachine Soc'y of Wash., D.C. v. U.S. Dep't of Just.*, 406 F. Supp. 3d 64, 70–71 (D.D.C. 2019) (applying LSI-adjusted *Laffey* Matrix in pro bono litigation). And this Court (correctly) predicted the current rule that applying the LSI-adjusted *Laffey* Matrix in "civil rights litigation" is appropriate, *Eley*, 999 F. Supp. 2d at 159, and has continued to do so since, *see* July 13, 2023 Minute Order (awarding Plaintiffs' attorneys' fees applying the LSI-adjusted *Laffey* Matrix); ECF No. 93 (same).

Accordingly, the LSI-adjusted *Laffey* Matrix sets presumptively reasonable hourly rates applicable to the work conducted in this case by counsel for Protect Democracy, and pursuant to the most updated version of the LSI-adjusted *Laffey* Matrix, the below hourly rate for counsel at Protect Democracy is presumptively reasonable:

- Rachel Goodman – $878 per hour (11–19 years of experience)
- John Langford – $777 per hour (8–10 years of experience)
- Christine Kwon – $538 per hour (4–7 years of experience)

(Gottlieb Decl. ¶¶ 11–13; Ex. A. Part II.A.)

### 3. Total Fee Award Requested

The above reasonable hourly rates multiplied by the reasonable number of hours expended by Plaintiffs' Counsel that worked on the Sanctions Motion and the Sanctions Reply results in the following reasonably claimed attorneys' fees:

- Michael J. Gottlieb – $19,687.50 ($1,875 per hour times 10.5 hours)

- Meryl C. Governski – $15,225.00 ($1,450 per hour times 10.5 hours)

- Annie Houghton-Larsen – $71,218.50 ($1,185 per hour times 60.1 hours)

- Timothy P. Ryan – $23,175.00 ($1,125 per hour times 20.6 hours)

- John Tyler Knoblett – $19,350.00 ($1,125 per hour times 17.2 hours)

- Maggie MacCurdy – $9,656.00 ($680 per hour times 14.2 hours)

- Perri Haser – $3,224.00 ($520 per hour times 6.2 hours)

- Rachel Goodman – $1,317.00 ($878 per hour times 1.5 hours)

- John Langford – $16,394.70 ($777 per hour times 21.1 hours)

- Christine Kwon – $5,702.80 ($538 per hour times 10.6 hours)

(Ex. A. Part III.A.) Following this approach, the total reasonably claimed attorneys' fees would amount to an award of $184,950.50 in attorneys' fees. *See DL*, 924 F.3d at 588.

While Plaintiffs generally would prefer an award based on standard rates, Plaintiffs also recognize that this Court has previously applied the LSI-adjusted *Laffey* Matrix, including in the instant case. In light of the pro bono nature of this representation, Plaintiffs have no objection to this Court applying the LSI-adjusted *Laffey* Matrix for all attorneys for whom Plaintiffs now claim fees. *See, e.g.*, *Thomas*, 2022 WL 2168109, at *4; *cf. Citizens for Resp. & Ethics in Wash.*, 80 F. Supp. 3d at 4.[5] This Court therefore is well within its discretion to apply the LSI-adjusted *Laffey* Matrix here. Doing so would result in the following fees:

- Michael J. Gottlieb – $11,098.50 ($1,057 per hour times 10.5 hours)

---

[5] Buttressing the reasonableness of the LSI-adjusted *Laffey* Matrix is the fact that those rates are *substantially* lower than the rates typically billed by attorneys at Willkie Farr. *Thomas*, 2022 WL 2168109, at *5 (finding LSI-adjusted *Laffey* Matrix rates to be reasonable, given that they were lower than rates billed by a major law firm); *see* Ex. A. Part II.A (listing Willkie Farr's typical rates).

- Meryl C. Governski – $8,158.50 ($777 per hour times 10.5 hours)

- Annie Houghton-Larsen – $32,333.80 ($538 per hour times 60.1 hours)

- Timothy P. Ryan – $11,082.80 ($538 per hour times 20.6 hours)

- John Tyler Knoblett – $9,253.60 ($538 per hour times 17.2 hours)

- Maggie MacCurdy – $6,205.40 ($437 per hour times 14.2 hours)

- Perri Haser – $2,709.40 ($437 per hour times 6.2 hours)

- Rachel Goodman – $1,317.00 ($878 per hour times 1.5 hours)

- John Langford – $16,394.70 ($777 per hour times 21.1 hours)

- Christine Kwon – $5,702.80 ($538 per hour times 10.6 hours)

(Ex. A. Part III.B.)

\* \* \*

For the foregoing reasons, Plaintiffs respectfully move this Court to award $104,256.50 in attorneys' fees.

Dated: September 8, 2023

| | /s/ Michael J. Gottlieb |
|---|---|
| **UNITED TO PROTECT DEMOCRACY** | **WILLKIE FARR & GALLAGHER LLP** |
| John Langford* | Michael J. Gottlieb (974960) |
| Rachel Goodman* | Meryl C. Governski (1023549) |
| 82 Nassau Street, #601 | Timothy P. Ryan (1719055) |
| New York, NY 10038 | J. Tyler Knoblett (1672514) |
| Tel: (202) 579-4582 | 1875 K Street NW |
| john.langford@protectdemocracy.org | Washington, DC 20006 |
| rachel.goodman@protectdemocracy.org | Tel: (202) 303-1000 |
| | Fax: (202) 303-2000 |
| Sara Chimene-Weiss* | mgottlieb@willkie.com |
| 7000 N 16th Street Ste. 12, #430 | mgovernski@willkie.com |
| Phoenix, AZ 85020 | tryan@willkie.com |
| Tel: (202) 579-4582 | jknoblett@willkie.com |
| sara.chimene-weiss@protectdemocracy.org | |
| | M. Annie Houghton-Larsen* |
| Christine Kwon* | 787 Seventh Avenue |
| 555 W. 5th St. | New York, New York |
| Los Angeles, CA 90013 | Tel: (212) 728-8164 |
| Tel: (919) 619-9819 | Fax: (212) 728-9164 |
| christine.kwon@protectdemocracy.org | mhoughton-larsen@willkie.com |
| | |
| | **DUBOSE MILLER LLC** |
| | Von A. DuBose* |
| | 75 14th Street NE |
| | Suite 2110 |
| | Atlanta, GA 30309 |
| | Tel: (404) 720-8111 |
| | dubose@dubosemiller.com |
| | * *Admitted pro hac vice* |

***Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss***

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023, a copy of the foregoing document was emailed to Joseph D. Sibley IV at sibley@camarasibley.com via ECF notifications.

Dated:  September 8, 2023

*/s/ Michael J. Gottlieb*
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
1875 K Street, #100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
