UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

**ORDER**

As ordered by the Court, plaintiffs have submitted timely requests for an array of adverse evidentiary inferences to be applied at the damages trial scheduled for December 11, 2023, against defendant Rudolph W. Giuliani on plaintiffs' claims for defamation, intentional infliction of emotional distress, civil conspiracy, and punitive damages. *See* Pls.' Submission Regarding Additional Sanctions for Defendant Rudolph W. Giuliani's Failure to Comply with the Court's August 30, 2023 Order (the "Submission"), ECF No. 101; Min. Order (Sept. 22, 2023) ("Sept. 22 Order") (directing plaintiffs to submit any request for additional sanctions by September 29, 2023, with any response by Giuliani to be filed by October 6, 2023); Aug. 30, 2023 Order ("August 30 Order"), ECF No. 93 (directing entry of default judgment and an award for attorneys' fees and costs associated with plaintiffs' Motion for Discovery Sanctions, ECF No. 81, directing defendant Giuliani to produce additional discovery "to facilitate preparation for a trial on any damages owed to plaintiffs," and ordering that "as a sanction for defendant's failure timely to reimburse plaintiffs' $89,172.50 in attorneys' fees by July 25, 2023 [in connection with their Motion to Compel, ECF No. 44], the jury will be instructed that they must . . . infer that he is intentionally trying to hide relevant discovery about his financial assets for the purpose of artificially deflating his net worth").

1

Consistent with his prior track record in this matter, Giuliani failed to file any response to plaintiffs' Submission, despite being permitted to do so pursuant to the September 22 Order. The adverse evidentiary inferences requested by plaintiffs are amply reasonable given Giuliani's continued and flagrant disregard of this Court's August 30 Order that he produce financial-related documents concerning his personal and his businesses' past and present assets, revenues, income, viewership metrics, and social media reach, all of which information is potentially pertinent at the upcoming damages trial. The adverse inferences proposed by plaintiffs will therefore be instructed at trial.

In their Submission, plaintiffs also request, pursuant to "the plain text of Rule 37 [of the Federal Rules of Civil Procedure] and the court's inherent power," Pls.' Submission at 8, entry of "final judgment" for three Court orders directing that Giuliani reimburse plaintiffs for their attorneys' fees and costs in connection with plaintiffs' three successful discovery motions, *id.* at 12–13, namely, Plaintiffs' Motion to Compel, ECF No. 44, Plaintiffs' Revised Motion to Compel Giuliani Partners & Giuliani Communications, ECF No. 70, and Plaintiffs' Motion for Sanctions, ECF No. 81. *See* Min. Order (Jul. 13, 2023) (directing defendant Giuliani "to reimburse plaintiffs $89,172.50 in attorneys' fees incurred for plaintiffs' [Motion to Compel Discovery, ECF No. 44]"); Aug. 30 Order at 3 (directing defendant Giuliani to "ensure that the Giuliani Businesses reimburse plaintiffs' attorneys fees associated with their successful motion to compel discovery from those Businesses . . . in the amount totaling $43,684, with interest on that amount to accrue from September 20, 2023"); Sept. 22 Order (directing defendant Giuliani "to reimburse plaintiffs $104,256.50 in attorneys' fees incurred in the filing of plaintiffs' [Motion for Sanctions, ECF No. 81]"). Plaintiffs explain that entry as "final judgments" of these three discovery Orders for reimbursable attorneys' fees and costs owed, to date, by Giuliani, would provide a "procedurally

proper vehicle[] by which Plaintiffs can register those orders in other judicial districts in the United States under 28 U.S.C. § 1963 and then enforce through a writ of execution under Federal Rule of Civil Procedure [ ] 69." Pls.' Submission at 12.

Plaintiffs urge use of this procedural device to permit them "to seek full payment of these fees through execution against Defendant Giuliani's assets outside of the District of Columbia," since they are "properly owed these monies, and given Defendant Giuliani's unwavering refusal to comply with this Court's orders . . . . " *Id*. Yet, this procedure is not expressly authorized by the federal procedural rules, which heavily favor entry of a single final judgment reflecting "adjudic[ation] [of] all the claims and all the parties' rights and liabilities," FED. R. CIV. P. 54(b), and caselaw support for entry of partial "final judgment" on attorneys' fees orders is scant to nonexistent. *Cf. Hekking v. Hekking*, No. CA 14-295-ML, 2015 WL 3650062, at *9 n.10 (D.R.I. June 11, 2015) (declining to adopt a magistrate judge's recommendation to convert an unpaid sanctions award into a "partial final judgment"). While plaintiffs' concern that "there is good cause to believe that Defendant Giuliani intends to evade payment of the fees awarded" in the three discovery orders, "indefinitely," Pls.' Submission at 13, may be well-founded, the damages trial on all plaintiffs' claims against Giuliani is scheduled to occur in less than two months, after which trial final judgment will be entered promptly. Given the lack of clear authority for the procedural mechanism proposed by plaintiffs and the fairly short time period before a final judgment will issue, prudence dictates issuance of a single final judgment, upon which plaintiffs may then execute, pursuant to Rule 69(a), in districts where Giuliani is likely to have assets. Accordingly, plaintiffs' requests for issuance now of "final judgments" on the three discovery orders is denied.

Given that defendant Giuliani has failed to comply with any part of the August 30 Order or file any opposition or objection to plaintiffs' Submission and proposed adverse instructions, it is hereby:

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and this Court's inherent power, that the following adverse inferences are established for the purposes of this action:

1. The jury will be instructed that it must, when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that defendant Giuliani was intentionally trying to hide relevant discovery about the Giuliani Businesses' finances for the purpose of shielding his assets from discovery and artificially deflating his net worth.

2. The jury will be instructed that it must, when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that defendant Giuliani was intentionally trying to hide relevant discovery about the viewership of Common Sense and his social media reach for the purpose of artificially deflating the reach of his defamatory statements.

3. The jury will be instructed that it must, when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that defendant Giuliani received substantial financial benefits from defendant Giuliani's defamation of Plaintiffs.

4. The jury will be instructed that it must, when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that the Giuliani Businesses continue to generate advertising revenue and other income from their operations; and it is further

**ORDERED** that defendant Giuliani and his counsel are precluded from introducing or referencing the following at trial for purposes of this action:

1. Defendant Giuliani and his counsel will be precluded from introducing any evidence, whether through a document, witness, or other testimony, that has not been disclosed or produced during discovery.

2. Defendant Giuliani and his counsel will be precluded from making any argument, or introducing any evidence, stating or suggesting that he received no financial benefits, or that he received only immaterial or insubstantial financial benefits, from the statements he made about Plaintiffs as identified in Plaintiffs' Amended Complaint.

3. Defendant Giuliani and his counsel will be precluded from making any argument, or introducing any evidence, stating or suggesting that he is insolvent, bankrupt, judgment proof, or otherwise unable to defend himself, comply with this Court's orders, or satisfy an eventual judgment.

**SO ORDERED**.

Date:  October 13, 2023

                                                _____
                                                **BERYL A. HOWELL**
                                                United States District Judge