**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN | |
| *and* | Civil Action No. 21-3354 (BAH) |
| WANDREA MOSS, | |
| *Plaintiffs*, | Judge Beryl A. Howell |
| v. | |
| RUDOLPH W. GIULIANI, | |
| *Defendant*. | |

**PLAINTIFFS' CONSENT MOTION *IN LIMINE***
**TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT AT TRIAL**

## TABLE OF CONTENTS

LEGAL STANDARD ........................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

   I.    THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT
   CONTRADICTING THE COURT'S PREVIOUS ORDERS. ................................................... 2

   II.   THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT ABOUT THE
   CONFIDENTIAL SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND FORMER
   DEFENDANTS. ........................................................................................................... 8

   III.   THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT
   CONCERNING JOINT TORTFEASORS' COMPARATIVE FAULT. .................................. 10

   IV.  THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT
   REFERENCING THE COMPENSATION, RESOURCES, OR PERSONAL MOTIVES OF
   COUNSEL. ................................................................................................................ 12

CONCLUSION ................................................................................................................ 13

i

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Athridge v. Iglesias,*
   No. CV 92-1868 (JMF), 2004 WL 7345458 (D.D.C. Dec. 21, 2014) ................................... 7

*Berg v. Footer,*
   673 A.2d 1244 (D.C. 1996) ................................................................... 9

*Burkhart v. Washington Metro. Area Transit Auth.*,
   112 F.3d 1207 (D.C. Cir. 1997) ............................................................. 7

*Corrigan v. Glover*,
   254 F. Supp. 3d 184 (D.D.C. 2017) ......................................................... 1

*Crocker v. Piedmont Aviation, Inc.*,
   49 F.3d 735 (D.C. Cir. 1995) ............................................................... 6

*District of Columbia v. Shannon*,
   696 A.2d 1359 (D.C. 1997) ................................................................. 9

*Feighan v. Res. Sys. Grp. Inc.,*
   No. CV 20-03759 (BAH), 2023 WL 4623123 (D.D.C. July 19, 2023) ............................. 8

*Friends Christian High Sch. v. Geneva Fin. Consultants*,
   321 F.R.D. 20 (D.D.C. 2017) ............................................................... 11

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ....................................................................... 3

*Halberstam v. Welch*,
   705 F.2d 472 (D.C. Cir. 1983) ............................................................. 11

*Holmes-Martin v. Sibelius*,
   No. CV 07-2128, 2011 WL 13244746 (D.D.C. Mar. 3, 2011) .................................. 7, 8

*Kozup v. Georgetown Univ.*,
   906 F.2d 783 (D.C. Cir. 1990) ............................................................. 6

*Lancaster v. Goodman Real Est., Inc.*,
   No. CV 20-1156 KG/LF, 2023 WL 112321 (D.N.M. Jan. 5, 2023) ............................... 12

*Lewis v. Sch. Dist. # 70*,
    No. 05-CV-776 (WDS), 2009 WL 10690811 (S.D. Ill. Apr. 6, 2009) ............................... 12

*Martello v. Hawley*,
    300 F.2d 721 (D.C. Cir. 1962) ...................................................................................... 9

*Mattiaccio v. DHA Group, Inc.,*
    No. CV 12-1249 (CKK), 2016 WL 10733978 (D.D.C. Jan. 6, 2016) ................................ 6

*McKenna v. Austin*,
    134 F.2d 659 (D.C. Cir. 1943) ...................................................................................... 11

*Portillo v. Smith Commons DC, LLC*,
    No. CV 20-49 (RC), 2022 WL 3354730 (D.D.C. Aug. 13, 2022) ........................................ 9

*Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc.*,
    304 F. Supp. 2d 1 (D.D.C. 2004) .................................................................................. 9

*Rodriguez v. Washington Metro. Area Transit Auth.*,
    No. CV 19-3710 (JEB), 2021 WL 7286936 (D.D.C. Dec. 7, 2021) .................................... 6

*Sparf v. United States*,
    156 U.S. 51 (1895) ...................................................................................................... 7

*United States v. Gorham*,
    523 F.2d 1088 (D.C. Cir. 1975) ...................................................................................... 7

*United States v. McKenzie*,
    779 F. Supp. 2d 1257 (D.N.M. 2011), *aff'd* 532 Fed. Appx. 793 (10th Cir. 2013) .............. 9

*Wachsman ex rel. Wachsman v. Islamic Republic of Iran*,
    603 F. Supp. 2d 148 (D.D.C. 2009) .............................................................................. 10

**RULES**

Federal Rules of Civil Procedure Rule 8(c) ........................................................................ 9

Federal Rules of Evidence Rule 103(d) ............................................................................ 1

Federal Rules of Evidence Rule 401 ................................................................. 1, 6, 10, 11, 12

Federal Rules of Evidence Rule 402 ................................................................................ 1, 10

Federal Rules of Evidence Rule 403 ............................................................... 1, 2, 7, 10, 12

Federal Rules of Evidence Rule 408 ................................................................... 1, 8, 10

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1271 (4th ed.).................. 9

Restatement (Second) of Torts § 875 (1979)............................................................... 11

Restatement (Second) of Torts § 876 cmt. a (1979) ..................................................... 11

Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss ("Plaintiffs") respectfully submit this consent motion *in limine* to exclude certain evidence and argument during trial. Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs and Defendant Rudolph W. Giuliani ("Defendant") (collectively, the "parties") conferred, and defense counsel confirmed that he consents to the requested relief herein. Accordingly, and for the following reasons, Plaintiffs respectfully request that the Court enter an order excluding any evidence or argument about any of the topics below, pursuant to Federal Rules of Evidence 401, 402, 403, and 408. Because Defendant Giuliani's counsel has consented to the requested relief, Plaintiffs herein submit an abbreviated form of briefing.[1] Should the Court desire additional briefing on the propriety of any of these motions *in limine* or any clarification, the parties respectfully request an opportunity to provide such briefing by seven days from the date of the Court's order so directing.

## LEGAL STANDARD

Federal Rule of Evidence 103(d) "mandates that the court must conduct a jury trial to the extent practicable so that inadmissible evidence is not suggested to the jury by any means." *Corrigan v. Glover*, 254 F. Supp. 3d 184, 191 (D.D.C. 2017) (Howell, C.J.). Courts deciding whether to preclude or admit evidence "must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Federal Rules of Evidence 401, 402 and 403." *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

---

[1] For purposes of this Motion, and in lieu of a lengthy procedural history, Plaintiffs assume familiarity with and incorporate by reference the Court's previous orders, including especially those at ECF Nos. 30, 31, 93, 94, and 102.

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

Plaintiffs respectfully request, and Defendant Giuliani consents, that the Court preclude the presentation of argument or introduction of evidence that: (1) contradicts any previous orders of the Court (*infra* § I); (2) references Plaintiffs' confidential settlement agreement with defendants previously dismissed from this case (*infra* § II); (3) concerns any comparative fault of Defendant Giuliani's co-conspirators (*infra* § III); and (4) alludes to the compensation, resources, or personal motive of any of the parties' counsel or their respective law firms or organizations (*infra* § IV). Any such argument or evidence would be irrelevant to the sole issue that will be before the jury—the amount of damages Defendant Giuliani owes Plaintiffs—and even if there is marginal relevance, any probative value is minimal as compared to the risk of prejudice, confusion, and delay.

## I.   THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT CONTRADICTING THE COURT'S PREVIOUS ORDERS.

The Court should exclude any argument or evidence, including in the form of testimony, that contradicts any of this Court's previous orders in this case, including but not limited to the factual findings, legal holdings, entered adverse inferences, and precluded topics in the Court's October 13, 2023, Order, ECF No. 102 ("Additional Sanctions Order"), the Court's August 30, 2023, Order, ECF No. 93 ("Default Judgment Order"), and the Court's October 31, 2022, Order, ECF No. 30 ("Motion to Dismiss Order"), or otherwise foreclosed by the Court at any stage of this case.

This Court already has found Defendant Giuliani liable for all elements of each of Plaintiffs' causes of action—defamation/defamation *per se*, intentional infliction of emotional

distress (IIED), and civil conspiracy—in its Default Judgment Order. ECF No. 93; ECF No. 94 at

5, 35–36; *see also* ECF No. 31 at 12–25 (describing Plaintiffs' claims); ECF No. 22 ¶¶ 164–77

(same).[2] The Court also has repeatedly rejected various liability defenses that Defendant Giuliani

has raised, including that his defamatory speech was protected by the First Amendment and

opinion doctrine, and that the statute of limitations bars Plaintiffs' defamation claim. ECF No. 31

at 13–15, 17–19; ECF No. 94 at 5. As a result of these previous rulings, the Court has articulated

the sole issue for the jury's resolution at trial as "damages owed to plaintiffs." ECF No. 93 at 2.[3]

The Court already has found that Plaintiffs are legally entitled to recover punitive damages. ECF

No. 93 at 1; ECF No. 94 at 5. As to the quantification of damages, including in the form of

punitives, the Court has ordered related adverse inferences that the jury will be instructed that it

must:

- "when determining an appropriate sum of punitive damages, infer that he is intentionally trying to hide relevant discovery about his financial assets for the purpose of artificially deflating his net worth," ECF No. 93 at 3;

- "when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that defendant Giuliani was intentionally trying to hide relevant discovery about the Giuliani Businesses' finances for the purpose of shielding his assets from discovery and artificially deflating his net worth," ECF No. 102 at 4;

- "when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that defendant Giuliani was intentionally trying to hide relevant discovery about the

---

[2] The parties have conferred and agree that, regardless of whether Plaintiffs are public officials or public figures of any sort, or whether Defendant Giuliani's statements are on a matter of public concern, Plaintiffs are entitled to seek presumed and punitive damages in this case because the issue of actual malice is resolved in Plaintiffs' favor. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974).

[3] Regarding causation, the parties have conferred and agree that the Court's Default Judgment Order resolves all of the elements of Plaintiffs' claims for purposes of Defendant Giuliani's liability, including the fact of causation. Plaintiffs understand, however, that Defendant Giuliani intends to present argument and evidence about the *extent* to which Defendant Giuliani caused Plaintiffs harm. Plaintiffs reserve the right to challenge those attempts, including based on Rules 401, 402, 403, and 408.

viewership of Common Sense and his social media reach for the purpose of artificially deflating the reach of his defamatory statements," *id.*;

- "when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that defendant Giuliani received substantial financial benefits from defendant Giuliani's defamation of Plaintiffs," *id.*; and

- "when determining an appropriate sum of compensatory, presumed, and punitive damages, infer that the Giuliani Businesses continue to generate advertising revenue and other income from their operations," *id.*

The Court also already has precluded Defendant Giuliani and his counsel from introducing or referencing at trial (1) any evidence "that has not been disclosed or produced during discovery;" (2) any evidence or argument "stating or suggesting that he received no financial benefits, or that he received only immaterial or insubstantial financial benefits, from the statements he made about Plaintiffs as identified in Plaintiffs' Amended Complaint;" and (3) any evidence or argument "stating or suggesting that he is insolvent, bankrupt, judgment proof, or otherwise unable to defend himself, comply with this Court's orders, or satisfy an eventual judgment." ECF No. 102 at 4–5.

In recent months, Defendant Giuliani has repeatedly made (false) public claims directly undermining many of the issues already resolved by this Court. For example, as recently as October 2, 2023, Defendant Giuliani asserted that Plaintiffs in fact *did* commit election fraud, that he did not knowingly lie about Plaintiffs, and/or that he has justifiable reasons to believe what he said, all of which contradict the Court's Default Judgment Order finding against Defendant Giuliani on truth and actual malice.[4] He has made those assertions numerous times, including in direct response to the Default Judgment Order:

---

[4] To Plaintiffs' knowledge, Defendant Giuliani has done so on at least 30 separate occasions since July 11, 2023 (when Plaintiffs filed their motion for discovery sanctions against Defendant Giuliani that resulted in the Default Judgment Order, ECF No. 81), including as recently as October 2, 2023. A full catalog of Defendant Giuliani's statements (of which Plaintiffs are aware) that he has published over the last several months contradicting or undermining the Court's previous

Because I am involved in this litigation, I can only say a limited number of things about the judge who rendered a decision about me, uh, which is quite extraordinary. Suffice it to say that, uh, I did not admit liability, nor did I admit that I lied, because I didn't lie. What I did was enter into a stipulation where we didn't have to try the case so that we could bring the case up to the court of appeals . . . . I believe that I have an excellent, uh, legal defense that what I'm being accused of by these people—who I believe actually did what I said they did, but that's irrelevant—it was a matter of opinion. . . .

So, when you look at what they did that night, uh, they hid the ballots, and it was a, it was a desk that was maybe three, four times the size of this desk with a gigantic—I've never seen a black blanket that big covering it, all day. And as soon as everybody was kicked out, but only after they did two surveillances of the place, which I would call casing the joint, they rushed, lifted up the blanket, took out the ballots, and started furiously counting them. Uh, nobody was checking signatures, you can see that, because it was being done very fast. You couldn't see if they were pristine or not—I couldn't at least—um, but you could see they were being counted in a very strange and suspicious way from which you are entitled to have an opinion about that, to draw a conclusion that it was being done in such a suspicious way that there was something criminal about this, and there was! Because what you had to know is that the law of Georgia makes that entire procedure illegal, which is why they were doing it so fast.

Appendix A at 14–15, 15 nn.22–23 (August 30, 2023, episode of *America's Mayor Live*); *see also* ECF No. 94 at 5, 35–36, 38–39. Defendant Giuliani has also publicly claimed that his statements about Plaintiffs were protected by the First Amendment and are non-actionable statements of opinion. *See, e.g.*, Appendix A at 6–7, 7 n.11 (August 16, 2023, episode of *America's Mayor Live*); *see also* ECF No. 31 at 17–19; ECF No. 94 at 5. He also has criticized the Court's finding that he failed to preserve evidence, saying:

She found me liable—L-I-A-B-L-E—because she said I didn't comply with discovery. Now, I've given them thousands of documents. 90% of the documents they ask for have nothing to do with the Ruby Freeman case. They're trying to discover something I did wrong, or Trump did wrong, or somebody else did wrong. Most of it I objected to. She overruled my objections. I mean, she's put probably more January 6th people away for unquestionably ridiculous periods of time than anyone. And, uh, here—here's the best part of it. She says I didn't turn over all of my electronic discovery. Well, I didn't have my electronic discovery, Judge. The

---

orders is attached hereto as Appendix A. Plaintiffs reserve the right to seek additional redress for Defendant Giuliani's statements in Appendix A.

> FBI had it. . . . I gave you everything I did have, and I gave you everything that I
> eventually gave to the FBI. And what I got back from the FBI, it's not my fault if
> it's not complete. They, I did not get back from them, I think, everything I gave
> them. Now, here's the real kicker. The stuff in there has nothing to do with this
> case.

Appendix A at 8 & n.13 (August 30, 2023, episode of *The Greg Kelly Show*); *see also* ECF No. 94 at 28–33. The Court should not permit Defendant Giuliani to make similar types of statements, directly or indirectly, in front of the jury.

These types of statements, and any argument or evidence that conflicts with issues the Court has already resolved, are irrelevant as a matter of law. Fed. R. Evid. 401; *see also Kozup v. Georgetown Univ.*, 906 F.2d 783 (D.C. Cir. 1990) (per curiam) (holding that evidence on a damages issue was irrelevant to liability). There can be no "fact" necessary of proof and of any consequence in determining the amount of damages owed to Plaintiffs—the only issue for the jury to consider in this case, ECF No. 93 at 2—that runs contrary to the Court's previous orders. *See, e.g., Rodriguez v. Washington Metro. Area Transit Auth.*, No. CV 19-3710 (JEB), 2021 WL 7286936, at *1 (D.D.C. Dec. 7, 2021) (agreeing with the "many courts" barring evidence relevant only to previously dismissed claims and listing cases); *Mattiaccio v. DHA Group, Inc.*, No. CV 12-1249 (CKK), 2016 WL 10733978, at *2, *4–6 (D.D.C. Jan. 6, 2016) (granting defendants' motion *in limine* to preclude plaintiff's irrelevant evidence at the center of his defamation claim, on which the court had already granted summary judgment to defendant, and noting that the plaintiff "may not attempt to litigate [a previously-decided] claim under the guise of seeking to submit evidence" for the remaining claims to be tried). No argument or evidence contesting the law of the case has any bearing on the damages question. *See Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) ("[A] court involved in later phases of a lawsuit should not re-

open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases.").

Likewise, the Court has already considered—and rejected—Defendant Giuliani's legal defenses, and, even if it had not, questions of law are the province of the court to decide; it is "the duty of the court to expound the law and that of the jury to apply the law as thus declared to the facts ascertained by them." *United States v. Gorham*, 523 F.2d 1088, 1098 (D.C. Cir. 1975) (quoting *Sparf v. United States*, 156 U.S. 51, 106 (1895)); *see also Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."). Even if Defendant Giuliani's legal opinions offered any relevance to the issue before the jury (they do not), they amount to an attempt to admit inadmissible expert testimony. *See Athridge v. Iglesias*, No. CV 92-1868 (JMF), 2004 WL 7345458, at *1 (D.D.C. Dec. 21, 2014) ("A lay witness may not . . . testify as to a legal conclusion.").

The risk that evidence foreclosed by the Court's prior decisions unfairly prejudices the jury, confuses the issues, misleads the jury, causes undue delay, and wastes time substantially outweighs any probative value such evidence may have on damages. Fed. R. Evid. 403. Allowing evidence or argument contesting issues the Court has already resolved would cause unfair prejudice by suggesting that Defendant Giuliani's liability remains undecided. *See* Fed. R. Evid. 403 advisory committee's notes (defining "unfair prejudice" as "an undue tendency to suggest decision on an improper basis"); *Holmes-Martin v. Sibelius*, No. CV 07-2128, 2011 WL 13244746, at *2 (D.D.C. Mar. 3, 2011) (precluding evidence of dismissed claims because that evidence was irrelevant to the sole claim for the jury and the danger of unfair prejudice and confusion to the jury substantially outweighed any probative value). Allowing evidence pertaining to resolved issues of

fact and law misleads the jury about what facts and law are properly before them, which could "mire the trial in disputes over ancillary issues." *Holmes-Martin*, 2011 WL 13244746, at *2. Finally, allowing evidence or argument advancing foreclosed issues unnecessarily elongates the trial by injecting issues that have already been considered and rejected by the court.

## II.    THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT ABOUT THE CONFIDENTIAL SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND FORMER DEFENDANTS.

The Court should exclude any evidence or argument that references, in any way, (1) the 2022 confidential settlement agreement between Plaintiffs and former defendants in this case, Herring Networks, Inc. (d/b/a One America News Network), Charles Herring, Robert Herring, and Chanel Rion (together, "OAN Defendants"), including the fact, terms (including financial terms), and/or circumstances (including related communications) of the agreement, *see* ECF No. 21 ("Confidential Settlement Agreement"), and/or (2) any potential setoff as a result the Confidential Settlement Agreement.

The Confidential Settlement Agreement is irrelevant to the jury's task of determining the extent of harm Defendant Giuliani's conduct caused Plaintiffs. Federal Rule of Evidence 408 "bars admission of settlement agreements 'compromising or attempting to compromise the claim' and 'conduct or a statement made during compromise negotiations about the claim' when admission is sought 'to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.'" *Feighan v. Res. Sys. Grp. Inc.*, No. CV 20-03759 (BAH), 2023 WL 4623123, at *13 (D.D.C. July 19, 2023) (quoting Fed. R. Evid. 408(a)) (Howell, J.). The fact that Plaintiffs entered into a settlement with the OAN Defendants, the terms associated with that settlement, and related communications have no bearing on the factual question of how much Defendant Giuliani owes Plaintiffs for his conduct. And if *arguendo* there is any marginal probative value, it is outweighed by the prejudice and confusion such evidence would cause.

Where one defendant settles and another proceeds to trial, "the jury should not be allowed to know either the fact or the amount of any settlement" because it "only tends to mislead them in their deliberations concerning a just compensatory verdict." *Martello v. Hawley*, 300 F.2d 721, 724 (D.C. Cir. 1962); *District of Columbia v. Shannon*, 696 A.2d 1359, 1366 n.2 (D.C. 1997) (noting that *Martello* binds D.C. courts because it was issued when the D.C. Circuit reviewed decisions of the D.C. Court of Appeals).

Likewise, there is no reason for the Court to admit any evidence or argument about any purported setoff as a result of the Confidential Settlement Agreement. Both D.C. courts and the D.C. Circuit have made clear that the impact, if any, of a settlement with a settling defendant on a subsequent jury award for damages against a non-settling defendant is a question of law for the Court. *See Berg v. Footer*, 673 A.2d 1244, 1247 (D.C. 1996) ("How to credit the judgment entered upon a jury verdict against a nonsettling defendant with the proceeds a settling defendant paid to the plaintiff is purely a question of law."); *see also Martello*, 300 F.2d at 724 (holding that a court should resolve the issue of any credit). It also would be confusing to the jury and prejudicial to Plaintiffs to inject evidence about a question of law. *See, e.g.*, *United States v. McKenzie*, 779 F. Supp. 2d 1257, 1262–64 (D.N.M. 2011), *aff'd*, 532 Fed. Appx. 793 (10th Cir. 2013) (granting motion *in limine* to preclude evidence about an issue presenting a question of law for the court's decision because it would create confusion). Plaintiffs respectfully submit that the proper time to address the legal issue of the availability and merits of any argument regarding the impact of the Confidential Settlement Agreement on any damages award is in their trial briefs, after the jury award, or at any time the Court so chooses outside the purview of the jury.[5]

---

[5] Defendant Giuliani has never pleaded or raised setoff as an affirmative defense. ECF No. 26; ECF No. 33. Plaintiffs do not herein concede, and explicitly reserve, argument on the merits of the legal question of whether any setoff is available or appropriate here, including whether Defendant

As a matter of federal and District evidentiary and substantive law, any evidence or argument about the fact, terms, and/or circumstances of the Confidential Settlement Agreement with the OAN Defendants, and any potential setoff defense, is both irrelevant (as it concerns a purely legal issue and no *fact* of consequence) and substantially more prejudicial than probative, and thus excludable under Federal Rules of Evidence 401, 402, and 403. Moreover, Federal Rule of Evidence 408 categorically bars Defendant Giuliani from introducing evidence of the Confidential Settlement Agreement or related communications to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a).

## III.   THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT CONCERNING JOINT TORTFEASORS' COMPARATIVE FAULT.

The Court should bar Defendant Giuliani from proffering any evidence or argument regarding any comparative fault or responsibility that his co-conspirators may bear for the damages inflicted by his civil conspiracy to defame and inflict emotional distress on Plaintiffs as a whole. Any such argument or evidence will be irrelevant because the jury's sole task at trial is to quantify the damages inflicted on Plaintiffs by the acts alleged in their complaint and to decide what amount of additional punitive damages is appropriate. As a result of the default judgment entered in this case, Defendant Giuliani is jointly and severally liable to Plaintiffs for *all* of the damages inflicted on Plaintiffs by the conspiracy, regardless of how much his co-conspirators may have contributed. *See Wachsman ex rel. Wachsman v. Islamic Republic of Iran*, 603 F. Supp. 2d 148, 156 (D.D.C.

---

Giuliani has waived the right to advance such an argument. *See Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc.*, 304 F. Supp. 2d 1, 7 (D.D.C. 2004) ("Setoff is an affirmative defense under Federal Rule of Civil Procedure 8(c). Defendants' failure to plead an affirmative defense results in a waiver of that defense and its exclusion from the case." (internal marks and citation omitted)); *Portillo v. Smith Commons DC, LLC*, No. CV 20-49 (RC), 2022 WL 3354730, at *2 n.3 (D.D.C. Aug. 13, 2022) (holding that a defendant who failed to plead setoff as an affirmative defense was foreclosed from arguing that a settlement with a dismissed defendant must be credited against a jury award). *See generally* Charles Alan Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1271 (4th ed.).

2009) (holding, under D.C. law, members of a civil conspiracy "vicariously liable" for the actions of co-conspirators); *Halberstam v. Welch*, 705 F.2d 472, 473–74, 481 (D.C. Cir. 1983) (affirming judgment imposing civil liability on defendant found jointly and severally liable for co-conspirator's burglary resulting in victim's death). *See generally McKenna v. Austin*, 134 F.2d 659, 664 (D.C. Cir. 1943) ("Whether they act independently or in concert," joint tortfeasors are "bound to [the plaintiff] separately and for the full injury."). Any evidence or argument tending to reduce the jury's damages calculation on the grounds that other co-conspirators also shared responsibility for Plaintiffs' damages is therefore irrelevant. *See* Fed. R. Evid. 401.

As is well established, "[w]henever two or more persons commit tortious acts in concert, each becomes subject to liability for the acts of the others, as well as for his own acts." Restatement (Second) of Torts § 876 cmt. a (1979); *see also id.* § 875 ("Each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm."); *McKenna*, 134 F.2d at 664 ("It is no defense for wrongdoers that others aided in causing the harm. Each is responsible for the whole."). Accordingly, courts routinely enter judgment against a defaulting defendant for the full amount of damages inflicted by such a defendant *and* any joint tortfeasors or co-conspirators, regardless of any apportionment of fault among them. *See, e.g.*, *Friends Christian High Sch. v. Geneva Fin. Consultants*, 321 F.R.D. 20, 22 (D.D.C. 2017).

Here, those principles require that the jury must calculate the full extent of damages inflicted by the conspiracy on Plaintiffs, and award that amount in favor of Plaintiffs and against Defendant Giuliani without consideration of any co-conspirators' responsibility for, or obligation to contribute to, the damages suffered by Plaintiffs as a result of the conspiracy's actions. The Court should accordingly bar Defendant Giuliani from proffering argument or evidence tending to

11

show that other members of the conspiracy—including former President Trump; his 2020 presidential campaign and members thereof; Herring Networks, Inc. (d/b/a One America News Network), and its owners and employees; and any other members of the conspiracy named in the complaint[6]—should share in the responsibility for the total amount of damages that the conspiracy ultimately inflicted on Plaintiffs, or otherwise seeking to reduce the jury's damages calculation on those grounds.

## IV.   THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT REFERENCING THE COMPENSATION, RESOURCES, OR PERSONAL MOTIVES OF COUNSEL.

The Court should prohibit evidence or argument that references the personal background of any counsel, motivation or intent of any counsel or law firm in litigating this case, the scope of resources of any counsel or any counsel's workplace, or any counsel's compensation and/or fee arrangement. Such information is irrelevant to the calculation of damages stemming from Defendant Giuliani's actions in this case. *See* Fed. R. Evid. 401; *see also Lancaster v. Goodman Real Est., Inc.*, No. CV 20-1156 KG/LF, 2023 WL 112321, at *4 (D.N.M. Jan. 5, 2023) (granting motion *in limine* to preclude reference to the size or resources of opposing counsel's law firm as irrelevant); *Lewis v. Sch. Dist. # 70*, No. 05-CV-776 (WDS), 2009 WL 10690811, at *5 (S.D. Ill. Apr. 6, 2009) (granting motion *in limine* to "exclude evidence, argument, or suggestion regarding any political party or any political party affiliation of any party to this litigation"). Admitting this extraneous information would risk unfairly prejudicing and confusing the jury as to the legal issues in the case. Fed. R. Evid. 403.

---

[6] The parties reserve all rights related to other individuals or entities that may be part of the civil conspiracy.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court to grant the consent motion *in limine* to preclude evidence or argument on the above-explained issues.

DATED: October 16, 2023

*/s/ Christine Kwon*
**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th Street
Los Angeles, CA 90013
Tel: (202) 579-4582
christine.kwon@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street, Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Brittany Williams*
15 Main Street, Suite 312
Watertown, MA 02472
Tel: (202) 579-4582
brittany.williams@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
jknoblett@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

*Admitted* pro hac vice

**Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss**

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, the foregoing document was filed with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the CM/ECF system, which will automatically generate and serve notices of this filing to all counsel of record.

DATED: October 16, 2023

*/s/ Christine Kwon*
**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th Street
Los Angeles, CA 90013
Tel: (202) 579-4582
christine.kwon@protectdemocracy.org

*Admitted* pro hac vice

***Attorney for Plaintiffs Ruby Freeman and Wandrea' Moss***