UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>*and*<br><br>WANDREA MOSS,<br><br>       *Plaintiffs*,<br><br>       v.<br><br>RUDOLPH W. GIULIANI,<br><br>       *Defendant*. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' CONSENT MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT AT TRIAL**

Upon consideration of Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss's ("Plaintiffs") Consent Motion in *Limine* To Exclude Certain Evidence and Argument at Trial (the "Motion"), it is hereby:

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that any evidence or argument, including in the form of testimony, that contradicts any of this Court's previous orders in this case, including but not limited to the factual findings, legal holdings, and entered adverse inferences in the Court's October 13, 2023, Order, ECF No. 102, the Court's August 30, 2023, Order, ECF No. 93, the Court's October 31, 2022, Order, ECF No. 30, or otherwise foreclosed by the Court at any stage of this case must be excluded from trial; and it is further

**ORDERED** that any evidence or argument that references, in any way, (1) the 2022 confidential settlement agreement between Plaintiffs and former defendants in this case, Herring

1

Networks, Inc. (d/b/a One America News Network), Charles Herring, Robert Herring, and Chanel Rion (together, "OAN Defendants"), including the fact, terms (including financial terms), and/or circumstances (including related communications) of the agreement, *see* ECF No. 21 ("Confidential Settlement Agreement"), and/or (2) any potential setoff as a result the Confidential Settlement Agreement must be excluded from trial; and it is further

**ORDERED** that any evidence or argument regarding any comparative fault or responsibility that Defendant Giuliani's co-conspirators may bear for the damages inflicted by his civil conspiracy to defame and inflict emotional distress on Plaintiffs as a whole must be excluded from trial; and it is further

**ORDERED** that any evidence or argument that references the personal background of any counsel, motivation or intent of any counsel or law firm in litigating this case, the scope of resources of any counsel or any counsel's workplace, or any counsel's compensation and/or fee arrangement must be excluded from trial.

**SO ORDERED.**

Date:

_____
**BERYL A. HOWELL**
United States District Judge