**Appendix E – Defendant's Redline and Objections to Jury Instructions**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN | Civil Action No. 21-3354 (BAH) |
| *and* | |
| WANDREA MOSS, | Judge Beryl A. Howell |
| *Plaintiffs*, | |
| v. | |
| RUDOLPH W. GIULIANI, | |
| *Defendant*. | |

**[Defendant's Redlined] PROPOSED JURY INSTRUCTIONS [and objections to Plaintiffs' instructions]**

> **Formatted:** Font color: Red

8195204.1

Field Code Changed

## TABLE OF CONTENTS

I.   PRELIMINARY JURY INSTRUCTIONS (TO BE READ TO THE JURY BEFORE
OPENING STATEMENTS)................................................................................33

CERTAIN MATTERS ALREADY DECIDED ................................................33

DEFAMATION .................................................................................................44

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)................66

CIVIL CONSPIRACY .......................................................................................77

EVIDENTIARY SANCTIONS ..........................................................................88

DAMAGES.........................................................................................................1010

GENERAL ..........................................................................................................1111

WHAT IS EVIDENCE .......................................................................................1212

INFERENCES .....................................................................................................1313

SPECIALIZED TESTIMONY............................................................................1414

DEPOSITIONS ...................................................................................................1515

OBJECTIONS .....................................................................................................1616

NOTES ................................................................................................................1818

II.  PROPOSED POST-TRIAL INSTRUCTIONS ................................................1919

CERTAIN MATTERS ALREADY DECIDED ................................................1919

DAMAGES IN GENERAL ................................................................................2020

COMPENSATORY DAMAGES FOR DEFAMATION ...................................2121

COMPENSATORY DAMAGES FOR IIED ......................................................2323

COMPENSATORY DAMAGES: CIVIL CONSPIRACY ................................2424

NO DUPLICATIVE DAMAGES .......................................................................2525

PUNITIVE DAMAGES......................................................................................2626

UNANIMOUS VERDICT REQUIRED / JUROR'S DUTY TO DELIBERATE ..............2828

LOGISTICS ........................................................................................................2929

8195204.1

Field Code Changed

## I.   PRELIMINARY JURY INSTRUCTIONS (TO BE READ TO THE JURY BEFORE OPENING STATEMENTS)

### PROPOSED JURY INSTRUCTION NO. [___]:
### CERTAIN MATTERS ALREADY DECIDED

This case is a federal civil action.  The Plaintiffs are Ms. Ruby Freeman and Ms. Wandrea Moss.  The Defendant is Mr. Rudolph Giuliani.

This is a somewhat unusual case because, unlike many other jury trials, in this case certain matters have already been decided.  I am going to explain what has already been decided in this case, and what you, the jury, will have to decide.  You are not being asked to, and you must not, reconsider any of the issues that have already been decided in this case.

It has already been decided in this case that Defendant Giuliani is liable to Plaintiffs for defamation, intentional infliction of emotional distress, and civil conspiracy.  It also has been decided that Defendant Giuliani's conduct was willful, and that as a result, Plaintiffs also are entitled to punitive damages in addition to compensatory damages.

In a few minutes, I will explain what each of those terms means.  For now, I want to emphasize that you are not being asked to, and you must not, reconsider any of these matters.  Instead, your only role will be to determine the amount of money damages, if any, Defendant Giuliani owes to Plaintiffs in the form of compensatory and punitive damages.

In making that determination, you must decide the issues presented to you in the instructions you receive now and at the end of the case, and in the verdict form that you will be given, based on the evidence that you have heard and the instructions you have received.

So that you understand what has already been decided, I will now describe the elements of each of Plaintiffs' claims—that is, the elements that have already been decided.

Authorities:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 94.

Defendant objects to this because ECF 94 does not determine, as a matter of law, that Plaintiffs are entitled to anymore per se nominal damages.

Order, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF. No. 93.

**Formatted:** Font: (Default) Times New Roman, Font color: Auto, Complex Script Font: Times New Roman

**Formatted:** Font: (Default) Times New Roman, Font color: Auto, Complex Script Font: Times New Roman

**Formatted:** Font: (Default) Times New Roman, Font color: Auto, Complex Script Font: Times New Roman

8195204.1

Field Code Changed

## PROPOSED JURY INSTRUCTION NO. [___]:
## DEFAMATION

It already has been decided that Defendant Giuliani is liable to Plaintiffs for defamation.

That means that you must accept, for purposes of this trial, that Defendant Giuliani defamed Ms. Freeman and Ms. Moss by publishing certain false and defamatory statements about them, that Defendant Giuliani had no legal right to do so, and that those defamatory statements caused harm to Ms. Freeman and Ms. Moss.  Those statements are what you will hear referred to as the "Actionable Statements."

The Court's finding that Defendant Giuliani published his statements about Ms. Freeman and Ms. Moss means that he personally communicated statements about Ms. Freeman and Ms. Moss to third parties, or that he caused other people to communicate the Actionable Statements to third parties.

The Court's finding that the Actionable Statements were false means that they were not true.

In this case, the Court has already decided that the Actionable Statements were defamatory.  A defamatory statement is one that would tend to injure plaintiffs in their trade, profession or community standing, or lower them in the estimation of the community.  In particular, the Court has concluded that the Actionable Statements falsely accused Ms. Freeman and Ms. Moss of committing crimes, which is a type of defamation known as defamation *per se*.  When a defendant commits defamation *per se*, the plaintiffs need not prove that they were actually injured by the statements.  Instead, the law presumes that plaintiffs were injured.  In this case, you may presume that the Actionable Statements injured Ms. Freeman and Ms. Moss in their trade, profession, or community standing, and lowered them in the estimation of the community.

The Court's finding that Defendant Giuliani made the Actionable Statements "without privilege to a third party" means that he did not have a separate legal right to make them.

The Court's finding that Defendant Giuliani published the Actionable Statements with "actual malice" means that Defendant Giuliani knew his statements about Ms. Freeman and Ms. Moss were false or recklessly disregarded whether they were true at the time that he published those statements.  In other words, the Court has found that Defendant Giuliani acted at least with a high degree of awareness that the statements were probably false.

The Court's finding that Defendant Giuliani caused harm to Ms. Freeman and Ms. Moss means that you should presume that they suffered some harm as a result of the defamation.

Authorities:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF. No. 94.

Defendant objects to this language because ECF 94 merely holds that the statements were defamatory per se, meaning presumed harm.

4

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Oct. 31, 2022), ECF No. 31.

1 Civil Jury Instructions for DC § 17.01 (2023).

1 Civil Jury Instructions for DC § 17.02 (2023).

1 Civil Jury Instructions for DC § 17.08 (2023).

Restatement (Second) of Torts §§ 558, 584 (1977).

*Ingber v. Ross*, 479 A.2d 1256 (D.C. 1984).

*Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657 (1989).

*Vasquez v. Whole Foods Mkt., Inc.*, No. 17-CV-00112 (APM), 2023 WL 2663019 (D.D.C. Mar. 28, 2023).

Jury Instrs. at 10–12 , *Schwartz v. Schwartz*, No. 19-CV-340 (D.D.C. June 7, 2022), ECF. No. 115.

Jury Instrs. at 13, *Daniels v. District of Columbia*, et al., No. 11-CV-1331 (D.D.C. Apr. 30, 2014), ECF No. 56.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

The Court has already found Defendant Giuliani liable for intentional infliction of emotional distress.  That means that you are to accept, for purposes of this trial, that Defendant Giuliani intentionally inflicted emotional distress on Plaintiffs by engaging in extreme and outrageous conduct that intentionally or recklessly caused Ms. Freeman and Ms. Moss to suffer severe emotional distress.

<u>Authorities</u>:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023) , ECF No. 94.

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Oct. 31, 2022) , ECF No. 31.

*Smith v. United States*, 843 F.3d 509 (D.C. Cir. 2016).

Jury Instrs., *Daniels v. District of Columbia*, et al., No. 11-CV-1331, ECF No. 56 (D.D.C. Apr. 30, 2014).

8195204.1

Field Code Changed

## PROPOSED JURY INSTRUCTION NO. [__]:
## CIVIL CONSPIRACY

The Court has also found that Defendant Giuliani engaged in a civil conspiracy with ~~Donald Trump, Donald Trump's presidential campaign, and Donald Trump's legal team~~ to commit the torts of defamation and intentional infliction of emotional distress on or before December 3, 2020. That means that Defendant Giuliani agreed with his co-conspirators to commit defamation and intentional infliction of emotional distress, and took certain acts in furtherance of that agreement. Because of this finding, Defendant Giuliani is liable in this case not just for the harm caused by his own actions, but also for all of the harm caused by the actions that his co-conspirators took in furtherance of the same conspiracy.

Authorities:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 94.

Defendant objects to this language because the Amended Complaint does not name specific co-conspirators other than Trump and the only allegation of in the Amended Complaint of a co-conspirator statement Giuliani would be liable for are the statements of Trump on the phone conversation and the conspiracy claim must be limited to only this statement, since it is the only one that was pleaded.  ECF 94 does not change this conclusion.

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Oct. 31, 2022), ECF No. 31.

Restatement (Second) of Torts § 875 (1979).

Restatement (Second) of Torts § 876 (1979) cmt. a

*McKenna v. Austin*, 134 F.2d 659 (D.C. Cir. 1943).

8195204.1

Field Code Changed

## PROPOSED JURY INSTRUCTION NO. [__]:
### EVIDENTIARY SANCTIONS

In a federal civil action like this case, parties are entitled to the disclosure of all relevant, non-privileged evidence in the other party's possession or control during a process called "discovery." That evidence can include relevant documents and electronically stored information, such as a defendant's computer files, emails, text messages, online chats, social media accounts, and call logs. Because each party is entitled to obtain the other's records, all parties to a lawsuit must preserve their records. The Federal Rules require parties to preserve and produce their records so that there will be a level playing field when trying to prove their claims or defenses.

In this case, the Court found that Defendant Giuliani willfully refused to comply with his discovery obligations, including by failing to preserve, or failing to provide Plaintiffs with evidence of communications, documents, and electronically stored information relevant to their case.

The Court also found that Defendant Giuliani's willful refusal to comply with his discovery obligations caused the Plaintiffs "prejudice," which means that it harmed their ability to prove their claims.

To address the unfairness to the Plaintiffs caused by Defendant Giuliani's misconduct, the Court has issued certain orders about what facts must be assumed in this case. As I will explain again at the end of trial, that means that you will be required to assume certain facts in calculating awards of compensatory and punitive damages, if any.

- You must assume that Defendant Giuliani received substantial financial benefits from his defamation of Ms. Freeman and Ms. Moss.

- You must assume that Defendant Giuliani was intentionally trying to hide evidence about his financial assets for the purpose of artificially deflating his net worth.

- You must assume that Defendant Giuliani was intentionally trying to hide evidence about the viewership of his video podcast and his social media reach for the purpose of artificially deflating the reach of his defamatory statements.

- You must assume that Defendant Giuliani was intentionally trying to hide evidence about the finances of his businesses, Giuliani Communications LLC and Giuliani Partners LLC, for the purpose of shielding his assets from discovery and artificially deflating his net worth.

- You must assume Defendant Giuliani's businesses Giuliani Communications LLC and Giuliani Partners LLC continue to generate advertising revenue and other income from their operations.

8195204.1

Field Code Changed

<u>Authorities</u>:

Federal Rule of Civil Procedure 26.

Federal Rule of Civil Procedure 37.

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 94.

Order, *Freeman v. Giuliani*, No. 21-CV-3354, ECF No. 102 (Aug. 30, 2023).

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**DAMAGES**

As I have explained, your duty in this case is limited to determining the amount of money damages, if any, to award Plaintiffs.  The amount of money awarded to a party in litigation is called "damages."  The Court has already determined that Plaintiffs are entitled to an award of two forms of damages: compensatory and punitive.

Compensatory damages are the amount of money that will fairly and reasonably compensate Plaintiffs for the harm they have suffered.  As I will explain in greater detail, in this case that harm is not limited to physical or economic harm, but also may include things like reputational harm, emotional harm, and mental harm.

Punitive damages are damages awarded to a plaintiff above and beyond the amount of compensatory damages.  Punitive damages are not intended to compensate a plaintiff for the harm that the plaintiff has suffered.  Rather, the law permits a jury in a civil case to award a plaintiff punitive damages against a defendant as a punishment for outrageous conduct, and to deter others from engaging in similar conduct in the future.

I will instruct you in more detail later on the legal standards for how to determine the amount of damages owed.


Authorities:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 94.

Order, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 93.

1 Civil Jury Instructions for DC § 17.13 (2023)

1 Civil Jury Instructions for DC § 17.14 (2023)

1 Civil Jury Instructions for DC § 12.01 (2023)

1 Civil Jury Instructions for DC § 16.01 (2023)

Jury Instrs., *Schwartz v. Schwartz*, No. 19-CV-340, (D.D.C. June 7, 2022), ECF No. 115.

Jury Instrs., *Daniels v. District of Columbia*, No. 11-CV-1331(D.D.C. Apr. 30, 2014), ECF No. 56.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**GENERAL**

Before we begin the trial, I want briefly to describe how this trial will work and some important legal rules. I will give more detailed instructions at the end of the trial after you have heard all the evidence and before you start your deliberations.

Your responsibility as jurors is to determine certain facts and to apply those facts consistent with the legal principles that I will explain to you. You—and only you—are the judges of the facts. You alone determine the weight of the evidence, including the believability of each witness.

My responsibility is to conduct this trial in a fair and efficient manner. It is your sworn duty as jurors to accept and apply the law as I explain it to you.

Authorities:

1 Civil Jury Instructions for DC § 1.02 (2023)

Jury Instrs., *Lynch v. Wal-Mart Associates*, No. 20-CV-934 (D.D.C. Aug. 9, 2023),  ECF No. 58.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**WHAT IS EVIDENCE**

The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties.  You may consider any facts to which the parties have stipulated or agreed to be undisputed.  And you must accept as true all of the factual matters already decided in this case, as I have explained to you in these instructions. You also must assume certain facts for purposes of this case, as the Court has explained and will repeat again before your deliberations.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence.

<u>Authorities</u>:

1 Civil Jury Instructions for DC § 2.02 (2023).

Jury Instrs., *Lynch v. Wal-Mart Associates*, No. 20-CV-934 (D.D.C. Aug. 9, 2023), ECF No. 58.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**INFERENCES**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.  As I have explained and will repeat again before your deliberations, there are certain inferences that you must make in this case.

<u>Authorities</u>:

3 Fed. Jury Prac. & Instr. § 104.20 (6th ed.).

Jury Instrs., *Lynch v. Wal-Mart Associates, Inc*., No. 20-CV-934 (D.D.C. Aug. 9, 2023), ECF No. 58.

13

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**SPECIALIZED TESTIMONY**

The law permits parties to offer opinion testimony from expert witnesses who were not involved in the underlying events of the case but who have expertise in a specialized area of knowledge because of their knowledge, skill, experience, training, or education.  Expert witnesses may give their opinions as to matters in which they profess to be expert, and may also state the reasons for their opinions.  A witness is qualified to provide expert testimony if she possesses the knowledge, skill, experience, training, or education to offer those opinions, and because the expert's testimony will help you understand the evidence or facts in issue, the expert's testimony is based on sufficient facts or data, the expert's testimony is the product of reliable principles and methods, and the expert has reliably applied the principles and methods to the facts of the case.

<u>Authorities</u>:

3 Fed. Jury Prac. & Instr. § 104.40 (5th ed.) (modified).

Federal Rules of Evidence 702, 703.

Jury Instrs., *Jennings v. Thompson*, No. 09-CV-790 (D.D.C. Apr. 29, 2011), ECF No. 40.

8195204.1

**Field Code Changed**

**PROPOSED JURY INSTRUCTION NO. [___]:**
**DEPOSITIONS**

A deposition is the testimony of a person taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  During the trial, you may view certain deposition testimony presented by video. You should give deposition testimony the same fair and impartial consideration you give any other testimony.  You should not give more weight or less weight to deposition testimony just because the witness does not testify live in court.

<u>Authorities</u>:

1 Civil Jury Instructions for DC § 2.13 (2023).

Jury Instrs., *Lynch v. Wal-Mart Associates, Inc*., No. 20-CV-934 (D.D.C. Aug. 9, 2023) , ECF No 58.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**OBJECTIONS**

The lawyers may object from time to time to questions, exhibits, and statements. You must not hold such objections against the lawyer who makes them or the party the lawyer represents.  A lawyer has a responsibility to object to evidence or argument he or she considers inappropriate.

If I overrule an objection to a question, it means only that the law permits the witness to answer the question. It is still up to you to decide how much weight, if any, the answer is entitled to.  If I sustain an objection, you should not hold it against the lawyer who asked the question. It means only that the law does not permit the witness to answer the question. You should ignore the question and you must not guess what the answer to the question would have been.  If a question is asked and answered, and I then rule that the answer should be stricken, you may not consider either the question or the answer in your deliberations.

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.  It is the witness's testimony that is evidence.

Authorities:

1 Civil Jury Instructions for DC § 1.02 (2023).

Jury Instructions, *Schwartz v. Schwartz*, No. 19-CV-340 at Instruction 3 (D.D.C. June 7, 2022), ECF No. 115.

Jury Instrs. At 3, *Daniels v. District of Columbia*, No. 11-CV-1331 (D.D.C. Apr. 30, 2014), ECF No. 56.

Preliminary Jury Instrs., *Vick v. DeJoy*, No. 14-CV-02193 (D.D.C. Dec. 23, 2014), ECF No. 70-2 at 8.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**ORDER OF THE TRIAL**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, the Plaintiffs will present evidence in support of Plaintiffs' claims and the Defendant's lawyer may cross-examine the witnesses.  At the conclusion of Plaintiffs' case, Defendant Giuliani may introduce evidence and Plaintiffs' lawyer may cross-examine the witnesses.  The defendant is not required to introduce any evidence or to call any witnesses.  If the defendant introduces evidence, the plaintiffs may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

Authorities:

3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.).

Jury Instrs, *Maldonado v. District of Columbia et al.*, No. 11-1473 (D.D.C. Oct. 8, 2014), ECF No. 77.

17

8195204.1

Field Code Changed

### PROPOSED JURY INSTRUCTION NO. [___]:
### NOTES

During the trial, you are permitted to take notes for your personal use.  Your notes are only an aid to your memory, and they are not evidence.  Those jurors who do not take notes should rely on their own memory of the evidence.

Whether you take notes is entirely up to you.  Some people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to and watching the witnesses.  You should make your own choice because each of us knows best how we take in and remembers information.  In case you want to take notes, we have provided a notebook and pen for each of you.  Please take any notes in this notebook.  If you take notes, you can take them back with you into the jury room at the end of the trial to review while you deliberate.  In breaks and overnight during the trial, please leave your notebooks on your chair during breaks and overnight.  We will keep them safe and secure.

At the end of the trial, after you deliver your verdict, your notebooks will be collected, and the pages with notes will be torn out and destroyed.  No one will ever look at any notes you have taken, so you may feel free to write whatever you wish.  You must pay careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations.  You will have to rely entirely on your memory and your notes if you choose to take any.


<u>Authorities</u>:

1 Civil Jury Instructions for DC § 1.02 (2023).

Jury Instrs. At 14, *Daniels v. District of Columbia*, No. 11-CV-1331 (D.D.C. Apr. 30, 2014), ECF No. 56 .

Preliminary Jury Instrs., *Vick v. DeJoy*, No. 14-CV-02193 (D.D.C. Dec. 23, 2014), ECF No. 70-2 at 2.

8195204.1

Field Code Changed

## II.     PROPOSED POST-TRIAL INSTRUCTIONS

### PROPOSED JURY INSTRUCTION NO. [__]:
### CERTAIN MATTERS ALREADY DECIDED

As you have heard, including in the preliminary instructions, the Court already decided that Defendant Giuliani is liable to Plaintiffs for defamation, intentional infliction of emotional distress, and civil conspiracy.  That means Plaintiffs have met their burden of demonstrating all of the factual elements of each of their claims.

The Court also has also determined that Plaintiffs are may be entitled to punitive damages.

You are not being asked to and are not permitted to reconsider these matters.  Your only role is to determine the amount of money Defendant Giuliani owes to Plaintiffs, as compensatory damages, if any, and an additional amount as punitive damages, if any.

You are to decide the issues presented to you in the instructions you received at the beginning and the ones you are receiving now at the end of the presentation of evidence, and in the verdict form that you will be given, based on the evidence that you have heard and the instructions you have received.

<u>Authorities</u>:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 94.

ECF 94 does not state Plaintiffs are entitled to compensatory or punitive damages, only the damages are presumed and the conditions precedent to punitive damages are met.

Order, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 93.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**DAMAGES IN GENERAL**

Compensatory damages are the amount of money that will fairly and reasonably compensate Plaintiffs for the harm they have suffered.

Punitive damages are damages awarded to a plaintiff above and beyond the amount of compensatory damages.  Punitive damages are not intended to compensate an injured plaintiff. Rather, the law permits a jury in a civil case to assess punitive damages against a defendant as a punishment for outrageous conduct, and to deter others from engaging in that kind of conduct.

I now will instruct you in much more detail on the law that you must follow in determining the amount of damages to which Ms. Freeman and Ms. Moss may be entitled.

Authorities:

1 Civil Jury Instructions for DC § 12.01 (2023).

1 Civil Jury Instructions for DC § 16.01 (2023).

1 Civil Jury Instructions for DC § 17.14 (2023).

Jury Instrs., *Jennings v. Thompson*, No. 09-CV-790 (D.D.C. Apr. 29, 2011), ECF No. 40.

*Robinson v. Sarisky*, 535 A.2d 901, 903 (D.C. 1988).

20

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**COMPENSATORY DAMAGES FOR DEFAMATION**

By finding Defendant Giuliani liable for Plaintiffs' claim for defamation, the Court already has determined that his statements presumptively harmed Plaintiffs.  Your job is to quantify that harm.

Compensatory damages for defamation should reflect the amount of money that you decide will fairly and reasonably compensate Plaintiffs for the reputational harm caused by the Actionable Statements.  You should not award any compensatory damages for defamation in connection with any other statement.  You should not award compensatory damages for defamation for any conduct of Defendant Giuliani or his co-conspirators that occurred prior to December 23, 2020.

In this case, as I have already explained, it has already been decided that the Actionable Statements were defamatory "per se."  In other words, the kinds of statements that Defendant Giuliani made are so likely to injure someone that the law presumes those statements harmed Plaintiffs in their trade, profession or community standing.  Because of this, Plaintiffs were not required to prove that they suffered any particular amount of economic harm in order for you to award compensatory damages for Defendant Giuliani's defamatory publications.  Instead, you may presume that Plaintiffs suffered harm as a result of the Actionable Statements, and you have substantial latitude to award an amount that you decide, using your good judgment and common sense, fairly compensates the Plaintiffs for the harm caused by the Actionable Statements.

Damages to reputation cannot be proved with mathematical accuracy, and you are not required to attempt to do so.  You should award an amount that you decide, in the exercise of your good judgment and common sense, is fair and just compensation for the injury to Plaintiffs' reputations that the Actionable Statements caused.  You should consider the Plaintiffs' standing in the community, the nature of the Actionable Statements, the extent to which the Actionable Statements were circulated, the seriousness of the defamatory charge, the tendency of the Actionable Statements to injure a person such as the Plaintiffs, the extent to which the communication was actually believed, and all of the other facts and circumstances in the case.

As I have explained, in making this determination you must infer that Defendant Giuliani was intentionally trying to hide relevant discovery about the viewership of his video podcast *Common Sense* and his social media reach for the purpose of artificially deflating the reach of his defamatory statements.

Although Plaintiffs are not required to present evidence of the harm they have suffered as a result of the Actionable Statements for you to award damages to compensate for that harm, you are entitled to consider any such evidence if it is presented.  If you decide that the evidence does not fully capture the harm that Plaintiffs suffered as a result of the damage to their reputations, you may award an additional amount that, using your good judgment and common sense, you decide is necessary to fully compensate the Plaintiffs for the harm caused to their reputations by the Actionable Statements.

21

8195204.1

Field Code Changed

The Plaintiffs do not need to show that there is an absolute certainty that the injury or loss will continue into the future.  But you may award damages to compensate Ms. Freeman and Ms. Moss for injury and losses that you determine, by a preponderance of the evidence, will continue.

After you have determined the amount that will adequately compensate Plaintiffs for the harm caused by the Actionable Statements, you should enter that amount on the first line of the verdict form.

Authorities:

ECF 94 does nothing more than establish presumptive harm.

1 Civil Jury Instructions for DC § 17.13 (2023).

1 Civil Jury Instructions for DC § 12.01 (2023).

1 Civil Jury Instructions for DC § 12.03 (2023).

*Moss v. Stockard*, 580 A.2d 1011 (D.C. 1990).

*Ingber v. Ross*, 479 A.2d 1256 (D.C. 1984).

Jury Instrs at 17, *Schwartz v. Schwartz*, No. 19-CV-340 (D.D.C. June 7, 2022), ECF No. 115.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**COMPENSATORY DAMAGES FOR IIED**

By finding Defendant Giuliani liable for Plaintiffs' claim for intentional infliction of emotional distress, the Court already has determined that his actions caused Plaintiffs to suffer severe emotional distress. Your job is to quantify that harm.

There is no exact standard or mathematical formula for deciding the compensation to be awarded for this type of harm. Nor is the testimony of any witness required about the amount of compensation. To decide the amount that would fairly and reasonably compensate Plaintiffs for emotional distress, you should consider the facts of this case in the light of your own experience and common sense.

To compensate Plaintiffs for intentional infliction of emotional distress, you may consider: any mental pain and suffering, fear, inconvenience, nervousness, indignity, insult, humiliation, or embarrassment that Plaintiffs suffered because of Defendant Giuliani and his co-conspirators' conduct.

When determining the amount of damages to award for this claim of intentional emotional distress, you must not consider any of the reputational harm for which you have already awarded compensatory damages for defamation. In considering damages for intentional infliction of emotional distress, you may consider harm caused by Defendant Giuliani and his co-conspirators that occurred anytime after December 23, 2018.

After you have determined the amount that will adequately compensate Plaintiffs for the harm caused by Defendant Giuliani and his co-conspirators' intentional infliction of emotional distress, should enter that amount on the second line of the verdict form.

Authorities:

1 Civil Jury Instructions for DC § 13.09 (2023).

D.C. Code § 12-301(a)(8).

*Saunders v. Nemati*, 580 A.2d 660 (D.C. 1990).

8195204.1

Field Code Changed

## PROPOSED JURY INSTRUCTION NO. [__]:
## COMPENSATORY DAMAGES: CIVIL CONSPIRACY

As I have explained, the Court has already determined that Defendant Giuliani acted as part of a civil conspiracy ~~with Donald Trump, Donald Trump's presidential campaign, and Donald Trump's legal team~~ to defame and intentionally inflict emotional distress on Plaintiffs. That means, for purposes of this case, that it has already been decided that Defendant Giuliani is liable for the harm caused not just by his own actions, but also for the harm caused by actions of his co-conspirators taken in furtherance of the conspiracy.

Accordingly, in quantifying compensatory damages for defamation and intentional infliction of emotional distress, you must consider evidence of harm caused not just by Defendant Giuliani himself, but also harm caused by the actions of Mr. Giuliani's co-conspirators during the relevant period of time for each cause of action.  In sum, you should award an amount of compensatory damages against Mr. Giuliani that you determine is necessary and sufficient to compensate Plaintiffs for *all* of the harm inflicted on them by the entire conspiracy, not just by Mr. Giuliani's individual actions.

Authorities:

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Aug. 30, 2023), ECF No. 94.

Defendant objects to this language because the Amended Complaint does not name specific co-conspirators other than Trump and the only allegation of in the Amended Complaint of a co-conspirator statement Giuliani would be liable for are the statements of Trump on the phone conversation and the conspiracy claim must be limited to only this statement, since it is the only one that was pleaded.  ECF 94 does not change this conclusion.

Memorandum Opinion, *Freeman v. Giuliani*, No. 21-CV-3354 (Oct. 31, 2022), ECF No. 31.

Restatement (Second) of Torts §§ 875, 876 cmt. a (1979).

*Wachsman ex rel. Wachsman v. Islamic Republic of Iran*, 603 F. Supp. 2d 148 (D.D.C. 2009).

*McKenna v. Austin*, 134 F.2d 659, 664 (D.C. Cir. 1943).

8195204.1

Field Code Changed

## PROPOSED JURY INSTRUCTION NO. [__]:
## NO DUPLICATIVE DAMAGES

Any compensatory damages you award for harms the Plaintiffs suffered as a result of Defendant's Giuliani's liability for defamation or intentional infliction of emotional distress must not be duplicative.  In other words, the amount of compensatory damages you award for defamation should only consider the amount to compensate Plaintiffs for harm to their reputation and must not include any harm relating to the emotional distress Plaintiffs suffered.   The amount of compensatory damages for intentional infliction of emotional distress must compensate solely for emotional damages, and should not attempt to compensate Plaintiffs for any harm for which you have already awarded compensation on Plaintiffs' defamation claim.

<u>Authorities</u>:

*Moss v. Stockard*, 580 A.2d 1011 (D.C. 1990).

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**PUNITIVE DAMAGES**

It has already been decided that Ms. Freeman and Ms. Moss are legally entitled to receive punitive damages if you, in fact awarded, n addition to compensatory damages.

That means that it has already been determined that

(1) Defendant Giuliani acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff; and

(2) Defendant Giuliani's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiffs.

You must accept that the Court already has determined that Plaintiffs are entitled to punitive damages if you awarded compensatory damaages.  Your job is to decide the amount of the award.

Punitive damages are damages above and beyond the amount of compensatory damages.  Punitive damages are awarded to the Plaintiffs to punish Defendant Giuliani for his conduct and to serve as an example to prevent others from acting in a similar way.  You should not award punitive damages in an amount larger than necessary to achieve these goals.  Unlike for compensatory damages, you should award punitive damages *only* for Defendant Giuliani's own conduct, not that of his co-conspirators.

The amount of punitive damages is left to your good judgment.  In determining the appropriate amount of punitive damages, you may consider the nature of the wrong committed, Mr. Giuliani's state of mind when the wrong was committed, the relative wealth of Mr. Giuliani at the time of trial, and the cost and duration of the litigation.

As I have explained, however, you must infer certain facts in making this determination.

- You must infer that Defendant Giuliani received substantial financial benefits from his defamation of Ms. Freeman and Ms. Moss.
- You must infer that Defendant Giuliani was intentionally trying to hide relevant discovery about his financial assets for the purpose of artificially deflating his net worth.

- You must infer that Defendant Giuliani was intentionally trying to hide relevant discovery about the finances of his businesses, Giuliani Communications LLC and Giuliani Partners LLC, for the purpose of shielding his assets from discovery and artificially deflating his net worth.
- You must infer that Defendant Giuliani's businesses Giuliani Communications LLC and Giuliani Partners LLC continue to generate advertising revenue and other income from their operations.

Although you should use your discretion to choose the appropriate amount of punitive damages, the law still requires that the amount be reasonable in proportion to the amount of compensatory

8195204.1

Field Code Changed

damages that a plaintiff has suffered.  Punitive damages that are more than 10 times compensatory damages are almost never permissible.  Usually, a permissible punitive damages award will not be more than four times compensatory damages.  You should also take care not to award punitive damages that duplicate compensation that you have already awarded as compensatory damages.

After you have determined the amount of punitive damages that you find is appropriate in this case, you should enter that amount on the third line of the verdict form.

<u>Authorities:</u>

Punitive damages must be a measure of actual damages – and because actual damages (as opposed to nominal damages for defamation per se) are not yet determined, this question is only appropriate if, in fact, there is a finding of actual damages.

1 Civil Jury Instructions for DC § 16.01 (2023).

1 Civil Jury Instructions for DC § 17.14 (2023).

1 Civil Jury Instructions for DC § 16.03.

Jury Instrs., *Schwartz v. Schwartz*, No. 19-CV-340, (D.D.C. June 7, 2022), ECF. No. 115.

*Robinson v. Sarisky*, 535 A.2d 901 (D.C. 1988).

*Dist. Cablevision Ltd. P'shp v. Bassin*, 828 A.2d 714 (D.C. 2003).

*Jonathan Woodner Co. v. Breeden*, 665 A.2d 929 (D.C. 1995).

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [__]:**
**UNANIMOUS VERDICT REQUIRED / JUROR'S DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.  It is your duty, as jurors, to consult with one another and to deliberate expecting to reach an agreement or unanimous verdict.  You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are neutral judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Authorities:

1 Civil Jury Instructions for DC § 3.03 (2023).

Jury Instrs., *Harper v. Marcorp*, No. 20-CV-980 (D.D.C. Apr. 14, 2020), ECF No. 51.

8195204.1

Field Code Changed

**PROPOSED JURY INSTRUCTION NO. [___]:**
**LOGISTICS**

I am now going to turn to some logistical matters for when you begin your deliberations. During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the note taker's own personal use.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone (including iPhone or Android phone), or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter/X, TikTok, or Instagram, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of any other juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate, and it is not evidence in this case. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. That would unfairly and adversely impact the judicial process.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you; someone who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were marked only for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

8195204.1

Field Code Changed

As I said before, I will be providing you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole.  You may *not* decide to follow some and ignore others.  You will return the formal instructions to me when your verdict is rendered.  If you have any questions about the instructions, you may ask me a question by sending me a note.

If you do have such a question, or if for some other reason it becomes necessary during your deliberations to communicate with me, you may send a note by the court security officer who will be seated outside the jury room, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

As I have explained, I am going to be providing you with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  The form is meant only to assist you in recording your verdict.  Nothing in the form replaces the instructions that I have given to you, and nothing in the Verdict Form replaces or modifies those instructions.  Instead, you must follow my instructions in determining your verdict, and then record the verdict by answering the questions set forth on the Verdict Form.  The foreperson you have chosen will then sign the form.

Bear in mind that you are also never, under any circumstances, to reveal to any person—not the court security officer or to me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is deliberating on any matter..

<u>Authorities</u>:

Adapted from Jury Instrs., *Daniels v. District of Columbia*, et al., No. 11-CV-1331 (D.D.C. Apr. 30, 2014), ECF No. 56.

30

8195204.1

| Field Code Changed |
| --- |

DATED: November 14, 2023

*s/ Joseph D. Sibley IV*
**CAMARA & SIBLEY L.L.P.**
Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

***Counsel for Defendant***

31