UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendants. | |

**TRIAL BRIEF ON PROPRIETY OF JURY TRIAL AND OBJECTION TO JURY TRIAL**

The Court has issued a discovery sanction against Giuliani [Doc. 93] that Plaintiffs Ruby Freeman ("Freeman") and Wandrea Moss ("Moss" and, together with Freeman, the "Plaintiffs") should be granted a default judgment as to liability on their claims for relief against Giuliani. The Court has also set this case for jury trial to determine damages given the default liability ordered by the Court. For the reasons discussed below, a jury trial is inappropriate on the issue of damages when a Court has issued a default judgment as a sanction and this case should be converted into a hearing / bench trial.

**ARGUMENT AND AUTHORITIES**

"[A]fter a default judgment has been entered under Fed. R. Civ .P. 37(b)(2), a party has no right to jury trial under either Fed. R. Civ .P. 55(b)(2), ... or the Seventh Amendment." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), cert. denied, 498 U.S. 1109, 111 S. Ct. 1019, 112 L.Ed.2d 1100 (1991); *see also Eisler v. Stritzler*, 535 F.2d 148, 153 (1st Cir.1976) (holding that after entry of a default judgment, a hearing, but not a jury trial, is required to assess damages). This includes a hearing any setoff to determine the appropriate amount of damages,

which is also not appropriate for a jury. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). In the only case undersigned counsel has found from this District or Circuit addressing the issue, this doctrine has been followed. *See Mwani v. Bin Ladin,* 244 F.R.D. 20, 24 (D.D.C. 2007) (following *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 692 (1st Cir. 1993) and citing multiple authorities from other Circuits in accord).[1]

Defendant therefore objects to a jury trial on the remaining issues of damages and requests that the current jury trial setting be converted into a hearing / bench trial to determine damages.

## CONCLUSION

Giuliani prays the Court sustain his objection to a jury trial on the issue of damages and prays that the Court conduct a hearing / bench trial to determine the remaining damages issues.

Date: November 20, 2023

Respectfully submitted,

By: /s/ Joseph D. Sibley IV

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

---

[1] In *Mwani*, the Court recognized that while the FRCP and Constitution do not grant rights to trial by jury on damages, that there could by hypothetical situations where a cause of action based in statute creates a right to trial by jury on damages, thereby giving discretion to the trial court to allow it. *See* 244 F.R.D. at 24-26. However, in that case, the Court determined there was no statutory right and rejected the plaintiff's request for a jury trial. *Id.* There is no statutory basis for a jury trial on damages on any of Plaintiffs' claims.

Telephone: (713) 966-6789  
Fax: (713) 583-1131  
Email: sibley@camarasibley.com

## ATTORNEYS FOR RUDOLPH GIULIANI

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

*/s/ Joseph D. Sibley IV*
Joseph D. Sibley IV