UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUBY FREEMAN, *et al.*,

        Plaintiffs,

        v.

RUDOLPH W. GIULIANI,

        Defendant.

Civil Action No. 21-3354 (BAH)

Judge Beryl A. Howell

## ORDER

In advance of the trial scheduled to begin on December 11, 2023, against defendant Rudolph W. Giuliani on the amount of compensatory and punitive damages owed by Giuliani to plaintiffs on their three claims for defamation, intentional infliction of emotional distress and civil conspiracy, plaintiffs have moved, with Giuliani's "consent[]," to exclude the introduction of certain evidence and arguments at trial, pursuant to Federal Rules of Evidence 401, 402, 403, and 408. *See* Pls.' Consent Mot. *in Limine* to Exclude Evid. & Arg. ("Consent Motion") at 1, ECF No. 103. After conferring with Giuliani's counsel, who "confirmed that [Giuliani] consents to the requested relief," *id.*, plaintiffs seek an order precluding Giuliani from asserting arguments or introducing evidence at trial that: (1) "contradicts any previous orders of the Court," including "the factual findings, legal holdings, entered adverse inferences, and precluded topics," *id.* at 2, in Orders issued on October 31, 2022, denying Giuliani's motion to dismiss, *see* ECF No. 30; on August 30, 2023, directing the entry of default judgment, *see* ECF No. 93; and on October 13, 2023, imposing additional sanctions on Giuliani for his failure to comply with the August 30, 2023 Order, *see* ECF No. 102; or arguments or evidence "otherwise foreclosed by the Court at any stage of this case," Consent Motion at 2; (2) "references Plaintiffs' confidential settlement agreement

1

with defendants previously dismissed from this case," specifically, Herring Networks, Inc. (d/b/a One America News Network), Charles Herring, Robert Herring, and Chanel Rion, "including the fact, terms (including financial terms), and/or circumstances (including related communications) of the agreement," and/or "any potential setoff as a result" of the settlement agreement, *id.* at 2, 8; (3) concerns "any comparative fault or responsibility that [Giuliani's] co-conspirators may bear for the damages inflicted by [Giuliani's] civil conspiracy to defame and inflict emotional distress" on plaintiffs, *id.* at 10; and, lastly, (4) "references the personal background of any counsel, motivation or intent of any counsel or law firm in litigating this case, the scope of resources of any counsel or any counsel's workplace, or any counsel's compensation and/or fee arrangement," *id*. at 12.[1]

The requested relief, to which Giuliani "consents," *id.* at 1, 2, is appropriate because, as plaintiffs correctly explain, the introduction of "such argument or evidence would be irrelevant to the sole issue that will be before the jury—the amount of damages Defendant Giuliani owes Plaintiffs," and "even if there is marginal relevance, any probative value is minimal as compared to the risk of prejudice, confusion, and delay," *id.* at 2; *see* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

---

[1] Plaintiffs have requested that, when ruling on the instant Consent Motion, the Court also preclude, as barred by the August, 30, 2023, Order directing the entry of default judgment against Giuliani, any argument by Giuliani at trial about: (1) "the fact that Plaintiffs suffered harm or that Defendant Giuliani's conduct caused that harm," since Giuliani has indicated he "will argue that Plaintiffs 'cannot show more than a de minimis relationship between their alleged harm and Giuliani's conduct and disputes the wight of the evidence,'" Parties' Joint Pretrial Submission ("JPS") at 27–28, ECF No. 105 (quoting JPS § IV, Giuliani's Statement of Defenses); and (2) "who is or is not a member of" the civil conspiracy to commit defamation and intentional infliction of emotional distress, as claimed in the Third Count, since, in plaintiffs' view, "Defendant Giuliani, by his discovery misconduct, waived the opportunity to challenge the factual elements of the conspiracy, including but not limited to the members and scope of the conspiracy," *id.* at 28–29. Decision on this request is reserved pending completion of briefing addressing these and other disputes raised in the parties' JPS. *See* Minute Order (Nov. 21, 2023).

Case 1:21-cv-03354-BAH   Document 108   Filed 11/22/23   Page 3 of 4

Upon consideration of plaintiffs' Consent Motion seeking the exclusion of the above-specified evidence and arguments at trial, to which relief Giuliani's counsel has "confirmed that [Giuliani] consents," *id.* at 1, it is hereby:

**ORDERED** that plaintiffs' Consent Motion is **GRANTED**; and it is further

**ORDERED** that any evidence or argument, including in the form of testimony, that contradicts any of this Court's previous orders in this case, including but not limited to the factual findings, legal holdings, and entered adverse inferences in the Court's October 31, 2022, Order, ECF No. 30; August 30, 2023, Order, ECF No. 93; and October 13, 2023, Order, ECF No. 102; or otherwise foreclosed by the Court at any stage of the instant case, shall be excluded from trial; and it is further

**ORDERED** that any evidence or argument that references, in any way, (1) the 2022 confidential settlement agreement between plaintiffs and former defendants in the instant case, specifically, Herring Networks, Inc. (d/b/a One America News Network), Charles Herring, Robert Herring, and Chanel Rion, including the fact, terms (including financial terms), and/or circumstances (including related communications) of the agreement, and/or (2) any potential setoff as a result of the confidential settlement agreement shall be excluded from trial; and it is further

**ORDERED** that any evidence or argument regarding any comparative fault or responsibility that defendant Giuliani's co-conspirators may bear for the damages inflicted by Giuliani's civil conspiracy to defame and inflict emotional distress on plaintiffs as a whole shall be excluded from trial; and it is further

**ORDERED** that any evidence or argument that references the personal background of any counsel, motivation or intent of any counsel or law firm in litigating this case, the scope of

resources of any counsel or any counsel's workplace, or any counsel's compensation and/or fee arrangement, shall be excluded from trial.

**SO ORDERED**.

Date: November 22, 2023

                                                            **BERYL A. HOWELL**
                                                            United States District Judge