UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF TRIAL BRIEF ON PROPRIETY OF JURY TRIAL AND OBJECTION TO JURY TRIAL**

Giuliani Replies in support of his Trial Brief on the Propriety of a Jury Trial and Objection to Jury Trial as follows:

POINTS OF REPLY

**A.  The "Waiver" Argument.**

Plaintiffs argue that Giuliani failed to timely raise his objection to a jury trial.  There are two problems with this argument.  First, First, the case law cited in the trial brief indicates that where a default has been awarded as a **sanction** (as is the case here) as opposed to a **no answer** default, that **no party** has a right to a jury trial on damages.  This makes sense because it would be impossible for a jury not to be prejudiced in awarding damages and the determination of damages should be made by the Court.  As a result, it is error for the Court to allow a jury trial, regardless of when the Court was made aware of the error.

Second, Defendant's counsel did not discover the applicable case law until he began preparing for the pre-trial submission, which created the looming question of "How can Giuliani

get a fair trial on damages with a jury who is being read the contents of the Court's Sanctions Orders?". Default sanctions are rare and the subsequent procedures to assess damages are not elementary principles of civil procedure. However, upon discovering the problem with the jury trial, Defendant's counsel notified Plaintiff's counsel on **November 1, 2023** in hopes of resolving the issue and streamlining the pre-trial process. See **Ex. A**. Defendant's counsel never heard back from Plaintiff's counsel on the issue until the parties submitted their joint pre-trial statement and Giuliani noted the objection to the jury trial in said pre-trial submission. Thus, Plaintiffs had the opportunity to forego any of the pretrial work to prepare for a jury trial that they have no right to since this objection was communicated to them weeks before the pretrial submission.[1]

Accordingly, the objection to the jury trial was not waived (nor can it be if raised pre-trial), in any event, Giuliani communicated the objection to Plaintiffs as soon as he was made aware of it.

**B. The Discretion Argument.**

Plaintiffs correctly point out that some courts have exercised discretion and allowed juries to determine damages against defaulting defendants even when no such right exists under statute. ***But what Plaintiffs fail to illustrate for the Court, is that this is only in situations of a "no answer" default – not where the default was issued under FRCP 37 as a sanction***.

Both cases cited in Plaintiff's Response that argues for "discretion" are no answer default situations. For example, *Mwani v. Bin Ladin*, 244 F.R.D. 20 (D.D.C. 2007) is a "no answer"

---

[1] And, other than voir dire questions, it is unclear what pre-trial work the parties have done would not be readily transferable to a bench trial. Even the jury charge can be converted into findings of fact and conclusions of law. It is nonsensical to spend additional trial time selecting and managing a jury (wasting more time) because the parties may have spent some time preparing for a jury trial. Moreover, there is no need to burden a jury's time with matters that are inappropriate for a jury and required to be determined by a Court.

default case – Osama Bin Laden obviously did not appear and file an answer in federal court. Likewise, *Barber v. Turberville*, 218 F.2d 34 (D.C. Cir. 1954) involved a non-appearing defendant. Moreover, *Mwani* recognized that the portion of the *Barber* case relied on by Plaintiffs was dicta. *See Mwani*, 244 F.R.D. at 23, n.5.

Plaintiffs, in a later section, cite to a Seventh Circuit case for the proposition that after a sanction default, a plaintiff is entitled to a jury trial on damages. But that case does not so hold. In the trial court opinion, for example, the court states that the "proveup of damages [would] be set at [a] status call". *See Coleman v. Ballentine*, 101 F.R.D. 541, 544 (N.D. Ill. 1984). On appeal, the Seventh Circuit references a jury trial on damages that occurred in the trial court (*Coleman v. Smith*, 814 F.2d 1142, 1145–50 (7th Cir. 1987)), but the propriety of the jury's involvement in the damages determination is not addressed. *See id.* For example, it is unclear whether the trial court ultimately determined a federal statutory right to a jury trial existed or whether the parties agreed to a jury trial (and subsequent language in the opinion indicates they may have, *see id.* at 1149-50 (discussing a factual summary agreed to by all parties and read to the jury)). In no way, however, does *Coleman* "hold" that a party has a right to a trial by jury on damages after default is issued as a sanction.

## CONCLUSION

Plaintiffs cite no cases holding that where a party is defaulted as a sanction that any party retains the right to trial by jury on damages, absent a federal statute authorizing it. Plaintiffs further cite no cases holding that the trial court has discretion to allow a jury to determine damages in a situation where a party has been defaulted as a sanction. All known authority holds that, where a party has been defaulted as a sanction, a jury trial is improper. If the Court allows a jury to determine damages, Giuliani will be severely prejudiced because a default sanction is inherently

prejudicial, underscoring the case law holding that the Court—and not a jury—must determine damages in this scenario. The Court should sustain the objection and remove the case from the jury trial docket, instead holding an evidentiary hearing.

Date: November 30, 2023

Respectfully submitted,

By: /s/ Joseph D. Sibley IV

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

/s/ Joseph D. Sibley IV
Joseph D. Sibley IV