UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendants. | |

## REPLY IN SUPPORT OF MEMORANDUM IN RESPONSE TO MINUTE ORDER DATED NOVEMBER 21, 2023

Giuliani replies in support of his responds to the issue raised in the Court's November 21, 2023 Minute Order ("Minute Order") as follows:

**i.   Giuliani stands on his Memorandum.**

Despite their game attempts to attempt to expand the conduct complained of outside the scope of the Complaint, the caselaw is clear that Plaintiffs are bound by the allegations in the Complaint and must demonstrate at trial the extent of the alleged harm caused to them by the conduct they identified as creating liability in the Complaint.  Giuliani stands on his initial Memorandum as to what the scope of damages should be at trial and contends that Plaintiffs have failed to cite any adequate case law demonstrating that they may have a "hybrid default" of both a) their pleadings and b) whatever evidence they cherry pick to supplement and expand the pleadings.  They chose to default Giuliani on *this* Complaint and on the allegations on this operative Complaint should they be restricted to proving damages at trial.

### ii. Plaintiffs should not be granted leave to amend.

Plaintiffs ask, in the alternative, that they should be given leave to amend their pleadings to "conform to the evidence". But this is no longer a case where "evidence" is germane to liability. The status of the case is that the pleadings are closed and Plaintiffs have sought to go forward to trial on damages based on the operative pleading. Moreover, the deadline to amend pleadings in this case was May 10, 2022 – over a year and a half ago. Plaintiffs never moved the Court for leave to amend their pleadings even though they allegedly discovered evidence of their claimed far-reaching conspiracy months ago during discovery and depositions. Plaintiffs have failed to show good cause for leave to amend or otherwise satisfy the requirements of Rule 15, including, but not limited to, properly filing and presenting their motion and giving Defendant adequate time to respond.

Counsel was only able to locate one case, from Delaware, where a plaintiff sought, and was allowed, to amend their pleadings after a default on liability. In *P.C. Connection, Inc. v. Synygy Ltd.*, 268 A.3d 1224, 1234–35 (Del. Ch. 2022), in applying the substantially similar Delaware rule of procedure governing leave to amend, the court granted a plaintiff leave to amend a defaulted complaint, **but only against new defendants and only where the amended complaint did not change the operative facts against the defaulting defendants**. The *P.C. Connection* court observed:

> The amendment in this case will not inflict any prejudice on either the existing defendants or the proposed defendants, much less the type of serious prejudice that would be necessary to deny the motion. As to the existing defendants, Connection does not seek to add new claims. Connection also does not seek to introduce any factual allegations that would be deemed true as a result of the defaults. […] The only new allegations relating to the existing defendants that appear in Connection's proposed pleading relate to events that happened in the litigation, such as the issuance of various court orders. Those are matters of public record, and Connection has described them in neutral terms.

> **Connection's care in not changing the legal or factual landscape as to the defaulted defendants is critical, because a party might elect to follow a path that would not lead to default if different claims were asserted or different facts alleged**. **Indeed, granting leave to amend to add claims or facts, while at the same preserving a default judgment, could well violate the due process rights of the defendant.**

*Id.* at 1234-35 (emphasis added, internal citations omitted).

The court went on to observe, "Due process, as reflected in Rule 15 ..., require[s] that [the defendant] be given an opportunity to respond and contest his personal liability for the award after he was made a party and before the entry of judgment against him." *Id.* (quoting *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 463, 120 S. Ct. 1579, 146 L.Ed.2d 530 (2000)).  If this Court were to allow Plaintiffs to expand their pleadings to grant "an amendment that introduced additional claims or facts and simultaneously subjected the defendant to a default judgment on those claims, then the defendant would be denied an opportunity to respond," which would violate Giuliani's due process. *Id.* at 466, 120 S. Ct. 1579.

For all of these reasons, and s stated in greater detail in the Memorandum, the Court should restrict any damages to those proven to have been proximately caused by the conduct complained of in the Complaint.

Date:  December 4, 2023

                                        Respectfully submitted,

                                        By: */s/ Joseph D. Sibley IV*

                                          CAMARA & SIBLEY L.L.P.

                                            Joseph D. Sibley IV
                                            DC Bar ID: TX0202
                                            1108 Lavaca St.
                                            Suite 110263
                                            Austin, TX 78701

Telephone: (713) 966-6789<br>
Fax: (713) 583-1131<br>
Email: sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 4th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

<u>/s/ Joseph D. Sibley IV</u>
Joseph D. Sibley I