UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>and<br><br>WANDREA MOSS,<br><br>                  Plaintiffs,<br><br>   v.<br><br>RUDOLPH W. GIULIANI,<br><br>                  Defendant. | Civil Action No. 21-3354 (BAH) |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS
ON BURDEN OF PROOF AS TO DAMAGES**

Plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss ("Plaintiffs") respectfully submit this response to the Court's December 5, 2023 Minute Order.

Once the fact of injury is established, as it is in this case, proving the "amount of damages requires only a reasonable estimate." *Huber v. United States*, No. 14-CV-1380 (TSC), 2019 WL 4540225, at *1 (D.D.C. Sept. 19, 2019); *see id.* (collecting cases.) A plaintiff's burden at the damages stage, therefore, is to provide "only 'some reasonable basis on which to estimate damages.'" *Id.* (quoting *Wood v. Day*, 859 F.2d 1490, 1493 (D.C. Cir. 1988)). "The relevant data may include 'probable and inferential, as well as direct and positive proof.'" *Id.* (quoting *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264 (1946)). This well-established burden of proof applies equally to a plaintiff seeking to prove damages after a default judgment on liability. *See Hill v. Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003).

Plaintiffs understand that the Court ordinarily provides the jury with a separate, stand-alone instruction on the burden of proof. *See, e.g.*, Jury Instructions at 3, *Lynch v. Wal-Mart Assocs., Inc.*, No. 20-cv-934 (BAH) (D.D.C. Aug. 9, 2023), ECF No. 58. Plaintiffs respectfully submit that in this case, however, that procedure is complicated both by the fact that liability has already been established in Plaintiffs' favor, and because the jury is entitled to presume damages for Plaintiffs' defamation *per se* claim. To minimize the risk of jury confusion arising from these unusual circumstances, Plaintiffs propose to insert the following language into their proposed jury instructions on compensatory damages for defamation and IIED, respectively:

1. **To be inserted into the sixth paragraph of Plaintiffs' proposed jury instruction titled, "Compensatory Damages for Defamation":**

    Although Plaintiffs are not required to present evidence of the harm they have suffered as a result of the Actionable Statements for you to award damages to compensate for that harm, you are entitled to consider any such evidence if it is presented. **[Plaintiffs' burden in presenting such evidence is only to provide a reasonable basis from which you can estimate the harm to their reputation. While you may not engage in speculation or guesswork, you are entitled to approximate Plaintiffs' damages based upon the evidence they have presented. Furthermore, i]**f you decide that the evidence does not fully capture the harm that Plaintiffs suffered as a result of the damage to their reputations, you may award an additional amount that, using your good judgment and common sense, you decide is necessary to fully compensate the Plaintiffs for the harm caused to their reputations by the Actionable Statements.

2. **To be inserted into the second paragraph of Plaintiffs' proposed jury instruction titled, "Compensatory Damages for IIED."**

    There is no exact standard or mathematical formula for deciding the compensation to be awarded for this type of harm. Nor is the testimony of any witness required about the amount of compensation. **[Once you conclude that it is more likely than not that Plaintiffs suffered damages in the form of emotional distress, Plaintiffs' burden is only to provide a reasonable basis from which you can estimate their damages. While you may not engage in speculation or guesswork, you are entitled to approximate Plaintiffs' damages based upon the evidence they have presented.]** To decide the amount that would fairly and reasonably compensate Plaintiffs for emotional distress, you should consider the facts of this case in the light of your own experience and common sense.

Such as an approach would also be consistent with the current proposed instruction as to compensatory damages for defamation, in which Plaintiffs previously included a preponderance-of-the-evidence standard for purposes of quantifying future harm. *See* ECF No. 105-5, at 22 (". . . you may award damages to compensate Ms. Freeman and Ms. Moss for injury and losses that you determine, by a preponderance of the evidence, whill continue."). Should the Court prefer that these various burden-of-proof instructions instead be consolidated into a single stand-alone instruction, Plaintiffs would be happy to submit an additional filing to that end.

Respectfully submitted.

*/s/ Michael J. Gottlieb*
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Aaron E. Nathan (1047269)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
anathan@willkie.com
jknoblett@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE
Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

*Admitted pro hac vice*

***Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss***

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2023, the foregoing was served on all parties through their counsel of record by filing it with the Court's CM/ECF system.

<i>s/ Michael J. Gottlieb</i>