UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>and<br><br>WANDREA MOSS,<br><br>    Plaintiffs,<br><br> v.<br><br>RUDOLPH W. GIULIANI,<br><br>    Defendant. | Civil Action No. 21-3354 (BAH) |

### PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE FURTHER VIOLATIONS OF THE COURT'S PRIOR ORDERS

  Plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss ("Plaintiffs") respectfully request that the Court instruct counsel for Defendant Giuliani that he has violated and is prohibited from further violating the Court's orders by making arguments contrary to its prior evidentiary rulings, and preclude him from attempting to elicit such testimony on cross examination, or in Defendant Giuliani's direct examination. The Court has already entered various orders, including in granting the consent motion *in limine*, and ruling on Defendant Giuliani's pretrial objections only days ago, that foreclose any arguments contrary to the Court's determination of liability—which included determinations of all elements of defamation, including falsity and proximate cause—or related to his net worth.

During defense counsel's opening statement and witness examination during the first day of trial, it became clear that Defendant Giuliani's trial strategy revolves around several points that run directly contrary to the Court's prior orders in this case. *First*, Defendant Giuliani intends to argue that he did not proximately cause any or all of the injuries alleged in the Amended Complaint and established as true by the default judgment. *Second*, counsel for Defendant Giuliani introduced the argument that Mr. Giuliani would be pushed to financial ruin—or otherwise placed in a position rendering him insolvent—by a substantial damages award in Plaintiffs' favor. *Third*, after opening statements and the start of Plaintiffs' case, Defendant Giuliani stated publicly to reporters on the courthouse steps that he intended to testify that his defamatory statements were true, and that he did not cause Plaintiffs harm. The arguments that Defendant Giuliani's counsel presented to the jury today—and that he, and his client, intend to present to the jury in the days ahead—violate the Court's orders and should not be permitted.

*First*, during Defendant Giuliani's opening statement, counsel for Defendant previewed that the central theory of Defendant Giuliani's case will be that persons other than Defendant Giuliani or his co-conspirators (for whose actions Defendant Giuliani is also liable) are responsible for a significant portion of Plaintiffs' injuries. That argument runs directly contrary to the Court's prior orders, on *two separate occasions*, that the default judgment entered in this case conclusively establishes that Defendant Giuliani and his co-conspirators' conduct proximately caused the injuries alleged in the Amended Complaint. *See* ECF No. 108, at 3; ECF No. 119, at 6–7. As Plaintiffs explained the last time Defendant Giuliani raised this objection, those injuries include significant reputational harm arising from the publication and republication of Defendant Giuliani's statements to millions of viewers and readers, an "onslaught of extremely violent and graphic threats and dangerous harassment," "severe emotional distress," and other "immense"

losses in the form of harm to reputation, privacy, safety, and other monetary loss. ECF No. 11, at 11–12 (quoting Am. Compl. ¶¶ 12, 139, 162). As the Court has now affirmed and reaffirmed, that Defendant Giuliani and his co-conspirators' conduct proximately caused those injuries "is completely and irrefutably established" for purposes of this case. ECF No. 119, at 6 (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). The only question remaining for trial is quantifying that harm in monetary terms; for that purpose, "the only role for proximate cause" is ensuring "that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Id.* (quoting *Greyhound*, 973 F.2d at 159). In other words, the default judgment has conclusively established that Defendant Giuliani caused the injuries alleged in the Amended Complaint; Plaintiffs now bear a much lower burden to offer evidence that will allow the factfinder to make a reasonable estimate of the money damages that will fairly compensate Plaintiffs for those injuries. *Id.*; *see* ECF Nos. 117, 118. Defendant Giuliani is entitled to argue that the injuries alleged in the Amended Complaint do not warrant the amount of monetary compensation that Plaintiffs are seeking, but he *may not* argue—as his counsel did today— that he is not fully responsible as a proximate cause of those injuries. The Court should preclude any further argument or attempts to introduce evidence or elicit testimony to the contrary.

*Second*, counsel for Defendant suggested to the jury in his opening statement that a substantial monetary award would inflict an undue hardship on his client—that it would be "the end" of him, according to news reports.[1] That raises the concern that Defendant Giuliani is planning to offer argument or evidence contrary to the Court's prior order precluding Defendant

---

[1] *See, e.g.*, Andrew Goudsward, *'End of Mr. Giuliani' if Jury Awards Millions in Damages to Election Workers, Lawyer Says*, REUTERS (Dec. 11, 2023), https://www.reuters.com/legal/giuliani-heads-trial-over-false-vote-fraud-claims-about-georgia-poll-workers-2023-12-11/. Plaintiffs are still awaiting the day's trial transcript, but expect to have it available before trial resumes tomorrow morning.

Giuliani and his counsel "from making any argument, or introducing any evidence, stating or suggesting that he is insolvent, bankrupt, judgment proof, or otherwise unable to defend himself, comply with this Court's orders, *or satisfy an eventual judgment*." ECF No. 102, at 5 (emphasis added). The Court should caution Defendant Giuliani and his counsel against any further violations of that preclusion order as well.

*Third*, according to public news reports, upon leaving the courthouse, Defendant Giuliani stopped to say to an assembled group of the press: "When I testify, the whole story will be definitively clear that **what I said was true**, and that, **whatever happened to them—which is unfortunate about other people overreacting**—everything I said about them is true." Lucien Bruggeman, *Giuliani Defamation Trial Live Updates: Ex-Mayor Insists Freeman, Moss Were 'Changing Votes,'* ABC News (Dec. 11, 2023) (emphasis added), https://abcnews.go.com/US/live-updates/giuliani-defamation-trial/?id=105479446. When asked whether he regretted his actions, Defendant Giuliani stated: "Of course I don't regret it . . . **I told the truth**. They were engaged in changing votes." *Id.* (emphasis added). Finally, when a reporter pointed out that there was "no proof of that," Defendant Giuliani stated, "You're damn right there is . . . . Stay tuned." *Id.* Needless to say, were Defendant Giuliani to testify in a manner remotely resembling those comments, he would be in plain violation of the Court's prior orders in this case conclusively affirming, and reaffirming, that all elements of liability have been established, including that Defendant Giuliani's defamatory statements were false.

Plaintiffs are prepared to object as necessary should these or similar violations continue, but respectfully submit that this Court should instruct Mr. Giuliani and his counsel so as to minimize unnecessary objections and legal argument while the jury is present. Plaintiffs therefore respectfully request that the Court preclude further violations of the Court's prior orders in this

-4-

case, as discussed above and otherwise, by ensuring that Defendant Giuliani, and his counsel, understand that these arguments are foreclosed by the Court's prior orders. Counsel for Plaintiffs will be prepared to discuss this matter further with the Court before the jury is seated tomorrow morning, or at any time convenient to the Court.

DATED: December 11, 2023                    Respectfully submitted,


<u>/s/ Michael J. Gottlieb</u>
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Aaron E. Nathan (1047269)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
anathan@willkie.com
jknoblett@willkie.com
tryan@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**UNITED TO PROTECT DEMOCRACY**
Brittany Williams*
15 Main Street, Ste. 312
Watertown, MA 02472
Tel: (202) 579-4582
brittany.williams@protectdemocracy.org

*Admitted pro hac vice

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
P.O. Box 341423
Los Angeles, CA 90013
Tel: (202) 579-4582
christine.kwon@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430
Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

*Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served on counsel for all parties on December 11, 2023, by filing it with the Court's CM/ECF system.

s/ *Michael J. Gottlieb*