# EXHIBIT 2

1   PAUL B. SALVATY (State Bar No. 171507)
    PSalvaty@winston.com
2   WINSTON & STRAWN LLP
    333 S. Grand Ave., 38th Fl.
3   Los Angeles, CA 90071-1543
    Telephone: (213) 615-1700
4   Facsimile: (213) 615-1750

5   ABBE DAVID LOWELL (*pro hac vice* forthcoming)
    AbbeLowellPublicOutreach@winston.com
6   WINSTON & STRAWN LLP
    1901 L St., N.W.
7   Washington, DC 20036-3508
    Telephone: (202) 282-5000
8   Facsimile: (202) 282-5100

9   BRYAN M. SULLIVAN (State Bar No. 209743)
    bsullivan@earlysullivan.com
10  ZACHARY C. HANSEN (State Bar No. 325128)
    zhansen@earlysullivan.com
11  EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
    6420 Wilshire Boulevard, 17th Fl.
12  Los Angeles, California 90048
    Telephone: (323) 301-4660
13  Facsimile: (323) 301-4676

14  Attorneys for PLAINTIFF
    ROBERT HUNTER BIDEN
15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  ROBERT HUNTER BIDEN, an individual, | **Case No. 2:23-cv-8032** |
| 19 | **COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF:** |
| 20       Plaintiff, | |
| 21       vs. | 1. **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)** |
| 22  RUDOLPH W. GIULIANI, an individual, GIULIANI PARTNERS, | |
| 23  LLC, a Limited Liability Company, GIULIANI GROUP, LLC, a Limited | 2. **VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT (CAL. PENAL CODE § 502)** |
| 24  Liability Company; GIULIANI SECURITY & SAFETY, LLC, a Limited | |
| 25  Liability Company, ROBERT J. COSTELLO, an individual, and DOES 1 | |
| 26  through 10, inclusive; | 3. **BUS. & PROF. CODE SECTIONS 17200 *et seq.*** |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28       Defendants. | |

Plaintiff Robert Hunter Biden ("Plaintiff"), for his claims against Defendant Rudolph W. Giuliani ("Giuliani"), Giuliani Partners, LLC ("GP"), Giuliani Group, LLC ("GG"), Giuliani Security & Safety, LLC ("GSS") (collectively, the "Giuliani Companies") and Defendant Robert J. Costello ("Costello") (collectively, "Defendants") alleges upon knowledge with respect to his own acts and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.      Defendants are among those who have been primarily responsible for what has been described as the "total annihilation" of Plaintiff's digital privacy.  They also are among those who have been primarily responsible for the "total annihilation" of Plaintiff's data.  For the past many months and even years, Defendants have dedicated an extraordinary amount of time and energy toward looking for, hacking into, tampering with, manipulating, copying, disseminating, and generally obsessing over data that they were given that was taken or stolen from Plaintiff's devices or storage platforms, including what Defendants claim to have obtained from Plaintiff's alleged "laptop" computer.

2.      Defendants themselves admit that their purported possession of a "laptop" is in fact not a "laptop" at all.  It is, according to their own public statements, an "external drive" that Defendants were told contained hundreds of gigabytes of Plaintiff's personal data.  At least some of the data that Defendants obtained, copied, and proceeded to hack into and tamper with belongs to Plaintiff.[1]  But Plaintiff's data was manipulated, altered and damaged before it was copied and sent to Defendants; and Defendants' illegal hacking and tampering has involved further alterations and damage to the data to a degree that is presently unknown to Plaintiff.

3.      Defendants' actions are unlawful under the Computer Fraud and Abuse

---

[1] This is not an admission by Plaintiff that John Paul Mac Isaac (or others) in fact possessed any particular laptop containing electronically stored data belonging to Plaintiff. Rather, Plaintiff simply acknowledges that at some point, Mac Isaac obtained electronically stored data, some of which belonged to Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL

Act (18 U.S.C. § 1030), California's Computer Data Access and Fraud Act (Cal. Penal Code § 502) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).

4. Plaintiff has demanded Defendants Giuliani and Costello cease their unlawful activities with respect to Plaintiff's data and return any data in their possession belonging to Plaintiff, but they have refused to do so. Defendants' statements suggest that their unlawful hacking activities are ongoing today and that, unless stopped, will continue into the future, thereby necessitating this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. The dispute also arises as a federal question because it involves the violation of a federal statute, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

7. The parties are of diverse citizenship. Plaintiff is a citizen of the State of California and resides in Los Angeles, California. Defendant Giuliani is a citizen of and is residing in the State of New York or Florida. Defendants Giuliani Companies are Delaware Limited Liability Companies, with their principal place of businesses in New York, New York County. Defendant Costello is a citizen of and is residing in the State of New York.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. Damages that Plaintiff has suffered and will continue to suffer as a result of the violations of the federal statute referenced above and the other claims asserted herein exceed $75,000.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3), as it is where a substantial part of the events or omissions giving rise to the claim alleged in this complaint occurred or because one or more Defendant is subject to the Court's personal jurisdiction with respect to this action.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case 2:23-cv-08325-DSF Document 1 Filed 09/26/23 Page 5 of 16 Page ID #:4

**PARTIES**

10.    Plaintiff is a citizen of the State of California and resides in Los Angeles, California.

11.    Plaintiff is informed and believes that Defendant Giuliani is an individual who at all relevant times is and/or was a resident of either the State of New York, New York County or the State of Florida, Palm Beach County.  Plaintiff is informed and believes that Defendant Giuliani is a frequent visitor to the State of California for both personal and business reasons.

12.    Plaintiff is informed and believes that Defendant Giuliani Partners, LLC is a Delaware Limited Liability Company, with a principal place of business in New York, New York County.  Upon information and belief, Giuliani was and is the sole member of Giuliani Partners, and exercises operating control over the entity.

13.    Plaintiff is informed and believes that Defendant Giuliani Group, LLC is a Delaware Limited Liability Company, with a principal place of business in New York, New York County.  Upon information and belief, Giuliani was and is the sole member of Giuliani Group, and exercises operating control over the entity.

14.    Plaintiff is informed and believes that Defendant Giuliani Security & Safety LLC is a Delaware Limited Liability Company, with a principal place of business in New York, New York County.  Upon information and belief, Giuliani was and is the sole member of Giuliani Security & Safety, and exercises operating control over the entity.

15.    Plaintiff is informed and believes that although the Giuliani Companies are registered as separate entities, they are operated by Defendant Giuliani as a single entity or company.  For example, Plaintiff is informed and believes that employees of the Giuliani Companies regularly act and refer to themselves as working for Giuliani and do not maintain separation among the Giuliani Companies.  Upon information and belief, Giuliani's former interim CEO, Maria Ryan, wrote in emails that Giuliani Group and Giuliani Security & Safety "are one."  Upon information and belief, the Giuliani

3

COMPLAINT AND DEMAND FOR JURY TRIAL

1  Companies also have intermingled bank accounts.  Plaintiff is informed and believes

2  the Giuliani Companies operate on a worldwide basis.

3         16.    Plaintiff is informed and believes that Defendant Costello is an individual

4  who at all relevant times was a resident of the State of New York, New York County.

5  When engaging in the acts complained of herein, Defendant Costello acted on his own

6  behalf and also as an agent of Defendant Giuliani and the Giuliani Companies.

7         17.    Further, Plaintiff is informed and believes that Defendants intentionally

8  directed their actions to California and have therefore subjected themselves to

9  jurisdiction in California.  Defendants have caused and are continuing to cause harm to

10  Plaintiff with the knowledge and intent that such harm will occur in California.

11         18.    Defendants sued herein as Does 1 through 10, inclusive, are sued in their

12  fictitious names and capacities as their identities have not yet been determined.

13  Plaintiff is informed and believes and thereon alleges that each of such Defendants is

14  responsible in some way for the acts alleged herein.  Plaintiff will seek leave to amend

15  this complaint to allege such Defendants' true names and capacities when they have

16  been ascertained.

17         19.    Upon information and belief, at all times herein mentioned, each

18  Defendant acted individually and/or as the agent, co-conspirator, aider, abettor, joint

19  venturer, alter ego, third-party beneficiary, employee, officer, director or representative

20  of the other Defendants and, in doing the things hereinafter averred, acted within the

21  course and scope of such agency, employment or conspiracy and with the consent,

22  permission and authorization of each of the remaining Defendants.  Upon information

23  and belief, all actions of each Defendant as averred in the claims for relief stated herein

24  were ratified and approved by every other Defendant or their officers, directors or

25  managing agents.

26                                  **FACTUAL ALLEGATIONS**

27         20.    Although the precise timing and manner by which Defendants obtained

28  Plaintiff's data remains unknown to Plaintiff, there is no dispute that Defendants have,

COMPLAINT AND DEMAND FOR JURY TRIAL

at least to some extent, accessed, tampered with, manipulated, altered, copied and damaged Plaintiff's data, and that their actions are illegal, unauthorized, and without Plaintiff's consent.

21.    Defendants' unlawful activities with respect to Plaintiff's data are, to a large extent, established by their own public statements and activities. Defendants have stated publicly that they came into possession of Plaintiff's data after they were approached by John Paul Mac Isaac ("Mac Isaac"). Mac Isaac is the former owner of a computer repair shop who has claimed to possess "several copies" of Plaintiff's "laptop" or Plaintiff's data obtained in some illegal manner. At some point, Mac Isaac apparently reached out to Defendants via the contact portal on a website maintained by Defendants and notified Defendants that he had been "trying quietly to bring it to people's attention" for "almost a year."

22.    Upon receiving this communication, Defendants arranged for Mac Isaac to mail a copy of the data that Mac Isaac claimed to have obtained from Plaintiff to them for the specific purpose of enabling them to access, tamper with, manipulate, alter, damage, and copy Plaintiff's data.

23.    Following these communications, Mac Isaac apparently sent via FedEx a copy of the data he claimed to have obtained from Plaintiff to Defendant Costello's personal residence in New York on an "external drive." Once the data was received by Defendants, Defendants repeatedly "booted up" the drive; they repeatedly accessed Plaintiff's account to gain access to the drive; and they proceeded to tamper with, manipulate, alter, damage and create "bootable copies" of Plaintiff's data over a period of many months, if not years.[2]

---

[2] Plaintiff's investigation indicates that the data Defendant Costello initially received from Mac Isaac was incomplete, was not forensically preserved, and that it had been altered and tampered with before Mac Issac delivered it to Defendant Costello; Defendant Costello then engaged in forensically unsound hacking activities of his own that caused further alterations and additional damage to the data he had received. Discovery is needed to determine exactly what data of Plaintiff Defendants received, when they received it, and the extent to which it was altered, manipulated and damaged both before and after receipt.

COMPLAINT AND DEMAND FOR JURY TRIAL

24.     Plaintiff has discovered (and is continuing to discover) facts concerning Defendants' hacking activities and the damages being caused by those activities through Defendants' public statements in 2022 and 2023.  During one interview, which was published on or about September 12, 2022, Defendant Costello demonstrated for a reporter precisely how Defendants had gone about illegally accessing, tampering with, manipulating and altering Plaintiff's data:

> "Sitting at a desk in the living room of his home in Manhasset, [Defendant Costello], who was dressed for golf, booted up his computer.  'How do I do this again?' he asked himself, as a login window popped up with [Plaintiff's] username . . ."[3]

By booting up and logging into an "external drive" containing Plaintiff's data and using Plaintiff's username to gain access Plaintiff's data, Defendant Costello unlawfully accessed, tampered with and manipulated Plaintiff's data in violation of federal and state law.  Plaintiff is informed and believes and thereon alleges that Defendants used similar means to unlawfully access Plaintiff's data many times over many months and that their illegal hacking activities are continuing to this day.

25.     After gaining unlawful access to the data that Mac Isaac claimed to have obtained from Plaintiff, Defendants spent months analyzing, tampering with, manipulating, and altering Plaintiff's data, as well as copying Plaintiff's data so that others could engage in these unlawful activities as well.

26.     For example, Defendant Costello has stated publicly that, after initially accessing the data, he "scrolled through the laptop's [*i.e.*, hard drive's] email inbox" containing Plaintiff's data reflecting thousands of emails, bank statements and other financial documents.  Defendant Costello also has admitted publicly that he accessed and reviewed Plaintiff's data reflecting what he claimed to be "the laptop's photo roll,"

---

[3] Andrew Rice & Olivia Nuzzi, *The Sordid Saga of Hunter Biden's Laptop*, N.Y. MAG. (Sept. 12, 2022), https://nymag.com/intelligencer/article/hunter-biden-laptop-investigation.html.

COMPLAINT AND DEMAND FOR JURY TRIAL

including personal photos that, according to Defendant Costello himself, "made [him] feel like a voyeur" when he accessed and reviewed them.

27.     By way of further example, Defendant Costello has stated publicly that he intentionally tampered with, manipulated, and altered Plaintiff's data by causing the data to be "cleaned up" from its original form (whatever this means) and by creating "a number of new [digital] folders, with titles like 'Salacious Pics' and 'The Big Guy.'" Neither Mac Issac nor Defendants have ever claimed to use forensically sound methods for their hacking activities.  Not surprisingly, forensic experts who have examined for themselves copies of data purportedly obtained from Plaintiff's "laptop" (which data also appears to have been obtained at some point from Mac Isaac) have found that sloppy or intentional mishandling of the data damaged digital records, altered cryptographic features in the data, and reduced the forensic quality of data to "garbage."

28.     Plaintiff is informed and believes and thereon alleges for the past many months Defendant Giuliani has spent many hours hacking into and manipulating data that he claims to have been obtained from Plaintiff, making copies of the data for himself and others to access and analyze, and further altering, impairing and damaging the data through his unlawful hacking and manipulation.  In public interviews and media appearances and during podcasts, Defendant Giuliani has not only admitted but bragged about downloading data from Plaintiff's "laptop" (even though he only had a hard drive) onto his own computer; about using his own computer to access, tamper with and manipulate the downloaded data; and about maintaining multiple copies of the data for his and Defendant Costello's personal use.

29.     For example, in an episode of the "Rudy's Common Sense" podcast on or about January 26, 2023, Defendant Giuliani claimed that he had loaded "data" from the "hard drive" from Plaintiff's "computer" onto his own computer; and he proceeded to access the data on camera during the podcast.  Defendant Giuliani stated that a separate "complete" copy "of the hard drive" was being held by Defendant Costello.

30.     By way of further example, in an episode of his podcast "America's Mayor

COMPLAINT AND DEMAND FOR JURY TRIAL

Live" on or about February 2, 2023, Defendant Giuliani held up a laptop computer on camera and announced: "This belongs to Hunter Biden." He proceeded to brag about having copied Plaintiff's data onto his own computer and about having accessed, analyzed and manipulated the transferred data.

31. By way of further example, in an episode of the podcast "Louder with Crowder" in late 2022, Defendant Giuliani held up a laptop computer on air and announced: "This is the hard drive they're on," referring to data (*e.g.*, photographs) he apparently carries around with him on a daily basis, presumably so that he can continuously access, tamper with and manipulate the data whenever and wherever he desires.

32. As further evidence of the unlawful access and tampering, Defendant Giuliani has invited others, including Terpsehore "Tore" Maras, to his apartment in New York City to access, analyze and manipulate the transferred data he had in his possession. On information and belief, Defendant Giuliani paid for Maras's trip to New York City.

33. As further evidence of Defendants' illegal hacking of Plaintiff's data, it recently has come to light that Defendant Giuliani apparently worked directly with Steve Bannon and Vish Burra to access, manipulate, and copy Plaintiff's "laptop," which Burra has dubbed the "Manhattan Project" because he and others "were essentially creating a nuclear political weapon," referring to Burra's work with Defendant Giuliani and others (Steve Bannon and Bernie Kerik) to manipulate the "laptop."

34. Although Defendants and their allies are entitled to their baseless opinions about Plaintiff and the Biden family—and they are also free to share those opinions on their podcasts and with whomever else cares about what they have to say—they are not entitled to violate federal and state anti-computer hacking laws to advance their personal and political agendas. Yet that is precisely what they have been doing with impunity, and what they will continue to do absent judicial relief.

COMPLAINT AND DEMAND FOR JURY TRIAL

35.     Plaintiff has never authorized or consented to any access of his data by any Defendant at any time or for any purpose.  To the contrary, Plaintiff has notified Defendant Giuliani and Defendant Costello that Defendants are not authorized to access or disseminate any of his data, that they should cease doing so, and that they should return any of Plaintiff's data in their possession to Plaintiff immediately.

36.     Plaintiff is informed and believes and thereon alleges that at least some of the data that Defendants have accessed, tampered with, manipulated, damaged and copied without Plaintiff's authorization or consent originally was stored on Plaintiff's electronic devices or storage (including his iPhone and/or backed-up to Plaintiff's iCloud storage).  On information and belief, Defendants gained unlawful access to Plaintiff's data by circumventing technical or code-based barriers that were designed and intended to prevent such access or to have others take those steps.

37.     The precise nature and extent of Defendants' manipulation, tampering, alteration, damage and copying of Plaintiff's data, whether from their copy of a hard drive or from Plaintiff's encrypted "iPhone backup" or from some other source, is unknown to Plaintiff due to Defendants' continuing refusal to return the data to Plaintiff so that it can be analyzed or inspected.

38.     In light of the foregoing illegal activities by Defendants, their refusals to cease and desist in their unlawful behavior, and their apparent intention to continue violating the law in the future, Plaintiff has no alternative but to commence this lawsuit and to seek all available and appropriate legal and equitable relief.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Computer Fraud and Abuse Act)**

**(18 U.S.C. § 1030)**

**(Against all Defendants)**

39.     Plaintiff incorporates herein by this reference the allegations in paragraphs 1 through 38 above.

40.     Defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C.

COMPLAINT AND DEMAND FOR JURY TRIAL

§ 1030 ("CFAA"), specifically section 1030(a)(2)(A) of the CFAA, by intentionally accessing a computer without authorization or exceeding authorized access, and thereby obtaining information contained in financial records of one or more financial institutions or of one or more card issuers as defined in section 1602(n) of title 15, or contained in one or more files of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681, *et seq.*).

41.   Defendants have violated the CFAA, specifically section 1030(a)(2)(C) of the CFAA, by intentionally accessing a computer without authorization or exceeding authorized access, and thereby obtaining information from any protected computer which, pursuant to the CFAA, is a computer used in or affecting interstate commerce or communication.

42.   Defendants have violated the CFAA, specifically section 1030(a)(4) of the CFAA, by knowingly and with intent to defraud, accessing a protected computer without authorization or exceeding authorized access, and by means of such conduct furthering the intended fraud and obtaining one or more things of value.

43.   Plaintiff has suffered damages or losses as a result of Defendants' violations of the CFAA far in excess of $5,000.  These damages and losses to Plaintiff include but are not limited to direct costs, incurred during any one-year period, of investigating and responding to Defendants' violations of the CFAA far in excess of $5,000 in value.

**SECOND CLAIM FOR RELIEF**

**(Violation of the California Computer Data Access and Fraud Act)**

**(Cal. Penal Code § 520)**

**(Against all Defendants)**

44.   Plaintiff incorporates herein by this reference the allegations in paragraphs 1 through 38 above.

45.   Plaintiff owns data that is stored on a copy of a hard drive or other device(s) that Defendants own and operate and claim to have obtained of Plaintiff's

10

1    computer.

2    46.    Defendants have violated California Penal Code § 502(c)(1) by knowingly

3    accessing and without permission taking and using data from Plaintiff's devices or

4    "cloud" storage to devise or execute a scheme to defraud or deceive, or to wrongfully

5    obtain money, property, or data.

6    47.    Defendants also have violated California Penal Code § 502(c)(2) by

7    knowingly and without permission accessing, taking, copying, and making use of

8    programs, data, and files from Plaintiff's devices or "cloud" storage.

9    48.    Defendants also have violated California Penal Code § 502(c)(3) by

10   knowingly and without permission using or causing to be used computer services as

11   that term is defined in the statute.

12   49.    Defendants also have violated California Penal Code § 502(c)(7) by

13   knowingly and without permission accessing, or causing to be accessed, data and files

14   from Plaintiff's devices or "cloud" storage.

15   50.    As a direct and proximate result of Defendants' unlawful conduct within

16   the meaning of California Penal Code § 502, Defendants have caused damage to

17   Plaintiff in an amount to be proven at trial.

18   51.    The aforementioned acts of Defendants were willful and malicious in that

19   they were done with the deliberate intent to injure Plaintiff. Plaintiff is therefore

20   entitled to punitive damages in an amount to be proven at trial.

21   52.    Plaintiff has also suffered irreparable injury from these acts, and due to the

22   continuing threat of such injury, has no adequate remedy at law, entitling Plaintiff to

23   injunctive and other equitable relief.

24   53.    Plaintiff is also entitled to recover his reasonable attorneys' fees pursuant

25   to California Penal Code § 502(e).

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

## THIRD CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

(Against All Defendants)

54.     Plaintiff incorporates herein by this reference the allegations in paragraphs 1 through 38 above.

55.     California Business & Professions Code sections 17200 *et seq.* state that no business may engage in unfair competition.  According to section 17200, "unfair shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

56.     By engaging in the conduct alleged herein, Defendants have engaged in unfair and unlawful activities in violation of the CFAA and California Penal Code section 502.

57.     Plaintiff is informed and believes and thereon alleges that the Defendants will continue to do these acts unless the Court orders Defendants to cease and desist, and, therefore, Plaintiff requests injunctive relief pursuant to California Business and Professions Code section 17203.

58.     Based on the above allegations, including the alleged violations of the CFAA and California Penal Code section 502, Plaintiff is entitled to injunctive and equitable relief to stop Defendants from continuing to engage in their unlawful and unfair conduct with respect to Plaintiff and as necessary to restore to Plaintiff any money or property which Defendants have acquired by means of such unlawful and unfair conduct; restitution in an amount to be determined at trial; attorneys' fees and costs as may be permitted by law; and any other relief as may be proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action for all causes of action for which a jury trial is available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For general damages to be proven at trial;

B. For punitive damages to be proven at trial for Defendants' willful and deliberate actions including their unauthorized access, tampering with, alteration, manipulation and copying of, and damage to Plaintiff's data;

C. For disgorgement of all money obtained by Defendants as a result of their unlawful and otherwise wrongful conduct;

D. For prejudgment interest;

E. For an order awarding Plaintiff his reasonable attorneys' fees and costs;

F. For a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and attorneys, and those in active concert or participation with any of them, from:

    (1) Accessing, tampering with, manipulating or copying Plaintiff's data; and

    (2) Restoring to Plaintiff any money or property which Defendants have acquired by means of such unlawful and unfair conduct including but not limited to any data in their possession that was sent to them or that they obtained from any account, device/hard drive, back up files, "cloud" files or copies of the same belonging to Plaintiff.

G. For such other and further relief as this Court may deem to be just and proper.

Respectfully submitted,

Dated: September 26, 2023

WINSTON & STRAWN LLP

By:_____

Paul Salvaty
Abbe David Lowell
Attorneys for Plaintiff

13
COMPLAINT AND DEMAND FOR JURY TRIAL

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP


By: _____
     Bryan M. Sullivan
     Zachary C. Hansen
     Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL