UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN<br><br>and<br><br>WANDREA' MOSS,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　　Defendant. | Civil Action No. 21-3354 (BAH) |

**PLAINTIFFS' MOTION TO DISSOLVE STAY OF EXECUTION AND FOR LEAVE TO REGISTER JUDGMENT IN ANY OTHER DISTRICT AND TO EXPEDITE BRIEFING AND CONSIDERATION OF THIS MOTION**

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................... i

Table of Authorities ............................................................................................................ ii

Introduction ......................................................................................................................... 1

Argument ............................................................................................................................. 2

    I.    The Court Should Immediately Dissolve the 30-Day Stay of Execution Pursuant to Rule 62(a). ............................................................................................ 2

    II.   The Court Should Permit Plaintiffs to Register Their Judgment Immediately Pursuant to 28 U.S.C. § 1963. ................................................................................. 4

    III.  The Court Should Expedite Briefing, Consideration, and Decision of this Motion. ...................................................................................................................... 6

Conclusion ........................................................................................................................... 7

Certificate of Service .......................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allstar Mktg. Grp., LLC v. AFACAI*,
  No. 20 CIV. 8406 (JPC), 2021 WL 2555636 (S.D.N.Y. June 22, 2021)..................2

*Chevron Corp. v. Republic of Ecuador*,
  987 F. Supp. 2d 82 (D.D.C. 2013)..................6

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*,
  636 F.2d 755 (D.C. Cir. 1980)..................3

*Grand Union Co. v. Food Employers Labor Relations Ass'n*,
  637 F. Supp. 356 (D.D.C. 1986)..................4

*Mattel, Inc. v. Arming*,
  No. 18 CIV. 8824 (LAP), 2021 WL 3683871 (S.D.N.Y. Aug. 18, 2021)..................2

*Mattel, Inc. v. wwwfisherpriceonline*,
  No. 21-CV-9608 (LJL), 2022 WL 2801022 (S.D.N.Y. July 18, 2022)..................2

*Mattel, Inc. v. 1622758984*,
  No. 18-CV-8821 (AJN), 2020 WL 2832812 (S.D.N.Y. May 31, 2020)..................2

*Mwila v. Islamic Republic of Iran*,
  No. 08-CV-1377 (JDB), 2019 WL 13134796 (D.D.C. May 15, 2019)..................4, 5

*No. 8 Mine, LLC v. Eljen Grp., LLC*,
  No. 3:18-CV-00104-WGC, 2020 WL 13882026 (D. Nev. Nov. 4, 2020)..................2, 7

*Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*,
  309 F.R.D. 66 (D.D.C. 2015)..................4

*USA Gymnastics v. Ace Am. Ins. Co. (In re USA Gymnastics)*,
  No. 18-9108-RLM-11, 2020 Bankr. LEXIS 2612
  (Bankr. S.D. Ind. Sep. 29, 2020)..................2

**Statutes**

28 U.S.C. § 1963..................1, 4, 6, 7

**Other Authorities**

Fed. R. Civ. P. 62 2018 Advisory Committee Note..................2

Fed. R. Civ. P. 62(a)..................1, 2, 3

Plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss ("Plaintiffs") respectfully move (1) to dissolve Federal Rule of Civil Procedure 62(a)'s automatic 30-day stay of enforcement, (2) for leave to register this Court's judgment in any other judicial district of the United States, and (3) to expedite briefing, consideration, and decision of this motion, including by requiring Defendant Giuliani to respond by **2:00 p.m** on **December 19, 2023.** Counsel for Plaintiffs has conferred with counsel for Defendant, who states that Defendant opposes dissolution of Rule 62(a)'s 30-day stay, but once the 30-day period has expired, would not oppose registration in other districts pursuant to 28 USC 1963.

## INTRODUCTION

This Court will shortly enter a substantial money judgment in favor of Plaintiffs and against Defendant Giuliani. Plaintiffs urgently require relief from this Court in order to permit immediate enforcement of that judgment pursuant to Federal Rule of Civil Procedure 62(a) and 28 U.S.C. § 1963. Both Rule 62(a) and § 1963 are designed to permit immediate enforcement in precisely these circumstances: Defendant Giuliani has proven himself to be an exceptionally recalcitrant litigant, and has demonstrated an unwillingness to comply with judicial process, including orders to pay attorney's fees and costs. Moreover, Defendant Giuliani appears to have no assets in the District of Columbia but substantial assets in—at least—both New York and Florida. There is a substantial risk that Defendant Giuliani will find a way to dissipate those assets before Plaintiffs are able to recover. Finally, Defendant Giuliani is widely reported to have other, significant debts threatening his personal solvency.

For all of the reasons stated herein, Plaintiffs must begin enforcement efforts immediately. The Court should require Defendant Giuliani to respond to this motion by 2:00 p.m. on December 19, 2023, and then should enter an order dissolving Rule 62(a)'s automatic stay and permitting

immediate registration of the judgment in any district of the United States pursuant to 28 U.S.C. § 1963.

## ARGUMENT

### I. THE COURT SHOULD IMMEDIATELY DISSOLVE THE 30-DAY STAY OF EXECUTION PURSUANT TO RULE 62(a).

Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*." Fed. R. Civ. P. 62(a) (emphasis added). Thus, "Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay," and "[o]ne reason" for doing so "may be a risk that the judgment debtor's assets will be dissipated." Fed. R. Civ. P. 62 2018 Advisory Committee Note. As is well established, Rule 62(a) is not intended to serve as "a 30-day window [for defendants] to conceal and dissipate their assets." *Mattel, Inc. v. Arming*, No. 18 CIV. 8824 (LAP), 2021 WL 3683871, at *9 (S.D.N.Y. Aug. 18, 2021).

Courts routinely exercise their discretion to dissolve the Rule 62(a) stay to protect prevailing judgment creditors against the risk that a recalcitrant judgment debtor will hide or dissipate assets. *See, e.g.*, *id.*; *Mattel, Inc. v. wwwfisherpriceonline*, No. 21-CV-9608 (LJL), 2022 WL 2801022, at *15 (S.D.N.Y. July 18, 2022); *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 CIV. 8406 (JPC), 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021); *Mattel, Inc. v. 1622758984*, No. 18-CV-8821 (AJN), 2020 WL 2832812, at *7 (S.D.N.Y. May 31, 2020). And, although not required, courts have supported that decision by noting a judgment debtor's prior failures to obey court orders at an earlier stage of the proceedings. *See No. 8 Mine, LLC v. Eljen Grp., LLC*, No. 3:18-CV-00104-WGC, 2020 WL 13882026, at *1 (D. Nev. Nov. 4, 2020) (noting that the judgment debtor has "continually ignored the court's orders imposing sanctions"); *USA Gymnastics v. Ace Am. Ins. Co. (In re USA Gymnastics)*, Nos. 18-9108-RLM-11, 2020 Bankr.

LEXIS 2612, at *68 (Bankr. S.D. Ind. Sep. 29, 2020) (considering judgment debtor's failure to comply with prior court orders to pay).

The circumstances of this case overwhelmingly favor immediate dissolution of the automatic Rule 62(a) stay. As the Court is aware, Defendant Giuliani has already proven himself to be an unwilling and uncooperative litigant, including with respect to this Court's orders to pay attorney's fees and costs. *See* ECF No. 93 (ordering sanctions "for defendant's failure timely to reimburse plaintiffs'" $89,172.50 in attorneys' fees), Sept. 22, 2023 Minute Order (directing defendant to reimburse plaintiffs $104,256.50 in attorneys' fees), ECF No. 102 (ordering sanctions for Defendant Giuliani's failure "to comply with any part of the August 30 Order," including the direction to "ensure that the Giuliani Businesses reimburse plaintiffs' attorneys fees associated with their successful motion to compel discovery from those Businesses . . . in the amount totaling $43,684"). Further, as has been widely reported, Defendant Giuliani has numerous and mounting debts, including to his own attorneys and other litigants seeking to reduce their claims to judgment. *See* Declaration of Michael J. Gottlieb ("Gottlieb Decl."), at ¶¶ 6, 7. Under these circumstances, there is a severe risk that Defendant Giuliani will use whatever time he has to alienate or dissipate what assets *are* available to satisfy even a small portion of Plaintiffs' judgment. The Court should exercise its discretion to immediately dissolve Rule 62(a)'s automatic stay.[1]

---

[1] Plaintiffs respectfully submit that any further stay of execution should be conditioned on Defendant Giuliani's posting of an adequate supersedeas bond pursuant to Federal Rule of Civil Procedure 62(b). Further, in these circumstances, only a full superseadas bond will suffice. As the D.C. Circuit has explained, because a Rule 62(b) stay "operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). Anything less than a fully secured stay of enforcement is permissible only in "unusual circumstances," and where doing so would not "unduly endanger the judgment creditor's interest in ultimate recovery." *Id.* at 760–61. For the

**II.     THE COURT SHOULD PERMIT PLAINTIFFS TO REGISTER THEIR JUDGMENT IMMEDIATELY PURSUANT TO 28 U.S.C. § 1963.**

In addition, the Court should immediately permit Plaintiffs to register their judgment in "any other district," pursuant to 28 U.S.C. § 1963. Section 1963 automatically permits such registration "when the judgment has become final by appeal or expiration of the time for appeal," and also permits the "court that entered the judgment" to permit registration "for good cause shown." 28 U.S.C. § 1963. "When, as here, the time for appealing the judgment has not yet expired, the Court may grant permission" to register in any district "for good cause shown." *Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015).

As is well established, for purposes of § 1963, "[g]ood cause can be established by [1] an absence of assets in the judgment forum, coupled with [2] the presence of substantial assets in the registration forum." *Mwila v. Islamic Republic of Iran*, No. 08-CV-1377 (JDB), 2019 WL 13134796, at *1 (D.D.C. May 15, 2019) (cleaned up).[2] Both factors are easily satisfied here.

---

reasons explained in this brief, this case is unquestionably one of the "normal circumstances" in which a full supersedeas bond must be required to warrant a Rule 62(b) stay. Moreover, to justify a "departure" from the "usual requirement of a full security supersedeas bond," a party seeking a stay of enforcement bears the burden "to objectively demonstrate the reasons for such a departure." *Grand Union Co. v. Food Employers Labor Relations Ass'n*, 637 F. Supp. 356, 357 (D.D.C. 1986) (internal quotation marks omitted).

[2] "Ordinarily, permission to register a judgment in another court should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond. But in cases where defendant has offered no assurances that it will pay the award or where it is unlikely that the opportunity to post a bond will arise, a court may elect to grant that permission more promptly." *Non-Dietary Exposure Task Force*, 309 F.R.D. at 69 (cleaned up). As discussed herein, far from offering "assurances" that he will pay the award, Defendant Giuliani has demonstrated an unwillingness to comply with court orders or satisfy even more modest monetary awards entered earlier in this case. Of course, Defendant Giuliani would be free to moot this motion—or obtain a stay of execution—at any time by posting a full supersedeas bond pursuant to Federal Rule of Procedure 62(b). His failure to do so only highlights the appropriateness of permitting Plaintiffs to commence enforcement efforts immediately.

Plaintiffs understand that Defendant Giuliani lacks assets in the District of Columbia. Plaintiffs' investigation to date has revealed significant assets in other jurisdictions, but none in the District of Columbia. Gottlieb Decl. ¶ 3.

Defendant Giuliani has substantial assets in other districts, however, including the Southern District of New York and the Southern District of Florida. As reported in the press and confirmed by Plaintiffs' initial investigation, Defendant Giuliani owns a condominium in the Southern District of Florida and a co-op in the Southern District of New York. Gottlieb Decl. ¶ 3. As evidenced by discovery produced in this case, furthermore, Defendant Giuliani has various financial accounts at institutions located in the Southern District of New York. *Id.* ¶ 4.

The presence of significant assets in other jurisdictions, coupled with the absence of assets in this District, is independently sufficient to establish good cause warranting leave to register the judgment in any other district immediately. *Mwila*, 2019 WL 13134796, at *2; *see id.* (good cause may be established through counsel's declaration, or even on the basis of counsel's assertion, on information and belief, that assets exist in other districts).

Good cause also exists for two further reasons. First, Defendant Giuliani faces numerous other, costly litigation matters, and appears to be facing creditor actions already, including one by his attorney, Robert Costello. Gottlieb Decl. ¶ 6. Second, given that Defendant Giuliani has already refused for months to pay the fees awarded in this Court's prior sanctions orders, there is especially good reason to believe that Defendant Giuliani intends to evade payment of the judgment by any means he can devise.

This Court previously denied Plaintiffs' request for relief that would have permitted immediate execution on Defendant Giuliani's out-of-District assets, observing that although "plaintiffs' concern that there is good cause to believe that Defendant Giuliani intends to evade

payment . . . may be well-founded," trial would occur within two months, "after which trial final judgment will be entered promptly." ECF No. 102, at 3. Thus, the Court reasoned, in light of the then "fairly short time period before a final judgment will issue, prudence dictates issuance of a single final judgment, upon which plaintiffs may then execute . . . in districts where Giuliani is likely to have assets." ECF No. 102, at 3. The time has come to permit Plaintiffs to begin their efforts to collect what they can from a recalcitrant defendant.[3]

### III. THE COURT SHOULD EXPEDITE BRIEFING, CONSIDERATION, AND DECISION OF THIS MOTION.

Finally, in light of the urgency of Plaintiffs' judgment enforcement efforts, the Court should expedite briefing, consideration, and decision of this motion. Specifically, Plaintiffs respectfully request that the Court order Defendant Giuliani to file any response to this motion no later than **2:00 p.m. on December 19, 2023.** Further, Plaintiffs respectfully request that the Court decide this motion as soon as practicable following Defendant Giuliani's response.

---

[3] The Court should grant leave for Plaintiffs to register their judgment in "any other district" of the United States, pursuant to the plain text of 28 U.S.C. § 1963. *See Chevron Corp. v. Republic of Ecuador*, 987 F. Supp. 2d 82, 85 (D.D.C. 2013) ("While some courts have required individualized showings in each district, . . . the better view is to allow registration 'in any other district,' 28 U.S.C. § 1963, once good cause has been shown that 1) the defendant has an absence of assets in the judgment forum and 2) the defendant has substantial assets in other forums.") (collecting cases).

## CONCLUSION

The Court should order Defendant Giuliani to respond to this motion by 2:00 p.m. on December 19, 2023, and thereafter should expedite its consideration and decision of this motion. The Court should immediately dissolve the automatic 30-day stay imposed by Rule 62(a), and grant Plaintiffs leave pursuant to 28 U.S.C. § 1963 to register the judgment in any district of the United States. Because form AO-451 does not contemplate the pre-appeal registration authorized by 28 U.S.C. § 1963, the Court should further order that the Clerk of Court issue a certified copy of the judgment using form AO-451 and also including a copy of the Court's order granting the foregoing relief. *See No. 8 Mine LLC*, 2020 WL 13882026, at *2.

Respectfully submitted.

*/s/ Michael J. Gottlieb*
**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (974960)
Meryl C. Governski (1023549)
Aaron E. Nathan (1047269)
J. Tyler Knoblett (1672514)
Timothy P. Ryan (1719055)
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com
mgovernski@willkie.com
anathan@willkie.com
jknoblett@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
M. Annie Houghton-Larsen*
787 7th Avenue
New York, New York
Tel: (212) 728-8164
Fax: (212) 728-9164
mhoughton-larsen@willkie.com

**UNITED TO PROTECT DEMOCRACY**
John Langford*
Rachel Goodman*
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

**DUBOSE MILLER LLC**
Von A. DuBose*
75 14th Street NE, Suite 2110
Atlanta, GA 30309
Tel: (404) 720-8111
dubose@dubosemiller.com

**UNITED TO PROTECT DEMOCRACY**
Christine Kwon*
555 W. 5th St.
Los Angeles, CA 90013
Tel: (919) 619-9819
Christine.kwon@protectdemocracy.org

**UNITED TO PROTECT DEMOCRACY**
Sara Chimene-Weiss*
7000 N 16th Street Ste. 120, #430

Phoenix, AZ 85020
Tel: (202) 579-4582
sara.chimene-weiss@protectdemocracy.org

\**Admitted pro hac vice*

**Attorneys for Plaintiffs Ruby Freeman and Wandrea' Moss**

-8-

## CERTIFICATE OF SERVICE

I certify that on December 18, 2023, the foregoing was served on all parties through their counsel of record by filing it with the Court's CM/ECF system.

*s/ Michael J. Gottlieb*
