# EXHIBIT 1

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/18/2023

Case 1:21-cv-03354-BAH   Document 141-2   Filed 12/18/23   Page 2 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
DAVIDOFF HUTCHER & CITRON LLP and
ROBERT J. COSTELLO, ESQ.

       Plaintiffs,

  -against-

RUDOLPH W. GIULIANI,

       Defendant.
-------------------------------------------------------------------x

**SUMMONS**

Plaintiff Davidoff Hutcher & Citron LLP designates New York County as the place of trial.

The basis of venue is residence in New York County.

To the above-named defendant:

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   September 18, 2023

          DAVIDOFF HUTCHER & CITRON LLP

          By: _____
             Joseph N. Polito
          605 Third Avenue
          New York, New York 10158
          (212) 557-7200
          *Attorneys for Plaintiffs*

TO: Rudolph W. Giuliani
    45 East 66th Street
    New York, New York 10065

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
DAVIDOFF HUTCHER & CITRON LLP and :
ROBERT J. COSTELLO, ESQ., :
: **COMPLAINT**
Plaintiffs, :
: Index No.
- against - :
:
RUDOLPH W. GIULIANI, :
:
Defendant. :
---------------------------------------------------------------x

Plaintiffs Davidoff Hutcher & Citron LLP ("DHC") and Robert J. Costello, Esq. ("Costello") (collectively, the "Plaintiffs"), as and for their complaint against defendant Rudolph W. Giuliani ("Defendant"), alleges as follows:

### Preliminary Statement

1. This action simply seeks payment of an outstanding bill for legal services rendered by Plaintiffs in the amount of $1,360,196.10 in addition to scheduling a hearing on the reasonable attorneys' fees Plaintiffs are contractually entitled to as the prevailing party in this litigation.

2. From on or about November 2019 through on or about July 2023, Plaintiffs provided legal services on behalf of the Defendant. The legal services included, but were not limited to representing the Defendant while he was being criminally investigated by the U.S. Attorney for the Southern District of New York, representing the Defendant during a pending criminal investigation in Georgia by the Fulton County District Attorney's Office, representing the Defendant during a pending criminal investigation by Special Counsel Jack Smith regarding the January 6th attack on the U.S. Capitol, and representing the Defendant during a pending investigation by the U.S. House Select Committee to Investigate the January 6th Attack on the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                          RECEIVED NYSCEF: 09/18/2023

Case 1:21-cv-03354-BAH   Document 141-2   Filed 12/18/23   Page 4 of 9

United States Capitol. The Defendant also directed Plaintiffs to supervise more than ten civil lawsuits filed against the Defendant that were commenced in various state and federal courts as well as participating in representing the Defendant in disciplinary proceedings regarding his law license in the District of Columbia and the First Department of New York.

3. During the course of Plaintiffs' representation of Defendant, Plaintiffs billed Defendant directly for fees and expenses that totaled $1,574,196.10. Defendant has paid only $214,000 of the total bill leaving a total of $1,360,196.10 outstanding.

### Parties

4. Plaintiff, Davidoff Hutcher & Citron LLP, is a limited liability partnership duly organized and existing under the laws of the State of New York, with its principal place of business at 605 Third Avenue, 34th Floor, New York, New York 10158.

5. Plaintiff, Robert J. Costello, Esq., is an individual who resides in the State of New York and is duly licensed to practice law in the State of New York, and all times mentioned in the Complaint, is and has been a partner at DHC.

6. Defendant, Rudolph W. Giuliani, is an individual who upon information and belief resides at 45 East 66th Street, New York, New York 10065.

### Jurisdiction and Venue

7. The Court has jurisdiction over Defendant pursuant to CPLR 301 and/or CPLR 302(a)(1). Furthermore, jurisdiction in New York was contractually agreed to in the retainer agreement.

8. Venue is proper in New York County pursuant to CPLR 503 because plaintiff DHC has its main office in the County of New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Facts

9. Defendant retained Plaintiffs on or about November 6, 2019, when Defendant executed a retainer agreement (the "Retainer Agreement"). Although the Retainer Agreement was with Costello, the work performed was completed while Costello was a partner at DHC.

10. Defendant executed the Retainer Agreement and Plaintiffs performed various legal services for Defendant, at his request, in a competent and professional manner.

11. By the terms of the Retainer Agreement, Defendant agreed: (i) to pay Plaintiffs' legal fees for legal services rendered in connection with the retention, in the amount of Plaintiffs customary hourly rate for such legal services which was set by DHC; (ii) to reimburse Plaintiffs the expenses incurred in connection with providing such legal services; and (iii) to pay Plaintiffs the statements for legal fees and expenses in full upon receipt thereof.

12. The billing statements were issued by DHC to the Defendant on DHC letterhead. Moreover, the partial payments made by the Defendant for the legal services rendered were made directly to DHC.

13. Between on or about November 2019 through on or about July 2023, at the request of Defendant, Plaintiffs performed legal services for Defendant as his attorneys for a fee based upon DHC's normal rates, and by like request, advanced and laid out various sums of money for Defendant's account and benefit for a total amount due of $1,574,196.10.

14. Defendant agreed to pay Plaintiffs all of his fees and disbursements in accordance with the Retainer Agreement which totaled $1,574,196.10.

15. Plaintiffs performed such legal services for Defendant in a professional and competent manner.

16. Plaintiffs issued invoices to Defendant through DHC on a regular basis.

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

17. Defendant received all invoices.

18. Defendant never raised any objection regarding the correctness of the invoices, the amount billed or that they were issued by DHC.

19. Defendant paid only a portion of Plaintiffs' fees and disbursements, paying $214,000.00. Each payment was made payable to DHC. Defendant's last payment to DHC came on September 14, 2023 in the amount of $10,000.

20. In breach of the Retainer Agreement, Defendant failed to pay Plaintiffs the balance of $1,360,196.10 of the total amount owed, although duly demanded.

21. Defendant does not have a right to arbitrate under Part 137 Rules because the amount owed exceeds $50,000.

## AS FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

22. Plaintiffs repeat and reallege each and every foregoing allegation as if set forth in full herein.

23. The Retainer Agreement is a valid and enforceable agreement that Defendant signed.

24. From approximately between November 2019 to July 2023, Plaintiffs performed certain legal services for Defendant, at his request, for a fee based upon Plaintiffs' time as set by DHC, and by like request, advanced and laid out various sums of money for Defendant in the amount of $1,574,196.10.

25. Defendant agreed to pay Plaintiffs all of his fees and disbursements pursuant to the Retainer Agreement.

26. In breach of the Retainer Agreement, Defendant has failed to pay $1,360,196.10 of the total amount owed to Plaintiffs.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)           INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                              RECEIVED NYSCEF: 09/18/2023

Case 1:21-cv-03354-BAH   Document 141-2   Filed 12/18/23   Page 7 of 9

27. By reason of the foregoing, Plaintiffs are entitled to recover damages against Defendant in the amount of $1,360,196.10 together with interest thereon accrued and accruing.

28. Furthermore, the Retainer Agreement provides that in the event Plaintiffs commence a legal proceeding in order to recover legal fees and disbursements, Plaintiffs shall be awarded their reasonable costs and attorneys' fees.

29. As such, Plaintiffs request a hearing as to the amount of reasonable attorneys' fees Plaintiffs should recover from Defendant on this cause of action as the prevailing party in this litigation.

### AS AND FOR A SECOND CAUSE OF ACTION
### (ACCOUNT STATED)

30. Plaintiffs repeat and reallege each and every foregoing allegation as if set forth in full herein.

31. Plaintiffs provided legal services to Defendant, who was billed for those services by Plaintiffs.

32. Defendant received Plaintiffs' invoices without objection.

33. Defendant also made partial payments to DHC towards the outstanding legal fees. Defendant's last payment to DHC was on September 14, 2023 in the amount of $10,000.

34. As a result of the foregoing, accounts were stated between Plaintiffs and Defendant.

35. Defendant has failed to pay the accounts stated in full, leaving an outstanding balance of $1,360,196.10.

36. Furthermore, the Retainer Agreement provides that in the event Plaintiffs commence a legal proceeding in order to recover legal fees and disbursements, Plaintiffs shall be awarded their reasonable costs and attorneys' fees.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

37. As such, Plaintiffs request a hearing as to the amount of reasonable attorneys' fees Plaintiffs should recover from Defendant on this cause of action as the prevailing party in this litigation.

38. By reason of the foregoing, Plaintiffs are entitled to damages in the amount of $1,360,196.10 together with interest thereon accrued and accruing.

### AS AND FOR A THIRD CAUSE OF ACTION
### (QUANTUM MERUIT)

39. Plaintiffs repeat and reallege each and every foregoing allegation as if set forth in full herein.

40. Between approximately November 2019 through on or about July 2023, Plaintiffs performed legal services for Defendant, at his request, and, in connection therewith, Plaintiffs advanced monies for disbursements, also at Defendant's request, in the total amount of $1,574,196.10.

41. Defendant received the benefit of the legal services and disbursements heretofore mentioned but has failed to pay $1,360,196.10 of the total amount noted above.

42. Furthermore, the Retainer Agreement provides that in the event Plaintiffs commence a legal proceeding in order to recover legal fees and disbursements, Plaintiffs shall be awarded their reasonable costs and attorneys' fees.

43. As such, Plaintiffs request a hearing as to the amount of reasonable attorneys' fees Plaintiffs should recover from Defendant on this cause of action as the prevailing party in this litigation.

44. By reason of the foregoing, there is now due and owing from Defendant to Plaintiffs the sum of $1,360,196.10 for the unpaid value of services and disbursements, together with interest thereon accrued and accruing.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**WHEREFORE**, Plaintiffs demand judgment against defendant Rudolph W. Giuliani in the amount of $1,360,196.10, together with interest thereon accrued and accruing, in addition to scheduling a hearing to determine the amount of attorneys' fees Plaintiffs are entitled to recover as the prevailing party, together with an award for the costs and disbursements of this action, in addition to any further relief the Court deems just and proper.

Dated: New York, New York
September 18, 2023

DAVIDOFF HUTCHER & CITRON LLP

By: _____
Joseph N. Polito
605 Third Avenue
New York, New York 10158
(212) 557-7200
*Attorneys for Plaintiffs*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.