UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendants. | |

**RESPONSE TO MOTION TO DISSOLVE STAY OF EXECUTION AND FOR LEAVE TO REGISTER JUDGMENT IN ANY OTHER DISTRICT**

In their Motion to Dissolve Stay of Execution and for Leave to Register Judgment in any Other District [Docs. 139-141] ("Motion"), Plaintiffs Ruby Freeman ("Freeman") and Wandrea Moss ("Moss" and, together with Freeman, the "Plaintiffs") seek to dissolve the automatic stay of execution under Fed. R. Civ. P. 62(a). For the reasons discussed below, the Motion should be denied.[1]

**ARGUMENT AND AUTHORITIES**

As Plaintiffs concede, it is a matter of public record that Giuliani has been embroiled in multiple lawsuits over the 2020 Election since early 2021. And since at least August 30, 2023—in the Court's Order granting a default judgment and imposing definite damages liability on Giuliani for, among other things, failing to pay Plaintiffs' awards of attorney fees—Giuliani has

---

[1] Giuliani does not contest that the final judgment can be registered in any other district because of Giuliani's lack of assets in the District of Columbia and does not oppose the Motion insofar as it seeks this relief. Giuliani's response is limited to the issue of whether the stay of execution provided by Rule 62(a) should be abnormally shortened or dissolved.

known that damages would ultimately be awarded.  If Giuliani had intentions of absconding with or fraudulently transferring assets, he has ample time to do it.  And it is these longstanding issues that Plaintiffs now point to as their grounds for an immediate dissolution of the automatic stay of execution imposed by Fed. R. Civ. P. 62(a).  Plaintiffs, however, point to no evidence to demonstrate that what Giuliani could have done for years now, he will do in the next 30 days.

Every case cited by Plaintiffs supporting their argument for an immediate dissolution of the stay under Rule 62(a) are New York cases involving a pre-judgment freezing of assets under New York law.  For example, in *Mattel, Inc. v. Arming*, No. 18 CIV. 8824 (LAP), 2021 WL 3683871 (S.D.N.Y. Aug. 18, 2021), the trial court issued a TRO and preliminary injunction against the defendants.  *Id.* at * 3.  And although the opinion does not state so specifically, the *Mattel* court makes clear that the injunctive relief in some way involved a pre-judgment asset restraint.  *See id.* at *7 (referencing "frozen assets") and *9 ("Plaintiff requests a continuance of the pre-judgment asset restraint…").  The same is true of the other three New York cases cited, two of which are related *Mattel* opinions.[2]  There was no pre-judgment asset freeze in this case and there is no evidence in the record of any attempt by Giuliani to dissipate assets.  Therefore, these cases are inapposite.

Plaintiffs also cite to *No. 8 Mine, LLC v. Eljen Grp., LLC*, No. 3:18-CV-00104-WGC, 2020 WL 13882026, at *1 (D. Nev. Nov. 4, 2020) for the proposition that a party's previous non-compliance with orders imposing sanctions are grounds to immediately dissolve the automatic stay

---

[2] The same fact set was present in the related *Mattel* cases.  *See generally Mattel, Inc. v. wwwfisherpriceonline*, No. 21-CV-9608 (LJL), 2022 WL 2801022 (S.D.N.Y. July 18, 2022) (discussing pre-judgment frozen assets) *and Mattel, Inc. v. 1622758984*, No. 18-CV-8821 (AJN), 2020 WL 2832812, at *1 (S.D.N.Y. May 31, 2020) ("Judge Woods […] entered the TRO, set an order to show cause hearing, restrained Defendants' assets"). Likewise, in *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 CIV. 8406 (JPC), 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021), the post-judgment assets were previously "frozen".  *See id* at *1.

under Fed. R. Civ. P. 62(a).  But *No. 8 Mine* is not a case that lifts the automatic stay imposed by Rule 62(a).  Instead, that case addresses whether a judgment may be registered in another district before the time prescribed under 28 U.S.C. § 1963.  *See id.* at *2.  Moreover, while the movant in *No. 8 Mine* made the argument the prior failure to comply with orders justified the relief requested under 28 U.S.C. § 1963, the court did not list this a factor in its ultimate decision, which rested on whether there was a lack of assets in the judgment forum.  *See id.*

Finally, Plaintiffs cite to *In re USA Gymnastics*, No. 18-9108-RLM-11, 2020 WL 5833189 (Bankr. S.D. Ind. Sept. 29, 2020), but this case is also not helpful.  First, as is obvious from the style of the case, this was a bankruptcy.  Second, in that case, the bankruptcy court did not issue an immediate dissolution of the automatic stay under Rule 62(a), but rather only shortened it to 15 days instead of 30.  *Id.* at *22–23.  In addition, in that case, the party had the opportunity to see stays of the order in question in the appellate courts.  *Id.* at *22 ("[T]he district court and the Seventh Circuit have both refused to stay the order in its entirety[.]").  As discussed below, Giuliani should be afforded the same opportunities.

Further, in the 2018 Advisory Committee Notes, the Committee recognized that the Court "may address the risks of immediate execution by ordering dissolution of the stay only on condition that security be posted by the judgment creditor."  Fed. R. Civ. P. 62 2018 Advisory Committee Note.  Plaintiffs make no such offer of bond or security in their Motion.  Moreover, if the Court allows immediate execution of the final judgment, then Giuliani will have no chance to have the damages award reduced on remittitur or even seek a stay from the D.C. Circuit pursuant to Fed. R. App. P. 8.  As the Court has recognized in comments from the bench multiple times, this is an unusual case with an unusual procedural posture.  There are many issues that the Court of Appeals will be presented with—some of them novel—that create a stronger likelihood that the

final judgment may be, at minimum, altered in some way on appeal. As a result, the Court should allow Giuliani ample time—including the thirty days under Fed. R. Civ. P. 62(a)—for Giuliani to file the appropriate motions in this Court and/or the Court of Appeals to stay enforcement of the judgment while this "unusual" case is on appeal.

## CONCLUSION

For all of the reasons discussed herein, the Court should deny the Motion insofar it seeks dissolution of the automatic stay under Fed. R. Civ. P. 62(a).

Date: December 19, 2023

Respectfully submitted,

By: /s/ Joseph D. Sibley IV

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701

Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

>                             */s/ Joseph D. Sibley IV*
>                             Joseph D. Sibley IV