UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>                Plaintiffs,<br><br>             v.<br><br>RUDOLPH W. GIULIANI,<br><br>                Defendants. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to FED. R. CIV. P. 50(b), Defendant Rudolph Giuliani hereby files his Renewed Motion for Judgment as a Matter of Law and would respectfully show the Court as follows:[1]

**I.    OVERVIEW OF MOTION**

On December 18, 2023, the Court entered final judgment on Plaintiffs' claims against Giuliani for defamation, intentional infliction of emotional distress, and civil conspiracy. *See* Doc. 142. Prior to the submission of these claims to the jury, on the morning of December 14, 2023, Defendant moved for judgment as a matter of law pursuant to FED. R. CIV. P. 50(a) on various grounds on the record in open court.[2] The Court denied the Rule 50(a) motion in all respects.[3] Defendant now renews those arguments pursuant to Rule 50(b) and requests that the Court grant

---

[1] In the alternative to seeking judgment as a matter of law pursuant to Rule 50(b), Defendant seeks a new trial and/or to alter or amend the Final Judgment dated December 18, 2023 [Doc. 142] pursuant to FED. R. CIV. P. 59(a)-(e) consistent with arguments and authorities presented herein. *See* FED. R. CIV. P. 50(b).

[2] See December 14, 2023 Trial Transcript (Morning) at 34:5-38:7.

[3] See *id.* at 46:1-2.

judgment as a matter of law for Defendant and, in the alternative, grant a new trial or alter the judgment in accordance with the arguments and authorities herein.

## II. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

In their Amended Complaint [Doc. 22] ("Complaint"), Plaintiffs Ruby Freeman ("Freeman") and Wandrea Moss ("Moss" and, together with Freeman, the "Plaintiffs") sued Defendant Rudolph Giuliani ("Giuliani") for defamation *per se*, intentional infliction of emotional distress, and civil conspiracy arising from statements attributed to Giuliani related to the contested 2020 Presidential Election ("Election") in the State of Georgia. Plaintiffs identify multiple statements that Plaintiffs attribute to Giuliani as the basis for Plaintiffs' claims, referring to them as the "Actionable Defamatory Statements". Complaint at ¶¶ 27, 57-101. These were the only specific statements complained of in the Complaint as "actionable". *See generally* Complaint.

There were no co-conspirators specifically named. *See id.* Defendant moved to dismiss the Complaint on various grounds pursuant to Rule 12(b)(6) [Doc. 26], which the Court denied [Doc. 30]. Later, the Court would enter a default judgment on the Complaint as a discovery sanction against Giuliani and ordered a jury trial on damages. [Doc. 93]. Giuliani objected to the jury trial, but said objection was overruled. [Doc. 113]. Giuliani also contended that Plaintiffs were limited to proving damages only from the pleaded conduct establishing liability based on the overt acts identified in the Complaint. [Doc. 110]. The Court overruled Giuliani's objection and permitted Plaintiffs to include unpleaded statements and unpleaded alleged conspiratorial conduct as causing Plaintiffs' damages. [Doc. 119].

Prior to the case going to the jury, Giuliani moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 as follows: [4]

- That the Complaint fails to plead claims for which relief can be granted based on the arguments the Court previously rejected in the Rule12(b)(6) motion;

- That the unpleaded statements the Court allowed in pursuant to [Doc. 119] are protected opinion, protected under the First Amendment, lack any adequate allegation or proof of actual malice as to those statements, and lack any adequate allegation or proof that they were taken in furtherance of any conspiracy Giuliani was a member of;

- That the "emotional harm" statements that Plaintiffs strategically cherry-picked to avoid a one-year defamation statute of limitations are, in fact, subject to the one-year statute of limitations for defamation and are therefore time-barred;

- That any emotional harm or mental anguish damages for the plaintiffs was based on a lack competent evidence because there was no expert testimony as to future harm or mental anguish damages; and

- That Plaintiffs cannot recover damages for reputational injury based on the testimony of Dr. Ashlee Humphreys because her expert testimony was inadmissible.

---

[4] See December 14, 2023 Trial Transcript (Morning) at 34:5-38-7.

### III.     ARGUMENTS AND AUTHORITIES

**A.     Failure To State A Claim/Improper Expansion Of Claims.**

Defendant incorporates by reference his arguments in his Motion to Dismiss [Doc. 26] and reargues them as to the statements specifically identified in the Complaint. Defendant incorporates by reference his arguments in his objections to the statements not identified in the Complaint, but which the Court nevertheless allowed Plaintiffs to seek damages from in Doc. 119. [Docs. 110 and 114.]. Moreover, the unpleaded conduct suffers from the same defects as the pleaded conduct – it fails to properly allege conspiracy (including overt acts taken in furtherance of the conspiracy, meeting of the minds, and membership of the conspiracy) and fails to properly allege actual malice, as well as being protected opinion. Because the conduct complained of fails to adequately plead the claims for relief and/or were improperly presented to the jury despite being outside the pleadings, Defendant is entitled to judgment as a matter of law.

**B.     The "Emotional Harm Statements" Are Time-Barred.**

Plaintiffs did not bring this action until December 23, 2021. *See* Doc. 1. At trial, Plaintiffs carefully distinguished between the so-called "emotional harm" statements (none of which were pleaded) that conveniently fit into a potential three-year statute of limitations to support Plaintiffs' IIED claim and which occurred prior to December 23, 2021, leaving the post December 23, 2021 to be cast in the "actionable defamation statement" category and thus potentially fitting nicely into the one-year defamation statute of limitations. However, Plaintiffs transparent attempt at playing a shell game with the statute of limitations depending on when the statements complained of were made does not comport with D.C. law.

The statute of limitations for defamation in the District of Columbia is one year. *See Jin v. Ministry of State Sec.*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003) (citing D.C. Code § 12–301(4)).

All of the so-called "emotional harm" statements that Plaintiffs based their IIED claims on at trial were: (1) based on false statements made concerning Plaintiffs' and their actions as election workers in Fulton County, GA (the exact same type of statements the defamation claims are based on) and (2) were made more than one year before suit was filed. When a plaintiff complains about a defamatory statement as a predict act for a defamation claim, the one-year statute of limitations for defamation applies to any cause of action based on such conduct. *Browning v. Clinton*, 292 F.3d 235, 244 (D.C. Cir. 2002) (holding that when a tortious interference claim is based solely on allegedly defamatory remarks it is subject to the defamation one-year statute of limitations). This rationale has been specifically applied to IIED claims in this District, with one court recognizing that where an IIED claim seeks redress for the "same personal interests infringed by the intentional torts that would be subject in the District of Columbia to the one-year limitation period", then that tort is also subject to the one-year limitations period. *Hanoch Tel-Oren v. Libyan Arab Republic*, 517 F. Supp. 542, 550 (D.D.C. 1981), *aff'd sub nom. Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774 (D.C. Cir. 1984). Clearly, the emotional harm statements could have been brought as defamation claims and seek redress for the same personal interests as the defamation claims.

Because the gist of the "emotional harm statements" is that they are false and defamatory and therefore, intentionally caused harm to Plaintiffs, and because all of those statements were made more than one year before the suit was filed, Defendant is entitled to judgment as a matter of law on the IIED claims on limitations grounds.

      C.      **No Competent Evidence Of Emotional Distress**.

The District of Columbia Court of Appeals has held that expert testimony is necessary to demonstrate a causal link between a defendant's act and a plaintiff's harm "in cases presenting medically complicated questions due to multiple and/or preexisting causes[.]" *Baltimore v. B.F.*

5

*Goodrich Co.*, 545 A.2d 1228, 1231 (D.C. 1988) (requiring expert testimony as to causation where plaintiff's depression and anxiety was potentially traceable to many sources, including the defendant's conduct, marital discord, and a discrimination lawsuit that the plaintiff had initiated before the accident). Expert testimony is necessary in such cases "[t]o prevent the jury from engaging in speculation" as to whether and to what extent the allegedly unlawful acts at issue—as distinct from other potential factors—caused plaintiff's harm. *Id. See Gray Line, Inc. v. Keaton*, 428 A.2d 360, 362 (D.C.1981).

In this case, the evidence showed that multiple actors made defamatory statements regarding the Plaintiffs that were identical to those made by Giuliani and his alleged co-conspirators. Specifically, Plaintiffs admitted that the publication called "The Gateway Pundit" was the first to identify Plaintiffs by name, first to report the defamatory allegations, and that Plaintiffs sued that publication *prior* to suing Giuliani. In such a case, the Plaintiffs were required to have an expert testify as to how much of their emotional harm was caused by Giuliani as opposed to other sources that pre-dated Giuliani's alleged conduct. *See Halcomb v. Woods,* 610 F. Supp. 2d 77, 86 (D.D.C. 2009) (where multiple potential causes of IIED, plaintiff required to have expert testimony to avoid "speculative" jury award). Because Plaintiffs lacked expert testimony on their IIED claim and the extent of the harm caused by *Giuliani* as opposed to multiple other sources, Defendant is entitled to judgment as a matter of law. *Id.*

### D. Reputational Damages Based On Humphreys Testimony.

Dr. Humphries admitted in her expert reports and her testimony that she relied on the work done by Regina Scott of Jensen Hughes.[5] During her testimony, Scott claimed that the work that

---

[5] *See, e.g.,* December 13, 2023 Trial Transcript (Afternoon) at 23:16-24:8.

Jensen Hughes did that was provided to Dr. Humphreys was, essentially, an expert report and required specialized knowledge and expertise.[6] Ms. Scott/Jensen Hughes were never disclosed as an expert witness.[7] Ms. Scott/Jensen Hughes were instead disclosed as lay witnesses. Where a party fails to disclose expert witnesses and instead tries to sneak an expert witness into trial wearing "lay clothing", the result is an exclusion of the testimony or any evidence that relies on the testimony. *Jones v. NVR Incorporation*, No. CV 20-453 (CKK), 2022 WL 951338, at *7 (D.D.C. Mar. 29, 2022), *aff'd*, No. 22-7064, 2023 WL 4678759 (D.C. Cir. July 21, 2023). Here, the Jensen Hughes/Scott testimony and documents should have been stricken for these reasons. Because Dr. Humphreys relied on undisclosed expert testimony, so should her testimony have been disqualified. *See id.*

Even if Dr. Humphries had not impermissibly relied on the Jensen Hughes testimony and documents, her testimony should have been stricken because her methods were unreliable, contained too large of an analytical gap, and undisclosed foundations as was demonstrated through her cross-examination.[8] Defendant moved to exclude and strike Dr. Humphreys but the Court denied the motion.[9] The Court should have stricken the testimony and instructed the jury to disregard it. Based on this error, the jury returned an exorbitant damages award for reputation injury based on expert testimony that should not have been admitted.[10]

---

[6] *See generally* December 11, 2023 Trial Transcript (Afternoon) at 100-130.

[7] *See generally id*.

[8] *See generally* December 13, 2023 Trial Transcript (Afternoon) at 4-74.

[9] *See id., e.g.,* at 73:6-74:6.

[10] This, along with all of the other problems with Plaintiffs' claims and damages will also undue the punitive damages award, if reduced in any respect because the punitive damages award must be based on the amounts of actual damages, making the punitive damages award excessive.

## IV.    CONCLUSION

For all of the reasons discussed herein, the Court should grant judgment as a matter of law on all of Plaintiffs' claims in favor of Giuliani or, in the alternative, grant a new trial or alter or amend the judgment in accordance with the arguments advanced herein.


Date:  February 20, 2024

                                             Respectfully submitted,

                                      By: */s/ Joseph D. Sibley IV*

                                             CAMARA & SIBLEY L.L.P.

                                                Joseph D. Sibley IV
                                                DC Bar ID: TX0202
                                                1108 Lavaca St.
                                                Suite 110263
                                                Austin, TX 78701

                                                Telephone:  (713) 966-6789
                                                Fax:  (713) 583-1131
                                                Email:  sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**


### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

                                                */s/ Joseph D. Sibley IV*
                                                Joseph D. Sibley I