APPEAL,JURY,TYPE–B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:21–cv–03354–BAH</u>
### *Internal Use Only*

FREEMAN et al. v. GIULIANI
Assigned to: Judge Beryl A. Howell
Demand: $75,000
 Related Case:  1:23–cv–03754–BAH
Cause: 28:1332 Diversity–Libel,Assault,Slander

**Plaintiff**

Date Filed: 12/23/2021
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**RUBY FREEMAN**     represented by     **Aaron E. Nathan**
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
212–728–8904
Email: <u>anathan@willkie.com</u>
*ATTORNEY TO BE NOTICED*

**Brittany Marie Williams**
PROTECT DEMOCRACY
1900 Market Street, 8th Floor
Philadelphia, PA 19103
202–236–7396
Email: <u>brittany.williams@protectdemocracy.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine Kwon**
PROTECT DEMOCRACY
555 W. 5th St.
Los Angeles, CA 90013
310–938–7807
Email: <u>christine.kwon@protectdemocracy.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Tyler Knoblett**
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20001
202–303–1162
Fax: 202–303–2000
Email: <u>jknoblett@willkie.com</u>
*ATTORNEY TO BE NOTICED*

**John Langford**
PROTECT DEMOCRACY

555 W. 5th St.
Los Angeles, CA 90013
919−619−9819
Email: john.langford@protectdemocracy.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie Annie Houghton−Larsen**
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019−6099
212−728−8164
Email: mhoughton−larsen@willkie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meryl Conant Governski**
WILLKIE FARR & GALLAGHER LLP
1875 K Street
Suite 100
Washington, DC 20006
(202) 303−1016
Fax: (202) 303−2000
Email: MGovernski@willkie.com
*ATTORNEY TO BE NOTICED*

**Rachel Goodman**
PROTECT DEMOCRACY
115 Broadway
5th Floor
New York, NY 10006
202−997−0599
Email: rachel.goodman@protectdemocracy.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara Chimene−Weiss**
PROTECT DEMOCRACY
2020 Pennsylvania Avenue, NW
#163
Washington, DC 20006
617−233−9834
Fax: 202−769−3176
Email: sara.chimene−weiss@protectdemocracy.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Ryan**
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006
202−303−1183

Fax: 202–303–2000
Email: tryan@willkie.com
*ATTORNEY TO BE NOTICED*

**Von DuBose**
DUBOSE MILLER
75 14th Street NE
Suite 2110
Atlanta, GA 30309
404–720–8111
Email: dubose@dubosemiller.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Gottlieb**
WILLKIE FARR & GALLAGHER, LLP
1875 K Street, NW
Washington, DC 20006
(202) 303–1442
Fax: (202) 303–2442
Email: mgottlieb@willkie.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **WANDREA' MOSS** | represented by | **Aaron E. Nathan** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Brittany Marie Williams**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine Kwon**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Tyler Knoblett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Langford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie Annie Houghton–Larsen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meryl Conant Governski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Goodman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara Chimene–Weiss**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Ryan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Von DuBose**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Gottlieb**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**HERRING NETWORKS, INC.**
*d/b/a ONE AMERICA NEWS*
*NETWORK*
*TERMINATED: 05/11/2022*

**Defendant**

**CHARLES HERRING**
*TERMINATED: 05/11/2022*

**Defendant**

**ROBERT HERRING**
*TERMINATED: 05/11/2022*

**Defendant**

**CHANEL RION**
*TERMINATED: 05/11/2022*

**Defendant**

**RUDOLPH GIULIANI**                    represented by  **Joseph D. Sibley , IV**

CAMARA & SIBLEY LLP
1108 Lavaca St
Suite 110263
Austin, TX 78701
713–966–6789
Fax: 713–583–1131
Email: sibley@camarasibley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

| | | |
|---|---|---|
| **OFFICE OF THE SECRETARY OF STATE FOR THE STATE OF GEORGIA** | represented by | **Daniel Stephen Walsh** DEPARTMENT OF LAW, STATE OF GEORGIA 40 Capitol Square, SW Atlanta, GA 30334 404–458–3358 Email: dwalsh@law.ga.gov *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Non–Party Respondent**

| | | |
|---|---|---|
| **BERNARD KERIK** | represented by | **Timothy Parlatore** PARLATORE LAW GROUP LLP 260 Madison Avenue 17th Floor New York, NY 10016 212–679–6312 Fax: 212–202–4787 Email: timothy.parlatore@parlatorelawgroup.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/23/2021 | 1 | COMPLAINT against RUDOLPH W. GIULIANI, CHARLES HERRING, ROBERT HERRING, HERRING NETWORKS, INC., CHANEL RION with Jury Demand ( Filing fee $ 402 receipt number ADCDC–8947756) filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons to Herring Networks, Inc., # 3 Summons to Charles Herring, # 4 Summons to Robert Herring, # 5 Summons to Chanel Rion, # 6 Summons to Rudolph W. Giuliani)(Gottlieb, Michael) (Entered: 12/23/2021) |
| 12/23/2021 | 2 | Exparte document, MOTION for Waiver *of Local Civil Rule 5.1(c)* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/23/2021) |
| 12/27/2021 | | Case Assigned to Chief Judge Beryl A. Howell. (znmg) (Entered: 12/27/2021) |
| 12/28/2021 | 3 | SUMMONS (5) Issued Electronically as to RUDOLPH W. GIULIANI, CHARLES HERRING, ROBERT HERRING, HERRING NETWORKS, INC., CHANEL RION. |

| | | (Attachments: # <u>1</u> Notice and Consent)(adh, ) (Entered: 12/28/2021) |
|---|---|---|
| 12/30/2021 | <u>4</u> | STANDING ORDER. Signed by Chief Judge Beryl A. Howell on December 30, 2021. (lcbah4) (Entered: 12/30/2021) |
| 01/11/2022 | <u>5</u> | SEALED DOCUMENT filed by RUBY FREEMAN, WANDREA MOSS(This document is SEALED and only available to authorized persons.)(Gottlieb, Michael) (Entered: 01/11/2022) |
| 01/26/2022 | <u>6</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. HERRING NETWORKS, INC. served on 1/6/2022, answer due 1/27/2022 (Attachments: # <u>1</u> Index of Exhibits, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D)(Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | <u>7</u> | WAIVER OF SERVICE. CHARLES HERRING waiver sent on 1/24/2022, answer due 3/25/2022. (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | <u>8</u> | WAIVER OF SERVICE. RUDOLPH W. GIULIANI waiver sent on 1/3/2022, answer due 3/4/2022. (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | <u>9</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT HERRING served on 1/12/2022, answer due 2/2/2022 (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | <u>10</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHANEL RION served on 1/7/2022, answer due 1/28/2022 (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | <u>11</u> | Unopposed MOTION for Extension of Time to *Respond to Complaint to March 25, 2022 and to Consolidate Deadlines* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Text of Proposed Order)(Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/27/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' <u>11</u> Unopposed Motion for Extension of Time to Respond to Complaint to March 25, 2022, and to Consolidate Deadlines, and DIRECTING defendants to respond to the Complaint by March 25, 2022. Signed by Chief Judge Beryl A. Howell on January 27, 2022. (lcbah4) (Entered: 01/27/2022) |
| 01/27/2022 | | Set/Reset Deadlines: Answer to the Complaint due by 3/25/2022. (ztg) (Entered: 01/27/2022) |
| 03/21/2022 | <u>12</u> | Unopposed MOTION for Extension of Time to File Answer re <u>1</u> Complaint, , Unopposed MOTION for Briefing Schedule by RUDOLPH GIULIANI. (Attachments: # <u>1</u> Text of Proposed Order Proposed Order)(Sibley, Joseph) (Entered: 03/21/2022) |
| 03/22/2022 | | MINUTE ORDER (paperless) GRANTING IN PART AND DENYING IN PART defendant RUDOLPH GIULIANI's <u>12</u> Unopposed Motion for Extension of Time to Respond to Complaint; DIRECTING plaintiffs and defendants HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION (the "OAN Defendants") to file a joint status report by April 21, 2022, apprising the Court of the status of settlement negotiations, whether they intend to proceed with litigation, or whether they request additional time to continue negotiations; GRANTING the request for plaintiffs to file an amended complaint by April 25, 2022; and DENYING defendant RUDOLPH GIULIANI's request for an extension in the deadline by which he must respond to plaintiffs' Complaint, as defendant has provided |

| | | |
|---|---|---|
| | | insufficient cause to justify such a substantial extension of time to respond to the Complaint beyond that afforded to him by the Federal Rules. Signed by Chief Judge Beryl A. Howell on March 22, 2022. (lcbah4) (Entered: 03/22/2022) |
| 03/24/2022 | | Set/Reset Deadlines: Plaintiffs and defendants HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION's Joint Status Report due by 4/21/2022; Amended Complaint due by 4/25/2022. (ztg) (Entered: 03/24/2022) |
| 03/25/2022 | 13 | ANSWER to Complaint by RUDOLPH GIULIANI.(Sibley, Joseph) (Entered: 03/25/2022) |
| 04/21/2022 | 14 | Joint STATUS REPORT *Regarding Mediation* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 04/21/2022) |
| 04/25/2022 | 15 | Joint MOTION for Order *Approving the Schedule Proposed in the Concurrently Filed Joint Meet and Confer Report* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order [Proposed] Joint Scheduling Order)(Gottlieb, Michael) (Entered: 04/25/2022) |
| 04/25/2022 | 16 | MEET AND CONFER STATEMENT. (Gottlieb, Michael) (Entered: 04/25/2022) |
| 04/26/2022 | | MINUTE ORDER (paperless) GRANTING the parties' 15 Joint Motion for Order Approving the Schedule Proposed in the Concurrently Filed Joint Meet and Confer Report, and ISSUING the following SCHEDULING ORDER to control the timing of proceedings in this matter: 1. By May 10, 2022, the parties shall file any amended pleadings and join any additional parties; 2. By May 18, 2022, the parties shall exchange initial disclosures required by Federal Rule of Civil Procedure 26(a)(1); 3. By June 6, 2022, defendant shall file any motion under Federal Rule of Civil Procedure 12, with any opposition due by June 27, 2022, and any reply by July 11, 2022; 4. By November 22, 2022, all fact discovery shall close (including answers to interrogatories, document production, requests for admission, and depositions); 5. By December 16, 2022, all experts shall be designated with required expert disclosures, and by January 27, 2023, any rebuttal experts designated with required rebuttal expert disclosures; and 6. By February 17, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated. Signed by Chief Judge Beryl A. Howell on April 26, 2022. (lcbah4) (Entered: 04/26/2022) |
| 04/27/2022 | | Set/Reset Deadlines: Amended pleadings/joinder of parties due by 5/10/2022; initial disclosures due by 5/18/2022; any motion under Federal Rule of Civil Procedure 12 due by 6/6/2022; opposition due by 6/27/2022; reply due by 7/11/2022; fact discovery due by 11/22/2022; expert disclosures due by 12/16/2022; rebuttal expert designation due by 1/27/2023; all discovery due by 2/17/2023. (ztg) (Entered: 04/27/2022) |
| 04/29/2022 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Von A. DuBose, Filing fee $ 100, receipt number ADCDC–9205365. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Von A. DuBose, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |

| | | |
|---|---|---|
| 04/29/2022 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rachel Goodman, Filing fee $ 100, receipt number ADCDC–9205400. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Rachel Goodman, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |
| 04/29/2022 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kurt G. Kastorf, Filing fee $ 100, receipt number ADCDC–9205434. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Kurt G. Kastorf, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |
| 04/29/2022 | 20 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John Langford, Filing fee $ 100, receipt number ADCDC–9205462. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of John Langford, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiff's 17 Motion for Admission of Attorney *Pro Hac Vice*. Mr. Von A. DuBose may enter an appearance *pro hac vice* for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 18 Motion for Admission of Attorney *Pro Hac Vice*. Ms. Rachel Elizabeth Goodman may enter an appearance *pro hac vice* for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 19 Motion for Admission of Attorney *Pro Hac Vice*. Mr. Kurt G. Kastorf may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 20 Motion for Admission of Attorney *Pro Hac Vice*. Mr. John Thomas Langford may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/10/2022 | 21 | MOTION to Dismiss *(Motion for Voluntary Dismissal)* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 05/10/2022) |
| 05/10/2022 | 22 | AMENDED COMPLAINT against RUDOLPH GIULIANI with Jury Demand filed by RUBY FREEMAN, WANDREA MOSS.(Gottlieb, Michael) (Entered: 05/10/2022) |
| 05/10/2022 | 23 | NOTICE of Appearance by Meryl Conant Governski on behalf of RUBY FREEMAN, WANDREA MOSS (Governski, Meryl) (Entered: 05/10/2022) |
| 05/10/2022 | 24 | NOTICE of Appearance by Rachel Goodman on behalf of RUBY FREEMAN, WANDREA MOSS (Goodman, Rachel) (Entered: 05/10/2022) |

| 05/10/2022 | 25 | NOTICE of Appearance by John Langford on behalf of RUBY FREEMAN, WANDREA MOSS (Langford, John) (Entered: 05/10/2022) |
|---|---|---|
| 05/11/2022 | | MINUTE ORDER (paperless), GRANTING plaintiffs' 21 Motion for Voluntary Dismissal and Entry of Judgment with Respect as to the OAN Defendants; DISMISSING, with prejudice, defendants HERRING NETWORKS INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION from the instant action; and DIRECTING entry of final judgment as to defendants HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION. *See* Fed. R. Civ. P. 54(b). Signed by Chief Judge Beryl A. Howell on May 11, 2022. (lcbah4) (Entered: 05/11/2022) |
| 06/06/2022 | 26 | MOTION to Dismiss *Amended Complaint pursuant to Rule 12(b)(6)* by RUDOLPH GIULIANI. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Memorandum in Support Memo in Support, # 3 Exhibit Ex A to Memo)(Sibley, Joseph) (Entered: 06/06/2022) |
| 06/27/2022 | 27 | Memorandum in opposition to re 26 MOTION to Dismiss *Amended Complaint pursuant to Rule 12(b)(6)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order Denying Defendant's Motion to Dismiss, # 2 Exhibit A: Snopes.com Article)(Gottlieb, Michael) (Entered: 06/27/2022) |
| 08/31/2022 | 28 | Joint MOTION for Extension of Time to Complete Discovery by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 08/31/2022) |
| 08/31/2022 | | MINUTE ORDER (paperless) GRANTING the parties' 28 Joint Motion to Extend Discovery, and AMENDING the SCHEDULING ORDER as follows: 1. By May 22, 2023, all fact discovery shall close (including answers to interrogatories, document production, requests for admission, and depositions); 2. By June 16, 2023, all experts shall be designated with required expert disclosures, and by July 20, 2023, any rebuttal experts designated with required rebuttal expert disclosures; 3. By August 10, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated; and4. By September 11, 2023, the parties shall file any dispositive motions, with any opposition due on September 25, 2023, and any replies due October 2, 2023. Signed by Chief Judge Beryl A. Howell on August 31, 2022. (lcbah4) (Entered: 08/31/2022) |
| 09/01/2022 | | Set/Reset Deadlines: Fact discovery due by 5/22/2023. Expert disclosures due by 6/16/2023. Rebuttal expert disclosures due by 7/20/2023. Expert discovery and joint status report due by 8/10/2023. Dispositive motions due by 9/11/2023. Opposition due by 9/25/2023. Reply due by 10/2/2023. (hmc) Corrected typo on 9/6/2022 (ztg). (Entered: 09/01/2022) |
| 09/19/2022 | 29 | NOTICE of Appearance by Von DuBose on behalf of RUBY FREEMAN, WANDREA MOSS (DuBose, Von) (Main Document 29 replaced on 9/21/2022) (zed). (Entered: 09/19/2022) |
| 10/31/2022 | 30 | ORDER denying the defendant's 26 Motion to Dismiss. See Order for further details. Signed by Chief Judge Beryl A. Howell on October 31, 2022. (lcbah4) (Entered: 10/31/2022) |

| 10/31/2022 | 31 | MEMORANDUM OPINION regarding the defendant's 26 Motion to Dismiss. Signed by Chief Judge Beryl A. Howell on October 31, 2022. (lcbah4) (Entered: 10/31/2022) |
|---|---|---|
| 11/14/2022 | 32 | MEET AND CONFER STATEMENT. (Gottlieb, Michael) (Entered: 11/14/2022) |
| 12/12/2022 | 33 | *Original* ANSWER to 22 Amended Complaint by RUDOLPH GIULIANI.(Sibley, Joseph) (Entered: 12/12/2022) |
| 12/16/2022 | 34 | Unopposed MOTION for Order Authorizing Plaintiffs to Serve Third–Party Katherine Friess with a Federal Rule of Civil Procedure 45 Subpoena via Alternative Methods by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Attorney John Langford in Support of Plaintiffs' Unopposed Motion for Order Approving Alternative Service of Rule 45 Subpoena on Third–Party Katherine Friess, # 2 Exhibit 1 (Proposed Subpoena to Katherine Friess), # 3 Exhibit 2 (Giuliani Strategic Plan), # 4 Exhibit 3 (Def.'s Amended Answers to Interrogatories), # 5 Exhibit 4 (Def.'s First Privilege Log), # 6 Exhibit 5 (Felter Affidavit of Due Diligence), # 7 Exhibit 6 (Friess's Colorado Action), # 8 Exhibit 7 (AT&T Letter to Friess), # 9 Exhibit 8 (Friess Declaration), # 10 Exhibit 9 (D.C. Bar Listing for Friess), # 11 Exhibit 10 (Colo. Bar Listing for Friess), # 12 Exhibit 11 (Bryson Affidavit of Non–Service), # 13 Exhibit 12 (Langford Emails to Friess's Counsel in Colorado Action), # 14 Exhibit 13 (Printout of Friess's Possible Address), # 15 Exhibit 14 (Virginia SCC Listing for Friess's Business), # 16 Exhibit 15 (October Email from Langford to Friess), # 17 Exhibit 16 (December Email from Langford to Friess), # 18 Exhibit 17 (Read Receipts Reflecting Friess Opening December Email), # 19 Exhibit 18 (Def.'s "V Card" for Friess), # 20 Exhibit 19 (Order, OAO Alfa Bank v. Ctr. For Public Integrity, No. 1:00–cv–02208–JDB (D.D.C. Jan. 6, 2004), ECF No. 122), # 21 Exhibit 20 (Order, Rich v. Butowsky, No. 1:18–cv–00681–RJL(D.D.C. Jan. 24, 2020), ECF No. 133), # 22 Text of Proposed Order)(Langford, John) (Entered: 12/16/2022) |
| 12/20/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 34 Unopposed Motion for Order Authorizing Plaintiffs to Serve Third–Party Katherine Friess with a Federal Rule of Civil Procedure 45 Subpoena via Alternative Methods ("Pls.' Mot."), upon consideration of this Motion and the accompanying affidavits indicating plaintiffs' repeated efforts to contact and serve Katherine Friess ["Friess"], *see* [34–1] Declaration of Attorney John Langford in Support of Plaintiffs' Unopposed Motion for Order Approving Alternative Service of Rule 45 Subpoena on Third–Party Katherine Friess; [34–6] Felter Affidavit of Due Diligence; [34–8] AT&T Letter to Friess; [34–12] Bryson Affidavit of Non–Service; [34–13] Langford Emails to Friess's Counsel in Colorado Action; [34–16] October Email from Langford to Friess; [34–17] December Email from Langford to Friess; and [34–18] Read Receipts Reflecting Friess Opening December Email. While Federal Rule of Civil Procedure 45(b)(1) contemplates that third–party witnesses are to be personally served, *see Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 362 (D.D.C. 2011) ("The Federal Rules of Civil Procedure requires personal service of subpoenas. *See* FED. R. CIV.P. 45(b)(1)."), "alternative forms of service may be acceptable under Rule 45," particularly "where the witness is aware of the lawsuit, knows that one of the parties is interested in h[er] testimony, and is aware that there have been multiple attempts at personal service, and where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena," Order, OAO *Alfa Bank v. Ctr. For Public Integrity*, No. 1:00–cv–02208–JDB (D.D.C. Jan. 6, 2004); *accord United States ex rel. El–Amin v. George Washington Univ.*, No. 1:95–cv–02000–CKK, 2000 U.S. Dist. LEXIS 15635, at *34 (D.D.C. Oct. 23, 2000); Order, *Rich v. Butowsky*, No. 18–cv–681–RJL (D.D.C. Jan. 24, 2020), ECF No. 133. Here, these factors are fully |

| | | |
|---|---|---|
| | | met: (1) Friess is likely aware of this lawsuit, given that plaintiffs have attempted to serve her at six different addresses where she may be residing, they have contacted counsel known to represent Friess in other matters, and they have emailed Friess directly at five different email addresses, Pls.' Mot. at 1920; (2) plaintiffs have attempted to serve Friess more than ten times over four months at six different addresses in three different states, *id.* at 6; and (3) plaintiffs have offered three other forms of service that will give actual notice of the action to Friess, including by emailing her counsel and her personally, and mailing her to her known addresses, *id.* at 22–23. Accordingly, plaintiffs are DIRECTED to serve a third–party subpoena on Katherine Friess by each of the following means: (1) emailing a copy of this order and the subpoena to each of the email addresses plaintiffs have for Friess, (2) sending a copy of the order and confirmatory copy of the subpoena to all of the Colorado addresses plaintiffs have attempted to serve Friess to–date, and (3) sending a copy of the order and confirmatory copy of the subpoena to Friess's attorney in the Colorado litigation regarding the Congressional subpoena for Friess's phone records, *see* Compl., *Friess v. Thompson*, No. 22–cv–448 (D. Colo. Feb. 22, 2022), ECF No. 1. Signed by Chief Judge Beryl A. Howell on December 20, 2022. (lcbah4) (Entered: 12/20/2022) |
| 03/16/2023 | 35 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Marie Anne Houghton–Larsen, Filing fee $ 100, receipt number ADCDC–9932098. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Gottlieb, Michael) (Entered: 03/16/2023) |
| 03/16/2023 | | NOTICE OF HEARING: The parties shall take notice that a Discovery Hearing is scheduled for March 21, 2023, at 9:40 AM via videoconference before Chief Judge Beryl A. Howell. The deputy clerk will provide the parties with a link to connect to the courtroom via videoconference. (ztg) (Entered: 03/16/2023) |
| 03/20/2023 | | MINUTE ORDER (paperless), upon consideration of plaintiff's email to the Court on March 16, 2023 ("March 16 Email"), DIRECTING plaintiff to provide a more detailed explanation of and timeline for the discovery issues in dispute by 3:00 PM today, March 20, 2023, by (1) summarizing the "two fulsome deficiency letters" plaintiff submitted to defendant, the dates issued and dates of requested responses, subject matter for which discovery was requested, and attaching those letters as exhibits; (2) clarifying the scope of defendant's failure to preserve, search, or produce documents in response to plaintiff's requests for production; and (3) explaining what relief plaintiff seeks from the Court, *see* March 16 Email; and FURTHER DIRECTING defendant to file any response to plaintiff's filing by 5:00 PM today. Signed by Judge Beryl A Howell on March 20, 2023. (lcbah4) (Entered: 03/20/2023) |
| 03/20/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 35 Motion for Marie Anne Houghton–Larsen to Appear Pro Hac Vice. Ms. Houghton–Larsen may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Beryl A Howell on March 20, 2023. (lcbah4) (Entered: 03/20/2023) |
| 03/20/2023 | 36 | RESPONSE TO ORDER OF THE COURT re Order,,, *Directing the Plaintiff to Provide a Detailed Explanation of the Timeline for Discovery Issues in Dispute* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gottlieb, Michael) (Entered: 03/20/2023) |

| 03/20/2023 | | MINUTE ORDER (paperless) DIRECTING that defendant Rudolph Giuliani appear for the Discovery Hearing scheduled for March 21, 2023 at 9:40 AM via videoconference before Judge Beryl A. Howell. Signed by Judge Beryl A Howell on March 20, 2023. (lcbah4) (Entered: 03/20/2023) |
|---|---|---|
| 03/20/2023 | 37 | ERRATA by RUBY FREEMAN, WANDREA MOSS re 36 Response to Order of the Court,. (Gottlieb, Michael) (Entered: 03/20/2023) |
| 03/20/2023 | 38 | MEMORANDUM by RUDOLPH GIULIANI. (Attachments: # 1 Exhibit Ex A)(Sibley, Joseph) (Entered: 03/20/2023) |
| 03/21/2023 | 39 | NOTICE of Appearance by Marie Annie Houghton–Larsen on behalf of RUBY FREEMAN, WANDREA MOSS (Houghton–Larsen, Marie) (Entered: 03/21/2023) |
| 03/21/2023 | | Minute Entry for proceedings held before Judge Beryl A Howell: Discovery Hearing held on 3/21/2023. An Order with directives and deadlines will be issued by the Court. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 03/21/2023) |
| 03/21/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' responses to the Court's March 20, 2023 Minute Order, *see* Pls.' 36 Resp. to Order of the Court; Def.'s 38 Memorandum, and the hearing held today, that<br><br>(1) by March 24, 2023, plaintiffs shall provide defendant with supplemental interrogatories, as discussed at the hearing;<br>(2) by March 24, 2023, defendant shall (a) submit notice to the Court describing in specific terms the data on the "Trust Point" database that were searched in response to plaintiffs' Requests for Production (RFPs), including date range and contents (e.g., social media accounts, text messages, and communications on other messaging platforms, such as Signal, Telegram, etc.); (b) what locations and data sources remain for searches to be completed to respond fully to plaintiffs RFPs; (c) provide updated complete responses to plaintiffs' Requests for Admission 82, 83, and 90; and (d) provide updated initial disclosures to plaintiffs, pursuant to Federal Rule of Civil Procedure 26(a);<br>(3) by March 30, 2023, defendant shall (a) complete searches and production of responsive records to plaintiffs' RFPs; (b) provide responses in full to plaintiffs' supplemental interrogatories; and<br>(4) by April 10, 2023, the parties shall jointly submit a status report apprising the Court on their progress in resolving their discovery disputes, clarifying whether plaintiffs intend to file any motion to compel and, if so, proposing a briefing schedule for any motion to compel. Signed by Judge Beryl A Howell on March 21, 2023. (lcbah4) (Entered: 03/21/2023) |
| 03/21/2023 | | Set/Reset Deadlines: Parties' responses to Order of the Court due by 3/24/2023; defendant's complete searches and production of responsive records to plaintiffs' requests for production, and responses in full to plaintiffs' supplemental interrogatories due by 3/30/2023; Joint Status Report due by 4/10/2023. (ztg) (Entered: 03/21/2023) |
| 03/24/2023 | 40 | STATUS REPORT *re March 21, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 03/24/2023) |
| 03/29/2023 | 41 | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 3–21–2023. Page Numbers: 1 – 47. Date of Issuance: 3–29–2023. Court Reporter: Elizabeth SaintLoth, Telephone number 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form |

| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 4/19/2023. Redacted Transcript Deadline set for 4/29/2023. Release of Transcript Restriction set for 6/27/2023.(Saint–Loth, Elizabeth) (Entered: 03/29/2023) |
|---|---|---|
| 04/10/2023 | 42 | Joint STATUS REPORT by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit A)(Gottlieb, Michael) (Entered: 04/10/2023) |
| 04/11/2023 | | MINUTE ORDER (paperless) Upon consideration of the parties' 42 joint status report, and given that the parties are at an impasse regarding the sufficiency of defendant's compliance with his discovery obligations, ISSUING the following SCHEDULING ORDER: (1) By April 17, 2023, plaintiffs shall file any motion to compel; (2) by May 1, 2023, defendant shall file any opposition to plaintiff's motion; and (3) by May 8, 2023, plaintiffs shall file any reply. Signed by Judge Beryl A. Howell on April 11, 2023. (lcbah4) (Entered: 04/11/2023) |
| 04/12/2023 | | Set/Reset Deadlines: Motion to compel, if any, due by 4/17/2023; opposition due by 5/1/2023; reply due by 5/8/2023. (ztg) (Entered: 04/12/2023) |
| 04/17/2023 | 43 | Unopposed MOTION for Protective Order by Office of the Secretary of State for the State of Georgia. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Walsh, Daniel) Modified on event 4/19/2023 (znmw). (Entered: 04/17/2023) |
| 04/17/2023 | 44 | MOTION to Compel by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Index of Exhibits, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Text of Proposed Order)(Governski, Meryl) (Entered: 04/17/2023) |
| 04/18/2023 | 45 | PROTECTIVE ORDER. Signed by Judge Beryl A. Howell on April 18, 2023. (lcbah4) (Entered: 04/18/2023) |
| 04/20/2023 | 46 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sara Chimene–Weiss, Filing fee $ 100, receipt number BDCDC–10015407. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Langford, John) (Entered: 04/20/2023) |
| 04/21/2023 | | NOTICE OF ERROR re 46 Motion for Leave to Appear Pro Hac Vice; emailed to john.langford@protectdemocracy.org, cc'd 16 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following deficiency and file/refile document as instructed**, 2. Motion must be signed and filed by the sponsoring attorney. Please refile using the even ERRATA. (zed, ) (Entered: 04/21/2023) |
| 04/24/2023 | 47 | |

| | | |
|---|---|---|
| | | ERRATA by RUBY FREEMAN, WANDREA MOSS re 46 Motion for Leave to Appear Pro Hac Vice,. (Attachments: # 1 Motion for Leave to Appear Pro Hac Vice, # 2 Declaration, # 3 Text of Proposed Order)(Governski, Meryl) (Entered: 04/24/2023) |
| 04/24/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 46 Motion for Sara Chimene–Weiss to Appear Pro Hac Vice. Ms. Sara Chimene–Weiss may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a) Click for instructions. Signed by Judge Beryl A. Howell on April 24, 2023. (lcbah4) (Entered: 04/24/2023) |
| 04/25/2023 | 48 | STIPULATION (*Joint Stipulation to Take Additional Depositions*) by RUBY FREEMAN, WANDREA MOSS. (Governski, Meryl) (Entered: 04/25/2023) |
| 04/27/2023 | | MINUTE ORDER (paperless) Upon consideration of the parties' 48 Joint Stipulation to Amend the Joint Conference Report and Discovery Plan to Permit the Parties to take up to Four Additional Depositions, AMENDING the 16 Joint Meet and Confer Report to allow plaintiffs to take four additional depositions, for a total of fourteen depositions. Signed by Judge Beryl A. Howell on April 27, 2023. (lcbah4) (Entered: 04/27/2023) |
| 04/28/2023 | 49 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christine Kwon, Filing fee $ 100, receipt number ADCDC–10034156. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Governski, Meryl) (Entered: 04/28/2023) |
| 05/01/2023 | 50 | NOTICE of Appearance by John Tyler Knoblett on behalf of RUBY FREEMAN, WANDREA MOSS (Knoblett, John) (Entered: 05/01/2023) |
| 05/01/2023 | 51 | RESPONSE re 44 MOTION to Compel filed by RUDOLPH GIULIANI. (Attachments: # 1 Declaration Ex A, # 2 Exhibit Ex B)(Sibley, Joseph) (Entered: 05/01/2023) |
| 05/02/2023 | | NOTICE OF ERROR regarding 49 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christine Kwon, Filing fee $ 100, receipt number ADCDC–10034156. Fee Status: Fee Paid.. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCvR 83.2(c)(2)). Please file certificate as an Errata (zed) (Entered: 05/02/2023) |
| 05/02/2023 | 52 | Joint MOTION for Protective Order by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 05/02/2023) |
| 05/02/2023 | 53 | ERRATA by RUBY FREEMAN, WANDREA MOSS re 49 Motion for Leave to Appear Pro Hac Vice,. (Attachments: # 1 Exhibit 1)(Governski, Meryl) (Entered: 05/02/2023) |
| 05/02/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 49 Motion for Christine Kwon to Appear Pro Hac Vice. Ms. Kwon may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Beryl A. Howell on May 2, 2023. (lcbah4) (Entered: 05/02/2023) |
| 05/02/2023 | 54 | ORDER granting the parties' 52 Joint Motion for Protective Order. See order for further details. Signed by Judge Beryl A. Howell on May 2, 2023. (lcbah4) (Entered: |

| | | |
|---|---|---|
| | | 05/02/2023) |
| 05/05/2023 | 55 | NOTICE of Appearance by Sara Chimene–Weiss on behalf of RUBY FREEMAN, WANDREA MOSS (Chimene–Weiss, Sara) (Entered: 05/05/2023) |
| 05/08/2023 | 56 | REPLY to opposition to motion re 44 MOTION to Compel filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Governski, Meryl) (Entered: 05/08/2023) |
| 05/09/2023 | 57 | NOTICE of Appearance by Christine Kwon on behalf of RUBY FREEMAN, WANDREA MOSS (Kwon, Christine) (Entered: 05/09/2023) |
| 05/09/2023 | 58 | Unopposed MOTION for Order Permitting Plaintiffs to Serve a Rule 45 Subpoena on Third–Party Jenna Ellis via Alternative Service and Amending the Scheduling Order to Permit Plaintiffs to Take Three Depositions After the Close of Fact Discovery re Order on Motion for Extension of Time to Complete Discovery,,,, by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Attorney John Langford in Support of Plaintiffs' Unopposed Motion, # 2 Exhibit 1 (Proposed Subpoena to Jenna Ellis), # 3 Exhibit 2 (Def.'s First Am. Initial Disclosures), # 4 Exhibit 3 (Def.'s Second Am. Initial Disclosures), # 5 Exhibit 4 (Excerpt of Def.'s Dep. Tr.), # 6 Exhibit 5 (Colo. Opinion Approving Stipulation to Discipline), # 7 Exhibit 6 (First Email Chain w/ Kleinbard Counsel), # 8 Exhibit 7 (Second Email Chain w/ Kleinbard Counsel), # 9 Exhibit 8 (May 8, 2023, Aff. of Due Diligence), # 10 Exhibit 9 (April 23, 2023, Ellis Tweet), # 11 Exhibit 10 (May 9, 2023, Aff. of Due Diligence), # 12 Exhibit 11 (Email Chain w/ Def.'s Counsel), # 13 Exhibit 12 (Email Chain Between Private Investigator and USPS), # 14 Exhibit 13 (Ellis USPS Request), # 15 Exhibit 14 (30(b)(6) Subpoena to Giuliani Partners LLC), # 16 Exhibit 15 (30(b)(6) Subpoena to Giuliani Communications LLC), # 17 Text of Proposed Order Granting Plaintiffs' Unopposed Motion)(Langford, John) (Entered: 05/09/2023) |
| 05/10/2023 | | NOTICE OF HEARING: The parties shall take notice that a Discovery Hearing is scheduled for 5/19/2023, at 11:00 AM in Courtroom 26A– IN PERSON before Judge Beryl A. Howell. (ztg) (Entered: 05/10/2023) |
| 05/10/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 58 Unopposed Motion for Order Permitting Plaintiffs to Serve a Rule 45 Subpoena on Third–Party Jenna Ellis via Alternative Service and Amending the Scheduling Order to Permit Plaintiffs to Take Three Depositions After the Close of Fact Discovery ("Pls.' Mot."), upon consideration of this Motion and the accompanying affidavits indicating plaintiffs' repeated efforts to contact and serve Jenna Ellis ["Ellis"], *see* [58–1] Declaration of Attorney John Langford in Support of Pls.' Mot.; [58–7] First Email Chain with Ellis' Counsel; [58–8] Second Email Chain with Ellis' Counsel; [58–9] May 8, 2023, Affidavit of Due Diligence; [58–11] May 9, 2023, Affidavit of Due Diligence; [58–12] Email Chain with Defendant's Counsel; [58–13] Email Chain Between Private Investigator and USPS; and [58–14] Ellis USPS Request. |
| | | While Federal Rule of Civil Procedure 45(b)(1) contemplates that third–party witnesses are to be personally served, *see Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 362 (D.D.C. 2011) ("The Federal Rules of Civil Procedure requires personal service of subpoenas. See FED. R. CIV.P. 45(b)(1)."), "alternative forms of service may be acceptable under Rule 45," particularly "where the witness is aware of the lawsuit, knows that one of the parties is interested in h[er] testimony, and is aware that there have been multiple attempts at personal service, and |

where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena," Order, *OAO Alfa Bank v. Ctr. For Public Integrity*, No. 1:00–cv–02208–JDB (D.D.C. Jan. 6, 2004); *accord United States ex rel. El–Amin v. George Washington Univ.* , No. 1:95–cv–02000–CKK, 2000 U.S. Dist. LEXIS 15635, at *34 (D.D.C. Oct. 23, 2000); Order, *Rich v. Butowsky*, No. 18–cv–681–RJL (D.D.C. Jan. 24, 2020), ECF No. 133; Minute Order (Dec. 20, 2022) (authorizing service of Rule 45 Subpoena on third–party Katherine Friess via Alternative Methods).

Here, these factors are fully met: (1) Ellis is likely aware of this lawsuit, given that she was added to defendant's initial disclosures, plaintiffs have attempted to serve her three times at an address where she is believed to have recently resided and where her mother currently resides––including one attempt in which "a woman was in the house when the process server attempted service, but refused to come to the door"––and they have contacted lawyers known to have represented Ellis in another matter and who indicated that they were discussing plaintiffs' request with Ellis, Pls.' Mot. at 7–8, 11–12; and (2) plaintiffs have offered six other forms of service that will give actual notice of the action to Ellis, id. at 12–13.

Accordingly, plaintiffs are DIRECTED to serve a third–party subpoena on Jenna Ellis by each of the following means: (1) emailing a copy of this order authorizing alternative service and the subpoena to Ellis's lawyers with whom they have been conferring with regarding Ellis's compliance with the subpoena in this matter, (2) sending a copy of the order and confirmatory copy of the subpoena to the Colorado address where plaintiffs have attempted to serve Ellis three times, (3) emailing a copy of the order and confirmatory copy of the subpoena to the email addresses plaintiffs have for Ellis, (4) sending a copy of the order and confirmatory copy of the subpoena to Ellis via direct message to her Twitter account, where she announced her recent move to an unknown address in Florida, *see* [58–10] April 23, 2023, Ellis Tweet, (5) sending a copy of the order and confirmatory copy of the subpoena to Ellis via direct message to her Instagram account, and (6) sending a copy of the order and confirmatory copy of the subpoena to Ellis via direct message to her Facebook account. It is further ORDERED that plaintiffs may take the deposition of Ellis, Giuliani Partners LLC, and Giuliani Communications LLC after fact discovery closes on May 22, 2023. Signed by Judge Beryl A. Howell on May 10, 2023. (lcbah4) (Entered: 05/10/2023)

| 05/17/2023 | 59 | Unopposed MOTION for Order Permitting Plaintiffs to Notice for Deposition and Depose Third–Party Ray Smith After the Close of Fact Discovery and for Clarification of the Scheduling Order by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Attorney Von A. DuBose in Support of Plaintiffs' Unopposed Motion, # 2 Exhibit 1 (Email from Mr. Evans), # 3 Text of Proposed Order)(Langford, John) (Entered: 05/17/2023) |
| 05/18/2023 | | MINUTE ORDER (paperless) Upon consideration of plaintiffs' 59 Unopposed Motion for Order Permitting Plaintiffs to Notice for Deposition and Depose Third–Party Ray Smith After the Close of Fact Discovery and for Clarification of the Scheduling Order ("Motion"), GRANTING plaintiffs' Motion; ORDERING that plaintiffs are permitted to notice for deposition and depose third–party Ray Smith after the close of fact discovery on May 22, 2023; and CLARIFYING that the SCHEDULING ORDER issued on August 31, 2022 permits both parties to produce documents after the fact discovery period ends on May 22, 2023, so long as their respective discovery requests and subpoenas were properly propounded and served before May 22, 2023. Signed by |

| | | |
|---|---|---|
| | | Judge Beryl A. Howell on May 18, 2023. (lcbah4) (Entered: 05/18/2023) |
| 05/19/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Discovery Hearing held on 5/19/2023. Written order to be issued by the Court. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 05/19/2023) |
| 05/19/2023 | | MINUTE ORDER (paperless): Upon consideration of plaintiffs' 44 Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions ("Motion"), defendant's 51 Response to Plaintiffs' Motion to Compel, plaintiffs' 56 Reply in Support of Plaintiffs' Motion, and the parties' representations to the Court in the proceedings held on May 19, 2023 regarding plaintiffs' Motion, GRANTING plaintiffs' Motion in part, and RERSERVING ruling in part. |

Specifically, plaintiffs' Motion is GRANTED as follows:

1) by May 30, 2023, defendant Rudolph W. Giuliani shall file a declaration, subject to penalty of perjury, that details:

   a) All efforts taken to preserve, collect, and search potentially responsive data and locations that may contain responsive materials to all of plaintiffs' Requests for Production (RFP);
   b) A complete list of all "locations and data" that defendant used to communicate about any materials responsive to any of Plaintiffs' RFPs (including, but not limited to, *specific* email accounts, text messaging platforms, other messaging applications, social media, devices, hardware, and any form of communication);
   c) The *specific* "data" located in the TrustPoint database, including––
     i) a list identifying the source devices from which the data was extracted or obtained;
     ii) for each such device, the type of device (i.e., iPhone, Macbook, laptop, iPad, etc.) and user, if known;
     iii) a list identifying any social media accounts, messaging applications, and email accounts from which the data was extracted or obtained; and
     iv) for each such account and application, the account name and user; and
   d) What searches, if any, have occurred as to both categories (b) and (c), *see* Plaintiffs' [44–16] Proposed Order Granting Plaintiffs' Motion; and

2) By May 30, 2023, in order to evaluate defendant's claim of an inability to afford the cost of access to, and search of, the TrustPoint dataset or to use a professional vendor, either to access the original electronic devices seized from defendant by the Federal Bureau of Investigation in April 2021 and returned to defendant, or, alternatively, to conduct a search of the archived TrustPoint dataset, defendant is DIRECTED to produce to plaintiffs:

   a) full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41; and
   b) documentation to support his estimated costs for further searches on the TrustPoint dataset.

3) By June 16, 2023, plaintiffs are DIRECTED to submit to the Court an assessment of defendant's ability to bear the cost of further searches, along with any response to defendant's submission required under paragraph 1, above; and

| | | |
|---|---|---|
| | | 4) By June 30, 2023, defendant shall file any response to plaintiffs' submission required under paragraph 3, above.<br><br>The Court RESERVES ruling on the remainder of plaintiffs' relief, pending the parties' compliance with directions set out in paragraphs 1) through 4), above. Signed by Judge Beryl A. Howell on May 19, 2023. (lcbah4) (Entered: 05/19/2023) |
| 05/22/2023 | | Set/Reset Deadlines: Defendant Rudolph W. Giuliani's declaration due by 5/30/2023. Defendant's responses and documentation due by 5/30/2023. Plaintiffs' assessment due by 6/16/2023. Defendant's response to plaintiffs' submission due by 6/30/2023. (hmc) (Entered: 05/22/2023) |
| 05/30/2023 | 60 | DECLARATION *re May 19, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 05/30/2023) |
| 05/30/2023 | 61 | MOTION for Reconsideration *of May 19, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 05/30/2023) |
| 05/31/2023 | | MINUTE ORDER (paperless): Upon consideration of defendant's 61 Motion for Reconsideration of the Court's May 19, 2023 Minute Order ("defendant's 61 Motion") and defendant's 60 Declaration, STAYING defendant's compliance with paragraph 2 of the Courts May 19, 2023 Minute Order ("May 19 Order"), which required defendant to produce, by May 30, 2023, "full and complete responses to plaintiffs' requests for financial information in [Request for Production ("RFP")] Nos. 40 and 41," and AMENDING the SCHEDULING ORDER outlined in the May 19 Order as follows:<br><br>     (1) By June 14, 2023, plaintiffs shall file any combined opposition to defendant's 61 Motion and any response regarding the sufficiency of defendant's 60 Declaration; and      (2) By June 21, 2023, defendant shall file any reply in support of his 61 Motion and response to plaintiffs' submission under paragraph 1, above; and<br><br>In light of defendant's representation that he has obtained adequate funds to "cure[] the arrearage with TrustPoint and the data is in the process of being unarchived" and that he is "preparing to search the TrustPoint database for all files during the relevant time frame beyond simply files with email extensions," Def.'s 60 Declaration at 4–5, and finding that defendant's access to funds necessary to comply with his discovery obligations warrants further consideration of the relief requested in plaintiffs' 44 Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions ("plaintiffs' 44 Motion"), for which ruling was reserved in part, pending assessment of defendant's financial information in response to RFP Nos. 40 and 41, further DIRECTING that:<br><br>    (3) By June 16, 2023, defendant shall search and produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs; and     (4) By June 30, 2023, the parties shall jointly submit a status report on discovery compliance and any outstanding issues. |

| | | |
|---|---|---|
| | | The Court RESERVES ruling on the remainder of the relief requested in plaintiffs' <u>44</u> Motion, pending the parties' compliance with paragraphs (1) through (4), above. Signed by Judge Beryl A. Howell on May 31, 2023. (lcbah4) (Entered: 05/31/2023) |
| 06/01/2023 | | Set/Reset Deadlines: Plaintiffs' combined opposition to defendant's <u>61</u> Motion and any response regarding the sufficiency of defendant's <u>60</u> Declaration due by 6/14/2023; defendant's reply in support of his <u>61</u> Motion and response to plaintiffs' submission under paragraph 1 due by 6/21/202; defendant's search and production of all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and production of a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs due by 6/16/2023; Joint Status Report due by 6/30/2023. (ztg) (Entered: 06/01/2023) |
| 06/05/2023 | <u>62</u> | Joint MOTION for an Order Altering the August 31, 2022, Scheduling Order Regarding Expert Discovery by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Text of Proposed Order)(Langford, John) (Entered: 06/05/2023) |
| 06/05/2023 | | MINUTE ORDER (paperless) GRANTING the parties' <u>62</u> Joint Motion for an Order Altering the August 31, 2022 Scheduling Order, and AMENDING the SCHEDULING ORDER entered on August 31, 2022 as follows:<br><br>1. By July 28, 2023, all experts shall be designated with required expert disclosures, and by August 11, 2023, any rebuttal experts designated with required rebuttal expert disclosures;<br>2. By September 1, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated; and<br>3. By September 11, 2023, the parties shall file any dispositive motions, with any opposition due on September 25, 2023, and any replies due October 2, 2023. Signed by Judge Beryl A. Howell on June 5, 2023. (lcbah4) Modified deadline date on 6/6/2023 (ztg). (Entered: 06/05/2023) |
| 06/09/2023 | <u>63</u> | MOTION to Compel *Bernard Kerik to Produce A Document−by−Document Privilege Log and Improperly Withheld Materials and Testimony* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration of M. Annie Houghton−Larsen, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Text of Proposed Order)(Gottlieb, Michael) (Entered: 06/09/2023) |
| 06/14/2023 | <u>64</u> | RESPONSE re <u>61</u> MOTION for Reconsideration *of May 19, 2023 Minute Order (Plaintiffs' Combined Opposition to Defendant Giuliani's Motion for Reconsideration and Response to Defendant's Declaration)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration Declaration of M. Annie Houghton−Larsen, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8)(Governski, Meryl) (Entered: 06/14/2023) |
| 06/16/2023 | <u>65</u> | MOTION to Compel *Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly−Served Rule 45 Subpoenas* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Text of Proposed Order)(Governski, Meryl) (Entered: 06/16/2023) |

| 06/16/2023 | 66 | Unopposed MOTION for Extension of Time to *Extend Tine to Comply With Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 06/16/2023) |
|---|---|---|
| 06/16/2023 | | MINUTE ORDER (paperless) GRANTING defendant's unopposed 66 Motion for Extension of Time, and AMENDING the SCHEDULING ORDER outlined in the May 31, 2023 Minute Order as follows: (1) By June 30, 2023, defendant shall produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs. Signed by Judge Beryl A. Howell on June 16, 2023. (lcbah4) (Entered: 06/16/2023) |
| 06/16/2023 | 72 | NOTICE by RUDOLPH GIULIANI related to ECF 66 Request for Extension of Time to Comply with the May 31, 2023, Minute Order. (ztg) (Main Document 72 replaced on 6/27/2023) (zed). (Entered: 06/23/2023) |
| 06/20/2023 | 71 | NOTICE of Discovery Dispute requesting a discovery hearing by RUBY FREEMAN, et al. (ztg) (Main Document 71 replaced on 6/27/2023) (zed). (Entered: 06/23/2023) |
| 06/21/2023 | | MINUTE ORDER (paperless) DIRECTING plaintiffs to file, *ex parte* and under seal on the docket, by 2 PM on June 21, 2023 (today) a copy of the settlement agreement, for which the terms and relevancy are at issue in the discovery dispute referenced in the parties' June 20, 2023 email, submitted in accordance with 4 Standing Order &para 8(a). Signed by Judge Beryl A. Howell on June 21, 2023. (lcbah4) (Entered: 06/21/2023) |
| 06/21/2023 | 67 | SEALED DOCUMENT filed by RUBY FREEMAN, WANDREA MOSS re Order, (This document is SEALED and only available to authorized persons.)(Langford, John) (Entered: 06/21/2023) |
| 06/21/2023 | 68 | NOTICE of Appearance by Timothy Ryan on behalf of RUBY FREEMAN, WANDREA MOSS (Ryan, Timothy) (Entered: 06/21/2023) |
| 06/21/2023 | 69 | Consent MOTION to Withdraw 65 MOTION to Compel *Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly−Served Rule 45 Subpoenas* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order for Consent Motion to Withdraw Giuliani Businesses and Replace with Revised Motion to Compel Giuliani Businesses, # 2 Exhibit A − Revised Motion to Compel Giuliani Partners and Giuliani Communications, # 3 Exhibit B − Redline of Revised Motion to Compel, # 4 Exhibit C − Proposed Order for Revised Motion to Compel, # 5 Exhibit D − Redline of Proposed Order for Revised Motion to Compel)(Governski, Meryl) (Entered: 06/21/2023) |
| 06/21/2023 | | NOTICE of DISCOVERY HEARING: Discovery Hearing set for 6/22/2023, at 10:00 AM via videoconference before Judge Beryl A. Howell. (ztg) (Entered: 06/22/2023) |
| 06/22/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 69 Consent Motion to Withdraw their 65 MOTION to Compel Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly−Served Rule 45 Subpoenas, and DIRECTING plaintiffs to file on the docket the [69−2] Revised Motion to Compel, and any accompanying materials, including the revised declaration and exhibits and revised proposed order. Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023) |
| 06/22/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Beryl A. Howell: Discovery Hearing held on 6/22/2023. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 06/22/2023) |
| 06/22/2023 | <u>70</u> | MOTION to Compel *Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly–Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Text of Proposed Order, # <u>2</u> Declaration of Meryl Governski, # <u>3</u> Exhibit 1, # <u>4</u> Exhibit 2, # <u>5</u> Exhibit 3, # <u>6</u> Exhibit 4, # <u>7</u> Exhibit 5, # <u>8</u> Exhibit 6, # <u>9</u> Exhibit 7, # <u>10</u> Exhibit 8, # <u>11</u> Exhibit 9)(Governski, Meryl) (Entered: 06/22/2023) |
| 06/22/2023 | | MINUTE ORDER (paperless) DIRECTING plaintiffs to produce, by 5 PM on June 22, 2023 (today), the <u>67</u> Settlement Agreement between plaintiffs and former defendants Herring Networks, Inc., Charles Herring, Robert Herring, and Chanel Rion, to counsel for defendant Giuliani with the Settlement Agreement designated as "Highly Confidential Information –– Attorneys' Eyes Only," pursuant to the governing <u>54</u> Protective Order, for the reasons explained at the video teleconference held on June 22, 2023 regarding the parties' discovery dispute concerning defendant's request for production of the <u>67</u> Settlement Agreement, *see* Jun. 20, 2023 Email summarizing the parties' position and position of former defendants, in compliance with the <u>4</u> Standing Order &para 8(a). Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023) |
| 06/22/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of plaintiffs' <u>69</u> Consent Motion to Withdraw their <u>65</u> Motion to Compel Giuliani Partners LLC and Giuliani Communications LLC (collectively, "Giuliani Businesses") to Respond to Plaintiffs' Properly–Served Rule 45 Subpoenas ("Pls.' Mot."), and representations set out therein that the Giuliani Businesses have not responded to plaintiffs' document and deposition subpoenas nor provided any information about representation for these companies or who will be designated as a corporate representative for noticed depositions under Fed. R. Civ. P. 30(b)(6), Pls.' Mot. at 3, and that counsel for defendant Rudolph Giuliani confirmed at the video teleconference held today that defendant has not responded to his own counsel's request for information regarding discovery from his eponymous businesses, that, by June 26, 2023 at 5:00 PM, defendant Rudolph Giuliani submit a declaration, subject to penalty of perjury, that:<br><br>1. Identifies the owner(s) and principal(s) for each of the Giuliani Businesses;<br>2. Identifies the employees, including both full–time and part–time, at each of the Giuliani Businesses during the time period of September 1, 2020 to January 21, 2022, with beginning and end dates of employment at either or both of the Giuliani Businesses;<br>3. Identifies any current employee at either or both of the Giuliani Businesses, and the beginning date of employment for each current employee;<br>4. Identifies the attorney(s), with contact information, representing each of the Giuliani Businesses;<br>5. Indicates whether either of the Giuliani Businesses has any assets or is defunct; and<br>6. Confirms that in complying with the Court's May 31, 2023 Minute Order (as amended by the June 16, 2023 Minute Order), which directed that defendant, by June 30, 2023, "produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties...," that defendant is collecting, searching, and producing responsive materials from the Giuliani Businesses, and, if not, provide an explanation. Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023) |

| 06/22/2023 | | MINUTE ORDER (paperless) DENYING defendant's <u>61</u> Motion for Reconsideration of the May 19, 2023 Minute Order ("Def.'s Mot."), which, in relevant part, required defendant to produce to plaintiffs "full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41," May 19, 2023 Minute Order ("May Order"), and DIRECTING defendant to comply with the May Order to produce responses to plaintiffs' Request for Production ("RFP") Nos. 40 and 41 by June 30, 2023, in accordance with the May Order (as amended by the June 16, 2023 Minute Order). |

Plaintiffs' RFP Nos. 40 and 41 request certain financial information from defendant. *See* Pls.' <u>44</u> Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions at 8–9 n.4 (providing text of plaintiffs' RFP Nos. 40 and 41); see also Pls.' <u>64</u> Combined Opposition to Def.'s <u>61</u> Motion for Reconsideration and Response to Defendant's Declaration ("Pl.'s Opp'n") at 8–11. While defendant fails to cite any authority for reconsideration, his motion is construed as seeking reconsideration, under Federal Rule of Civil Procedure 54(b), which allows "any order" that "adjudicates fewer than all the claims" in a case to "be revised at any time before the entry of a judgment adjudicating all the claims," Fed. R. Civ. P. 54(b), and thereby gives district courts "discretion to hear motions for reconsideration 'as justice requires.'" *Lin v. District of Columbia*, 47 F.4th 828, 838–39 (D.C. Cir. 2022) (quoting *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (approving flexible "as justice requires" standard); *see also Shatsky v. PLO*, 955 F.3d 1016, 1035 (D.C. Cir. 2020) (observing that "a minute order is open to reconsideration on the same terms as a lengthy opinion reaching the same result"). "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (cleaned up). Despite the flexibility allowed under Rule 54(b), given the tax on parties' and judicial resources from revisiting issues already resolved and the concomitant perverse incentive to invite litigation delay by such reconsideration requests, "a court 'should be loathe' to grant a motion for reconsideration 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Kirwa v. U.S. Dep't of Def.*, No. CV 17–1793 (ESH), 2018 WL 7141989, at *1 (D.D.C. May 23, 2018) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*, 598 F. Supp. 2d 57, 59 (D.D.C. 2009)).

Defendant presents no new argument warranting reconsideration. *See Capitol Sprinkler Inspection, Inc.*, 630 F.3d at 227 (affirming district court's denial of reconsideration where party seeking reconsideration "raised no arguments for reconsideration the court had not already rejected on the merits"). Defendant argues discovery of financial information, as demanded in plaintiffs' RFP Nos. 40 and 41, should be granted only after plaintiffs have made a prima facie case supporting a claim for punitive damages, see Def.'s Mot., contending that this "view [ ] has been recognized repeatedly in this District," *id.* (citing *D'Onofrio v. SFX Sports Grp., Inc.*, 247 F.R.D. 43, 52 (D.D.C. 2008)). While in *D'Onfrio v. SFX Sports Group*, the production of "[i]nformation pertaining to [ ] defendant's financial condition" was postponed until the defendant's financial condition was placed at issue or in the event that the jury considered punitive damages, the magistrate judge deciding this case acknowledged that "a majority of federal trial courts" "have permitted pretrial discovery of financial information of the defendant without requiring plaintiff to

establish a prima facie case on the issue of punitive damages." 247 F.R.D. at 52 (cleaned up). By contrast to the non–binding decision in *D'Onforio*, three persuasive justifications underpin the majority approach. "First, knowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation." *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). "Second, the requirement that claimant establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability." *Id.* Delaying plaintiffs' ability to discover relevant information to develop their claims for punitive damages "would only lead to delay and confusion while plaintiff reviews the information for the first time." *Id.* "Third, while a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order." *Id.* Under the governing <u>54</u> Protective Order in this case, defendant may designate his financial records for special confidential treatment to ensure that his financial information is used for the limited purposes of discovery and not otherwise shared with the public.

Moreover, *D'Onforio*, and the two cases on which it relies––*Skinner v. Aetna Life Insurance Company*, No. 83–cv–0679, 1984 U.S. Dist. LEXIS 19817 (D.D.C. Feb. 2, 1984) ("*Skinner*") and *John Does IVI v. Yogi*, 110 F.R.D. 629 (D.D.C. 1986) ("*Yogi*")––are distinguishable on their facts not only because the policy underpinnings of the majority view were not considered, but also because the requested financial information was found not to be relevant to the claims or was not at issue. *See D'Onforio*, 47 F.R.D. at 52–53 (magistrate judge denying plaintiffs' motion to compel production of defendants' financial information in a Title VII discrimination case because the information was not relevant to claims but only relevant "to the issue of whether punitive damages should be awarded"); *Skinner*, 1984 U.S. Dist. LEXIS 19817, at *2–3 (magistrate judge denying motion to compel production of defendant's financial information in a breach of contract action because information was only relevant to a claim for punitive damages); *Yogi*, 110 F.R.D. at 631–33 (considering issue of whether "confidential" designation of defendant's financial records would too "severely restrict access" and not whether production of such documents was appropriate). By contrast, here, defendant's financial condition is relevant to both liability and punitive damages. As plaintiffs argue, these financial records, including changes in defendant's financial status over time, may indicate that defendant had a financial motive to make certain claims concerning plaintiffs to allow him to earn "additional income or increased viewership or followers[.]" *See* Pls.' Opp'n at 10–11. *See also, e.g., US Dominion, Inc. v. Byrne*, 600 F. Supp. 3d 24, 33 (D.D.C. 2022) (explaining that plaintiff's allegation that defendant "had a financial motive to make his false claims" could show alleged actual malice in a defamation claim); *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 63–64 (D.D.C. 2021) (holding that allegations of a "profit motive" could, with supporting factual allegations, "satisfy the actual malice standard" in a defamation claim). Defendant has filed no reply in support of his reconsideration motion, *see* May 31, 2023 Minute Order (setting June 21, 2023 as due date for any reply), and has made no request for an extension of time to file such reply, despite the opportunity to do so orally at today's video conference in this case, and thus leaves undisputed plaintiff's argument that his financial information is relevant to both liability and punitive damages.

Accordingly, defendant's <u>61</u> Motion for Reconsideration is DENIED. Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023)

| 06/23/2023 | | MINUTE ORDER (paperless) Upon consideration of plaintiffs' <u>44</u> Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions ("Pls.' Motion"), defendant Rudolph W. Giuliani's <u>51</u> Response to Plaintiffs' Motion to Compel ("Def.'s Opp'n"), plaintiffs' <u>56</u> Reply in Support of Plaintiffs' Motion, and the parties' representations to the Court in the proceedings held on May 19, 2023 ("May 19 Hearing") regarding plaintiffs' Motion, GRANTING plaintiffs' request for attorneys' fees and costs in their <u>44</u> Motion, and DIRECTING defendant to pay for plaintiffs' attorneys' fees and costs for their <u>44</u> Motion by July 7, 2023, subject to a filing by plaintiffs, by June 30, 2023, detailing the costs and fees incurred in preparation for the Motion and the May 19 Hearing, for the reasons outlined below. |
| :--- | :--- | :--- |

In nearly all respects, Plaintiffs' requested relief has been granted. *See* [44–16] Pls.' Proposed Order Granting Plaintiffs' Motion (outlining plaintiffs' requested relief); May 19, 2023 Minute Order (directing defendant to detail his preservation efforts and respond to plaintiffs' RFPs 40 and 41); May 31, 2023 Minute Order (as amended by the June 16, 2023 Minute Order) (directing defendant to "produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties... "); *see also* June 22, 2023 Minute Order (denying defendant's <u>61</u> Motion for Reconsideration of the May 19, 2023 Minute Order). Federal procedural rules require, upon the granting of a motion to compel, that "the court must... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *accord Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015); *see also DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008) (observing that the language of Rule 37(a)(5)(A) "itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist"). The non–movant may be relieved of these costs only when the party was "'substantially justified' in its resistance to discovery, the prevailing party did not attempt to obtain discovery in good faith before moving to compel, or an expense award would be otherwise unjust." *Parsi*, 778 F.3d at 126; *see also* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). District courts are given broad discretion in deciding whether to impose Rule 37 sanctions and what sanctions to impose. *Bonds v. District of Columbia*, 93 F.3d 801, 807–08 (D.C. Cir. 1996). Additionally, the non–movant facing sanctions bears the burden to establish that the failure was substantially justified or harmless or the imposition of sanctions would be unjust. *See Parsi*, 778 F.3d at 128 n.13.

None of the enumerated exceptions to the mandatory imposition of costs set out in Rule 37(a)(5)(A) apply here. First, plaintiffs filed their Motion "only after 'attempting in good faith to obtain the disclosure or discovery without court action,'" and after "participat[ing] in a discovery conference with the Court which provided Defendant additional opportunity to cure deficiencies[.]" Pls.' Mot. at 27 (quoting Fed. R. Civ. P. 37(a)(5)(A)(i)). Second, defendant has not established that his "nondisclosure, response, or objection" has been "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). "The Supreme Court has stated that a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." *Alexander v. FBI*, 186 F.R.D. 144, 147 (D.D.C. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). No reasonable person would disagree on the appropriateness of the motion. Given that, prior to the filing of plaintiffs' motion to compel, defendant (1) arbitrarily limited his search of the TrustPoint server––which contained his responsive records from prior to

April 2021––to solely email communications, (2) conducted only an imprecise "manual search" of his text messages, email accounts, and other messaging platforms for other responsive records after April 2021, *see* Def.'s Opp'n at 3–6, (3) delayed responding to plaintiff's discovery requests for nearly ten months, *see* Pls.' Mot. at 27, and (4) has now produced an additional 4,000 pages in discovery, *see* 72 Jun. 16, 2023 Notice by Defendant Related to His 66 Request for Extension of Time to Comply with the May 31, 2023, Minute Order, plaintiffs were plainly justified in bringing their motion to compel. *See DL*, 251 F.R.D. at 49 ("[T]he District's pattern of tardy and piecemeal disclosure, and the fact that approximately 6,000 pages of responsive documents were turned over after plaintiffs' renewed motion to compel was filed, demonstrate that filing a motion to compel was the only adequate remedy available to plaintiffs."); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 960 (N.D. Ill. 2021) ("Untimely disclosures and discovery responses and supplements to them are generally not substantially justified or harmless."). Moreover, the fact that plaintiffs' requested relief has been granted, *see* Minute Orders (dated May 19, May 31 and June 22, 2023), further confirms that their motion was "substantially justified." *See DL*, 251 F.R.D. at 49 ("The Court's overwhelming decision for the plaintiffs on the merits of their motion is sufficient to show that the District's objections were not substantially justified."). Finally, defendant has provided no reason why an award of expenses would be "unjust" here. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii); Def.'s Opp'n at 7–8; *see also Diehl v. Diehl*, No. 3:14 CV 288, 2015 WL 1565580, at *5 (W.D.N.C. Apr. 8, 2015), *aff'd*, No. 3:14–CV–00288–MR–DLH, 2015 WL 13842740 (W.D.N.C. Oct. 13, 2015) (finding that awarding attorneys' fees and costs to the moving party would not be unjust because the defendant had "not directed the Court to any circumstance or factor that would make the award of expenses unjust"). The only possible justification for defendant's discovery delays is that "he could no longer afford to pay TrustPoint One to keep the documents online" because the documents were archived and "[i]t would cost him over $320,000," to become "current on his arrearage with [the] TrustPoint" server. Def.'s Opp'n at 5. Yet, as plaintiffs point out, *see* parties' 42 Joint Status Report at 9; Pls.' Mot. at 24, and not contested by defendant, *see generally* Def.'s Opp'n, the additional costs incurred from the archiving of the TrustPoint data was defendant's own doing: Had defendant searched and collected responsive records from the TrustPoint server promptly after plaintiffs first propounded their discovery requests on May 20, 2022, *see* [36–1] Aug. 5, 2022 Discovery Deficiency Letter from Plaintiffs at 1, he would not have faced those additional costs. *Cf. Peskoff v. Faber*, 251 F.R.D. 59, 62–63 (D.D.C. 2008) (explaining that the non–moving party's own failure to conduct "searches that might yield responsive information" and preserve electronically stored data required that party to bear the cost of an "expensive forensic examination" to recover potentially discoverable information). Awarding attorneys' fees and costs to plaintiff would, therefore, not be unjust.

Accordingly, plaintiffs' request for attorneys' fees and costs in their 44 Motion is GRANTED. Signed by Judge Beryl A. Howell on June 23, 2023. (lcbah4) (Entered: 06/23/2023)

---

06/23/2023

MINUTE ORDER (paperless) GRANTING, upon consideration of plaintiffs' request for leave to file a motion for sanctions as to defendant Rudolph W. Giuliani's "failure to sufficiently preserve" discoverable information, *see* Pls.' 64 Combined Opposition to Def.'s 61 Motion for Reconsideration and Response to Def.'s Declaration at 18, plaintiffs' request for leave to file a motion for sanctions, and ISSUING the following SCHEDULING ORDER:

| | | |
|---|---|---|
| | | (1) By July 7, 2023, plaintiffs shall file any motion for sanctions for defendant's alleged failure to preserve electronically stored information, pursuant to Federal Rule of Civil Procedure 37(e);<br>(2)By July 21, 2023, defendant shall file any opposition to plaintiffs' motion; and<br>(3)By July 28, 2023, plaintiffs shall file any reply in support of their motion. Signed by Judge Beryl A. Howell on June 23, 2023. (lcbah4) (Entered: 06/23/2023) |
| 06/26/2023 | | Set/Reset Deadlines: Plaintiffs' motion for sanctions, if any, due by 7/7/2023; defendant's opposition, if any, due by 7/21/2023; plaintiffs' reply, if any, due by 7/28/2023. (ztg) (Entered: 06/26/2023) |
| 06/26/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of plaintiffs' 63 Motion to Compel Bernard Kerik to Produce a Document–by–Document Privilege Log and Improperly Withheld Materials and Testimony ("Motion"), which motion was filed on June 9, 2023, and to which any opposition was due on June 23, 2023, *see* D.D.C. LCvR 7(b) ("Within 14 days of the date of service..., an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion."), that Bernard Kerik SHOW CAUSE, by June 29, 2023 at 2:00 PM, why plaintiffs' Motion should not be granted as conceded; and FURTHER DIRECTING plaintiffs to send a copy of this Order to Timothy C. Parlatore, counsel for Bernard Kerik, by June 26, 2023 (today) at 5:00 PM. Signed by Judge Beryl A. Howell on June 26, 2023. (lcbah4) (Entered: 06/26/2023) |
| 06/26/2023 | 73 | DECLARATION *re June 22, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 06/26/2023) |
| 06/27/2023 | | Set/Reset Deadlines: Response to Show Cause by Bernard Kerik due by 2:00 PM on 6/29/2023. (ztg) (Entered: 06/27/2023) |
| 06/28/2023 | 74 | RESPONSE TO ORDER OF THE COURT re Order,,, filed by BERNARD KERIK. (Parlatore, Timothy) (Entered: 06/28/2023) |
| 06/29/2023 | | MINUTE ORDER (paperless) DIRECTING plaintiffs to file any response to Bernard Kerik's 74 Response to Order of the Court by July 3, 2023 at 5:00 PM. Signed by Judge Beryl A. Howell on June 29, 2023. (lcbah4) (Entered: 06/29/2023) |
| 06/29/2023 | | Set/Reset Deadlines: Plaintiff's response to Bernard Kerik's 74 Response to Order of the Court due by 5:00 PM on 7/3/2023. (ztg) (Entered: 06/29/2023) |
| 06/30/2023 | 75 | TRANSCRIPT OF PROCEEDINGS before Judge Beryl A. Howell, held on 5–19–2023; Page Numbers: 1 – 121. Date of Issuance: 6–30–2023. Court Reporter: Elizabeth Saint–Loth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at |

| | | |
|---|---|---|
| | | www.dcd.uscourts.gov.<br><br>Redaction Request due 7/21/2023. Redacted Transcript Deadline set for 7/31/2023. Release of Transcript Restriction set for 9/28/2023.(Saint–Loth, Elizabeth) (Entered: 06/30/2023) |
| 06/30/2023 | 76 | MOTION for Extension of Time to *Comply with Minute Orders* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 06/30/2023) |
| 06/30/2023 | 77 | Joint STATUS REPORT *Regarding the Status of Discovery and Outstanding Compliance Issues* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit 1 (Affidavit of Kari Knudsen), # 2 Exhibit 2 (Defendant's Letter Motion in In re Search Warrant Dated April 21, 2021, 21–MJ–4335 (S.D.N.Y.)))(Langford, John) (Entered: 06/30/2023) |
| 06/30/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 76 Unopposed Motion for Extension of Time, and AMENDING the Minute Orders issued on June 23, 2023 and June 29, 2023 as follows: By July 5, 2023, plaintiffs shall (1) file a declaration detailing the costs and fees incurred in preparation for the 44 Motion to Compel Discovery and the May 19, 2023 Hearing; and (2) file any response to Bernard Kerik's 74 Response to Order of the Court. Signed by Judge Beryl A. Howell on June 30, 2023. (lcbah4) (Entered: 06/30/2023) |
| 07/03/2023 | | Set/Reset Deadlines: Plaintiffs' response to Order of the Court due by 7/5/2023. (ztg) (Entered: 07/03/2023) |
| 07/05/2023 | 78 | RESPONSE TO ORDER OF THE COURT re Order on Motion to Compel,,,,,,,,,,,,,,,,,,,,,,,,,,,, *(Plaintiffs' Submission Detailing the Costs and Fees Incurred in Preparing the Motion to Compel Defendant Giuliani and the Related May 19 Hearing)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit A, # 2 Declaration, # 3 Text of Proposed Order)(Gottlieb, Michael) (Entered: 07/05/2023) |
| 07/05/2023 | 79 | RESPONSE re 74 Response to Order of the Court *(Plaintiffs' Response to Timothy Parlatore's Declaration in Response to the Court's Order to Show Cause by Bernard Kerik)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Gottlieb, Michael) (Entered: 07/05/2023) |
| 07/07/2023 | 80 | Joint MOTION for an Order Extending to July 11, 2023, Plaintiffs' Deadline for Filing a Motion for Sanctions re Order,,, by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 07/07/2023) |
| 07/08/2023 | | MINUTE ORDER (paperless) GRANTING the parties' 80 Joint Motion for an Order, and AMENDING the SCHEDULING ORDER issued on June 23, 2023 as follows:<br><br>(1) By July 11, 2023, plaintiffs shall file any motion for sanctions for defendant's alleged failure to preserve electronically stored information, pursuant to Federal Rule of Civil Procedure 37(e);<br>(2) By July 25, 2023, defendant shall file any opposition to plaintiffs' motion; and<br>(3) By August 1, 2023, plaintiffs shall file any reply in support of their motion. Signed by Judge Beryl A. Howell on July 8, 2023. (lcbah4) (Entered: 07/08/2023) |
| 07/10/2023 | | Set/Reset Deadlines: Plaintiffs' motion, if any, for sanctions for defendant's alleged failure to preserve electronically stored information, pursuant to Federal Rule of Civil |

| | | |
|---|---|---|
| | | Procedure 37(e) due by 7/11/2023; defendant's opposition, if any, due by 7/25/2023; plaintiffs' reply, if any, due by 8/1/2023. (ztg) (Entered: 07/10/2023) |
| 07/11/2023 | 81 | MOTION for Sanctions *for Failure to Preserve Electronic Evidence* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Text of Proposed Order)(Gottlieb, Michael) (Entered: 07/11/2023) |
| 07/13/2023 | | MINUTE ORDER (paperless) ADDRESSING three discovery–related motions set out below and CAUTIONING DEFENDANT RUDOLPH W. GIULIANI, in light of the fact that the parties failed to reach "an agreement," *see* Pls.' 81 Mot. for Discovery Sanctions at 14 (explaining that recent settlement negotiations fell apart when defendant Giuliani informed plaintiffs on July 10, 2023, through counsel, that he "did not agree with the key principles" of a potential settlement negotiated by his attorney). |
| | | First, plaintiffs request that "this Court [] award $89,172.50 in attorneys' fees," Pls.' 78 Submission Detailing the Costs and Fees Incurred in Preparing the 44 Motion to Compel Discovery ("Pls.' Fees Motion") at 10–11. Defendant Giuliani was previously directed to "pay for plaintiffs' attorneys' fees and costs for their 44 Motion by July 7, 2023," *see* Minute Order (June 23, 2023), and by that deadline of July 7, 2023, defendant Giuliani had neither objected to nor requested an extension of time to respond or contest the reasonableness of plaintiffs' requested attorneys' fees detailed in Pls.' Fees Motion. ***Accordingly, defendant Giuliani is DIRECTED, by July 25, 2023, to reimburse plaintiffs $89,172.50 in attorneys' fees incurred for plaintiffs' 44 Motion to Compel Discovery.*** |
| | | Second, defendant Giuliani has filed no opposition to plaintiffs' 70 Revised Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Properly–Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas ("Pls.' Giuliani Businesses Motion"), which opposition was due on July 7, 2023, see D.D.C. LCvR 7(b) (authorizing, if no timely opposition is filed to a motion, that "the Court may treat the motion as conceded"). Given his clarification in a declaration that he is the sole owner of both Giuliani Partners LLC and Giuliani Communications LLC (collectively, the "Giuliani Businesses"), *see* 73 June 26, 2023 Declaration of Rudolph Giuliani ("Giuliani Decl.") 2–3 (explaining that Giuliani owns "Giuliani Partners LLC" and the owner of "Giuliani Communications LLC" is "Giuliani Partners LLC"), he has no one to blame but himself for ignoring plaintiffs' pending motion to compel the Giuliani Businesses to comply with discovery obligations. Defendant Giuliani's declaration was filed only in response to the Court's June 22, 2023 Minute Order and not in response to the plaintiffs' Giuliani Businesses Motion. *See* Minute Order (June 22, 2023) (directing defendant Giuliani to file a declaration that answers certain questions about the ownership and employees of the Giuliani Businesses given that "counsel for defendant Rudolph Giuliani confirmed... that defendant has not responded to his own counsel's request for information regarding discovery from his eponymous businesses"). ***Accordingly, defendant Giuliani is DIRECTED, by July 25, 2023, to SHOW CAUSE why plaintiffs' 70 Giuliani Businesses Motion should not be granted as conceded.*** |
| | | Third, plaintiffs indicate in the parties' 77 June 30, 2023, Joint Status Report Regarding the Status of Discovery and Outstanding Compliance Issues ("JSR"), that |

| | | |
|---|---|---|
| | | defendant still has "taken no steps to collect and search repositories outside of TrustPoint[,]" has produced no materials from the Giuliani Businesses, and only produced documents from TrustPoint that "appear to consist almost exclusively of non–usable, non–readable raw data," 77 JSR at 9, 13. Notably, defendant Giuliani largely does not contest these discovery shortcomings, see JSR at 17 ("Defendant generally agrees with Plaintiffs' recitation of events[.]"), which shows a failure to comply with the Court's May 31, 2023 Minute Order ("May Order") (as amended by the June 16, 2023 Minute Order), directing him to "search and produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties, with the assistance of a professional vendor." Yet, plaintiffs' review of defendant's document productions remains underway, see Pls.' 81 Mot. for Discovery Sanctions at 17 n.1 ("Plaintiffs note that they are submitting this Motion without having been able to complete a full review of Defendant Giuliani's productions[.]"), and defendant Giuliani may have belatedly produced more documents in compliance with the May Order, so the parties are directed to provide the Court with an updated joint status report regarding his compliance with his discovery obligations and the May Order. ***Accordingly, the parties are DIRECTED, by August 4, 2023, jointly to submit an updated status report on discovery compliance and any outstanding issues.*** <br><br> Defendant Giuliani is CAUTIONED that failure to comply with the May Order, directing him to "search and produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties, with the assistance of a professional vendor," including from his two eponymous businesses, for which he declared, subject to penalty of perjury, that he was "collecting, searching, and producing responsive materials... that are in [his] possession, custody, or control," see 73 Giuliani Decl. 12, may result in severe discovery sanctions, see Fed. R. Civ. P. 37(b)(2)(A) (outlining potential sanctions for a party "fail[ing] to obey an order to provide or permit discovery," including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[;]... (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey"); see also Parsi v. Daioleslam, 778 F.3d 116, 130 (D.C. Cir. 2015) (explaining that courts have the "inherent power" to impose sanctions for violating a court order, including "contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments") (citation omitted). Signed by Judge Beryl A. Howell on July 13, 2023. (lcbah4) (Entered: 07/13/2023) |
| 07/13/2023 | 82 | MEMORANDUM OPINION AND ORDER GRANTING IN PART and RESERVING IN PART plaintiffs' 63 Motion to Compel. See order for further details. Signed by Judge Beryl A. Howell on July 13, 2023. (lcbah4) (Entered: 07/13/2023) |
| 07/18/2023 | | Set/Reset Deadlines: Bernard Kerik's production to plaintiffs per Order of the Court due by 7/25/2023; Bernard Kerik's response to Show Cause due by 7/25/2023. (ztg) (Entered: 07/18/2023) |
| 07/24/2023 | 83 | STIPULATION re 82 Order on Motion to Compel *(Joint Stipulation Regarding Plaintiffs' Motion to Compel Third Party Bernard Kerik)* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 07/24/2023) |
| 07/24/2023 | | MINUTE ORDER (paperless) STAYING, upon the joint request of Bernard Kerik and plaintiffs, see 83 Joint Stipulation Regarding Plaintiffs' Motion to Compel third Party Bernard Kerik ("Stip."), Kerik's compliance with the following provision of the Court's July 13, 2023 Memorandum Opinion and Order ("July 13 Mem. Op. & Ord."), |

| | | |
|---|---|---|
| | | directing Kerik, by July 25, 2023, "to SHOW CAUSE why, in consultation with any putative privilege holder, (1) any of the Withheld Records withheld under attorney−work product privilege grounds should not be produced immediately to plaintiffs; (2) why he should not be made available for a deposition to respond [to] questions, and any follow up questions, that he was instructed not to answer during his March 20, 2023 deposition on attorney−work product protection grounds; and (3) why he and his counsel, Timothy C. Parlatore, should not be required to reimburse plaintiffs for the attorneys' fees and costs associated with the preparation and filing of their motion to compel[,]'" July 13 Mem. Op. & Ord. at 20, in light of the representations by Kerik and plaintiffs that: (1) "at Mr. Kerik's request, the Trump Campaign[,]" the putative privilege holder of records responsive to plaintiffs' Federal Rule of Civil Procedure 45 subpoena to Bernard Kerik dated March 15, 2023 ("Third Kerik Subpoena"), "has withdrawn [its] previous assertions of work product privilege" as to records in Kerik's possession and control responsive to the Third Kerik Subpoena; (2) "the Trump Campaign continues to assert attorney−client communications privilege over a certain subset of the email communications" in Kerik's possession and control responsive to the Third Kerik Subpoena; (3) plaintiffs "are in the process of reviewing Mr. Kerik's additional production and the revised privilege log" and need until August 4, 2023, to determine whether they "continue to challenge any of the documents being withheld on the basis of attorney−client privilege;" (4) Kerik agreed "to sit for an additional deposition covering all topics which were objected to during the first deposition, as well as to all of the additional documents he produced to Plaintiffs" on July 23, 2023; and (5) Kerik and plaintiffs "agree[d] to defer Mr. Kerik's obligation to show cause in compliance with the Courts July 1 3 order, if any is still necessary, until seven (7) days after Plaintiffs' August 4, filing," Stip. at 2−3; and DIRECTING that, by August 4, 2023, plaintiffs file a status report indicating whether they (1) challenge the sufficiency of Kerik's privilege log produced on July 23, 2023, and/or any of the documents withheld by Kerik on the basis of attorney−client privilege; and (2) continue to seek attorneys' fees and costs associated with their 63 Motion to Compel Bernard Kerik to Produce A Document−by−Document Privilege Log and Improperly Withheld Materials and Testimony. Signed by Judge Beryl A. Howell on July 24, 2023. (lcbah4) Modified to correct typo on 7/25/2023 (ztg). (Entered: 07/24/2023) |
| 07/25/2023 | 84 | RESPONSE re 81 MOTION for Sanctions *for Failure to Preserve Electronic Evidence* filed by RUDOLPH GIULIANI. (Attachments: # 1 Declaration Costello Decl, # 2 Exhibit Giuliani Stipulation)(Sibley, Joseph) (Entered: 07/25/2023) |
| 07/25/2023 | 85 | RESPONSE TO ORDER TO SHOW CAUSE re Order,,,,,,,,,,,,,,,,,,,,,,, filed by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 07/25/2023) |
| 07/26/2023 | | MINUTE ORDER (paperless) GRANTING, as conceded, plaintiffs' 70 Revised Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Properly−Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas ("Pls.' Giuliani Businesses Motion"), in light of defendant Giuliani's 85 Response to the Court's July 13, 2023 Minute Order ("Giuliani Response"), directing defendant Giuliani to show cause why plaintiffs' 70 Giuliani Businesses Motion should not be granted as conceded, in which Response defendant Giuliani states that he "does not oppose the Court's show cause order[,]" Giuliani Resp. at 1; DIRECTING plaintiffs, by August 4, 2023, to submit their costs and attorneys' fees incurred in preparing and filing the Giuliani Businesses Motion; and FURTHER DIRECTING defendant Giuliani, by August 11, 2023, for the reasons outlined below, either to file any objection to plaintiffs' requested attorneys' fees and costs, or to reimburse plaintiffs for |

their requested fees and costs in connection with their <u>70</u> Giuliani Businesses Motion.

Federal procedural rules provide, upon the granting of a motion to compel, that "the court must... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *accord Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015); Minute Order (June 23, 2023); *see also DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008) (observing that the language of Rule 37(a)(5)(A) "itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist"). Given that defendant Giuliani has conceded in full plaintiffs' Giuliani Businesses Motion, which includes a request for reimbursement for the costs associated with filing the motion, *see* Giuliani Businesses Motion at 11, without offering any reason why he should not reimburse plaintiffs for their reasonable expenses incurred in filing their Motion, plaintiffs' request for attorneys' fees and costs must be granted under Rule 37(a)(5)(A).

Accordingly, defendant Giuliani is DIRECTED to pay plaintiffs the reasonable expenses they incurred in filing their Motion, after opportunity to contest the reasonableness of the fees and costs that plaintiffs request. The remainder of plaintiffs' requested relief in their Motion will be RESERVED, pending completion of briefing on plaintiffs' <u>81</u> Motion for Sanctions for Failure to Preserve Electronic Evidence and the parties forthcoming August 4, 2023, Joint Status Report, *see* Minute Order (July 13, 2023) (directing the parties to file by August 4, 2023, "an updated status report on discovery compliance and any outstanding issues"). Signed by Judge Beryl A. Howell on July 26, 2023. (lcbah4) (Entered: 07/26/2023)

| 07/27/2023 | | Set/Reset Deadlines: Plaintiffs' submission of costs and attorneys' fees incurred in preparing and filing the Giuliani Businesses Motion due by 8/4/2023; defendant Giuliani's objection or reimbursement of plaintiffs' requested fees and costs in connection with their <u>70</u> Giuliani Businesses Motion due by 8/11/2023. (ztg) (Entered: 07/27/2023) |
| --- | --- | --- |
| 08/01/2023 | 86 | REPLY to opposition to motion re <u>81</u> MOTION for Sanctions *for Failure to Preserve Electronic Evidence* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6)(Gottlieb, Michael) (Entered: 08/01/2023) |
| 08/04/2023 | 87 | STATUS REPORT *Regarding Bernard Kerik Discovery* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2)(Gottlieb, Michael) (Entered: 08/04/2023) |
| 08/04/2023 | | MINUTE ORDER (paperless) **DIRECTING** defendant Giuliani **to CLARIFY** his [84–2] "Nolo Contendre [sic] Stipulation" ("Giuliani Stipulation"), submitted in response to plaintiffs' <u>81</u> Motion for Discovery Sanctions Against Defendant Rudolph Giuliani For Failure to Preserve Electronic Evidence ("Pls.' Motion"), which unsworn stipulation signed by defendant Giuliani contests no part of plaintiffs' motion but rather purports to set out concessions sufficient to avoid further discovery demands and the risk of concomitant sanctions for failure to comply with discovery obligations, under Federal Rules of Civil Procedure 26 through 37, but simultaneously contains multiple caveats and limitations undercutting that purpose. For example, the Giuliani Stipulation concedes: |

1. that defendant Giuliani "made the statements of and concerning Plaintiffs, which include all of the statements detailed in Plaintiffs['] [sic] Amended Complaint, ECF No. 22 at 57–101,"

2. "that the statements carry meaning that is defamatory per se,"

3. that defendant Giuliani "published those statements to third parties,"

4. "that, to the extent the statements were statement of fact and otherwise actionable, such actionable factual statements were false[,]" and

5. that defendant Giuliani "does not contest... the factual elements of liability (subject to any retained affirmative defenses not expressly waived herein) regarding Plaintiffs' claim for intentional infliction of emotional distress and other related tort claims."

Giuliani Stip. 1–4. Yet, these concessions appear to be significantly limited with caveats that the Giuliani Stipulation:

1. is made only "for the purposes of this litigation before this Court and on Appeal," *id.* 1; *see also id.* 2–4;

2. "does not affect... his argument that his statements are constitutionally protected statements or opinions or [that plaintiffs'] claims are barred by] any applicable statute of limitations," *id.* 3, 4, despite denial of defendant Giuliani's 26 Motion to Dismiss plaintiffs' complaint on these same grounds, in which motion plaintiffs' allegations were legally required to be assumed as true, *see generally Freeman v. Giuliani*, Civ. No. 21–3354 (BAH), 2022 U.S. Dist. LEXIS 197768 (D.D.C. Oct. 31, 2022), leaving no room for continued viability of such defenses, let alone reservation of such defenses, if plaintiffs' allegations are conceded as true, as the Giuliani Stipulation purports to do;

3. is "subject to any retained affirmative defenses not expressly waived herein," Giuliani Stip. 4, which affirmative defenses may include any one of the six such defenses asserted in Def.'s 33 Answer 193–198, that may provide a complete defense to liability and were not "expressly waived" in the Giuliani Stipulation;

4. "does not affect Giuliani's ability to seek setoff, offset or settlement credit, or that Giuliani's conduct, in fact, caused Plaintiffs any damages, and the amount of any alleged damages Giuliani's conduct may have caused," Giuliani Stip. 4; and

5. "does not affect Giuliani's argument [as to] any other legal defense not expressly waived by this Stipulation," *id.*, which may allude to the six affirmative defenses asserted in Def.'s 33 Answer 193–198, or other unspecified defenses.

Given the seemingly incongruous and certainly puzzling caveats contained in the Giuliani Stipulation, plaintiffs' counsel recounts efforts to obtain clarification from defendant Giuliani's counsel, *see* Pls.' 86 Reply Supp. Mot. For Discovery Sanctions Ag. Def. Giuliani For Failure to Preserve Electronic Evid., at 3–5 (recounting defense counsel's confirmation to plaintiffs' counsel that defendant Giuliani (1) stipulates to all elements of plaintiffs' claims for defamation, intentional infliction of emotional distress, and civil conspiracy; and (2) "would 'not contest willfulness for purposes of

punite damages'"), but no such clarification has been submitted directly to the Court by defendant Giuliani or otherwise acknowledged by defendant Giuliani.

Accordingly, for the above reasons, defendant Giuliani is **DIRECTED, by August 8, 2023 at 4:00 PM**, to submit to the Court either:

(a) a superseding stipulation in which he

(i) concedes, for purposes of this litigation, all factual allegations in plaintiffs' 22 Amended Complaint as to his liability for plaintiffs' defamation, intentional infliction of emotional distress, and civil conspiracy claims, and his liability as to plaintiffs' claim for punitive damages, *see U.S. Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 128 (D.D.C. 2016) (Howell, C.J.) (noting that "[a] defaulting defendant concedes all well–pleaded factual allegations as to liability, though the court may require additional evidence concerning damages") (quoting *Al–Quraan v. 4115 8th St. NW, LLC*1, 123 F. Supp. 3d 1, 1 (D.D.C. 2015)); **and**

(ii) concedes that entry of default judgment on liability is appropriate in this case, *see Adkins v. Teseo*, 180 F. Supp. 2d 15, 1718 (D.D.C. 2001) (entering default judgment after finding that plaintiffs "satisfied each element" of the pleaded cause of action); **or**

(b) an explanation for declining to submit the superseding stipulation described in paragraph (a), above, that also provides clarification as to what precisely his original stipulation conceded regarding the plaintiffs' factual allegations and legal claims.

Should defendant Giuliani not file the superseding stipulation described in paragraph (a), above, **the parties are DIRECTED to appear in Courtroom 26A on August 15, 2023 at 11:00 AM** for a hearing on both plaintiffs' 81 Motion, and the status of defendant Giuliani's compliance with the Court's May 31, 2023 Minute Order ("May Order") (as amended by the June 16, 2023 Minute Order), directing him to "search and produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties, with the assistance of a professional vendor." Signed by Judge Beryl A. Howell on August 4, 2023. (lcbah4) Modified on 8/7/2023 (zmac). (Entered: 08/04/2023)

| Date | No. | Entry |
|------|-----|-------|
| 08/04/2023 | | Set/Reset Deadlines/Hearings: Superseding Stipulation due by 8/8/2023. Motion Hearing set for 8/15/2023 at 11:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (mac) (Entered: 08/04/2023) |
| 08/04/2023 | 88 | RESPONSE TO ORDER OF THE COURT re Order,,, *(Plaintiffs' Submission Detailing the Costs and Fees Incurred in Preparing and Filing the Giuliani Businesses Motion)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Text of Proposed Order)(Gottlieb, Michael) (Entered: 08/04/2023) |
| 08/04/2023 | 89 | Joint STATUS REPORT *Regarding Discovery Compliance and Outstanding Issues* by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 08/04/2023) |
| 08/08/2023 | 90 | STIPULATION re Order,,,,,,,,,,,,,,,,,,,,,,, *Supersediing Stipulation* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 08/08/2023) |
| 08/09/2023 | | NOTICE of Hearing: Motion Hearing set for 8/15/2023 at 10:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (mac) (Entered: 08/09/2023) |

| 08/10/2023 | | MINUTE ORDER (paperless) VACATING the hearing set for August 15, 2023 as to plaintiffs' <u>81</u> Motion for Sanctions for Failure to Preserve Electronic Evidence ("Motion"), given the parties' respective counsels' unavailability this week and on August 15, 2023, despite notice of the hearing being set since August 4, 2023. Plaintiffs' Motion will be resolved on the papers. Signed by Judge Beryl A. Howell on August 10, 2023. (lcbah4) (Entered: 08/10/2023) |
|---|---|---|
| 08/11/2023 | <u>91</u> | RESPONSE TO ORDER OF THE COURT re Order on Motion to Compel,,,,,,,,,,,, *and Plaintiffs' Submission re same* filed by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 08/11/2023) |
| 08/14/2023 | | MINUTE ORDER (paperless) DIRECTING that, by August 25, 2023, plaintiffs file any response to defendant Giuliani's <u>91</u> Objection and Response to Minute Order Re Attorneys' Fees, which was filed in response to the Minute Order (July 26, 2023) granting plaintiffs' <u>70</u> Revised Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Properly–Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas ("Pls.' Motion"), as conceded and awarding plaintiffs attorneys' fees and costs in connection with their Motion, and to address defendant Giuliani's contention that he may not be held personally liable for plaintiffs' attorneys' fees and costs incurred in connection with their Motion. Signed by Judge Beryl A. Howell on August 14, 2023. (lcbah4) (Entered: 08/14/2023) |
| 08/15/2023 | | Set/Reset Deadlines: Plaintiff Response To Defendant Giuliani's <u>91</u> Objection And Response To Minute Order Re Attorneys' Fees due by 8/25/2023 (mac) (Entered: 08/15/2023) |
| 08/25/2023 | <u>92</u> | RESPONSE re <u>91</u> Response to Order of the Court filed by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 08/25/2023) |
| 08/30/2023 | <u>93</u> | ORDER GRANTING plaintiffs' <u>81</u> Motion for Sanctions. See order for further details. Signed by Judge Beryl A. Howell on August 30, 2023. (lcbah4) (Entered: 08/30/2023) |
| 08/30/2023 | <u>94</u> | MEMORANDUM OPINION regarding plaintiffs' <u>81</u> Motion for Sanctions. Signed by Judge Beryl A. Howell on August 30, 2023. (lcbah4) (Entered: 08/30/2023) |
| 08/31/2023 | <u>95</u> | DEFAULT JUDGMENT in favor of Plaintiffs against RUDOLPH GIULIANI on 08/31/23. (mac) (Entered: 08/31/2023) |
| 09/01/2023 | <u>96</u> | Joint STATUS REPORT by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 09/01/2023) |
| 09/08/2023 | <u>97</u> | RESPONSE TO ORDER OF THE COURT re <u>93</u> Order on Motion for Sanctions *Plaintiffs' Submission Detailing the Costs and Fees Incurred in Preparing and Filing Plaintiffs' Motion for Discovery Sanctions* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Exhibit A, # <u>3</u> Text of Proposed Order)(Gottlieb, Michael) (Entered: 09/08/2023) |
| 09/14/2023 | <u>98</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Brittany Williams, Filing fee $ 100, receipt number ADCDC–10352330. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Governski, Meryl) (Entered: 09/14/2023) |
| 09/15/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' <u>98</u> Motion for Leave to Appear Pro Hac Vice. Brittany Williams may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). **Counsel should** |

| | | |
|---|---|---|
| | | **register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Beryl A. Howell on September 15, 2023. (lcbah4) (Entered: 09/15/2023) |
| 09/20/2023 | 99 | RESPONSE TO ORDER OF THE COURT re 93 Order on Motion for Sanctions *(Joint Proposed Pretrial and Trial Schedule)* filed by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 09/20/2023) |
| 09/20/2023 | | MINUTE ORDER (paperless) ISSUING, upon consideration of the parties' 99 Proposed Pretrial and Trial Schedule, the following SCHEDULING ORDER:<br><br>(1) by October 16, 2023, the parties shall file any pretrial motions, including any motions in limine, with any opposition due by October 23, 2023, and any replies due by October 30, 2023;<br>(2) by November 14, 2023, the parties shall file their joint pretrial statement (JPTS), see 4 Standing Order &para 10 (setting out required contents of JPTS);<br>(3) by November 20, 2023, the parties shall file any trial briefs;<br>(4) on December 5, 2023, at 10:00 AM, the parties are directed to appear in Courtroom 26A for a pretrial conference in this matter; and<br>(5) on December 11, 2023, at 9:00 AM, the parties are directed to appear in Courtroom 26A for jury selection for a trial in this matter, with plaintiffs and defendant present in person for the duration of trial. Signed by Judge Beryl A. Howell on September 20, 2023. (lcbah4) (Entered: 09/20/2023) |
| 09/21/2023 | | Set/Reset Deadlines/Hearings: Pretrial Motions, Including Motion in Limine due by 10/16/2023. Oppositions due by 10/23/2023 Replies due by 10/30/2023. Joint Pretrial Statement due by 11/14/2023. Trial Briefs due by 11/20/2023. Pretrial Conference set for 12/5/2023 at 10:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. Jury Selection set for 12/11/2023 at 09:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (mac) (Entered: 09/21/2023) |
| 09/21/2023 | 100 | NOTICE *(Plaintiffs' Notice of Defendant Giuliani's Failure to Comply)* by RUBY FREEMAN, WANDREA MOSS re 93 Order on Motion for Sanctions (Gottlieb, Michael) (Entered: 09/21/2023) |
| 09/22/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of plaintiffs' 100 Notice of Defendant Giuliani's Failure to Comply with the 93 August 30, 2023 Order ("Pls.' Notice"), which Notice indicates that defendant Rudolph W. Giuliani failed to comply with any part of the August 30, 2023 Order ("August 30 Order"), including failing (1) to "produce complete responses to plaintiffs' Requests for Production ('RFP') Numbers 40 and 41;" (2) to "ensure that Giuliani Communications LLC and Giuliani Partners LLC (collectively, the 'Giuliani Businesses') produce complete responses to plaintiffs' requests for financial documents and viewership metrics, including RFP Numbers 19 and 35 and designate one or more corporate representatives to sit for depositions on behalf of the Giuliani Businesses;" (3) to "reimburse plaintiffs' attorneys' fees and costs associated with their successful first motion to compel discovery in the amount totaling $89,172.50, with interest on that amount to accrue from July 25, 2023;" and (4) to "ensure that the Giuliani Businesses reimburse plaintiffs' attorneys fees associated with their successful motion to compel discovery from those Businesses in the amount totaling $43,684," Pls.' Notice at 1–2; *see also* August 30 Order at 2–3, that:<br><br>(1) By September 29, 2023, plaintiffs shall submit any request for additional sanctions |

| | | |
|---|---|---|
| | | against defendant Giuliani, under Federal Rule of Civil Procedure 37(b)(2)(A) and this Court's inherent power, *see Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015), for his failure to comply with the August 30 Order; <br> (2) By October 6, 2023, defendant Giuliani shall file any response to plaintiffs' request for additional sanctions against him; and <br> (3) By October 10, 2023, plaintiffs shall file any reply in support of their request for additional sanctions against defendant Giuliani; and <br><br> FURTHER DIRECTING defendant Giuliani, in light of his failure timely to file, or seek an extension of time to file, any objection to plaintiffs' 97 Submission Detailing the Costs and Fees Incurred in Preparing and Filing Plaintiffs' Motion for Discovery Sanctions, by the deadline of September 15, 2023, as provided by the August 30 Order, to reimburse plaintiffs $104,256.50 in attorneys' fees incurred in the filing of plaintiffs' 81 Motion for Sanctions, by October 6, 2023, with interest to accrue on any unpaid amount thereafter; and <br><br> REMINDING the parties that "all parties or party representatives must be present at the Pretrial Conference," *see* Standing Order &para 11(a). Signed by Judge Beryl A. Howell on September 22, 2023. (lcbah4) (Entered: 09/22/2023) |
| 09/22/2023 | | Set/Reset Deadlines: Plaintiffs Request For Additional Sanctions Against Defendant Giuliani due by 9/29/2023. Defendant Giuliani Response To Plaintiffs' Request For Additional Sanctions Against Him due by 10/6/2023. Plaintiffs Reply In Support Of Their Request For Additional Sanctions Against Defendant Giuliani due by 10/10/2023. (mac) (Entered: 09/22/2023) |
| 09/29/2023 | 101 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,,,,,, *(Plaintiffs' Submission Regarding Additional Sanctions for Defendant Giuliani's Failure to Comply with the Court's August 30, 2023)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Gottlieb, Michael) (Entered: 09/29/2023) |
| 10/13/2023 | 102 | ORDER regarding plaintiffs' 101 Submission Regarding Additional Sanctions for Defendant Giuliani's Failure to Comply with the Court's August 30, 2023. See order for further details. Signed by Judge Beryl A. Howell on October 13, 2023. (lcbah4) (Entered: 10/13/2023) |
| 10/16/2023 | 103 | Consent MOTION in Limine by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Christine Kwon, # 2 Appendix A to Kwon Declaration, # 3 Text of Proposed Order)(Kwon, Christine) (Entered: 10/16/2023) |
| 10/27/2023 | 104 | NOTICE of Appearance by Brittany Marie Williams on behalf of RUBY FREEMAN, WANDREA MOSS (Williams, Brittany) (Entered: 10/27/2023) |
| 11/14/2023 | 105 | PRETRIAL STATEMENT by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Appendix A: Plaintiffs' Exhibit List, # 2 Appendix B: Defendant's Exhibit List – Intentionally Left Blank, # 3 Appendix C: Joint Proposed Voir Dire, # 4 Appendix D: Plaintiffs' Proposed Jury Instructions, # 5 Appendix E: Defendant's Redline and Objection to Plaintiffs' Proposed Jury Instructions, # 6 Appendix F: Joint Proposed Verdict Form)(Gottlieb, Michael) (Entered: 11/14/2023) |
| 11/20/2023 | 106 | NOTICE of Appearance by Aaron E. Nathan on behalf of RUBY FREEMAN, WANDREA MOSS (Nathan, Aaron) (Entered: 11/20/2023) |

| 11/20/2023 | <u>107</u> | TRIAL BRIEF *re Propriety of Jury Trial and Objection to Jury Trial* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 11/20/2023) |
|---|---|---|
| 11/21/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' <u>105</u> Joint Pretrial Submission ("JPS"), in which the parties specify the "Process To Which The PARTIES Agree," *id.* at 25 (§ X.F), that the parties adhere to the following processes:<br><br>(1)The parties shall disclose the identities of witnesses they intend to call for the following day by noon of the preceding day;<br>(2)The parties shall exchange the demonstratives that they intend to use, including for opening and closing presentations, by 6 p.m. of the day prior to such intended use, with any objections to such demonstratives submitted in writing to the Court by 7 AM on the day of the intended use; and<br>(3)The parties shall provide opposing counsel a list of the intended exhibits to be introduced on direct examination, by 8 p.m. of the day preceding the expected testimony of that witness.<br><br>Signed by Judge Beryl A. Howell on November 21, 2023. (lcbah4) (Entered: 11/21/2023) |
| 11/21/2023 | | MINUTE ORDER (paperless) DENYING, upon consideration of the parties' <u>105</u> Joint Pretrial Submission ("JPS"), the parties' request that they be provided, by Friday, December 8, 2023, at 12 p.m., the list of prospective jurors for trial scheduled for Monday, December 11, 2023, *see id.* at 31. This Court has adopted, consistent with 28 U.S.C. § 1878, a one–step summoning and juror qualification procedure, with the result that the list of prospective jurors randomly selected to comprise the venire list for trial in the instant case will not be determined prior to the morning of jury selection on December 11, 2023. *See* 28 U.S.C. § 1878(a) ("At the option of each district court, jurors may be summoned and qualified in a single procedure, if the court's jury selection plan so authorizes, in lieu of the two separate procedures otherwise provided for by this chapter."); Jury Selection Plan for the U.S. District Court for the District of Columbia § 7 (as amended May 17, 2022), https://www.dcd.uscourts.gov/sites/dcd/files/D.D.C.JurySelectionPlan–20220517.pdf. Signed by Judge Beryl A. Howell on November 21, 2023. (lcbah4) (Entered: 11/21/2023) |
| 11/21/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' <u>105</u> Joint Pretrial Submission ("JPS"), which notes various disputes for resolution, that the parties adhere to the following SCHEDULING ORDER for briefing in advance of the Pretrial Conference scheduled for December 5, 2023:<br><br>(1)&nbspBy November 27, 2023:<br><br>&nbsp&nbsp a.&nbspPlaintiff shall file any opposition to defendant's <u>107</u> Trial Brief on Propriety of Jury Trial and Objection to Jury Trial;<br><br>&nbsp&nbspb.Defendant shall submit briefing fully explaining, with citations to applicable law:<br><br>&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp i.&nbspwhy the <u>93</u> August 30, 2023, Order directing the entry of default judgment against defendant ("Default Judgment Order") does not resolve "all elements of [defendant's] liability, including the fact of harm and |

causation, JPS at 27 (§ XII);

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp ii.&nbspwhy "all of the elements of civil conspiracy" have not been satisfied in light of the Default Judgment Order, *id.* at 28 (§ XII);

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp iii.&nbspwhy the members of the conspiracy include not only persons specifically listed in the 22 Amended Complaint and those individuals the parties agree to stipulate were members, *see* JPS at 29–30 ("[T]he parties are in agreement that the following individuals or entities were members of the conspiracy: Donald J. Trump, Christina Bobb, and Herring Networks, Inc.... ("OAN"); Robert Herring; Charles Herring; and Chanel Rion."), but defendant contests that the following individuals are members of the conspiracy: "the Trump Campaign, including anyone who caused [] statements to [be] publish[ed] [] about Plaintiffs or participated in such publications; members of President Trump's legal team, including Ray S. Smith III, Jenna Lynn Ellis, Jackie Pick, Bernard Kerik, and any other lawyers or individuals who the evidence shows worked alongside Defendant Giuliani in support of the Trump Campaign and/or Trump Legal Team," *id.* at 30;

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp iv.&nbspdefendant's objection to plaintiffs' proposed jury instruction on civil conspiracy, *id.* at 28;

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp v.&nbspwhy plaintiffs should be limited to prove damages regarding plaintiffs' Defamation/Defamation *Per Se* claim (Claim 1) and Civil Conspiracy claim (Claim 3) based only on "those statements and/or co–conspirators specifically alleged in the Amended Complaint," *id.* at 14 n.8, rather than "all of the statements to which the [Amended Complaint] refers or incorporates by reference," *id.*, when "Dr. Ashlee Humphreys disclosed her opinions relating to those statements before the default judgment order" in reports served on defendant on July 28 and October 6, 2023, thereby putting defendant on notice of "Plaintiffs' intent to prove damages relating to those statements at the time that [defendant] attempted to stipulate to liability," *id.*;

&nbsp&nbsp c.&nbspDefendant shall submit any briefing on his objections to the parties' proposed jury instructions, as contemplated in the parties' JPS, *see id.* at 31, or consider such objections waived.

&nbsp&nbsp d.Defendant shall submit citation(s) to the record in this case where he challenged the sufficiency of the pleading of the Third Claim for Civil Conspiracy in the 22 Amended Complaint, based on defendant's current contention that "the Court erred in holding that Plaintiffs[] properly pleaded their conspiracy claim" and plaintiffs contest that defendant "appropriately preserved any [such] argument," *id.* at 4 n.1.

(2)&nbspBy November 30, 2023 at 2 p.m.:

&nbsp&nbsp a.&nbspDefendant shall file any reply in support of defendant's 107 Trial Brief on Propriety of Jury Trial and Objection to Jury Trial;

&nbsp&nbsp b.&nbspPlaintiffs shall file any opposition to defendant's briefing submitted under 1(b)–(d), above;

| | | |
|---|---|---|
| | | (3)&nbspBy December 1, 2023 at 4 p.m., defendant shall file any reply in support of defendant's briefing submitted under 1(b)–(d), above.<br><br>Signed by Judge Beryl A. Howell on November 21, 2023. (lcbah4) (Entered: 11/21/2023) |
| 11/22/2023 | | Set/Reset Deadlines: due by 12/1/2023. Plaintiff Opposition To Defendant's 107 Trial Brief on Propriety of Jury Trial And Objection To Jury Trial And Defendant Briefing due by 11/27/2023. Defendant Reply In Support Of Defendant's 107 Trial Brief On Propriety Of Jury Trial And Objection to Jury Trial And Plaintiffs Opposition To Defendant's Briefing due by 11/30/2023. Defendant Reply In Support Of Defendant's Briefing Submitted Under 1(b)–(d) due by 12/1/2023. (zmac) (Entered: 11/22/2023) |
| 11/22/2023 | 108 | ORDER GRANTING plaintiffs' 103 Consent Motion *in Limine* to Exclude Certain Evidence and Argument at Trial. See order for further details. Signed by Judge Beryl A. Howell on November 22, 2023. (lcbah4) (Entered: 11/22/2023) |
| 11/27/2023 | 109 | RESPONSE re 107 Trial Brief *Plaintiffs' Opposition to Defendant's Objection to Jury Trial* filed by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 11/27/2023) |
| 11/27/2023 | 110 | MEMORANDUM re Order,,,,,,,,,,,,,,,, by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 11/27/2023) |
| 11/30/2023 | 111 | REPLY re 107 TRIAL BRIEF *Reply in Support of Objection to Jury Trial* by RUDOLPH GIULIANI. (Attachments: # 1 Exhibit Exhibit A)(Sibley, Joseph) Modified event title and link on 12/6/2023 (znmw). (Entered: 11/30/2023) |
| 11/30/2023 | 112 | RESPONSE re 110 Memorandum filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Gottlieb, Michael) (Entered: 11/30/2023) |
| 12/03/2023 | 113 | MEMORANDUM OPINION AND ORDER DENYING defendant's 107 Trial Brief on Propriety of Jury Trial and Objection to Jury Trial. See order for further details. Signed by Judge Beryl A. Howell on December 3, 2023. (lcbah4) (Entered: 12/03/2023) |
| 12/04/2023 | 114 | REPLY re 110 *in Support of Memo re MINUTE ORDER DATED NOVEMBER 21, 2023* by RUDOLPH GIULIANI. (Sibley, Joseph) Modified event on 12/6/2023 (mg). Modified on 12/6/2023 (mg). (Entered: 12/04/2023) |
| 12/04/2023 | 115 | PRETRIAL STATEMENT *(First Amended Pretrial Submission and First Amended Exhibit List)* by RUBY FREEMAN, WANDREA MOSS re 105 Pretrial Statement, (Attachments: # 1 Appendix A – Plaintiffs First Amended Exhibit List, # 2 Appendix A–1 – Plaintiffs First Amended Exhibit List with Stipulations, # 3 Redline to the Previously Filed Pretrial Statement)(Gottlieb, Michael) Modified event on 12/6/2023 (mg). (Entered: 12/04/2023) |
| 12/05/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Pretrial Conference held on 12/5/2023. (Court Reporter ELIZABETH SAINT–LOTH.) (mac) (Entered: 12/05/2023) |
| 12/05/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' responses to the Court's November 21, 2023 Minute Order, *see* 110 Def.'s Resp. Mem.; 112 Pls.' Opp'n Def.'s Resp.; 114 Def.'s Reply Mem., in which defendant explained objections raised in the parties' 105 Joint Pretrial Submission ("JPTS"), to |

|  |  |  |
|---|---|---|
|  |  | two jury instructions regarding "Certain Matters Already Decided" and "Defamation," *see* Def.'s Resp. Mem. at 10; JPTS, App. E, Def.'s Obj. Pls.' Jury Instr. at 3–4, ECF No. 105–5, and upon consideration of the parties' positions during the pretrial conference held on December 5, 2023, including defendant's counsel's position that (1) defendant does not object and will assert no objection at trial to plaintiffs' deposition designations, set forth in the <u>115</u> First Amended JPTS ("First Am. JPTS"), *see* ECF No. 115 at 8–11, and that (2) defendant withdraws his objections, raised in the parties' initial JPTS, *see id.*, App. E, Def.s Objs. Pls.' Jury Instr. at 3–4, to plaintiffs' proposed jury instructions regarding "Certain Matters Already Decided" and Defamation," that, by December 6, 2023 at 12 PM, <br><br> 1.&nbsp&nbsp Plaintiffs shall submit a proposed jury instruction regarding plaintiffs' burden of proof as to damages, as discussed during the pretrial conference; and <br><br> 2.&nbsp&nbsp Defendant shall submit notice to the Court confirming Mr. Giuliani's concurrence with his counsel's representations during the pretrial conference that, as set forth, *supra*, (1) defendant does not object and will assert no objection at trial to plaintiffs' deposition designations, set forth in the <u>115</u> First Amended JPTS, *see* ECF No. 115 at 8–11, and (2) defendant withdraws his objections, raised in the parties' initial JPTS, *see id.*, App. E, Def.'s Objs. Pls.' Jury Instr. at 3–4, to plaintiffs' proposed jury instructions regarding "Certain Matters Already Decided" and "Defamation." <br><br> Signed by Judge Beryl A. Howell on December 5, 2023. (lcbah4) (Entered: 12/05/2023) |
| 12/05/2023 |  | Set/Reset Deadlines: Plaintiffs Proposed Jury Instructions And Defendant Notice due no later than 12:00PM On December 6, 2023. (mac) (Entered: 12/05/2023) |
| 12/06/2023 | <u>116</u> | STATUS REPORT *re Pretrial Positions* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 12/06/2023) |
| 12/06/2023 | <u>117</u> | Proposed Jury Instructions by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 12/06/2023) |
| 12/06/2023 | <u>118</u> | NOTICE *(Plaintiffs' Notice of Filing of Supplement to Proposed Jury Instructions)* by RUBY FREEMAN, WANDREA MOSS re <u>117</u> Proposed Jury Instructions (Gottlieb, Michael) (Entered: 12/06/2023) |
| 12/07/2023 | <u>119</u> | MEMORANDUM OPINION AND ORDER OVERRULING IN PART and GRANTING IN PART objections raised in defendant's <u>110</u> Response to Minute Order Dated November 21, 2023. See order for further details. Signed by Judge Beryl A. Howell on December 7, 2023. (lcbah4) (Entered: 12/07/2023) |
| 12/07/2023 | <u>120</u> | FINAL TRIAL ORDER. Signed by Judge Beryl A. Howell on December 7, 2023. (lcbah4) (Entered: 12/07/2023) |
| 12/07/2023 |  | Set/Reset Deadlines: Any exhibits, charts, or summaries to be used in opening statements must be cleared with counsel for the other side prior to the opening statements, and if any party objects, such objections must be submitted to the Court for resolution by noon on Friday, December 8, 2023. (zalh) (Entered: 12/07/2023) |
| 12/07/2023 | <u>121</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ruth Whitney, Filing fee $ 100, receipt number ADCDC–10544777. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration of Ruth Whitney, # <u>2</u> Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Governski, Meryl) |

| | | (Entered: 12/07/2023) |
|---|---|---|
| 12/08/2023 | 122 | ENTERED IN ERROR.....TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12−05−2023; Page Numbers: 1 − 100. Date of Issuance: 12−08−2023. Court Reporter: Elizabeth Saint−Loth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/29/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/7/2024.(Saint−Loth, Elizabeth) Modified on 12/8/2023, Reporter error (mg). (Entered: 12/08/2023) |
| 12/08/2023 | 123 | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12−05−2023; Page Numbers: 1 − 100. Date of Issuance: 12−08−2023. Court Reporter: Elizabeth Saint−Loth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/29/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/7/2024.(Saint−Loth, Elizabeth) (Entered: 12/08/2023) |
| 12/10/2023 | 124 | NOTICE *(Joint Notice of Clarification Regarding Plaintiffs' Consent Motion In Limine)* by RUBY FREEMAN, WANDREA MOSS (Gottlieb, Michael) (Entered: 12/10/2023) |
| 12/11/2023 | | MINUTE ORDER granting plaintiffs' 121 Motion for Leave to Appear Pro Hac Vice. Ruth Whitney may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Beryl A. Howell on December 11, 2023. (lcbah4) (Entered: 12/11/2023) |

| 12/11/2023 | | MINUTE ORDER (paperless) DIRECTING that, by 9 AM on Tuesday, December 12, 2023, defendant submit notice identifying each exhibit admitted, at plaintiffs' request and with defendant's consent during the first day of trial held on December 11, 2023, as to which exhibit defendant now asserts an objection and the specific basis for such objection. Signed by Judge Beryl A. Howell on December 11, 2023. (lcbah4) (Entered: 12/11/2023) |
|---|---|---|
| 12/11/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial held on 12/11/2023. Jury Selection Began And Concluded. Eight (8) Jurors Selected And Sworn (Empaneled). Parties Gave Opening Statements. Plaintiff Begins Their Case. Jury Trial Resumes On 12/12/2023 at 09:15 AM in Courtroom 26A– In Person before Judge Beryl A. Howell.). (Court Reporter: ELIZABETH SAINT–LOTH (AM) LISA MOREIRA (PM).)Defense Attorney: JOSEPH SIBNEY; Plaintiff Attorneys: VON DUBOSE/MICHAEL GOTTLIEB; PLAINTIFF WITNESS: REGINA SCOTT (mac) (Entered: 12/11/2023) |
| 12/11/2023 | 126 | MOTION in Limine *to Preclude Further Violations of the Court's Prior Orders* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 12/11/2023) |
| 12/11/2023 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Signed by Judge Beryl A. Howell on 12/11/23. (mac) (Entered: 12/12/2023) |
| 12/12/2023 | 127 | RESPONSE to Order of the Court *re Objections* by RUDOLPH GIULIANI. (Sibley, Joseph) Modified event on 12/12/2023 (mg). (Entered: 12/12/2023) |
| 12/12/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial Resumed And Held on 12/12/2023. Same Eight (8) Jurors. Plaintiff Continuing Presenting Their Case. Jury Trial Resumes On 12/13/2023 at 9:15 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (Court Reporter ELIZABETH SAINT–LOTH (AM)/JANICE DICKMAN (PM).) Defense Attorneys: JOSEPH SIBLEY; Plaintiff Attorneys: JOHN LANGFORD/MICHAEL GOTTLIEB; PLAINTIFF WITNESSES: FRANK BRAUN (DEPOSITION TESTIMONY), MARY FRANCIS WALTON (DEPOSITION TESTIMONY), WANDREA MOSS, BERNARD KERIK (DEPOSITION TESTIMONY), CHRISTINA BOBB (DEPOSITION TESTIMONY), JENNA ELLIS (DEPOSITION TESTIMONY) (mac) (Entered: 12/12/2023) |
| 12/12/2023 | 128 | Exhibit List *for Plaintiffs (Updated)* by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 12/12/2023) |
| 12/13/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial Resumed And Held on 12/13/2023 With The Same Jury Of Eight (8), Plaintiffs Resumed And Concluded Their Case. Jury Trial Scheduled To Continue On 12/14/2023 at 9:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. Plaintiff Attorneys : Michael Gottleib/ Meryl Governski; Defense Attorney: Joseph Sibley; Plaintiff Witnesses: 1.) Pamela Michelle Branton (Via Deposition); #2) Ashlee Humphreys; #3) Ruby Freeman; (Court Reporter ELIZABETH SAINT–LOTH (AM)/ LISA MOREIRA (PM).) (mac) (Entered: 12/13/2023) |
| 12/14/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial Resumed on 12/14/2023. Defendant Rested His Case. Parties Gave Closing Statements And Jury Deliberations Began. Jury Deliberation Will Resume on 12/15/2023 at 9:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell.). (Plaintiff Attorneys: MICHAEL GOTTLIEB; Defense Attorney: JOSEPH SIBLEY; Court Reporter |

| | | |
|---|---|---|
| | | ELIZABETH SAINT–LOTH (AM SESSION)/ JANICE DICKMAN (PM SESSION). (mac) (Entered: 12/14/2023) |
| 12/14/2023 | 129 | **Signature Page of Foreperson**<br><br>in Jury Note (01). (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (mac) (Entered: 12/14/2023) |
| 12/14/2023 | 130 | Jury Note (01)(mac) (Entered: 12/14/2023) |
| 12/15/2023 | 131 | Consent MOTION (Consent Motion to Amend Case Caption) by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/15/2023) |
| 12/15/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial (Day 5) Resumed And Concluded on 12/15/2023 With A Jury Of 8. Jury Awarded Compensatory And Punitive Damages To The Plaintiffs. (Court Reporter ELIZABETH SAINT–LOTH.) (mac) (Entered: 12/15/2023) |
| 12/15/2023 | 132 | (JOINT) ATTORNEYS' ACKNOWLEDGMENT CONCERNING TRIAL EXHIBITS. (mac) (Entered: 12/15/2023) |
| 12/15/2023 | 133 | Jury Notes (1)(mac) (Entered: 12/15/2023) |
| 12/15/2023 | 134 | **Signature Page of Foreperson**<br><br>in Jury Note (1). (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zmac) (Entered: 12/15/2023) |
| 12/15/2023 | 135 | Verdict Form (mac) (Entered: 12/15/2023) |
| 12/15/2023 | 136 | **Signature Page of Foreperson**<br><br>in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zmac) (Entered: 12/15/2023) |
| 12/18/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 131 Consent Motion to Amend Case Caption, to modify the spelling of plaintiff Moss's first name from "Wandrea" to "Wandrea'," and to remove defendants Herring Networks, Inc., Charles Herring, Robert Herring, and Chanel Rion. The Clerk of the Court is directed to amend the spelling of Ms. Moss's first name on the case docket and to modify the case caption to reflect RUDOLPH W. GIULIANI as the sole defendant. Signed by Judge Beryl A. Howell on December 18, 2023. (lcbah4) (Entered: 12/18/2023) |
| 12/18/2023 | 137 | Jury Instructions. (mac) (Entered: 12/18/2023) |
| 12/18/2023 | 138 | STIPULATION *(Joint Stipulation Regarding Entry of Final Judgment)* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/18/2023) |
| 12/18/2023 | 139 | MOTION to Lift Stay *(Plaintiffs' Motion to Dissolve Stay of Execution)* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Gottlieb, Michael) |

| | | (Entered: 12/18/2023) |
|---|---|---|
| 12/18/2023 | 140 | MOTION for Order *Granting Leave to Register Judgment* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/18/2023) |
| 12/18/2023 | 141 | MOTION to Expedite *to Expedite Briefing and Consideration of this Motion* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Gottlieb, Michael) Modified event title on 12/19/2023 (znmw). (Entered: 12/18/2023) |
| 12/18/2023 | | MINUTE ORDER (paperless) DIRECTING defendant to file any response to plaintiffs' 139 140 141 Motion to Dissolve Stay of Execution and for Leave to Register Judgment in Any Other District and to Expedite Briefing, by December 19, 2023, at 2:00 PM. Signed by Judge Beryl A. Howell on December 18, 2023. (lcbah4) (Entered: 12/18/2023) |
| 12/18/2023 | 142 | FINAL JUDGMENT. Signed by Judge Beryl A. Howell on December 18, 2023. (lcbah4) (Entered: 12/18/2023) |
| 12/19/2023 | 143 | RESPONSE re 139 MOTION to Lift Stay *(Plaintiffs' Motion to Dissolve Stay of Execution)* filed by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 12/19/2023) |
| 12/20/2023 | 144 | MEMORANDUM AND ORDER granting plaintiffs' 139 140 141 Motion to Dissolve Stay of Execution and for Leave to Register Judgment in Any Other District. See Memorandum and Order for further details. Signed by Judge Beryl A. Howell on December 20, 2023. (lcbah4) (Entered: 12/20/2023) |
| 01/11/2024 | 145 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Beryl A. Howell held on December 11, 2023; Page Numbers: 1–154. Date of Issuance:January 11, 2024. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/1/2024. Redacted Transcript Deadline set for 2/11/2024. Release of Transcript Restriction set for 4/10/2024.(Moreira, Lisa) (Entered: 01/11/2024) |
| 01/11/2024 | 146 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Beryl A. Howell held on December 13, 2023; Page Numbers: 1–174. Date of Issuance:January 11, 2024. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/1/2024. Redacted Transcript Deadline set for 2/11/2024. Release of Transcript Restriction set for 4/10/2024.(Moreira, Lisa) (Entered: 01/11/2024) |
| 02/20/2024 | 147 | MOTION for Judgment as a Matter of Law , MOTION for Judgment NOV , MOTION for New Trial , MOTION to Alter Judgment by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 02/20/2024) |
| 02/20/2024 | 148 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 142 Order by RUDOLPH GIULIANI. Filing fee $ 605, receipt number ADCDC–10701350. Fee Status: Fee Paid. Parties have been notified. (Sibley, Joseph) (Entered: 02/20/2024) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendants. | |

---

**DEFENDANT'S NOTICE OF APPEAL**

---

Notice is hereby given that Rudolph W. Giuliani, Defendant in the above-named case, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit as to the Final Judgment [Document 142] entered in this action on the 18th day of December, 2023.[1]

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley
Joseph D. Sibley
DC Bar ID: TX0202
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St.
Suite 110263
Austin, Texas 78701

---

[1] Defendant files this Notice of Appeal subject to and without waiving his rights under his Renewed Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) filed prior to this Notice, which is yet to be ruled on.  However, Defendant files this Notice of Appeal out of abundance of caution in the event the tolling doctrine enunciated in cases such as *Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Custom Air Sys., Inc.*, 333 F.3d 345, 347 (2d Cir. 2003) applying 11 U.S.C. § 108 to the deadline to file a notice of appeal (60 days from the date a bankruptcy is filed, as may be extended by weekends or holidays) is not held to apply to a post-judgment motion such as a Rule 50(b) motion.

Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

*/s/ Joseph D. Sibley IV*
Joseph D. Sibley IV

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-3354 (BAH) |
| v. | Judge Beryl A. Howell |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

## FINAL JUDGMENT

Upon consideration of the Joint Stipulation Regarding Entry of Final Judgment, ECF No. 138, agreed to jointly by the parties, the entry of default judgment on liability against defendant Rudolph W. Giuliani on plaintiffs' well-pleaded claims for defamation, intentional infliction of emotional distress, and civil conspiracy to commit those torts, as a sanction for defendant's sanctionable "willful shirking of his discovery obligations in anticipation of and during this litigation," *Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 5600316, at *2 (D.D.C. Aug. 30, 2023), pursuant to FEDERAL RULES OF CIVIL PROCEDURE 37(e)(2)(C) and 37(b)(2)(A)(vi); *see also* Default Judgment Order, ECF No. 93, and the jury verdict on the amount of damages owed to plaintiffs by defendant, *see* ECF No. 135, it is hereby **ORDERED, ADJUDGED, and DECLARED** as follows:

1. Plaintiffs Ruby Freeman and Wandrea' Moss shall recover from the defendant Rudolph W. Giuliani damages in the amount of $145,969,000.00, plus post-judgment interest at the rate of 5.01 % per annum, along with costs.

2. Plaintiffs Ruby Freeman and Wandrea' Moss shall recover from the defendant Rudolph W. Giuliani attorney's fees as follows:

1

    a.  in the amount of $89,172.50, pursuant to this Court's Order dated August 30, 2023, ECF No. 93, plus post-judgment interest accruing from July 25, 2023, at the rate of 5.33% per annum;

    b.  in the amount of $43,684, pursuant to this Court's Order dated August 30, 2023, ECF No. 93, plus post-judgment interest accruing from September 20, 2023, at the rate of 5.42% per annum; and

    c.  in the amount of $104,256.50, pursuant to the Court's September 22, 2023 Minute Order, plus post-judgment interest accruing from October 6, 2023, at the rate of 5.46% per annum.

3.  It is hereby DECLARED pursuant to 28 U.S.C. § 2201(a), as between plaintiffs and defendant, as follows:

    a.  It is hereby DECLARED (1) that the Actionable Statements set forth in the Amended Complaint, ECF No. 22, are false; (2) that those statements are defamatory and defamatory *per se*; (3) that those statements were of and concerning plaintiffs; (4) that defendant made those statements with actual malice; (5) that defendant published those statements to third parties without privilege; and (6) that those statements caused plaintiffs harm;

    b.  It is further DECLARED (1) that defendant Giuliani engaged in extreme and outrageous conduct which (2) intentionally and maliciously (3) caused the plaintiffs to suffer severe emotional distress;

    c.  It is further DECLARED (1) that defendant Giuliani entered into an agreement on or before December 3, 2020, with Donald J. Trump, Christina Bobb, Herring Networks, Inc., d/b/a OAN, Robert Herring, Charles

2

Herring, Chanel Rion, and members of the Trump 2020 Presidential Campaign, including members of the Trump Legal team headed by Giuliani, who caused statements to be published about plaintiffs or participated in such publications, (2) to participate in defamation of and intentional infliction of emotional distress on plaintiffs, and (3) that plaintiffs were injured by unlawful overt acts performed by parties to the agreement pursuant to, and in furtherance of, the common scheme.

d. It is further DECLARED that defendant's conduct was intentional, malicious, wanton, and willful, such that plaintiffs are entitled to punitive damages.

**SO ORDERED**.

Date:  December 18, 2023

_____
**BERYL A. HOWELL**
United States District Judge

3