# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RUDOLPH W. GIULIANI <br> a/k/a RUDOLPH WILLIAM GIULIANI | Case No. 23-12055 (SHL) |
| Debtor. | **Ref. Docket No. 25, 26, & 50** |

### ORDER GRANTING LIMITED RELIEF
### <u>FROM THE AUTOMATIC STAY TO PRESERVE CERTAIN POST-TRIAL RIGHTS</u>

Upon consideration of the motion (the "<u>Motion</u>")[1] of Mr. Rudolph W. Giuliani a/k/a

Rudolph William Giuliani (the "<u>Debtor</u>") in the above-caption case, pursuant to section 362 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1532 and Rule 4001(a) of the Federal Rules

of Bankruptcy Procedure, for the entry of an order modifying the automatic stay to permit the

Debtor to file post-trial motions to modify the final judgment entered in Freeman v. Giuliani, No.

21-cv-03354 (BAH) (D.D.C. 2021) (the "<u>Freeman Litigation</u>" and such judgment, the "<u>Freeman</u>

<u>Judgment</u>"), move for a new trial, and file a notice of appeal; and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334,

and the *Amended Standing Order of Reference* M-431, dated January 31, 2012 (Preska, C.J.); and

this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

given; and such notice having been adequate and appropriate under the circumstances and it

---

[1]   Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the
*Objection of Ruby Freeman and Wandrea' ArShaye Moss to the Debtors' Motion for an Order Modifying the
Stay for the Limited Purposes of Allowing the Debtors to File Post-Trial Motions to Modify the Judgment and
on For a New Trial and to File a Notice of Appeal* [Docket No. 50].

appearing that no other or further notice need be provided; and the Court having reviewed the Motion and considered the views of the parties,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. To the extent applicable, the automatic stay is modified, pursuant to Bankruptcy Code section 362(d)(1) and Bankruptcy Rule 4001, solely as to the Debtor and the Objecting Parties and solely to the extent necessary to permit and authorize (a) the Debtor to (i) file and litigate in the District Court a post-trial motion (or motions) in the Freeman Litigation under Federal Rule of Civil Procedure 50 and/or Federal Rule of Civil Procedure 59 (each, a "Post-Trial Filing"), and (ii) file a notice of appeal from the Freeman Judgment entered on December 18, 2023 ("Notice of Appeal"); and (b) the Objecting Parties to litigate and otherwise oppose such Post-Trial Filings.

3. For the avoidance of doubt, the automatic stay is modified solely as set forth above and the Post-Trial Filings shall be adjudicated in the discretion of the District Court. Except with respect to the filing of a Notice of Appeal, any appeal of the Freeman Litigation shall remain subject to the automatic stay.

4. At least five (5) business days prior to filing any Post-Trial Filing, the Debtors shall provide notice of such filing and/or action to (a) the Objecting Parties, and (b) the official committee of unsecured creditors appointed in this chapter 11 case; *provided, however*, the foregoing shall not apply with respect to any Post-Trial Filings to be made by the Debtor on February 20, 2024.

5. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

6.      Any fees and expenses incurred by the Debtor and his advisors in the Freeman Litigation in connection with any Post-Trial Filings and the Notice of Appeal shall not be paid by, and shall not result in a claim against, the Debtor or his estate.  Moreover, any party, on behalf of the Debtor, paying fees or expenses incurred by the Debtor or his advisors in the Freeman Litigation in connection with the Post-Trial Filings or the Notice of Appeal shall not have a claim against, and shall not seek reimbursement from, the Debtor or his estate for any such amounts; *provided further* that no party shall pay any such fees and expenses incurred by the Debtor or his advisors in the Freeman Litigation until such time as this Court enters an order approving the payment of such fees and expenses.

Dated:  February 20, 2024
White Plains, New York

/s/ Sean H. Lane
UNITED STATES BANKRUPTCY JUDGE