APPEAL,CLOSED,JURY,TYPE–B

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:21–cv–03354–BAH</u>
# *Internal Use Only*

FREEMAN et al. v. GIULIANI
Assigned to: Judge Beryl A. Howell
Demand: $75,000
 Related Case:  1:23–cv–03754–BAH
 Case in other court:  USCA, 24–07021
Cause: 28:1332 Diversity–Libel,Assault,Slander

Date Filed: 12/23/2021
Date Terminated: 04/17/2024
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel &
Slander
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**RUBY FREEMAN**                      represented by   **Aaron E. Nathan**
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
212–728–8904
Email: <u>anathan@willkie.com</u>
*ATTORNEY TO BE NOTICED*

**Brittany Marie Williams**
PROTECT DEMOCRACY
1900 Market Street, 8th Floor
Philadelphia, PA 19103
202–236–7396
Email: <u>brittany.williams@protectdemocracy.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine Kwon**
PROTECT DEMOCRACY
555 W. 5th St.
Los Angeles, CA 90013
310–938–7807
Email: <u>christine.kwon@protectdemocracy.org</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Tyler Knoblett**
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20001
202–303–1162
Fax: 202–303–2000
Email: <u>jknoblett@willkie.com</u>
*ATTORNEY TO BE NOTICED*

**John Langford**

1

PROTECT DEMOCRACY
555 W. 5th St.
Los Angeles, CA 90013
919–619–9819
Email: john.langford@protectdemocracy.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie Annie Houghton–Larsen**
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019–6099
212–728–8164
Email: mhoughton–larsen@willkie.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meryl Conant Governski**
WILLKIE FARR & GALLAGHER LLP
1875 K Street
Suite 100
Washington, DC 20006
(202) 303–1016
Fax: (202) 303–2000
Email: MGovernski@willkie.com
*ATTORNEY TO BE NOTICED*

**Rachel Goodman**
PROTECT DEMOCRACY
115 Broadway
5th Floor
New York, NY 10006
202–997–0599
Email: rachel.goodman@protectdemocracy.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara Chimene–Weiss**
PROTECT DEMOCRACY
2020 Pennsylvania Avenue, NW
#163
Washington, DC 20006
617–233–9834
Fax: 202–769–3176
Email: sara.chimene–weiss@protectdemocracy.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Ryan**
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006

202–303–1183
Fax: 202–303–2000
Email: tryan@willkie.com
*ATTORNEY TO BE NOTICED*

**Von DuBose**
DUBOSE MILLER
75 14th Street NE
Suite 2110
Atlanta, GA 30309
404–720–8111
Email: dubose@dubosemiller.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Gottlieb**
WILLKIE FARR & GALLAGHER, LLP
1875 K Street, NW
Washington, DC 20006
(202) 303–1442
Fax: (202) 303–2442
Email: mgottlieb@willkie.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WANDREA' MOSS**                    represented by    **Aaron E. Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brittany Marie Williams**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine Kwon**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Tyler Knoblett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Langford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie Annie Houghton–Larsen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meryl Conant Governski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Goodman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara Chimene–Weiss**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Ryan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Von DuBose**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Gottlieb**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**HERRING NETWORKS, INC.**
*d/b/a ONE AMERICA NEWS*
*NETWORK*
*TERMINATED: 05/11/2022*

<u>**Defendant**</u>

**CHARLES HERRING**
*TERMINATED: 05/11/2022*

<u>**Defendant**</u>

**ROBERT HERRING**
*TERMINATED: 05/11/2022*

<u>**Defendant**</u>

**CHANEL RION**
*TERMINATED: 05/11/2022*

<u>**Defendant**</u>

**RUDOLPH GIULIANI**                          represented by   **Joseph D. Sibley , IV**
                                                               CAMARA & SIBLEY LLP
                                                               1108 Lavaca St
                                                               Suite 110263
                                                               Austin, TX 78701
                                                               713–966–6789
                                                               Fax: 713–583–1131
                                                               Email: sibley@camarasibley.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Non–Party Petitioner**

**OFFICE OF THE SECRETARY OF**                represented by   **Daniel Stephen Walsh**
**STATE FOR THE STATE OF**                                     DEPARTMENT OF LAW, STATE OF
**GEORGIA**                                                    GEORGIA
                                                               40 Capitol Square, SW
                                                               Atlanta, GA 30334
                                                               404–458–3358
                                                               Email: dwalsh@law.ga.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Non–Party Respondent**

**BERNARD KERIK**                             represented by   **Timothy Parlatore**
                                                               PARLATORE LAW GROUP LLP
                                                               260 Madison Avenue
                                                               17th Floor
                                                               New York, NY 10016
                                                               212–679–6312
                                                               Fax: 212–202–4787
                                                               Email: timothy.parlatore@parlatorelawgroup.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/23/2021 | 1 | COMPLAINT against RUDOLPH W. GIULIANI, CHARLES HERRING, ROBERT HERRING, HERRING NETWORKS, INC., CHANEL RION with Jury Demand ( Filing fee $ 402 receipt number ADCDC–8947756) filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons to Herring Networks, Inc., # 3 Summons to Charles Herring, # 4 Summons to Robert Herring, # 5 Summons to Chanel Rion, # 6 Summons to Rudolph W. Giuliani)(Gottlieb, Michael) (Entered: 12/23/2021) |
| 12/23/2021 | 2 | Exparte document, MOTION for Waiver *of Local Civil Rule 5.1(c)* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/23/2021) |
| 12/27/2021 |  | Case Assigned to Chief Judge Beryl A. Howell. (znmg) (Entered: 12/27/2021) |
| 12/28/2021 | 3 | SUMMONS (5) Issued Electronically as to RUDOLPH W. GIULIANI, CHARLES |

| | | |
|---|---|---|
| | | HERRING, ROBERT HERRING, HERRING NETWORKS, INC., CHANEL RION. (Attachments: # 1 Notice and Consent)(adh, ) (Entered: 12/28/2021) |
| 12/30/2021 | 4 | STANDING ORDER. Signed by Chief Judge Beryl A. Howell on December 30, 2021. (lcbah4) (Entered: 12/30/2021) |
| 01/11/2022 | 5 | SEALED DOCUMENT filed by RUBY FREEMAN, WANDREA MOSS(This document is SEALED and only available to authorized persons.)(Gottlieb, Michael) (Entered: 01/11/2022) |
| 01/26/2022 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. HERRING NETWORKS, INC. served on 1/6/2022, answer due 1/27/2022 (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | 7 | WAIVER OF SERVICE. CHARLES HERRING waiver sent on 1/24/2022, answer due 3/25/2022. (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | 8 | WAIVER OF SERVICE. RUDOLPH W. GIULIANI waiver sent on 1/3/2022, answer due 3/4/2022. (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT HERRING served on 1/12/2022, answer due 2/2/2022 (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHANEL RION served on 1/7/2022, answer due 1/28/2022 (Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/26/2022 | 11 | Unopposed MOTION for Extension of Time to *Respond to Complaint to March 25, 2022 and to Consolidate Deadlines* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 01/26/2022) |
| 01/27/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 11 Unopposed Motion for Extension of Time to Respond to Complaint to March 25, 2022, and to Consolidate Deadlines, and DIRECTING defendants to respond to the Complaint by March 25, 2022. Signed by Chief Judge Beryl A. Howell on January 27, 2022. (lcbah4) (Entered: 01/27/2022) |
| 01/27/2022 | | Set/Reset Deadlines: Answer to the Complaint due by 3/25/2022. (ztg) (Entered: 01/27/2022) |
| 03/21/2022 | 12 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, , Unopposed MOTION for Briefing Schedule by RUDOLPH GIULIANI. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sibley, Joseph) (Entered: 03/21/2022) |
| 03/22/2022 | | MINUTE ORDER (paperless) GRANTING IN PART and DENYING IN PART defendant RUDOLPH GIULIANI's 12 Unopposed Motion for Extension of Time to Respond to Complaint; DIRECTING plaintiffs and defendants HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION (the "OAN Defendants") to file a joint status report by April 21, 2022, apprising the Court of the status of settlement negotiations, whether they intend to proceed with litigation, or whether they request additional time to continue negotiations; GRANTING the request for plaintiffs to file an amended complaint by April 25, 2022; and DENYING defendant RUDOLPH GIULIANI's request for an extension in the |

| | | |
|---|---|---|
| | | deadline by which he must respond to plaintiffs' Complaint, as defendant has provided insufficient cause to justify such a substantial extension of time to respond to the Complaint beyond that afforded to him by the Federal Rules. Signed by Chief Judge Beryl A. Howell on March 22, 2022. (lcbah4) (Entered: 03/22/2022) |
| 03/24/2022 | | Set/Reset Deadlines: Plaintiffs and defendants HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION's Joint Status Report due by 4/21/2022; Amended Complaint due by 4/25/2022. (ztg) (Entered: 03/24/2022) |
| 03/25/2022 | 13 | ANSWER to Complaint by RUDOLPH GIULIANI.(Sibley, Joseph) (Entered: 03/25/2022) |
| 04/21/2022 | 14 | Joint STATUS REPORT *Regarding Mediation* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 04/21/2022) |
| 04/25/2022 | 15 | Joint MOTION for Order *Approving the Schedule Proposed in the Concurrently Filed Joint Meet and Confer Report* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order [Proposed] Joint Scheduling Order)(Gottlieb, Michael) (Entered: 04/25/2022) |
| 04/25/2022 | 16 | MEET AND CONFER STATEMENT. (Gottlieb, Michael) (Entered: 04/25/2022) |
| 04/26/2022 | | MINUTE ORDER (paperless) GRANTING the parties' 15 Joint Motion for Order Approving the Schedule Proposed in the Concurrently Filed Joint Meet and Confer Report, and ISSUING the following SCHEDULING ORDER to control the timing of proceedings in this matter:<br>1. By May 10, 2022, the parties shall file any amended pleadings and join any additional parties;<br>2. By May 18, 2022, the parties shall exchange initial disclosures required by Federal Rule of Civil Procedure 26(a)(1);<br>3. By June 6, 2022, defendant shall file any motion under Federal Rule of Civil Procedure 12, with any opposition due by June 27, 2022, and any reply by July 11, 2022;<br>4. By November 22, 2022, all fact discovery shall close (including answers to interrogatories, document production, requests for admission, and depositions);<br>5. By December 16, 2022, all experts shall be designated with required expert disclosures, and by January 27, 2023, any rebuttal experts designated with required rebuttal expert disclosures; and<br>6. By February 17, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated. Signed by Chief Judge Beryl A. Howell on April 26, 2022. (lcbah4) (Entered: 04/26/2022) |
| 04/27/2022 | | Set/Reset Deadlines: Amended pleadings/joinder of parties due by 5/10/2022; initial disclosures due by 5/18/2022; any motion under Federal Rule of Civil Procedure 12 due by 6/6/2022; opposition due by 6/27/2022; reply due by 7/11/2022; fact discovery due by 11/22/2022; expert disclosures due by 12/16/2022; rebuttal expert designation due by 1/27/2023; all discovery due by 2/17/2023. (ztg) (Entered: 04/27/2022) |
| 04/29/2022 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Von A. DuBose, Filing fee $ 100, receipt number ADCDC–9205365. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Von A. DuBose, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |

| 04/29/2022 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rachel Goodman, Filing fee $ 100, receipt number ADCDC–9205400. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Rachel Goodman, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |
|---|---|---|
| 04/29/2022 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kurt G. Kastorf, Filing fee $ 100, receipt number ADCDC–9205434. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Kurt G. Kastorf, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |
| 04/29/2022 | 20 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John Langford, Filing fee $ 100, receipt number ADCDC–9205462. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of John Langford, # 2 Text of Proposed Order)(Gottlieb, Michael) (Entered: 04/29/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiff's 17 Motion for Admission of Attorney *Pro Hac Vice*. Mr. Von A. DuBose may enter an appearance *pro hac vice* for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 18 Motion for Admission of Attorney *Pro Hac Vice*. Ms. Rachel Elizabeth Goodman may enter an appearance *pro hac vice* for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 19 Motion for Admission of Attorney *Pro Hac Vice*. Mr. Kurt G. Kastorf may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/02/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 20 Motion for Admission of Attorney *Pro Hac Vice*. Mr. John Thomas Langford may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Chief Judge Beryl A. Howell on May 2, 2022. (lcbah4) (Entered: 05/02/2022) |
| 05/10/2022 | 21 | MOTION to Dismiss *(Motion for Voluntary Dismissal)* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 05/10/2022) |
| 05/10/2022 | 22 | AMENDED COMPLAINT against RUDOLPH GIULIANI with Jury Demand filed by RUBY FREEMAN, WANDREA MOSS.(Gottlieb, Michael) (Entered: 05/10/2022) |
| 05/10/2022 | 23 | NOTICE of Appearance by Meryl Conant Governski on behalf of RUBY FREEMAN, WANDREA MOSS (Governski, Meryl) (Entered: 05/10/2022) |
| 05/10/2022 | 24 | NOTICE of Appearance by Rachel Goodman on behalf of RUBY FREEMAN, WANDREA MOSS (Goodman, Rachel) (Entered: 05/10/2022) |

| 05/10/2022 | 25 | NOTICE of Appearance by John Langford on behalf of RUBY FREEMAN, WANDREA MOSS (Langford, John) (Entered: 05/10/2022) |
|---|---|---|
| 05/11/2022 | | MINUTE ORDER (paperless), GRANTING plaintiffs' 21 Motion for Voluntary Dismissal and Entry of Judgment with Respect as to the OAN Defendants; DISMISSING, with prejudice, defendants HERRING NETWORKS INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION from the instant action; and DIRECTING entry of final judgment as to defendants HERRING NETWORKS, INC., CHARLES HERRING, ROBERT HERRING, and CHANEL RION. *See* Fed. R. Civ. P. 54(b). Signed by Chief Judge Beryl A. Howell on May 11, 2022. (lcbah4) (Entered: 05/11/2022) |
| 06/06/2022 | 26 | MOTION to Dismiss *Amended Complaint pursuant to Rule 12(b)(6)* by RUDOLPH GIULIANI. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Memorandum in Support Memo in Support, # 3 Exhibit Ex A to Memo)(Sibley, Joseph) (Entered: 06/06/2022) |
| 06/27/2022 | 27 | Memorandum in opposition to re 26 MOTION to Dismiss *Amended Complaint pursuant to Rule 12(b)(6)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order Denying Defendant's Motion to Dismiss, # 2 Exhibit A: Snopes.com Article)(Gottlieb, Michael) (Entered: 06/27/2022) |
| 08/31/2022 | 28 | Joint MOTION for Extension of Time to Complete Discovery by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 08/31/2022) |
| 08/31/2022 | | MINUTE ORDER (paperless) GRANTING the parties' 28 Joint Motion to Extend Discovery, and AMENDING the SCHEDULING ORDER as follows: 1. By May 22, 2023, all fact discovery shall close (including answers to interrogatories, document production, requests for admission, and depositions); 2. By June 16, 2023, all experts shall be designated with required expert disclosures, and by July 20, 2023, any rebuttal experts designated with required rebuttal expert disclosures; 3. By August 10, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated; and4. By September 11, 2023, the parties shall file any dispositive motions, with any opposition due on September 25, 2023, and any replies due October 2, 2023. Signed by Chief Judge Beryl A. Howell on August 31, 2022. (lcbah4) (Entered: 08/31/2022) |
| 09/01/2022 | | Set/Reset Deadlines: Fact discovery due by 5/22/2023. Expert disclosures due by 6/16/2023. Rebuttal expert disclosures due by 7/20/2023. Expert discovery and joint status report due by 8/10/2023. Dispositive motions due by 9/11/2023. Opposition due by 9/25/2023. Reply due by 10/2/2023. (hmc) Corrected typo on 9/6/2022 (ztg). (Entered: 09/01/2022) |
| 09/19/2022 | 29 | NOTICE of Appearance by Von DuBose on behalf of RUBY FREEMAN, WANDREA MOSS (DuBose, Von) (Main Document 29 replaced on 9/21/2022) (zed). (Entered: 09/19/2022) |
| 10/31/2022 | 30 | ORDER denying the defendant's 26 Motion to Dismiss. See Order for further details. Signed by Chief Judge Beryl A. Howell on October 31, 2022. (lcbah4) (Entered: 10/31/2022) |

| 10/31/2022 | 31 | MEMORANDUM OPINION regarding the defendant's 26 Motion to Dismiss. Signed by Chief Judge Beryl A. Howell on October 31, 2022. (lcbah4) (Entered: 10/31/2022) |
| 11/14/2022 | 32 | MEET AND CONFER STATEMENT. (Gottlieb, Michael) (Entered: 11/14/2022) |
| 12/12/2022 | 33 | *Original* ANSWER to 22 Amended Complaint by RUDOLPH GIULIANI.(Sibley, Joseph) (Entered: 12/12/2022) |
| 12/16/2022 | 34 | Unopposed MOTION for Order Authorizing Plaintiffs to Serve Third–Party Katherine Friess with a Federal Rule of Civil Procedure 45 Subpoena via Alternative Methods by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Attorney John Langford in Support of Plaintiffs' Unopposed Motion for Order Approving Alternative Service of Rule 45 Subpoena on Third–Party Katherine Friess, # 2 Exhibit 1 (Proposed Subpoena to Katherine Friess), # 3 Exhibit 2 (Giuliani Strategic Plan), # 4 Exhibit 3 (Def.'s Amended Answers to Interrogatories), # 5 Exhibit 4 (Def.'s First Privilege Log), # 6 Exhibit 5 (Felter Affidavit of Due Diligence), # 7 Exhibit 6 (Friess's Colorado Action), # 8 Exhibit 7 (AT&T Letter to Friess), # 9 Exhibit 8 (Friess Declaration), # 10 Exhibit 9 (D.C. Bar Listing for Friess), # 11 Exhibit 10 (Colo. Bar Listing for Friess), # 12 Exhibit 11 (Bryson Affidavit of Non–Service), # 13 Exhibit 12 (Langford Emails to Friess's Counsel in Colorado Action), # 14 Exhibit 13 (Printout of Friess's Possible Address), # 15 Exhibit 14 (Virginia SCC Listing for Friess's Business), # 16 Exhibit 15 (October Email from Langford to Friess), # 17 Exhibit 16 (December Email from Langford to Friess), # 18 Exhibit 17 (Read Receipts Reflecting Friess Opening December Email), # 19 Exhibit 18 (Def.'s "V Card" for Friess), # 20 Exhibit 19 (Order, OAO Alfa Bank v. Ctr. For Public Integrity, No. 1:00–cv–02208–JDB (D.D.C. Jan. 6, 2004), ECF No. 122), # 21 Exhibit 20 (Order, Rich v. Butowsky, No. 1:18–cv–00681–RJL(D.D.C. Jan. 24, 2020), ECF No. 133), # 22 Text of Proposed Order)(Langford, John) (Entered: 12/16/2022) |
| 12/20/2022 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 34 Unopposed Motion for Order Authorizing Plaintiffs to Serve Third–Party Katherine Friess with a Federal Rule of Civil Procedure 45 Subpoena via Alternative Methods ("Pls.' Mot."), upon consideration of this Motion and the accompanying affidavits indicating plaintiffs' repeated efforts to contact and serve Katherine Friess ["Friess"], *see* [34–1] Declaration of Attorney John Langford in Support of Plaintiffs' Unopposed Motion for Order Approving Alternative Service of Rule 45 Subpoena on Third–Party Katherine Friess; [34–6] Felter Affidavit of Due Diligence; [34–8] AT&T Letter to Friess; [34–12] Bryson Affidavit of Non–Service; [34–13] Langford Emails to Friess's Counsel in Colorado Action; [34–16] October Email from Langford to Friess; [34–17] December Email from Langford to Friess; and [34–18] Read Receipts Reflecting Friess Opening December Email. While Federal Rule of Civil Procedure 45(b)(1) contemplates that third–party witnesses are to be personally served, *see Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 362 (D.D.C. 2011) ("The Federal Rules of Civil Procedure requires personal service of subpoenas. *See* FED. R. CIV.P. 45(b)(1)."), "alternative forms of service may be acceptable under Rule 45," particularly "where the witness is aware of the lawsuit, knows that one of the parties is interested in h[er] testimony, and is aware that there have been multiple attempts at personal service, and where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena," Order, OAO *Alfa Bank v. Ctr. For Public Integrity*, No. 1:00–cv–02208–JDB (D.D.C. Jan. 6, 2004); *accord United States ex rel. El–Amin v. George Washington Univ.*, No. 1:95–cv–02000–CKK, 2000 U.S. Dist. LEXIS 15635, at *34 (D.D.C. Oct. 23, 2000); Order, *Rich v. Butowsky*, No. 18–cv–681–RJL (D.D.C. Jan. 24, 2020), ECF No. 133. Here, these factors are fully |

| | | |
|---|---|---|
| | | met: (1) Friess is likely aware of this lawsuit, given that plaintiffs have attempted to serve her at six different addresses where she may be residing, they have contacted counsel known to represent Friess in other matters, and they have emailed Friess directly at five different email addresses, Pls.' Mot. at 1920; (2) plaintiffs have attempted to serve Friess more than ten times over four months at six different addresses in three different states, *id.* at 6; and (3) plaintiffs have offered three other forms of service that will give actual notice of the action to Friess, including by emailing her counsel and her personally, and mailing her to her known addresses, *id.* at 22–23. Accordingly, plaintiffs are DIRECTED to serve a third–party subpoena on Katherine Friess by each of the following means: (1) emailing a copy of this order and the subpoena to each of the email addresses plaintiffs have for Friess, (2) sending a copy of the order and confirmatory copy of the subpoena to all of the Colorado addresses plaintiffs have attempted to serve Friess to–date, and (3) sending a copy of the order and confirmatory copy of the subpoena to Friess's attorney in the Colorado litigation regarding the Congressional subpoena for Friess's phone records, *see* Compl., *Friess v. Thompson*, No. 22–cv–448 (D. Colo. Feb. 22, 2022), ECF No. 1. Signed by Chief Judge Beryl A. Howell on December 20, 2022. (lcbah4) (Entered: 12/20/2022) |
| 03/16/2023 | <u>35</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Marie Anne Houghton–Larsen, Filing fee $ 100, receipt number ADCDC–9932098. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Exhibit Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Gottlieb, Michael) (Entered: 03/16/2023) |
| 03/16/2023 | | NOTICE OF HEARING: The parties shall take notice that a Discovery Hearing is scheduled for March 21, 2023, at 9:40 AM via videoconference before Chief Judge Beryl A. Howell. The deputy clerk will provide the parties with a link to connect to the courtroom via videoconference. (ztg) (Entered: 03/16/2023) |
| 03/20/2023 | | MINUTE ORDER (paperless), upon consideration of plaintiff's email to the Court on March 16, 2023 ("March 16 Email"), DIRECTING plaintiff to provide a more detailed explanation of and timeline for the discovery issues in dispute by 3:00 PM today, March 20, 2023, by (1) summarizing the "two fulsome deficiency letters" plaintiff submitted to defendant, the dates issued and dates of requested responses, subject matter for which discovery was requested, and attaching those letters as exhibits; (2) clarifying the scope of defendant's failure to preserve, search, or produce documents in response to plaintiff's requests for production; and (3) explaining what relief plaintiff seeks from the Court, *see* March 16 Email; and FURTHER DIRECTING defendant to file any response to plaintiff's filing by 5:00 PM today. Signed by Judge Beryl A Howell on March 20, 2023. (lcbah4) (Entered: 03/20/2023) |
| 03/20/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' <u>35</u> Motion for Marie Anne Houghton–Larsen to Appear Pro Hac Vice. Ms. Houghton–Larsen may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Beryl A Howell on March 20, 2023. (lcbah4) (Entered: 03/20/2023) |
| 03/20/2023 | <u>36</u> | RESPONSE TO ORDER OF THE COURT re Order,,, *Directing the Plaintiff to Provide a Detailed Explanation of the Timeline for Discovery Issues in Dispute* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Gottlieb, Michael) (Entered: 03/20/2023) |

| 03/20/2023 | | MINUTE ORDER (paperless) DIRECTING that defendant Rudolph Giuliani appear for the Discovery Hearing scheduled for March 21, 2023 at 9:40 AM via videoconference before Judge Beryl A. Howell. Signed by Judge Beryl A Howell on March 20, 2023. (lcbah4) (Entered: 03/20/2023) |
|---|---|---|
| 03/20/2023 | 37 | ERRATA by RUBY FREEMAN, WANDREA MOSS re 36 Response to Order of the Court,. (Gottlieb, Michael) (Entered: 03/20/2023) |
| 03/20/2023 | 38 | MEMORANDUM by RUDOLPH GIULIANI. (Attachments: # 1 Exhibit Ex A)(Sibley, Joseph) (Entered: 03/20/2023) |
| 03/21/2023 | 39 | NOTICE of Appearance by Marie Annie Houghton–Larsen on behalf of RUBY FREEMAN, WANDREA MOSS (Houghton–Larsen, Marie) (Entered: 03/21/2023) |
| 03/21/2023 | | Minute Entry for proceedings held before Judge Beryl A Howell: Discovery Hearing held on 3/21/2023. An Order with directives and deadlines will be issued by the Court. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 03/21/2023) |
| 03/21/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' responses to the Court's March 20, 2023 Minute Order, *see* Pls.' 36 Resp. to Order of the Court; Def.'s 38 Memorandum, and the hearing held today, that<br><br>(1) by March 24, 2023, plaintiffs shall provide defendant with supplemental interrogatories, as discussed at the hearing;<br>(2) by March 24, 2023, defendant shall (a) submit notice to the Court describing in specific terms the data on the "Trust Point" database that were searched in response to plaintiffs' Requests for Production (RFPs), including date range and contents (e.g., social media accounts, text messages, and communications on other messaging platforms, such as Signal, Telegram, etc.); (b) what locations and data sources remain for searches to be completed to respond fully to plaintiffs RFPs; (c) provide updated complete responses to plaintiffs' Requests for Admission 82, 83, and 90; and (d) provide updated initial disclosures to plaintiffs, pursuant to Federal Rule of Civil Procedure 26(a);<br>(3) by March 30, 2023, defendant shall (a) complete searches and production of responsive records to plaintiffs' RFPs; (b) provide responses in full to plaintiffs' supplemental interrogatories; and<br>(4) by April 10, 2023, the parties shall jointly submit a status report apprising the Court on their progress in resolving their discovery disputes, clarifying whether plaintiffs intend to file any motion to compel and, if so, proposing a briefing schedule for any motion to compel. Signed by Judge Beryl A Howell on March 21, 2023. (lcbah4) (Entered: 03/21/2023) |
| 03/21/2023 | | Set/Reset Deadlines: Parties' responses to Order of the Court due by 3/24/2023; defendant's complete searches and production of responsive records to plaintiffs' requests for production, and responses in full to plaintiffs' supplemental interrogatories due by 3/30/2023; Joint Status Report due by 4/10/2023. (ztg) (Entered: 03/21/2023) |
| 03/24/2023 | 40 | STATUS REPORT *re March 21, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 03/24/2023) |
| 03/29/2023 | 41 | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 3–21–2023. Page Numbers: 1 – 47. Date of Issuance: 3–29–2023. Court Reporter: Elizabeth SaintLoth, Telephone number 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/19/2023. Redacted Transcript Deadline set for 4/29/2023. Release of Transcript Restriction set for 6/27/2023.(Saint–Loth, Elizabeth) (Entered: 03/29/2023) |
| 04/10/2023 | 42 | Joint STATUS REPORT by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit A)(Gottlieb, Michael) (Entered: 04/10/2023) |
| 04/11/2023 | | MINUTE ORDER (paperless) Upon consideration of the parties' 42 joint status report, and given that the parties are at an impasse regarding the sufficiency of defendant's compliance with his discovery obligations, ISSUING the following SCHEDULING ORDER: (1) By April 17, 2023, plaintiffs shall file any motion to compel; (2) by May 1, 2023, defendant shall file any opposition to plaintiff's motion; and (3) by May 8, 2023, plaintiffs shall file any reply. Signed by Judge Beryl A. Howell on April 11, 2023. (lcbah4) (Entered: 04/11/2023) |
| 04/12/2023 | | Set/Reset Deadlines: Motion to compel, if any, due by 4/17/2023; opposition due by 5/1/2023; reply due by 5/8/2023. (ztg) (Entered: 04/12/2023) |
| 04/17/2023 | 43 | Unopposed MOTION for Protective Order by Office of the Secretary of State for the State of Georgia. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Walsh, Daniel) Modified on event 4/19/2023 (znmw). (Entered: 04/17/2023) |
| 04/17/2023 | 44 | MOTION to Compel by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Index of Exhibits, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Text of Proposed Order)(Governski, Meryl) (Entered: 04/17/2023) |
| 04/18/2023 | 45 | PROTECTIVE ORDER. Signed by Judge Beryl A. Howell on April 18, 2023. (lcbah4) (Entered: 04/18/2023) |
| 04/20/2023 | 46 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sara Chimene–Weiss, Filing fee $ 100, receipt number BDCDC–10015407. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Langford, John) (Entered: 04/20/2023) |
| 04/21/2023 | | NOTICE OF ERROR re 46 Motion for Leave to Appear Pro Hac Vice; emailed to john.langford@protectdemocracy.org, cc'd 16 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following deficiency and file/refile document as instructed**, 2. Motion must be signed and filed by the sponsoring attorney. Please refile using the even ERRATA. (zed, ) (Entered: 04/21/2023) |
| 04/24/2023 | 47 | |

| | | |
|---|---|---|
| | | ERRATA by RUBY FREEMAN, WANDREA MOSS re 46 Motion for Leave to Appear Pro Hac Vice,. (Attachments: # 1 Motion for Leave to Appear Pro Hac Vice, # 2 Declaration, # 3 Text of Proposed Order)(Governski, Meryl) (Entered: 04/24/2023) |
| 04/24/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 46 Motion for Sara Chimene–Weiss to Appear Pro Hac Vice. Ms. Sara Chimene–Weiss may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a) Click for instructions. Signed by Judge Beryl A. Howell on April 24, 2023. (lcbah4) (Entered: 04/24/2023) |
| 04/25/2023 | 48 | STIPULATION (*Joint Stipulation to Take Additional Depositions*) by RUBY FREEMAN, WANDREA MOSS. (Governski, Meryl) (Entered: 04/25/2023) |
| 04/27/2023 | | MINUTE ORDER (paperless) Upon consideration of the parties' 48 Joint Stipulation to Amend the Joint Conference Report and Discovery Plan to Permit the Parties to take up to Four Additional Depositions, AMENDING the 16 Joint Meet and Confer Report to allow plaintiffs to take four additional depositions, for a total of fourteen depositions. Signed by Judge Beryl A. Howell on April 27, 2023. (lcbah4) (Entered: 04/27/2023) |
| 04/28/2023 | 49 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christine Kwon, Filing fee $ 100, receipt number ADCDC–10034156. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Governski, Meryl) (Entered: 04/28/2023) |
| 05/01/2023 | 50 | NOTICE of Appearance by John Tyler Knoblett on behalf of RUBY FREEMAN, WANDREA MOSS (Knoblett, John) (Entered: 05/01/2023) |
| 05/01/2023 | 51 | RESPONSE re 44 MOTION to Compel filed by RUDOLPH GIULIANI. (Attachments: # 1 Declaration Ex A, # 2 Exhibit Ex B)(Sibley, Joseph) (Entered: 05/01/2023) |
| 05/02/2023 | | NOTICE OF ERROR regarding 49 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christine Kwon, Filing fee $ 100, receipt number ADCDC–10034156. Fee Status: Fee Paid.. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCvR 83.2(c)(2)). Please file certificate as an Errata (zed) (Entered: 05/02/2023) |
| 05/02/2023 | 52 | Joint MOTION for Protective Order by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 05/02/2023) |
| 05/02/2023 | 53 | ERRATA by RUBY FREEMAN, WANDREA MOSS re 49 Motion for Leave to Appear Pro Hac Vice,. (Attachments: # 1 Exhibit 1)(Governski, Meryl) (Entered: 05/02/2023) |
| 05/02/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 49 Motion for Christine Kwon to Appear Pro Hac Vice. Ms. Kwon may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Beryl A. Howell on May 2, 2023. (lcbah4) (Entered: 05/02/2023) |
| 05/02/2023 | 54 | ORDER granting the parties' 52 Joint Motion for Protective Order. See order for further details. Signed by Judge Beryl A. Howell on May 2, 2023. (lcbah4) (Entered: |

| | | |
|---|---|---|
| | | 05/02/2023) |
| 05/05/2023 | 55 | NOTICE of Appearance by Sara Chimene–Weiss on behalf of RUBY FREEMAN, WANDREA MOSS (Chimene–Weiss, Sara) (Entered: 05/05/2023) |
| 05/08/2023 | 56 | REPLY to opposition to motion re 44 MOTION to Compel filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Governski, Meryl) (Entered: 05/08/2023) |
| 05/09/2023 | 57 | NOTICE of Appearance by Christine Kwon on behalf of RUBY FREEMAN, WANDREA MOSS (Kwon, Christine) (Entered: 05/09/2023) |
| 05/09/2023 | 58 | Unopposed MOTION for Order Permitting Plaintiffs to Serve a Rule 45 Subpoena on Third–Party Jenna Ellis via Alternative Service and Amending the Scheduling Order to Permit Plaintiffs to Take Three Depositions After the Close of Fact Discovery re Order on Motion for Extension of Time to Complete Discovery,,,, by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Attorney John Langford in Support of Plaintiffs' Unopposed Motion, # 2 Exhibit 1 (Proposed Subpoena to Jenna Ellis), # 3 Exhibit 2 (Def.'s First Am. Initial Disclosures), # 4 Exhibit 3 (Def.'s Second Am. Initial Disclosures), # 5 Exhibit 4 (Excerpt of Def.'s Dep. Tr.), # 6 Exhibit 5 (Colo. Opinion Approving Stipulation to Discipline), # 7 Exhibit 6 (First Email Chain w/ Kleinbard Counsel), # 8 Exhibit 7 (Second Email Chain w/ Kleinbard Counsel), # 9 Exhibit 8 (May 8, 2023, Aff. of Due Diligence), # 10 Exhibit 9 (April 23, 2023, Ellis Tweet), # 11 Exhibit 10 (May 9, 2023, Aff. of Due Diligence), # 12 Exhibit 11 (Email Chain w/ Def.'s Counsel), # 13 Exhibit 12 (Email Chain Between Private Investigator and USPS), # 14 Exhibit 13 (Ellis USPS Request), # 15 Exhibit 14 (30(b)(6) Subpoena to Giuliani Partners LLC), # 16 Exhibit 15 (30(b)(6) Subpoena to Giuliani Communications LLC), # 17 Text of Proposed Order Granting Plaintiffs' Unopposed Motion)(Langford, John) (Entered: 05/09/2023) |
| 05/10/2023 | | NOTICE OF HEARING: The parties shall take notice that a Discovery Hearing is scheduled for 5/19/2023, at 11:00 AM in Courtroom 26A– IN PERSON before Judge Beryl A. Howell. (ztg) (Entered: 05/10/2023) |
| 05/10/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 58 Unopposed Motion for Order Permitting Plaintiffs to Serve a Rule 45 Subpoena on Third–Party Jenna Ellis via Alternative Service and Amending the Scheduling Order to Permit Plaintiffs to Take Three Depositions After the Close of Fact Discovery ("Pls.' Mot."), upon consideration of this Motion and the accompanying affidavits indicating plaintiffs' repeated efforts to contact and serve Jenna Ellis ["Ellis"], *see* [58–1] Declaration of Attorney John Langford in Support of Pls.' Mot.; [58–7] First Email Chain with Ellis' Counsel; [58–8] Second Email Chain with Ellis' Counsel; [58–9] May 8, 2023, Affidavit of Due Diligence; [58–11] May 9, 2023, Affidavit of Due Diligence; [58–12] Email Chain with Defendant's Counsel; [58–13] Email Chain Between Private Investigator and USPS; and [58–14] Ellis USPS Request.<br><br>While Federal Rule of Civil Procedure 45(b)(1) contemplates that third–party witnesses are to be personally served, *see Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 362 (D.D.C. 2011) ("The Federal Rules of Civil Procedure requires personal service of subpoenas. See FED. R. CIV.P. 45(b)(1)."), "alternative forms of service may be acceptable under Rule 45," particularly "where the witness is aware of the lawsuit, knows that one of the parties is interested in h[er] testimony, and is aware that there have been multiple attempts at personal service, and |

where the proposed alternative service is reasonably designed to insure the witness' receipt of the subpoena," Order, *OAO Alfa Bank v. Ctr. For Public Integrity*, No. 1:00–cv–02208–JDB (D.D.C. Jan. 6, 2004); *accord United States ex rel. El–Amin v. George Washington Univ.* , No. 1:95–cv–02000–CKK, 2000 U.S. Dist. LEXIS 15635, at *34 (D.D.C. Oct. 23, 2000); Order, *Rich v. Butowsky*, No. 18–cv–681–RJL (D.D.C. Jan. 24, 2020), ECF No. 133; Minute Order (Dec. 20, 2022) (authorizing service of Rule 45 Subpoena on third–party Katherine Friess via Alternative Methods).

Here, these factors are fully met: (1) Ellis is likely aware of this lawsuit, given that she was added to defendant's initial disclosures, plaintiffs have attempted to serve her three times at an address where she is believed to have recently resided and where her mother currently resides––including one attempt in which "a woman was in the house when the process server attempted service, but refused to come to the door"––and they have contacted lawyers known to have represented Ellis in another matter and who indicated that they were discussing plaintiffs' request with Ellis, Pls.' Mot. at 7–8, 11–12; and (2) plaintiffs have offered six other forms of service that will give actual notice of the action to Ellis, id. at 12–13.

Accordingly, plaintiffs are DIRECTED to serve a third–party subpoena on Jenna Ellis by each of the following means: (1) emailing a copy of this order authorizing alternative service and the subpoena to Ellis's lawyers with whom they have been conferring with regarding Ellis's compliance with the subpoena in this matter, (2) sending a copy of the order and confirmatory copy of the subpoena to the Colorado address where plaintiffs have attempted to serve Ellis three times, (3) emailing a copy of the order and confirmatory copy of the subpoena to the email addresses plaintiffs have for Ellis, (4) sending a copy of the order and confirmatory copy of the subpoena to Ellis via direct message to her Twitter account, where she announced her recent move to an unknown address in Florida, *see* [58–10] April 23, 2023, Ellis Tweet, (5) sending a copy of the order and confirmatory copy of the subpoena to Ellis via direct message to her Instagram account, and (6) sending a copy of the order and confirmatory copy of the subpoena to Ellis via direct message to her Facebook account. It is further ORDERED that plaintiffs may take the deposition of Ellis, Giuliani Partners LLC, and Giuliani Communications LLC after fact discovery closes on May 22, 2023. Signed by Judge Beryl A. Howell on May 10, 2023. (lcbah4) (Entered: 05/10/2023)

| | | |
|---|---|---|
| 05/17/2023 | <u>59</u> | Unopposed MOTION for Order Permitting Plaintiffs to Notice for Deposition and Depose Third–Party Ray Smith After the Close of Fact Discovery and for Clarification of the Scheduling Order by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration of Attorney Von A. DuBose in Support of Plaintiffs' Unopposed Motion, # <u>2</u> Exhibit 1 (Email from Mr. Evans), # <u>3</u> Text of Proposed Order)(Langford, John) (Entered: 05/17/2023) |
| 05/18/2023 | | MINUTE ORDER (paperless) Upon consideration of plaintiffs' <u>59</u> Unopposed Motion for Order Permitting Plaintiffs to Notice for Deposition and Depose Third–Party Ray Smith After the Close of Fact Discovery and for Clarification of the Scheduling Order ("Motion"), GRANTING plaintiffs' Motion; ORDERING that plaintiffs are permitted to notice for deposition and depose third–party Ray Smith after the close of fact discovery on May 22, 2023; and CLARIFYING that the SCHEDULING ORDER issued on August 31, 2022 permits both parties to produce documents after the fact discovery period ends on May 22, 2023, so long as their respective discovery requests and subpoenas were properly propounded and served before May 22, 2023. Signed by |

| | | |
|---|---|---|
| | | Judge Beryl A. Howell on May 18, 2023. (lcbah4) (Entered: 05/18/2023) |
| 05/19/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Discovery Hearing held on 5/19/2023. Written order to be issued by the Court. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 05/19/2023) |
| 05/19/2023 | | MINUTE ORDER (paperless): Upon consideration of plaintiffs' 44 Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions ("Motion"), defendant's 51 Response to Plaintiffs' Motion to Compel, plaintiffs' 56 Reply in Support of Plaintiffs' Motion, and the parties' representations to the Court in the proceedings held on May 19, 2023 regarding plaintiffs' Motion, GRANTING plaintiffs' Motion in part, and RERSERVING ruling in part. |
| | | Specifically, plaintiffs' Motion is GRANTED as follows: |
| | | 1) by May 30, 2023, defendant Rudolph W. Giuliani shall file a declaration, subject to penalty of perjury, that details: |
| | |   a) All efforts taken to preserve, collect, and search potentially responsive data and locations that may contain responsive materials to all of plaintiffs' Requests for Production (RFP);<br>  b) A complete list of all "locations and data" that defendant used to communicate about any materials responsive to any of Plaintiffs' RFPs (including, but not limited to, *specific* email accounts, text messaging platforms, other messaging applications, social media, devices, hardware, and any form of communication);<br>  c) The *specific* "data" located in the TrustPoint database, including––<br>    i) a list identifying the source devices from which the data was extracted or obtained;<br>    ii) for each such device, the type of device (i.e., iPhone, Macbook, laptop, iPad, etc.) and user, if known;<br>    iii) a list identifying any social media accounts, messaging applications, and email accounts from which the data was extracted or obtained; and<br>    iv) for each such account and application, the account name and user; and<br>  d) What searches, if any, have occurred as to both categories (b) and (c), *see* Plaintiffs' [44–16] Proposed Order Granting Plaintiffs' Motion; and |
| | | 2) By May 30, 2023, in order to evaluate defendant's claim of an inability to afford the cost of access to, and search of, the TrustPoint dataset or to use a professional vendor, either to access the original electronic devices seized from defendant by the Federal Bureau of Investigation in April 2021 and returned to defendant, or, alternatively, to conduct a search of the archived TrustPoint dataset, defendant is DIRECTED to produce to plaintiffs: |
| | |   a) full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41; and<br>  b) documentation to support his estimated costs for further searches on the TrustPoint dataset. |
| | | 3) By June 16, 2023, plaintiffs are DIRECTED to submit to the Court an assessment of defendant's ability to bear the cost of further searches, along with any response to defendant's submission required under paragraph 1, above; and |

| | | |
|---|---|---|
| | | 4) By June 30, 2023, defendant shall file any response to plaintiffs' submission required under paragraph 3, above.<br><br>The Court RESERVES ruling on the remainder of plaintiffs' relief, pending the parties' compliance with directions set out in paragraphs 1) through 4), above. Signed by Judge Beryl A. Howell on May 19, 2023. (lcbah4) (Entered: 05/19/2023) |
| 05/22/2023 | | Set/Reset Deadlines: Defendant Rudolph W. Giuliani's declaration due by 5/30/2023. Defendant's responses and documentation due by 5/30/2023. Plaintiffs' assessment due by 6/16/2023. Defendant's response to plaintiffs' submission due by 6/30/2023. (hmc) (Entered: 05/22/2023) |
| 05/30/2023 | 60 | DECLARATION *re May 19, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 05/30/2023) |
| 05/30/2023 | 61 | MOTION for Reconsideration *of May 19, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 05/30/2023) |
| 05/31/2023 | | MINUTE ORDER (paperless): Upon consideration of defendant's 61 Motion for Reconsideration of the Court's May 19, 2023 Minute Order ("defendant's 61 Motion") and defendant's 60 Declaration, STAYING defendant's compliance with paragraph 2 of the Courts May 19, 2023 Minute Order ("May 19 Order"), which required defendant to produce, by May 30, 2023, "full and complete responses to plaintiffs' requests for financial information in [Request for Production ("RFP")] Nos. 40 and 41," and AMENDING the SCHEDULING ORDER outlined in the May 19 Order as follows:<br><br>&nbsp&nbsp&nbsp&nbsp&nbsp(1) By June 14, 2023, plaintiffs shall file any combined opposition to defendant's 61 Motion and any response regarding the sufficiency of defendant's 60 Declaration; and &nbsp&nbsp&nbsp&nbsp&nbsp(2) By June 21, 2023, defendant shall file any reply in support of his 61 Motion and response to plaintiffs' submission under paragraph 1, above; and<br><br>In light of defendant's representation that he has obtained adequate funds to "cure[] the arrearage with TrustPoint and the data is in the process of being unarchived" and that he is "preparing to search the TrustPoint database for all files during the relevant time frame beyond simply files with email extensions," Def.'s 60 Declaration at 4–5, and finding that defendant's access to funds necessary to comply with his discovery obligations warrants further consideration of the relief requested in plaintiffs' 44 Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions ("plaintiffs' 44 Motion"), for which ruling was reserved in part, pending assessment of defendant's financial information in response to RFP Nos. 40 and 41, further DIRECTING that:<br><br>&nbsp&nbsp&nbsp&nbsp(3) By June 16, 2023, defendant shall search and produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs; and &nbsp&nbsp&nbsp&nbsp(4) By June 30, 2023, the parties shall jointly submit a status report on discovery compliance and any outstanding issues. |

| | | |
|---|---|---|
| | | The Court RESERVES ruling on the remainder of the relief requested in plaintiffs' <u>44</u> Motion, pending the parties' compliance with paragraphs (1) through (4), above. Signed by Judge Beryl A. Howell on May 31, 2023. (lcbah4) (Entered: 05/31/2023) |
| 06/01/2023 | | Set/Reset Deadlines: Plaintiffs' combined opposition to defendant's <u>61</u> Motion and any response regarding the sufficiency of defendant's <u>60</u> Declaration due by 6/14/2023; defendant's reply in support of his <u>61</u> Motion and response to plaintiffs' submission under paragraph 1 due by 6/21/202; defendant's search and production of all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and production of a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs due by 6/16/2023; Joint Status Report due by 6/30/2023. (ztg) (Entered: 06/01/2023) |
| 06/05/2023 | <u>62</u> | Joint MOTION for an Order Altering the August 31, 2022, Scheduling Order Regarding Expert Discovery by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Text of Proposed Order)(Langford, John) (Entered: 06/05/2023) |
| 06/05/2023 | | MINUTE ORDER (paperless) GRANTING the parties' <u>62</u> Joint Motion for an Order Altering the August 31, 2022 Scheduling Order, and AMENDING the SCHEDULING ORDER entered on August 31, 2022 as follows: <br><br> 1. By July 28, 2023, all experts shall be designated with required expert disclosures, and by August 11, 2023, any rebuttal experts designated with required rebuttal expert disclosures; <br> 2. By September 1, 2023, expert discovery shall be completed, and the parties shall file a joint status report advising the Court whether (a) they request referral for mediation or settlement; (b) they request a date for a pretrial conference; or (c) dispositive motions are anticipated; and <br> 3. By September 11, 2023, the parties shall file any dispositive motions, with any opposition due on September 25, 2023, and any replies due October 2, 2023. Signed by Judge Beryl A. Howell on June 5, 2023. (lcbah4) Modified deadline date on 6/6/2023 (ztg). (Entered: 06/05/2023) |
| 06/09/2023 | <u>63</u> | MOTION to Compel *Bernard Kerik to Produce A Document−by−Document Privilege Log and Improperly Withheld Materials and Testimony* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration of M. Annie Houghton−Larsen, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Text of Proposed Order)(Gottlieb, Michael) (Entered: 06/09/2023) |
| 06/14/2023 | <u>64</u> | RESPONSE re <u>61</u> MOTION for Reconsideration *of May 19, 2023 Minute Order (Plaintiffs' Combined Opposition to Defendant Giuliani's Motion for Reconsideration and Response to Defendant's Declaration)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration Declaration of M. Annie Houghton−Larsen, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8)(Governski, Meryl) (Entered: 06/14/2023) |
| 06/16/2023 | <u>65</u> | MOTION to Compel *Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly−Served Rule 45 Subpoenas* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Text of Proposed Order)(Governski, Meryl) (Entered: 06/16/2023) |

| 06/16/2023 | 66 | Unopposed MOTION for Extension of Time to *Extend Tine to Comply With Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 06/16/2023) |
|---|---|---|
| 06/16/2023 | | MINUTE ORDER (paperless) GRANTING defendant's unopposed 66 Motion for Extension of Time, and AMENDING the SCHEDULING ORDER outlined in the May 31, 2023 Minute Order as follows: (1) By June 30, 2023, defendant shall produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties, with the assistance of a professional vendor, and produce a privilege log specifically tailored to the searches he has performed for materials responsive to plaintiffs' RFPs. Signed by Judge Beryl A. Howell on June 16, 2023. (lcbah4) (Entered: 06/16/2023) |
| 06/16/2023 | 72 | NOTICE by RUDOLPH GIULIANI related to ECF 66 Request for Extension of Time to Comply with the May 31, 2023, Minute Order. (ztg) (Main Document 72 replaced on 6/27/2023) (zed). (Entered: 06/23/2023) |
| 06/20/2023 | 71 | NOTICE of Discovery Dispute requesting a discovery hearing by RUBY FREEMAN, et al. (ztg) (Main Document 71 replaced on 6/27/2023) (zed). (Entered: 06/23/2023) |
| 06/21/2023 | | MINUTE ORDER (paperless) DIRECTING plaintiffs to file, *ex parte* and under seal on the docket, by 2 PM on June 21, 2023 (today) a copy of the settlement agreement, for which the terms and relevancy are at issue in the discovery dispute referenced in the parties' June 20, 2023 email, submitted in accordance with 4 Standing Order &para 8(a). Signed by Judge Beryl A. Howell on June 21, 2023. (lcbah4) (Entered: 06/21/2023) |
| 06/21/2023 | 67 | SEALED DOCUMENT filed by RUBY FREEMAN, WANDREA MOSS re Order, (This document is SEALED and only available to authorized persons.)(Langford, John) (Entered: 06/21/2023) |
| 06/21/2023 | 68 | NOTICE of Appearance by Timothy Ryan on behalf of RUBY FREEMAN, WANDREA MOSS (Ryan, Timothy) (Entered: 06/21/2023) |
| 06/21/2023 | 69 | Consent MOTION to Withdraw 65 MOTION to Compel *Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly–Served Rule 45 Subpoenas* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order for Consent Motion to Withdraw Giuliani Businesses and Replace with Revised Motion to Compel Giuliani Businesses, # 2 Exhibit A – Revised Motion to Compel Giuliani Partners and Giuliani Communications, # 3 Exhibit B – Redline of Revised Motion to Compel, # 4 Exhibit C – Proposed Order for Revised Motion to Compel, # 5 Exhibit D – Redline of Proposed Order for Revised Motion to Compel)(Governski, Meryl) (Entered: 06/21/2023) |
| 06/21/2023 | | NOTICE of DISCOVERY HEARING: Discovery Hearing set for 6/22/2023, at 10:00 AM via videoconference before Judge Beryl A. Howell. (ztg) (Entered: 06/22/2023) |
| 06/22/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 69 Consent Motion to Withdraw their 65 MOTION to Compel Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly–Served Rule 45 Subpoenas, and DIRECTING plaintiffs to file on the docket the [69–2] Revised Motion to Compel, and any accompanying materials, including the revised declaration and exhibits and revised proposed order. Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023) |
| 06/22/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Beryl A. Howell: Discovery Hearing held on 6/22/2023. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 06/22/2023) |
| 06/22/2023 | 70 | MOTION to Compel *Giuliani Partners and Giuliani Communications to Respond to Plaintiffs' Properly–Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order, # 2 Declaration of Meryl Governski, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9)(Governski, Meryl) (Entered: 06/22/2023) |
| 06/22/2023 | | MINUTE ORDER (paperless) DIRECTING plaintiffs to produce, by 5 PM on June 22, 2023 (today), the 67 Settlement Agreement between plaintiffs and former defendants Herring Networks, Inc., Charles Herring, Robert Herring, and Chanel Rion, to counsel for defendant Giuliani with the Settlement Agreement designated as "Highly Confidential Information –– Attorneys' Eyes Only," pursuant to the governing 54 Protective Order, for the reasons explained at the video teleconference held on June 22, 2023 regarding the parties' discovery dispute concerning defendant's request for production of the 67 Settlement Agreement, *see* Jun. 20, 2023 Email summarizing the parties' position and position of former defendants, in compliance with the 4 Standing Order &para 8(a). Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023) |
| 06/22/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of plaintiffs' 69 Consent Motion to Withdraw their 65 Motion to Compel Giuliani Partners LLC and Giuliani Communications LLC (collectively, "Giuliani Businesses") to Respond to Plaintiffs' Properly–Served Rule 45 Subpoenas ("Pls.' Mot."), and representations set out therein that the Giuliani Businesses have not responded to plaintiffs' document and deposition subpoenas nor provided any information about representation for these companies or who will be designated as a corporate representative for noticed depositions under Fed. R. Civ. P. 30(b)(6), Pls.' Mot. at 3, and that counsel for defendant Rudolph Giuliani confirmed at the video teleconference held today that defendant has not responded to his own counsel's request for information regarding discovery from his eponymous businesses, that, by June 26, 2023 at 5:00 PM, defendant Rudolph Giuliani submit a declaration, subject to penalty of perjury, that: <br><br> 1. Identifies the owner(s) and principal(s) for each of the Giuliani Businesses; <br> 2. Identifies the employees, including both full–time and part–time, at each of the Giuliani Businesses during the time period of September 1, 2020 to January 21, 2022, with beginning and end dates of employment at either or both of the Giuliani Businesses; <br> 3. Identifies any current employee at either or both of the Giuliani Businesses, and the beginning date of employment for each current employee; <br> 4. Identifies the attorney(s), with contact information, representing each of the Giuliani Businesses; <br> 5. Indicates whether either of the Giuliani Businesses has any assets or is defunct; and <br> 6. Confirms that in complying with the Court's May 31, 2023 Minute Order (as amended by the June 16, 2023 Minute Order), which directed that defendant, by June 30, 2023, "produce all materials responsive to plaintiffs' RFPs, with the exception of RFP Nos. 40 and 41, within the date ranges agreed to by the parties...," that defendant is collecting, searching, and producing responsive materials from the Giuliani Businesses, and, if not, provide an explanation. Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023) |

| | | |
|---|---|---|
| 06/22/2023 | | MINUTE ORDER (paperless) DENYING defendant's 61 Motion for Reconsideration of the May 19, 2023 Minute Order ("Def.'s Mot."), which, in relevant part, required defendant to produce to plaintiffs "full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41," May 19, 2023 Minute Order ("May Order"), and DIRECTING defendant to comply with the May Order to produce responses to plaintiffs' Request for Production ("RFP") Nos. 40 and 41 by June 30, 2023, in accordance with the May Order (as amended by the June 16, 2023 Minute Order).

Plaintiffs' RFP Nos. 40 and 41 request certain financial information from defendant. *See* Pls.' 44 Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions at 8–9 n.4 (providing text of plaintiffs' RFP Nos. 40 and 41); see also Pls.' 64 Combined Opposition to Def.'s 61 Motion for Reconsideration and Response to Defendant's Declaration ("Pl.'s Opp'n") at 8–11. While defendant fails to cite any authority for reconsideration, his motion is construed as seeking reconsideration, under Federal Rule of Civil Procedure 54(b), which allows "any order" that "adjudicates fewer than all the claims" in a case to "be revised at any time before the entry of a judgment adjudicating all the claims," Fed. R. Civ. P. 54(b), and thereby gives district courts "discretion to hear motions for reconsideration 'as justice requires.'" *Lin v. District of Columbia*, 47 F.4th 828, 838–39 (D.C. Cir. 2022) (quoting *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (approving flexible "as justice requires" standard); *see also Shatsky v. PLO*, 955 F.3d 1016, 1035 (D.C. Cir. 2020) (observing that "a minute order is open to reconsideration on the same terms as a lengthy opinion reaching the same result"). "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (cleaned up). Despite the flexibility allowed under Rule 54(b), given the tax on parties' and judicial resources from revisiting issues already resolved and the concomitant perverse incentive to invite litigation delay by such reconsideration requests, "a court 'should be loathe' to grant a motion for reconsideration 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Kirwa v. U.S. Dep't of Def.*, No. CV 17–1793 (ESH), 2018 WL 7141989, at *1 (D.D.C. May 23, 2018) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*, 598 F. Supp. 2d 57, 59 (D.D.C. 2009)).

Defendant presents no new argument warranting reconsideration. *See Capitol Sprinkler Inspection, Inc.*, 630 F.3d at 227 (affirming district court's denial of reconsideration where party seeking reconsideration "raised no arguments for reconsideration the court had not already rejected on the merits"). Defendant argues discovery of financial information, as demanded in plaintiffs' RFP Nos. 40 and 41, should be granted only after plaintiffs have made a prima facie case supporting a claim for punitive damages, see Def.'s Mot., contending that this "view [ ] has been recognized repeatedly in this District," *id.* (citing *D'Onofrio v. SFX Sports Grp., Inc.*, 247 F.R.D. 43, 52 (D.D.C. 2008)). While in *D'Onfrio v. SFX Sports Group*, the production of "[i]nformation pertaining to [ ] defendant's financial condition" was postponed until the defendant's financial condition was placed at issue or in the event that the jury considered punitive damages, the magistrate judge deciding this case acknowledged that "a majority of federal trial courts" "have permitted pretrial discovery of financial information of the defendant without requiring plaintiff to |

establish a prima facie case on the issue of punitive damages." 247 F.R.D. at 52 (cleaned up). By contrast to the non–binding decision in *D'Onforio*, three persuasive justifications underpin the majority approach. "First, knowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation." *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). "Second, the requirement that claimant establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability." *Id.* Delaying plaintiffs' ability to discover relevant information to develop their claims for punitive damages "would only lead to delay and confusion while plaintiff reviews the information for the first time." *Id.* "Third, while a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order." *Id.* Under the governing <u>54</u> Protective Order in this case, defendant may designate his financial records for special confidential treatment to ensure that his financial information is used for the limited purposes of discovery and not otherwise shared with the public.

Moreover, *D'Onforio*, and the two cases on which it relies—*Skinner v. Aetna Life Insurance Company*, No. 83–cv–0679, 1984 U.S. Dist. LEXIS 19817 (D.D.C. Feb. 2, 1984) ("*Skinner*") and *John Does IVI v. Yogi*, 110 F.R.D. 629 (D.D.C. 1986) ("*Yogi*")—are distinguishable on their facts not only because the policy underpinnings of the majority view were not considered, but also because the requested financial information was found not to be relevant to the claims or was not at issue. *See D'Onforio*, 47 F.R.D. at 52–53 (magistrate judge denying plaintiffs' motion to compel production of defendants' financial information in a Title VII discrimination case because the information was not relevant to claims but only relevant "to the issue of whether punitive damages should be awarded"); *Skinner*, 1984 U.S. Dist. LEXIS 19817, at *2–3 (magistrate judge denying motion to compel production of defendant's financial information in a breach of contract action because information was only relevant to a claim for punitive damages); *Yogi*, 110 F.R.D. at 631–33 (considering issue of whether "confidential" designation of defendant's financial records would too "severely restrict access" and not whether production of such documents was appropriate). By contrast, here, defendant's financial condition is relevant to both liability and punitive damages. As plaintiffs argue, these financial records, including changes in defendant's financial status over time, may indicate that defendant had a financial motive to make certain claims concerning plaintiffs to allow him to earn "additional income or increased viewership or followers[.]" *See* Pls.' Opp'n at 10–11. *See also, e.g., US Dominion, Inc. v. Byrne*, 600 F. Supp. 3d 24, 33 (D.D.C. 2022) (explaining that plaintiff's allegation that defendant "had a financial motive to make his false claims" could show alleged actual malice in a defamation claim); *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 63–64 (D.D.C. 2021) (holding that allegations of a "profit motive" could, with supporting factual allegations, "satisfy the actual malice standard" in a defamation claim). Defendant has filed no reply in support of his reconsideration motion, *see* May 31, 2023 Minute Order (setting June 21, 2023 as due date for any reply), and has made no request for an extension of time to file such reply, despite the opportunity to do so orally at today's video conference in this case, and thus leaves undisputed plaintiff's argument that his financial information is relevant to both liability and punitive damages.

Accordingly, defendant's <u>61</u> Motion for Reconsideration is DENIED. Signed by Judge Beryl A. Howell on June 22, 2023. (lcbah4) (Entered: 06/22/2023)

| 06/23/2023 | | MINUTE ORDER (paperless) Upon consideration of plaintiffs' <u>44</u> Motion to Compel Discovery, For Attorneys' Fees and Costs, and For Sanctions ("Pls.' Motion"), defendant Rudolph W. Giuliani's <u>51</u> Response to Plaintiffs' Motion to Compel ("Def.'s Opp'n"), plaintiffs' <u>56</u> Reply in Support of Plaintiffs' Motion, and the parties' representations to the Court in the proceedings held on May 19, 2023 ("May 19 Hearing") regarding plaintiffs' Motion, GRANTING plaintiffs' request for attorneys' fees and costs in their <u>44</u> Motion, and DIRECTING defendant to pay for plaintiffs' attorneys' fees and costs for their <u>44</u> Motion by July 7, 2023, subject to a filing by plaintiffs, by June 30, 2023, detailing the costs and fees incurred in preparation for the Motion and the May 19 Hearing, for the reasons outlined below. |
| | | |
| | | In nearly all respects, Plaintiffs' requested relief has been granted. *See* [44–16] Pls.' Proposed Order Granting Plaintiffs' Motion (outlining plaintiffs' requested relief); May 19, 2023 Minute Order (directing defendant to detail his preservation efforts and respond to plaintiffs' RFPs 40 and 41); May 31, 2023 Minute Order (as amended by the June 16, 2023 Minute Order) (directing defendant to "produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties... "); *see also* June 22, 2023 Minute Order (denying defendant's <u>61</u> Motion for Reconsideration of the May 19, 2023 Minute Order). Federal procedural rules require, upon the granting of a motion to compel, that "the court must... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *accord Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015); *see also DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008) (observing that the language of Rule 37(a)(5)(A) "itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist"). The non–movant may be relieved of these costs only when the party was "'substantially justified' in its resistance to discovery, the prevailing party did not attempt to obtain discovery in good faith before moving to compel, or an expense award would be otherwise unjust." *Parsi*, 778 F.3d at 126; *see also* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). District courts are given broad discretion in deciding whether to impose Rule 37 sanctions and what sanctions to impose. *Bonds v. District of Columbia*, 93 F.3d 801, 807–08 (D.C. Cir. 1996). Additionally, the non–movant facing sanctions bears the burden to establish that the failure was substantially justified or harmless or the imposition of sanctions would be unjust. *See Parsi*, 778 F.3d at 128 n.13. |
| | | |
| | | None of the enumerated exceptions to the mandatory imposition of costs set out in Rule 37(a)(5)(A) apply here. First, plaintiffs filed their Motion "only after 'attempting in good faith to obtain the disclosure or discovery without court action,'" and after "participat[ing] in a discovery conference with the Court which provided Defendant additional opportunity to cure deficiencies[.]" Pls.' Mot. at 27 (quoting Fed. R. Civ. P. 37(a)(5)(A)(i)). Second, defendant has not established that his "nondisclosure, response, or objection" has been "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). "The Supreme Court has stated that a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." *Alexander v. FBI*, 186 F.R.D. 144, 147 (D.D.C. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). No reasonable person would disagree on the appropriateness of the motion. Given that, prior to the filing of plaintiffs' motion to compel, defendant (1) arbitrarily limited his search of the TrustPoint server––which contained his responsive records from prior to |

April 2021—to solely email communications, (2) conducted only an imprecise "manual search" of his text messages, email accounts, and other messaging platforms for other responsive records after April 2021, *see* Def.'s Opp'n at 3–6, (3) delayed responding to plaintiff's discovery requests for nearly ten months, *see* Pls.' Mot. at 27, and (4) has now produced an additional 4,000 pages in discovery, *see* 72 Jun. 16, 2023 Notice by Defendant Related to His 66 Request for Extension of Time to Comply with the May 31, 2023, Minute Order, plaintiffs were plainly justified in bringing their motion to compel. *See DL*, 251 F.R.D. at 49 ("[T]he District's pattern of tardy and piecemeal disclosure, and the fact that approximately 6,000 pages of responsive documents were turned over after plaintiffs' renewed motion to compel was filed, demonstrate that filing a motion to compel was the only adequate remedy available to plaintiffs."); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 960 (N.D. Ill. 2021) ("Untimely disclosures and discovery responses and supplements to them are generally not substantially justified or harmless."). Moreover, the fact that plaintiffs' requested relief has been granted, *see* Minute Orders (dated May 19, May 31 and June 22, 2023), further confirms that their motion was "substantially justified." *See DL*, 251 F.R.D. at 49 ("The Court's overwhelming decision for the plaintiffs on the merits of their motion is sufficient to show that the District's objections were not substantially justified."). Finally, defendant has provided no reason why an award of expenses would be "unjust" here. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii); Def.'s Opp'n at 7–8; *see also Diehl v. Diehl*, No. 3:14 CV 288, 2015 WL 1565580, at *5 (W.D.N.C. Apr. 8, 2015), *aff'd*, No. 3:14–CV–00288–MR–DLH, 2015 WL 13842740 (W.D.N.C. Oct. 13, 2015) (finding that awarding attorneys' fees and costs to the moving party would not be unjust because the defendant had "not directed the Court to any circumstance or factor that would make the award of expenses unjust"). The only possible justification for defendant's discovery delays is that "he could no longer afford to pay TrustPoint One to keep the documents online" because the documents were archived and "[i]t would cost him over $320,000," to become "current on his arrearage with [the] TrustPoint" server. Def.'s Opp'n at 5. Yet, as plaintiffs point out, *see* parties' 42 Joint Status Report at 9; Pls.' Mot. at 24, and not contested by defendant, *see generally* Def.'s Opp'n, the additional costs incurred from the archiving of the TrustPoint data was defendant's own doing: Had defendant searched and collected responsive records from the TrustPoint server promptly after plaintiffs first propounded their discovery requests on May 20, 2022, *see* [36–1] Aug. 5, 2022 Discovery Deficiency Letter from Plaintiffs at 1, he would not have faced those additional costs. *Cf. Peskoff v. Faber*, 251 F.R.D. 59, 62–63 (D.D.C. 2008) (explaining that the non–moving party's own failure to conduct "searches that might yield responsive information" and preserve electronically stored data required that party to bear the cost of an "expensive forensic examination" to recover potentially discoverable information). Awarding attorneys' fees and costs to plaintiff would, therefore, not be unjust.

Accordingly, plaintiffs' request for attorneys' fees and costs in their 44 Motion is GRANTED. Signed by Judge Beryl A. Howell on June 23, 2023. (lcbah4) (Entered: 06/23/2023)

| | |
|---|---|
| 06/23/2023 | MINUTE ORDER (paperless) GRANTING, upon consideration of plaintiffs' request for leave to file a motion for sanctions as to defendant Rudolph W. Giuliani's "failure to sufficiently preserve" discoverable information, *see* Pls.' 64 Combined Opposition to Def.'s 61 Motion for Reconsideration and Response to Def.'s Declaration at 18, plaintiffs' request for leave to file a motion for sanctions, and ISSUING the following SCHEDULING ORDER: |

| | | |
|---|---|---|
| | | (1) By July 7, 2023, plaintiffs shall file any motion for sanctions for defendant's alleged failure to preserve electronically stored information, pursuant to Federal Rule of Civil Procedure 37(e);<br>(2)By July 21, 2023, defendant shall file any opposition to plaintiffs' motion; and<br>(3)By July 28, 2023, plaintiffs shall file any reply in support of their motion. Signed by Judge Beryl A. Howell on June 23, 2023. (lcbah4) (Entered: 06/23/2023) |
| 06/26/2023 | | Set/Reset Deadlines: Plaintiffs' motion for sanctions, if any, due by 7/7/2023; defendant's opposition, if any, due by 7/21/2023; plaintiffs' reply, if any, due by 7/28/2023. (ztg) (Entered: 06/26/2023) |
| 06/26/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of plaintiffs' 63 Motion to Compel Bernard Kerik to Produce a Document−by−Document Privilege Log and Improperly Withheld Materials and Testimony ("Motion"), which motion was filed on June 9, 2023, and to which any opposition was due on June 23, 2023, *see* D.D.C. LCvR 7(b) ("Within 14 days of the date of service..., an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion."), that Bernard Kerik SHOW CAUSE, by June 29, 2023 at 2:00 PM, why plaintiffs' Motion should not be granted as conceded; and FURTHER DIRECTING plaintiffs to send a copy of this Order to Timothy C. Parlatore, counsel for Bernard Kerik, by June 26, 2023 (today) at 5:00 PM. Signed by Judge Beryl A. Howell on June 26, 2023. (lcbah4) (Entered: 06/26/2023) |
| 06/26/2023 | 73 | DECLARATION *re June 22, 2023 Minute Order* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 06/26/2023) |
| 06/27/2023 | | Set/Reset Deadlines: Response to Show Cause by Bernard Kerik due by 2:00 PM on 6/29/2023. (ztg) (Entered: 06/27/2023) |
| 06/28/2023 | 74 | RESPONSE TO ORDER OF THE COURT re Order,,, filed by BERNARD KERIK. (Parlatore, Timothy) (Entered: 06/28/2023) |
| 06/29/2023 | | MINUTE ORDER (paperless) DIRECTING plaintiffs to file any response to Bernard Kerik's 74 Response to Order of the Court by July 3, 2023 at 5:00 PM. Signed by Judge Beryl A. Howell on June 29, 2023. (lcbah4) (Entered: 06/29/2023) |
| 06/29/2023 | | Set/Reset Deadlines: Plaintiff's response to Bernard Kerik's 74 Response to Order of the Court due by 5:00 PM on 7/3/2023. (ztg) (Entered: 06/29/2023) |
| 06/30/2023 | 75 | TRANSCRIPT OF PROCEEDINGS before Judge Beryl A. Howell, held on 5−19−2023; Page Numbers: 1 − 121. Date of Issuance: 6−30−2023. Court Reporter: Elizabeth Saint−Loth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at |

| | | |
|---|---|---|
| | | www.dcd.uscourts.gov.<br><br>Redaction Request due 7/21/2023. Redacted Transcript Deadline set for 7/31/2023. Release of Transcript Restriction set for 9/28/2023.(Saint–Loth, Elizabeth) (Entered: 06/30/2023) |
| 06/30/2023 | 76 | MOTION for Extension of Time to *Comply with Minute Orders* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 06/30/2023) |
| 06/30/2023 | 77 | Joint STATUS REPORT *Regarding the Status of Discovery and Outstanding Compliance Issues* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit 1 (Affidavit of Kari Knudsen), # 2 Exhibit 2 (Defendant's Letter Motion in In re Search Warrant Dated April 21, 2021, 21–MJ–4335 (S.D.N.Y.)))(Langford, John) (Entered: 06/30/2023) |
| 06/30/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 76 Unopposed Motion for Extension of Time, and AMENDING the Minute Orders issued on June 23, 2023 and June 29, 2023 as follows: By July 5, 2023, plaintiffs shall (1) file a declaration detailing the costs and fees incurred in preparation for the 44 Motion to Compel Discovery and the May 19, 2023 Hearing; and (2) file any response to Bernard Kerik's 74 Response to Order of the Court. Signed by Judge Beryl A. Howell on June 30, 2023. (lcbah4) (Entered: 06/30/2023) |
| 07/03/2023 | | Set/Reset Deadlines: Plaintiffs' response to Order of the Court due by 7/5/2023. (ztg) (Entered: 07/03/2023) |
| 07/05/2023 | 78 | RESPONSE TO ORDER OF THE COURT re Order on Motion to Compel,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *(Plaintiffs' Submission Detailing the Costs and Fees Incurred in Preparing the Motion to Compel Defendant Giuliani and the Related May 19 Hearing)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Exhibit A, # 2 Declaration, # 3 Text of Proposed Order)(Gottlieb, Michael) (Entered: 07/05/2023) |
| 07/05/2023 | 79 | RESPONSE re 74 Response to Order of the Court *(Plaintiffs' Response to Timothy Parlatore's Declaration in Response to the Court's Order to Show Cause by Bernard Kerik)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Gottlieb, Michael) (Entered: 07/05/2023) |
| 07/07/2023 | 80 | Joint MOTION for an Order Extending to July 11, 2023, Plaintiffs' Deadline for Filing a Motion for Sanctions re Order,,, by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 07/07/2023) |
| 07/08/2023 | | MINUTE ORDER (paperless) GRANTING the parties' 80 Joint Motion for an Order, and AMENDING the SCHEDULING ORDER issued on June 23, 2023 as follows:<br><br>(1) By July 11, 2023, plaintiffs shall file any motion for sanctions for defendant's alleged failure to preserve electronically stored information, pursuant to Federal Rule of Civil Procedure 37(e);<br>(2) By July 25, 2023, defendant shall file any opposition to plaintiffs' motion; and<br>(3) By August 1, 2023, plaintiffs shall file any reply in support of their motion. Signed by Judge Beryl A. Howell on July 8, 2023. (lcbah4) (Entered: 07/08/2023) |
| 07/10/2023 | | Set/Reset Deadlines: Plaintiffs' motion, if any, for sanctions for defendant's alleged failure to preserve electronically stored information, pursuant to Federal Rule of Civil |

| | | |
|---|---|---|
| | | Procedure 37(e) due by 7/11/2023; defendant's opposition, if any, due by 7/25/2023; plaintiffs' reply, if any, due by 8/1/2023. (ztg) (Entered: 07/10/2023) |
| 07/11/2023 | 81 | MOTION for Sanctions *for Failure to Preserve Electronic Evidence* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Text of Proposed Order)(Gottlieb, Michael) (Entered: 07/11/2023) |
| 07/13/2023 | | MINUTE ORDER (paperless) ADDRESSING three discovery–related motions set out below and CAUTIONING DEFENDANT RUDOLPH W. GIULIANI, in light of the fact that the parties failed to reach "an agreement," *see* Pls.' 81 Mot. for Discovery Sanctions at 14 (explaining that recent settlement negotiations fell apart when defendant Giuliani informed plaintiffs on July 10, 2023, through counsel, that he "did not agree with the key principles" of a potential settlement negotiated by his attorney).<br><br>First, plaintiffs request that "this Court [] award $89,172.50 in attorneys' fees," Pls.' 78 Submission Detailing the Costs and Fees Incurred in Preparing the 44 Motion to Compel Discovery ("Pls.' Fees Motion") at 10–11. Defendant Giuliani was previously directed to "pay for plaintiffs' attorneys' fees and costs for their 44 Motion by July 7, 2023," *see* Minute Order (June 23, 2023), and by that deadline of July 7, 2023, defendant Giuliani had neither objected to nor requested an extension of time to respond or contest the reasonableness of plaintiffs' requested attorneys' fees detailed in Pls.' Fees Motion. ***Accordingly, defendant Giuliani is DIRECTED, by July 25, 2023, to reimburse plaintiffs $89,172.50 in attorneys' fees incurred for plaintiffs' 44 Motion to Compel Discovery.***<br><br>Second, defendant Giuliani has filed no opposition to plaintiffs' 70 Revised Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Properly–Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas ("Pls.' Giuliani Businesses Motion"), which opposition was due on July 7, 2023, see D.D.C. LCvR 7(b) (authorizing, if no timely opposition is filed to a motion, that "the Court may treat the motion as conceded"). Given his clarification in a declaration that he is the sole owner of both Giuliani Partners LLC and Giuliani Communications LLC (collectively, the "Giuliani Businesses"), *see* 73 June 26, 2023 Declaration of Rudolph Giuliani ("Giuliani Decl.") 2–3 (explaining that Giuliani owns "Giuliani Partners LLC" and the owner of "Giuliani Communications LLC" is "Giuliani Partners LLC"), he has no one to blame but himself for ignoring plaintiffs' pending motion to compel the Giuliani Businesses to comply with discovery obligations. Defendant Giuliani's declaration was filed only in response to the Court's June 22, 2023 Minute Order and not in response to the plaintiffs' Giuliani Businesses Motion. *See* Minute Order (June 22, 2023) (directing defendant Giuliani to file a declaration that answers certain questions about the ownership and employees of the Giuliani Businesses given that "counsel for defendant Rudolph Giuliani confirmed... that defendant has not responded to his own counsel's request for information regarding discovery from his eponymous businesses"). ***Accordingly, defendant Giuliani is DIRECTED, by July 25, 2023, to SHOW CAUSE why plaintiffs' 70 Giuliani Businesses Motion should not be granted as conceded.***<br><br>Third, plaintiffs indicate in the parties' 77 June 30, 2023, Joint Status Report Regarding the Status of Discovery and Outstanding Compliance Issues ("JSR"), that |

defendant still has "taken no steps to collect and search repositories outside of TrustPoint[,]" has produced no materials from the Giuliani Businesses, and only produced documents from TrustPoint that "appear to consist almost exclusively of non–usable, non–readable raw data," 77 JSR at 9, 13. Notably, defendant Giuliani largely does not contest these discovery shortcomings, see JSR at 17 ("Defendant generally agrees with Plaintiffs' recitation of events[.]"), which shows a failure to comply with the Court's May 31, 2023 Minute Order ("May Order") (as amended by the June 16, 2023 Minute Order), directing him to "search and produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties, with the assistance of a professional vendor." Yet, plaintiffs' review of defendant's document productions remains underway, see Pls.' 81 Mot. for Discovery Sanctions at 17 n.1 ("Plaintiffs note that they are submitting this Motion without having been able to complete a full review of Defendant Giuliani's productions[.]"), and defendant Giuliani may have belatedly produced more documents in compliance with the May Order, so the parties are directed to provide the Court with an updated joint status report regarding his compliance with his discovery obligations and the May Order. **Accordingly, the parties are DIRECTED, by August 4, 2023, jointly to submit an updated status report on discovery compliance and any outstanding issues.**

Defendant Giuliani is CAUTIONED that failure to comply with the May Order, directing him to "search and produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties, with the assistance of a professional vendor," including from his two eponymous businesses, for which he declared, subject to penalty of perjury, that he was "collecting, searching, and producing responsive materials... that are in [his] possession, custody, or control," see 73 Giuliani Decl. 12, may result in severe discovery sanctions, see Fed. R. Civ. P. 37(b)(2)(A) (outlining potential sanctions for a party "fail[ing] to obey an order to provide or permit discovery," including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[;]... (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey"); see also Parsi v. Daioleslam, 778 F.3d 116, 130 (D.C. Cir. 2015) (explaining that courts have the "inherent power" to impose sanctions for violating a court order, including "contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments") (citation omitted). Signed by Judge Beryl A. Howell on July 13, 2023. (lcbah4) (Entered: 07/13/2023)

| | | |
|---|---|---|
| 07/13/2023 | 82 | MEMORANDUM OPINION AND ORDER GRANTING IN PART and RESERVING IN PART plaintiffs' 63 Motion to Compel. See order for further details. Signed by Judge Beryl A. Howell on July 13, 2023. (lcbah4) (Entered: 07/13/2023) |
| 07/18/2023 | | Set/Reset Deadlines: Bernard Kerik's production to plaintiffs per Order of the Court due by 7/25/2023; Bernard Kerik's response to Show Cause due by 7/25/2023. (ztg) (Entered: 07/18/2023) |
| 07/24/2023 | 83 | STIPULATION re 82 Order on Motion to Compel *(Joint Stipulation Regarding Plaintiffs' Motion to Compel Third Party Bernard Kerik)* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 07/24/2023) |
| 07/24/2023 | | MINUTE ORDER (paperless) STAYING, upon the joint request of Bernard Kerik and plaintiffs, see 83 Joint Stipulation Regarding Plaintiffs' Motion to Compel third Party Bernard Kerik ("Stip."), Kerik's compliance with the following provision of the Court's July 13, 2023 Memorandum Opinion and Order ("July 13 Mem. Op. & Ord."), |

| | | |
|---|---|---|
| | | directing Kerik, by July 25, 2023, "to SHOW CAUSE why, in consultation with any putative privilege holder, (1) any of the Withheld Records withheld under attorney−work product privilege grounds should not be produced immediately to plaintiffs; (2) why he should not be made available for a deposition to respond [to] questions, and any follow up questions, that he was instructed not to answer during his March 20, 2023 deposition on attorney−work product protection grounds; and (3) why he and his counsel, Timothy C. Parlatore, should not be required to reimburse plaintiffs for the attorneys' fees and costs associated with the preparation and filing of their motion to compel[,]'" July 13 Mem. Op. & Ord. at 20, in light of the representations by Kerik and plaintiffs that: (1) "at Mr. Kerik's request, the Trump Campaign[,]" the putative privilege holder of records responsive to plaintiffs' Federal Rule of Civil Procedure 45 subpoena to Bernard Kerik dated March 15, 2023 ("Third Kerik Subpoena"), "has withdrawn [its] previous assertions of work product privilege" as to records in Kerik's possession and control responsive to the Third Kerik Subpoena; (2) "the Trump Campaign continues to assert attorney−client communications privilege over a certain subset of the email communications" in Kerik's possession and control responsive to the Third Kerik Subpoena; (3) plaintiffs "are in the process of reviewing Mr. Kerik's additional production and the revised privilege log" and need until August 4, 2023, to determine whether they "continue to challenge any of the documents being withheld on the basis of attorney−client privilege;" (4) Kerik agreed "to sit for an additional deposition covering all topics which were objected to during the first deposition, as well as to all of the additional documents he produced to Plaintiffs" on July 23, 2023; and (5) Kerik and plaintiffs "agree[d] to defer Mr. Kerik's obligation to show cause in compliance with the Courts July 1 3 order, if any is still necessary, until seven (7) days after Plaintiffs' August 4, filing," Stip. at 2−3; and DIRECTING that, by August 4, 2023, plaintiffs file a status report indicating whether they (1) challenge the sufficiency of Kerik's privilege log produced on July 23, 2023, and/or any of the documents withheld by Kerik on the basis of attorney−client privilege; and (2) continue to seek attorneys' fees and costs associated with their 63 Motion to Compel Bernard Kerik to Produce A Document−by−Document Privilege Log and Improperly Withheld Materials and Testimony. Signed by Judge Beryl A. Howell on July 24, 2023. (lcbah4) Modified to correct typo on 7/25/2023 (ztg). (Entered: 07/24/2023) |
| 07/25/2023 | 84 | RESPONSE re 81 MOTION for Sanctions *for Failure to Preserve Electronic Evidence* filed by RUDOLPH GIULIANI. (Attachments: # 1 Declaration Costello Decl, # 2 Exhibit Giuliani Stipulation)(Sibley, Joseph) (Entered: 07/25/2023) |
| 07/25/2023 | 85 | RESPONSE TO ORDER TO SHOW CAUSE re Order,,,,,,,,,,,,,,,,,,,,,,,, filed by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 07/25/2023) |
| 07/26/2023 | | MINUTE ORDER (paperless) GRANTING, as conceded, plaintiffs' 70 Revised Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Properly−Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas ("Pls.' Giuliani Businesses Motion"), in light of defendant Giuliani's 85 Response to the Court's July 13, 2023 Minute Order ("Giuliani Response"), directing defendant Giuliani to show cause why plaintiffs' 70 Giuliani Businesses Motion should not be granted as conceded, in which Response defendant Giuliani states that he "does not oppose the Court's show cause order[,]" Giuliani Resp. at 1; DIRECTING plaintiffs, by August 4, 2023, to submit their costs and attorneys' fees incurred in preparing and filing the Giuliani Businesses Motion; and FURTHER DIRECTING defendant Giuliani, by August 11, 2023, for the reasons outlined below, either to file any objection to plaintiffs' requested attorneys' fees and costs, or to reimburse plaintiffs for |

their requested fees and costs in connection with their 70 Giuliani Businesses Motion.

Federal procedural rules provide, upon the granting of a motion to compel, that "the court must... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *accord Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015); Minute Order (June 23, 2023); *see also DL v. District of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008) (observing that the language of Rule 37(a)(5)(A) "itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist"). Given that defendant Giuliani has conceded in full plaintiffs' Giuliani Businesses Motion, which includes a request for reimbursement for the costs associated with filing the motion, *see* Giuliani Businesses Motion at 11, without offering any reason why he should not reimburse plaintiffs for their reasonable expenses incurred in filing their Motion, plaintiffs' request for attorneys' fees and costs must be granted under Rule 37(a)(5)(A).

Accordingly, defendant Giuliani is DIRECTED to pay plaintiffs the reasonable expenses they incurred in filing their Motion, after opportunity to contest the reasonableness of the fees and costs that plaintiffs request. The remainder of plaintiffs' requested relief in their Motion will be RESERVED, pending completion of briefing on plaintiffs' 81 Motion for Sanctions for Failure to Preserve Electronic Evidence and the parties forthcoming August 4, 2023, Joint Status Report, *see* Minute Order (July 13, 2023) (directing the parties to file by August 4, 2023, "an updated status report on discovery compliance and any outstanding issues"). Signed by Judge Beryl A. Howell on July 26, 2023. (lcbah4) (Entered: 07/26/2023)

| | | |
|---|---|---|
| 07/27/2023 | | Set/Reset Deadlines: Plaintiffs' submission of costs and attorneys' fees incurred in preparing and filing the Giuliani Businesses Motion due by 8/4/2023; defendant Giuliani's objection or reimbursement of plaintiffs' requested fees and costs in connection with their 70 Giuliani Businesses Motion due by 8/11/2023. (ztg) (Entered: 07/27/2023) |
| 08/01/2023 | 86 | REPLY to opposition to motion re 81 MOTION for Sanctions *for Failure to Preserve Electronic Evidence* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Gottlieb, Michael) (Entered: 08/01/2023) |
| 08/04/2023 | 87 | STATUS REPORT *Regarding Bernard Kerik Discovery* by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2)(Gottlieb, Michael) (Entered: 08/04/2023) |
| 08/04/2023 | | MINUTE ORDER (paperless) **DIRECTING** defendant Giuliani **to CLARIFY** his [84–2] "Nolo Contendre [sic] Stipulation" ("Giuliani Stipulation"), submitted in response to plaintiffs' 81 Motion for Discovery Sanctions Against Defendant Rudolph Giuliani For Failure to Preserve Electronic Evidence ("Pls.' Motion"), which unsworn stipulation signed by defendant Giuliani contests no part of plaintiffs' motion but rather purports to set out concessions sufficient to avoid further discovery demands and the risk of concomitant sanctions for failure to comply with discovery obligations, under Federal Rules of Civil Procedure 26 through 37, but simultaneously contains multiple caveats and limitations undercutting that purpose. For example, the Giuliani Stipulation concedes: |

1. that defendant Giuliani "made the statements of and concerning Plaintiffs, which include all of the statements detailed in Plaintiffs['] [sic] Amended Complaint, ECF No. 22 at 57–101,"

2. "that the statements carry meaning that is defamatory per se,"

3. that defendant Giuliani "published those statements to third parties,"

4. "that, to the extent the statements were statement of fact and otherwise actionable, such actionable factual statements were false[,]" and

5. that defendant Giuliani "does not contest... the factual elements of liability (subject to any retained affirmative defenses not expressly waived herein) regarding Plaintiffs' claim for intentional infliction of emotional distress and other related tort claims."

Giuliani Stip. 1–4. Yet, these concessions appear to be significantly limited with caveats that the Giuliani Stipulation:

1. is made only "for the purposes of this litigation before this Court and on Appeal," *id.* 1; *see also id.* 2–4;

2. "does not affect... his argument that his statements are constitutionally protected statements or opinions or [that plaintiffs'] claims are barred by] any applicable statute of limitations," *id.* 3, 4, despite denial of defendant Giuliani's 26 Motion to Dismiss plaintiffs' complaint on these same grounds, in which motion plaintiffs' allegations were legally required to be assumed as true, *see generally Freeman v. Giuliani*, Civ. No. 21–3354 (BAH), 2022 U.S. Dist. LEXIS 197768 (D.D.C. Oct. 31, 2022), leaving no room for continued viability of such defenses, let alone reservation of such defenses, if plaintiffs' allegations are conceded as true, as the Giuliani Stipulation purports to do;

3. is "subject to any retained affirmative defenses not expressly waived herein," Giuliani Stip. 4, which affirmative defenses may include any one of the six such defenses asserted in Def.'s 33 Answer 193–198, that may provide a complete defense to liability and were not "expressly waived" in the Giuliani Stipulation;

4. "does not affect Giuliani's ability to seek setoff, offset or settlement credit, or that Giuliani's conduct, in fact, caused Plaintiffs any damages, and the amount of any alleged damages Giuliani's conduct may have caused," Giuliani Stip. 4; and

5. "does not affect Giuliani's argument [as to] any other legal defense not expressly waived by this Stipulation," *id.*, which may allude to the six affirmative defenses asserted in Def.'s 33 Answer 193–198, or other unspecified defenses.

Given the seemingly incongruous and certainly puzzling caveats contained in the Giuliani Stipulation, plaintiffs' counsel recounts efforts to obtain clarification from defendant Giuliani's counsel, *see* Pls.' 86 Reply Supp. Mot. For Discovery Sanctions Ag. Def. Giuliani For Failure to Preserve Electronic Evid., at 3–5 (recounting defense counsel's confirmation to plaintiffs' counsel that defendant Giuliani (1) stipulates to all elements of plaintiffs' claims for defamation, intentional infliction of emotional distress, and civil conspiracy; and (2) "would 'not contest willfulness for purposes of

punitive damages'"), but no such clarification has been submitted directly to the Court by defendant Giuliani or otherwise acknowledged by defendant Giuliani.

Accordingly, for the above reasons, defendant Giuliani is **DIRECTED, by August 8, 2023 at 4:00 PM**, to submit to the Court either:

(a) a superseding stipulation in which he

(i) concedes, for purposes of this litigation, all factual allegations in plaintiffs' 22 Amended Complaint as to his liability for plaintiffs' defamation, intentional infliction of emotional distress, and civil conspiracy claims, and his liability as to plaintiffs' claim for punitive damages, *see U.S. Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 128 (D.D.C. 2016) (Howell, C.J.) (noting that "[a] defaulting defendant concedes all well–pleaded factual allegations as to liability, though the court may require additional evidence concerning damages") (quoting *Al–Quraan v. 4115 8th St. NW, LLC*1, 123 F. Supp. 3d 1, 1 (D.D.C. 2015)); *and*

(ii) concedes that entry of default judgment on liability is appropriate in this case, *see Adkins v. Teseo*, 180 F. Supp. 2d 15, 1718 (D.D.C. 2001) (entering default judgment after finding that plaintiffs "satisfied each element" of the pleaded cause of action); *or*

(b) an explanation for declining to submit the superseding stipulation described in paragraph (a), above, that also provides clarification as to what precisely his original stipulation conceded regarding the plaintiffs' factual allegations and legal claims.

Should defendant Giuliani not file the superseding stipulation described in paragraph (a), above, *the parties are DIRECTED to appear in Courtroom 26A on August 15, 2023 at 11:00 AM* for a hearing on both plaintiffs' 81 Motion, and the status of defendant Giuliani's compliance with the Court's May 31, 2023 Minute Order ("May Order") (as amended by the June 16, 2023 Minute Order), directing him to "search and produce all materials responsive to plaintiffs' RFPs... within the date ranges agreed to by the parties, with the assistance of a professional vendor." Signed by Judge Beryl A. Howell on August 4, 2023. (lcbah4) Modified on 8/7/2023 (zmac). (Entered: 08/04/2023)

| Date | No. | Description |
|------|-----|-------------|
| 08/04/2023 | | Set/Reset Deadlines/Hearings: Superseding Stipulation due by 8/8/2023. Motion Hearing set for 8/15/2023 at 11:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (mac) (Entered: 08/04/2023) |
| 08/04/2023 | 88 | RESPONSE TO ORDER OF THE COURT re Order,,, *(Plaintiffs' Submission Detailing the Costs and Fees Incurred in Preparing and Filing the Giuliani Businesses Motion)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Text of Proposed Order)(Gottlieb, Michael) (Entered: 08/04/2023) |
| 08/04/2023 | 89 | Joint STATUS REPORT *Regarding Discovery Compliance and Outstanding Issues* by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 08/04/2023) |
| 08/08/2023 | 90 | STIPULATION re Order,,,,,,,,,,,,,,,,,,,,,, *Supersediing Stipulation* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 08/08/2023) |
| 08/09/2023 | | NOTICE of Hearing: Motion Hearing set for 8/15/2023 at 10:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (mac) (Entered: 08/09/2023) |

| 08/10/2023 | | MINUTE ORDER (paperless) VACATING the hearing set for August 15, 2023 as to plaintiffs' 81 Motion for Sanctions for Failure to Preserve Electronic Evidence ("Motion"), given the parties' respective counsels' unavailability this week and on August 15, 2023, despite notice of the hearing being set since August 4, 2023. Plaintiffs' Motion will be resolved on the papers. Signed by Judge Beryl A. Howell on August 10, 2023. (lcbah4) (Entered: 08/10/2023) |
|---|---|---|
| 08/11/2023 | 91 | RESPONSE TO ORDER OF THE COURT re Order on Motion to Compel,,,,,,,,,,, *and Plaintiffs' Submission re same* filed by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 08/11/2023) |
| 08/14/2023 | | MINUTE ORDER (paperless) DIRECTING that, by August 25, 2023, plaintiffs file any response to defendant Giuliani's 91 Objection and Response to Minute Order Re Attorneys' Fees, which was filed in response to the Minute Order (July 26, 26) granting plaintiffs' 70 Revised Motion to Compel Giuliani Partners and Giuliani Communications to Respond to Properly–Served Rule 45 Subpoenas and Rule 30(b)(6) Deposition Subpoenas ("Pls.' Motion"), as conceded and awarding plaintiffs attorneys' fees and costs in connection with their Motion, and to address defendant Giuliani's contention that he may not be held personally liable for plaintiffs' attorneys' fees and costs incurred in connection with their Motion. Signed by Judge Beryl A. Howell on August 14, 2023. (lcbah4) (Entered: 08/14/2023) |
| 08/15/2023 | | Set/Reset Deadlines: Plaintiff Response To Defendant Giuliani's 91 Objection And Response To Minute Order Re Attorneys' Fees due by 8/25/2023 (mac) (Entered: 08/15/2023) |
| 08/25/2023 | 92 | RESPONSE re 91 Response to Order of the Court filed by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 08/25/2023) |
| 08/30/2023 | 93 | ORDER GRANTING plaintiffs' 81 Motion for Sanctions. See order for further details. Signed by Judge Beryl A. Howell on August 30, 2023. (lcbah4) (Entered: 08/30/2023) |
| 08/30/2023 | 94 | MEMORANDUM OPINION regarding plaintiffs' 81 Motion for Sanctions. Signed by Judge Beryl A. Howell on August 30, 2023. (lcbah4) (Entered: 08/30/2023) |
| 08/31/2023 | 95 | DEFAULT JUDGMENT in favor of Plaintiffs against RUDOLPH GIULIANI on 08/31/23. (mac) (Entered: 08/31/2023) |
| 09/01/2023 | 96 | Joint STATUS REPORT by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 09/01/2023) |
| 09/08/2023 | 97 | RESPONSE TO ORDER OF THE COURT re 93 Order on Motion for Sanctions *Plaintiffs' Submission Detailing the Costs and Fees Incurred in Preparing and Filing Plaintiffs' Motion for Discovery Sanctions* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Text of Proposed Order)(Gottlieb, Michael) (Entered: 09/08/2023) |
| 09/14/2023 | 98 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Brittany Williams, Filing fee $ 100, receipt number ADCDC–10352330. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Governski, Meryl) (Entered: 09/14/2023) |
| 09/15/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 98 Motion for Leave to Appear Pro Hac Vice. Brittany Williams may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). **Counsel should** |

| | | |
|---|---|---|
| | | **register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Beryl A. Howell on September 15, 2023. (lcbah4) (Entered: 09/15/2023) |
| 09/20/2023 | 99 | RESPONSE TO ORDER OF THE COURT re 93 Order on Motion for Sanctions *(Joint Proposed Pretrial and Trial Schedule)* filed by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 09/20/2023) |
| 09/20/2023 | | MINUTE ORDER (paperless) ISSUING, upon consideration of the parties' 99 Proposed Pretrial and Trial Schedule, the following SCHEDULING ORDER: |
| | | (1) by October 16, 2023, the parties shall file any pretrial motions, including any motions in limine, with any opposition due by October 23, 2023, and any replies due by October 30, 2023; |
| | | (2) by November 14, 2023, the parties shall file their joint pretrial statement (JPTS), see 4 Standing Order &para 10 (setting out required contents of JPTS); |
| | | (3) by November 20, 2023, the parties shall file any trial briefs; |
| | | (4) on December 5, 2023, at 10:00 AM, the parties are directed to appear in Courtroom 26A for a pretrial conference in this matter; and |
| | | (5) on December 11, 2023, at 9:00 AM, the parties are directed to appear in Courtroom 26A for jury selection for a trial in this matter, with plaintiffs and defendant present in person for the duration of trial. Signed by Judge Beryl A. Howell on September 20, 2023. (lcbah4) (Entered: 09/20/2023) |
| 09/21/2023 | | Set/Reset Deadlines/Hearings: Pretrial Motions, Including Motion in Limine due by 10/16/2023. Oppositions due by 10/23/2023 Replies due by 10/30/2023. Joint Pretrial Statement due by 11/14/2023. Trial Briefs due by 11/20/2023. Pretrial Conference set for 12/5/2023 at 10:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. Jury Selection set for 12/11/2023 at 09:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (mac) (Entered: 09/21/2023) |
| 09/21/2023 | 100 | NOTICE *(Plaintiffs' Notice of Defendant Giuliani's Failure to Comply)* by RUBY FREEMAN, WANDREA MOSS re 93 Order on Motion for Sanctions (Gottlieb, Michael) (Entered: 09/21/2023) |
| 09/22/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of plaintiffs' 100 Notice of Defendant Giuliani's Failure to Comply with the 93 August 30, 2023 Order ("Pls.' Notice"), which Notice indicates that defendant Rudolph W. Giuliani failed to comply with any part of the August 30, 2023 Order ("August 30 Order"), including failing (1) to "produce complete responses to plaintiffs' Requests for Production ('RFP') Numbers 40 and 41;" (2) to "ensure that Giuliani Communications LLC and Giuliani Partners LLC (collectively, the 'Giuliani Businesses') produce complete responses to plaintiffs' requests for financial documents and viewership metrics, including RFP Numbers 19 and 35 and designate one or more corporate representatives to sit for depositions on behalf of the Giuliani Businesses;" (3) to "reimburse plaintiffs' attorneys' fees and costs associated with their successful first motion to compel discovery in the amount totaling $89,172.50, with interest on that amount to accrue from July 25, 2023;" and (4) to "ensure that the Giuliani Businesses reimburse plaintiffs' attorneys fees associated with their successful motion to compel discovery from those Businesses in the amount totaling $43,684," Pls.' Notice at 1–2; *see also* August 30 Order at 2–3, that: |
| | | (1) By September 29, 2023, plaintiffs shall submit any request for additional sanctions |

| | | |
|---|---|---|
| | | against defendant Giuliani, under Federal Rule of Civil Procedure 37(b)(2)(A) and this Court's inherent power, *see Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015), for his failure to comply with the August 30 Order; (2) By October 6, 2023, defendant Giuliani shall file any response to plaintiffs' request for additional sanctions against him; and (3) By October 10, 2023, plaintiffs shall file any reply in support of their request for additional sanctions against defendant Giuliani; and<br><br>FURTHER DIRECTING defendant Giuliani, in light of his failure timely to file, or seek an extension of time to file, any objection to plaintiffs' 97 Submission Detailing the Costs and Fees Incurred in Preparing and Filing Plaintiffs' Motion for Discovery Sanctions, by the deadline of September 15, 2023, as provided by the August 30 Order, to reimburse plaintiffs $104,256.50 in attorneys' fees incurred in the filing of plaintiffs' 81 Motion for Sanctions, by October 6, 2023, with interest to accrue on any unpaid amount thereafter; and<br><br>REMINDING the parties that "all parties or party representatives must be present at the Pretrial Conference," *see* Standing Order &para 11(a). Signed by Judge Beryl A. Howell on September 22, 2023. (lcbah4) (Entered: 09/22/2023) |
| 09/22/2023 | | Set/Reset Deadlines: Plaintiffs Request For Additional Sanctions Against Defendant Giuliani due by 9/29/2023. Defendant Giuliani Response To Plaintiffs' Request For Additional Sanctions Against Him due by 10/6/2023. Plaintiffs Reply In Support Of Their Request For Additional Sanctions Against Defendant Giuliani due by 10/10/2023. (mac) (Entered: 09/22/2023) |
| 09/29/2023 | 101 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,,,,,, *(Plaintiffs' Submission Regarding Additional Sanctions for Defendant Giuliani's Failure to Comply with the Court's August 30, 2023)* filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Gottlieb, Michael) (Entered: 09/29/2023) |
| 10/13/2023 | 102 | ORDER regarding plaintiffs' 101 Submission Regarding Additional Sanctions for Defendant Giuliani's Failure to Comply with the Court's August 30, 2023. See order for further details. Signed by Judge Beryl A. Howell on October 13, 2023. (lcbah4) (Entered: 10/13/2023) |
| 10/16/2023 | 103 | Consent MOTION in Limine by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration of Christine Kwon, # 2 Appendix A to Kwon Declaration, # 3 Text of Proposed Order)(Kwon, Christine) (Entered: 10/16/2023) |
| 10/27/2023 | 104 | NOTICE of Appearance by Brittany Marie Williams on behalf of RUBY FREEMAN, WANDREA MOSS (Williams, Brittany) (Entered: 10/27/2023) |
| 11/14/2023 | 105 | PRETRIAL STATEMENT by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Appendix A: Plaintiffs' Exhibit List, # 2 Appendix B: Defendant's Exhibit List – Intentionally Left Blank, # 3 Appendix C: Joint Proposed Voir Dire, # 4 Appendix D: Plaintiffs' Proposed Jury Instructions, # 5 Appendix E: Defendant's Redline and Objection to Plaintiffs' Proposed Jury Instructions, # 6 Appendix F: Joint Proposed Verdict Form)(Gottlieb, Michael) (Entered: 11/14/2023) |
| 11/20/2023 | 106 | NOTICE of Appearance by Aaron E. Nathan on behalf of RUBY FREEMAN, WANDREA MOSS (Nathan, Aaron) (Entered: 11/20/2023) |

| 11/20/2023 | 107 | TRIAL BRIEF *re Propriety of Jury Trial and Objection to Jury Trial* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 11/20/2023) |
|---|---|---|
| 11/21/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' 105 Joint Pretrial Submission ("JPS"), in which the parties specify the "Process To Which The PARTIES Agree," *id.* at 25 (§ X.F), that the parties adhere to the following processes:<br><br>(1)The parties shall disclose the identities of witnesses they intend to call for the following day by noon of the preceding day;<br>(2)The parties shall exchange the demonstratives that they intend to use, including for opening and closing presentations, by 6 p.m. of the day prior to such intended use, with any objections to such demonstratives submitted in writing to the Court by 7 AM on the day of the intended use; and<br>(3)The parties shall provide opposing counsel a list of the intended exhibits to be introduced on direct examination, by 8 p.m. of the day preceding the expected testimony of that witness.<br><br>Signed by Judge Beryl A. Howell on November 21, 2023. (lcbah4) (Entered: 11/21/2023) |
| 11/21/2023 | | MINUTE ORDER (paperless) DENYING, upon consideration of the parties' 105 Joint Pretrial Submission ("JPS"), the parties' request that they be provided, by Friday, December 8, 2023, at 12 p.m., the list of prospective jurors for trial scheduled for Monday, December 11, 2023, *see id.* at 31. This Court has adopted, consistent with 28 U.S.C. § 1878, a one–step summoning and juror qualification procedure, with the result that the list of prospective jurors randomly selected to comprise the venire list for trial in the instant case will not be determined prior to the morning of jury selection on December 11, 2023. *See* 28 U.S.C. § 1878(a) ("At the option of each district court, jurors may be summoned and qualified in a single procedure, if the court's jury selection plan so authorizes, in lieu of the two separate procedures otherwise provided for by this chapter."); Jury Selection Plan for the U.S. District Court for the District of Columbia § 7 (as amended May 17, 2022), https://www.dcd.uscourts.gov/sites/dcd/files/D.D.C.JurySelectionPlan–20220517.pdf. Signed by Judge Beryl A. Howell on November 21, 2023. (lcbah4) (Entered: 11/21/2023) |
| 11/21/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' 105 Joint Pretrial Submission ("JPS"), which notes various disputes for resolution, that the parties adhere to the following SCHEDULING ORDER for briefing in advance of the Pretrial Conference scheduled for December 5, 2023:<br><br>(1)&nbspBy November 27, 2023:<br><br>&nbsp&nbsp a.&nbspPlaintiff shall file any opposition to defendant's 107 Trial Brief on Propriety of Jury Trial and Objection to Jury Trial;<br><br>&nbsp&nbspb.Defendant shall submit briefing fully explaining, with citations to applicable law:<br><br>&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp i.&nbspwhy the 93 August 30, 2023, Order directing the entry of default judgment against defendant ("Default Judgment Order") does not resolve "all elements of [defendant's] liability, including the fact of harm and |

causation, JPS at 27 (§ XII);

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp ii.&nbspwhy "all of the elements of civil conspiracy" have not been satisfied in light of the Default Judgment Order, *id.* at 28 (§ XII);

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp iii.&nbspwhy the members of the conspiracy include not only persons specifically listed in the 22 Amended Complaint and those individuals the parties agree to stipulate were members, *see* JPS at 29–30 ("[T]he parties are in agreement that the following individuals or entities were members of the conspiracy: Donald J. Trump, Christina Bobb, and Herring Networks, Inc.... ("OAN"); Robert Herring; Charles Herring; and Chanel Rion."), but defendant contests that the following individuals are members of the conspiracy: "the Trump Campaign, including anyone who caused [] statements to [be] publish[ed] [] about Plaintiffs or participated in such publications; members of President Trump's legal team, including Ray S. Smith III, Jenna Lynn Ellis, Jackie Pick, Bernard Kerik, and any other lawyers or individuals who the evidence shows worked alongside Defendant Giuliani in support of the Trump Campaign and/or Trump Legal Team," *id.* at 30;

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp iv.&nbspdefendant's objection to plaintiffs' proposed jury instruction on civil conspiracy, *id.* at 28;

&nbsp&nbsp &nbsp&nbsp &nbsp&nbsp v.&nbspwhy plaintiffs should be limited to prove damages regarding plaintiffs' Defamation/Defamation *Per Se* claim (Claim 1) and Civil Conspiracy claim (Claim 3) based only on "those statements and/or co–conspirators specifically alleged in the Amended Complaint," *id.* at 14 n.8, rather than "all of the statements to which the [Amended Complaint] refers or incorporates by reference," *id.*, when "Dr. Ashlee Humphreys disclosed her opinions relating to those statements before the default judgment order" in reports served on defendant on July 28 and October 6, 2023, thereby putting defendant on notice of "Plaintiffs' intent to prove damages relating to those statements at the time that [defendant] attempted to stipulate to liability," *id.*;

&nbsp&nbsp c.&nbspDefendant shall submit any briefing on his objections to the parties' proposed jury instructions, as contemplated in the parties' JPS, *see id.* at 31, or consider such objections waived.

&nbsp&nbsp d.Defendant shall submit citation(s) to the record in this case where he challenged the sufficiency of the pleading of the Third Claim for Civil Conspiracy in the 22 Amended Complaint, based on defendant's current contention that "the Court erred in holding that Plaintiffs[] properly pleaded their conspiracy claim" and plaintiffs contest that defendant "appropriately preserved any [such] argument," *id.* at 4 n.1.

(2)&nbspBy November 30, 2023 at 2 p.m.:

&nbsp&nbsp a.&nbspDefendant shall file any reply in support of defendant's 107 Trial Brief on Propriety of Jury Trial and Objection to Jury Trial;

&nbsp&nbsp b.&nbspPlaintiffs shall file any opposition to defendant's briefing submitted under 1(b)–(d), above;

| | | |
|---|---|---|
| | | (3)&nbspBy December 1, 2023 at 4 p.m., defendant shall file any reply in support of defendant's briefing submitted under 1(b)–(d), above.<br><br>Signed by Judge Beryl A. Howell on November 21, 2023. (lcbah4) (Entered: 11/21/2023) |
| 11/22/2023 | | Set/Reset Deadlines: due by 12/1/2023. Plaintiff Opposition To Defendant's 107 Trial Brief on Propriety of Jury Trial And Objection To Jury Trial And Defendant Briefing due by 11/27/2023. Defendant Reply In Support Of Defendant's 107 Trial Brief On Propriety Of Jury Trial And Objection to Jury Trial And Plaintiffs Opposition To Defendant's Briefing due by 11/30/2023. Defendant Reply In Support Of Defendant's Briefing Submitted Under 1(b)–(d) due by 12/1/2023. (zmac) (Entered: 11/22/2023) |
| 11/22/2023 | 108 | ORDER GRANTING plaintiffs' 103 Consent Motion *in Limine* to Exclude Certain Evidence and Argument at Trial. See order for further details. Signed by Judge Beryl A. Howell on November 22, 2023. (lcbah4) (Entered: 11/22/2023) |
| 11/27/2023 | 109 | RESPONSE re 107 Trial Brief *Plaintiffs' Opposition to Defendant's Objection to Jury Trial* filed by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 11/27/2023) |
| 11/27/2023 | 110 | MEMORANDUM re Order,,,,,,,,,,,,,,,,, by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 11/27/2023) |
| 11/30/2023 | 111 | REPLY re 107 TRIAL BRIEF *Reply in Support of Objection to Jury Trial* by RUDOLPH GIULIANI. (Attachments: # 1 Exhibit Exhibit A)(Sibley, Joseph) Modified event title and link on 12/6/2023 (znmw). (Entered: 11/30/2023) |
| 11/30/2023 | 112 | RESPONSE re 110 Memorandum filed by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Gottlieb, Michael) (Entered: 11/30/2023) |
| 12/03/2023 | 113 | MEMORANDUM OPINION AND ORDER DENYING defendant's 107 Trial Brief on Propriety of Jury Trial and Objection to Jury Trial. See order for further details. Signed by Judge Beryl A. Howell on December 3, 2023. (lcbah4) (Entered: 12/03/2023) |
| 12/04/2023 | 114 | REPLY re 110 *in Support of Memo re MINUTE ORDER DATED NOVEMBER 21, 2023* by RUDOLPH GIULIANI. (Sibley, Joseph) Modified event on 12/6/2023 (mg). Modified on 12/6/2023 (mg). (Entered: 12/04/2023) |
| 12/04/2023 | 115 | PRETRIAL STATEMENT *(First Amended Pretrial Submission and First Amended Exhibit List)* by RUBY FREEMAN, WANDREA MOSS re 105 Pretrial Statement, (Attachments: # 1 Appendix A – Plaintiffs First Amended Exhibit List, # 2 Appendix A–1 – Plaintiffs First Amended Exhibit List with Stipulations, # 3 Redline to the Previously Filed Pretrial Statement)(Gottlieb, Michael) Modified event on 12/6/2023 (mg). (Entered: 12/04/2023) |
| 12/05/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Pretrial Conference held on 12/5/2023. (Court Reporter ELIZABETH SAINT–LOTH.) (mac) (Entered: 12/05/2023) |
| 12/05/2023 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' responses to the Court's November 21, 2023 Minute Order, *see* 110 Def.'s Resp. Mem.; 112 Pls.' Opp'n Def.'s Resp.; 114 Def.'s Reply Mem., in which defendant explained objections raised in the parties' 105 Joint Pretrial Submission ("JPTS"), to |

| | | |
|---|---|---|
| | | two jury instructions regarding "Certain Matters Already Decided" and "Defamation," *see* Def.'s Resp. Mem. at 10; JPTS, App. E, Def.'s Obj. Pls.' Jury Instr. at 3–4, ECF No. 105–5, and upon consideration of the parties' positions during the pretrial conference held on December 5, 2023, including defendant's counsel's position that (1) defendant does not object and will assert no objection at trial to plaintiffs' deposition designations, set forth in the <u>115</u> First Amended JPTS ("First Am. JPTS"), *see* ECF No. 115 at 8–11, and that (2) defendant withdraws his objections, raised in the parties' initial JPTS, *see id.*, App. E, Def.s Objs. Pls.' Jury Instr. at 3–4, to plaintiffs' proposed jury instructions regarding "Certain Matters Already Decided" and Defamation," that, by December 6, 2023 at 12 PM, <br><br> 1.&nbsp&nbsp Plaintiffs shall submit a proposed jury instruction regarding plaintiffs' burden of proof as to damages, as discussed during the pretrial conference; and <br><br> 2.&nbsp&nbsp Defendant shall submit notice to the Court confirming Mr. Giuliani's concurrence with his counsel's representations during the pretrial conference that, as set forth, *supra*, (1) defendant does not object and will assert no objection at trial to plaintiffs' deposition designations, set forth in the <u>115</u> First Amended JPTS, *see* ECF No. 115 at 8–11, and (2) defendant withdraws his objections, raised in the parties' initial JPTS, *see id.*, App. E, Def.'s Objs. Pls.' Jury Instr. at 3–4, to plaintiffs' proposed jury instructions regarding "Certain Matters Already Decided" and "Defamation." <br><br> Signed by Judge Beryl A. Howell on December 5, 2023. (lcbah4) (Entered: 12/05/2023) |
| 12/05/2023 | | Set/Reset Deadlines: Plaintiffs Proposed Jury Instructions And Defendant Notice due no later than 12:00PM On December 6, 2023. (mac) (Entered: 12/05/2023) |
| 12/06/2023 | <u>116</u> | STATUS REPORT *re Pretrial Positions* by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 12/06/2023) |
| 12/06/2023 | <u>117</u> | Proposed Jury Instructions by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 12/06/2023) |
| 12/06/2023 | <u>118</u> | NOTICE *(Plaintiffs' Notice of Filing of Supplement to Proposed Jury Instructions)* by RUBY FREEMAN, WANDREA MOSS re <u>117</u> Proposed Jury Instructions (Gottlieb, Michael) (Entered: 12/06/2023) |
| 12/07/2023 | <u>119</u> | MEMORANDUM OPINION AND ORDER OVERRULING IN PART and GRANTING IN PART objections raised in defendant's <u>110</u> Response to Minute Order Dated November 21, 2023. See order for further details. Signed by Judge Beryl A. Howell on December 7, 2023. (lcbah4) (Entered: 12/07/2023) |
| 12/07/2023 | <u>120</u> | FINAL TRIAL ORDER. Signed by Judge Beryl A. Howell on December 7, 2023. (lcbah4) (Entered: 12/07/2023) |
| 12/07/2023 | | Set/Reset Deadlines: Any exhibits, charts, or summaries to be used in opening statements must be cleared with counsel for the other side prior to the opening statements, and if any party objects, such objections must be submitted to the Court for resolution by noon on Friday, December 8, 2023. (zalh) (Entered: 12/07/2023) |
| 12/07/2023 | <u>121</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ruth Whitney, Filing fee $ 100, receipt number ADCDC–10544777. Fee Status: Fee Paid. by RUBY FREEMAN, WANDREA MOSS. (Attachments: # <u>1</u> Declaration of Ruth Whitney, # <u>2</u> Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Governski, Meryl) |

| | | |
|---|---|---|
| | | (Entered: 12/07/2023) |
| 12/08/2023 | 122 | ENTERED IN ERROR.....TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12−05−2023; Page Numbers: 1 − 100. Date of Issuance: 12−08−2023. Court Reporter: Elizabeth Saint−Loth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/29/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/7/2024.(Saint−Loth, Elizabeth) Modified on 12/8/2023, Reporter error (mg). (Entered: 12/08/2023) |
| 12/08/2023 | 123 | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12−05−2023; Page Numbers: 1 − 100. Date of Issuance: 12−08−2023. Court Reporter: Elizabeth Saint−Loth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/29/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/7/2024.(Saint−Loth, Elizabeth) (Entered: 12/08/2023) |
| 12/10/2023 | 124 | NOTICE *(Joint Notice of Clarification Regarding Plaintiffs' Consent Motion In Limine)* by RUBY FREEMAN, WANDREA MOSS (Gottlieb, Michael) (Entered: 12/10/2023) |
| 12/11/2023 | | MINUTE ORDER granting plaintiffs' 121 Motion for Leave to Appear Pro Hac Vice. Ruth Whitney may enter an appearance pro hac vice for the purpose of representing plaintiffs in this action. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Beryl A. Howell on December 11, 2023. (lcbah4) (Entered: 12/11/2023) |

| 12/11/2023 | | MINUTE ORDER (paperless) DIRECTING that, by 9 AM on Tuesday, December 12, 2023, defendant submit notice identifying each exhibit admitted, at plaintiffs' request and with defendant's consent during the first day of trial held on December 11, 2023, as to which exhibit defendant now asserts an objection and the specific basis for such objection. Signed by Judge Beryl A. Howell on December 11, 2023. (lcbah4) (Entered: 12/11/2023) |
|---|---|---|
| 12/11/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial held on 12/11/2023. Jury Selection Began And Concluded. Eight (8) Jurors Selected And Sworn (Empaneled). Parties Gave Opening Statements. Plaintiff Begins Their Case. Jury Trial Resumes On 12/12/2023 at 09:15 AM in Courtroom 26A– In Person before Judge Beryl A. Howell.). (Court Reporter: ELIZABETH SAINT–LOTH (AM) LISA MOREIRA (PM).)Defense Attorney: JOSEPH SIBNEY; Plaintiff Attorneys: VON DUBOSE/MICHAEL GOTTLIEB; PLAINTIFF WITNESS: REGINA SCOTT (mac) (Entered: 12/11/2023) |
| 12/11/2023 | 126 | MOTION in Limine *to Preclude Further Violations of the Court's Prior Orders* by RUBY FREEMAN, WANDREA MOSS. (Gottlieb, Michael) (Entered: 12/11/2023) |
| 12/11/2023 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Signed by Judge Beryl A. Howell on 12/11/23. (mac) (Entered: 12/12/2023) |
| 12/12/2023 | 127 | RESPONSE to Order of the Court *re Objections* by RUDOLPH GIULIANI. (Sibley, Joseph) Modified event on 12/12/2023 (mg). (Entered: 12/12/2023) |
| 12/12/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial Resumed And Held on 12/12/2023. Same Eight (8) Jurors. Plaintiff Continuing Presenting Their Case. Jury Trial Resumes On 12/13/2023 at 9:15 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. (Court Reporter ELIZABETH SAINT–LOTH (AM)/JANICE DICKMAN (PM).) Defense Attorneys: JOSEPH SIBLEY; Plaintiff Attorneys: JOHN LANGFORD/MICHAEL GOTTLIEB; PLAINTIFF WITNESSES: FRANK BRAUN (DEPOSITION TESTIMONY), MARY FRANCIS WALTON (DEPOSITION TESTIMONY), WANDREA MOSS, BERNARD KERIK (DEPOSITION TESTIMONY), CHRISTINA BOBB (DEPOSITION TESTIMONY), JENNA ELLIS (DEPOSITION TESTIMONY) (mac) (Entered: 12/12/2023) |
| 12/12/2023 | 128 | Exhibit List *for Plaintiffs (Updated)* by RUBY FREEMAN, WANDREA MOSS. (Langford, John) (Entered: 12/12/2023) |
| 12/13/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial Resumed And Held on 12/13/2023 With The Same Jury Of Eight (8), Plaintiffs Resumed And Concluded Their Case. Jury Trial Scheduled To Continue On 12/14/2023 at 9:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell. Plaintiff Attorneys : Michael Gottleib/ Meryl Governski; Defense Attorney: Joseph Sibley; Plaintiff Witnesses: 1.) Pamela Michelle Branton (Via Deposition); #2) Ashlee Humphreys; #3) Ruby Freeman; (Court Reporter ELIZABETH SAINT–LOTH (AM)/ LISA MOREIRA (PM).) (mac) (Entered: 12/13/2023) |
| 12/14/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial Resumed on 12/14/2023. Defendant Rested His Case. Parties Gave Closing Statements And Jury Deliberations Began. Jury Deliberation Will Resume on 12/15/2023 at 9:00 AM in Courtroom 26A– In Person before Judge Beryl A. Howell.). (Plaintiff Attorneys: MICHAEL GOTTLIEB; Defense Attorney: JOSEPH SIBLEY; Court Reporter |

| | | ELIZABETH SAINT–LOTH (AM SESSION)/ JANICE DICKMAN (PM SESSION). (mac) (Entered: 12/14/2023) |
|---|---|---|
| 12/14/2023 | 129 | **Signature Page of Foreperson**<br><br>in Jury Note (01). (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (mac) (Entered: 12/14/2023) |
| 12/14/2023 | 130 | Jury Note (01)(mac) (Entered: 12/14/2023) |
| 12/15/2023 | 131 | Consent MOTION (Consent Motion to Amend Case Caption) by RUBY FREEMAN, WANDREA MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/15/2023) |
| 12/15/2023 | | Minute Entry for proceedings held before Judge Beryl A. Howell: Jury Trial (Day 5) Resumed And Concluded on 12/15/2023 With A Jury Of 8. Jury Awarded Compensatory And Punitive Damages To The Plaintiffs. (Court Reporter ELIZABETH SAINT–LOTH.) (mac) (Entered: 12/15/2023) |
| 12/15/2023 | 132 | (JOINT) ATTORNEYS' ACKNOWLEDGMENT CONCERNING TRIAL EXHIBITS. (mac) (Entered: 12/15/2023) |
| 12/15/2023 | 133 | Jury Notes (1)(mac) (Entered: 12/15/2023) |
| 12/15/2023 | 134 | **Signature Page of Foreperson**<br><br>in Jury Note (1). (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zmac) (Entered: 12/15/2023) |
| 12/15/2023 | 135 | Verdict Form (mac) (Entered: 12/15/2023) |
| 12/15/2023 | 136 | **Signature Page of Foreperson**<br><br>in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zmac) (Entered: 12/15/2023) |
| 12/18/2023 | | MINUTE ORDER (paperless) GRANTING plaintiffs' 131 Consent Motion to Amend Case Caption, to modify the spelling of plaintiff Moss's first name from "Wandrea" to "Wandrea'," and to remove defendants Herring Networks, Inc., Charles Herring, Robert Herring, and Chanel Rion. The Clerk of the Court is directed to amend the spelling of Ms. Moss's first name on the case docket and to modify the case caption to reflect RUDOLPH W. GIULIANI as the sole defendant. Signed by Judge Beryl A. Howell on December 18, 2023. (lcbah4) (Entered: 12/18/2023) |
| 12/18/2023 | 137 | Jury Instructions. (mac) (Entered: 12/18/2023) |
| 12/18/2023 | 138 | STIPULATION *(Joint Stipulation Regarding Entry of Final Judgment)* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/18/2023) |
| 12/18/2023 | 139 | MOTION to Lift Stay *(Plaintiffs' Motion to Dissolve Stay of Execution)* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Gottlieb, Michael) |

| | | |
|---|---|---|
| | | (Entered: 12/18/2023) |
| 12/18/2023 | 140 | MOTION for Order *Granting Leave to Register Judgment* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Gottlieb, Michael) (Entered: 12/18/2023) |
| 12/18/2023 | 141 | MOTION to Expedite *to Expedite Briefing and Consideration of this Motion* by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Declaration of Michael J. Gottlieb, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Gottlieb, Michael) Modified event title on 12/19/2023 (znmw). (Entered: 12/18/2023) |
| 12/18/2023 | | MINUTE ORDER (paperless) DIRECTING defendant to file any response to plaintiffs' 139 140 141 Motion to Dissolve Stay of Execution and for Leave to Register Judgment in Any Other District and to Expedite Briefing, by December 19, 2023, at 2:00 PM. Signed by Judge Beryl A. Howell on December 18, 2023. (lcbah4) (Entered: 12/18/2023) |
| 12/18/2023 | 142 | FINAL JUDGMENT. Signed by Judge Beryl A. Howell on December 18, 2023. (lcbah4) (Entered: 12/18/2023) |
| 12/19/2023 | 143 | RESPONSE re 139 MOTION to Lift Stay *(Plaintiffs' Motion to Dissolve Stay of Execution)* filed by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 12/19/2023) |
| 12/20/2023 | 144 | MEMORANDUM AND ORDER granting plaintiffs' 139 140 141 Motion to Dissolve Stay of Execution and for Leave to Register Judgment in Any Other District. See Memorandum and Order for further details. Signed by Judge Beryl A. Howell on December 20, 2023. (lcbah4) (Entered: 12/20/2023) |
| 01/11/2024 | 145 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Beryl A. Howell held on December 11, 2023; Page Numbers: 1–154. Date of Issuance:January 11, 2024. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/1/2024. Redacted Transcript Deadline set for 2/11/2024. Release of Transcript Restriction set for 4/10/2024.(Moreira, Lisa) (Entered: 01/11/2024) |
| 01/11/2024 | 146 | TRANSCRIPT OF JURY TRIAL – AFTERNOON SESSION before Judge Beryl A. Howell held on December 13, 2023; Page Numbers: 1–174. Date of Issuance:January 11, 2024. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u> |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/1/2024. Redacted Transcript Deadline set for 2/11/2024. Release of Transcript Restriction set for 4/10/2024.(Moreira, Lisa) (Entered: 01/11/2024) |
| 02/20/2024 | 147 | MOTION for Judgment as a Matter of Law , MOTION for Judgment NOV , MOTION for New Trial , MOTION to Alter Judgment by RUDOLPH GIULIANI. (Sibley, Joseph) (Entered: 02/20/2024) |
| 02/20/2024 | 148 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 142 Order by RUDOLPH GIULIANI. Filing fee $ 605, receipt number ADCDC−10701350. Fee Status: Fee Paid. Parties have been notified. (Sibley, Joseph) (Entered: 02/20/2024) |
| 02/21/2024 | 149 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 148 Notice of Appeal to DC Circuit Court. (mg) (Entered: 02/21/2024) |
| 02/22/2024 | | USCA Case Number 24−7021 for 148 Notice of Appeal to DC Circuit Court filed by RUDOLPH GIULIANI. (znmw) (Entered: 02/26/2024) |
| 02/22/2024 | 150 | ORDER of USCA as to 148 Notice of Appeal to DC Circuit Court filed by RUDOLPH GIULIANI; case held in abeyance pending conclusion of proceedings in district court. USCA Case Number 24−7021. (znmw) (Entered: 02/26/2024) |
| 03/05/2024 | 151 | RESPONSE re 147 MOTION for Judgment as a Matter of Law MOTION for Judgment NOV MOTION for New Trial MOTION to Alter Judgment *(Plaintiffs' Opposition to Defendant's Renewed Motion for Judgment as a Matter of Law)* filed by RUBY FREEMAN, WANDREA' MOSS. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Gottlieb, Michael) (Entered: 03/05/2024) |
| 03/29/2024 | 152 | TRANSCRIPT OF PROCEEDINGS before Judge Beryl A. Howell held on December 12, 2023; Page Numbers: 1−114. Date of Issuance: March 29, 2024. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made |

| | | |
|---|---|---|
| | | available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/19/2024. Redacted Transcript Deadline set for 4/29/2024. Release of Transcript Restriction set for 6/27/2024.(Dickman, Janice) (Entered: 03/29/2024) |
| 03/31/2024 | 153 | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12–11–2023. Page Numbers: 1 – 117. Date of Issuance: 3–31–2024. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/21/2024. Redacted Transcript Deadline set for 5/1/2024. Release of Transcript Restriction set for 6/29/2024.(Saint–Loth, Elizabeth) (Entered: 03/31/2024) |
| 03/31/2024 | 154 | TRANSCRIPT OF PROCEEDINGS, MORNING SESSION, before Judge Beryl A. Howell, held on 12–12–2023. Page Numbers: 1 – 102. Date of Issuance: 3–31–2024. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/21/2024. Redacted Transcript Deadline set for 5/1/2024. Release of Transcript Restriction set for 6/29/2024.(Saint–Loth, Elizabeth) (Entered: 03/31/2024) |
| 03/31/2024 | 155 | TRANSCRIPT OF PROCEEDINGS, MORNING SESSION, before Judge Beryl A. Howell held on 12–13–2023; Page Numbers: 1 – 163. Date of Issuance: 3–31–2024. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts |

| | | |
|---|---|---|
| | | may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/21/2024. Redacted Transcript Deadline set for 5/1/2024. Release of Transcript Restriction set for 6/29/2024.(Saint−Loth, Elizabeth) (Entered: 03/31/2024) |
| 03/31/2024 | <u>156</u> | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12−14−2023; Page Numbers: 1 − 189. Date of Issuance: 3−31−2024. Court Reporter: Elizabeth SaintLoth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/21/2024. Redacted Transcript Deadline set for 5/1/2024. Release of Transcript Restriction set for 6/29/2024.(Saint−Loth, Elizabeth) (Entered: 03/31/2024) |
| 03/31/2024 | <u>157</u> | TRANSCRIPT OF PROCEEDINGS, before Judge Beryl A. Howell, held on 12−15−2023; Page Numbers: 1 − 13. Date of Issuance: 3−31−2024. Court Reporter: Elizabeth SaintLoth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made |

| | | |
|---|---|---|
| | | available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/21/2024. Redacted Transcript Deadline set for 5/1/2024. Release of Transcript Restriction set for 6/29/2024.(Saint–Loth, Elizabeth) (Entered: 03/31/2024) |
| 04/15/2024 | 158 | ORDER DENYING defendant's 147 Renewed Motion for Judgment As a Matter of Law. See Order for further details. Signed by Judge Beryl A. Howell on April 15, 2024. (lcbah4) (Entered: 04/15/2024) |
| 04/15/2024 | 159 | MEMORANDUM OPINION regarding defendant's 147 Renewed Motion for Judgment As a Matter of Law. Signed by Judge Beryl A. Howell on April 15, 2024. (lcbah4) (Entered: 04/15/2024) |
| 04/17/2024 | | MINUTE ORDER (paperless), DIRECTING, in view of this Court's 159 Memorandum Opinion and 158 Order denying defendant's 147 Renewed Motion for Judgment As a Matter of Law, or in the alternative, for a New Trial and/or to Alter or Amend the Final Judgment, the Clerk of the Court to close this case. Signed by Judge Beryl A. Howell on April 17, 2024. (lcbah4) (Entered: 04/17/2024) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>Defendant. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

A unanimous jury awarded plaintiffs Ruby Freeman and Wandrea' ArShaye "Shaye" Moss, on December 15, 2023, a total of $148,169,000.00, in compensatory and punitive damages for defamation and intentional infliction of emotional distress, against defendant Rudolph W. Giuliani. Verdict Form, ECF No. 135. This jury award was followed, in rapid succession, three days later, by entry of the final judgment against Giuliani, *see Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 9783148 (D.D.C. Dec. 18, 2023) ("Final Judgment"), and two days after that, by this Court's order dissolving the 30-day automatic stay for enforcement of judgment to permit plaintiffs to register their judgment immediately in any district, *see* Mem. and Order at 12–13, ECF No. 144 ("Enforcement of Judgment Decision").[1]  The very next day, on December 21, 2023, Giuliani filed a Chapter 11 bankruptcy petition in the Southern District of New York, which

---

[1]      The Final Judgment adopted the parties' Joint Stipulation Regarding Final Judgment, ECF No. 138; *id.*, Proposed Order at 1, 138-1 (agreeing, *inter alia*, to reduce the damages award to $145,969,000, plus post-judgment interest and costs), and ordered Giuliani to reimburse plaintiffs, in addition to the damages award, a total of $237,113 in accumulated attorney's fees, which had been ordered by this Court in July, August, and September 2023, in connection with plaintiffs' three successful discovery motions, and had remained unpaid as Giuliani failed to comply with the orders, *see* Final Judgment, 2023 WL 9783148, at *1, for a total judgment against Giuliani in the amount of $146,206,113, plus post-judgment interest, *id.*

1

filing automatically halted all proceedings in this case, including plaintiffs' right to exercise the authority granted by this Court to seek prompt enforcement of the judgment against Giuliani.  *See* Chapter 11 Pet., *In re Rudolph W. Giuliani*, No. 23-12055 (SHL), ECF No. 1 (Bankr. S.D.N.Y. Dec. 21, 2023).

Despite the utter failure of Giuliani to comply with his discovery obligations and related orders in this lawsuit or to pay a dime in the attorney's fees imposed for his discovery abuses— after multiple opportunities were extended for him to do so, over the course of months, leading, ultimately, to entry of default judgment against him on liability on plaintiff's well-pleaded claims, *see Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 5600316, at *26 (D.D.C. Aug. 30, 2023) ("Default Judgment Decision"); Default Judgment Order, ECF No. 93—the Bankruptcy Court granted Giuliani's request to lift the bankruptcy stay to permit him to "file and litigate . . . a post-trial motion (or motions)" and "file a notice of appeal from the Freeman Judgment," so long as that court is assured, somehow, that the funds expended on continued litigation in this case "shall not be paid by . . . the Debtor or his estate," Order ¶¶ 2, 6, *In re Rudolph W. Giuliani*, No. 23-12055 (SHL), ECF No. 124 (Bankr. S.D.N.Y. Feb. 20, 2024) ("Bankruptcy Modifying Stay Order").  With the automatic bankruptcy stay lifted for Giuliani's benefit to continue litigating in this case, he now renews his motion made at trial for judgment as a matter of law ("JMOL"), pursuant to Federal Rule of Civil Procedure 50(b), or alternatively, for "a new trial and/or to alter or amend the Final Judgment," pursuant to Federal Rule 59.  Def.'s Renewed Mot. JMOL at 1 & n.1 ("Def.'s Mot."), ECF No. 147.

Giuliani urges this Court to reverse prior findings and rulings and override the jury's considered verdict based on five cursory arguments made in a brief eight pages: (1) that plaintiffs have failed to state a claim, "incorporat[ing] by reference his arguments in his Motion to Dismiss

2

[] and reargu[ing] them as to the statements specifically identified in the Complaint," Def.'s Mot. at 4 (citation omitted); (2) that the "unpleaded conduct" on which plaintiffs were permitted to prove damages "suffers from the same defects as the pleaded conduct" and "fails to adequately plead the claims for relief and/or were improperly presented to the jury despite being outside the pleadings," *id.*; (3) that the "'emotional harm' statements that Plaintiffs based their [intentional infliction of emotional distress ('IIED')] claims on at trial were . . . made more than one year before suit was filed," *id.* at 5, and consequently, "Defendant is entitled to judgment as a matter of law on the IIED claims on limitations grounds," *id.*; (4) that any IIED damages were based on a lack of "competent evidence" because there was no expert testimony "as to how much of their emotional harm was caused by Giuliani as opposed to other sources that pre-dated Giuliani's alleged conduct," *id.* at 5–6 (capitalization omitted) (citing *Halcomb v. Woods*, 610 F. Supp. 2d 77, 86 (D.D.C. 2009)), and (5) that the "testimony and documents" of two plaintiffs' witnesses, Regina Scott and Dr. Ashlee Humphreys, "should have been stricken" with an instruction to "the jury to disregard it," *id.* at 7.

These arguments are foreclosed by the law of the case doctrine based on this Court's Default Judgment Decision imposing liability on Giuliani for plaintiffs' claims as a discovery sanction—and Giuliani provides no basis to exempt him from application of that doctrine here—and otherwise fail on the merits.  *See Guedes v. BATFE,* 45 F.4th 306, 312 (D.C. Cir. 2022) ("[T]he law of the case doctrine . . . instructs that 'the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*.'" (emphasis in original) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996)).  Giuliani's motion is accordingly denied for the reasons explained more fully below.

3

## I.    BACKGROUND

The factual background of this case has been detailed previously in prior decisions.  *See, e.g.*, Enforcement of Judgment Decision at 2–4, 12–13 (ordering dissolution of automatic stay of execution of final judgment entered on December 18, 2023, and of proceedings to enforce it, and authorizing plaintiffs to register the judgment in any district of the United States to enforce this judgment); Default Judgment Decision, 2023 WL 5600316, at *3–12, *26 (directing the entry of default judgment against Giuliani on liability); *Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2022 WL 16551323, at *1–5, 11 (D.D.C. Oct. 31, 2022) ("Dismissal Denial Decision") (denying Giuliani's motion to dismiss plaintiffs' Amended Complaint).  Only the factual and procedural history pertinent to resolving Giuliani's pending motion is set forth below.

### A.  Pretrial Disputes

During the lifecycle of this case, Giuliani disputed his liability for plaintiffs' three claims of defamation/defamation *per se*, IIED, and civil conspiracy to commit those torts, in only two written filings—his motion to dismiss plaintiffs' Amended Complaint, for which "Giuliani chose not to file any reply, thereby forfeiting his opportunity to address plaintiffs' vigorous opposition to dismissal," *Freeman v. Giuliani*, No. 21-3354 (BAH), 2023 WL 8472723, at *2 (D.D.C. Dec. 7, 2023) ("Pretrial Disputes Decision") (citing Dismissal Denial Decision, 2022 WL 16551323, at *5), and in the form of his asserted affirmative defenses set out in his responsive pleading to plaintiffs' Amended Complaint, *see* Def.'s Answer ¶¶ 193, 197, and 194, ECF No. 33 (asserting, *inter alia*, that "[p]laintiffs' claims [were] barred in whole or in part by the First Amendment," "because some and/or all of Giuliani's statements complained of are substantially true," and "by the applicable statute of limitations (the single publication rule)," respectively).

4

As the case proceeded to discovery, Giuliani repeatedly "fail[ed] to comply with his basic preservation and production discovery obligations for both himself and his two businesses," Default Judgment Decision, 2023 WL 5600316, at *3, frustrating plaintiffs' procedural rights to obtain any meaningful discovery to support their claims, *see id.* at *3–12, including evidence relating to their IIED claim, *id.* at *16 ("[P]laintiffs will be severely hampered in proving that Giuliani acted intentionally or recklessly without access to circumstantial evidence of his state of mind when he made allegedly false statements about them."). Giuliani's persistent discovery violations "necessitat[ed] the entry of default judgment against [him] on liability as a discovery sanction, pursuant to Federal Rule of Civil Procedure 37(b) and (e)," *Freeman v. Giuliani*, No. 21-3354 (BAH), 2023 WL 8360664, at *2 (D.D.C. Dec. 3, 2023) ("Jury Trial Decision") (citing Default Judgment Decision, 2023 WL 5600316, at *26 (citing FED. R. CIV. P. 37(b)(2)(A)(vi) and (e)(2)(C))). Default judgment "established Giuliani's liability for every well-pleaded allegation in [plaintiffs' amended] complaint," Pretrial Disputes Decision, 2023 WL 8472723, at *2 (alterations in original) (quotation marks and citations omitted), with "the well-pled allegations . . . and all inferences that may reasonably be drawn from those allegations [] deemed to be true," *id.* (citations omitted).

In the order directing the entry of default judgment against Giuliani on liability, Giuliani was provided yet another opportunity to comply with plaintiffs' reasonable discovery requests for financial information, with which requests Giuliani had failed to comply notwithstanding a prior court order directing production. *See* Default Judgment Decision, 2023 WL 5600316, at *7–9 & n.4 ("Giuliani failed to produce full and complete responses to plaintiffs' requests for financial information in RFP Nos. 40 and 41[,]" which included requests for "[d]ocuments sufficient to show [Giuliani's] yearly income since 2018 and [] current net worth" (quotation marks and

5

citations omitted)); Default Judgment Order at 3.  To incentivize Giuliani's compliance, the otherwise mandatory adverse instruction to the jury that was ordered as a sanction for Giuliani's non-compliance "may be converted to a permissive one" should he produce the requested financial discovery, albeit belatedly, Default Judgment Order at 3, but this incentive was to no avail.  Giuliani again failed to produce discovery responsive to plaintiffs' requests for financial information or to otherwise "comply with any part of the [Default Judgment] Order," *Freeman v. Giuliani*, No. 21-cv-3354 (BAH), 2023 WL 8360653, at *2 (D.D.C. Oct. 13, 2023) ("Additional Sanctions Order"), and as a consequence, additional sanctions were imposed, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), *see id.* (ordering four additional adverse inferences on which the "jury [would] be instructed," and precluding Giuliani from "introducing any evidence . . . that has not been disclosed or produced during discovery," and from "making any argument, or introducing any evidence . . . that he received no financial benefits . . . from the statements he made about Plaintiffs" or "that he is . . . unable to defend himself, comply with this Court's orders, or satisfy an eventual judgment").

Before final judgment could be entered reflecting the amount of compensatory and punitive damages, if any, to be awarded to plaintiffs, this Court ordered "a trial on such damages."  Default Judgment Decision, 2023 WL 5600316, at *26 (citing FED. R. CIV. P. 55(b)(2)(B) (providing that, following entry of default judgment, "[t]he court may conduct hearings or make referrals— preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages")).  Consistent with the parties' jointly proposed schedule for pretrial proceedings, including the filing of pretrial motions, and trial, the scheduling order set trial to begin on December 11, 2023, *see* Scheduling Order (Sept. 20, 2023); Parties' Jt. Proposed Pretrial and Trial Schedule at 2, ECF No. 99.  The only timely pretrial motion filed was plaintiffs'

Consent Motion *in Limine* to preclude Giuliani from making certain arguments or introducing certain evidence, *see* Pls.' Consent Mot. *In Limine*, at 1, ECF No. 103 (Giuliani's counsel "confirmed that [Giuliani] consent[ed] to the requested relief"), which motion was granted, *see* Order Granting Consent Mot. *In Limine* at 3–4, ECF No. 108.[2]

With the deadline for filing pretrial motions long past and trial scheduled to begin within the month, Giuliani raised, in the parties' joint pretrial statement, on November 14, 2023, a host of objections to jury instructions, arguments, and evidence that plaintiffs sought to introduce to prove damages, the only issue at trial.  *See* Jt. Pretrial Submission ("JPTS"), ECF No. 105; First Am. JPTS, ECF No. 115.[3]  Though finding that Giuliani had "opted to forfeit th[e] opportunity" to raise his objections in timely filed pretrial motions, his objections were nonetheless resolved "to ensure the fair and expeditious presentation of evidence at the trial and to minimize interruptions for legal arguments," Pretrial Disputes Decision, 2023 WL 8472723, at *1, 8 (overruling in part and sustaining in part Giuliani's objections).  Three of Giuliani's various objections raised and resolved before trial are pertinent here.

---

[2]    Specifically, this order excluded at trial the following evidence or argument (1) "that contradicts any of this Court's previous orders in th[e] case . . . or [was] otherwise foreclosed by the Court at any stage of the instant case," Order Granting Consent Mot. *In Limine* at 3; (2) that references the "2022 confidential settlement agreement between plaintiffs and former defendants . . . including the fact, terms (including financial terms), and/or circumstances (including related communications) of the agreement" and/or "any potential setoff as a result of the confidential settlement agreement," *id.*; (3) that concerns "any comparative fault or responsibility that defendant Giuliani's co-conspirators may bear for the damages inflicted by Giuliani's civil conspiracy to defame and inflict emotional distress on plaintiffs as a whole," *id.*; and (4) that "references the personal background of any counsel, motivation or intent of any counsel or law firm in litigating this case, the scope of resources of any counsel or any counsel's workplace, or any counsel's compensation and/or fee arrangement," *id.* at 3–4.

[3]    On November 20, 2023, more than a month past the Scheduling Order's deadline to "file any pretrial motions," Scheduling Order (Sept. 20, 2023), Giuliani also submitted a cursory one-and-a-half page "Trial Brief" contesting "a jury trial on the remaining issues of damages," in favor of a bench trial, Def.'s Trial Brief on Propriety of Jury Trial and Obj. to Jury Trial at 2, ECF No. 107, which objection was denied, *see* Jury Trial Decision, 2023 WL 8360664, at *8.

First, Giuliani objected that plaintiffs had "not established all elements of any of their claims" because the "allegations [were] not well pleaded, particularly the conspiracy claim, and therefore cannot support a default judgment," *id.* at *1–2 (citations omitted), but this objection was denied, for the same reasons given for denial of his motion to dismiss, *id.* at *4; *see* Dismissal Denial Decision, 2022 WL 16551323, at *5–11.   Moreover, the Default Judgment Decision "established Giuliani's 'liability for every well-pleaded allegation in [plaintiffs' amended] complaint,'" Pretrial Disputes Decision, 2023 WL 8472723, at *2 (alterations in original) (citations omitted), including "proximate cause as to Giuliani's liability, leaving only the issue of causation to the extent it limits the scope of damages," *id.* at *3 (quotation marks and citations omitted). Both decisions constituted "law of the case," given Giuliani's failure to "identif[y] an intervening change of law or any other basis for concluding that these prior decisions were clearly erroneous . . . to merit departing from this doctrine."  *Id.* (quotation marks and citations omitted).

 Second, Giuliani objected "that plaintiffs have not precisely defined the members comprising the civil conspiracy," *id.* at *4, a critique delivered with obvious crocodile tears given Giuliani's obstruction of discovery that would have enabled plaintiffs to support and expand (or not) their allegations regarding the identities of the members of the civil conspiracy.  Nevertheless, based on Giuliani's own stipulation, plaintiffs' Amended Complaint, deposition testimony, and expert reports disclosed to Giuliani prior to the entry of default judgment on August 30, 2023, the Court found that members of the civil conspiracy included: "persons whom the parties [] stipulated are conspiracy members, namely, Donald J. Trump, Christina Bobb, and Herring Networks, Inc., d/b/a OAN, Robert Herring, Charles Herring, and Chanel Rion," as well as "members of the Trump 2020 Presidential Campaign, including members of the Trump Legal team headed by Giuliani." *Id.* at *5 (citations omitted); *see* JPTS at 29–30; First Am. JPTS at 28 (stipulating that "the parties

8

are in agreement that the following individuals or entities were members of the conspiracy: Donald J. Trump, Christina Bobb, and Herring Networks, Inc., d/b/a One America News Network ('OAN'); Robert Herring; Charles Herring; and Chanel Rion").

Finally, Giuliani posited that "plaintiffs are limited to proving damages on all claims based only on twelve defamatory statements identified in plaintiffs' Amended Complaint," and objected to use of any other defamatory statements. *Id.* at *6 (citation omitted). The Court ruled that Giuliani had been "put on notice of plaintiffs' allegations regarding Giuliani's ongoing defamatory statements through plaintiffs' Amended Complaint and expert reports" and had "himself admitted to the course of conduct continuing past the filing of plaintiffs' Amended Complaint." *Id.* at *7. Further, "[p]laintiffs pleaded their IIED claim based on the course of conduct causing Plaintiffs extreme mental distress . . . which alleged conduct constitutes a separate tort from the defamation claim and rests on broader allegations than only the twelve defamatory statements Giuliani identifie[d]." *Id.* (quotation marks, citations, and brackets omitted). Thus, plaintiffs were permitted to "prove damages on their IIED claim based on statements pleaded or incorporated by reference in [their] Amended Complaint that were addressed and thereby disclosed to Giuliani in [Dr. Humphreys'] reports." *Id.*

### B.  Trial, Rule 50(a) Motion, and Final Judgment

Trial began on December 11, 2023, and by the close of the first day, plaintiffs filed a second motion *in limine* to preclude Giuliani and his counsel from making arguments or eliciting testimony "contrary to the Court's prior orders in this case," including arguing or eliciting testimony that Giuliani "did not proximately cause any or all of the injuries alleged in the Amended Complaint." Pls.' Mot. *In Limine* to Preclude Further Violations of the Court's Prior Orders at 2–3, ECF No. 126 ("Pls.' 2nd MIL"). As relevant here, this motion was granted in part and denied

9

in part, allowing Giuliani to "make inquiry and argument about how [] Giuliani should not be held responsible for what strangers did or said," but at the same time that he was subject to "a clear instruction to the jury about his responsibility for all foreseeable harm from the publication and reasonably foreseeable republication of defamatory statements made by [him] and his co-conspirators as part of the compensatory damages."  Trial Tr. at 17:24–18:6 (Dec. 13, 2023, AM), ECF No. 155.[4]

On December 14, 2023, following the presentation of evidence and argument on the amount of compensatory and punitive damages owed to plaintiffs, but before the case was submitted to the jury, Giuliani orally moved for a directed verdict, pursuant to Federal Rule of Civil Procedure 50(a).  *See* Trial Tr. at 34:5–38:7 (Dec. 14, 2023, AM), ECF No. 156; FED. R. CIV. P. 50(a)(1) (authorizing grant of a motion for judgment as a matter of law upon finding "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue").  Giuliani raised six arguments: (1) "that the relief pleaded by plaintiffs in the amended complaint fails to state claims on which relief can be granted," *id.* at 34:5–8; (2) that "the unpleaded statements that the Court allowed in," *id.* at 34:15–17, including "pre-[] December 23, 2020, publications" that required "an independent assessment of whether they are actionable," *id.* at 35:21–36:5," are "protected opinion, protected under the First Amendment," and lack adequate proof of "actual malice," *id.* at 34:15–21; (3) "that there can't be civil conspiracy claims because they were not identified as overt act[s] in furtherance of the conspiracy," *id.* at 37:4–6; (4) that the

---

[4]     Plaintiffs' requests were granted to preclude (1) Giuliani from testifying regarding the veracity of his defamatory statements, *see* Pls.' 2nd MIL at 2, 4 ("Defendant Giuliani stated publicly to reporters on the courthouse steps that he intended to testify that his defamatory statements were true[.]"), and (2) Giuliani and his counsel from arguing that Giuliani "would be pushed to financial ruin—or otherwise placed in a position rendering him insolvent—by a substantial damages award in Plaintiffs' favor," *id.* at 2–4; *see* Trial Tr. at 10:17–22, 17:17–19 (Dec. 12, 2023, PM), ECF No. 152.

10

IIED statements made prior to December 23, 2020, are "barred by statute of limitations," because "there is case law that I am familiar with that says you can't repackage what is really a defamation claim in the form of an IIED claim and then try to avoid limitations," *id.* at 37:7–16, but without otherwise identifying such "case law"; (5) that damages could not be awarded for "any future emotional harm or mental anguish damages" because "[t]here was no expert testimony testifying as to future emotional harm or mental anguish damages," acknowledging that while "there is no need for an expert to testify on [past mental anguish damages] . . . there needs to be a higher level of proof for future mental anguish damages," *id.* at 37:17–38:1; and (6) that damages could not be awarded based on Dr. Ashlee Humphreys' "impressions model, as we believe that's unreliable and . . . does not provide a reasonable estimate of any compensatory damages for damage to reputation," *id.* at 38:2–6.

This motion was denied for reasons detailed orally on record, with the Court concluding that, "[b]ased on all of the evidence presented by plaintiffs, including their own testimony describing what they ha[d] been through since [] Giuliani and his co-conspirators seized on and spread lies about their conduct on election night in 2020, the expert testimony, the testimony of the Georgia officials and the Republican poll watcher, a reasonable jury would have a legally sufficient evidentiary basis to find for the plaintiffs and award at least some damages as compensation for the harm caused by [] Giuliani and his co-conspirators, and as punitive damages against [] Giuliani for his continued promotion of these same lies up to the very first day of this trial." *Id.* at 45:14–25.

The next day, an eight-member jury returned a verdict awarding plaintiffs $148,169,000 in compensatory and punitive damages. *See* Verdict Form (awarding (1) $16,171,000 to Freeman and $16,998,000 to Moss as compensatory damages for defamation; (2) $20,000,000 to each

11

plaintiff as compensatory damages for emotional distress; and (3) $75,000,000 total to both plaintiffs, as punitive damages).[5]  This Court later observed, without "pre-judging any remittitur arguments that may be made by Giuliani, the obvious fact that the jury's unanimous awards were conservative as to the plaintiffs' requested compensation for reputational harm due to Giuliani's defamation *per se*, based on the expert's calculation of the cost of repairing their reputations, and the jury's punitive damages award was nearly equivalent to compensatory damages, rather than multiplied by up to four times compensatory damages, reduction of the award on remittitur faces some challenges."  Enforcement of Judgment Decision at 11.[6]

## C.   Giuliani's Bankruptcy Petition and the Pending Motion

On December 21, 2023, the day after plaintiffs were authorized by this Court to execute immediately on their judgment, Giuliani filed for Chapter 11 bankruptcy, triggering the automatic bankruptcy stay applicable to this case pursuant to 11 U.S.C. § 362(a).  *See* Chapter 11 Pet., *In re Rudolph W. Giuliani*, No. 23-12055 (SHL), ECF No. 1 (Bankr. S.D.N.Y. Dec. 21, 2023); *see also* Debtor's Mot. for Order Modifying Stay ¶ 15 ("Debtor's Mot."), *id.*, ECF No. 25 (Bankr. S.D.N.Y. Jan. 5, 2024) (Giuliani asserting that "the $148,000,000.00 [sic] judgment was the immediate precipitating cause of the Debtor's Chapter 11 filing.").  On January 5, 2024, Giuliani moved for "an order modifying the automatic stay for the limited purpose of allowing" Giuliani to file "post

---

[5]     As noted, *supra* n.1, the parties agreed to reduce the compensatory damages award by more than $2,000,000 as "resolution of any setoff claim [] Giuliani may have arising from Plaintiffs' May 31, 2022 settlement agreement with the other defendants in this litigation."  Jt. Stip. Regarding Final Judgment at 1; *id.*, Proposed Order at 1 (reducing the award to $145,969,000, plus post-judgment interest and costs).

[6]     On December 18, 2023, the same day Final Judgment was entered, *see* Final Judgment, 2023 WL 9783148, plaintiffs filed a second complaint against Giuliani seeking to "enjoin[] [him] from making or publishing . . . further statements repeating any and all false claims that" plaintiffs, among other things, "engaged in election fraud, illegal activity, or misconduct . . . related to the 2020 presidential election,"  which false statements Giuliani continued to make throughout trial in this matter, even though such statements had "been found and held, conclusively, to be defamatory."  Compl. ¶¶ 3–4, 6, 14–16, *Freeman et al. v. Giuliani*, No. 23-cv-3754 (BAH), ECF No. 1 (D.D.C. Dec. 18, 2023).  This suit seeks no monetary damages but injunctive relief, yet remains subject to the automatic stay triggered by Giuliani's Chapter 11 filing.  *See* 11 U.S.C. § 362(a).

judgment motions to modify the judgment and/or for a new trial and for Plaintiffs to participate in

such motion if . . . it is deemed necessary to file a notice or notices of appeal . . . and for Plaintiffs

to participate in such appeal." Debtor's Mot. ¶ 9.  As part of this motion, Giuliani emphasized that

the stay would "not be to authorize the Plaintiffs to take any steps to perfect any additional liens

or otherwise with further collection of the judgment except to participate in the post-judgment

litigation."  *Id.* ¶ 10.  After initially opposing the motion, on grounds that this would let Giuliani

"have his cake and eat it too: he wants to appeal the Freeman Litigation, not post a bond, and use

the automatic stay to bar Ms. Freeman and Ms. Moss from enforcing their judgment," Pls.' Opp'n

¶ 4, *id.*, ECF No. 50 (Bankr. S.D.N.Y. Jan. 18, 2024), plaintiffs "ultimately consented to a limited

modification of the stay for the sole purpose of preserving Mr. Giuliani's rights to seek review of

the judgment below," Pls.' Opp'n Def.'s Renewed JMOL at 6 ("Pls.' Opp'n), ECF No. 151

(emphasis omitted).

On February 20, 2024, the Bankruptcy Court granted Giuliani's request, ordering that the

stay be "modified, pursuant to Bankruptcy Code [11 U.S.C.] § 362(d)(1) and Bankruptcy Rule

4001 . . . solely to the extent necessary to permit" (1) Giuliani to "file and litigate in the District

Court a post-trial motion (or motions) . . . under Federal Rule of Civil Procedure 50 and/or Federal

Rule of Civil Procedure 59," and the parties "to litigate and otherwise oppose such Post-Trial

Filings," and (2) Giuliani to "file a notice of appeal from the Freeman Judgment entered on

December 18, 2023."   Bankruptcy Modifying Stay Order ¶ 2.  The Bankruptcy Court set the

condition that "[a]ny fees and expenses incurred by [Giuliani] and his advisors in the Freeman

Litigation in connection with any Post-Trial Filings and the Notice of Appeal shall not be paid by,

and shall not result in a claim against, [Giuliani] or his estate," and that "that no party shall pay

any such fees and expenses . . . until such time as this Court enters an order approving the payment

of such fees and expenses." *Id.* ¶ 6.  This Bankruptcy Court Order provides no discernible detail on how the assurances required to satisfy the fee payment approval condition will be met by Giuliani, if at all.

The fee payment approval condition set by the Bankruptcy Court was not a precondition for Giuliani's filings in this case, and thus, the same day, on February 20, 2024, Giuliani filed the instant motion for renewed judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, "a new trial and/or to alter or amend the Final Judgment" pursuant to Rule 59, Def.'s Mot. at 1 & n.1, with a notice of appeal filed shortly thereafter, *see* Notice of Appeal, ECF No. 148; Notice of Appeal, *Freeman v. Giuliani*, No. 24-7021 (D.C. Cir. Feb. 22, 2024).[7]  The D.C. Circuit, on its own motion, ordered Giuliani's appeal held in abeyance and directed this Court to "notify [it] promptly upon the conclusion of its proceedings."  Order, *Freeman v. Giuliani*, No. 24-7021 (D.C. Cir. Feb. 22, 2024).[8]  With the filing of plaintiffs' opposition on March 5, 2024, *see* Pls.' Opp'n, and no reply from Giuliani—timely or otherwise— the pending motion is ripe for resolution.

---

[7]     Giuliani states that he filed his Notice of Appeal "out of abundance of caution in the event the tolling doctrine. . . applying 11 U.S.C. § 108 to the deadline to file a notice of appeal . . . is not held to apply to a post-judgment motion such as a Rule 50(b) motion."  Notice of Appeal at 1 n.1.  Plaintiffs do not contest the applicability of the tolling doctrine to Giuliani's instant motion, *see generally* Pls.' Opp'n, and thus the timeliness of Giuliani's pending motion and his appeal is not addressed here, other than noting that defendant's pending Rule 50(b) motion does not meet the 28-day filing deadline provided in that Rule, which deadline "must not [be] extend[ed]" by the Court, FED. R. CIV. P. 6(b)(2); *see* FED. R. CIV. P. 50(b).

[8]     Plaintiffs explained to the D.C. Circuit that, although the Bankruptcy Court authorized Giuliani to "file a notice of appeal from the Freeman Judgment," this does not mean the appeal may proceed since "any appeal of the Freeman Litigation shall remain subject to the automatic stay."  Pls.' Letter Reg. Case Status, *Freeman v. Giuliani*, No. 24-7021 (D.C. Cir. Feb. 23, 2024) (quoting Bankruptcy Modifying Stay Order ¶¶ 2–3).  The D.C. Circuit's notice holds Giuliani's appeal in this case in abeyance "pending decision in" this case, but makes no mention that, regardless of this Court's ruling, due to the terms of the Bankruptcy Modifying Stay Order, Giuliani's appeal apparently remains subject to the bankruptcy stay.  *See* Order, *Freeman v. Giuliani*, No. 24-7021 (D.C. Cir. Feb. 22, 2024).

14

## II.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 50(b)

Federal Rule of Civil Procedure 50 authorizes a court, once "a party has been fully heard on an issue," FED. R. CIV. P. 50(a), to "grant judgment as a matter of law if it finds that 'a reasonable jury would not have a legally *sufficient* evidentiary basis to find for the party on that issue.'" *Dupree v. Younger*, 598 U.S. 729, 737 (2023) (emphasis in original) (quoting FED. R. CIV. P. 50(a), (b)).  If a Rule 50(a) motion is denied, "Rule 50(b) permits a disappointed party to file a renewed motion for judgment as a matter of law[.]" *Id.* at 732; *see* FED. R. CIV. P. 50(b).

A defendant seeking relief from a jury verdict through Rule 50 must satisfy an exceedingly demanding standard, with courts instructed not to "substitute our view for that of the jury, nor . . . assess the credibility or weight of the evidence." *Xereas v. Heiss*, 987 F.3d 1124, 1135 (D.C. Cir. 2021) (citing *Radtke v. Lifecare Mgmt. Partners*, 795 F.3d 159, 163 (D.C. Cir. 2015)).  "Judgment as a matter of law is appropriate only if the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not have reached a verdict in plaintiff's favor." *Id.* (quoting *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 165 (D.C. Cir. 2007)).  "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 151 (2000) (citation omitted).  "That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* (quotation marks and citation omitted).

15

### B.  Federal Rule of Civil Procedure 59

After a jury trial, a court may, upon the motion of a party, grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  FED. R. CIV. P. 59(a)(1)(A).  Rather than define the precise circumstances justifying a new trial, Rule 59(a) turns to case law and permits a new trial in those circumstances traditionally viewed as permitting a new trial.  *See ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 543 (7th Cir. 2003) ("Rule 59(a), in a bit of a circular way, allows new trials in cases where new trials have been traditionally allowed at law." (citing FED. R. CIV. P. 59(a)).  The D.C. Circuit has explained that a "jury verdict stands 'unless the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not disagree on the verdict.'"  *Lane v. Dist. of Columbia*, 887 F.3d 480, 486 (D.C. Cir. 2018) (quoting *Czekalski v. LaHood*, 589 F.3d 449, 456 (D.C. Cir. 2009)).

Other circuits have given further meaning to this standard, ruling that "a new trial is warranted when a jury has reached a 'seriously erroneous' result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias."  *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1066 (6th Cir. 2015) (citation omitted); *see also Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014) ("A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." (citation omitted)); *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417–18 (2d Cir. 2012) ("A court may grant a new trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court' . . . including if the verdict is against the weight of the evidence.  '[A] decision is against the weight of the evidence . . . if and only if

16

the verdict is [(1)] seriously erroneous or [(2)] a miscarriage of justice." (citations omitted) (alterations in original)); 12 MOORE'S FED. PRAC.—CIVIL § 59.13 (2024) ("The general grounds for a new trial are that the verdict is against the clear weight of the evidence, that the damages are excessive, that the trial was not fair, [] that substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions," or "when necessary to prevent injustice.").

"The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam). "Ordinarily Rule 59 motions for a new trial . . . are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings." *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (brackets omitted) (quoting *Kattan by Thomas v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993), *as amended* (June 30, 1993)); *see also* Charles A. Wright et al., 11 FED. PRAC. & PROC. CIV. § 2805 (3d ed. 2023 Update) ("[A] party may not seek a second trial on the basis of a theory not urged at the first trial.").

The high threshold for a new trial reflects the "well-settled" principle that "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted); *see also Aero Int'l, Inc. v. U.S. Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983).

## III.  DISCUSSION

Giuliani raises five arguments in support of his motion seeking renewed judgment as a matter of law, or in the alternative, a new trial. *See* Def.'s Mot. at 4–7. Plaintiffs respond that Giuliani's arguments "are foreclosed by the effect of the default judgment . . . [and] by the law of

17

the case because the Court has already considered and rejected them," and are otherwise waived or fail on the merits.  Pls.' Opp'n at 1.  For the reasons that follow, Giuliani has failed to satisfy the requirements for relief under Rule 50(b) or Rule 59(a), and his motion seeking to "disturb a jury verdict," *Xereas*, 987 F.3d at 1135 (citation omitted), is accordingly denied.[9]

### A.  Plaintiffs' Amended Complaint States a Claim.

Giuliani's first challenge to the Final Judgment "incorporates by reference his arguments in his Motion to Dismiss [] and reargues them," contending that plaintiffs' Amended Complaint fails to state a claim.  Def.'s Mot. at 4 (citation omitted).  This argument fails at the starting gate under the law of the case doctrine.

The "[l]aw-of-the-case doctrine refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided . . . by that court or a higher one in earlier phases."  *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022) (alteration in original) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)).  The doctrine reflects that "courts are . . . loathe to reconsider issues already decided, except in the case of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  *Sherley v. Sebelius*, 689 F.3d 776, 781 (D.C. Cir. 2012) (quotation marks and citation omitted).  That said, the "doctrine applies only where a prior ruling in the case resolved the same question that a party asks the court to revisit."  *Simon v. Republic of Hungary*, 77 F.4th 1077, 1120 (D.C. Cir. 2023) (citing *Wye Oak Tech., Inc.*, 24 F.4th at 698, and *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999)).

---

[9]      Giuliani states that he also seeks alternative relief, under Federal Rule of Civil Procedure 59(e), "to alter or amend the Final Judgment dated December 18, 2023" "in accordance with the arguments advanced," Def.'s Mot. at 1–2, 8 & n.1, but says nothing more about precisely how he seeks to have the Final Judgment "alter[ed] or amend[ed]," *id.* at 1 n.1, nor even provides a proposed order to clarify any alteration he seeks, as required by the local rules of this Court, *see* D.D.C. LCvR  7(c) ("Each motion . . . shall be accompanied by a proposed order."), leaving no substantive basis for this Court to address such a single-line fragment of a request.

18

Ordinarily, a prior ruling assessing "the legal sufficiency of [the] complaint" does not control a post-pleading stage assessment that is based on "a developed factual record following a full adversarial hearing." *Id.* (quoting *Wye Oak Tech., Inc.*, 24 F.4th at 697–98) (alteration in original) (quotation marks omitted). This is because the "prior ruling [would have] occurred at a 'distinct procedural' stage of the case," *id.* (quoting *Wye Oak Tech., Inc.*, 24 F.4th at 698)—that is, at the "threshold inquiry into whether the complaint's allegations provide a sufficient basis for the parties to proceed to litigate," *Wye Oak Tech., Inc.*, 24 F.4th at 700—and accordingly would not "resolve[] the same question that a party asks the court to revisit" at the later stage, *Simon*, 77 F.4th at 1120 (citations omitted); *see Wye Oak Tech., Inc.*, 24 F.4th at 700 (rejecting "argument that the Fourth Circuit's ruling qualifies as law of the case" where the "Fourth Circuit's de novo review . . . was a targeted assessment of the legal sufficiency of [plaintiff's] complaint for the purpose of proceeding to discovery," whereas "our consideration of the sovereign immunity question, which stems from our review of the DDC's post-trial judgment" that was based on "a full adversarial hearing of the issues and a developed factual record," "plainly transcends the Fourth Circuit's threshold conclusions").

Applying these principles in the specific context of default judgment on liability presented here, the pleading-stage assessment *does* "resolve[] the same question" this Court is asked "to revisit" post-trial. *Simon*, 77 F.4th at 1120 (citations omitted). The Dismissal Denial Decision held that plaintiffs had plausibly pleaded each element of their three claims. *See* Dismissal Denial Decision, 2022 WL 16551323, at *5. Giuliani's egregious discovery violations, which "significantly prejudiced plaintiffs' abilities to prove their claims," Default Judgment Decision, 2023 WL 5600316, at *18, warranted imposition of the severe sanction of entry of default judgment on liability, establishing his "liability for every well-pleaded allegation in [plaintiffs'

19

amended] complaint," Pretrial Disputes Decision, 2023 WL 8472723, at *2 (citations omitted), obviating the normal course of litigation requiring that further development of the factual record be undertaken and a full adversarial hearing held on liability.

In this procedural posture, Giuliani's renewed "arguments [from] his Motion to Dismiss," Def.'s Mot. at 4, present the "same question" that this Court decided in its Dismissal Denial Decision, *Simon*, 77 F.4th at 1120 (citations omitted); *accord Sherley*, 689 F.3d at 782–83 (applying law of the case doctrine where "the earlier ruling, though on preliminary-injunction review, was established in a definitive, fully considered legal decision based on a fully developed factual record and a decisionmaking process that included full briefing and argument"). Accordingly, as this Court explained in denying Giuliani's oral Rule 50(a) motion at trial, the law-of-the-case doctrine applies to preclude Giuliani's renewed motion-to-dismiss arguments here. *See* Trial Tr. at 43:3–8 (Dec. 14, 2023, AM) ("[T]o the extent that [Giuliani's counsel] has revived all of his motion-to-dismiss claims as part of his Rule 50 motion, the Court will rest on both its motion-to-dismiss decision as well as its default judgment decision . . . and the law of the case doctrine[.]").  Indeed, Giuliani has identified no "'intervening change of law' or any other basis for concluding that [the] prior decision[] [was] 'clearly erroneous' . . . to merit departing from this doctrine."  Pretrial Disputes Decision, 2023 WL 8472723, at *3 (quoting *Wye Oak Tech., Inc.*, 24 F.4th at 698) (other citations omitted).  Giuliani has offered no basis to disturb this Court's rulings, having "raise[d] nothing new with respect to these issues."  *Robertson v. Cartinhour*, No. 9-cv-1642 (ESH), 2011 WL 1134299, at *1 (D.D.C. Mar. 28, 2011), *aff'd*, 475 F. App'x 767 (D.C. Cir. 2012) (citation omitted).

Giuliani does not pretend otherwise.  Indeed, as he conceded, on the record, this argument is asserted to preserve issues "for purposes of appeal."  Trial Tr. at 37:15 (Dec. 14, 2023, AM);

20

*see also* Trial Tr. at 151:2–3 (Dec. 13, 2023, PM), ECF No. 146.  Plaintiffs correctly point out, however, that is not the "purpose of a Rule 50(b) motion."  Pls.' Opp'n at 8 (citation omitted). Rule 50(b) is not meant "to rehash decisions that were made pre-trial, but to determine whether the jury verdict was supported by the evidence presented at trial."  *Martin v. Howard Univ.*, No. 99-cv-1175 (TFH), 2006 WL 2850656, at *5 (D.D.C. Oct. 4, 2006), *aff'd*, 275 F. App'x 2 (D.C. Cir. 2008).  Here, as this Court explained at the Rule 50(a) stage, "the evidence presented at trial [] only further established a legally sufficient evidentiary basis for a jury to find for plaintiffs on the three claims they present due to the default judgment."  Trial Tr. at 43:15–18 (Dec. 14, 2023, AM).  Thus, Giuliani has neither raised "ground[s] to reach a different conclusion after trial" to merit judgment as a matter of law, *Novak v. Cap. Mgmt. & Dev. Corp.*, 570 F.3d 305, 312 (D.C. Cir. 2009), nor come close to establishing that the jury "reached a 'seriously erroneous' result" necessitating a new trial under Rule 59(a), *New Breed Logistics*, 783 F.3d at 1066 (citation omitted); *see also Moore v. Hartman*, 102 F. Supp. 3d 35, 65–66, 137 (D.D.C. 2015) (holding that "none of the grounds urged by the plaintiff would constitute error or otherwise warrant upsetting the jury verdict in this case," where "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'" (quoting *Sequa Corp.*, 156 F.3d at 144, and citing *Aero Int'l, Inc.*, 713 F.2d at 1113)).

In sum, Giuliani's first argument warrants no relief under either Rule 50(b) or Rule 59(a).

## B.   "Unpleaded" Statements Were Properly Admitted.

Giuliani's next argument—asserted in a bare half paragraph—is that "the unpleaded conduct" on which plaintiffs relied to prove damages at trial "suffers from the same defects as the pleaded conduct" by failing "to properly allege conspiracy . . . [or] actual malice" and alleging only conduct that is "protected opinion." Def.'s Mot. at 4.  This argument, again, merely

21

regurgitates old challenges already denied for sound reasons, as to which Giuliani offers no new basis to revisit.

At the outset, Giuliani does not identify what specific statements presented to the jury constitute "unpleaded conduct," and merely "incorporates by reference" the objections he raised prior to trial "to the statements not identified in the Complaint."   Def.'s Mot. at 4 (citations omitted).  At the pretrial conference and at trial, this Court tried to confirm what Giuliani vaguely and broadly described then, as here, as "unpleaded" conduct and determined this consisted of: (1) two Twitter posts by "@TeamTrump" on December 23, 2020, *see* Pretrial Conf. Tr. at 53:8–11, 54:13–20, ECF No. 123; (2) one Twitter post and one Facebook post by Giuliani on December 30, 2020, and January 4, 2021, respectively—all of which were disclosed to Giuliani "prior to the Court's entry of default judgment against [him] on liability on August 30, 2023," Pretrial Disputes Decision, 2023 WL 8472723, at *7 (citation omitted); *see also* Pretrial Conf. Tr. at 55:11–16, 59:22–23, 69:18–20—and (3) 52 pre-December 23, 2020, statements consisting of posts by Giuliani, Donald J. Trump, and the Trump presidential campaign, and a handful of rebroadcasts of Giuliani's *own* defamatory statements, *see* Pretrial Conf. Tr. at 86:7–22; *see also* Trial Tr. at 99:20–100:3, 120:3–6 (Dec. 13, 2023, AM); Trial Tr. at 76:2–6 (Dec. 14, 2023, AM).  These three categories of statements were not reproduced *verbatim* in the Amended Complaint but were plainly Giuliani's own statements and statements by persons he stipulated were part of the civil conspiracy that plaintiffs alleged.  *See* JPTS at 29–30; First Am. JPTS at 28 (stipulating that "the parties are in agreement that the following individuals or entities were members of the conspiracy: Donald J. Trump, Christina Bobb, and Herring Networks, Inc., d/b/a One America News Network ("OAN"); Robert Herring; Charles Herring; and Chanel Rion"); *see also* Pretrial Conf. Tr. at 83:17–21 (Giuliani's counsel agreeing with Court's observation as to the first two categories that "we're not

22

talking about . . . a huge volume of other people's statements").  Whether Giuliani reasserts his argument here as to some or all of these categories of statements is unclear and, ultimately, of no matter, since his argument fails.[10]

This Court previously denied Giuliani's pretrial objection that plaintiffs were "limited to proving damages on all claims based only on twelve defamatory statements identified in plaintiffs' Amended Complaint."  Pretrial Disputes Decision, 2023 WL 8472723, at *6 (citation omitted). That ruling was based on the threshold fact that Giuliani had "misrepresent[ed] the scope of allegations pleaded in plaintiffs' Amended Complaint, which . . . throughout, alleged that the defamatory statements extended 'over a period of more than 18 months and continu[ed] even after Plaintiffs initiated this action.'"  *Id.* (quoting Am. Compl. ¶ 5, ECF No. 22, and citing *id.* ¶¶ 12, 17, 137).  As to plaintiffs' defamation claim, Giuliani "ha[d] been on notice since the filing of plaintiffs' Amended Complaint in May 2022, of plaintiffs' allegations regarding Giuliani's ongoing defamatory statements, which 'continu[ed] even after Plaintiffs initiated this action.'"  *Id.* at *7 (alteration in original) (quoting Am. Compl. ¶ 5).  Giuliani "further had the opportunity to contest plaintiffs' damages evidence well before the entry of default judgment" on August 30, 2023, since he was "put on notice of plaintiffs' intent to prove damages relating to statements included in reports by plaintiffs' expert, Dr. Ashlee Humphreys, whose first report was served on Giuliani on July 28, 2023[.]"  *Id.* at *7 (citations omitted).  As to proof of damages on plaintiffs' IIED claim, this Court further held that plaintiffs were permitted to "prove damages . . . based on

---

[10]     Plaintiffs urge this Court to reject Giuliani's argument about "unpleaded" statements generally, and pre-December 23, 2020, statements in particular, which at the Rule 50(a) stage, Giuliani contended required a "statement-by-statement analysis," because Giuliani "never made the argument at any point prior to his Rule 50(a) Motion and, when he raised the argument during the Rule 50(a) Motion, he failed to provide the requisite factual and legal basis the law requires."  Pls.' Opp'n at 9–10 (citations omitted); *see* Trial Tr. at 37:2–3 (Dec. 14, 2023, AM).  Although Giuliani's objection is far from a model of clarity, he sufficiently raised a form of this objection pretrial to prompt consideration in the Pretrial Disputes Decision, 2023 WL 8472723, at *6–8.

statements pleaded or incorporated by reference in [their] Amended Complaint that were addressed and thereby disclosed to Giuliani in [Dr. Humphreys'] reports," *id.*, which included "pre-December 23rd [2020] emotional harm statements," Pretrial Conf. Tr. at 85:25–86:9; *see* Trial Tr. at 99:17–22 (Dec. 13, 2023, AM) (Dr. Humphreys testifying that she examined 52 emotional harm statements between December 3 and December 22, 2020). Giuliani had fair and ample notice of the statements he challenged as "unpleaded," not only because he was the person making most of them, but also because plaintiffs' IIED claim was "based on the 'course of conduct causing [them] extreme mental distress,'" and "rest[ed] on broader allegations than only the twelve defamatory statements Giuliani identifies." Pretrial Disputes Decision, 2023 WL 8472723, at *6 (cleaned up) (citation omitted); *see also* Dismissal Denial Decision, 2022 WL 16551323, at *5.

At the Rule 50(a) stage, this Court reaffirmed this pretrial ruling that plaintiffs were permitted to prove damages based on statements not expressly presented *verbatim* in their Amended Complaint, denying Giuliani's oral motion for directed verdict "on the fact that the unpleaded statements that the Court allowed in . . . are protected opinion, protected under the First Amendment, and failed to adequately plead actual malice[.]" Trial Tr. at 34:15–21, 35:2–37:6, 43:3–8, 45:14–46:2 (Dec. 14, 2023, AM). These objections were the same ones Giuliani previously unsuccessfully asserted that were rejected in the Dismissal Denial Decision, *id.* at 36:17–225, which had become law of the case, *id.* at 43:3–14. This Court further found that "the evidence presented at trial [] only further established a legally sufficient evidentiary basis for a jury to find for plaintiffs on the three claims they present due to the default judgment," *id.* at 43:15–18, including "powerful testimony of [] Georgia officials demonstrat[ing] that [the] statements made by Mr. Giuliani and his co-conspirators, again and again and again—up to the first day of trial in this case . . . [were] false," *id.* at 44:9–13.

24

Giuliani does not dispute the factual bases of this Court's rulings, including that the "unpleaded" statements consisted entirely of statements or rebroadcasts of statements made by Giuliani, Trump, or the Trump campaign, and thus were of a piece with the statements specifically pleaded in plaintiffs' Amended Complaint that this Court held were sufficiently pleaded.  *See* Dismissal Denial Decision, 2022 WL 16551323, at \*5; Trial Tr. at 35:12–24, 36:17–25 (Dec. 14, 2023, AM); *see also* Pretrial Conf. Tr. at 86:7–22.  Moreover, these challenged statements, while not pleaded *verbatim* in the Amended Complaint, were certainly relevant to establishing plaintiffs' entitlement to damages for defamation and emotional distress from Giuliani and his co-conspirators' defamatory statements.  *See* Trial Tr. at 43:15–44:23 (Dec. 14, 2023, AM).  Simply put, Giuliani does not offer *any* reason why this Court should depart from its prior rulings and overrule the jury's considered verdict on this issue.

### C.  Plaintiffs' Damages Are Not Based on Time-Barred Statements.

Giuliani next argues that "[a]ll of the so-called 'emotional harm' statements that Plaintiffs based their IIED claims on at trial were . . . made more than one year before suit was filed," Def.'s Mot. at 5, and, consequently, "[d]efendant is entitled to judgment as a matter of law on the IIED claims on limitations ground," *id.*  This reasoning is predicated on well-settled law in the District of Columbia that when the facts giving rise to an IIED claim, which has "no prescribed statute of limitations," are "intertwined" with the facts of a cause of action with a specified statute of limitations, the IIED claim is also subject to the same statute of limitations.  *Browning v. Clinton*, 292 F.3d 235, 244 (D.C. Cir. 2002) (applying one-year prescribed period for defamation to intertwined claim for tortious interference with business expectancy, which has "no prescribed statute of limitation," where "conduct [plaintiff] characterizes as defamatory . . . forms the sole basis for her tortious interference claim" (citing *Mittleman v. United States*, 104 F.3d 410, 415–17

25

(D.C. Cir. 1997))); *see also Jovanovic v. U.S.-Algeria Bus. Council*, 561 F. Supp. 2d 103, 114 (D.D.C. 2008) (concluding that the plaintiff's IIED claim was subject to a one-year statute of limitations because it was "dependent on the same personal interests purportedly infringed by [defendant's] alleged defamation of Plaintiff" and thus was "intertwined" with plaintiff's defamation claim (quotation marks and citations omitted)); *Allen v. Nat'l All. of Postal & Fed. Emps.*, No. 93-cv-869 (LFO), 1994 WL 151213, at *2 (D.D.C. Apr. 15, 1994) ("Because this [IIED] claim appears to be based on plaintiff's defamation claim, the statute of limitation is also one year." (citation omitted)).

Here, plaintiffs dispute that their IIED claim is "intertwined" with their defamation claim and thus subject to the same one-year limitations period, contending that this "Court previously reached the opposite conclusion" when "holding that the claims require different elements of proof and that Plaintiffs sufficiently 'pleaded their IIED claim based on the course of conduct causing Plaintiffs extreme mental distress.'" Pls.' Opp'n at 14 (quoting Pretrial Disputes Decision, 2023 WL 8472723, at *7, and citing Dismissal Denial Decision, 2022 WL 16551323, at *10). Plaintiffs are mixing apples and oranges: findings that "IIED is a separate and distinct tort from defamation," Dismissal Denial Decision, 2022 WL 16551323, at *10, and that plaintiffs sufficiently "pleaded their IIED claim based on the course of conduct causing Plaintiffs extreme mental distress," Pretrial Disputes Decision, 2023 WL 8472723, at *7 (citation, quotation marks, and brackets omitted), are distinct and different issues from the question of what limitations period applies to such a claim. Thus, contrary to plaintiffs' contention, this Court did not resolve the specific issue raised by Giuliani here. Plaintiffs cannot so easily gloss over the fact that the allegations giving rise to their IIED claim—*i.e.*, Giuliani and his co-conspirators' publication and republication of false and defamatory statements about them—are the same as those underlying their defamation

claim.  *Compare* Am. Compl. ¶ 165 (defamation claim alleging that "Giuliani published, caused to publish, or reasonably could have foreseen the publication of a series of false and defamatory statements of fact about Ms. Freeman and Ms. Moss"), *with id.* ¶ 179 (IIED claim alleging that "Giuliani's campaign of false and defamatory accusations directed specifically at Ms. Freeman and Ms. Moss was malicious, wanton, and intentional").  Consequently, Giuliani is correct that plaintiffs' IIED claim is subject to the same statute of limitation period as their defamation claim.  *See, e.g.*, *Bond v. U.S. Dep't of Just.*, 828 F. Supp. 2d 60, 78 (D.D.C. 2011) (holding plaintiff's "IIED claim stems directly from the harm to his reputation and emotional state that the alleged defamation caused" and accordingly "is subject to the one-year limitations period"); *Jovanovic*, 561 F. Supp. 2d at 114 (IIED claim barred by one-year statute of limitations applicable to defamation claim, where plaintiff's IIED claim "alleges only that Plaintiff suffered severe emotional distress upon reading the allegedly false statements in the September 2004 Correspondence . . . and is therefore dependent on the same personal interests purportedly infringed by [defendant's] alleged defamation of Plaintiff" (quotation marks and citation omitted)).

That Giuliani is correct about the defamation and IIED claims being intertwined and subject to the same statutory limitations period does not mean he prevails on this issue to limit the damages of $20,000,000 to each plaintiff awarded by the jury on their IIED claim, *see* Verdict Form—and the reason he does not prevail is due to his own course of litigation conduct in failing to comply with his discovery obligations.  Giuliani made an expensive choice when he decided not to preserve and produce any meaningful relevant and responsive information during discovery.

Plaintiffs are correct that the Default Judgment Decision precludes the affirmative limitations defense, since the entry of default judgment against Giuliani as a discovery sanction "had the effect of striking Defendant Giuliani's answer and affirmative defenses," Pls.' Opp'n at

27

13, "leaving as the only question—as far as liability is concerned—whether Plaintiffs' allegations stated a plausible claim for relief on the face of the Amended Complaint," *id.*  As to plaintiffs' claims, this Court held in its Dismissal Denial Decision that plaintiffs' allegations supported plausibly pleaded claims of defamation, IIED, and civil conspiracy to proceed to discovery.  *See* Dismissal Denial Decision, 2022 WL 16551323, at *11; *see also* Pretrial Disputes Decision, 2023 WL 8472723, at *2 ("The consequence of default due to Giuliani's failure to preserve and produce his communications with others . . . is that the well-pled allegations in the complaint and all inferences that may reasonably be drawn from those allegations are deemed to be true[.]" (quotation marks and citations omitted)).  Giuliani's effort to dismiss the IIED claim as time-barred fails since this affirmative defense was excluded as a by-product of entry of default judgment against him.  *See Wood v. Milyard*, 566 U.S. 463, 470 (2012) ("An affirmative defense, once forfeited, is 'exclu[ded] from the case.'") (alteration in original) (quoting Charles Alan Wright et al., 5 FED. PRAC. & PROC. CIV. § 1278 (3d ed. 2004)).

This conclusion is predicated on well-settled law that a defendant's conduct may result in waiver or forfeiture of an affirmative defense resting on a statute of limitations.  A defendant may, for example, deliberately waive a limitations defense when, though being aware of such a defense, "intelligently chooses not to rely on it in the court of first instance," *Wood*, 566 U.S. at 466  (citing *Day v. McDonough*, 547 U.S. 198, 202, 210, n. 11 (2006)), or may forfeit this defense by not raising it "in a defendant's answer or in an amendment thereto," *id*. at 470 (quoting *Day*, 547 U.S. at 202); *see also Corley v. Dep't of Just.*, 998 F.3d 981, 988 (D.C. Cir. 2021) ("'[W]aiver is the intentional relinquishment or abandonment of a known right' and cannot be the product of 'inadvertent error.'" (quoting *Wood*, 566 U.S. at 474)).  When a statutory time limitation is, as here, non-jurisdictional, the Supreme Court has cautioned courts not "to bypass, override, or

28

excuse a [] deliberate waiver of a limitations defense," *Wood*, 566 U.S. at 466 (citation omitted),

but has permitted judicial consideration, even raised *sua sponte*, of an otherwise forfeited

limitations defense only in "distinct and narrow circumstances in which the judiciary's own

interests are implicated and the forfeiting party is present in the litigation," *Maalouf v. Islamic*

*Republic of Iran*, 923 F.3d 1095, 1109–12 (D.C. Cir. 2019) (identifying, from Supreme Court

precedent, circumstances "squarely implicat[ing] the institutional interests of the judiciary,"

including "promot[ing] judicial efficiency and conservation of judicial resources" and comity

principles that "foster[] respectful, harmonious relations between the state and federal judiciaries"

(citations omitted)).

In *Maalouf*, the D.C. Circuit concluded that an absent foreign sovereign defendant, who by

failing to appear had engaged in "a purportedly willful default," had forfeited, rather than waived,

an affirmative limitations defense.  *Id*. at 1108.  Nonetheless, the Circuit found that the district

court had erred by *sua sponte* invoking the limitations defense since none of the "very narrow

exceptions that may exist when certain institutional interests of the judiciary are implicated and

both parties are present in the litigation," was present.  *Id*. at 1111–12 (concluding that "no []

authority exists for a federal court to raise the [Foreign Sovereign Immunities Act] terrorism

exception's statute of limitations on behalf of an entirely absent defendant" since "[u]nlike in the

[Antiterrorism and Effective Death Penalty Act] context or in the case of a *res judicata* defense,

no institutional interests of the judiciary are implicated when a § 1605A claim against an absent

defendant proceeds to a default judgment, regardless of who the defendant is or how much time

has passed since the terrorist act giving rise to the action took place").

Set against this legal backdrop, Giuliani arguably waived any affirmative limitations

defense as a straightforward and inevitable consequence of his decision to "repeatedly flout[] basic

preservation and production duties, frustrating plaintiffs' procedural rights to obtain any meaningful discovery in this case," Jury Trial Decision, 2023 WL 8360664, at *2 (citation omitted), and thereby "severely hamper[ing]" plaintiffs from "proving that Giuliani acted intentionally or recklessly," Default Judgment Decision, 2023 WL 5600316, at *16. He did, however, assert a statute-of-limitations affirmative defense in his responsive pleading to plaintiffs' Amended Complaint, *see* Answer ¶ 194 ("Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations"), and did allude, albeit without legal citation during his counsel's oral Rule 50(a) motion, that certain statements were time-barred and could not be used to support plaintiffs' IIED claim, *see* Trial Tr. at 37:7–12 (Dec. 14, 2023, AM) (Giuliani's counsel arguing, "there is case law that I am familiar with that says you can't repackage what is really a defamation claim in the form of an IIED claim and then try to avoid limitations"). Even if these minimal assertions were sufficient to defeat a waiver finding, the record in this case firmly supports Giuliani's forfeiture of any limitations affirmative defense.[11]

The Default Judgment Decision had the effect of striking Giuliani's affirmative defenses to liability in his Answer. *See, e.g.*, *In re Est. of Ferdinand E. Marcos Hum. Rts. Litig.*, 978 F.2d 493, 495 n.2 (9th Cir. 1992) (refusing to consider defendant's challenge to default judgment based on affirmative statute of limitations defense because it "was waived by virtue of her default"); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992) (for post-default assessment of damages, rejecting defendant's argument that it "should have been

---

[11]     Plaintiffs further argue that Giuliani waived his statute-of-limitations defense by raising this issue in his oral Rule 50(a) motion both "too late" in this litigation and with insufficient reasoning and citation to preserve this defense. Pls.' Opp'n at 10–13. Certainly, after brief mention of the limitations affirmative defense in his Answer, *see* Answer ¶ 194, Giuliani seemed to drop it until making a general reference to it in an oral Rule 50(a) motion. As the Court acknowledges, the spare attention given to this issue by Giuliani may be enough to warrant a finding of waiver, but a finding of forfeiture of the limitations affirmative defense has even firmer foundation here given the Default Judgment Decision.

permitted to introduce evidence of [plaintiff's] comparative negligence," which argument "effectively contests settled issues of liability" and, "[i]f accepted . . . would undermine . . . the general policy governing default"); *S.E.C. v. Amerindo Inv. Advisors*, 639 F. App'x 752, 754 (2d Cir. 2016) ("[T]he statute of limitations defense was abandoned by their failure to appear and assert that defense." (citation omitted)); *Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 657–58 (9th Cir. 2015) (holding defendants could not later raise res judicata "as an affirmative defense [to reinstating prior default judgments] when they had defaulted in those cases") (citing FED. R. CIV. P. 8(c)); *Doe v. Constant*, 354 F. App'x 543, 545 (2d Cir. 2009) (summary order) (affirming entry of default judgment and noting that "timeliness . . . is an affirmative defense that may be forfeited or waived" (citing *United States v. Walsh*, 700 F.2d 846, 855–56 (2d Cir. 1983)); *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505–06 (1st Cir. 1996) ("The defendants in the instant case, through their default, waived their right to raise the issue that they were not named in the complaint to the [Equal Employment Opportunity] Commission."); *United States v. Barron*, No. 22-cv-1682, 2023 WL 6326785, at *2 (N.D. Tex. Sept. 27, 2023) ("[D]efendants effectively waived the affirmative defense by choosing to not participate in this case[.]"); *Lim v. Boone*, No. 20-cv-167, 2021 WL 7259038, at *2 (D. Wyo. June 8, 2021) ("Defendants waived their statute of limitations affirmative defense by defaulting.").

Giuliani's failure to participate in discovery in any meaningful way forfeited any affirmative defense presented in his Answer and now precludes him from raising his statute of limitations affirmative defense to plaintiffs' IIED claim.  Concluding otherwise would run counter to common sense principles that a defendant against whom default judgment has been entered as a sanction for blatant and persistent discovery misconduct will not be rewarded with the preservation of pre-default affirmative defenses to liability.  Indeed, Giuliani's counsel conceded

this consequence at the Rule 50(a) stage, acknowledging that this Court had "stricken [Giuliani's] answer," and he was nevertheless renewing the defense "for purposes of appeal."  Trial Tr. at 37:14–16 (Dec. 14, 2023, AM).  Giuliani has made absolutely no effort to show that allowing consideration of a limitations defense in this case fits within permissible "narrow exceptions," *Maalouf*, 923 F.3d at 1109–11, or would otherwise serve *any* judicial "institutional interests," *id.* To the contrary, allowing a defendant, who has engaged in flagrant discovery abuses sufficient to trigger entry of default judgment, to nonetheless preserve and assert affirmative defenses would undermine, rather than incentivize and enforce compliance with, the civil procedural rules guiding discovery.

In short, Giuliani forfeited his affirmative defenses by failing to participate in discovery, with the result that his statute of limitations challenge to plaintiffs' IIED claim, and evidence supporting that claim, is denied.

### D.  Expert Testimony Was Not Required to Prove Plaintiffs' IIED Damages.

Giuliani contends, in a short two-paragraph argument, that he is "entitled to judgment as a matter of law" because plaintiffs failed to "have an expert testify as to how much of their emotional harm was caused by Giuliani as opposed to other sources that pre-dated Giuliani's alleged conduct."  Def.'s Mot. at 6 (citation omitted).[12]  This contention falls flat, given the well-settled

---

[12]     Insofar as Giuliani attempts to renew his causation defense as to liability by arguing that plaintiffs must "prove the extent that Giuliani's conduct proximately caused them harm," Pretrial Disputes Decision, 2023 WL 8472723, at *3 (quotation marks and citation omitted), "that argument is barred by the Default Judgment Order," Pls.' Opp'n at 18 n.16.  As this Court held in denying that argument prior to trial, "proximate cause—going to liability—is completely and irrefutably established upon the defendant's default," with the result that "proximate causation with respect to Giuliani's liability on plaintiffs' claims . . . is no longer an issue in this case."  Pretrial Disputes Decision, 2023 WL 8472723, at *3 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159).  By operation of the Default Judgment Order, Giuliani's license to argue causation is limited to "the ministerial calculation of damages," *id.* (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159), as this Court instructed the jury, *see* Jury Instr. at 8 ("By finding Mr. Giuliani liable for plaintiffs' claim for intentional infliction of emotional distress, the Court already has determined that his actions caused each plaintiff to suffer severe emotional distress.  Your job is to quantify that

law in this Circuit that a plaintiff's testimony, standing alone, may support a claim for damages for emotional distress, where, as here, no proof of physical harm is required. *See, e.g.*, *Arias v. DynCorp*, 752 F.3d 1011, 1017 (D.C. Cir. 2014) (opining that "we see no reason why expert testimony should be necessary to prove these claims," including for intentional infliction of emotional distress which does not "require[] proof of physical harm," and finding that "the district court erred in dismissing these claims—at least on the basis of a failure to produce expert testimony" (citations omitted)); *Daskalea v. District of Columbia*, 227 F.3d 433, 444 (D.C. Cir. 2000) (finding that "no expert testimony was required to bolster that of [plaintiff] and her witnesses, or to show the causal link between her treatment in prison and her injuries," which included "insomnia and eating disorders, and [] months [spent] emotionally and psychologically debilitated, withdrawn, and depressed" (citing approvingly *Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1251 (4th Cir. 1996) ("A survey of the case law reveals that a plaintiff's testimony, standing alone, may support a claim of emotional distress precipitated by a constitutional violation.") (collecting cases))); *Hobson v. Wilson*, 737 F.2d 1, 62 (D.C. Cir. 1984), *overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163 (1993) ("[T]he factfinder may measure plaintiff's testimony in light of the surrounding circumstances, and in proper circumstances award damages on the basis of plaintiff's testimony. In reaching its conclusion, the court or jury may consider, as elements of compensable injury for emotional distress, humiliation and personal indignity, emotional pain, embarrassment, fear, anxiety and anguish." (citations omitted)); *see also Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 546 (4th Cir. 2003) ("We have held that a plaintiff's testimony, standing alone, can

---

harm."); *see also id.* at 6 ("By finding Mr. Giuliani liable for plaintiffs' claim for defamation, the Court already has determined that his statements harmed plaintiffs.  Your job is to quantify that harm.").

33

support an award of compensatory damages for emotional distress." (citation omitted)); *Hudson v. Am. Fed'n of Gov't Emps.*, No. 17-cv-2094 (JEB), 2021 WL 5083436, at *8 (D.D.C. Nov. 2, 2021), *aff'd*, No. 21-7133, 2022 WL 15798719 (D.C. Cir. Oct. 28, 2022) ("[A] plaintiff's own testimony is sufficient to establish emotional-distress damages." (citing *Daskalea*, 227 F.3d at 444, and *Bryant*, 333 F.3d at 546)); *Winstead v. District of Columbia*, 720 F. Supp. 2d 44, 51 (D.D.C. 2010) (concluding "there is no support for defendants' contention that the plaintiff must offer expert medical testimony or medical records to prove actual injury proximately caused by violations of [constitutional] rights," since "mental suffering and emotional anguish may be evidenced by one's conduct and observed by others" (alteration in original) (quotations and citations omitted)); *Robertson v. District of Columbia*, No. 01-cv-1405 (DAR), 2005 U.S. Dist. LEXIS 11754, at *9 (D.D.C. June 8, 2005) (describing "as entirely specious" defendant's complaint about lack of evidence with respect to damages, crediting testimony of plaintiff and her daughter, and noting that "[t]he District of Columbia Circuit has held that expert testimony is not required to prove damages for injuries such as humiliation, anguish and suffering, or to show the causal link between the conduct which was the subject of the civil action and the plaintiff's injuries" (citing *Daskalea*, 227 F.3d at 444)).[13]

---

[13]    As support for his position, Giuliani relies on case law for the proposition that "expert testimony is necessary . . . 'in cases presenting medically complicated questions due to multiple and/or preexisting causes,'" Def.'s Mot. at 5–6 (quoting *Baltimore v. B.F. Goodrich Co.*, 545 A.2d 1228, 1231 (D.C. 1988), and citing *Halcomb v. Woods*, 610 F. Supp. 2d 77 (D.D.C. 2009), and *Gray Line, Inc. v. Keaton*, 428 A.2d 360 (D.C. 1981)), but neither the proposition nor the caselaw he cites applies here.  First, the record here contains no evidence of "preexisting causes" of plaintiffs' injuries that would raise "medically complicated questions" requiring expert medical testimony to isolate and properly identify the cause of plaintiffs' emotional distress.  *Id.*  To the contrary, the factual record here is clear that plaintiffs had no "preexisting" emotional distress prior to Giuliani and his co-conspirators' conduct at issue.  Prior to December 3, 2020, when Giuliani made his first defamatory statement about plaintiffs, *see* Trial Tr. at 34:10–15 (Dec. 12, 2023, PM), Moss was not anxious "at all," had not experienced panic attacks or trouble sleeping, and had never seen a therapist or been prescribed medication for mental health, *see* Trial Tr. at 61:13–62:4, 64:10–12, 65:13–21, 67:7–13, 85:19–86:1 (Dec. 12, 2023, AM), ECF No. 154; Trial Tr. at 69:25–70:1 (Dec. 12, 2023, PM), which emotional situation "changed" on December 3, 2020, and since that date, Moss has become "this whole new messed-up person," *id.* at 61:22–62:4 (Dec. 12, 2023, AM).  Freeman similarly testified that since December 3, 2020, she has been "on an

34

Giuliani's bold assertion that "no competent evidence of emotional distress," Def.' Mot. at 5 (capitalization omitted) was presented at trial, is belied by each plaintiff's credible and detailed testimony about the "mental pain and suffering, fear, inconvenience, nervousness, indignity, insult, humiliation, or embarrassment . . . [they] suffered because of Mr. Giuliani and his co-conspirators' conduct," Jury Instr. at 8.  Freeman testified that she "was terrorized" after she began receiving "[h]undreds" of threatening messages and "people started coming to [her] house," Trial Tr. at 115:13–16, 125:5–6, 126:3–4 (Dec. 13, 2023, PM); that she was "scared [that] people [were] coming to kill" her, *id.* at 120:8–9; and that as a result of this harassment, she was fearful "every time" she had to "use [her] name," *id.* at 137:18–20, with the result that, by the time of trial, Freeman felt she no longer "ha[d] a name really," *id.* at 138:17–18.

Moss similarly testified that "every single aspect of [her] life has changed" and she is "not even that same person" she was before the onslaught of threats and harassment precipitated by Giuliani and his co-conspirators' conduct.  Trial Tr. at 49:18–21 (Dec. 12, 2023, AM).  Moss stated that she "instantly felt like a pariah in the office" and "would often have panic attacks," *id.* at

---

emotional roller coaster from one day to the next," Trial Tr. at 144:22–23 (Dec. 13, 2023, PM), and has been unable to go anywhere with her name, to the point where "it's like [she] doesn't] have a life," *id.* at 146:16–18.

      Second, the cases cited are likewise inapposite.  In *Halcomb*, 610 F. Supp. 2d 77, for example, expert testimony was required "to ensure that the jury was not left to speculate as to [the] cause or causes" of plaintiff's emotional distress, which was "potentially traceable to at least three different sources," including an unrelated "employment discrimination suit . . . filed prior to her arrest and detention," where plaintiff testified that the "suit and the events giving rise to it inflicted upon her 'a devastating loss of enjoyment of life' and 'substantial emotional pain and anguish.'"  *Id.* at 85–86 & n.9 (citation omitted).  No such preexisting source of emotional distress is present as to plaintiffs here.  Similarly inapposite is *B.F. Goodrich Company*, 545 A.2d 1228, where expert testimony was necessary to establish that "the accident [at issue] played a substantial part in bringing about" plaintiff's premature retirement due to "depression, anxiety and related pain" where the evidence showed "multiple preexisting and concurrent possible causes" of plaintiff's disability, including his "preexisting depression anxiety," "preexisting hypertension," and "preexisting arthritis."  *Id.* at 1231–34.  Again, no such preexisting source of emotional distress is present as to plaintiffs here.  Giuliani's citation to *Gray Line, Inc.*, 428 A.2d 360, which addressed a negligence claim for a back injury, is no more helpful, since the record in that case likewise "present[ed] medically complicated questions due to multiple and/or preexisting causes" of plaintiff's injury, *B.F. Goodrich Co.*, 545 A.2d at 1231 (citations omitted); *see Gray Line, Inc.*, 428 A.2d at 362–63 (holding "medical testimony" required to establish "that the particular collision [plaintiff] had with [defendant's] bus directly caused permanent injury to her back," where plaintiff had been in another collision "less than two months" after, and "had incurred a back injury" both before and after the incident).

53:18–24; that it was "very hard for [her] to remain professional and not break down, not cry," *id.*
at 54:2–4; and that she eventually "pushed everybody away" and "just secluded" herself because
she didn't want others "to feel how I feel and go through what I go through every day," *id.* at
63:15–64:1, resulting in a "pattern of cry, eat, sleep, cry, eat, sleep," *id.* at 64:19–20.

Plaintiffs' IIED "injuries are hardly surprising or unexpected in light of the abuse [they]
suffered" as a result of Giuliani and his co-conspirators' defamatory statements, *Daskalea*, 227
F.3d at 444, and no expert was necessary "to confirm the jury's common sense with respect to both
the[] existence and cause," of the distress they described, *id* (denying motion for a new trial on
compensatory damages award and holding "no expert testimony was required to . . . show the
causal link between [plaintiff's] treatment in prison and her injuries" given "unrebutted evidence"
about plaintiff's treatment and her own testimony about the emotional distress she suffered
(citation omitted)); *see also David v. District of Columbia*, No. 02-cv-1145 (RWR), 2006 WL
1582277, at *2 & n.1 (D.D.C. June 6, 2006) (denying renewed motion for judgment as a matter of
law since plaintiff "presented sufficient evidence at trial for a reasonable jury to find that she
suffered serious and verifiable emotional distress caused by [defendant's] negligence," even
though "[n]o expert testimony was offered at trial to substantiate [plaintiff's] emotional distress").

Without citing or grappling with the strong binding Circuit precedent on this issue and the
credible testimony of both plaintiffs at trial, Giuliani insists that an expert was "necessary" to
"testify as to how much of their emotional harm was caused by Giuliani as opposed to other sources
that pre-dated Giuliani's alleged conduct," pointing, specifically, to "The Gateway Pundit." Def.'s
Mot. at 6; *id*. (describing The Gateway Pundit as "the first to identify Plaintiffs by name, first to
report the defamatory allegations, and that Plaintiffs sued that publication *prior* to suing Giuliani"

(emphasis in original)).[14]  Giuliani stops short of identifying precisely the type of expert he believes was "necessary," whether a medical or psychological expert or some other sort of expert to track the reach and spread of The Gateway Pundit's publication of defamatory statements versus Giuliani's publications, for purpose of assigning accountability for the emotional distress, perhaps because no such expert exists to perform the task Giuliani purports to demand.  In any event, no expert is required, even if multiple factors may contribute to a plaintiff's emotional distress. Identifying those various factors is the job of the adversarial system, and making the best estimate of accountability is the job of the jury.  As now Chief Judge Boasberg has eloquently explained in rejecting a defendant's demand that expert testimony was required for any emotional distress damages "because other events in [plaintiff's] life . . . could explain any distress he experienced at the time," "[e]motional distress can often be plausibly attributed to something else—trouble at work, marital strife, a relative's death.  Yet we trust the jury to untangle such causal knots." *Hawkins v. Dist. of Columbia*, No. 09-cv-1831 (JEB), 2013 WL 12338621, at *1–2 (D.D.C. June 20, 2013).

Indeed, at trial, Giuliani used the opportunity, through cross examination, to elicit facts about The Gateway Pundit, *see supra* n.14, and argue to the jury his objection that not all of

---

[14]    As alleged in plaintiffs' Amended Complaint and confirmed by evidence elicited on cross-examination by Giuliani's counsel at trial, The Gateway Pundit first published an article accusing plaintiffs of engaging in election fraud on December 3, 2020, the same day that Giuliani made his first defamatory statement about plaintiffs.  *See* Am. Compl. ¶ 6 ("On December 3, 2020, the Trump campaign published an excerpted clip from State Farm Arena security camera video showing grainy images of Ms. Freeman and Ms. Moss . . . counting ballots (the 'Trump Edited Video'). Defendant Giuliani re-published the Trump Edited Video on his Twitter account that afternoon."); Trial Tr. at 78:1–3 (Dec. 12, 2023, PM) (Moss testifying that "the first *Gateway Pundit* story," for which plaintiffs brought suit, was published December 3, 2020); Trial Tr. at 109:6–11 (Dec. 13, 2023, PM) (Freeman testifying that Giuliani's "first video came out" on December 3, 2020); *see also* Second Am. Pet. ¶ 45, *Freeman et al. v. James Hoft et al.*, No. 2122-cc-9815-01 (Mo. 22nd Jud. Cir. Jan. 10, 2023) ("That same day, December 3, 2020, *The Gateway Pundit* published its first article disseminating the same Trump Edited Video.").  Giuliani than proceeded to repeat those statements, including through the launch of a "Strategic Communications Plan . . . designed to overturn the 2020 election" that "identified Ms. Freeman and Ms. Moss by name," Am. Compl. ¶¶ 9–10 (emphasis omitted), from December 3, 2020 "throughout 2021 and into 2022, including after Plaintiffs initiated this action," *id.* ¶ 12.

plaintiffs' "emotional harm was caused by [him] as opposed to other sources that pre-dated Giuliani's alleged conduct."  Def.'s Mot. at 6 (citation omitted).  This defense position was highlighted in closing argument when Giuliani's counsel stated that while he harbored "no doubt that Mr. Giuliani's statements . . . caused harm," "just because these things happened, and they certainly did happen, it doesn't make my client responsible for them[.]"  Trial Tr. at 101:7–13 (Dec. 14, 2023, AM).  Giuliani's counsel again specifically identified The Gateway Pundit as a contributing cause of plaintiffs' emotional distress, arguing, "[t]he kind of people that are looking at these sort of fringe media sites like *The Gateway Pundit*, those are the kind of people who are more likely to do the kind of things—all of the kind of things that we saw here."  *Id.* at 100:23– 101:2.  Evaluating this argument and all of the evidence introduced to inform the quantification damages on plaintiffs' IIED claim is precisely the sort of determination to be made by the jury. *See Alkire v. Marriott Int'l, Inc.*, No. 03-cv-1087, 2007 WL 1041660, at *9 (D.D.C. Apr. 5, 2007) ("[t]ranslating legal damage into money damages . . . is a matter purely within a jury's ken" (alteration in original) (quoting *Ruiz v. Gonzalez Caraballo*, 929 F.2d 31, 34 (1st Cir. 1991)).

As this Court found in rejecting Giuliani's argument at the Rule 50(a) stage, "a reasonable jury would have a legally sufficient evidentiary basis to find for the plaintiffs," Trial Tr. at 45:20– 25 (Dec. 14, 2023, AM), given "all of the evidence presented by plaintiffs, including their own testimony describing what they have been through since Mr. Giuliani and his co-conspirators seized on and spread lies about their conduct on election night in 2020," *id.* at 45:14–18.  Giuliani presents no reason for this Court to revisit its Rule 50(a) ruling, and has fallen well short of establishing that the evidence presented of plaintiffs' emotional distress damages, including each

plaintiff's testimony, was legally or factually flawed to meet the demanding standard, under Rule 59(a), for a new trial.[15]

### E. Testimony of Two Witnesses Challenged By Giuliani Was Properly Admitted.

Finally, Giuliani contends, in another two-paragraph argument, that the testimony of two of plaintiffs' witnesses, Regina Scott and Dr. Ashlee Humphreys, should have been stricken. Def.'s Mot. at 6–7.  Regina Scott, a senior consultant and team leader with the "security risk and consulting firm" Jensen Hughes, testified about Jensen Hughes' monitoring of online statements and threats made about plaintiffs, Trial Tr. at 47:16–23, 69:6–24 (Dec. 11, 2023, PM), ECF No. 145, and Dr. Ashlee Humphreys, a professor at Northwestern University specializing in social media marketing, testified about "the reputational harm" caused by Giuliani and his co-conspirators' statements and "provid[ed] an estimate for [a] reputational repair campaign" using an "impressions" model, which involved "measur[ing] the reach of the statements that were at issue in the case," Trial Tr. at 27:2–12, 34:21–35:2, 39:23–40:6 (Dec. 13, 2023, AM).  Giuliani

---

[15]    Plaintiffs contend that "Giuliani has waived the right to argue that the Plaintiffs were required to prove IIED damages with expert testimony," first, "because he did not make that argument with respect to jury instructions on Plaintiffs' burden," Pls.' Opp'n at 16 (citing FED. R. CIV. P. 51(b), (c)), and, second, to the extent Giuliani raised an objection at the Rule 50(a) stage, he limited his argument about the necessity of expert testimony to *future* emotional distress damages, *see* Trial Tr. at 37:21–25 (Dec. 14, 2023, AM), and argues now "for the first time that Plaintiffs were obligated to proffer expert testimony for purposes of establishing past emotional harm," Pls.' Opp'n at 15. Parsing the specific word choices of what Giuliani argued, or not, in his Rule 50(a) motion has limited usefulness when the Court is also confronted with a Rule 59(a) motion.  While "Rule 50(b) permits only the 'renewing' of arguments made in prior Rule 50(a) motions," *Campbell v. Dist. of Columbia*, 894 F.3d 281, 286 (D.C. Cir. 2018) (citations omitted), this restriction does not apply to a Rule 59(a) motion, *see* 9B Charles Alan Wright et al., 11 FED. PRAC. & PROC. CIV. § 2537 (3d ed. 2023 Update) ("[I]f the verdict winner's evidence was insufficient as a matter of law but no motion for judgment as a matter of law was made under Rule 50(a), even though the district court cannot grant judgment as a matter of law under Rule 50(b) for the party against whom the verdict is rendered, it can set aside the verdict and order a new trial." (citations omitted)); *Falto De Roman v. Mun. Gov't of Mayaguez*, 46 F.4th 51, 55–56 (1st Cir. 2022) (finding motion for new trial "preserved" even when plaintiff "failed to move for judgment before her case was submitted to the jury" resulting in waiver of "her Rule 50(b) motion").  All this means is that, even if Giuliani's argument is waived for purposes of Rule 50(b), though belated and minimally developed, consideration here for purposes of Rule 59(a) is not improper.

raises three grounds for why the jury should not have been permitted to hear or rely on the testimony of these two witnesses, but none of these arguments is persuasive.

First, Giuliani argues that "the work that Jensen Hughes did that was provided to Dr. Humphreys was, essentially, an expert report and required specialized knowledge and expertise," but "Ms. Scott/Jensen Hughes were never disclosed as an expert witness."  Def.'s Mot. at 6–7. Giuliani mischaracterizes Scott's testimony as saying Jensen Hughes' work "required specialized knowledge and expertise."  *Id.* at 7.  That is not what Scott said.  Scott agreed with Giuliani's counsel's characterization that Jensen Hughes' open-source analysts and senior investigators "were specialists in what they do," Trial Tr. at 115:2–6, 118:8–10, 119:18–20 (Dec. 11, 2023, PM), and that "without the expertise of all of those people," the Jensen Hughes report discussed "would not have been possible," *id.* at 119:25–120:2.  Yet, Scott also testified that Jensen Hughes analysts were assessed only "for a set of baseline skills"; that she could not "recall" the "type of education and what type of degrees the analysts that worked on" the report held; and that, instead of these particular qualifications, Scott determined that Jensen Hughes' analysts were qualified because she "supervise[d] their work."  *Id.* at 115:2–6, 116:16–117:1.

Regardless of how Scott described her own work in this case, the question of whether Scott should have been qualified as an expert under the federal rules is a legal question based on the testimony offered.  As this Court explained in overruling Giuliani's same objection that Scott was "an unauthorized expert" and that "documents generated by Jensen Hughes were really undisclosed expert reports" when raised at trial and in a filing made the morning after Scott testified, *see id.* at 76:6–20, 104:24–106:4, 120:19–121:10–14, 123:1–8; Def.'s Resp. Reg. Objections to Exhibits at 2, ECF No. 127; Trial Tr. at 6:3–19 (Dec. 12, 2023, AM), "[b]eing an expert in a field doesn't mean that somebody is testifying as an expert under Federal Rule of

40

Evidence 702," Trial Tr. at 118:18–20 (Dec. 11, 2023, PM); *see* FED. R. EVID. 701, Comm. Notes on Rules—2000 Amendment ("The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." (emphasis in original)).

Scott explained that Jensen Hughes analysts and investigators compiled their "threat intelligence and monitoring" reports by "pull[ing] [information] from the spreadsheet" generated by a third-party vendor, which consisted of open-source content culled from "the Internet and dark web," and "digging into each post," in order to glean from the content "direct or indirect threats or anything that [was] reputationally damaging that could potentially lead to violence" against plaintiffs. Trial Tr. at 77:13–16, 81:23–82:1, 84:11–12, 108:10–22, 114:3–8, 119:8–14 (Dec. 11, 2023, PM); *see also* Trial Tr. at 114:8–11 (Dec. 13, 2023, AM) (Dr. Humphreys testifying that Jensen Hughes "polled social media content and monitored social media content attached to the names Ruby Freeman, Wandrea Shaye Moss and variants of that"). Based on these online mentions of plaintiffs over time, trends could be discerned, as discussed in Jensen Hughes' reports. *See, e.g.*, Trial Tr. at 86:19–87:4, 88:7–24 (Dec. 11, 2023, PM) (Scott testifying, as to "key finding in the report" covering mentions of plaintiffs from November 21, 2021 to May 1, 2023, that report showed "[m]ore than 710,000 . . . express mentions of [plaintiffs'] names," with graphs prepared by third-party vendor showing "largely negative sentiment trends"). Essentially, what Jensen Hughes did was commit people, who could count and had reading comprehension skills, to count the online mentions of plaintiffs and discern whether the content was positive or negative, under Scott's supervision. This required no specialized expertise to perform or then to explain to the jury. Thus, Scott testified merely as a lay witness about the work she and Jensen Hughes performed to cull and evaluate open-source data from a spreadsheet compiled by a third-party vendor. *See* Trial Tr. at 123:7–8 (Dec. 11, 2023, PM) (Court finding that the reports prepared by

41

Jensen Hughes reflected "collations of data" from the Internet and that Scott "has not been opining about anything"); Trial Tr. at 6:12–19 (Dec. 12, 2023, AM) (Court repeating finding that "Scott and the Jensen Hughes reports were basically data collection efforts . . . [and] reporting on that data collection," prepared by individuals with "reading comprehension [and] some search skills," which simply does not amount to "expertise").

In short, Scott testified as a lay witness, under Federal Rule of Evidence 701, basing her testimony on her experiential perception of what her team counted and assessed in online mentions of plaintiffs. Her testimony was "rationally based on [her] perception," FED. R. EVID. 701(a), "helpful" in "determining a fact in issue," in terms of the volume over time of defamatory statements about plaintiffs as well as the cause of plaintiffs' distress, FED. R. EVID. 701(b), and was not based on such "scientific, technical, or other specialized knowledge" outside the scope of typical lay knowledge to fall "within the scope of Rule 702," FED. R. EVID. 701(c). As such, her testimony was "the product of reasoning processes familiar to the average person in everyday life," *United States v. Wilson*, 605 F.3d 985, 1025–26 (D.C. Cir. 2010) (quoting *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)), and thus properly admitted without qualification as an expert witness, *see also United States v. Kelsey*, 917 F.3d 740, 747–48 (D.C. Cir. 2019) (concluding the "record fully supports the district court's conclusion that [witness] testified as one of multiple lay witnesses who accounted for the chain of custody and physical processing of the DNA evidence, as distinct from its expert analysis" since witness "was testifying on a factual matter within her own experience—the raw data she produced and that it was the same data as was presented to the outside laboratory"). Giuliani has offered no new arguments or insights, or at bottom, any reason whatsoever to modify the rulings made during trial that Scott was testifying a lay witness, not as an expert.

42

Second, Giuliani argues that Dr. Humphreys "impermissibly relied on the Jensen Hughes testimony and documents" in her expert testimony. Def.'s Mot. at 7. In making this argument, Giuliani ignores that, under Federal Rule of Evidence 703, experts may "rely on reports prepared by others for the specific purpose of providing a basis for the testifying expert's opinions as long as they are 'of a type reasonably relied upon by experts in the particular field.'" *Huthnance v. Dist. of Columbia*, 793 F. Supp. 2d 183, 207 (D.D.C. 2011), *aff'd*, 722 F.3d 371 (D.C. Cir. 2013) (quoting FED. R. EVID. 703 (2000)). Dr. Humphreys testified that the evidence on which she relied, including the Jensen Hughes data, was "the kind of evidence that experts in [her] field typically rely upon to form an opinion," Trial Tr. at 30:15–19 (Dec. 13, 2023, AM); *see Huthnance*, 793 F. Supp. 2d at 207 (holding that "even if allowing reliance on [] report was error, it was harmless" and does not require a new trial, since "[b]oth experts testified that [the] report is of a type reasonably relied upon by experts in the field" (citations omitted)). Indeed, as this Court found at trial when overruling Giuliani's same objection, the Jensen Hughes data considered by Dr. Humphreys, which included "social media content attached to the names Ruby Freeman, Wandrea Shaye Moss and variants of that," Trial Tr. at 114:8–11 (Dec. 13, 2023, AM), was the type of information experts are permitted to rely on without the need for additional disclosures, *see id.* at 26:12–18 (Court concluding that "an expert can rely on a whole variety of things," including "other experts, fact experts, [and] other facts"); *see, e.g.*, *United States ex rel. Landis v. Tailwind Sports Corp.*, No. 10-cv-976 (CRC), 2017 WL 5905509, at *7–8 (D.D.C. Nov. 28, 2017) (expert's "media-impression count" was "the product of a reliable methodology" where expert consulted a "database [] which archives traditional print and digital media" and "provide[s] the 'reach' of each article," and "was able to calculate the 'media impressions' by summing the number of articles multiplied by the reach of each article" (citations omitted)).

Moreover, Dr. Humphreys testified that, without the Jensen Hughes materials, her "characterization of the social media commentary" "would have changed a little bit," but "the impressions numbers and the damages numbers would remain *exactly the same*," and that omitting those materials would not have "made [her reports] less reliable," Trial Tr. at 26:5–11 (Dec. 13, 2023, PM) (emphasis supplied); *id.* at 26:17–18 (Dr. Humphreys testifying that the Jensen Hughes data "contributed to some of [her] report" but did not impact "a significant or substantial conclusion"); *see also Sedgwick v. Giant Food, Inc.*, 110 F.R.D. 175, 177 (D.D.C. 1986) (denying motion for a new trial where "it is by no means clear that the jury's verdict on the epilepsy claim was based upon the [challenged] testimony" and "[o]n the basis of the evidence other than the expert testimony challenged here, the Court cannot say that the jury verdict was seriously erroneous or a clear miscarriage of justice" (quotation marks and citations omitted)).[16]  This is because, as Dr. Humphreys explained, she consulted the Jensen Hughes data only for the second, "impact assessment," step of her three-step analysis—which middle step she performed to "assess the reputational harm caused by the statements" made about plaintiffs—and only then as a portion of this middle step.  Trial Tr. at 40:1–4, 40:16–21, 103:18–23, 114:4–6 (Dec. 13, 2023, AM).

For this "impact assessment," Dr. Humphreys "looked at quantitative and qualitative data," *id.* at 40:2–4, "to understand descriptively how the reputations of Ms. Moss and Ms. Freeman had changed over time," Trial Tr. at 24:16–19 (Dec. 13, 2023, PM).   Specifically, Dr. Humphreys "looked at search trends on Google and the related search terms to the plaintiffs' names, and then

---

[16]      Giuliani cites *Jones v. NVR Inc.*, No. 20-cv-453 (CKK), 2022 WL 951338 (D.D.C. Mar. 29, 2022), *aff'd*, No. 22-7064, 2023 WL 4678759 (D.C. Cir. July 21, 2023), as support for his argument that "[w]here a party fails to disclose expert witnesses and instead tries to sneak an expert witness into trial wearing 'lay clothing', the result is an exclusion of the testimony or any evidence that relies on the testimony," Def.'s Mot. at 7 (citing *Jones*, 2022 WL 951338, at *7), but the witness at issue in that case, unlike Scott, offered "'opinions' based on 'scientific, technical, or other specialized knowledge,'" *Jones*, 2022 WL 951338, at *7 (quoting FED. R. EVID. 701–702), and that is simply not what occurred here.

44

[] performed a qualitative analysis," Trial. Tr. at 103:18–23 (Dec. 13, 2023, AM), which involved analyzing material including "comments under Mr. Giuliani's tweets, Facebook comments, comments under the YouTube videos" that Dr. Humphreys considered for her impressions model—as well as Jensen Hughes data, *id.* at 109:13–20, 114:2–11. Based on this data, Dr. Humphreys found that "the statements in this case reflected a significant negative and long-lasting impact on the reputations of Ms. Freeman and Ms. Moss," *id.* at 137:18–21.

Dr. Humphreys did not consider the Jensen Hughes data at the first, "impressions model" step, or the third, "damages model" step, of her analysis on which her damages estimates were based. *See id.* at 39:23–40:6; *see also* Trial Tr. at 91:1–12 (Dec. 13, 2023, PM) (Dr. Humphreys did not "recommen[d] a damages award to the jury based on [her] impact assessment in this case" and "the Jensen Hughes data therefore" was "not relevant" "in any way to the cost to repair campaign that . . . [Dr. Humphreys] measured and recommended to the jury in this case"). For the impressions model, Dr. Humphreys "measure[d] the reach of the statements that were at issue in the case," which consisted of "two sets of statements" provided by plaintiffs' counsel— "defamation statements . . . [that] occurred after December 23rd, 2020," and "emotional harm statements [that] occurred between December 3rd, 2020, to December 22nd[,] [2020]." Trial Tr. at 39:23–25, 56:22–24, 57:14–15, 58:24–59:1, 100:4–8 (Dec. 13, 2023, AM). She based her damages model, which considered the cost "to repair the reputational damage" to plaintiffs, *id.* at 40:4–5, "purely on the statements of the impressions model," *id.* at 40:6 (Dec. 13, 2023, AM); *see also id.* at 120:14–18 ("[T]he damages model is based on the impressions model. I count only the statements that I analyzed in the impressions model and calculate a campaign to repair reputation based on just those instances of the impressions in that model.").

45

Notably, Giuliani's complaint about use of the Jensen Hughes data amounts to another instance of him crying crocodile tears, since this use was a direct consequence of Giuliani's failure to comply with plaintiffs' basic discovery request for "the number of online views and/or impressions of any of the Actionable Statements about Plaintiffs [Giuliani] made, as described in Amended Complaint."   Default Judgment Decision, 2023 WL 5600316, at *10 n.7 (quoting plaintiffs' document request to the Giuliani Businesses).  Reliance on data compiled by Jensen Hughes, without corroboration from Giuliani's own data and discovery, was made necessary by Giuliani's discovery abuses.

Lastly, Giuliani challenges Dr. Humphreys' methods as "unreliable, contained too large of an analytical gap, and undisclosed foundations," Def.'s Mot. at 7, and blames this allegedly flawed methodology for producing "an exorbitant damages award for reputation injury," id., with a punitive damages award tied to this compensatory award that was in turn "excessive," id. at 7 n.10.[17]  Giuliani was well aware of the results of this model and had been provided with Dr. Humphreys' three expert reports prior to trial, with all her reports employing "the same kind of methodology." See Trial Tr. at 5:3–11, 7:22–23, 88:10–11 (Dec. 13, 2023, PM) (Dr. Humphreys testifying that she issued her first report on July 28, 2023, her second report on October 6, 2023, and her third report on December 1, 2023); Trial Tr. at 34:18–36:9 (Dec. 13, 2023, AM) (Dr. Humphreys testifying that nothing "about the way that [her] model makes assumptions or the way that [her] model gives weight to certain considerations" changed in the supplemental reports).

---

[17]   Plaintiffs contend that this "Court should reject any other objections to the testimony of Dr. Humphreys and Ms. Scott" except as to the reliability of Dr. Humphreys' "impressions" model, "because [the other objections] were not presented at the Rule 50(a) stage," Pls.' Opp'n at 19 (citation omitted), when Giuliani objected only to the reliability of Dr. Humphrey's "impressions" model.  As explained supra n.15, however, an objection that is not preserved for a Rule 50(b) motion, may properly be considered under Rule 59(a).  See 9B Charles Alan Wright et al., 11 FED. PRAC. & PROC. CIV. § 2537 (3d ed. 2023 Update).

46

Giuliani had ample opportunity to contest Dr. Humphreys' three-part model well before trial and even before the entry of default judgment, through deposition testimony or the filing of *Daubert* motions or motions *in limine*, but he waited until cross examination to do so. *See* Trial Tr. at 37:1–6 (Dec. 13, 2023, PM). As this Court previously summarized in denying Giuliani's objection that plaintiffs "should be limited to proving damages based only on 'those statements and/or co-conspirators specifically alleged in the Amended Complaint,'" Pretrial Disputes Decision, 2023 WL 8472723, at *6–7 (citations omitted), Giuliani had "been put on notice of plaintiffs' intent to prove damages relating to statements included in" Dr. Humphreys' reports, where Dr. Humphreys' first report was served on Giuliani "before [he] attempted to stipulate to liability for a second time on August 8, 2023 . . . and prior to the Court's entry of default judgment against Giuliani on liability on August 30, 2023," *id.* at 7 (citations omitted).

Giuliani moved to exclude Dr. Humphreys' testimony, at the close of her cross examination, "based on [Federal Rules of Evidence] 702, 703, unreliable methodology [and] undisclosed foundations," Trial Tr. at 73:6–14 (Dec. 13, 2023, PM), to which plaintiffs responded that Dr. Humphreys had "disclosed the bases for her opinions," that "each piece of the damages methodology that she [was] employing have been peer-reviewed," and that the "record . . . [was] clear from her testimony that she applied consistent methodologies across the three reports," *id.* at 73:19–74:5 (statement of plaintiffs' counsel). The defense motion was denied. *Id.* at 74:6. Giuliani's renewed objection at the Rule 50(a) stage was also denied, with the Court persuaded that "[f]or all of the reasons stated in Dr. Humphreys' testimony on direct, cross, and redirect, her 'impressions' model was "reliable based on scientific methods and opinions that were fully disclosed, including publicly available data that more than sufficiently satisfies the requirements of a [Federal Rule of Evidence] 702." Trial Tr. at 40:25–41:5 (Dec. 14, 2023, AM) (statement of

plaintiffs' counsel).   This Court concluded that "[b]ased on all of the evidence presented by plaintiffs, including . . . the expert testimony . . . a reasonable jury would have a legally sufficient evidentiary basis to . . . award at least some damages as compensation for the harm caused by Mr. Giuliani and his co-conspirators, and as punitive damages against Mr. Giuliani for his continued promotion of these same lies up to the very first day of this trial."  Trial Tr. at 45:14–25 (Dec. 14, 2023, AM).  On this third round of reviewing Giuliani's objection to the expert testimony of Dr. Humphreys, Giuliani raises no new argument and thus his objection is no more persuasive now than before, and is rejected.

## IV.    CONCLUSION

Giuliani's renewed motion urging this Court to reverse its prior findings and rulings and to override the jury's considered verdict on the basis of five threadbare arguments falls well short of persuading that "the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not have reached a verdict in [plaintiffs'] favor." *Xereas*, 987 F.3d at 1135 (citation omitted); *see also Lane*, 887 F.3d at 486–87.  The jury's verdict awarding plaintiffs compensatory and punitive damages for defamation and intentional infliction of emotional distress caused by Giuliani and his co-conspirators, as reflected in the Final Judgment, in the amount of $145,969,000, plus post-judgment interest, *see* Final Judgment, 2023 WL 9783148, at *1, stands.


Date:  April 15, 2024

**BERYL A. HOWELL**
United States District Judge

48

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RUBY FREEMAN, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>RUDOLPH W. GIULIANI,<br><br>　　　　　　Defendant. | Civil Action No. 21-3354 (BAH)<br><br>Judge Beryl A. Howell |

## <u>ORDER</u>

Upon consideration of defendant Rudolph W. Giuliani's Renewed Motion for Judgment As a Matter of Law, or in the alternative, for a New Trial and/or to Alter or Amend the Final Judgment, ECF No. 147, the memoranda submitted in support and opposition thereto, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby:

**ORDERED** that defendant's Renewed Motion for Judgment As a Matter of Law, or in the alternative, for a New Trial and/or to Alter or Amend the Final Judgment, ECF No. 147, is **DENIED.**

　　　　**SO ORDERED.**

　　　　*This is a final and appealable order.*

　　　　Date:　April 15, 2024

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**BERYL A. HOWELL**
　　　　　　　　　　　　　　　　　　　　United States District Judge